**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Northern_____ District of _____Iowa_____
(State)

Case number (*If known*): _____ Chapter ___11___

❑ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Mercy Hospital, Iowa City, Iowa |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Mercy Iowa City; Mercy Home Care; Mercy Iowa City Cancer Care;<br>Mercy Iowa City Heart Care; Mercy Iowa City Home Care |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 4 2 _ 0 6 8 0 3 9 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 500 E. Market Street | |
| Number      Street | Number      Street |
| | |
| | P.O. Box |
| Iowa City          IA     52245 | |
| City           State    ZIP Code | City         State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Johnson County | |
| County | Number      Street |
| | |
| | City         State     ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.mercyiowacity.org |

| Debtor | Mercy Hospital, Iowa City, Iowa | Case number *(if known)* |
|---|---|---|
| | Name | |

---

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☒ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

6    2    2    1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    Mercy Hospital, Iowa City, Iowa
_____
Name

Case number *(if known)*_____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

         District _____  When _____  Case number _____
                                          MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor    See Rider 1 _____  Relationship    Affiliate _____

         District    Northern District of Iowa _____  When _____
                                                                   MM / DD / YYYY

         Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                          Number        Street

                          _____

                          _____
                          City                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

---

Debtor    Mercy Hospital, Iowa City, Iowa
_____    Case number (if known)_____
Name

---

| **13. Debtor's estimation of available funds** | *Check one:* |
|---|---|
| | ☒ Funds will be available for distribution to unsecured creditors. |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

---

**14. Estimated number of creditors***

| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets***

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities***

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/07/2023
_____
MM  / DD / YYYY

✖ *Mark E. Toney*    Mark E. Toney
_____    _____
Signature of authorized representative of debtor    Printed name

Title    Chief Restructuring Officer
_____

---

\* Please note that this information is being provided on a consolidated basis.

| Debtor | Mercy Hospital, Iowa City, Iowa | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✗ _____   Date 08/07/2023
Signature of attorney for debtor                  MM  / DD  / YYYY

Roy Leaf
Printed name
Nyemaster Goode, P.C.
Firm name
625 First Street SE, Suite 400
Number        Street
Cedar Rapids                                      IA        52401
City                                             State      ZIP Code

(319) 286-7002                                   rleaf@nyemaster.com
Contact phone                                    Email address

AT0014486                                        IA
Bar number                                       State

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and**
**Certain Affiliates and Subsidiaries of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Iowa for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Mercy Hospital, Iowa City, Iowa.

| Debtor Name | EIN Number |
|---|---|
| *U.S. Debtors* | |
| Mercy Iowa City ACO, LLC | 47-2969472 |
| Mercy Hospital, Iowa City, Iowa | 42-0680391 |
| Mercy Services Iowa City, Inc. | 42-1241044 |

**OMNIBUS ACTION BY WRITTEN CONSENT**
**IN LIEU OF A MEETING OF THE ENTITIES LISTED ON ANNEX A**

August 6, 2023

The undersigned, being all of the members of the boards of directors (in each case, a "Board" and collectively, the "Boards") and the corporate members (in each case, a "Controlling Entity" and collectively, the "Controlling Entities") of each of the entities listed on Annex A (each a "Company," and collectively, the "Companies"), hereby consent, in accordance with the organizational documents of each Company and applicable state laws, to the following actions and adopt the following resolutions (these "Resolutions") with respect to each Company in lieu of a meeting effective as of the date hereof:

**Chapter 11 Filing**

WHEREAS, each Board and Controlling Entity, along with their legal and financial advisors, has considered the liquidity, financial, and operational condition, including capital resources, and sources and uses of cash, of each Company and its subsidiaries and affiliates and its current lending arrangements in respect to meeting such Company's short-term liquidity needs;

WHEREAS, each Board and Controlling Entity has reviewed the historical performance and results of each Company, the market in which each Company operates, its current, short-term, and long-term future liquidity needs, its business prospects, and its current and long-term liabilities;

