**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

|   |   |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
|   | **Related to Docket No. 13** |

**INTERIM ORDER AUTHORIZING DEBTORS TO (I) PAY
PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS,
(II) CONTINUE CERTAIN EMPLOYEE BENEFIT PROGRAMS IN THE
ORDINARY COURSE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors for entry of an interim order (this "Order") and a Final Order, authorizing, but not directing, the Debtors (i) to pay, perform, and/or honor, as applicable, the Employee Compensation Claims, the Employee Benefit Obligations, the Employee Expense Obligations, the Employee Tax Obligations, the Workers' Compensation Obligations, the Employee Retirement Obligations, and (ii) to honor and continue their Employee benefit plans, programs, policies, and procedures in the ordinary course of business in accordance with prepetition practices, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay, perform, and/or honor, as applicable, the Employee Compensation Claims, the Employee Benefit Obligations, the Employee Expense Obligations, the Employee Tax Obligations, the Workers' Compensation Obligations, and the Employee Retirement Obligations (collectively, the "Prepetition Employee Obligations"), including payment to any third parties that provide or aid in the monitoring, processing, or administration of the Prepetition Employee Obligations, as and when such obligations are due; *provided*, *however*, no Employee shall be paid in excess of $15,150 on account of prepetition Employee Compensation; *provided further*, *however*, that payments for prepetition amounts owed on account of the Prepetition Employee Obligations shall not exceed $4,986,950 the aggregate.

3. The Debtors are authorized to pay the Unpaid Prepetition Contractor Amounts owed to the Independent Contractors.

4. The Debtors are authorized, but not directed, to continue the Debtors' PTO Benefits, Sick Days, and Military Leave policies; *provided, however*, that nothing herein shall be deemed to authorize the Debtors to pay in cash any unpaid PTO Benefits unless required by applicable non-bankruptcy law.

5. Pursuant to Bankruptcy Code section 362(d), Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or

2

administrative forum, and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

6.    Subject to the limitations contained in this Order, the Debtors are authorized, but not directed, in their sole discretion, to continue their Employee benefit plans, programs, policies, and procedures, in the ordinary course of business and in accordance with prepetition practices, and to modify or discontinue such plans, programs, policies, and procedures as necessary or prudent in the Debtors' business judgment; *provided*, *however*, that nothing herein authorizes the incurrence or payment of bonus or severance obligations, including obligations that implicate Bankruptcy Code section 503(c); *provided further*, *however*, that nothing herein shall prejudice the Debtors' ability to seek approval of relief with respect to such obligations at a later time.

7.    The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

8.    The Debtors are authorized, but not directed, to pay prepetition claims on account of the Payroll Software.

9.    The Debtors may pay any and all withholdings, including social security, FICA, federal, state, and local income taxes, garnishments, health care premiums, retirement fund withholding, and other types of withholdings, whether or not these relate to the period prior to the Petition Date.

10.    The Debtors' request to maintain the Employee Bonus Program in the ordinary course of business and consistent with past practice shall be considered at the Final Hearing, and

nothing herein shall be deemed to authorize the Debtors to incur or pay the Employee Bonus Obligations pending the Final Hearing.

11. The Banks on which checks were drawn or electronic payment requests made for payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such Banks are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

12. The Debtors are authorized to issue postpetition checks, or to effect postpetition electronic fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to payments authorized pursuant to this Order.

13. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

14. Nothing in the Motion or this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition

4

Date or (b) alter or impair the validity, continuation, priority, enforceability, or perfection of any security interest or lien, in favor of any person or entity, that existed as of the Petition Date.

15. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Prepetition Employee Obligations.

16. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

17. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

18. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

19. The final hearing (the "Final Hearing") on the Motion shall be set by separate court order. Any objections or responses to the entry of the proposed Final Order shall be filed with the Court and served on the following no later than seven (7) days before the hearing unless otherwise provided for by the Court: (a) Mercy Hospital, Iowa City, Iowa, 500 E. Market Street, Iowa City, IA 52245 (Attn: Mark E. Toney (noticing@mercyic.org)); (b) proposed counsel to the Debtors, (i) McDermott Will & Emery LLP, (a) 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Felicia Gerber Perlman (fperlman@mwe.com), Daniel M. Simon (dsimon@mwe.com), and Emily C. Keil (ekeil@mwe.com) and (b) 2501 North Harwood Street, Suite 1900, Dallas, TX 75201 (Attn: Jack G. Haake (jhaake@mwe.com)) and (ii) Nyemaster Goode, P.C., 625 First Street SE, Suite 400, Cedar Rapids, IA 52401-2030 (Attn: Roy R. Leaf (rleaf@nyemaster.com)); (c) counsel for the Master Trustee and Trustee and Bondholder Representative, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: William Kannel

(wkannel@mintz.com) and Nathan F. Coco (nfcoco@mintz.com)) and Whitfield & Eddy, P.C., 699 Walnut Street, Suite 2000, Des Moines, IA 50309 (Attn: Peter J. Chalik (chalik@whitfieldlaw.com)); and (d) the United States Trustee for the Northern District of Iowa, 111 Seventh Avenue SE, Suite 280, Cedar Rapids, IA 52401-2030 (Attn: Janet G. L. Reasoner (Janet.G.Reasoner@usdoj.gov)).  If no objections to entry of the Final Order are filed and served, the Court may enter such Final Order without further notice or hearing.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated and entered this __9th__ day of __August__, 2023.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486

625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and –

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (*pro hac vice*)
Daniel M. Simon (*pro hac vice*)
Emily C. Keil (*pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and -

Jack G. Haake (*pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and
Debtors-in-Possession*

7