UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, | ) | |
| IOWA CITY, IOWA, *et al.,* | ) | Case No. 23-00623C |
| | ) | |
| Debtors. | ) | Jointly Administered |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO THE MOTION FOR ENTRY OF ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) AUTHORIZING THE DEBTORS TO PROVIDE STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING THE ASSUMPTION AND ASSIGNMENT PROCEDURES AND (E) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II)(A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF"**

Mary R. Jensen, Acting United States Trustee for Region 12 ("U.S. Trustee"), through her undersigned counsel, files this Objection (the "Objection") to the Motion for Entry of Order (I)(A) Approving Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Authorizing the Debtors to Provide Stalking Horse Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving the Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief" (doc. 58) ("Sale Motion"), and in support thereof, respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. The Court has jurisdiction over this Objection and the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (N). The statutory predicate for the relief sought herein is 11 U.S.C. §§ 105, 363, 365, as governed by Fed. R. Bankr. P. 2002, 6004, and 6006. The United States Trustee has standing to raise, appear and be heard on this Objection pursuant to 11 U.S.C. § 307; 28 U.S.C. § 581 *et seq.*

## PROCEDURAL BACKGROUND

2. On August 7, 2023, Mercy Iowa City ACO, LLC, Mercy Hospital, Iowa City, Iowa, and Mercy Services Iowa City, Inc., (hereinafter "Mercy" or "Debtors") filed three individual chapter 11 bankruptcy petitions and were assigned case numbers 23-00622, 23-00623, and 23-00624, respectively. As part of the First Day Motions, the three individual cases were ordered to be Jointly Administered under case number 23-00623.

3. On the date of filing, petitions for each case were submitted to the Court, along with the several First Day Motions.

4. The Debtors continue to operate as debtors-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

5. The Debtors' Sale Motion was filed on August 9, 2023. The Sale Motion is currently set for hearing on August 31, 2023.

6. A Motion to Appoint Examiner was filed on August 14, 2023, by Computershare Trust Company, N.A., as Trustee, Preston Hollow Community Capital, Inc., as Bondholder Representative ("Preston Hollow") A hearing on the Motion is currently scheduled for August 31, 2023.

7. A creditors committee was appointed by the United States Trustee on August 15, 2023.

8. Schedules and statements of financial affairs were filed on August 21, 2022.

9. The Section 341(a) Meeting of Creditors is scheduled to be held on September 6, 2023.

## **ARGUMENT**

10. According to the Debtors' Sale Motion, Debtors agreed to sell substantially all its assets pursuant to section 363 of the Bankruptcy Code to the State University of Iowa ("University") who is the Stalking Horse Bidder pursuant to an Asset Purchase Agreement executed on August 7, 2023. The Sale is subject to higher and better offers.

11. The filing of the bankruptcy allows the orderly, efficient, and expedited sale of the Debtors' assets. *See, e.g. Stephens Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986) (adopting *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983) concluding that "a bankruptcy court can authorize a sale of all a Chapter 11 Debtor's assets under § 363(b)(1) when a sound business purpose dictates such action").

12. However, while such sales are generally permissible, due consideration and adequate time must be afforded to prospective purchases to (1) produce the highest and best offer possible and (2) to protect the integrity and transparency of the bankruptcy process.

13. With these principals in mind, the UST objects to the entry of the Sale Motion for the following reasons: (A) the current lack of record evidence of prior marketing, which is necessary to justify the shortened timeframe for a sale, and (B) the potential for bid chilling based on the scope and cumulative effect of the various Stalking Horse protections.

A. *The shortened timeframe of the sale is not feasible.*

14. The Debtors are seeking to obtain approval of the bidding procedures on a compressed time frame. The Sale Motion was filed on August 9, 2023, and set for hearing August 31, 2023.

The Sale Motion contemplates a bid submission deadline of September 19, 2023, an auction on September 22, 2023, and a sale hearing on September 27, 2023.

15. The Bankruptcy Code Rule 6004 and 2002 (a) (2) require twenty-one-day notices to parties in interest prior to the sale of property of the estate outside the ordinary course of business. It appears that the current timeline does not permit sufficient time to provide the required notice of the proposed sale to parties-in-interest.

