BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) | Case No. 23-00623 (TJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Adequate Assurance Objection**

COMES NOW EverBank, N.A., f/k/a TIAA, FSB, assignee of TIAA Commercial Finance, Inc., as successor in interest to GE HFS, LLC ("EverBank"), a creditor of Mercy Hospital, Iowa City, Iowa (the "Debtor"), who files this Adequate Assurance Objection and in support thereof states as follows:

1. On August 7, 2023 (the "Petition Date"), the Debtor and its affiliates filed their petitions with the Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court").

2. On September 14, 2023, the Court entered an Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving Break-Up Fee, (C) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (D) Approving the Form and Manner of Notice Thereof, (E) Approving Contract Assumption and Assignment Procedures and (F) Granting Related Relief [Docket No. 222], which required that "the Debtors shall file with the Court, and cause to be published on the Case Information Website, the Potential Assumed Contract List." However, it does not appear that such a list was so filed or published.

3. On October 11, 2023, EverBank filed a proof of claim numbered 0000010183 in which it claimed amounts due pursuant to a certain Lease Agreement

dated October 27, 2020, between the Debtor, as lessee, and GE HFS, LLC, as lessor (the "Equipment Lease") that stipulated monthly payments of $11,325.00 (the "Lease Payments") for the lease of: (i) two units of an OEC Elite CFD 21cm Digital Mobile Super C-arm PMCare, (ii) one unit of an OEC Elite CFD 31cm Digital Mobile Super C-arm Vascular MTS, and (iii) one unit of an OEC Elite CFD 31cm Digital Mobile Super C-arm Basic Vascular (collectively, the "Equipment").

4. On October 10, 2023, the Debtor filed its Notice of Auction Results providing for Preston Hollow, as bondholder representative, as the winning bidder (the "Secured Boldholders").

5. The Debtor has not rejected the Equipment Lease and has remained in possession of the Equipment since the Petition Date. However, the Debtor has not made any Lease Payments for their post-petition use of the Equipment. 11 U.S.C. § 365(d)(5) (requiring "timely perform[ance of] all of the obligations of the debtor . . . first arising from or after 60 days after the [Petition Date] under an unexpired lease . . . until such lease is assumed or rejected notwithstanding section 503(b)").

6. The sixty first day after the Petition Date is October 7, 2023, at which point EverBank is entitled to timely performance of the Debtor's obligations under the Lease, and amounts so coming due are deemed administrative expense claims. In re Midway Airlines Corp., 406 F.3d 229 (4th Cir. 2005).

7. When determining the reasonable value of services for purposes of calculating an administrative expense claim, "there is a presumption that the contact

2

terms and rate represent the reasonable value of the services or goods provided under the contract." In re ID Liquidation One, LLC, 503 B.R. 392, 399 (Bankr. D. Del. 2013).

8.  Under section 365(d)(5) of title 11 of the United States Code (the "Bankruptcy Code"), the entitlement to the administrative expense claim is automatic unless the debtor or objecting party can show that the court should order otherwise based on the equities of the case. In re Midway, 406 F.3d at 240–41 ("This interpretation is consistent with the overall purpose of § 365(d)(10) [now § 365(d)(5)], which is to 'shift to the debtor the burden of bringing a motion while allowing the debtor sufficient breathing room after the bankruptcy petition to make an informed decision.'").

9.  Section 365(d)(5) of the Bankruptcy Code only requires that the lessor "timely" perform its obligations. Courts have held that "the time of payment ... is within the discretion of the bankruptcy court." In re Am. Mgmt. Res. Corp., 51 B.R. 713, 719 (Bankr. D. Utah 1985). The general rule is that all administrative creditors in a bankruptcy case must be treated equally. See Cochise Coll. Park, Inc. v. Perry, 703 F.2d 1339, 1356 n.22 (9th Cir. 1983). Therefore, where a chapter 11 debtor is operating its business after the 60th day postpetition and pre-rejection, it is required to perform its obligations under a lease, absent extraordinary circumstances. See In re Lakeshore Construction Co. of Wolfeboro, Inc., 390 B.R. 751, 760 (Bankr. D. N.H. June 18, 2008).

