## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-00623 (TJC)<br><br>Joint Administration Requested<br><br>**Re: Docket No. 26** |

### RESERVATION OF RIGHTS OF SECURED BONDHOLDER REPRESENTATIVES TO DEBTORS' MOTION FOR ENTRY OF ORDER (I) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (II) SCHEDULING A FINAL HEARING ON THE USE OF CASH COLLATERAL, AND (III) GRANTING RELATED RELIEF

Computershare Trust Company, N.A., as Master Trustee (the "Master Trustee"), and Preston Hollow Community Capital, Inc., as Bondholder Representative (the "Bondholder Representative" and, collectively with the Master Trustee, the "Secured Bondholder Representatives"), hereby submit this reservation of rights[1] to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 26] (the "Motion")[2] filed by Mercy Hospital, Iowa City, Iowa ("Mercy," and together with its affiliated debtors and debtors-in-possession, the "Debtors") in these jointly administered cases (the "Chapter 11 Cases"), and respectfully state as follows:

---

[1] This reservation of rights supplements the Secured Bondholder Representatives' previously filed *Objection to Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief,* [Docket No. 35], which is hereby incorporated by reference herein.

[2] Unless otherwise defined herein, all capitalized terms have the meanings ascribed to such terms in the Motion.

**RESERVATION OF RIGHTS**

1.  The Debtors seek entry of a final order authorizing the use of the Master Trustee's Collateral (as defined herein), including its Cash Collateral, in order to fund their ongoing operating losses, administrative expenses and professional fees. The Bondholder Representatives' Cash Collateral has been depleted at a tremendous rate since these Chapter 11 Cases began. Through the 12-weeks ending on October 27th, the Debtors have consumed approximately $9 million of cash on-hand (as of August 11th) *plus* approximately $40.4 million of cash receipts, including approximately $25 million of pre-petition accounts receivable.

2.  In short, the Debtors have depleted approximately $50 million, in aggregate, of the Master Trustee's Cash Collateral thus far. It is a staggering amount. And the Master Trustee's Cash Collateral will continue to be depleted – and the bondholders will suffer further diminution – as these Chapter 11 Cases progress.

3.  Under section 363(c)(2) of the Bankruptcy Code, the Debtors are prohibited from using cash collateral "unless – (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Section 363(e), in turn, requires "adequate protection" of the secured creditor's interest in the cash collateral to the extent that the debtor is permitted to use cash collateral without the consent of its secured creditor. *See* 11 U.S.C. § 363(e) (requiring a bankruptcy court to "prohibit or condition such use . . . as is necessary to provide adequate protection of such interest"). The terms of 11 U.S.C. § 363(e) are mandatory.

4.  On November 1, 2023, the Debtors filed their *Notice of Filing Proposed Final Order Granting the Debtors' Cash Collateral Motion* [Docket No. 434], attaching a proposed from of final cash collateral order (the "Proposed Final Order").

5.   The Proposed Final Order is the culmination of extensive, good faith negotiations between the Debtors and the Secured Bondholder Representatives.  The Secured Bondholder Representatives consent to the Debtors' continued use of Cash Collateral pursuant to the Proposed Final Order.  Each of the covenants, agreements and protections set forth in the Proposed Final Order are interrelated, and are essential to the Secured Bondholder Representatives' consent.

6.   However, in the absence of all the protections delineated in the Proposed Final Order, the Secured Bondholder Representatives *would not* – and *do not* – consent to the use of their Cash Collateral, and hereby expressly reserve all their rights, remedies and objections to the Motion to the extent that the adequate protections provided in the Proposed Final Order are modified in any material respect.

## OVERVIEW OF SECURED OBLIGATIONS

7.   Mercy is indebted with respect to two series of publicly-issued Bonds and related Obligations in an aggregate outstanding principal amount of approximately $63 million:  (a) those certain Health Facilities Revenue Bonds, Series 2011 (Mercy Hospital Project) (the "Series 2011 Bonds") issued pursuant to a Trust Indenture dated as of November 1, 2011 (the "Series 2011 Trust Indenture") by and between the City of Hills, Iowa (the "Issuer") and Computershare Trust Company, N.A., as successor trustee (the "Series 2011 Trustee")[3]; and (b) those certain Health Facilities Revenue Bonds, Series 2018 (Mercy Hospital Project) (the "Series 2018 Bonds" and, collectively with the Series 2011 Bonds, the "Bonds") issued pursuant to a Trust Indenture dated as of May 1, 2018 (the "Series 2018 Trust Indenture")[4] by and between the Issuer and Computershare Trust Company, N.A., as successor trustee (the "Series 2018 Trustee").  The Bonds

---

[3]  Attached hereto as Exhibit A is a true and correct copy of the Series 2011 Trust Indenture.

