## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket Nos. 26, 58, 435** |
| | ) | |

### DEBTORS' STATEMENT AND RESERVATION OF RIGHTS REGARDING NOVEMBER 6, 2023 HEARING ON THE DEBTORS' USE OF CASH COLLATERAL AND THE DEBTORS' PROPOSED SALE TO THE UNIVERSITY OF IOWA

Mercy Hospital, Iowa City, Iowa ("Mercy" or the "Hospital") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby file this statement and reservation of rights with respect to (a) the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 26] (the "Cash Collateral Motion") and (b) the *Debtors' Motion for Entry of Order (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Provide Stalking Horse Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving the Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and*

*(III) Granting Related Relief* [Docket No. 58] (the "<u>Bidding Procedures Motion</u>")[1] and respectfully

state as follows:

<u>**RESERVATION OF RIGHTS**</u>

1.      Since the outset of these Chapter 11 Cases, the Debtors have been resolute in their

ongoing approach to maintain continuity of care for patients, ensure employees are paid, and

otherwise maintain the operations to bridge to a value-maximizing sale.  This has not been easy

during these Chapter 11 Cases, particularly given the intense media scrutiny and the various

stakeholders that have held disparate views on what is best for the future of Mercy Hospital.

2.      In order to best achieve these goals, however, the Debtors have worked to engage

constructively with the Bondholder Representatives on a case budget to, above all else, ensure

continuity of care.  This includes payment of payroll for approximately 1,100 employees, funding

for necessary medical supplies and other critical operating expenses required of a fully-functioning

acute care hospital and accompanying clinics.  And the Debtors have been highly successful in

this regard – the Debtors are outperforming the agreed-upon budget, census is up, meaning that

the Debtors are taking care of more patients, and the Debtors' employees now see a successful end

in sight with the proposed transaction to the University of Iowa (the "<u>University</u>").

3.      In light of these aims, the Debtors now stand on the verge of seeking to obtain the

most significant relief yet in these Bankruptcy cases at the upcoming hearing on November 6, 2023

– approval of the sale to the University.  But this was far from a linear path.  Beginning with the

filing of a receivership action by the Bondholder Representatives which precipitated the

emergency filing of these chapter 11 cases, the Bondholder Representatives threw out many

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Cash Collateral
Motion or the Bidding Procedures Motion, as applicable.

obstacles in front of the Debtors. These included, among other things, a motion to appoint an examiner, objections to the retention of three different estate professionals, numerous depositions and extensive discovery, and most recently, concerning disagreements during the auction process. Yet, the Debtors remained steadfast in their efforts to consummate the transaction that it set out to achieve at the outset of these cases.  And while the Debtors—through extensive efforts by their management team, their advisors, and their board—ultimately worked tirelessly to achieve consensus by resolving each of these potential hurdles to bring stability to their operations rather than litigate, this has come at a steep cost to the Debtors' estates.  These costs are both quantitative and qualitative, both in terms of increased professional fees required to respond to each of these issues created by the Bondholder Representatives, as well as the need to continually assuage an employee base that has become increasingly concerned about the future of Mercy Iowa City.

4.      Notwithstanding these significant roadblocks, fortunately, the Debtors and the Bondholder Representatives have been able to reach consensus on a form of final order approving cash collateral that not only ensures the ongoing funding necessary to bridge to the sale, but most importantly, allows the Bondholder Representatives to not object to the proposed sale.  However, in light of the fact that their agreement to support cash collateral was required in order to reach agreement on the overall sale transaction, the Debtors reserve all rights to withdraw their support for the proposed form of order on cash collateral in the event that the Bondholder Representatives object or otherwise impede approval of the sale transaction.

5.      In a reservation of rights filed earlier today [Docket No. 435] (the "Bondholder Reservation of Rights"), however, the Bondholder Representatives made certain statements to which the Debtors believe are false or misleading, and thus, the Debtors wish to correct the record.  By way of example, the notion that the Debtors have depleted cash at a "tremendous rate"

flies in the face of the fact that the Debtors have maintained operations in accordance with (and actually outperformed) the budget **approved by** the Bondholder Representatives, with any corresponding delays directly attributable to the Bondholder Representatives' actions to delay the sale process and otherwise impede the Debtors' progress at various points. What the Bondholder Representatives mischaracterize as "consuming collateral" in their Bondholder Reservation of Rights is actually approximately $18 million in payroll and related employee costs, as well as $25 million in other operating costs necessary to care for their patients over a three-month period, all of which are vital to maintain operations and which would have been spent whether or not Mercy Hospital was in chapter 11.

6.    Notwithstanding these mischaracterizations and misleading statements, the Debtors remain optimistic that the November 6 hearing will be largely, if not entirely consensual. In the event that the Bondholder Representatives no longer support the sale transaction, however, the Debtors reserve all rights in connection therewith, including to put forward evidence to rebut these and other assertions.

Dated: Cedar Rapids, Iowa
       November 2, 2023

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:   (319) 286-7002
Facsimile:   (319) 286-7050
Email:      rleaf@nyemaster.com

- and –

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-645-5510

Fax:  515-283-8045
Email: mmcguire@nyemaster.com
       kmstanger@nyemaster.com
       dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:      (312) 372-2000
Facsimile:      (312) 984-7700
Email:          fperlman@mwe.com
          dsimon@mwe.com
          ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:      (214) 295-8000
Facsimile:      (972) 232-3098
Email:          jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## Certificate of Service

       The undersigned certifies, under penalty of perjury, that on this November 2, 2023, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*