| United States Bankruptcy Court for the Northern District of Iowa | |
|---|---|
| **Name of Debtor:** MERCY SERVICES IOWA CITY, INC. | **For Court Use Only** |
| **Case Number:** 23-00624 | Claim Number: 0000010301 |
| | File Date: 10/16/2023 17:09:21 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/22**

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): McKesson Corporation

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name McKesson Corporation | Name _____ |
| Address Attn: Stephanie Hampton | Address _____ |
| 6651 Gate Parkway | _____ |
| | _____ |
| City Jacksonville | City _____ |
| State FL ZIP Code 32256 | State _____ ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone: (904) 431-4904 | Phone: _____ |
| Email: stephanie.hampton@mckesson.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$ 267,932.19

**Does this amount include interest or other charges?**

☐ No

☒ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Goods Sold/Services (Trade Claim)

---

**9. Is all or part of the claim secured?**

☐ No

☒ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☒ Other.  Describe:   All Assets

**Basis for perfection:**   UCC-1 Financing Statement

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)   _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☒ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $ 83,516.05

**Part 3:** Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Jeffrey K. Garfinkle*                                    10/16/2023 17:09:21

Signature                                                          Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Jeffrey K. Garfinkle

Address     18400 Von Karman Ave., Suite 800

City        Irvine

State       CA                                           Zip   92612

Country (in international)

Phone       (949) 224-6254

Email       jgarfinkle@buchalter.com

# ATTACHMENT TO PROOF OF CLAIM

McKesson Corporation, on behalf of itself and certain of its corporate affiliates ("McKesson") hereby submits this proof of claim ("Proof of Claim") against Mercy Services Iowa City, Inc. (the "Debtor"), debtor and debtor in possession in case number 23-00624 in the United States Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court"). McKesson's Claim (defined below) against Debtor is generally described as follows and based upon the following facts:

Basis for and Amount of Secured Claim

1.      Debtor and its Bankruptcy Petition.  On August 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

2.      McKesson.  McKesson is the world's largest healthcare company.  It supplies pharmaceutical, medical-surgical, and other medical supplies to many thousands of providers and suppliers.  It distributes these products throughout the United States and Canada.

3.      McKesson's Agreements with Debtor; Collateral.  On or about November 22, 2016, Debtor submitted a Customer Application (the "Application") to McKesson.  A copy of the Application is attached hereto as Exhibit A.  Pursuant to the Application, to secure timely and full payment and performance of all present and future obligations of Debtor to McKesson, Debtor granted to McKesson a security interest in all of Debtor's personal property, including without limitation all accounts, cash, chattel paper, deposit accounts, documents, equipment, general intangibles, goods, health care insurance receivables, instruments, inventory, investment property, letter of credit rights, and promissory notes, together with all attachments, replacements, substitutions, additions, accessions, and proceeds of the foregoing, whether then-owned or after-acquired (collectively, the "Collateral").  On June 27, 2016, McKesson perfected its security interest in the Collateral by filing a UCC-1 Financing Statement with the Secretary of State for Iowa, File No. X16018663-9 (the "Financing Statement").  A copy of the Financing Statement is attached hereto as Exhibit B.

4.      McKesson's Claim.  As set forth on the Proof of Claim and the attachments hereto, Debtor is indebted to McKesson in the aggregate amount of at least $267,932.19 (through the Petition Date), plus additional prepetition late fees and pre- and post-petition attorneys' fees and costs, in an amount yet to be fixed (the "Claim").

5.      Administrative Claim of McKesson.  McKesson is entitled to an administrative claim against the Debtor, in the amount of $83,516.05, which represents goods received by the Debtor in the 20 days immediately prior to the Petition Date and thus entitled to administrative priority under 11 U.S.C. § 503(b)(9) (the "McKesson 503(b)(9) Claim").  Exhibit C is a summary of invoices for the McKesson 503(b)(9) Claim.  To the extent the Debtors or their estate seeks to recover payments to McKesson as avoidable transfers for goods that would otherwise be entitled to administrative priority under 11 U.S.C. § 503(b)(9), McKesson reserves the right to amend their

administrative claims for such deliveries. McKesson is entitled to these administrative claims pursuant to section 503(b)(9) of the Bankruptcy Code.

6.    <u>Confidentiality</u>. McKesson's invoices and other documents substantiating its claim are confidential and voluminous (collectively, the "Supporting Documents"), and have previously been provided to Debtor.  Any other party in interest may request the Supporting Documents upon written request and reimbursement of costs to McKesson. Such written request should be sent to McKesson at the addresses listed in paragraph 7.  McKesson reserves the right to withhold the Supporting Documents from any requesting party in interest other than Debtor.

7.    <u>Distributions</u>.  Any distributions on account of this Proof of Claim should be directed as follows:

> McKesson Corporation
> 6651 Gate Parkway
> Jacksonville, FL 32256

8.    <u>Notices</u>.  All notices with respect to this Proof of Claim should be sent to:

> McKesson Corporation
> c/o Stephanie Hampton
> Legal Specialist, Bankruptcy, Credit & Collections
> 6651 Gate Parkway
> Jacksonville, FL 32256
> Phone:  (904) 431-4904
> Email:  stephanie.hampton@mckesson.com

With a copy to:

> Jeffrey K. Garfinkle
> Buchalter, P.C.
> 18400 Von Karman Ave., Suite 800
> Irvine, CA 92612
> E-mail:  jgarfinkle@buchalter.com

9.    <u>Reservation of Rights</u>.  In executing and filing this Proof of Claim, McKesson is not waiving any claim, action, or cause of action it may have against Debtor or any other entity or person, including the right to assert amounts different from the amounts set forth herein, nor is it waiving any defense, offset, recoupment, counter-claim or similar right or remedy it may now have or at any time have against Debtor or any other entity or person or with respect to any legal or equitable proceeding now existing or hereafter commenced.  McKesson reserves the right to amend or supplement this Proof of Claim in any respect including, but not limited to, the assertion, by proof of claim or other application to this Bankruptcy Court, for any amount that becomes due under any of the various agreements, pursuant to court order or otherwise, and continuing costs, fees and expenses (including legal fees and disbursements) arising in relation to the claims asserted

herein or any of the agreements and the assertion of an administrative expense priority and adequate protection for any such claim or claims.