# MCKESSON
*Empowering Healthcare*

McKesson Corporation and its Affiliated Companies (collectively referred to as "McKesson")
**TERMS AND CONDITIONS**

FAX TO: _____

CD03-S V.09-13

| | |
|---|---|
| Customer Legal Name: Mercy Services Iowa City, Inc dba Mercy Specialty Clinics, Medical Oncology | Customer DBA Name: Mercy Services Iowa City, Inc dba Mercy Specialty Clinics, Medical Oncology |
| Address: 613 E Bloomington Street, Suite 100 | City: Iowa City    State: IA    Zip: 52245 |

**CUSTOMER SET UP & AUTHORIZATION FOR ACH (electronic...)**

Bank Name: **Hills Bank**
Bank Address: **1401 S. Gilbert St**
City: Iowa City    State: IA    Zip: 52245

Bank Transit ABA#: _____
Bank Account #: _____
Bank Phone Number: **319-358-2226**

ACH preference: Check ONE: ☐ Direct Debit  ☐ Online Payment  **Check Payment**
Authorized Contact Name: **Kim Rossiter**
Email: **kimberley.rossiter@mercyic.org**

Statement-delivery preference: Check ONE: ☒ Email  ☐ Fax
Phone: 319-**339-3917**    Fax: **319-358-2794**
Alternate Contact Name/Phone: **Maureen Brookhart / maureen.brookhart@mercyic.org**

**************** IMPORTANT: Please attach a copy of a voided check ****************

Customer authorizes McKesson Corporation and its affiliates (collectively referred to as "McKesson") to initiate debit entries from Customer's account indicated above and Customer authorizes the financial institution named above (the "Institution"), to debit the same such account. Authority to initiate debit entries shall remain in full force and effect until McKesson and Institution have received written notice from Customer of its termination of such authorization. Customer understands that Customer has the legal right to stop payment of a debit entry by notification to Institution; provided, prior to such action, Customer shall give McKesson sufficient written notice to permit McKesson to take any necessary actions to avoid disruptions in payments from Customer.

Customer agrees to pay for all purchases, fees and other charges incurred by Customer or an authorized user on any account of Customer, including service charges on past due amounts at the highest rate permitted by law (including purchases shipped and/or billed to a third-party agent on behalf of Customer). Without limiting McKesson's other legal rights, McKesson may exercise a right of set-off against amounts due Customer from McKesson Corporation or any of its affiliates. McKesson reserves the right, in its sole discretion, to change a payment term (including imposing cash payment upon delivery), to limit total credit and/or to suspend or discontinue the shipment of any orders to Customer if McKesson concludes that (I) there has been a material change in the Customer's financial condition or payment performance or (II) Customer has ceased or is likely to cease to meet McKesson's credit requirements.

_Kelly Duvian_  _Kelly Duvian_  Office Manager / VP of Mercy Services  **11/22/16**
**AUTHORIZED SIGNATURE**    Print Name    Title    Date
(This section must be signed by a Corporate Officer, Partner, or Authorized Agent)

This section applies to all "MCKESSON SPECIALTY DISTRIBUTION LLC, MCKESSON SPECIALTY CARE DISTRIBUTION CORPORATION" accounts only

Please select one: ☐ 2 day cash payment terms: Invoices are due 2 days after Invoice date via ACH (Direct Debit Required)
☐ 15 day cash payment terms: Invoices are due 15 days after Invoice date via ACH
☐ 30 day cash payment terms: Invoices are due 30 days after Invoice date via ACH
☒ Other **Net 15 payable by check**

**Security Interest:** In order to secure timely and full payment and performance of all present and future obligations of Customer to McKesson Corporation and its affiliates (collectively referred to as "McKesson") (all collectively referred to as the "Obligations"), including, without limitation, all promissory notes, direct loans or sales on credit, Customer hereby grants to McKesson Corporation, for itself and as agent for its affiliates, a security interest in all of Customer's personal property, whether now owned and hereafter acquired, including, without limitation, all Accounts, Cash, Chattel Paper, Deposit Accounts, Documents, Equipment, General Intangibles, Goods, Health Care Insurance Receivables, Instruments, Inventory, Investment Property, Letter-of-Credit Rights and promissory notes, together with all attachments, replacements, substitutions, additions and accessions, and all Proceeds and products thereof and all books and records relating to any of the foregoing (collectively, the "Collateral"). Capitalized terms used herein that constitute Collateral shall have the meanings given to such terms under the California Uniform Commercial Code. All items of Collateral shall remain personal property and shall not become part of any real estate regardless of the manner of affixation. This security interest shall continue in effect irrespective of any retaking and redelivery of Collateral to Customer until all Obligations are fully paid in cash. The security interest granted hereby shall be deemed to constitute a purchase money security interest in any and all Collateral (including, without limitation, all Goods, Inventory and Equipment) purchased by Customer either directly from McKesson (thereby securing payment of the purchase price) or from a third party using proceeds of loans or advances made by McKesson (thereby securing repayment of such loans or advances). Customer authorizes McKesson to send notices to any other persons claiming a security interest in any of the Collateral. By its signature below, Customer acknowledges that McKesson shall file a UCC-1 financing statement with the applicable state agency in order to perfect the security interest granted hereby.

