UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br><br>**MERCY HOSPITAL, IOWA CITY, IOWA , *et al.*** <br><br>Debtor-In-Possession. | Case No. 23-00623<br><br>Chapter 11<br><br>Jointly Administered<br><br>**OBJECTION TO DEBTOR'S LIST OF CONTRACTS POTENTIALLY AVAILABLE FOR ASSUMPTION** |

COMES NOW Steindler Orthopedic Clinic, PLC and Steindler North Liberty Ambulatory Surgery Center, LLC, by and through their attorney, and in support of its Objection states as follows:

1. Prior to the commencement of their respective Chapter 11 proceedings, the Debtors, and primarily Mercy Hospital, Iowa City, Iowa, ("Mercy") entered into certain contracts or agreements with both Steindler Orthopedic Clinic PLC ("Steindler Ortho") and Steindler North Liberty Ambulatory Surgery Center, LLC ("SNLASC") (Steindler Ortho and SNLASC are at times jointly referred to hereinafter as "Steindler").

2. On September 20, 2023, and in conjunction with the Assumption and Sale Procedures outlined in the Debtors' Sale Motion (Docket No. 58), the Debtors filed a Notice and Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Costs (Doc. #265), identifying therein a listing of Potential Assumed Contract List that are agreements or contracts that the Debtors believe can be assumed and potentially assigned to a successful bidder under the Debtors Sale Motion and related Bidding Procedures Order

(Docket No. 222).

3. Among the agreements listed by the Debtors on the Potential Assumed Contracts List are thirteen (13) separate agreements listed as concerning Steindler Ortho as the contract counter party (entries numbers 1197-1209 on the Debtors' Listing). Each of the contracts listed concerning Steindler Ortho are generically identified as "Service Agreements".

4. Upon information and belief, and based on an email communication from Debtors' counsel on September 25, 2023, Steindler understands that the Debtors' listing of agreements or contracts with Steindler as a counter party concern the following twelve (12) agreements:

| Item No.* | Name of Document/Date | Parties to Document | General Description |
|---|---|---|---|
| 1 | Purchase Agreement/April 2022 | Physicians Building Group and Crown Medrealty Partners Inc, and Mercy as a consenting party | Sale of building that Steindler Ortho currently leases space in. Sale of building completed, no further performance required of contract parties. |
| 2 | Letter of Intent- Crown MedRealty Partners/February 22, 2022 | Physicians Building Group and Crown MedRealty Partners | Relates to Item #1- purchase agreement. |
| 3 | Management Services Agt./February 1, 2022 | Steindler Ortho and Mercy | Management Services Agt. concerning Steindler Ortho's mgt. of Mercy's Orthopedic Service Line for 3 3-year period from 2022-2025, with renewal provisions. |
| 4 | Management Agt. Metrics for FY22/June 15, 2022 | Steindler Ortho and Mercy | Related to Item #2- metrics for Performance Fee under Mgt. Services Agt. |
| 5 | Memorandum of Understanding Regarding Medical Office Building/February 1, 2022 | Steindler Ortho, SNLASC, Mercy and Physicians Building Group, LLC | Agt. regarding Mercy assuming medical office space leased by Steindler Ortho from Physicians Building Group when the SNLASC facility is operational |
| 6 | Exhibit A to MOU | See parties identified in Item #4 above | Appraisal Report appended to the MOU (Item #4). |
| 7 | First Amendment to MOU/March 7, 2022 | See parties identified in Item #4 above | Amendment making specified revisions to MOU (Item #4) |
| 8 | Second Amendment to Letter of Commitment/March 11, 2022 | Steindler Ortho, SNLASC and Mercy | Amends a Letter of Commitment dated December 8, 2021, regarding the parties agreement as to finalizing a land purchase agreement and development agreement pertaining to the SNLASC facility to be constructed in North Liberty, Iowa |

| 9 | Territorial Agreement Regarding Additional Ambulatory Surgery Centers/Feb 1 2022 | Steindler Ortho, SNLASC and Mercy | Agreement concerning the parties support of the SNLASC facility to be developed in North Liberty and as to future ASC in the defined territory |
| 10. | Membership Unit Option Agreement/February 1, 2022 | SNLASC, Mercy and Dr. Taylor Dennison as member of SNLASC | Concerns agreement under which Mercy has option to purchase interest in SNLASC in certain circumstances |
| 11 | Capital Committee Approval (December 22, 2021 | Mercy Capital Committee Members | Historical document evidencing purchase of materials and supplies from various vendors listed to accommodate orthopedic procedures to be performed at Mercy's facility- not an ongoing agreement between parties, no further performance required. |
| 12 | Valuation Engagement Agreement/October 31, 2022 | Mercy (through its attorney Dentons Davis Brown) and VMG Holdings, LLC | Agt. by which VMG was to provide Mercy with a fair market value assessment of the value of Steindler Ortho services as manager of Mercy's orthopedics service line. Not an agreement between Mercy and Steindler, and not ongoing between the parties- assessment was performed. |

*Item Numbers are for the convenience of referring to documents identified and do not correlate to the Debtors' listing and numbered items.*

