UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors | Chapter  11<br><br>Bankruptcy No.  23-00623 (TJC)<br><br>Jointly Administered |

### ORDER ON MOTION TO ESTABLISH OFFICIAL COMMITTEE OF PENSIONERS

The matter before the Court is the Mercy Pensioners Ad Hoc Committee's Motion to Establish Official Committee of Pensioners Under 11 U.S.C. § 1102 (a)(2) (Doc. 385). The Court held a hearing in this matter on October 27, 2023, via telephone. The Court heard arguments and took the matter under advisement upon the papers submitted. Creditors J. Nicholas Russo, Nancy Russo, Brent Strabala, and Margaret Halverson and Steindler Orthopedic Clinic P.L.C. filed statements in support of the Pensioner Committee (Docs. 394 and 409, respectively) while the Official Committee of Unsecured Creditors filed an objection (Doc. 415).

For the following reasons, the Court overrules the Official Committee of Unsecured Creditors' objection and orders the United States Trustee to appoint an Official Committee of Mercy Pensioners.

Section 1102 of the Bankruptcy Code authorizes bankruptcy courts to appoint additional creditors' committees "if necessary to assure adequate representation of creditors or of equity security holders." The party seeking the appointment of an additional committee bears the burden of proving it is not adequately represented. In re Agway, Inc., 297 B.R. 371, 374 (Bankr. N.D.N.Y. 2003). The analysis is "without question to be determined on a case by case basis." In re Enron Corp., 279

B.R. 671, 685 (Bankr. S.D.N.Y. 2002). This Court finds many facts of this case relevant to its decision here, including those outlined in the statements of support at Docs. 394 and 409. The Court will also highlight the fact that the United States Trustee took no position here, in contrast to the case relied on by the Official Committee of Unsecured Creditors: In re Winn-Dixie Stores, Inc., 326 B.R. 853 (Bankr. M.D. Fla. 2005). Further, the unique position of the Pensioners in this case prompted even other creditors to be in support of such a committee appointment. Finally, the Court finds that their interests are not adequately represented by the Official Committee of Unsecured Creditors. The members of the Ad Hoc Committee are primarily retirees who are on fixed incomes. A change in that income through this bankruptcy proceeding could be devastating. The gravity of these consequences and the fact the Official Committee of Unsecured Creditors has had little to no interaction with them weighs heavily in favor of the appointment.

IT IS HEREBY ORDERED that the United States Trustee is to appoint an Official Pensioner Committee pursuant to 11 U.S.C. § 1102 (a)(2).

Ordered:
November 3, 2023

Thad J. Collins
Chief Bankruptcy Judge