IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA,<br>et al.,<br><br>Debtors. | Case No. 23-00623<br>(Jointly Administered)<br><br>Chapter 11 |

**RESERVATION OF RIGHTS OF JOHNSON COUNTY SURGEON INVESTORS, LLC
AND IOWA CITY AMBULATORY SURGICAL CENTER, LLC
TO MOTION FOR SALE OF ASSETS, SPECIFIC TO APPROVAL
OF THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Johnson County Surgeon Investors, LLC ("JCSI") and Iowa City Ambulatory Surgical Center, LLC ("ICASC," and with JCSI, the "JV Parties") hereby submit this reservation of rights with respect to those specific provisions of the *Debtors' Motion for Entry of Order Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and Granting Related Relief* [Docket No. 58] (the "Sale Motion") that purport to authorize the assumption and assignment of any executory agreements between Debtor Mercy Hospital, Iowa City, Iowa (the "Debtor" and together with Mercy Services Iowa City, Inc. and Mercy Iowa City ACO, LLC, the "Debtors") and the JV Parties, and respectfully state as follows[1]

1. JCSI and the Debtor are joint venture partners, having entered into that certain Amended & Restated Operating Agreement of Iowa City Ambulatory Surgical Center, LLC ("ICASC") entered into and effective as of March 6, 2022 (the "Operating Agreement"), which amended and restated the original operating agreement effective January 3, 2007. Pursuant to

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Sale Motion.

1

the Operating Agreement, both parties' status as Members derived from their ownership of the membership interests each of these parties hold in ICASC (the "Membership Interests").

2. ICASC is a multi-specialty, state of the art surgical facility providing quality outpatient surgical services. ICASC was established in 2008 and currently performs approximately 7,000 surgical procedures per year.

3. As joint venture partner Members in ICASC and counterparties to the Operating Agreement and certain related ancillary agreements, the Debtor and JCSI owe a number of duties to each other and to ICASC and have agreed to certain affirmative or negative covenants, including, but not limited to, on-going certification requirements, governance requirements, and competition-related covenants. Certain of these obligations are owed from the Debtor to the JCSI, while certain other obligations are owed by the Debtor and JCSI to ICASC.

4. Under the Operating Agreement, the Debtor and JCSI agreed to certain restrictions on the transferability of Membership Interests. Most notably, "no Member may sell, transfer or assign the whole or any part of his, her, or its Units, or any financial, governance or other rights pertaining thereto, without obtaining the consent of the Board of Managers." *Operating Agreement at § 13.2.*

5. On August 9, 2023, the Debtors filed the Sale Motion and attached thereto that certain Asset Purchase Agreement, dated as of August 7, 2023 [Docket No. 58-2] (the "Stalking Horse Agreement").

6. Section 2.2 of the Stalking Horse Agreement stated that the assets to be purchased pursuant to that agreement "specifically exclude the following assets, rights, business, claims, or properties of Sellers (collectively, the "*Excluded Assets*"):

    a. . . .

    k. except as set forth in Section 2.1(p), any membership interest, capital stock, interest as a non-profit corporate member, partnership interest, limited liability company interest, or other equity or ownership interest held by any Seller in any other Person, including, for the avoidance of doubt, (i) Mercy Hospital's interest as the sole corporate member of Mercy Hospital Foundation, an Iowa non-profit corporation ("***Mercy Foundation***"); (ii) Mercy Hospital's interest as the sole member of MIC ACO; (iii) Mercy Hospital's capital stock in Mercy Services; **(iv) Mercy Hospital's membership interest in Iowa City Ambulatory Surgical Center, L.L.C., an Iowa limited liability company;** (v) Mercy Hospital's membership interest in Eastern Iowa Rehabilitation Hospital, LLC, an Iowa limited liability company; (vi) Mercy Services' membership interest in Progressive Rehabilitation Associates, L.L.C., an Iowa limited liability company; and (vii) Mercy Services' membership interest in Melrose Retirement Community, L.L.C., an Iowa limited liability company. (emphasis added).

    l. . . .

*See Sale Motion at Ex. B, p. 13.*

7. The Proposed Sale Order that the Debtors filed on November 2, 2023 [Docket No. 441-1] includes reference to the revised Asset Purchase Agreement as <u>Exhibit A</u> to that agreement (the "<u>Revised APA</u>"); however, the Revised APA was not filed with the Proposed Sale Order. The JV Parties are proceeding under the presupposition that Section 2.2(k) of the Revised APA is substantially similar to the Stalking Horse Agreement and the Debtor's Membership Interests in ICASC remain Excluded Assets (as defined in the Revised APA).

