**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: <br><br> MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-00623 (TJC) <br><br> Jointly Administered |

## NOTICE AND INITIAL REPORT ON POTENTIAL ACTIONS OR PROCEEDINGS

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby respectfully submit this Notice and Initial Report on Potential Actions or Proceedings as the Court required in its Order at Docket No. 93:

1. The Debtors filed the above-captioned chapter 11 cases on August 7, 2023 (the "Petition Date").

2. The Court has ordered the Debtors within 90 days after the filing of the petition to "file a report with the court which identifies and describes potential actions or proceedings which might be filed under 11 U.S.C. 544, 545, 547, 548, and 553." Docket No. 93. The Court has ordered the report to include: "(1) each claim under the foregoing subsections which Debtor believes may be a colorable claim, (2) the entity or entities against whom the claim has been or could be brought, (3) whether the claim previously has been compromised, (4) whether an action or proceeding has been commenced on the claim, (5) the status of any proceedings which have been commenced, and (6) the plan for bringing actions or proceedings on the claim" and "[t]he report must include any claims that Debtor may have or may have had against any insider of Debtor." *Id.*

3.     In addition to this filing, Debtors filed their Statement of Financial Affairs, including their list of potential claims against third parties and list of payments to creditors within 90 days, and their Original Schedules on August 21 and 22, 2023.

4.     The Debtors' current approach regarding initiating action or proceeds on the claims is to seek approval and closure on the sale of substantially all of the Debtors' Assets to the Winning Bidder at Auction (see Docket Nos. 352, 420), and timely file and confirm a liquidating plan that assigns the assets and actions (which may include actions under 11 U.S.C. 544, 545, 547, 548, and 553 "Avoidance Actions") to a liquidating trust for the benefit of unsecured claimants or other constituents as may develop through investigation and due diligence.

5.     To date, the Debtors have not initiated nor compromised any potential Avoidance Actions as defined herein and do not intend to do so before confirmation of a Chapter 11 Plan. However, Debtors' investigation into potential Avoidance Actions and defenses is ongoing and Debtors reserve their right to amend the lists and amounts herein and to assign or assert actions and claims for the benefit of Debtors' estates as investigation continues and as such actions may develop. The Debtors' exclusion of any claim or causes of action herein shall not act as a waiver, compromise, or release of such claim.

6.     Creditors and potential defendants may have further defenses such as reasonably equivalent new value, contemporaneous exchange, ordinary course or other defenses to these actions which have not been fully reviewed or analyzed.  Therefore, the presence or absence of a possible party, defense, or amount from this report is not a final statement of the Debtors' opinion of a particular applicability of a defense or presence or absence of any element of a claim.

7.     Pursuant to the Court's Order, and after conducting an initial analysis, the Debtors provide their initial list of colorable claims and defendants as follows:

a. Under 11 U.S.C. section 545 for statutory liens, the Debtors attached **Exhibit 1** as the list of potentially relevant claims as of September 1, 2023, which were identified from title reports. Additionally, the Debtors are awaiting title commitments on their real estate assets, which will provide an updated lien status for each parcel Debtors own.

b. Under 11 U.S.C. section 547(b) for payments made over $25,000 by the Debtors within 90 days of the Petition Date as **Exhibit 2**. Debtors created Exhibit 2 by reviewing Debtors' books and records to locate payments made within 90 days of the Petition Date, and removing payments for which Debtors currently believe there is no colorable claim under section 547(b). For example, Debtors have removed payments they believe were made in the ordinary course of Debtors' business or made in exchange for a reasonably equivalent value.

c. Under 11 U.S.C. § 548 for payments made by the Debtors within 2 years of the Petition Date as **Exhibit 3**. Debtors created Exhibit 3 by reviewing Debtors' books and records to locate payments the Debtors made over $100,000.00 within the two years prior to the Petition Date, and removing payments for which Debtors currently believe there is no colorable fraudulent transfer claim. For example, Debtors have removed payments they believe were made in the ordinary course of Debtors' business or made in exchange for a reasonably equivalent value.

d. Additionally, under 11 U.S.C. section 548, the Debtors have identified the following payments or other transfers of property made within 2 years before filing this case that benefited any insider:

   i. Scott Alderman

      ii. Judy Andronowitz

      iii. Dawna Miller

e. Under 11 U.S.C. section 553 for setoff rights of creditors, other than listed on the Debtors' schedules and statements (as amended), the Debtors continue their investigation and analysis of creditors' setoff rights through its books and records and creditors' proofs of claims.

Dated this 3rd day of November, 2023.

    Respectfully Submitted,

    */s/ Roy Leaf*
    **NYEMASTER GOODE, P.C.**
    Roy Leaf, AT0014486
    625 First Street SE, Suite 400
    Cedar Rapids, IA 52401-2030
    Telephone:  (319) 286-7002
    Facsimile:  (319) 286-7050
    Email:  rleaf@nyemaster.com

    - and -

    */s/ Kristina M. Stanger*
    Kristina M. Stanger, AT0000255
    Matthew A. McGuire, AT0011932
    Dana Hempy, AT0014934
    700 Walnut, Suite 1600
    Des Moines, IA 50309
    Telephone: 515-645-5510
    Fax: 515-283-8045
    Email: mmcguire@nyemaster.com
          kmstanger@nyemaster.com
          dhempy@nyemaster.com

    - and-

    **MCDERMOTT WILL & EMERY LLP**
    Felicia Gerber Perlman (admitted *pro hac vice*)
    Daniel M. Simon (admitted *pro hac vice*)
    Emily C. Keil (admitted *pro hac vice*)

        444 West Lake Street, Suite 4000
        Chicago, Illinois 60606
        Telephone:   (312) 372-2000
        Facsimile:    (312) 984-7700
        Email:          fperlman@mwe.com
                            dsimon@mwe.com
                            ekeil@mwe.com

        - and -

        Jack G. Haake (admitted *pro hac vice*)
        2501 North Harwood Street, Suite 1900
        Dallas, TX 75201
        Telephone:   (214) 295-8000
        Facsimile:    (972) 232-3098
        Email:          jhaake@mwe.com

        *Counsel for Debtors and Debtors-in-Possession*

## Certificate of Service

    The undersigned certifies, under penalty of perjury, that on this November 3, 2023, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

                                    /s/ *Kristina M. Stanger*