UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: <br><br> MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, <br><br> Debtors | Chapter 11 <br><br> Bankruptcy No. 23-00623 (TJC) <br><br> Jointly Administered |

**PROCEEDING MEMO AND ORDER**

Date of In-Court Hearing: November 6, 2023
Hearing on:
1. Motion for Sale of Property Under Section 363(b) (Doc. 58)
2. Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Adequate Protection and Final Hearing on Use of Cash Collateral (Doc. 26)
3. Motion for Entry of Interim and Final Orders Authorizing Debtors to Continue to Operate Existing Cash Management System, Maintain Existing Bank Accounts, Maintain Purchasing Card Program and Honor Pre-Petition Obligations, Continue to Perform Intercompany Transactions and Extend Time to Comply with Deposit and Investment Requirements (Doc. 14)
4. Motion to Enforce the Automatic Stay Against Certain Staffing Agencies (Doc. 275)
5. Motion to Approve Compromise or Settlement of Controversy Under Rule 9019(a) with Debtors, Bondholder, Committee, Mercy Foundation (Doc. 346)

APPEARANCES:

Attorneys Felicia Gerber Perlman, via telephone, Daniel M. Simon, and Roy Ryan Leaf for Debtors
Attorneys Janet G. Reasoner and Claire Davison for the United States Trustee
Attorneys Lindsey L. Browning and David E. Gordon for the State University of Iowa
Attorneys Kaitlin R. Walsh, via telephone, Peter Chalik, and Nathan F. Coco for Computershare Trust Company, N.A., as Trustee, and Preston Hollow Community Capital, Inc., as Bondholder Representative

Attorneys Robert Cardell Gainer and Andrew H. Sherman for the Official
    Committee of Unsecured Creditors
Attorney Paula Roby for the Official Pensioners' Committee
Attorney Susan Nielsen Goodman as herself as the Patient Care Ombudsman
Attorney Steven G. Klesner for Travel Nurse Across America
Attorney Bradley R. Kruse for Hayes Locums, LLC, MediRevv, LLC (formerly
    known as MediRevv, Inc.), and Kronos Incorporated aka UKG Inc.
Attorney Nicholas A. Marten for MediRevv, LLC (formerly known as MediRevv,
    Inc.)
Attorney Eric J. Langston for EverBank, N.A., f/k/a TIAA, FSB, assignee of TIAA
    Commercial Finance, Inc., as successor in interest to GE HFS, LLC
Attorney Samuel Zachary Marks, via telephone, for Brent Strabala, J. Nicholas
    Russo, Nancy Russo, and Mike Garrels
Attorney Eric Lam, via telephone, for Mercy Hospital Foundation
Attorney Terry Gibson, via telephone, for Steindler Orthopedic Clinic P.L.C.
Attorney Michael S. Dove, via telephone, for Huntington National Bank
Attorney Jeffrey D. Goetz, via telephone, for Wellmark Blue Cross Blue Shield
Michael T. Gustafson, via telephone, for Johnson County Surgeon Investors, LLC
    and Iowa City Ambulatory Surgical Center, LLC
Attorney Laura Michelle Hyer, via telephone, for Revology, Inc.
Attorneys Nicholas Miller and Joseph Sakay, via telephone, for the McKesson
    Corporation
Attorney Benjamin Gregory Nielson, via telephone, for Washington County
    Hospital and Clinics and Progressive Rehabilitation Associates, LLC
Attorney Thomas Loeb, via telephone, for Medical Records Associates, LLC
Attorney Jay Jaffe, via telephone, for Roche Diagnostics Corporation

**IT IS ORDERED THAT**:

1. The Motion for Sale of Property Under Section 363(b) (Doc. 58) is GRANTED by separate Court order.

2. The Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Adequate Protection and Final Hearing on Use of Cash Collateral (Doc. 26) is GRANTED on a second interim basis by separate Court order.
A final hearing on this motion will be set by separate Court order.

3. The Motion for Entry of Interim and Final Orders Authorizing Debtors to Continue to Operate Existing Cash Management System, Maintain Existing

    Bank Accounts, Maintain Purchasing Card Program and Honor Pre-Petition Obligations, Continue to Perform Intercompany Transactions and Extend Time to Comply with Deposit and Investment Requirements (Doc. 14) is continued and will be heard at the Final Hearing on the Use of Cash Collateral.

4. The Motion to Enforce the Automatic Stay Against Certain Staffing Agencies (Doc. 275) has been resolved as identified in Debtor's Status Report (Doc. 456) and no further Court action will be taken on this matter.

5. The Motion to Approve Compromise or Settlement of Controversy Under Rule 9019(a) with Debtors, Bondholder, Committee, Mercy Foundation (Doc. 346) is GRANTED by separate Court order.

Ordered:
November 7, 2023

Thad J. Collins
Chief Bankruptcy Judge