*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-00623 (TJC)<br>)<br>) Jointly Administered<br>)<br>) Related to Docket No. 346 |

**ORDER APPROVING
SETTLEMENT BY AND AMONG THE DEBTORS, THE BONDHOLDER
REPRESENTATIVES, THE COMMITTEE, AND MERCY FOUNDATION;
AND (II) APPLICATION OF MERCY, AS SOLE MEMBER OF MERCY
FOUNDATION, FOR SECTION 540A.106 RULING**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (this "Order"), (i) approving the terms of the Settlement set forth in the Settlement Term Sheet attached hereto as **Exhibit 1**; (ii) finding that the contribution of the Unrestricted Funds (as defined herein) is prudent for the use and purpose of the Foundation; (iii) modifying all restrictions on the use of the Green Funds, if such restrictions are determined to exist, such that the Unrestricted Funds may be contributed to the Debtors by the Foundation pursuant to the terms of the Settlement; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

under the particular circumstances, including to the Attorney General for the Northern District of Iowa; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted.

2. The terms of the Settlement, reflected in the Settlement Term Sheet attached hereto as **Exhibit 1**, are fair, reasonable, and in the best interests of the Debtors, their estates, and their creditors, and are hereby approved.

3. Each of the parties to the Settlement Term Sheet have been duly authorized with full power and corporate authority to execute, deliver and perform their obligations contained in the Settlement Term Sheet and under this Order.

4. The Adversary Complaint shall be deemed dismissed with prejudice and the Examiner Motion, UCC Objection, and Bondholders' Objection shall be deemed withdrawn; *provided, however*, that the UCC Objection and the Bondholders' Objection are deemed withdrawn only to the extent such objections argue that the Unrestricted Funds should be made available to the Debtors' estates.

5. The Foundation is hereby directed to pay the Unrestricted Funds to the Debtors in accordance with the Settlement Term Sheet, and such Unrestricted Funds shall be used, in the first instance, to offset the Debtors' Operating Expenses.

6. Pursuant to the Settlement Term Sheet, in the event that the Green Funds are determined by GHA to be restricted in whole or in part, any and all such restrictions are hereby

modified and lifted and the Foundation is authorized and directed to contribute the Unrestricted Funds, including the Green Funds, to the Debtors in accordance with the Settlement Term Sheet. In particular, the Court finds that the original purpose of the contribution of the Green Funds has become impossible and impractical to fulfill because, if not utilized, there is a significant risk that the Debtors will have insufficient capital to fulfill their ongoing obligations and the Debtors will be forced to cease operations of the Hospital prior to closing of the proposed sale. Accordingly, Iowa Code §540A.106 is satisfied. *Cf.* In re Coe College, 935 N.W.2d 581, 591-95 (Iowa 2019) (applying and analyzing Iowa Code §540A.106 and Cy Pres doctrine to conclude "fortuitous increase in value" did NOT render restrictions impractical or impossible, but "financial difficulties … might well present a different case").

7. The party retaining GHA shall be entitled to be reimbursed for the costs of the Review pursuant to the terms of an order entered by the Court, which may include this Order or an order approving the Debtors' use of cash collateral on a final basis.

8. The Debtors and the Foundation are authorized to take all actions necessary to implement the relief granted in this Order.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated and entered this __7th__ day of __November__, 2023.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

2

# EXHIBIT 1

**Settlement Term Sheet**

EXECUTION VERSION

# Mercy Hospital, Iowa City, Iowa, *et al.*, Lead Case No. 23-00623 (TJC)
## United States Bankruptcy Court for the Northern District of Iowa

