BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-00623 (TJC) |
| MERCY HOSPITAL, IOWA CITY, ) | (Chapter 11) |
| IOWA, *et al.*, ) | |
| ) | Jointly Administered |
| Debtors. ) | |

**Motion to Reconsider Order Approving Sale and to Compel Performance**

COMES NOW EverBank, N.A., f/k/a TIAA, FSB, assignee of TIAA Commercial Finance, Inc., as successor in interest to GE HFS, LLC ("EverBank"), a creditor of Mercy Hospital, Iowa City, Iowa (the "Debtor"), who files this Motion to Reconsider the Sale Order (as defined herein) and to Compel Performance under the Equipment Lease (as defined herein) and in support thereof states as follows:

**Background**

1. On August 7, 2023 (the "Petition Date"), the Debtor and its affiliates (collectively, the "Debtors") filed their petitions with the Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court").

2. On August 9, 2023, the Debtors filed their *Motion for Entry of Order (I)(A) Approving Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Authorizing the Debtors to Provide Stalking Horse Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving the Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory*

*Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 58] (the "Sale Motion").

3. On September 13, 2023, the Court held a hearing to consider the procedural aspects of the Sale Motion (the "Procedures Hearing").

4. On Thursday, September 14, 2023, the Court entered an *Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving Break-Up Fee, (C) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (D) Approving the Form and Manner of Notice Thereof, (E) Approving Contract Assumption and Assignment Procedures and (F) Granting Related Relief* [Docket No. 222] (the "Procedures Order"), which required that "[n]o later than three Business Days after entry of the [] Procedures Order, the Debtors shall file with the Court, and cause to be published on the Case Information Website, the Potential Assumed Contract List." Sale Mot. II.F.35(a)(i). Such deadline was Tuesday, September 19, 2023. The Debtors did not seek leave of the Court for violating the Procedures Order by not timely filing such materials.

5. On September 20, 2023, the Debtors filed a *Notice of Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Costs* [Docket No. 265] with the curious docket text of "Supporting Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business of Potential Assumption and Assignment." Appended to such notice is a table with 1,404 rows (the "Potential Assumed Contract List"). The Equipment Lease was not included on the Potential Assumed Contract List. EverBank alerted the Debtors to this fact.

6. On October 11, 2023, EverBank filed a proof of claim numbered 0000010183 in which it claimed amounts due pursuant to a certain Lease Agreement dated October 27, 2020, between the Debtor, as lessee, and GE HFS, LLC, as lessor (the "Equipment Lease") that stipulated monthly payments of $11,325.00 (the "Lease Payments") for the lease of: (i) two units of an OEC Elite CFD 21cm Digital Mobile Super C-arm PMCare, (ii) one unit of an OEC Elite CFD 31cm Digital Mobile Super C-arm Vascular MTS, and (iii) one unit of an OEC Elite CFD 31cm Digital Mobile Super C-arm Basic Vascular (collectively, the "Equipment"). The Equipment Lease obligates the Debtor to pay EverBank "for any and all actual attorneys' fees and other expenses incurred by [EverBank] in connection with the enforcement of [EverBank]'s right and remedies [t]hereunder." Equipment Lease Sec. 6. Thus, the Debtors' payment of EverBank's attorney fees (the "Legal Fees") is an obligation of the Debtor under the Equipment Lease.

7. The Debtors have not rejected the Equipment Lease, have remained in possession of the Equipment since the Petition Date, and have not timely performed their obligations under the Equipment Lease. 11 U.S.C. § 365(d)(5) (requiring "timely perform[ance of] all of the obligations of the debtor . . . first arising from or after 60 days after the [Petition Date] under an unexpired lease . . . until such lease is assumed or rejected notwithstanding section 503(b)"). The unperformed obligations include nonpayment of the Lease Payments and nonpayment of the Legal Fees.

8. On October 25, 2023, EverBank filed its *Adequate Assurance Objection* [Docket No. 414] (the "EverBank Objection").

9.     On November 4, 2023, the Debtors filed a *Notice of Filing Amended Asset Purchase Agreement* [Docket No. 459] and attached thereto as **Exhibit A** an Asset Purchase Agreement by and Among the Debtor, Mercy Services Iowa City, Inc., and Mercy Iowa City ACO, LLC, as Sellers, and State of Iowa, on Behalf of the State University of Iowa, as Buyer, dated August 7, 2023 (the "Purchase Agreement"). Despite references in the Purchase Agreement to various schedules that were purportedly attached thereto, no such schedules were attached.

