IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| | ) Jointly Administered |
| Debtors. | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTOR'S TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

The Debtor Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates as debtors and debtors-in-possession[1] (collectively, the "Debtors") hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting the relief described below. In support thereof, the Debtors respectfully represent as follows:

**RELIEF REQUESTED**

1. By the Motion, the Debtors respectfully request entry of the Proposed Order extending the initial 120-day period (the "**365(d)(4) Period**") within which the Debtors may assume or reject nonresidential real property leases **by 90 days,** through and including March 5, 2024, without prejudice to the Debtors' right to seek further extensions.

2. Without the requested extension, the initial Section 365(d)(4) Period will expire on December 6, 2023.

---

[1] The Debtors include Mercy Hospital, Iowa City, Iowa (Case No. 23-00623), Mercy Iowa City, ACO, LLC (Case No. 23-00622), and Mercy Services Iowa City, Inc. (Case No. 23-00624). This Court directed the cases to be jointly administered under this main action on August 8, 2023. Docket No. 37

1

**JURISDICTION AND VENUE**

3. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408–1409.

6. The statutory bases for the relief requests are sections 105(a) and 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Iowa (the "Local Rules").

**BACKGROUND**

**I.    The Chapter 11 Cases**

7. On August 7, 2023 (the "Petition Date"), the Debtors commenced the Chapter 11 Case by filing petitions for relief under chapter 11 of the Bankruptcy Code.

8. The Debtors continue to operate its business and manage its properties as debtors and debtors-in-possession pursuant to Bankruptcy Code section 1107(a) and 1108.

9. On August 15, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Creditors' Committee pursuant to Bankruptcy Code section 1102(a). Docket No. 107.

10. No trustee or examiner has been appointed in the Chapter 11 case.

11. Additional information regarding the Debtor and the Chapter 11 Case, including the Debtor's business operations, capital structure, financial condition, and the reasons for and

objectives of the Chapter 11 Case, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* (the "Toney Declaration"). Docket No. 27.

**II.    The Unexpired Leases**

12.    In connection with their operations, Debtors have the following unexpired leases for nonresidential real property, as disclosed on Schedule G of the Debtors' Schedules, Docket No. 135:

a.   Lease for 2104 Cedarwood Dr. Suites 200, 201, 203, and 102, Muscatine, Iowa. The lease term set to expire on October 1, 2030.

b.   Lease for 2943 Northgate Dr., Iowa City, Iowa. The lease term is set to expire on March 31, 2033.

c.   Lease for 269 N. 1st Ave, Iowa City, Iowa. The lease term is set to expire on March 31, 2033.

d.   Lease for 2769 Heartland Dr., Coralville, Iowa. The lease term is set to expire on June 30, 2032.

e.   Lease for 1067 Ryan Ct., Iowa City, Iowa. The lease term is set to expire on March 31, 2033.

f.   Lease for 2055 Oakdale Rd., Coralville, Iowa. The lease term is set to expire on March 31, 2033.

g.   Lease for 510 W. Main St., Solon, Iowa. The lease term is set to expire on March 31, 2033.

h.   206 Cookson Dr., West Branch, Iowa. The lease term is set to expire on March 31, 2033.

(the "Leases").

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

13.    Bankruptcy Code section 365(d)(4) provides that an unexpired lease of nonresidential real property under which a debtor is a lessee shall be deemed rejected if the debtor does not assume or reject such unexpired lease within 120 days after the petition date or before the date of entry of an order confirming a plan. *See* 11 U.S.C. § 365(d)(4)(A).

14. Courts have considered the following non-exclusive factors in evaluating whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property:

    (i) whether the leases are an important asset of the estate;

    (ii) whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets;

    (iii) whether the debtor continues to make rental payments to the landlords under the leases; and

    (iv) whether the lessor would be damaged beyond compensation available under the Bankruptcy Code.

*See, e.g.*, *In re Wedtech Corp.*, 72 B.R. 464, 471–73 (Bankr. S.D.N.Y. 1987) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 103, 105–06 (2d Cir. 1982)); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471–72); *In re GST Telecom Inc.*, No. 00-1982-GMS, 2001 WL 686971, at *3 (D. Del. June 8, 2001) (holding "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

15. The Leases are important assets of the Debtors' estates and the Debtors have continued to make rental payments to the landlords of the properties on a post-petition basis.

16. The Debtors and successful Bidder need additional time to assess the value of the Leases and future uses of the leased premises in light of the pending sale of the Debtors' assets following the auction and in contemplation of a closing in January 2024.

17. The Debtors also continue to evaluate the leases, claims, and values in light of the Chapter 11 plan they are formulating.

18. There is no indication to Debtors that the lessors would be damaged beyond the compensation available under the Bankruptcy Code.

19.   Based on the foregoing, the Debtors submit that cause exists for the relief requested herein.

20.   The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; and (c) all parties entitled to notice pursuant to Local Rules 2002-1 and 2002-2.  The Debtors submit that no other or further notice is required.

## **NO PRIOR REQUEST**

21.   This is the Debtors' first request to extend the Section 365(d)(4) Period. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the Court extend the initial time period within which the Debtors may assume or reject nonresidential real property leases **by 90 days,** through and including March 5, 2024, without prejudice to the Debtors' right to seek further extensions and for such further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Respectfully Submitted,

*/s/ Roy Leaf*
**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:	(319) 286-7002
Facsimile:	(319) 286-7050
Email:	rleaf@nyemaster.com


- and -

*/s/ Kristina M. Stanger*
Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-8009
Fax:  515-283-8045
Email: kmstanger@nyemaster.com
          mmcguire@nyemaster.com
          dhempy@nyemaster.com

- and-

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:	(312) 372-2000
Facsimile:	(312) 984-7700
Email:	fperlman@mwe.com
	dsimon@mwe.com
	ekeil@mwe.com

6

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this November 28, 2023, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Kristina M. Stanger*