IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |
| | ) Related to Docket No. ___ |

## DECLARATION OF ORDINARY COURSE PROFESSIONAL

I, L. Todd Gibson, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner of Dinsmore & Shohl LLP (the "Firm"), which maintains offices at 1001 Lakeside Ave., suite 990, Cleveland, Ohio 44114.

2. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the Northern District of Iowa, entered on September 14, 2023, authorizing the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

3. The Debtors have requested that the Firm provide Bond Counsel advice and services to the Debtors, and the Firm has agreed to provide such services.

4. The Firm is a legal services firm.

5. The Firm provided services to the Debtors prior to the filing of the Chapter 11 Cases on August 7, 2023.

6. The Firm's current customary rates, subject to change from time to time, are $370 per hour to $740 per hour. In the normal course of its business, the Firm revises its billing rates on January 1 of each year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

7. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Debtors or the Chapter 11 Cases, for persons that are parties-in-interest in the Debtors' Chapter 11 Cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with the Chapter 11 Cases, or have any relationship with any such person, its attorneys, or its accountants that would be adverse to the Debtors or their estates.

8. Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to, the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. Neither I nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

10. The Debtors owe the Firm $0 for prepetition services. The Firm holds a retainer of $6,546.00 that is applicable to postpetition services.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that, to the best of my knowledge and belief after reasonable inquiry, the foregoing is true and correct.

Executed on this 8th day of December, 2023.

L. Todd Gibson