IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Obj. Deadline: December 29, 2023 at 4:00 p.m. (CT)** |

**SUMMARY OF FOURTH MONTHLY FEE APPLICATION OF
NYEMASTER GOODE, P.C., COUNSEL TO DEBTORS AND
DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023**

| | |
|---|---|
| Name of applicant: | **NYEMASTER GOODE, P.C.** |
| Authorized to provide professional services to: | **Debtors and Debtors-In-Possession** |
| Date of retention: | **August 7, 2023** |
| Date of order authorizing retention: | **September 14, 2023, Docket No. 225** |
| Period for which compensation and reimbursement is sought: | **November 1, 2023 through November 30, 2023** |
| Amount of compensation sought as actual, reasonable and necessary: | **$ 44,363.50** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$ 208.61** |
| This is a: | **Fourth Monthly Application** |

1

## SUMMARY OF NYEMASTER APPLICATIONS FOR COMPENSATION

| Application | Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees & Expenses |
|---|---|---|---|---|---|
| First Month | 10/09/23, Dkt. 347 | 08/7/23 – 08/31/23 | $ 57,447.60 (80% of total) | $ 10,422.02 (100% of total) | $ 67,869.62 |
| Second Month | 11/10/23, Dkt. 498 | 09/01/23 – 09/30/23 | $ 70,495.60 (80% of total) | $ 7,253.61 (100% of total) | $ 77,749.21 |
| Third Month | 11/27/23, Dkt. 531 | 10/01/23 – 10/31/23 | $ 61,730.00 (80% of total) | $ 19,318.80 (100% of total) | $ 80,013.40 |
| Fourth Month | N/A | 11/01/23 – 11/30/23 | $ 35,490.80 (80 % of total) | $ 208.61 (100% of total) | N/A |

2

### SUMMARY OF BILLING BY PROFESSIONALS
### NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023

| Name of Professional | Year of Bar Admission | Position and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Roy R. Leaf | 2016 | Shareholder; Litigation, *Bankruptcy & Creditors' Rights* | $ 295.00 | 65.80 | $ 19,411.00 |
| Kristina M. Stanger | 2005 | Shareholder; Litigation, *Bankruptcy & Creditors' Rights* | $ 400.00 | 30.50 | $ 12,200 |
| Stephanie G. Techau | 1992 | Shareholder; Litigation, *Workers Compensation, Insurance, Employment* | $ 345.00 | 2.30 | $793.50 |
| Frances M. Haas | 2008 (IA) 2005 (WI) | Shareholder; Litigation, *Labor & Employment* | $ 330.00 | 8.80 | $ 2,904.00 |
| Matthew A. McGuire | 2013 | Shareholder; Litigation, *Commercial* | $ 350.00 | 3.10 | $ 1,085.00 |
| Mackenzie J. O'Brien | 2018 | Associate; Corporate Advisory, *Healthcare & Insurance Regulation* | $ 250.00 | 0.70 | $ 175.00 |
| Lindsey A. Guerrero | 2012 | Associate; Corporate Advisory, *Real Estate* | $ 260.00 | 11.90 | $ 3,094.00 |
| Wesley M. Greder | 2022 | Associate; Corporate Advisory | $ 210.00 | 3.90 | $ 819.00 |
| Dana W. Hempy | 2021 | Associate; Litigation | $ 215.00 | 7.20 | $ 1,548.00 |
| Sharon K. Carney | N/A | Paralegal | $ 90.00 | 22.20 | $ 1,998.00 |
| Molli A. Bauer | N/A | Paralegal | $ 160.00 | 2.10 | $ 336.00 |
| **TOTALS:** | | | | 158.50 | $ 44,363.50 |
| **80% OF TOTAL FEES:** | | | | | $ 35,490.80 |

