**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |
| | ) Obj. Deadline: 12/29/23 at 4:00 p.m. (CT) |

**SUMMARY OF FOURTH MONTHLY FEE APPLICATION OF
MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE DEBTORS AND
DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | **McDERMOTT WILL & EMERY LLP** |
| Authorized to provide professional services to: | **Debtors and Debtors-in-Possession** |
| Date of retention: | **September 14, 2023, effective as of August 7, 2023** |
| Period for which compensation and reimbursement is sought: | **November 1, 2023 through November 30, 2023** |
| Amount of compensation sought as actual, reasonable and necessary: | **$289,259.20 (80% of $361,574.00)[1]** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$4,988.95** |
| This is a: | **Fourth Monthly Application** |

---

[1] This amount does not reflect $6,648.26, including $5,707.50 in incurred fees and $940.76 in incurred expenses, that McDermott has voluntarily written off with respect to the Application Period (as defined herein).

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/Expenses |
|---|---|---|---|---|
| **First Monthly [D.I. 348]** | 10/9/23 | 8/7/23 – 8/31/23 | $738,318.00 / $4,741.38 | *Pending* |
| **Second Monthly [D.I. 502]** | 11/10/23 | 9/1/23 – 9/30/23 | $649,102.80 / $3,346.20 | *Pending* |
| **Third Monthly [D.I. 532]** | 11/27/23 | 10/1/23 – 10/31/23 | $450,968.00 / $5,638.37 | *Pending* |

**MERCY HOSPITAL IOWA CITY, IOWA, ET AL.**
**COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION**
**SUMMARY OF BILLING BY PROFESSIONAL FOR APPLICATION PERIOD**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Felicia Gerber Perlman | 1992 | Partner; Corporate Advisory | $1,850 | 25.2 | $46,620.00 |
| Jeffrey M. Holdvogt | 2003 | Partner; Employee Benefits and Executive Compensation | $1,450 | 8.2 | $11,890.00 |
| Daniel M. Simon | 2008 | Partner; Corporate Advisory | $1,450 | 93.9 | $136,155.00 |
| Nathan M. Bull | 2006 | Partner; Trial | $1,410 | 2.9 | $4,089.00 |
| Jay E. Greathouse | 2012 | Partner; Healthcare | $1,300 | 20.5 | $26,650.00 |
| Jack G. Haake | 2011 | Associate; Corporate Advisory | $1,190 | 3.9 | $4,641.00 |
| Emily C. Keil | 2018 | Associate; Corporate Advisory | $1,105 | 83.3 | $92,046.50 |
| Benjamin S. Paulsen | 2018 | Associate; Private Client | $1,060 | 4.0 | $4,240.00 |
| Dexter Golinghorst | 2021 | Associate; Healthcare | $945 | 28.4 | $26,838.00 |
| Carson Clear | 2023 | Associate; Corporate Advisory | $725 | 9.5 | $6,887.50 |
| Raniel L. Dizon | N/A | Technology Project Manager | $545 | 1.0 | $545.00 |
| Apurva Ingolikar | N/A | Litigation Technology Data Analyst | $270 | 3.6 | $972.00 |
| **TOTALS** | | | | **284.4** | **$361,574.00** |

**MERCY HOSPITAL IOWA CITY, IOWA, ET AL.**
**COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION**
**COMPENSATION BY PROJECT CATEGORY FOR APPLICATION PERIOD**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 2.0 | $2,210.00 |
| Asset Disposition | 104.0 | $133,599.50 |
| Meetings/Communications with Creditors | 1.0 | $1,139.00 |
| Court Hearings | 7.0 | $9,598.00 |
| Fee/Employment Applications | 13.7 | $15,690.50 |
| Fee/Employment Objections | 11.4 | $13,494.00 |
| Assumption/Rejection of Leases | 3.6 | $4,150.50 |
| Other Contested Matters | 8.8 | $10,046.00 |
| Non-Working Travel[1] | 3.3 | $4,785.00 |
| Business Operations | 2.3 | $3,266.00 |
| Employee Benefits/Pensions | 10.5 | $15,465.00 |
| Financing/Cash Collections | 30.3 | $48,282.50 |
| Real Estate | 1.0 | $1,190.00 |
| Board of Directors Matters | 0.5 | $925.00 |
| Claims Administration & Objections | 1.1 | $1,215.50 |
| Plan and Disclosure Statement | 74.7 | $87,292.50 |
| Litigation | 9.2 | $9,225.00 |
| **TOTALS** | **284.4** | **$361,574.00** |

---

[1] The hours billed to Non-Working Travel were reduced by fifty percent (50%), as reflected in the time detail attached hereto as **Exhibit A**.

