IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, ) | Case No. 23-00623 (TJC) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**NOTICE OF CONTINUATION OF HEARING ON FINAL CASH
COLLATERAL ORDER AND REVISED NOTICE OF JANUARY 22, 2024 HEARING**

**TO ALL CREDITORS AND PARTIES IN INTEREST**:

**WHEREAS,** on August 7, 2023, Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries (collectively, the "Debtors") filed *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 26] (the "Cash Collateral Motion").

**WHEREAS**, on August 8, 2023, the Court entered an *Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 38].

**WHEREAS**, on November 7, 2023, the Court entered a *Second Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, and (II) Granting Related Relief* [Docket No. 475] (the "Second Interim Order").

**WHEREAS**, on November 30, 2023, the Debtors filed their *Revised Notice of Hearing on Final Cash Collateral Order, Final Cash Management Order, and Reconsideration Motion* [Docket No. 547] (the "December 19 Hearing Notice"). Pursuant to the December 19 Hearing Notice, the Cash Collateral Order was set to be heard by the United States Bankruptcy Court for the Northern District of Iowa (the "Court") on December 19, 2023 at 10:30 a.m. (the "December 19 Hearing").

**WHEREAS**, the Second Interim Order provided Interested Parties[1] until December 14, 2023 "or such other date as agreed upon between the Official Committee of Unsecured Creditors (the "Committee") and Computershare Trust Company, N.A. and Preston Hollow Community Capital, Inc. (collectively, the "Bondholders") to file a Challenge to the Bondholders claims.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Second Interim Order.

**WHEREAS**, pursuant to the *Stipulation and Agreement Regarding Cash Collateral* attached hereto as **Exhibit A** (the "Cash Collateral Stipulation") the Debtors, Bondholders, and Committee (collectively, the "Parties") have agreed, among other things, to extend the deadline to file a Challenge to January 15, 2024.

**WHEREAS**, there is a hearing scheduled before the Court on January 22, 2024 to address matters unrelated to the Cash Collateral Motion [Docket No. 561] (the "January 22 Hearing").

**WHEREAS**, pursuant to the Cash Collateral Stipulation, the Parties have also agreed, among other things, to have the Court consider entry of the Cash Collateral Motion on a final basis at the January 22 Hearing in order to allow the Parties to continue discussions related to the use of cash collateral and in an attempt to consensually resolve issues related to any Challenges.

**NOTICE IS HEREBY GIVEN THAT** the hearing to consider entry of an order granting the Cash Collateral Motion on a final basis has been set for **January 22, 2024, at 10:30 A.M. (prevailing Central Time)** at the 6th Floor Courtroom, 111 Seventh Avenue SE, Cedar Rapids, Iowa 52401.

**NOTICE IS FURTHER PROVIDED THAT** a revised notice for the January 22 Hearing will be subsequently filed by the Debtors.

**DATED** this 15th day of December, 2023

    Respectfully Submitted,

    **NYEMASTER GOODE, P.C.**
    Roy Leaf, AT0014486
    625 First Street SE, Suite 400
    Cedar Rapids, IA 52401-2030
    Telephone:    (319) 286-7002
    Facsimile:     (319) 286-7050
    Email:          rleaf@nyemaster.com

    - and –

    Kristina M. Stanger, AT0000255
    Matthew A. McGuire, AT0011932
    Dana Hempy, AT0014934
    700 Walnut, Suite 1600
    Des Moines, IA 50309
    Telephone: 515-645-5510
    Fax:  515-283-8045
    Email: mmcguire@nyemaster.com
          kmstanger@nyemaster.com

dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         fperlman@mwe.com
               dsimon@mwe.com
               ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         jhaake@mwe.com

*Counsel for Debtors and*
*Debtors-in-Possession*

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this December 15, 2023, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*

## **EXHIBIT A**

**Cash Collateral Stipulation**

## STIPULATION AND AGREEMENT REGARDING CASH COLLATERAL

This *Stipulation and Agreement Regarding Cash Collateral* (the "**Agreement**") is entered into this 13th day of December, 2023 (the "**Effective Date**"), by and between (i) Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession (collectively, the "**Debtors**") in the cases jointly administered at case number 23-00623 in the chapter 11 cases (the "**Chapter 11 Cases**") pending in the United States Bankruptcy Court for the Northern District of Iowa (the "**Court**"); (ii) Computershare Trust Company, N.A., as Trustee, and Preston Hollow Community Capital, Inc., as Bondholder Representative (collectively, the "**Secured Bondholder Representatives**"); and (iii) the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "**Committee**"). The Debtors, Secured Bondholder Representatives, and Committee are referred to collectively as the "**Parties**," and each is a "**Party**."

## RECITALS

A. **WHEREAS**, on August 7, 2023, the Debtors filed *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 26] (the "**Cash Collateral Motion**").

B. **WHEREAS**, on August 8, 2023, the Court entered an *Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 38] (the "**Interim Order**"). The Interim Order granted the Cash Collateral Motion on an interim basis and authorized the Debtors to use cash collateral on the terms set forth therein.

C. **WHEREAS**, on November 7, 2023, the Court entered a *Second Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, and (II) Granting Related Relief* [Docket No. 475] (the "**Second Interim Order**"). The Second Interim Order extended the authorization for the Debtors to use cash collateral on the terms set forth therein.

D. **WHEREAS**, the Second Interim Order provided Interested Parties[1] until December 14, 2023 "or such other date as agreed upon between the Committee" and Secured Bondholder Representatives to file a Challenge (the "**Challenge Deadline**").

