# EXHIBIT  D



**mwe.com**

Daniel Simon
Attorney at Law
dmsimon@mwe.com
+1 404 260 8554

December 8, 2023

Altera Digital Health, Inc.
c/o Schuyler G. Carroll
345 Park Avenue
New York, NY 10154
scarroll@loeb.com

VIA EMAIL AND FIRST CLASS MAIL

Re:    *In re Mercy Hospital, Iowa City, Iowa, et al.* (Bankr. N.D. Iowa Case No. 23-00623)

Dear Schuyler:

As you know, we represent Mercy Hospital, Iowa City, Iowa ("Mercy" or the "Hospital")
and certain of its affiliates and subsidiaries as debtors and debtors-in-possession (collectively, the
"Debtors") in the above-referenced jointly-administered chapter 11 bankruptcy cases (collectively,
the "Chapter 11 Cases"), which are currently pending before the Honorable Thad J. Collins in the
United States Bankruptcy Court for the Northern District of Iowa (the "Court").  We write to (i)
provide preliminary notice of (a) the Debtors' non-renewal of the Altera Agreement (as defined
below) and (b) the Debtors' election to extend the term of the Altera Agreement for up to a year
solely to provide transition services to the University of Iowa (as defined below) and (ii) address
additional aspects of the Debtors' contemplated transition process.  While we intend to negotiate
in good faith with your client in the coming weeks regarding an appropriate transition process, we
are serving this letter to ensure timely notice under the Altera Agreement, and to put Altera on
notice regarding the potential ramifications regarding its improper demand for a release.

I.    **Background**

The Debtors are party to that certain *Master Client Agreement* with Digital Health Inc.
("Altera"), as successor to Allscripts Healthcare, LLC, dated March 9, 2021 (as amended,
modified, or supplemented, the "Altera Agreement").  The Altera Agreement was modified via
signed letter agreement on August 1, 2023.

On August 7, 2023, the Debtors commenced the Chapter 11 Cases by filing voluntary
petitions seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy
Code").  On August 9, 2023, the Debtors filed a motion to sell substantially all of their assets under
section 363 of the Bankruptcy Code.  *See* Docket No. 58.

On October 27, 2023, the Debtors declared the State of Iowa's University of Iowa (the
"University of Iowa" or the "Buyer") as the successful bidder.  *See* Docket No. 420.  On November



Altera Digital Health, Inc.
December 8, 2023
Page 2

7, 2023, the Court entered an order approving the Debtors' sale to the University of Iowa and the Debtors' entry into the underlying asset purchase agreement with the University of Iowa (the "APA"). *See* Docket No. 476. Pursuant to Section 6.2 of the APA with the University of Iowa, a closing condition to the sale is that the Buyer shall have entered into transition services agreements with such material third parties as may be necessary to continue to operate the Hospital following closing, which is currently contemplated for January 31, 2024 (the "Closing Date"). Put simply, without transition services provided by Altera to the Buyer, the daily operations of the Hospital would grind to a halt, patients' lives would be at risk, and the Hospital would likely immediately close.

## II.      The Altera Agreement

### A.      Notice of Non-Renewal

Because the Debtors intend to wind-down and liquidate their remaining assets following the Closing Date, written notice is hereby given, pursuant to Section 2 of the Altera Agreement, of the Debtors' non-renewal of the Altera Agreement effective March 9, 2024 (the "Termination Date").

### B.      Notice of Transition Services Election

Given the contemplated Closing Date, the Debtors have expended significant resources, time, and energy in recent weeks working collaboratively with the University of Iowa to ensure a smooth and seamless transition, which cannot occur without leaving intact the IT infrastructure necessary for the University of Iowa to continue to operate the hospital and provide critical patient care. Accordingly, pursuant to Section 14.3 of the Altera Agreement, written notice is hereby given of the Debtors' post-termination election to extend the term of the Altera Agreement for up to one year following the Termination Date, through and including March 9, 2025, in order to provide the University of Iowa with necessary operational transition services following the Closing Date.

## III.     Altera's Improper Demand for Debtor Release

We understand that Altera was engaged in discussions with the University of Iowa regarding the terms of a potential transition services agreement (the "TSA"). We also understand that Altera has stopped negotiating the terms of a TSA unless and until Altera receives a release from the Debtors' estates. However, as discussed below, absent a significant settlement payment flowing into the Debtors' estates, the Debtors are unwilling to grant Altera its requested release at this time.

As set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "Toney Declaration"), the Debtors' electronic medical record ("EMR") system implemented by Altera in March 2022 immediately created significant operational problems for the Debtors, including difficulties in coding, billing and collecting for



Altera Digital Health, Inc.
December 8, 2023
Page 3

patient encounters, an inability to submit regulatory reports on time, and misconfigured workflows. *See* Toney Decl., ¶ 48. Consequently, as set forth in the Toney Declaration, the flawed system caused a precipitous loss of revenue in late 2022 and early 2023 due to delayed patient bill submissions, resulting in a substantial backlog of accounts receivable payments that could not be collected promptly. The Debtors' accounts receivable increased by more than 40% during this period despite lower year-over-year net patient revenues, which severely impacted the Debtors' financial liquidating during the latter half of 2022 and the first quarter of 2023. *See id.* Accordingly, as noted in section 74.1 of Mercy's schedule of assets and liabilities [Docket Nos. 135, 136], the Debtors believe that they may have colorable causes of action against Altera in connection with the EMR implementation system in 2022.

Put simply, the failed EMR implementation was a significant contributing factor to the Debtors' financial difficulties in 2022 and 2023, that ultimately necessitated the filing of these Chapter 11 Cases. Now on the cusp of closing value-maximizing sale to the University of Iowa approved by the Bankruptcy Court, your client's attempt to leverage a release for potentially valuable causes of action is not well received. The University of Iowa has already committed to paying Altera reasonable value for its services during this transition period, which is not only a condition to closing, but absolutely vital for the operations of the Hospital to continue. In the event that Altera remains unwilling to negotiate a fair and reasonable transition services agreement in good faith with the University, the Debtors will have no choice but to seek to compel Altera to provide the transition period that is already specifically contemplated under the Altera Agreement.

Please contact me **no later than December 14, 2023** to confirm your commitment to abide by the terms of the Altera Agreement to provide transition services to the Buyer. If I do not hear from you, I will assume that we will need to seek appropriate redress before the Bankruptcy Court.

The Debtors' rights with respect to the Altera Agreement, including the ability at any time to rescind this notice, and any causes of action or claims against Altera are expressly reserved. If you have any further questions, please do not hesitate to contact me.

Sincerely,

Daniel Simon

cc:   Felicia Gerber Perlman
      Mark E. Toney
      Marcus Perez
      Andrew Sherman
      Boris Mankovetskiy
      Nathan Coco



Altera Digital Health, Inc.
December 8, 2023
Page 4

     David Gordon
     Janet Reasoner

