UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| | (Jointly Administered) |
| Debtors. | |

**DECLARATION OF ELLIOTT BRYANT
IN SUPPORT OF MOTION OF ALTERA DIGITAL HEALTH INC. TO
COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT**

I, Elliott Bryant, make this declaration (the "Declaration") under 28 U.S.C. § 176:

1. I submit this Declaration in support of Altera Digital Health Inc.'s ("Altera") *Motion to Compel Assumption or Rejection of Executory Contract* (the "Motion"). All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2. I am an Executive Vice President of Altera. The facts and matters contained in this Declaration are based on my personal knowledge. If called as a witness, I could and would testify truthfully as to the following.

3. I have read the Motion and believe each of its statements to be true and correct.

**A.    The Agreement between Altera and the Debtors.**

4. The Debtors use Altera's proprietary electronic medical record software (the "Software"). The Software is integral to the Debtors' operations. The Software is used to keep and track medical records, including scheduling patient visits, tracking medical histories, lab results, and physicians' notes, as well as billing and collecting, among other things.

5. The Software is licensed pursuant to the Agreement (**Ex. F**), which was executed on March 9, 2021 by Allscripts (Altera's predecessor-in-interest) and the Debtors. The Debtors were, *inter alia*, granted a nonexclusive, non-transferable right and license to use the Software. *Id.*, § 3.1. The Agreement incorporates the separate "Client Orders" that were signed by the

Parties. *Id.*, § 1. Concurrent with the Agreement's execution, the parties also executed that certain *Initial Client Order* (**Ex. G**) (the "Client Order").

**B.     Altera and the Debtors execute the Amendment to the Agreement.**

6.     As of June 30, 2023, the Debtors owed Altera an amount not less than $9,848,792.88 in unpaid accounts receivables for invoices issued in connection with the Agreement.

7.     Even though the Debtors were significantly indebted to Altera, Altera worked in good faith with the Debtors to permit the Debtors to continue to use the Software. Accordingly, on August 1, 2023, Altera and the Debtors executed that certain amendment to the Agreement (**Ex. H**) (the "Amendment"). The Debtor has continued to use the Software through the Petition Date. As a result, since the Petition Date, Altera is owed $3,932,754.64 through December 15, 2023.

**C.     The Debtors' improper attempt to terminate – but not reject – the Agreement.**

8.     On December 8, 2023, the Debtors sent Altera a letter, purportedly terminating the Agreement by giving written notice of "the Debtors' non-renewal of the [Agreement] effective March 9, 2024." **Ex. I**. The Debtors also purported to give notice of their election to extend the Agreement's post-termination "support term" through and including March 9, 2025. *Id.*, p. 2. The Debtors stated the Buyer needs the support term to facilitate a transition to a different electronic medical record provider following the sale. The Debtors asserted that the need for transition services is of the utmost importance because: "Put simply, without transition services provided by Altera to the Buyer, the daily operations of the Hospital would grind to a halt, patients' lives would be at risk, and the Hospital would likely immediately close." *Id.*, p. 2.

9.     On December 14, 2023, Altera sent a response to the Debtors' letter, explaining that the Debtors are not permitted to terminate the Agreement prior to the Agreement's expiration

on March 9, 2031 and that the Debtors are not entitled to a "support term" because they cannot terminate the Agreement before 2031. **Ex. J**.

**D.    Altera will be prejudiced if the Debtors are not compelled to assume or reject the Agreement.**

10.    First, absent granting the Motion, the Debtors will be permitted to improperly assign the Agreement, without assumption, without paying the cure amounts and thereafter reject. Second, until the Debtors assume or reject the Agreement, Altera will be obligated to continue performing under the Agreement and incur out-of-pocket expenses. Third, Altera presently is only being compensated at less than half of the payment required under the Agreement. Fourth, the Software and benefits from the Agreement will be conferred on an absolute stranger to the Agreement with whom Altera did not contract: the Buyer.

**E.    Altera's post-petition benefit to the Debtors.**

11.    Since the filing date, $3,932,754.64 has accrued through December 15, 2023. The unpaid amounts continue to accrue in the approximate amount of $207,000 per week.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and accurate.

Dated: December 20, 2023

ELLIOTT BRYANT

**EXHIBITS TO DECLARATION OF ELLIOTT BRYANT
IN SUPPORT OF MOTION OF ALTERA DIGITAL HEALTH INC. TO
COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT**

**Exhibit F (Ex. F)**: identical to Exhibit A to the Motion to which is Declaration is attached, this document has been sealed by Court Order entered December 20, 2023 (Doc. No. 588)

**Exhibit G (Ex. G)**: identical to Exhibit B to the Motion to which is Declaration is attached, this document has been sealed by Court Order entered December 20, 2023 (Doc. No. 588)

**Exhibit H (Ex. H)**: identical to Exhibit C to the Motion to which is Declaration is attached, this document has been sealed by Court Order entered December 20, 2023 (Doc. No. 588)

**Exhibit I (Ex. I)**: identical to Exhibit D to the Motion to which is Declaration is attached

**Exhibit J (Ex. J)**: identical to Exhibit E to the Motion to which is Declaration is attached