**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, | ) | |
| IOWA CITY, IOWA, *et al.,* | ) | Case No. 23-00623C |
| | ) | |
| Debtors. | ) | Jointly Administered |

## OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO THE SECOND MONTHLY FEE APPLICATION OF FTI CONSULTING

### JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. The Court has jurisdiction over this Objection and the Sale Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought herein is 11 U.S.C. §§330 and 331, as well as Fed. R. Bankr. P. 2016. The United States Trustee has standing to raise, appear and be heard on this Objection pursuant to 11 U.S.C. §307; 28 U.S.C. § 581 *et seq.*

### PROCEDURAL BACKGROUND

2. On August 7, 2023, Mercy Iowa City ACO, LLC, Mercy Hospital, Iowa City, Iowa, and Mercy Services Iowa City, Inc., (hereinafter "Mercy" or "Debtors") filed three individual chapter 11 bankruptcy petitions that are being Jointly Administered under case number 23-00623.

3. The Debtors continue to operate as debtors-in-possession under §§1107 and 1108 of the Bankruptcy Code.

4. On August 15, 2023, the UST filed her Notice of Appointment of Creditors' Committee. *See* Doc. 107.

5. FTI Consulting, Inc. (hereinafter "FTI") was employed as the financial advisor to the Committee on October 12, 2023 as of August 21, 2023. *See* Doc. 229 and Order at Doc. 356.

6. In its First Fee Application, FTI sought compensation for work completed on August 21, 2023 through September 30, 2023 on November 9, 2023. *See* Doc. No. 490. No objections were filed.

7. On December 15, 2023 FTI filed their Second Monthly Fee Application (docketed as *Third Application for Compensation*), seeking payment for fees and expenses incurred from October 1 through October 31, 2023. The Application seeks $67,424.00 in fees (80% of $84,280.00) and $2,576.39 in expenses (100% of total) pursuant to the Interim Compensation Order. *See* Doc. 224.

8. The UST objects to payment of these fees as the time records detail overstaffing by FTI consulting and a lack of benefit to the estate.

## ARGUMENT

9. All requests for compensation should be carefully examined by the Court to determine whether the services were reasonable and necessary to the administration of the estate and to determine whether the applicants exercised reasonable billing judgment.

10. The FTI Application seeks a total of $84,280 in fees and $2,576.39 in expenses for three individuals working to provide consultation services to the Committee.

11. FTI points out they are taking a "voluntary reduction" of $32,512, however, the Application contains no information regarding the billing reduction. The Application should include the billing detail and then reflect the "no charge" entry to support the assertion of a voluntary reduction. They also apply a "discount" of 50% for non-working travel time, which is required in this district.

12. By way of comparison, counsel to the Official Committee of Unsecured Creditors is seeking $168,750 in fees and $1,274.88 in expenses for the same time period.

13. FTI employs three billing professionals who billed $675/hour, $1,035/hour, and $1,390/hour. Counsel to the Committee employs nine attorneys who have all agreed to an hourly billing cap of $675.

14. The detailed time entries of the FTI Application evidence that its Managing Director and Senior Managing Director are the most involved, but often complete the same tasks. Most meetings are attended by both professionals. By including both of these professionals, they are effectively charging an hourly rate of $2,425/hour. This includes both professionals traveling to Chicago for meetings in early October.

15. The only tangible work product which is clear from the time records is that of the senior consultant, who researched investment banking. This research may prove to be helpful at the close of the sale, but its necessity is unclear at this point.

16. The UST understands the role of a financial advisor to the Committee may necessarily be that of a true advisor, reviewing the work product of other professionals and giving an opinion as to the accuracy of that work product. However, here it appears there are three people billing the estate to stay up to date on the case and advise Counsel for the Committee, which is resulting in significant overbilling for which full compensation may not be warranted.

## **CONCLUSION**

17. The applicant bears the burden of proving both the reasonableness and necessity of fees requested in the fee application. If a professional fails to meet this burden of proof under 11 U.S.C. §330(a), the bankruptcy court may award less than the amount of compensation that is requested.

18. The UST reserves all rights to amend and supplement or modify each portion of this objection.

WHEREFORE, the Acting United States Trustee requests that the Court reduce the Second Fee Application by 30%.

Dated:   December 28, 2023

**Mary R. Jensen**
Acting United States Trustee
Region 12

By:/s/ Janet G. Reasoner
**Janet G. Reasoner**
111 7th Ave SE, Box 17
Cedar Rapids, Iowa 52404
Ph: (319) 364-2211
Janet.G.Reasoner@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated December 28, 2023.

        By: /s/ Jennifer L. Cline
        **Jennifer L. Cline**
        Paralegal Specialist
        United States Trustee's Office