WHEREAS, each Board and Controlling Entity has considered and evaluated other lending arrangements and sources of liquidity in meeting each Company's short-term liquidity needs;

WHEREAS, each Board and Controlling Entity has reviewed the materials presented by each Company's financial, operative, legal, and other advisors and has engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and have had the opportunity to fully consider, such Company's financial condition, including its capital resources and uses of cash, liabilities, and liquidity position, the strategic alternatives available to it, the impact of the foregoing on such Company's business and operations, and the advisability of entering into restructuring arrangements;

WHEREAS, each Board and Controlling Entity has had the opportunity to consult with the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS, each Board and Controlling Entity has determined that taking the actions set forth below are advisable and in the best interests of each Company to preserve and protect its ordinary course of business and therefore, each Board and Controlling Entity recommends the adoption of the following resolutions:

NOW, THEREFORE, BE IT RESOLVED that in the business judgment of each Board and Controlling Entity, it is desirable and in the best interests of each Company and its respective creditors and other parties-in-interest that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the Chapter 11 Case in the United States Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court");

BE IT FURTHER RESOLVED that Mark Toney on behalf of each Company and each manager, member, officer, or director of each Company on behalf of such person's Company (collectively with Mark Toney, the "Authorized Persons"), in each case, acting singly or jointly, be, and each of them hereby is, authorized, empowered, and directed to execute and file, or cause to be filed, with the Bankruptcy Court, for such Authorized Person's Company, all petitions, schedules, lists, motions, applications, pleadings, and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain chapter 11 bankruptcy relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor, or in connection with the Chapter 11 Case of such Company, with a view to the successful prosecution of such Chapter 11 Case, including the negotiation of such additional agreements, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required and/or the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the resolutions herein and the transactions contemplated thereby;

BE IT FURTHER RESOLVED that all acts and deeds previously performed by any of the officers of the Companies prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Companies.

## Retention of Professionals

WHEREAS, each Board and Controlling Entity has considered presentations by the financial and legal advisors of each Company regarding the retention of such financial and legal advisors by each Company;

NOW, THEREFORE, BE IT RESOLVED that each of the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ the law firms of (i) McDermott Will & Emery LLP ("McDermott") and (ii) Nyemaster Goode, P.C. ("Nyemaster") as general bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of McDermott and Nyemaster;

2

BE IT FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, empowered and directed to employ ToneyKorf Partners, LLC ("ToneyKorf") to provide interim management services to the Companies, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of each Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of ToneyKorf;

BE IT FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, empowered and directed to employ the firm of H2C Securities Inc. ("H2C") as investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of H2C;

BE IT FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, empowered and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of Epiq;

BE IT FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper or convenient; and

BE IT FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## Appointment of Chief Restructuring Officer

WHEREAS, on March 28, 2023, the Board of Mercy Hospital, Iowa City, Iowa, appointed Mark Toney as the Chief Restructuring Officer (the "CRO") pursuant to the terms of that certain engagement letter dated as of March 30, 2023, by and among Mercy Hospital, Iowa City, Iowa and ToneyKorf (the "Engagement Letter"); and

WHEREAS, each Board and Controlling Entity has determined that each Company determines that it is in the best interests of each Company to appoint Mark Toney as the CRO to, among other things, act on behalf of each Company and assist the Companies in their review, evaluation, and analysis of one or more ale and/or financing transactions.

NOW, THEREFORE, BE IT RESOLVED, that Mark Toney, be, and hereby is, appointed to serve as the CRO of the Companies in accordance with the terms and conditions of the Engagement Letter and shall exercise all rights and powers and to perform the duties of an officer of the Companies, including the rights and powers to bind the Companies and to, among other things, enter into an agreement or agreements to authorize the sale of property of the Companies.