16. The Sale Order proposes to set the bid deadline on September 19, 2023. That deadline does not appear to provide sufficient time for other interested bidders to conduct their due diligence and submit a competitive bid. It would be in the best interest of the estate to give sufficient time for potential bidders to make competitive bids to maximize value to the estate.

B. *The initial overbid amount may chill bidding, which will not allow for a competitive bid process.*

17. The Bidding Procedure Motion provides that to be deemed a "Qualified Bid," the bid must be in an amount of no less than $21,300,000 (Initial Overbid) which comprises the Stalking Horse Bid of $20,000,000, plus the 4% Break-Up Fee of $800,000 and up to $400,000 in expenses for a total of $1,200,000 plus an initial bid increment amount of $100,000. *See Motion to Sell, Exhibit 1, Doc. 58-1, pg. 20 of 42.*

18. Thus, to be deemed a "Qualified Bid," any other bids must be at least $21,300,000. *Id.* Taken together, this requires that the first overbid amount to be at least 6.5% higher than the original bid amount.

19. The imposition of an initial overbid amount must be in the best interest of the estate. *See In re Sea Island Co.*, No. 10-21034, 2010 WL 4393269, at *4 (Bankr. S.D. Ga. Sept. 15, 2010) (finding "insufficient justification for an initial overbid amount of $2.5 million [1.2% of $197.5

million cash offer] in addition to the protection and incentive already provided to the Stalking Horse Bidder in the form of a 3% break-up fee" because such "added protection would have only the effect of chilling rather than encouraging bidding" and imposing $1 million bidding increment [roughly .5% of $197.5 million cash offer]).

20. Here, the initial overbid amount threatens to chill competitive bids without any offsetting benefit to the estate.

C. *The proposed breakup fee is excessive.*

21. The Debtors propose a substantial breakup fee of 4% of the bid, plus up to $400,000 in expenses[1]. This calculation results in a potential payout to the University of $1.2 million if they are not the prevailing bidder at auction.

22. It is well settled law in the Eighth Circuit that "an unsuccessful stalking horse bidder may seek reimbursement of its actual expenses, **or** it may seek a break-up fee which is designed to compensate the unsuccessful bidder for the risk and costs incurred in advancing the competitive bidding process." *AgriProcessors, Inc. v. Fokkena (In re Tama Beef Packing, Inc.)*, 321 B.R. 496, 497-98 (B.A.P. 8th Cir. 2005) (emphasis added). The B.A.P. goes on to note that the distinction is important; the stalking horse bidder may seek a breakup fee, which is limited to one to four percent of the purchase price, *or* may seek their actual expenses, which are not capped but must meet the standards set out in § 503(b).

23. Here, the Debtors propose to pay a breakup fee and reasonable expenses of the stalking horse, resulting in cumulative payment of 6% of the purchase price. This is contrary to the allowable standards in this circuit. The stalking horse may seek a breakup fee of up to 4%, their

---

[1] In addition to paying the breakup fee, any initial overbid must increase in increments of $100,000.

reasonable expenses that meet the § 503(b) standards, but not both. Prior to approval of the sale motion, the University and Debtors must determine which reimbursement structure will be used.

24. If the University and Debtors choose to have the actual expenses of the Stalking Horse be paid, there must be evidence of the amount and the reasonableness of the expenses presented prior to approval and payment to ensure the requirements of § 503(b) are met.

25. The UST reserves all rights to amend and supplement or modify this objection.

WHEREFORE, the Acting United States Trustee requests that the Court deny Debtors' 11 U.S.C. § 363 Sale Motion and that the Court grant such further relief as it deems just and proper.

Dated: August 24, 2023

**Mary R. Jensen**
Acting United States Trustee
Region 12

By:/s/ Janet G. Reasoner
**Janet G. Reasoner**
111 7th Ave SE, Box 17
Cedar Rapids, Iowa 52404
Ph: (319) 364-2211
Janet.G.Reasoner@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated August 24, 2023

 By: /s/ Jennifer L. Cline
 **Jennifer L. Cline**
 Paralegal Specialist
 United States Trustee's Office