10. The Lease calls for monthly payments due on the 29th of each month. Thus, on October 29, 2023, the Lease Payment is due. Pro rata amounts for the Lease Payment from October 7, 2023, to October 29, 2023, are also due.

11. The language in section 365(d)(5) of the Bankruptcy Code was modeled on that found in section 365(d)(3) of the Bankruptcy Code, and accordingly courts often look to decisions construing section 365(d)(3) in cases involving section 365(d)(5). See Lakeshore Construction, 390 B.R. at 755-56 citing In re Midway Airlines, 406 F.3d at 234. Courts have found that "§ 365(d)(3) is not ambiguous" and that its plain language governs an "unexpired lease of nonresidential real property" and excepts "section 503(b)(1)." In re Burival, 613 F.3d 810 (8th Cir. 2010). Payment "obligations in such leases must be performed when they arise after filing and before rejection; any reduction based on subsection 503(b)(1) would violate the specific language of § 365(d)(3)." Id. Debtors must pay their obligations "whether or not it preserves the estate. Id.

12. Thus, the Debtor is responsible for the pro rata Lease Payment from October 7, 2023, to October 10, 2023, viz. $1,489.32 ($11,325 multiplied by 12 then divided by 365 then rounded to the nearest cent then multiplied by 4).

13. Similarly, if the Lease was assumed by the Secured Bondholders, they are responsible for the pro rata Lease Payment from October 10, 2023, to October 28, 2023, viz. $6,701.94 ($11,325 multiplied by 12 then divided by 365 then rounded to the nearest cent then multiplied by 18). Otherwise, if the Lease was retained by the Debtor, then the Debtor would be responsible for such amount.

14. Courts have held that the phrase "notwithstanding section 503(b)(1) of this title" also eliminates any requirement stemming from § 363(c) for a court order expressly authorizing payment of an administrative expense claim that becomes due between the 61st day after the filing of the bankruptcy petition and the acceptance or rejection of the lease. See Lakeshore Construction, 390 B.R. at 755. As a result, Bankruptcy Court permission is not required for the Debtor to make payment after the 61st day.

15. Section 363(e) of the Bankruptcy Code provides that equipment lessors may be entitled to adequate protection for the use of their equipment during a bankruptcy case. See H.R. REP. No. 103–834 at 31, 103d Cong., 2d Sess. (October 4, 1994); U.S.C.C.A.N. 1994, p. 3340 ("Section 363(e) is also amended to clarify that the lessor's interest is subject to 'adequate protection.' Such remedy is to the exclusion of the lessor's being able to seek to lift the automatic stay under section 363"). Courts have generally held that a lessor's adequate protection rights are defined by section 365(d)(5) of the Bankruptcy Code, *i.e.,* the payments specified under the lease. See In re Republic Technologies Int'l, LLC, 267 B.R. 548, 554–555 (Bankr. S.D. Ohio 2001).

16. Whether someone is entitled to an administrative claim under section 503(b) of the Bankruptcy Code is determined by a two-part test: (1) the transaction must be between the creditor and the debtor and (2) the estate must receive a benefit from the transaction. See In re O'Brien Environmental Energy, Inc., 181 F.3d 527, 532–33 (3d Cir. 1999). A lessor is generally entitled to an administrative claim under section 503(b) for the fair rental value of the lessor's property actually used by the

debtor. See, e.g., Zagata Fabricators, Inc. v. Superior Air Products, 893 F.2d 624, 627 (3d Cir. 1990); In re Cornwall Paper Mills Co., 169 B.R. 844, 851 (Bankr. D. N.J. 1994). The fair rental value is not necessarily the rent provided in the lease, but "the rental value fixed in the lease will control, unless there is convincing evidence that such rental rate is unreasonable." In re F.A. Potts & Co., Inc., 137 B.R. 13, 18 (E.D. Pa. 1992).