[4]  Attached hereto as Exhibit B is a true and correct copy of the Series 2018 Trust Indenture.

were issued to finance the costs of constructing, renovating, expanding, equipping and furnishing Mercy's hospital facilities, including the purchase of capital equipment, hardware, and software, all located on Mercy's campus at 500 East Market Street, Iowa City, Iowa.

8. The proceeds of the Series 2011 Bonds were loaned to Mercy pursuant to that certain Loan Agreement dated as of November 1, 2011 by and between the Issuer and Mercy (the "Series 2011 Loan Agreement").[5] The proceeds of the Series 2018 Bonds were loaned to Mercy pursuant to a certain Loan Agreement dated as of May 1, 2018, by and between the Issuer and Mercy (the "Series 2018 Loan Agreement" and, together with the Series 2011 Loan Agreement, the "Loan Agreements").[6] The Issuer assigned its rights and remedies under the Loan Agreements and related bond financing documents to the Series 2018 Trustee and the Series 2011 Trustee, including its rights in and to the Obligations securing the Series 2018 Bonds and Series 2011 Bonds, respectively, and the amounts payable thereon.

9. The Bonds are secured by Obligations issued by Mercy under a Master Trust Indenture dated as of June 1, 1998 by and between Mercy and Computershare Trust Company, N.A., as successor Master Trustee (as may be amended and supplemented, the "Master Trust Indenture").[7] The Bonds are further secured by a certain Mortgage and Security Agreement and Fixture Financing Statement (the "Mortgage")[8] dated as of May 1, 2018, and recorded on May 11, 2018, in Johnson County, Iowa, by Mercy in favor of the Master Trustee.

10. Under the Master Trust Indenture, the Mortgage and other Bond Documents, the Bond and Obligations are secured by first priority liens and security interests on substantially all

---

[5] Attached hereto as Exhibit C is a true and correct copy of the Series 2011 Loan Agreement.
[6] Attached hereto as Exhibit D is a true and correct copy of the Series 2018 Loan Agreement.
[7] Attached hereto as Exhibit E is a true and correct copy of the Master Trust Indenture.
[8] Attached hereto as Exhibit F is a true and correct copy of the Mortgage.

of Mercy's assets, including, without limitation, all of Mercy's revenues, accounts, and general intangibles, and its real property constituting its campus at 500 East Market Street, Iowa City, Iowa, including the buildings, structures, additions, improvements, equipment, fixtures, and personal property located thereon (collectively, the "Collateral"). The Collateral pledged to the Master Trustee includes, *inter alia*:

- All accounts and assignable general intangibles now owned or hereafter acquired by the Debtor regardless of how or where generated, and all proceeds therefrom, whether cash or non-cash, all as defined in Article 9 of the Uniform Commercial Code (the "UCC");

- All fixtures and articles of personal property of every kind and nature integral to the mortgaged real properties, and whether attached or detached, and whether now owned or hereafter acquired by Mercy;

- All of Mercy's machinery, apparatus, equipment, furnishings and personal property that is not an integral party of the mortgaged real properties;

- All leases, subleases, licenses, concessions or grants of other possessory interests related to the mortgaged real properties;

- All the rents, issues, uses, profits, accounts receivable, condemnation awards, insurance proceeds and other rights and interests now or hereafter belonging or in any way pertaining to the Mercy's interests in the mortgaged real properties;

- All furniture, furnishings, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever as defined in and subject to the provisions of the UCC, whether tangible or intangible;

- All of the Debtor's limited liability membership and partnership interests in the Debtor's direct subsidiaries and joint ventures;

- All of the Debtor's contract-based rights and claims against its affiliates and/or third parties; and

- Any and all proceeds, products, renewals, replacements or substitutions of the foregoing.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Master Trustee and the Bondholder Representative hereby reserve all rights, remedies and objections to the Motion, including their right to be heard at the hearing to consider the relief sought by the Debtors in the Motion.

Date:  November 2, 2023   **WHITFIELD & EDDY, P.L.C.**

 */s/ Peter J. Chalik*

Peter J. Chalik  (Iowa Bar No. AT0013036)
699 Walnut St., Suite 2000
Des Moines, Iowa 50309
Telephone: (515) 288-6041
Email: *Chalik@whitfieldlaw.com*

-and-

**MINTZ, LEVIN, COHN, FERRIS
GLOVSKY AND POPEO, P.C.**

William W. Kannel (admitted *pro hac vice*)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Email: WKannel@mintz.com

Nathan F. Coco (admitted *pro hac vice*)
Megan Preusker (admitted *pro hac vice*)
Kaitlin R. Walsh (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 935-3000
Email: NFCoco@mintz.com
  MPreusker@mintz.com
  KRWalsh@mintz.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated November 2, 2023.

*/s/ Peter J. Chalik*