_Kelly Duvian_  _Kelly Duvian_  Vice President of Mercy Services  **11/22/16**
**AUTHORIZED SIGNATURE**    Print Name    Title    Date
(This section must be signed by a Corporate Officer, Partner, or Authorized Agent)

**Guaranty:** The undersigned (individually or collectively, the "Guarantor") hereby jointly and severally guarantees to McKesson Corporation and its affiliates (collectively referred to as "McKesson") that Customer will fully and promptly perform and pay all its present and future obligations to McKesson, whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, matured or unmatured, and whether originally contracted with McKesson or otherwise acquired by McKesson. This guaranty applies to all of Customer's obligations to McKesson, even if such obligations are invalid or unenforceable against Customer for any reason and even if any security for such obligations is insufficient, invalid, unenforceable or not perfected. This guaranty is an absolute and unconditional guaranty of payment. It is a continuing guaranty and covers any future extensions of credit by McKesson to Customer. This guaranty is a guaranty of payment when due and not merely of collectability after judgment or other action against Customer.

McKesson may at any time, without Guarantor's consent, without notice to Guarantor and without affecting or impairing Guarantor's obligations under this guaranty, do any of the following: (I) renew, modify (including any increase or decrease in the rate of interest), or extend any obligations of Customer, of co-guarantors (whether hereunder or under a separate agreement) or of any other party at any time directly or contingently liable for the payment of any of Customer's obligations; (II) enter into additional extensions of credit to Customer; (III) accept partial payments of Customer's obligations; (IV) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate any of Customer's obligations and the security therefore in any manner; (V) consent to the transfer of security; or (VI) bid and purchase at any sale of security. Guarantor agrees, without McKesson first having to proceed against Customer or any security held by McKesson, to pay on demand (I) all sums due and to become due to McKesson from Customer and (II) all losses, costs, attorney's fees or expenses which may be suffered by McKesson by reason of Customer's default on its obligations or Guarantor's default under this guaranty. Guarantor agrees to pay on demand any deficiency resulting from a sale of security held by McKesson even if the sale is made without notice to Guarantor. Guarantor's obligations under this guaranty are independent of and separate from the obligations of Customer. Upon the occurrence and during the continuance of any default by Customer, McKesson can sue any Guarantor separately from Customer, whether or not McKesson sues Customer in such lawsuit and whether or not McKesson sues Customer in a separate lawsuit. If McKesson elects to proceed with any course of action under this guaranty or against Customer, that election shall not preclude McKesson from taking any other course of action. This guaranty shall not be affected by any termination or change in the relationship between Guarantor and Customer. Guarantor assumes all responsibility for keeping informed of (I) Customer's financial condition and assets, (II) all other circumstances bearing upon the risk of nonpayment of Customer's obligations to McKesson and (III) the nature, scope and extent of the risks which Guarantor assumes and incurs under this guaranty. Guarantor agrees that McKesson shall have no duty to advise Guarantor of information known to McKesson regarding such circumstances or risks. Guarantor waives (I) notice of McKesson's acceptance of this guaranty, (II) presentment, demand, protest and notice of non-payment or protest as to any note or obligation signed, accepted, endorsed or assigned to McKesson by Customer, (III) any other demands and notices required by law and (IV) all set-offs and counterclaims.

Name: _____  Home Address: _____  City: Iowa City  State: IA  Zip: 52245
**Guarantor Signature:** _____  Date: _____  SSN#: _____
(This section must be signed by an owner/principal)

Name: **Kelly Duvian**  Home Address: _____  City: _____  State: ___  Zip: _____
**Guarantor Signature:** _Kelly Duvian_  Date: **11/23/16**  SSN#: _____
(This section must be signed by an owner/principal)

2