5. Not included in the listing and copies of documents provided by Debtors' counsel to the undersigned on September 25, 2023, is the following agreement, which relates to the Letter of Understanding identified as Item # 8 above:

| Item No.* | Name of Document/Date | Parties to Document | General Description |
|---|---|---|---|
| 13 | Outpatient Surgery Development Agreement | Steindler Ortho, SNLASC, Physicians Building Group, LLC and Mercy. | Concerns Mercy's development of a hospital based outpatient surgical department on land owned by Physicians Building Group, LLC in North Liberty, and adjacent to the ASC that SNLASC is developing |

6. Utilizing the numbering scheme of paragraphs 4 and 5, the following groupings of documents can be made:

   a. Documents 1 and 2 concern Crown MedRealty's purchase of the medical office building in which Steindler Ortho occupies space as a lessee that Mercy has agreed to take over for Steindler Ortho upon completion of the clinic that Steindler is

developing in North Liberty. As the purchase of the building was completed in the spring of 2022, no performance remains under the purchase agreements by the parties thereto. Mercy was merely a consenting party to the purchase of the building. As such, the agreements are entirely performed, do not concern Mercy's obligation to perform obligations or receive benefits, and are not "executory contracts" of the estate.

Documents 1 and 2 are jointly referred to hereinafter as the "**Crown MedRealty Agreements.**"

b. Documents 3, 4, and 12 concern the Management Services Agreement between Steindler Ortho and Mercy, whereby Steindler Ortho manages the orthopedic services at Mercys' hospital facility for Mercy. Document 12 merely appraises the fair market value of the services to be offered by Steindler Ortho to Mercy under the Management Services Agreement. It is not an executory contract between the parties.

Documents 3 and 4 are jointly referred to hereinafter as the "**Management Services Agreement.**"

c. Documents 5, 6, and 7 concern a Memorandum of Understanding regarding Mercy and Steindler's agreement, along with Physicians Building Group, LLC, for the parties to enter into the Development Agreement (Item #13). Since the parties have entered into the Development Agreement (Document #13), the MOU-related agreements (Documents 5, 6, and 7) are fully performed and are now moot.

Documents 5, 6, and 7 are collectively referenced hereinafter as the "**MOU Agreement.**

d. Document 11 merely evidences the approval of the Capital Committee at Mercy of certain expenditures for supplies and services of orthopedic procedures performed by Steindler at Mercy. It does not constitute an ongoing agreement between Steindler.

   Document 11 is referred to hereinafter as the "**Capital Committee Expenditure Approval.**"

  e. Documents 8, 9, 10, and 13 concern various aspects of an agreement between Mercy and Steindler regarding Steindler's development of an ambulatory surgical center in North Liberty, Iowa, and Mercys' support of that ASC and possible involvement in taking over space currently leased by Steindler and receiving an option to purchase a minority stake in the ASC if Mercy performs under the lease takeover agreement. Documents 8, 9,10, and 13 are collectively called the "**North Liberty ASC Agreements.**"

7. As described above, the following documents are **NOT** executory agreements and are not agreements that can either be assumed or rejected by Mercy as a debtor-in-possession according to 11 U.S.C. §365(a):

  a. the **CrownMed Realty Agreements** (Documents #1 and 2);
  b. the **MOU Agreement** (Documents #5, 6 and 7);
  c. **Capital Committee Expenditure Approval** (Document 11).

8. The following groups of documents constitute executory agreements under 11 U.S.C. §365:

  a. **The Management Services Agreement** (Documents 3 and 4);
  b. **The North Liberty ASC Agreements** (Documents 8,9,10 and 13).

The assumption and possible assignment of each of the foregoing Agreements that do constitute executory contracts will be addressed separately below:

## MANAGEMENT SERVICES AGREEMENT

9. The Management Services Agreement (Documents 3 and 4) concern hospital operations at the hospital facility that Mercy owns, operates, and intends to sell to the successful purchaser according to the bidding procedures approved by the Court. As such, Mercy can assume and

assign the Management Services Agreement between Mercy and Steindler, provided Mercy cures the existing pre-petition default.

10. As of the filing date, the pre-petition payment default by Mercy pertaining to the Management Services Agreement was $254,719.54, consisting of the following amounts:

    a. Monthly management fees for July 2023:         $33,333.00;
    b. Performance Fee for the year ending June 30, 2023:    $214,935.00
    c. Monthly management fees for Aug. 1-6, 2023:     $6,451.54 -6 days @$1075.25
                                                       **Total Claim: $254,719.54**

11. Since the commencement of this Chapter 11 proceeding, Mercy has not paid Steindler the monthly management fees owing for July 2023 in the amount of $33,333.00 or the pre-petition monthly management fees in the amount of $6451.54 for the pre-petition period of August 1-6, 2023. Mercy also owes Steindler $214,935.00 as the performance fee earned by Steindler under the Management Services Agreement for the contract year ending June 30, 2023.* Accordingly, any assumption of the Management Services Agreement cannot occur until Mercy or its assignee cures the existing default arising under the Management Services Agreement.