8. Despite the clear statement that the Debtor's ICASC Membership Interests were not being conveyed to a Purchaser as part of the Debtors' proposed sale, all of the agreements relating to the Debtor's position as Member of ICASC, and which create the rights and obligations of the Debtor between and among JCSI and ICASC (collectively, the "<u>ICASC Agreements</u>") were included on the *Notice of Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Cost* filed on September 20, 2023 [Docket No. 265] ("<u>Executory Contract Notice</u>"):

3

US.360369440.03

| No | COUNTER PARTY | CONTRACT CLASSIFICATION | CONTRACT TITLE | Cure |
|---|---|---|---|---|
| 574 | IOWA CITY AMBULATORY SURGICAL CENTER LLC | SERVICE AGREEMENT | PROFESSIONAL SERVICES AGREEMENT | - |
| 575 | IOWA CITY AMBULATORY SURGICAL CENTER LLC | SERVICE AGREEMENT | MEMBERSHIP INTERESTS ADJUSTMENT AGREEMENT AND NON-COMPETITION COVEN. | - |
| 576 | IOWA CITY AMBULATORY SURGICAL CENTER LLC | LEGAL | RELEASE AND WAIVER OF CLAIMS DTD 3/6/2022 | - |
| 577 | IOWA CITY AMBULATORY SURGICAL CTR LLC | SERVICE AGREEMENT | MEMORANDUM OF UNDERSTANDING | - |
| . . . | | | | |
| 628 | JOHNSON COUNTY SURGEON INVESTORS LLC | THIRD PARTY SERVICE AGREEMENT | OPERATING AGREEMENT 1/3/2007 | - |
| 629 | JOHNSON COUNTY SURGEON INVESTORS LLC | THIRD PARTY SERVICE AGREEMENT | EXHIBIT A - FORM OF JCSI PHYSICIAN NON-COMPETITION AGREEMENT | - |
| 630 | JOHNSON COUNTY SURGEON INVESTORS LLC | THIRD PARTY SERVICE AGREEMENT | AMENDED AND RESTATED OPERATING AGREEMENT | - |
| 631 | JOHNSON COUNTY SURGEON INVESTORS LLC | SERVICE AGREEMENT | MEMERSHIP INTERESTS ADJUSTMENT AGREEMENT AND NON-COMPETITION COVEN. | - |
| 632 | JOHNSON COUNTY SURGEON INVESTORS LLC | SERVICE AGREEMENT | WRITTEN CONSENT OF THE MEMBERSHIP | - |
| 633 | JOHNSON COUNTY SURGEON INVESTORS LLC | SERVICE AGREEMENT | AMENDED AND RESTATED OPERATING AGREEMENT | - |

*See Executory Contract Notice at pp. 12 & 13.*

    9. Though it is axiomatic that a party could not both retain its membership interests in a limited liability company and assign all rights and obligations related thereto to a third party, on October 3, 2023, counsel to the JV Parties informally contacted counsel to the Debtors by email to seek confirmation, and received such confirmation by return email, that the Debtor's ICASC Membership Interests were not being conveyed as part of the Proposed Sale.

    10. The JV Parties believed that a revised Executory Contract Notice would be filed before any Sale Hearing that would, among other things, remove the ICASC Agreements, though admittedly counsel to the Debtors did not represent whether or not such a notice would be filed.

    11. In light of the upcoming Sale Hearing occuring on November 6, 2023 and the JV Parties' ambiguity as to whether the email exchange that occurred on October 3, 2023 constitutes an "Objection" as defined in paragraph T of the Proposed Sale Order, the JV Parties felt compelled to file this Reservation of Rights.

    12. THEREFORE, in the event that the Purchaser attempts to take assignment of any or all of the ICASC Agreements and to the extent that the JV Parties have not already been granted (pursuant to paragraph 21 of the Proposed Sale Order) the right to have until January 12, 2024 to file a formal Contract Objection (as defined in the Proposed Sale Order), the JV Parties hereby reserve all rights in connection therewith, including, but not limited to, (i) to contest that one or more of the ICASC Agreements are not executory contracts and can therefore not be assumed and assigned by the Debtor and Purchaser according to 11 U.S.C. §365; (ii) that any

attempted assumption and assignment of the ICASC Agreements is violative of the Proposed Sale Order (as granted) as such order approves and incorporates the Revised APA which explicitly excludes the purchase of the ICASC Membership Interests, (iii) to assert that the Debtor's and Purchaser's attempted assumption and assignment of the ICASC Membership Interests according to 11 U.S.C. §365 is improper as the Debtor is required to seek such transfer pursuant to 11 U.S.C. §363 and has failed to meet the necessary requirements, including, but not limited to, 11 U.S.C. §363(f)(1) and (2); and (iv) to assert such other arguments as appropriate and germane to those set forth herein.

Dated: November 3, 2023

        Respectfully submitted,

        */s/ Michael T. Gustafson*
        Michael T. Gustafson (*Admitted pro hac vice*)
        FAEGRE DRINKER BIDDLE & REATH LLP
        320 S. Canal Street, Suite 3300
        Chicago, IL 60606
        Phone: (312) 569-1000
        Fax: (312) 569-3000
        Email: mike.gustafson@faegredrinker.com

        Jesse Linebaugh, (AT0004744)
        *jesse.linebaugh@faegredrinker.com*
        801 Grand Avenue, 33rd Floor
        Des Moines, Iowa 50309-8003
        Telephone: (515) 248-9000
        Facsimile: (515) 248-9010

        *Counsel to Johnson County Surgeon Investors, LLC*
        *and Iowa City Ambulatory Surgical Center LLC*

## Certificate of Service

       The undersigned certifies, under penalty of perjury, that on this 3rd day of November, 2023, the foregoing document was electronically filed with the Clerk of Bankruptcy Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

                                */s/ Michael T. Gustafson*