### SETTLEMENT TERM SHEET

This settlement term sheet (the "Term Sheet") sets forth the terms of a settlement (the "Settlement") between (i) Mercy Hospital, Iowa City, Iowa, an Iowa non-profit corporation ("Mercy Hospital"[1]), (ii) Mercy Services Iowa City, Inc., an Iowa corporation ("Mercy Services"), (iii) Mercy Iowa City ACO, LLC, an Iowa limited liability company ("Mercy ACO" and, together with Mercy Hospital and Mercy Services, the "Debtors"), (iv) Mercy Hospital Foundation, an Iowa non-profit corporation (the "Foundation"), (v) the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the Debtors, styled as *In re Mercy Hospital, Iowa City, Iowa*, *et al.* and pending in the United States Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court") under lead case no. 23-00623 (TJC), (vi) Computershare Trust Company, N.A., as Master Trustee (the "Master Trustee"), and (vii) Preston Hollow Community Capital, Inc., as Bondholder Representative (the "Bondholder Representative" and, collectively with the Master Trustee, the "Secured Bondholder Representatives").  The foregoing parties to this Term Sheet are each a "Party" and, collectively, the "Parties".

Subject to occurrence of the Settlement Effective Date (as defined below), the Settlement fully and finally resolves (i) *The Official Committee of Unsecured Creditors' (I) Limited Objection to Entry of a Final Cash Collateral Order and (II) Cross-Motion for an Order to Show Cause Why the Debtors are not Requesting Additional Funds from Mercy Hospital Foundation to Support Mercy Hospital's Operations* [Doc. No. 198] filed by the Committee on September 8, 2023 in the Chapter 11 Cases and (ii) *Motion of Master Trustee and Bondholder Representative for entry of an Order Appointing an Examiner* [Doc. No. 96] filed by the Secured Bondholder Representatives on August 14, 2023 in the Chapter 11 Cases, each of which shall be deemed withdrawn upon the Settlement Effective Date. The terms set forth in this Term Sheet are integrated and not divisible.

| **Contribution by Foundation** | Pursuant to the Settlement and subject to the terms and conditions hereof, the Foundation agrees to contribute all funds which are not legally restricted by the donor or grantor to a particular purpose which would be inconsistent with their use for the contributions required hereunder (the "Unrestricted Funds") held by the Foundation to Mercy Hospital (without any right of repayment) as follows: <br><br> 1. On or about September 26, 2023, the Foundation contributed Unrestricted Funds in the amount of $1,000,000 to the Debtors to help offset the operating losses (the "Operating Expenses") of Mercy Hospital. |
|---|---|

---

[1] References to "Mercy Hospital" herein include such Debtor's business and the assets comprising the hospital operated by such Debtor.

2. On or about September 28, 2023, the Foundation contributed Unrestricted Funds in the amount of $1,200,000 to the Debtors to help offset the Operating Expenses of Mercy Hospital.

3. For the avoidance of doubt, such Operating Expenses shall not include any professional fees or expenses of counsel, financial advisors or investment bankers for the Debtors, the Committee, or of the Secured Bondholder Representatives.

4. If the Winning Bidder[2] following an Auction (as defined in the Bidding Procedures Order) does not intend, taking into account such Winning Bidder's answer to Bid Requirement number 8 contained in section V(B)(8) of the Bidding Procedures, to continue to operate Mercy Hospital as an acute care hospital such that the continuity of provision of healthcare by the hospital is not preserved, the Foundation's obligation to contribute any additional Unrestricted Funds for Operating Expenses hereunder shall immediately cease.

5. If the Winning Bidder following an Auction (as defined in the Bidding Procedures Order) intends, taking into account such Winning Bidder's answer to Bid Requirement number 8 contained in section V(B)(8) of the Bidding Procedures, to continue to operate Mercy Hospital as an acute care hospital such that the continuity of provision of healthcare by the hospital is preserved, then, following the Review and (if necessary) the Judicial Proceeding, within 2 business days of the entry of the Settlement Order, the Foundation shall be obligated to transfer to the Debtors all remaining Unrestricted Funds that have not already been transferred pursuant to subsections 1-2 hereof; provided, however, that the Foundation shall be entitled to retain up to $250,000.00 of Unrestricted Funds to fund wind-down expenses, legal fees, and other costs of the Foundation; provided, further, upon the entry of the Settlement Order, the Foundation shall no longer be obligated to reimburse Mercy Hospital for the use of its employees.