10.    On November 6, 2023, the Court held a hearing to consider the Sale Motion and results of the auction contemplated thereby. EverBank alerted the Court that the Purchase Agreement did not include the schedules referenced therein.

11.    On November 7, 2023, at 10:39:24 A.M. the Debtors filed a *Notice of Filing Schedules to Amended Asset Purchase Agreement* [Docket No. 471] and attached thereto as **Exhibit A** certain Amended APA Schedules (the "Purchase Agreement Schedules").

12.    Roughly five hours later, at 2:29:47 P.M. the Court entered an *Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Contracts and Leases, and (III) Granting Related Relief* [Docket No. 476] (the "Sale Order"), which overruled the EverBank Objection. The Sale Order purports that a "complete copy" of the Purchase Agreement "(including all related exhibits and schedules, as may be amended, modified or supplemented in accordance

4

with its terms)" is attached to the Sale Order as **Exhibit A**. Unfortunately, while the Purchase Agreement included the *exhibits*, it did not include the *schedules*.

13. Respectfully, EverBank urges the Court to reconsider the Sale Order. The Equipment Lease was omitted from the schedule of contracts available for assumption despite the Equipment Lease being included on the schedule of material contracts. Given the Equipment Lease's nature of being a material contract, it would seem that the Debtors did not intent to withhold it from being assumed by the Buyer. However, the time period to fix such clerical error has passed. As such, it is necessary for the Court to amend the Sale Order.

## Discussion

14. The Purchase Agreement defines "Available Contracts" to mean "all executory Contracts and Real Property Leases relating to the Acquired Seller Facilities or the Purchased Assets to which one or more of Sellers are party" and purports that Schedule 2.5(a) sets forth a list of the Available Contracts. Section 2.5(a).

15. The Purchase Agreement allows for Schedule 2.5(a) to "be updated from time to time prior to the Sale Hearing to add or remove any Contracts inadvertently included or excluded from such schedule." Section 2.5(a). Despite the Debtor being party to the Equipment Lease, the Equipment Lease was not listed on Schedule 2.5(a). Because the Sale Hearing was held on November 6, 2023, Schedule 2.5(a) cannot be updated to add the Equipment Lease on account of it inadvertently being excluded from the schedule.

16. The Purchase Agreement defines "Assumed Contracts" as a subset of Available Contracts. Thus, if a Contract is not as Available Contract, it cannot be an Assumed Contract. Because the Debtor is a party to the Equipment Lease, it should have been specified as an Available Contract, which would allow it to become an Assumed Contract in certain circumstances. The omission of the Equipment Lease as an Available Contract precludes the Buyer from specifying the Equipment Lease as an Assumed Contract.

17. The Purchase Agreement purports that the "Cure Amounts" for all Assumed Contracts are listed on Schedule 1.1(a), attached to which is Attachment 1.1(a) (the "List of Cure Amounts"). The List of Cure Amounts is not sorted alphabetically or numerically. Neither the Equipment Lease nor a Cure Amount for it is not included on the List of Cure Amounts.

18. The Purchase Agreement defines "Material Contracts" in relevant part to mean Contracts "relating in whole or in part to one or more of the Acquired Seller Facilities" that "involve[e] the lease of equipment or personal property that require[s] payments by or to a Seller of greater than $50,000 during the remaining term or on an annual basis and any other capitalized lease obligations." Section 3.8(a).

19. The Purchase Agreement includes Sellers representation and warranty to the Buyer that, except as set forth in the applicable schedule, "Schedule 3.8(a) sets forth a complete list as of the Effective Date" of the Material Contracts. The Equipment Lease is listed as a Material Contract on Schedule 3.8(a) under paragraph

6

(i) as item 3. However, Material Contracts are not structurally included in Available Contracts or Assumed Contracts.