**COMPENSATION BY PROJECT CATEGORY**
**NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 25.20 | $ 7,150.50 |
| Schedules and Statements | 0.90 | $ 265.50 |
| Employment and Fee Applications (Nyemaster) | 5.20 | $ 1,230.00 |
| Employment and Fee Applications (Other) | 6.70 | $ 2,302.00 |
| Cash Collateral and DIP Financing | 3.10 | $ 914.50 |
| Preparation and Review of Case Pleadings | 42.90 | $ 9,123.50 |
| Meetings and Communications With Creditors | 4.80 | $ 1,610.00 |
| Asset Sales | 11.40 | $ 3,041.00 |
| Plan And Disclosures Statement | 6.10 | $ 2,041.00 |
| Executory Contracts And Leases | 20.40 | $ 6,409.50 |
| Claims Analysis And Recovery | 0.00 | $ 0.00 |
| Avoidance Actions And Litigation | 31.80 | $ 10,276.00 |
| **TOTALS:** | **158.50** | **$ 44,363.50** |
| **80% OF TOTAL FEES:** | | **$ 35,490.80** |

**EXPENSE SUMMARY**
**NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Lunch Reimbursement re: Sale Hearing 11/06/23 | Deb's Ice Cream & Lunch | $ 208.61 |
| **TOTAL:** | | **$ 208.61** |

5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: December 29, 2023 at 4:00 p.m. (CT)** |

**FOURTH MONTHLY FEE APPLICATION OF NYEMASTER GOODE, P.C., COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023**

Nyemaster Goode, P.C. (the "Applicant" or "Nyemaster"), counsel to Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby applies (the "Application), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's *Order Establishing Procedures for Interim Compensation And Reimbursement of Expenses of Professionals* (Docket No. 224) (the "Interim Compensation Order"), for allowance of compensation for services rendered and reimbursement of expenses for the period from November 1, 2023 through November 30, 2023 (the "Application Period"), and respectfully represents as follows:

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of the Chapter 11 Case and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6

3. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and the Interim Compensation Order.

## BACKGROUND

### A. The Chapter 11 Case

4. On August 7, 2023 (the "Petition Date"), the Debtors commenced the Chapter 11 Case by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate its business and manage its properties as debtors and debtors-in-possession pursuant to Bankruptcy Code section 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 case.

5. On August 15, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a). Docket No. 107.

6. Additional information regarding the Debtor and the Chapter 11 Case, including the Debtor's business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Case, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "Toney Declaration").

### B. The Retention of Nyemaster

7. On August 23, 2023, Debtors applied to the Court [Docket No. 145] (the "Nyemaster Application") for an order authorizing Debtors to retain and employ Nyemaster as their counsel, effective as of the Petition Date. On September 14, 2023, the Court entered an order authorizing such retention. Docket No. 225.

### C. The Interim Compensation Order

8. On September 14, 2023, the Court entered the Interim Compensation Order[1], which sets the procedures for interim compensation and reimbursement of expenses in the Chapter 11

---

[1] Capitalized terms used but not defined shall have the meanings provided in the Interim Compensation Order.

Case. Specifically, the Interim Compensation Order provides that a Retained Professional may file and serve a Monthly Fee Application on or after the fifteenth (15th) day of each month following the month for which compensation is sought. Fourteen (14) days after the service of a Monthly Fee Application, the Debtor is authorized to pay such Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Fee Application that are not subject to an Objection.

## RELIEF REQUESTED

9. Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, Nyemaster is seeking compensation in the amount of $ 35,490.80, which is equal to eighty percent (80%) of the $ 44,363.50 in fees for professional services rendered by Nyemaster during the Application Period. This amount is derived solely from the applicable hourly billing rates of Nyemaster's personnel who rendered services to the Debtors. In addition, Nyemaster incurred $ 208.61 in out-of-pocket expenses during the Application Period.

10. There is no agreement or understanding between Nyemaster and any other person, other than members of Nyemaster for sharing of any compensation to be received for services rendered in these chapter 11 cases.

A. **Compensation Requested**

11. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Nyemaster with respect to the Chapter 11 Case during the Application Period. This detailed itemization complies with the Interim Compensation Order and Bankruptcy in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

12. The attorneys and paraprofessionals who rendered services related to each project category are identified in **Exhibit A**, along with the number of hours for each individual and the total compensation sought for each category.