**MERCY HOSPITAL IOWA CITY, IOWA, ET AL.**
**COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION**
**EXPENSE SUMMARY FOR APPLICATION PERIOD**

| Expense Category[1] | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Transcripts | Everest Court Reporting LLC | $4,988.95 |
| **TOTAL** | | **$4,988.95** |

---

[1] McDermott voluntarily waived all computer data storage charges incurred as part of the discovery process during the Application Period for a total voluntary write-off of $940.76.

v

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |
| | ) Obj. Deadline: 12/29/23 at 4:00 p.m. (CT) |

**FOURTH MONTHLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

McDermott Will & Emery LLP (the "Applicant" or "McDermott"), counsel to Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 224] (the "Interim Compensation Order"),[1] for allowance of compensation for services rendered and reimbursement of expenses for the period from November 1, 2023 through November 30, 2023 (the "Application Period"), and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such items in the Interim Compensation Order.

*Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331 and Bankruptcy Rule 2016. McDermott confirms its consent to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**I.    The Chapter 11 Cases**

3. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

4. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. No trustee or examiner has been appointed in the Chapter 11 Cases.

6. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in*

2

*Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration").

## II.     The Retention of McDermott

7.     On August 23, 2023, the Debtors applied [Docket No. 148] (the "McDermott Retention Application") to the Court for an order authorizing the Debtors to retain and employ McDermott as its counsel, effective as of August 7, 2023.  On September 14, 2023, the Court entered an order [Docket No. 226] authorizing such retention.

## III.    The Interim Compensation Order

8.     On September 14, 2023, the Court entered the Interim Compensation Order, which sets the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases.  Specifically, the Interim Compensation Order provides that a Retained Professional may file and serve a Monthly Fee Application on or after the 15th day of each month following the month for which compensation is sought.  Provided that there are no objections to the Monthly Fee Application filed within 14 days after service of the same, the Debtors are authorized to pay such Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application.  If an objection is filed to the Monthly Fee Application and the parties reach a consensual resolution, the Debtors are authorized to pay eighty percent (80%) of the agreed-upon fees and one-hundred percent (100%) of the agreed-upon expenses.

**RELIEF REQUESTED**

9.     Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, McDermott is seeking compensation in the amount of $289,259.20, which is equal to eighty percent (80%) of the $361,574.00 in fees for professional services rendered by McDermott during

3

the Application Period. This amount is derived solely from the applicable hourly billing rates of McDermott's personnel who rendered such services to the Debtors. In addition, McDermott is seeking reimbursement of expenses incurred during the Application Period in the amount of $4,988.95.

### A. Compensation Requested

10. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by McDermott with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with the Interim Compensation Order and Bankruptcy Rule 2016 in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

11. The attorneys and paraprofessionals who rendered services related to each category are identified in **Exhibit A**, along with the number of hours for each individual and the total compensation sought for each category.

### B. Expense Reimbursement

12. McDermott incurred out-of-pocket expenses during the Application Period in the amount of $4,988.95. Attached hereto as **Exhibit B** are descriptions of the expenses actually incurred by McDermott in the performance of services rendered as counsel to the Debtors. The expenses are broken down into categories of charges, including costs of deposition and auction transcripts.[2]

---

[2] As discussed herein, McDermott voluntarily waived all computer data storage charges incurred as part of the discovery process during the Application Period for a total voluntary write-off of $940.76.

4

## VALUATION OF SERVICES

13.     Attorneys and paraprofessionals of McDermott have expended a total of 284.4 hours in connection with this matter during the Application Period. The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set forth in **Exhibit A**. The reasonable value of the services rendered by McDermott for the Application Period as counsel for the Debtors in the Chapter 11 Cases is $361,574.00.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

14.     Bankruptcy Code section 330(a) provides, in pertinent part, that:

> [T]he court may award . . . ***reasonable compensation*** for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (emphasis added). The Eighth Circuit Court of Appeals has stated:

> "[Reasonable] [c]ompensation . . . presumably reflects (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."

*P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728, 731–32 (8th Cir. 1992).

15.     In reviewing this Application, the Court should be guided by the Eighth Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> Section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee

5

awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts."

*Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984); *see also In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992) ("[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is so to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.").

16. In accordance with the factors enumerated in Bankruptcy Code section 330, McDermott submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. The fees charged by McDermott in these Chapter 11 Cases were billed in accordance with its existing billing rates and procedures set forth in the McDermott Retention Application, in effect during the Application Period. McDermott's rates for the services rendered by its attorneys and paraprofessionals in these Chapter 11 Cases are the same rates that McDermott charges for services rendered in comparable non-bankruptcy matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

17. McDermott reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

**NO PRIOR REQUEST**

18. No prior request for the relief sought in the Application has been made to this or any other court.

6

**CONCLUSION**

WHEREFORE, McDermott respectfully requests that the Court enter an Order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $289,259.20 (80% of $361,574.00) for professional services rendered, and (b) reimbursement for actual and necessary costs in the amount of $4,988.95; (ii) directing payment by the Debtor of the foregoing amounts; and (iii) granting such other further relief as the Court deems just and proper.

Dated: Cedar Rapids, Iowa
December 15, 2023

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-645-5510
Facsimile: 515-283-8045
Email: mmcguire@nyemaster.com
kmstanger@nyemaster.com
dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com

       dsimon@mwe.com
       ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email:  jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

  The undersigned certifies, under penalty of perjury, that on this December 15, 2023, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

       /s/ *Roy Leaf*

8