E. **WHEREAS**, the Debtors set the Cash Collateral Motion for hearing on December 19, 2023 (the "**Hearing**") for the Court to consider entry of a final order approving the Cash Collateral Motion on a final basis [Docket No. 547]

F. **WHEREAS**, the Parties have reached an agreement to, among other things, extend the Challenge Deadline for the Committee (but not for all other Interested Parties, who

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Second Interim Order.

shall continue to be bound by the Second Interim Order) until January 15, 2024 and to continue the Hearing.

G.     **WHEREAS**, the Parties intend for this Agreement to memorialize such agreement between them.

H.     **WHEREAS**, the Parties to this Agreement have concluded it is in their best interests to execute this Agreement as set forth herein.

## AGREEMENT

**NOW, THEREFORE**, for good and valuable consideration as set forth herein, the Parties to this Agreement, incorporating the Recitals set forth above, hereby agree as follows:

1.     **Incorporation of Recitals**.  The foregoing Recitals are confirmed by the Parties as true and correct and are incorporated herein by reference. The Recitals are a substantive, contractual part of this Agreement.

2.     **Definitions**.  Capitalized terms defined elsewhere in this Agreement, including within the Recitals above, shall have the meanings given to them therein.

3.     **Extension of Committee Challenge Deadline**.  The Challenge Deadline for the Committee (but not for all other Interested Parties, who shall continue to be bound by the Second Interim Order) is extended through and including January 15, 2024. Any adversary proceeding or contested matter filed by the Committee by January 15, 2024 shall be deemed timely. This Agreement shall serve as proof under paragraph 12 of the Second Interim Order of the agreement between the Parties to extend the Challenge Deadline with respect to the Committee. The Challenge Deadline for the Committee may be further extended by agreement of the Parties in writing or by Order of the Court.

4.     **Informal Production Standstill**. The Committee and Secured Bondholder Representatives agree that neither shall seek discovery (whether formal or informal) from the other until at least January 10, 2024.

5.     **Hearing.**  The Parties agree that the Hearing on entry of the Cash Collateral Motion shall be continued until January 22, 2024 without prejudice to any Party's rights to seek further extension of such Hearing. Counsel for the Debtors shall file with the Court a notice continuing the Hearing on the Cash Collateral Motion until January 22, 2024 and the Parties agree that this Agreement may be attached as an exhibit to such notice.

6.     **Use of Cash Collateral**.  The Debtors may continue to use cash collateral in accordance with the terms of the Second Interim Order. Except as expressly set forth herein, the terms of the Second Interim Order shall continue to govern in the Chapter 11 Cases.

7.     **Applicable Law and Jurisdiction**.  This Agreement shall be governed by and interpreted in accordance with the laws of the State of Iowa (without regard to conflicts of laws principles), except to the extent superseded by federal law.

2

8. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed to be an original and all of which taken together shall constitute one and the same instrument.  Delivery of a signed counterpart of this Agreement by e-mail or facsimile transmission shall constitute valid and sufficient delivery thereof. This Agreement shall become effective when it shall have been executed by all of the Parties, which, when taken together, bear the signature of the other Parties. The pages of any counterpart of this Agreement containing any Party's signature may be detached therefrom without impairing the effect of the signature, provided such pages are attached to any other counterpart identical thereto except having additional pages containing the signature or acknowledgement thereof of the other Parties. Each of the parties to this Agreement may execute and deliver this Agreement and any other agreements, documents, or instruments to be executed in connection with this Agreement by electronic means in accordance with, or as permitted under, any applicable law, including, without limitation, the Federal Electronic Signatures in Global and National Commerce Act, the Iowa Uniform Electronic Transactions Act (Iowa Code Chapter 554D, Subchapter 1) or any other similar state laws based on the Uniform Electronic Transactions Act.

9. **Severability**. If any one or more of the provisions contained in this Agreement shall be held invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

10. **Headings**.  The headings of the paragraphs and sections in this Agreement are for convenience of reference only and shall not in any way affect the interpretation or construction of this Agreement.

11. **Authority.** Each signatory to this Agreement acknowledges and affirms its ability to bind the Party on behalf of whom they have signed.

[Signature Page to Follow]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their authorized agents as of the Effective Date.

DEBTORS:

Mercy Hospital, Iowa City, Iowa

By: *Roy Leaf*

Name: Roy Leaf

Title: Counsel to Debtors


Mercy Services, Iowa City, Inc.

By: *Roy Leaf*

Name: Roy Leaf

Title: Counsel to Debtors


Mercy Iowa City ACO, LLC

By: *Roy Leaf*

Name: Roy Leaf

Title: Counsel to Debtors


COMMITTEE:

Official Committee of Unsecured Creditors

By:_____

Name:_____

Title: _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their authorized agents as of the Effective Date.

DEBTORS:

Mercy Hospital, Iowa City, Iowa

By:_____

Name:_____

Title: _____

Mercy Services, Iowa City, Inc.

By:_____

Name:_____

Title: _____

Mercy Iowa City ACO, LLC

By:_____

Name:_____

Title: _____

COMMITTEE:

Official Committee of Unsecured Creditors

By: *RG*

Name: ROBERT GAINER

Title: LOCAL COUNSEL

4

Error! Unknown document property name.

SECURED BONDHOLDER REPRESENTATIVES

Computershare Trust Company, N.A., not in its individual capacity but solely as Trustee

By: *Corbin B. Connell*

Name: Corbin B. Connell

Title: Vice President


Preston Hollow Community Capital, Inc.

By:_____

Name:_____

Title: _____

5

**SECURED BONDHOLDER REPRESENTATIVES**

Computershare Trust Company, N.A., not in its individual capacity but solely as Trustee

By:_____

Name:_____

Title: _____


Preston Hollow Community Capital, Inc.

By:_____[signature]_____

Name:___John Dinan_____

Title: ___General Counsel and Secretary___

5