## Cash Collateral and Adequate Protection

WHEREAS, to facilitate each Company's ongoing operations, each Board and Controlling Entity has determined that each Company will obtain benefits from the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), some of which may be security for certain prepetition secured bondholders (collectively, the "Bondholders"); and

WHEREAS, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, it is contemplated that each Company will provide certain liens, claims, and other adequate protection to the Bondholders, as documented in proposed interim and final orders (collectively, the "Cash Collateral Orders") to be submitted for approval to the Bankruptcy Court;

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, empowered, and directed to (i) grant security interests and liens in any real, personal, or other property belonging to or under the control of each Company as security for its use of Cash Collateral; and (ii) execute and deliver any and all security agreements, pledges, mortgages, deeds of trust, and other security instruments to effectuate the grant of such security interests and liens related to such Company's use of Cash Collateral;

BE IT FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, empowered, and directed to file, or cause to be filed, any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other

documents in the name of each Company that may be necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Orders;

BE IT FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, empowered, and directed to take all such further actions in connection with the foregoing resolutions that are, in their business judgment, necessary, desirable, proper, advisable, or reasonable to perform any of each Company's obligations under or in connection with the Cash Collateral Orders and the transactions contemplated therein.

## Other Authorization and Ratification

BE IT FURTHER RESOLVED that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of such Company, to take all actions with respect to the transactions contemplated by these Resolutions as such Authorized Person shall deem necessary, appropriate, or desirable in such Authorized Person's reasonable business judgement as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated in these Resolutions;

BE IT FURTHER RESOLVED that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, and to take such other action, as in the judgment of such person shall be or become necessary, proper, and desirable to prosecute to a successful completion the Chapter 11 Case, including, but not limited to, implementing the foregoing Resolutions and the transactions contemplated by these Resolutions;

BE IT FURTHER RESOLVED that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions;

BE IT FURTHER RESOLVED that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified; and

BE IT FURTHER RESOLVED that, to the extent each Company serves as the sole member, managing member, general partner, or other governing body (each a "Controlling Company") of any other company (each a "Controlled Company"), each Authorized Person of such Controlling Company, any one of whom may act without the joinder of any other Authorized Person of such Controlling Company, be, and each of them hereby is, severally authorized, empowered, and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of

5

the actions on behalf of such Controlled Company that an Authorized Person of such Controlling Company is herein authorized to take on behalf of such Controlling Company.

The undersigned agree that this Omnibus Action by Written Consent in Lieu of a Meeting of the Boards and Controlling Entities shall be added to the corporate records of each Company and made a part thereof, and the undersigned further agree that the resolutions set forth hereinabove shall have the same force and effect as if adopted at a meeting duly noticed and held, pursuant to each Company's organizational documents and the applicable laws of the jurisdiction in which such Company is organized. Facsimile, scanned, or electronic signatures shall be acceptable as originals. This Omnibus Action by Written Consent in Lieu of a Meeting of the Boards and Controlling Entities may be signed in two or more counterparts, each of which shall be deemed an original, and all of which together shall be deemed one instrument.

*[Signature pages follow]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Mercy Hospital, Iowa City, Iowa, has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY HOSPITAL, IOWA CITY, IOWA:**

_____
Tom Clancy

_____
Mary Westbrook

_____
Sr. Helen Marie Burns, RSM

_____
Sr. Linda Bechen, RSM

_____
Sister Rita Specht, RSM

_____
Steve Anderson

_____
Madeline Windauer

_____
Chris Scott, MD

_____
Peter Gardner

_____
Lynn Whisler

[*Signature Page to Omnibus Action by Written Consent of Board of Directors of Mercy Hospital, Iowa City, Iowa.*]

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Mercy Hospital, Iowa City, Iowa, has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY HOSPITAL, IOWA CITY, IOWA:**

_____

Tom Clancy

_____

Mary Westbrook

_____

Sr. Helen Marie Burns, RSM

_____

Sr. Linda Bechen, RSM

_____

Sister Rita Specht, RSM

_____

Steve Anderson

_____

Madeline Windauer

_____

Chris Scott, MD

_____

Peter Gardner

_____

Lynn Whisler

*[Signature Page to Omnibus Action by Written Consent of
Board of Directors of Mercy Hospital, Iowa City, Iowa.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Mercy Hospital, Iowa City, Iowa, has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY HOSPITAL, IOWA CITY, IOWA:**