17. As noted above, section 365(d)(5) of the Bankruptcy Code does not expressly provide for the payment of amounts due during the first sixty-day period after a case is commenced. However, courts have generally held that nothing in section 365(d)(5) precludes a lessor from asserting an administrative claim for the use of its equipment under section 503(b) during this period. In re MUMA Services Inc., 279 BR 478 (Bankr. D. Del. 2002); In re Sylva Corporation, Inc., No. 14-6016 (B.A.P. 8th Cir. Nov. 26, 2014) (finding that request for administrative expenses claim for lease payments due during the first sixty-day period is section 503(b)(1)(A); See also In re Double 6 Trucking of the Arlatex, Inc., 422 B.R. 684, 689 (Bankr. W.D. Ark. 2010). Rather, section 503(b) gives lessors the right to assert an administrative claim for amounts during this period to the extent they can prove the debtor used their equipment and can quantify the benefit such use conferred on the estate. See, e.g., In re Furley's Transport, Inc., 263 B.R. 733, 740-41 (Bankr. D. Md. 2001); In re D.M. Kaye & Sons Transport, Inc., 259 B.R. 114, 119 (Bankr. D.S.C. 2001).

18. The Debtor is a debtor in possession that is operating its businesses. In such affairs, the Debtor is and has used the Leased Equipment for the benefit of the

6

estate. Thus, the Debtor is responsible for the pro rata Lease Payment from the Petition Date to October 6, 2023, viz. $22,339.80 ($11,325 multiplied by 12 then divided by 365 then rounded to the nearest cent then multiplied by 60).

19. Section 365(d)(5) of the Bankruptcy Code requires payment of "all the obligations" under the Lease, including damages for Debtor's failure to maintain the Leased Equipment and other costs of enforcing the EverBank's rights, such as legal expenses. In re Hayes Lemmerz Int'l, Inc., 340 B.R. 461, 473 (Bankr. D. Del. 2006).

20. Section 6 of the Lease states that Debtor "shall pay [EverBank] for any and all actual attorneys' fees and other expenses incurred by [EverBank] in connection with the enforcement of [EverBank]'s rights and remedies" under the Lease. Accordingly, legal fees are contemplated by the Lease. As such, EverBank reserves the right to file such subsequent materials with the Bankruptcy Court to substantiate the legal fees requested once such final legal fees are determined (such amount the "Legal Fees").

WHEREFORE EverBank prays that the Court (I) direct the Debtor to pay EverBank $22,339.80 post-petition and pre-rejection lease of the Leased Equipment during the sixty days following the Petition Date as an administrative expense pursuant to section 503(b) of the Bankruptcy Code, (II) direct the Debtor to pay EverBank $1,489.32 on account of its post-petition and pre-rejection lease of the Leased Equipment after the sixty days following the Petition Date as an administrative expense pursuant to section 325(d)(5) of the Bankruptcy Code, (III) direct either (A) the Secured Bondholders to pay $6,701.94 on account of its post-

7

assumption and non-termination of the Lease, or (B) the Debtor to pay $6,701.94 on account of its further post-petition and non-termination of the Lease, (IV) direct either (A) the Secured Bondholders or (B) the Debtor to pay EverBank's Legal Fees, and (V) provide for such other relief as is just, proper, and necessary under the circumstances.

Date: October 25, 2023           .

        Respectfully submitted,

        AEGIS Law,

        *Eric J Langston*

        Eric J. Langston, AT0014001
        Mailing:  601 S. Lindbergh Blvd.
                     Frontenac, MO 63131
        Physical: 222 Third Ave. SE
                     Suite 501, Office 6
                     Cedar Rapids, IA 52401
        (319) 435-9793, Fax: (314) 454-9110
        elangston@aegislaw.com
                *Attorney for Creditor EverBank, N.A., f/k/a TIAA, FSB, assignee of TIAA Commercial Finance, Inc., as successor in interest to GE HFS, LLC*

---

**Certificate of Service**

I certify that I caused the foregoing to be filed with CM/ECF on Tuesday, October 25, 2023, and mailed, as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

*Eric J Langston*