    *Steindler continues to perform under the Management Services Agreement and will be owed its monthly service fee of $33,333.00 for each month it provides services. The fee for October 2023, will not be due to Steindler until November 20, 2023.*

12. Steindler objects to any assumption and assignment of the Management Services Agreement until all fees and expenses owing to Steindler under the Agreement concerned are paid in full.

## NORTH LIBERTY AMBULATORY SURGICAL CENTER AGREEMENTS

13. Unlike the Management Services Agreement, the North Liberty ASC Agreements do not concern Mercy's operation of its hospital facility and the assets being sold by Mercy to the successful bidder but rather concern agreements about Mercys' contingent involvement and participation in an ambulatory surgical center that Steindler is developing in the North Liberty, Iowa community.

14. The North Liberty ASC Agreements concern different aspects of a single transaction: the arrangement by which Mercy was to be allowed an opportunity to create a springing option to participate in Steindler's North Liberty ambulatory surgical center ("ASC") ownership in return for its agreement to assume Steindler's lease at its Northgate address when it was ready to move into its new clinic in North Liberty. As components of an umbrella agreement or transaction, the North Liberty ASC Agreements shall be treated as a singular agreement for purposes of rejection or acceptance under 11 U.S.C.§365(a), and Mercy should not be allowed to 'cherry-pick' and attempt to assume some component of the arrangement without also assuming the other components.

15. Moreover, given the nature of the North Liberty ASC Agreements and the development project they concern, the North Liberty ASC Agreements each restrict the ability of Mercy to assign the agreements to any third party without Steindler's consent and prohibit any such assignment that Steindler does not consent to.

16. Given the nature of the North Liberty ASC Agreements and the need for Steindler to approve of any parties that may participate with it in the development or operation of the ambulatory surgical center, Steindler must retain the right to approve any potential assignment of the North Liberty ASC Agreements by Mercy to any purchaser of its hospital facility.

17. Under basic tenants of contract law, Steindler has the right to enforce the prohibition against the assignment of the North Liberty ASC Agreements by Mercy without Steindler's consent, as the agreements concern the future development, operation, and ownership of an ambulatory surgical center. Steindler's' ability to decide which entities are allowed to join in that development is a fundamental term of the North Liberty ASC Agreements that Steindler relied upon in agreeing to enter into such Agreements. Mercy should not be allowed to use the bankruptcy filing to attempt to dictate to Steindler that other entities may have an opportunity to interject themselves into Steindler's ambulatory surgical center's development and operation. This is of particular importance because in June of 2022, Steindler was approached by Mercy and its representatives, who provided Steindler with "UIHC Requirements and Mitigating Alternatives" and stipulated that UIHC's offer to acquire Mercy would fail if Steindler would not alter the North Liberty Ambulatory Surgery Center Agreements, including modifying the restrictive covenants in the North Liberty Ambulatory Surgery agreements and agreeing to grant 51% ownership of Steindler's North Liberty ASC to UIHC.

18. Steindler objects to any assumption of the North Liberty ASC Agreements when Mercy ceases operations. The territorial agreement language and restrictive covenants were designed to provide Steindler with protections in the marketplace. The very intent of the agreement would fail if the agreements were assumed by the type of competitor for which the agreements were designed. For example, the restrictive covenants, which Mercy said was necessary for UIHC to close the widely publicized $605M offer for Mercy, were intentionally drafted to protect Steindler from competition.

WHEREFORE, Steindler prays that its Objection to the Notice of Assumption and

Assignment of Executory Contracts or unexpired Leases and Cure Costs be sustained by the Court for cause, as asserted herein, as the same applies to any executory contract deemed to be in place between Steindler and its affiliates and Mercy, and specifically, that:

a. Any assumption of the Management Services Agreement be conditioned upon the payment in full of the cure amounts identified in Paragraph 12 of this Objection and

b. Any assumption of the North Liberty ASC Agreements is conditioned upon :

   i. The North Liberty ASC Agreements are treated as one umbrella agreement by Mercy as a debtor-in-possession and
   ii. that any assignment by Mercy of the North Liberty ASC Agreements be conditioned upon Steindler's approval and consent of the assignment to the proposed assignee;

and for all other relief deemed just and equitable on the premises.

Dated this 3rd day of November 2023.

                                                                                 */s/ Terry L. Gibson*
Terry L. Gibson            AT0002903
WANDRO & ASSOCIATES, P.C.
2015 Grand Avenue, Suite 102
Des Moines, Iowa 50312
Telephone:   515/717-7455
Facsimile:    515/608-4645
tgibson@wandrolaw.com
**COUNSEL TO STEINDLER ORTHOPEDIC CLINIC, PLC and STEINDLER NORTH LIBERTY AMBULATORY SURGERY CENTER, LLC**

**Certificate of Service**

The document was served electronically on parties who receive electronic notice through the CM/ECF as listed on CM/ECF's notice of electronic filing.

Dated this 3rd day of November 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Terry L. Gibson*
　　　　　　　　　　　　　　　　　　　　　　　　　Terry L. Gibson