6. The Foundation agrees to cooperate in good faith with the Debtors, the Committee, and the Secured Bondholder

---

[2] As defined in the *Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving Break-Up Fee, (C) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (D) Approving the Form and Manner of Notice Thereof, (E) Approving Contract Assumption and Assignment Procedures, and ((F) Granting Related Relief* [Docket No. 222] (the "Bidding Procedures Order")

2

| | |
|---|---|
| | Representatives to determine the amount and to monitor the use of its Funds consistent with the Settlement. |
| **Amendment to the Foundation's Articles of Incorporation** | The Foundation, through its Board of Directors, agrees to effectuate Mercy Hospital's request pursuant to Article III(1)(d) of the *Third Amended and Restated Articles of Incorporation of Mercy Hospital Foundation* (the "AOI") to make any requested changes to the AOI or corresponding bylaws in order to effectuate, implement, or enforce the terms of the Settlement. |
| **Review; Judicial Proceeding** | William H. Henrich from Getzler Henrich & Associates, LLC ("GHA") shall be retained to review or otherwise render an opinion regarding the Foundation funds in an attempt to determine whether the remaining funds constitute Unrestricted Funds (the "Review"). Such Review shall be completed as expeditiously as possible from the filing of the 9019 Motion (as defined below), after which any additional funds determined to be without restriction as to transfer to the Debtors pursuant to this Term Sheet shall be deemed Unrestricted Funds and distributed pursuant to the Settlement. The party retaining GHA shall be entitled to be reimbursed for the costs of the Review pursuant to the terms of an order entered by the Bankruptcy Court approving the Debtors' use of cash collateral on a final basis, or such other Court order (which may include the Settlement Order). The Debtors and Foundation will be entitled to receive updates from GHA upon reasonable request to GHA and shall be entitled to the finding of the Review from GHA promptly upon completion.<br><br>In the event that the Review determines that there are less than $8,000,000 in Unrestricted Funds, the Debtors and the Foundation agree to the jurisdiction of the Bankruptcy Court and shall cooperate in good faith to obtain a finding, in an order approving the 9019 Motion, pursuant to Iowa Code Chapter 540A, that any restrictions on the funds donated to the Foundation by the Last Will and Testament of Edwin B. Green may be lifted (the "Judicial Action"). The Judicial Action, in the Debtors' discretion, shall be brought either as part of the 9019 Motion or filed as a separate application to the Bankruptcy Court contemporaneously with the filing of the 9019 Motion.<br><br>Additionally, the Debtors and Foundation agree to the jurisdiction of the Bankruptcy Court to approve the AOI Revision in an order approving the 9019 Motion.<br><br>Upon entry of an order approving the 9019 Motion by the Bankruptcy Court and a determination in a Judicial Proceeding |