20. Section 3.8(b) of the Purchase Agreement includes Sellers representation and warranty to the Buyer that, as of the Procedures Hearing (September 13, 2023) and the Closing Date (January 31, 2024, or later),

> [e]xcept as set forth on Schedule 3.8(b), each Material Contract is in full force and effect and there are no defaults thereunder on the part of any party thereto, and no Seller is in material default in the performance, observance, or fulfillment of any of its obligations, covenants or conditions contained in any Material Contract to which it is a party or by which it or its property is bound, except as a result of the commencement of the Bankruptcy Case, the insolvency or financial condition of a Seller or any other reason set forth in Section 365(b)(2) or 365(e)(1) of the Bankruptcy Code.

21. The Equipment Lease is not included on Schedule 3.8(b). However, the Debtors are in default under the Equipment Lease on account of their pre-petition use of the Equipment without making Lease Payments after the Petition Date.

22. On November 16, 2023, the Debtors allegedly paid EverBank $45,300 for the Debtors' post-petition use of the Equipment. However, the Debtors have not paid *all* of their post-petition obligations under the Equipment Lease. Specifically, the Debtors have not paid the Legal Fees despite such obligation arising under the Equipment Lease.

## Conclusion

23. Unfortunately, the Debtors provided the Court with incomplete materials that resulted in the Sale Order patent error on a material point, viz. that attached to the Sale Order was a *complete* copy of the Purchase Agreement *including* the Purchase Agreement Schedules when in fact the Purchase Agreement Schedules were omitted.

24. The Purchase Agreement is clear that Schedule 2.5(a) list all contracts related to the Acquired Seller Facilities to which the Debtors are a party and that Schedule 1.1(a) include all Cure Amounts for Assumed Contracts. The Debtors included the Equipment Lease on Schedule 3.8(a) as a Material Contract, which are defined to relate to the Acquired Seller Facilities. Logic dictates that the Equipment Lease, as a Material Contract, must be included on Schedule 2.5(a) (and should have been included on the Potential Assumed Contract List). Thus, Schedule 2.5(a) must be amended.

25. The contracts listed on Schedule 2.5(a) have certain associated rights. Specifically, that Buyer may elect to include such a listed contract as an Assumed Contract. The omission of the Equipment Lease from the Potential Assumed Contract List and Schedule 2.5(a) prevents the Buyer from being able to designate the Equipment Lease as an Assumed Contract.

26. Accordingly, the Debtor should correct the clerical error and the Buyer should be allowed to designate the Equipment Lease as an Assumed Contract. Thereafter, the Court can enter an amended Sale Order.

WHEREFORE EverBank prays that the Court: (I)(A) direct the Debtors to immediately meet all of their obligations under the Equipment Lease; (B) direct the Debtors to, within 10 days of entry of an order granting the relief requested herein, file: (1) an amended Attachment 2.5(a) to <u>Schedule 2.5(a)</u> of the Purchase Agreement Schedules that includes the Equipment Lease; and (2) a pro forma amended Attachment 1.1(a) to <u>Schedule 1.1(a)</u> of the Purchase Agreement Schedules that includes the Equipment Lease and its Cure Amount; (C) permit the Buyer to, within 10 days of the Debtors filing such amended Purchase Agreement Schedules, designate or not designate the Equipment Lease as an Assumed Contract; and (D) direct the Debtor to, within 10 days of the Buyer's such designation or non-designation, provide the Court with an amended Sale Order that includes the amended Purchase Agreement Schedules, including a final amended Attachment 1.1(a) to <u>Schedule 1.1(a)</u> of the Purchase Agreement Schedules; and (II) grant other related relief.

Date: <u>November 16, 2023</u>   .

    Respectfully submitted,

    AEGIS Law,

    *Eric J Langston*

    Eric J. Langston, AT0014001
    Mailing:  601 S. Lindbergh Blvd.
                Frontenac, MO 63131
    Physical: 222 Third Ave. SE
                Suite 501, Office 6
                Cedar Rapids, IA 52401
    (319) 435-9793, Fax: (314) 454-9110
    elangston@aegislaw.com

        *Attorney for Creditor EverBank, N.A., f/k/a TIAA, FSB, assignee of TIAA Commercial Finance, Inc., as successor in interest to GE HFS, LLC*

---

**Certificate of Service**

I certify that I caused the foregoing to be filed with CM/ECF on Thursday, November 16, 2023, and mailed, as necessary, to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

*Eric J Langston*