**B. Expense Reimbursement**

13. Nyemaster incurred out-of-pocket expenses during the Application Period in the amount of $ 208.61. Descriptions of the expenses actually occurred are identified in **Exhibit A** in relation to each project category. The expenses are broken down into categories of charges.

14. Nyemaster provided a wide array of legal services to the Debtors. The services rendered by Nyemaster are summarized below, and are more fully described in the detailed time entries attached to this Application as **Exhibit A**.

## VALUATION OF SERVICES

15. Nyemaster is a law firm with experience and knowledge of bankruptcy law, including local court rules, with an office in Cedar Rapids and a broad-based practice including substantial expertise in many of the areas of federal and Iowa state law that may arise in the Chapter 11 Case. Nyemaster has experience and knowledge in the fields of corporate real estate and tax, creditor's rights, bankruptcy law, intellectual property law, healthcare law, labor and employment, and agricultural law.

16. Attorneys and paraprofessionals of Nyemaster have expended a total of 158.50 hours in connection with this matter during the Application Period.

17. The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set forth in **Exhibit A.** As discussed in the Application, the rates reflected therein are Nyemaster's normal hourly rates of compensation for work of this character.

18.    Nyemaster believes that the time entries and expenses included in **Exhibit A** are incompliance with the requirements of the Bankruptcy Code and the Interim Compensation Order.

## DISCUSSION

19.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title

20.    The Eighth Circuit Court of Appeals has stated:

> "[Reasonable] [c]ompensation . . . presumably reflects (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."

*P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728, 731–32 (8th Cir. 1992).

21.    In reviewing this Application, the Court should be guided by the Eighth Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> Section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts."

*Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984); *see also In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992) ("[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is so to determine what

10

the lawyer would receive if he was selling his services in the market rather than being paid by court order.").

22. This Application complies with the fee application requirements set forth in *In re Pothoven*, 84 B.R. 579 (Bankr. S.D. Iowa 1988). The exhibits to this Application list and describe each activity, the date it was performed, the attorney or professional who performed the work, the time spent on the work, and the individual's hourly rate. *Id.* at 584. Furthermore, time and each task are broken down into tenths of an hour and individually recorded. *See* **Exhibit A.**

23. Nyemaster's hourly rate of compensation for attorneys and para-professionals during the Application Period range from $ 90.00 to $ 400.00. These rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. Nyemaster consistently and consciously made reasonable efforts to represent Debtors in the most economical, efficiently, and practical manner possible.

24. Each individual that billed time on these cases has experience specifically qualifying them for their participation in these cases. As set forth in *Pothoven*, Nyemaster has provided "a description of each professional for whom compensation is sought," including their years and areas of practice. *Pothoven*, 84 B.R. at 584.

25. In accordance with the factors enumerated in Bankruptcy Code section 330, Nyemaster submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

26. The fees charged by Nyemaster in this case are billed in accordance with its existing billing rates and procedures set forth in the Nyemaster Application, in effect during the Application Period.

27. Nyemaster's rates for the services rendered by its attorneys and paraprofessionals in these chapter 11 cases are the same rates that Nyemaster charges for services rendered in comparable non-bankruptcy matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

28. Nyemaster reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

## NO PRIOR REQUEST

29. No prior request for the relief sought in the Application has been made to this or any other court.

**WHEREFORE**, Nyemaster respectfully requests that the Court enter an order: (i) awarding Nyemaster allowance of (a) eighty percent (80%) of the fees for the Application Period in the amount of $ 35,490.80; and (b) the reimbursement of one-hundred percent (100%) of the actual and necessary expenses Nyemaster incurred during the Application Period in the amount of $ 208.61; (ii) authorizing and directing the Debtors to pay Nyemaster $ 35,699.41, representing the total amount owed for the Application Period; and (iii) granting such other relief as is just and proper.

Dated: December 15, 2023

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: mmcguire@nyemaster.com
kmstanger@nyemaster.com
dhempy@nyemaster.com

-and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this December 15, 2023, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*