_____
Tom Clancy

_____
Mary Westbrook

*Helen Marie Burns, RSM*
_____
Sr. Helen Marie Burns, RSM

_____
Sr. Linda Bechen, RSM

_____
Sister Rita Specht, RSM

_____
Steve Anderson

_____
Madeline Windauer

_____
Chris Scott, MD

_____
Peter Gardner

_____
Lynn Whisler

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Mercy Hospital, Iowa City, Iowa, has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY HOSPITAL, IOWA CITY, IOWA:**

_____
Tom Clancy

_____
Mary Westbrook

_____
Sr. Helen Marie Burns, RSM

_____
Sr. Linda Bechen, RSM

_____
Sister Rita Specht, RSM

_____
Steve Anderson

_____
Madeline Windauer

_____
Chris Scott, MD

_____
Peter Gardner

_____
Lynn Whisler

[*Signature Page to Omnibus Action by Written Consent of
Board of Directors of Mercy Hospital, Iowa City, Iowa.*]

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Mercy Hospital, Iowa City, Iowa, has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY HOSPITAL, IOWA CITY, IOWA:**

_____

Tom Clancy

_____

Mary Westbrook

_____

Sr. Helen Marie Burns, RSM

_____

Sr. Linda Bechen, RSM

*Sister Rita Specht, RSM*
_____

Sister Rita Specht, RSM

_____

Steve Anderson

_____

Madeline Windauer

_____

Chris Scott, MD

_____

Peter Gardner

_____

Lynn Whisler

*[Signature Page to Omnibus Action by Written Consent of
Board of Directors of Mercy Hospital, Iowa City, Iowa.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Mercy Hospital, Iowa City, Iowa, has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY HOSPITAL, IOWA CITY, IOWA:**

_____

Tom Clancy

_____

Mary Westbrook

_____

Sr. Helen Marie Burns, RSM

_____

Sr. Linda Bechen, RSM

_____

Sister Rita Specht, RSM

_____

Steve Anderson

_____

Madeline Windauer

_____

Chris Scott, MD

_____

Peter Gardner

_____

Lynn Whisler

*[Signature Page to Omnibus Action by Written Consent of*
*Board of Directors of Mercy Hospital, Iowa City, Iowa.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Mercy Services, Iowa City, Inc., has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY SERVICES, IOWA CITY, INC.:**

_(signature)_

_____
Madeline Windauer

_____
Jeff Halverson

_____
Jan Finlayson

_____
Jason Wagner

_____
Renda Greene-Fishman

_____
Mike Pugh

_____
Tom Clancy

*[Signature Page to Omnibus Action by Written Consent of Board of Directors of Mercy Services, Iowa City, Inc.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Mercy Services, Iowa City, Inc., has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY SERVICES, IOWA CITY, INC.:**

_____
Madeline Windauer

_____
Jeff Halverson

_____
Jan Finlayson

_____
Jason Wagner

_____
Renda Greene-Fishman

_____
Mike Pugh

_____
Tom Clancy

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Mercy Services, Iowa City, Inc., has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY SERVICES, IOWA CITY, INC.:**

_____

Madeline Windauer

_____

Jeff Halverson

_____

Jan Finlayson

_____

Jason Wagner

_____

Renda Greene-Fishman

_____

Mike Pugh

_____

Tom Clancy

*[Signature Page to Omnibus Action by Written Consent of Board of Directors of Mercy Services, Iowa City, Inc.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Mercy Services, Iowa City, Inc., has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY SERVICES, IOWA CITY, INC.:**

_____
Madeline Windauer

_____
Jeff Halverson

_____
Jan Finlayson

_____
Jason Wagner

_____
Renda Greene-Fishman

_____
Mike Pugh

_____
Tom Clancy

*[Signature Page to Omnibus Action by Written Consent of Board of Directors of Mercy Services, Iowa City, Inc.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Mercy Services, Iowa City, Inc., has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY SERVICES, IOWA CITY, INC.:**