3

| | |
|---|---|
| | that any such restriction(s) are lifted, the relevant amounts shall be deemed Unrestricted Funds and distributed pursuant to the Settlement terms hereunder. |
| **Settlement Order; Settlement Effective Date** | Upon agreement to the terms set forth herein, the Parties shall cooperate in good faith and use commercially reasonable efforts to seek approval of the Settlement set forth herein by an order of the Bankruptcy Court (the "Settlement Order") as promptly as possible. The Settlement shall take effect upon the date the Settlement Order is entered by the Bankruptcy Court (the "Settlement Effective Date").<br><br>The Parties will use reasonable efforts to file a motion pursuant to Fed. R. Bankr. P. 9019 (the "9019 Motion") seeking the entry of the Settlement Order on or before October 10, 2023, or as soon as practicable thereafter.<br><br>Notwithstanding the foregoing, upon execution of this Term Sheet by all Parties, the Foundation agrees that it shall not use its Unrestricted Funds for any purpose other than in accordance with the terms of this Term Sheet pending approval by the Bankruptcy Court. |
| **Releases by Debtors** | Following implementation of the terms of the Settlement as contemplated hereunder and the distribution of the full amount of Unrestricted Funds from the Foundation, as specified herein and in accordance with the terms hereof, the Debtors and their bankruptcy estates, for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby release the Foundation and each of the past and present members of the board of directors for the Foundation, as well as its officers, agents, and attorneys, solely in their capacities as such, from any and all claims, causes of action, obligations, rights, suits, damages, remedies, and liabilities, whether known or unknown, contingent or not contingent, and including any derivative or equitable claims that could be asserted on behalf of the Debtors or their estates (whether individually or collectively). |
| **Releases by Secured Bondholder Representatives** | Following implementation of the terms of the Settlement as contemplated hereunder and the disbursement of the full amount of Unrestricted Funds from the Foundation, as specified herein and in accordance with the terms hereof, each of the Secured Bondholder Representatives for good and valuable consideration, the sufficiency of which is hereby acknowledged release the Foundation and each of the past and |

4

| | |
|---|---|
| | present members of the board of directors of the Foundation, as well as their officers, agents, and attorneys, solely in their capacities as such, from any and all claims, causes of action, obligations, rights, suits, damages, remedies, and liabilities, whether known or unknown, contingent or not contingent, and including any derivative or equitable claims. |
| **Releases by Committee** | Following implementation of the terms of the Settlement as contemplated hereunder and the disbursement of the full amount of Unrestricted Funds from the Foundation, as specified herein and in accordance with the terms hereof, the Committee for good and valuable consideration, the sufficiency of which is hereby acknowledged releases the Foundation and each of the past and present members of the board of directors of the Foundation, as well as their officers, agents, and attorneys, solely in their capacities as such, from any and all claims, causes of action, obligations, rights, suits, damages, remedies, and liabilities, whether known or unknown, contingent or not contingent, and including any derivative or equitable claims. |
| **Withdrawal of Subpoenas** | Upon the Execution Date, the Secured Bondholder Representatives shall withdraw any and all subpoenas issued to the Foundation and to not seek further discovery from the Foundation without the consent of the Foundation or an order from the Bankruptcy Court authorizing such discovery. |
| **Dismissal of Adversary Proceeding** | On or about September 27, the Foundation dismissed with prejudice the adversary complaint filed with the Bankruptcy Court in connection with the Chapter 11 Cases, case number 23-09043. |
| **Good Faith Cooperation** | Each of the Parties agrees in good faith to use its reasonable best efforts to continue discussions with each other Party in an attempt to agree upon additional settlement terms not set forth in the Settlement, including but not limited to, use of remaining Foundation funds.<br><br>The Debtors, the Committee, and the Secured Bondholder Representatives agree in good faith to use their reasonable best efforts to continue discussions regarding the Debtors' consensual use of cash collateral on a final basis, including but not limited to, reviewing and discussing budgets for the use of such cash collateral. |

5

EXECUTION VERSION

| Applicable Law and Jurisdiction | This Agreement shall be governed by and interpreted in accordance with the laws of the State of Iowa (without regard to conflicts of laws principles), except to the extent superseded by federal law. The Parties hereby consent to the exclusive jurisdiction of the Bankruptcy Court, and waive an objection based on forum non conveniens. |
|---|---|