_____
Madeline Windauer

_____
Jeff Halverson

_____
Jan Finlayson

_____
Jason Wagner

_____
Renda Greene-Fishman

_____
Mike Pugh

_____
Tom Clancy

*[Signature Page to Omnibus Action by Written Consent of
Board of Directors of Mercy Services, Iowa City, Inc.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Mercy Services, Iowa City, Inc., has executed this Omnibus Action by Written Consent as of the date first set forth above.

**BOARD OF DIRECTORS OF MERCY SERVICES, IOWA CITY, INC.:**

_____
Madeline Windauer

_____
Jeff Halverson

_____
Jan Finlayson

_____
Jason Wagner

_____
Renda Greene-Fishman

_____
Mike Pugh

Thomas R. Clancy
Tom Clancy

[*Signature Page to Omnibus Action by Written Consent of Board of Directors of Mercy Services, Iowa City, Inc.*]

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Action by Written Consent as of the date first set forth above.

**MERCY HOSPITAL, IOWA CITY, IOWA, AS SOLE MEMBER OF MERCY IOWA CITY ACO, LLC:**

Name: Mark Toney
Title: Chief Restructuring Officer

**SOLE MANAGER OF MERCY IOWA CITY ACO, LLC:**

Name: Jim Porter
Title: Manager

*[Signature Page to Omnibus Action by Written Consent of
Controlling Entity and Manager of Mercy Iowa City ACO, LLC]*

## <u>ANNEX A</u>

1. Mercy Hospital, Iowa City, Iowa
2. Mercy Services, Iowa City, Inc.
3. Mercy Iowa City ACO, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,[1] | ) | Case No. 23-[_____] (TJC) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

## <u>CONSOLIDATED CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), respectfully represent as follows with respect to the Debtors' direct and indirect corporate ownership:

1.      Non-Debtor Sisters of Mercy of the Americas, West Midwest Community, Inc. owns 100% of the equity interests in Debtor Mercy Hospital, Iowa City, Iowa, its direct subsidiary.

2.      Debtor Mercy Hospital, Iowa City, Iowa owns 100% of the equity interests or membership interests, as applicable, in Debtor Mercy Services Iowa City, Inc. and Debtor Mercy Iowa City ACO, LLC, both of which are its direct subsidiaries.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Mercy Hospital, Iowa City, Iowa (0391), Mercy Services Iowa City, Inc. (1044), and Mercy Iowa City ACO, LLC (9472). The location of Mercy's corporate headquarters and the Debtors' service address is 500 E. Market Street, Iowa City, IA 52245.

Fill in this information to identify the case:

Debtor name: __Mercy Hospital, Iowa City, Iowa__

United States Bankruptcy Court for the: __Northern District of Iowa__

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Allscripts Healthcare, LLC 305 Church at North Hills St Raleigh, NC, 27609-2666 | Name: Douglas Gentile, Chief Medical Officer Email: d.gentile@allscripts.com Phone:919-847-8102 | Trade | Disputed | | | $8,577,403.20 |
| 2 | Medefis, Consolidated 2121 N. 117th Ave. Ste. 200 Omaha, NE 68164 | Name: Shawn Osbahr, Division Director Email: shawno@medefis.com Phone: 402-651-6568  Name: Eric Christenson Email: ericc@medefis.com | Professional Services | | | | $5,505,029.60 |
| 3 | Medirevv, Inc. 2600 University Pkwy Coralville, IA 52241 | Name: Lincoln Popp, Chief Executive Officer, Acclara Email: contactus@medirevv.com; contact@acclara.com Phone: 888-665-6310 | Trade | | | | $1,031,038.92 |
| 4 | J&K PMS, Inc. 6737 Brentwood Stair Rd Ste 200 Fort Worth, TX 76112 | Name: Warren Katz, President Email: kmitchek@p-m-s.com;wkatz@p-m-s.com Phone: 817-451-0015 | Trade | | | | $846,616.25 |
| 5 | Medical Record Associates LLC 103 Central St. Suite A Wellesley, MA 02482 | Name: Charlie Saponaro, Chief Executive Officer Email: csaponaro@mrahis.com Phone: 617-698-4411  Name: Christy Matheson Email: cmatheson@mrhais.com | Trade | | | | $598,921.47 |
| 6 | DePuy Synthes Joint Recon Inc. 1302 Wrights Lane East West Chester, PA 19380 | Name: Stephen White, President Email: DePuySpine@dpyus.jnj.com; info@dpyus.jnj.com Phone: 800-227-6633 | Trade | | | | $468,857.55 |
| 7 | Owens and Minor, Inc. 9120 Lockwood Blvd Mechanicsville, VA, 23116-2015 | Name:  Edward A. Pesicka, President and Chief Executive Officer Email: GM-privacy@owens-minor.com. Phone: 804-723-7000 | Trade | | | | $403,560.50 |
| 8 | Wright Medical Technology Inc. 1023 Cherry Rd. Memphis TN 38117 | Name: Robert Palmisano President CEO  Email: uscustomerservice@wright.com Phone: 901-867-9971 | Trade | | | | $299,580.00 |
| 9 | Iowa Heart Center 5880 University Avenue West Des Moines, IA 50266 | Name: Rob Gavora, Division Vice President & Chief Administrative Officer Email: Phone: 515-633-3600 | Professional Services | | | | $268,250.00 |
| 10 | Smith and Nephew, Inc. 7135 Goodlett Farms Parkway | Name:Adriana Davies, Vice President Email: Adriana.Davies@smith-nephew.com Phone: 901-396-2121  Email: secretary@smith-nephew.com | Trade | | | | $235,260.17 |
| 11 | Zimmer US, Inc. 345 E. Main St. Warsaw, IN 46580 | Name: Sean O'Hara  Email: sean.ohara@zimmerbiomet.com; taylor.mccarthy@zimmerbiomet.com Phone: 800-348-9500 / 574-267-6131 Email: legal.americas@zimmerbiomet.com | Trade | | | | $226,863.19 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Barton Associates Inc. 300 Jubilee Drive Peabody, MA 01960 | Name: Phone:855-955-5339 Email: | Professional Services | | | | $191,819.64 |
| 13 | Quest Diagnostics 500 Plaza Dr Ste G Secaucus, NJ 07094-3656 | Name: James E. Davis, Chief Executive Officer, President and Chairman Email: Phone: 866-697-8378 / 805-443-7472 | Trade | | | | $186,448.84 |
| 14 | Intuitive Surgical, Inc. 950 Kifer Rd. Sunnyvale, CA 94086 | Name: Gary S. Guthart, Ph.D Chief Executive Officer Email: investor.relations@intusurg.com Phone: 800-876-1310 | Trade | | | | $179,627.95 |
| 15 | Revology 201 E. Washington St. Unit 1302 Iowa City, IA 52245 | Name: Dan Krzmarzick Email: dan.krzmarzick@revologyhealth.com | Trade | | | | $134,294.44 |
| 16 | Iowa Hospital Association 100 E. Grand Ave. Ste 100 Des Moines, IA 50309 | Name: Chris Mitchell, Chief Executive Officer Randall Rubin CFO Email: rrubin@mercydesmoines.org Phone: 515-288-1955 | Trade | | | | $101,706.00 |