**Mercy Hospital, Iowa City, Iowa**

By: *[signature]*
Name: Mark E. Toney
Title: Chief Restructuring Officer

**Mercy Services Iowa City, Inc.**

By: *[signature]*
Name: Mark E. Toney
Title: Chief Restructuring Officer

**Mercy Iowa City ACO, LLC**

By: *[signature]*
Name: Mark E. Toney
Title: Chief Restructuring Officer

**Mercy Hospital Foundation**

By:
Name: _____
Title: _____

**Official Committee of Unsecured Creditors of Mercy Hospital, Iowa City, Iowa, *et al.***

By:
Name: _____
Title: _____

6

EXECUTION VERSION

|  | The Debtors, the Committee, and the Secured Bondholder Representatives agree in good faith to use their reasonable best efforts to continue discussions regarding the Debtors' consensual use of cash collateral on a final basis, including but not limited to, reviewing and discussing budgets for the use of such cash collateral. |
|---|---|
| **Applicable Law and Jurisdiction** | This Agreement shall be governed by and interpreted in accordance with the laws of the State of Iowa (without regard to conflicts of laws principles), except to the extent superseded by federal law. The Parties hereby consent to the exclusive jurisdiction of the Bankruptcy Court, and waive an objection based on forum non conveniens. |

**Mercy Hospital, Iowa City, Iowa**

By:
Name: _____
Title:  _____

**Mercy Services Iowa City, Inc.**

By:
Name: _____
Title:  _____

**Mercy Iowa City ACO, LLC**

By:
Name: _____
Title:  _____

**Mercy Hospital Foundation**

By: *Lynn Skopec* (DocuSigned)
Name: Lynn Skopec
Title: Mercy Foundation Board Chair

**Official Committee of Unsecured Creditors of Mercy Hospital, Iowa City, Iowa, *et al.***

| **Applicable Law and Jurisdiction** | This Agreement shall be governed by and interpreted in accordance with the laws of the State of Iowa (without regard to conflicts of laws principles), except to the extent superseded by federal law. The Parties hereby consent to the exclusive jurisdiction of the Bankruptcy Court, and waive an objection based on forum non conveniens. |
|---|---|

**Mercy Hospital, Iowa City, Iowa**

By:
Name: _____ Title:
_____

**Mercy Services Iowa City, Inc.**

By:
Name: _____ Title:
_____

**Mercy Iowa City ACO, LLC**

By:
Name: _____ Title:
_____

**Mercy Hospital Foundation**

By:
Name: _____ Title:
_____

**Official Committee of Unsecured Creditors of Mercy Hospital, Iowa City, Iowa,** *et al.*

By:

*/s/ Edward P. Magallanes*

Name: Patrick Magallanes
Title:  Committee Chairman

6

EXECUTION VERSION

the Health Facilities Revenue Bonds, Series 2011 (Mercy Hospital Project) and the Health Facilities Revenue Bonds, Series 2018 (Mercy Hospital Project) under a certain Master Trust Indenture between Mercy Hospital, Iowa City, Iowa and Norwest Bank Iowa, National Association, as Master Trustee, dated as of June 1, 1998 (as supplemented and amended)

By: *Corbin B. Connell*
Name: Corbin B. Connell
Title: Vice President

**Preston Hollow Community Capital, Inc.,** as Bondholder Representative with respect to the Health Facilities Revenue Bonds, Series 2018 (Mercy Hospital Project) under that certain Trust Indenture between City of Hills, Iowa and Wells Fargo Bank, National Association, as Trustee, dated as of May 1, 2018

By: _____
Name: _____
Title: _____

EXECUTION VERSION

the Health Facilities Revenue Bonds, Series 2011 (Mercy Hospital Project) and the Health Facilities Revenue Bonds, Series 2018 (Mercy Hospital Project) under a certain Master Trust Indenture between Mercy Hospital, Iowa City, Iowa and Norwest Bank Iowa, National Association, as Master Trustee, dated as of June 1, 1998 (as supplemented and amended)

By: _____
Name: _____
Title: _____

**Preston Hollow Community Capital, Inc.**, as Bondholder Representative with respect to the Health Facilities Revenue Bonds, Series 2018 (Mercy Hospital Project) under that certain Trust Indenture between City of Hills, Iowa and Wells Fargo Bank, National Association, as Trustee, dated as of May 1, 2018

By: *[signature]*
Name: John Dinan
Title: General Counsel & Secretary