| 17 | Medico-Mart Inc. 2323 Corporate Dr. Waukesha, WI 53189 | Name: Gerald Walsh, President, Teddy Walsh, Controller Email: twalsh@medicomart.com Phone: 262-446-2323 | Trade | | | | $94,209.89 |
| 18 | Johnson & Johnson Health Care Systems Inc. 4500 Riverside Drive Palm Beach Gardens, FL 33410 | Name: Joaquin Duato, Chief Executive Officer; Evan Berez, Director Email: bpatel6@its.jnj.com;eberez1@its.jnj.com Phone: 732-562-3000 | Trade | | | | $94,169.69 |
| 19 | Olympus America, Inc. 3500 Corporate Parkway PO Box 610 Center Valley, PA 18034 | Name:  Stefan Kaufmann, Chief Executive Officer Email: jennifer.bannan@olympus.com Phone: 484-896-5000; 419-733-7075 Name : Jeremy Pitz Email : jeremy.pitz@olympus.com | Trade | | | | $92,653.41 |
| 20 | Progressive Rehabilitation 1130 Scott Blvd Suite 1 Iowa City, IA 52240 | Name : Colleen Benhart Email : Phone : | Professional Services | | | | $77,797.74 |
| 21 | Huntington Technology Finance 2285 Franklin Rd. Bloomfield Hills, MI 48302 | Name : Mary Hurt Email :mary.hurt@huntington.com Phone : 216-870-2994 | Lease | | | | 75,728.38 |
| 22 | MidAmerican Energy Services, LLC 666 Grande Avenue Des Moines, IA 50309 | Name: Email: Phone: | Utilities | | | | $75,504.46 |
| 23 | Gallagher Benefit Services, Inc. 2850 Golf Road Rolling Meadows, IL 60008 | Name: Jackie Morrow Email: Jackie_morrow@ajg.com Phone: 734-972-2578 | Benefits | | | | $71,253.48 |
| 24 | IdeaCom 30 W. Water St. St. Paul, MN 55107 | Name: John Anderson-President Email: canderson@idea-ma.com Phone: 800-433-6208;651-292-0102 | Trade | | | | $69,871.18 |
| 25 | Medtronic USA 8200 Coral Sea Street NE Mounds View, MN 55112 | Name: Kimberly Calderon, CEO Email: eridania.esther.calderon@medtronic.com Phone:800-677-3394 / 763-514-4000 Name: Michael B. Keeley Email: michael.b.keeley@medtronic.com | Trade | | | | $65,061.85 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | AAA Mechanical Contractors, Inc. 2755 Stoner Court North Liberty, IA52317 | Name: Jay Hall Email: Phone: 319-351-1843 | Trade | | | | $62,514.76 |
| 27 | Biomerieux Inc. One Boston Place, 201 Washington St. Suite 4030 Boston, MA 02108 | Name: Check Mate, CEO; Brian Armstrong Email: contact.nordic@biomerieux.com Phone: 919-620-2000;800-634-7656 Email: us.servicecontracts@biomerieux.com | Trade | | | | $62,090.80 |
| 28 | Healogics Wound Care & Hyperbaric Services, LLC 5220 Belfort Rd. #130 Jacksonville, FL 32256 | Name: Frank Williams, Chief Executive Officer Email: franks.william@healogics.com; keith.koford@healogics.com Phone:800-379-9774 Name: Julie Adam, RN Email: Julie.Adam@healogics.com | Trade | | | | $59,633.56 |
| 29 | Hayes Locums 6700 N. Andrews Ave. Suite 600 Fort Lauderdale, FL 33309 | Name: John Hayes, Chief Executive Officer Email: AccountingInquiries@hayeslocums.com; QA@hayeslocums.com Phone:888-837-3172 | Professional Services | | | | $59,562.00 |
| 30 | BlueSky 5600 S. Quebec St. Greenwood Village, CO 80111 | Name: Tim Teague, CEO and President Email: tteague@blueskymss.com Phone: 615-349-1985 | Trade | | | | $52,390.00 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name __Mercy Hospital, Iowa City, Iowa__

United States Bankruptcy Court for the: __Northern__ District of __Iowa__
(State)

Case number (*If known*): _____

# Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors            12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __Consolidated Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___08/07/2023___            ✗ *Mark E. Toney*
MM / DD / YYYY            Signature of individual signing on behalf of debtor

Mark E. Toney
Printed name

Chief Restructuring Officer
Position or relationship to debtor