# **EXHIBIT B**

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("**Agreement**") is entered into as of the 7 day of November, 2023 by and between Mercy Hospital, Iowa City, Iowa, an Iowa nonprofit corporation doing business as "Mercy Iowa City" ("**Employer**"), and Jessica Frana, on behalf of herself and her heirs, executors, administrators, successors and assigns, and each of them, jointly and severally (herein collectively referred to as "**Employee**"), who agree to be bound by all the terms and conditions hereof. Employer and Employee are collectively referred to as the "**Parties**" and each separately as a "**Party**."

RECITALS:

A. Employer employs Employee as a full-time Advanced Registered Nurse Practitioner pursuant to that certain Employment Agreement effective on or before February 1, 2023 by and between Employer and Employee attached hereto as <u>Exhibit A</u> (the "**Employment Agreement**").

B. Employee submitted her resignation notice to Employer.

C. On August 7, 2023, Employer filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Iowa (the "**Bankruptcy Court**").

D. As a consequence of the circumstances by which Employee terminated the Employment Agreement, Employer alleges Employee owes Employer Nine Thousand Dollars ($9,000.00), which constitutes a portion of the signing bonus Employer paid to Employee under the Employment Agreement.

E. Employer denies any liability, wrongdoing, or breach of the Employment Agreement, but, in exchange for the release and discharge and the other terms and conditions set forth herein, is willing to accept the Settlement Amount (as defined below) in lieu of the Nine Thousand Dollars ($9,000.00) Employer alleges it is owed by Employee.

F. It is the desire of Employee and Employer to privately and finally compromise and settle, once and for all, in an effort to avoid the time-and-resource-consuming litigation and appeals which are likely to occur, or which presently, or in the future, could arise or be associated with Employee's employment by Employer or the Employment Agreement and the above-mentioned allegations, assertions, and complaints, including all claims and causes of action of any kind and description, regardless of whether currently articulated, and further including all claims and causes of action of any kind and description which could be asserted by or against persons or entities not named as parties to this Agreement.

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises contained herein, the Parties do now covenant and agree to compromise and settle all matters of difference in dispute between them, whether known or unknown, as follows:

1.　<u>Agreement</u>. Employee agrees to continue her employment as an Advanced Registered Nurse Practitioner with Employer up and until November 10, 2023 pursuant to the terms and conditions of the Employment Agreement. In consideration of the covenants and obligations set forth herein, Employee agrees that Employer can deduct Two Thousand Dollars ($2,000.00) less withholdings from Employee's final paycheck dated November 17, 2023 (the "**Settlement Amount**") as full and final consideration for the release and other covenants given by the Parties as set forth in this Agreement.

2. <u>Release and Discharge</u>. Employee, on behalf of herself and for anyone else who may make a claim on her behalf, knowingly and voluntarily releases and discharges Employer, and its present and former officers, partners, directors, trustees, administrators, staff, employees, affiliates, parent companies, subsidiaries, insurers, reinsurers, attorneys, agents and representatives, successors and assigns, and all persons acting on behalf of, by, through, under, or in concert with any of them (collectively, "**Releasees**") of and from any and all liability, actions, causes of action, suits, claims, controversies, promises, agreements, contracts, or demands of every kind and nature whatsoever, including all claims for monetary damages (whether compensatory, special, or punitive) and equitable, supplemental, declarative, or injunctive relief, which Employee now has, whether known or unknown, as well as any future developments thereof, whether now anticipated or not, in any way arising out of, connected with, resulting from, or pertaining to Employee's employment with Employer, or any relationship with Releasees, and any and all other acts, omissions, events, or matters arising or occurring related to Releasees through the Effective Date (as defined below).

This Agreement specifically includes, but is not limited to, claims for: discrimination, harassment, or retaliation of any type, including, but not limited to, discrimination and harassment on the basis of race, color, sex, religion, national origin, sexual orientation, gender identity, age, veteran's status, or disability, and retaliation for engaging in protected activity under any federal, state, or local anti-discrimination, anti-harassment, or civil rights law, including, but not limited to, claims under Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, if applicable; the Iowa Civil Rights Act, Iowa Code Chapter 216; claims for wrongful or retaliatory termination, either express or constructive, in violation of public policy; tortious interference with current or prospective employment; defamation, libel, or slander of any type; intentional, reckless, or negligent infliction of emotional distress; invasion of privacy; tort liability under any claim or theory of recovery; claims under Iowa Code Chapter 91A; claims under the Equal Pay Act, 29 U.S.C. § 206(d); claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*; claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*; claims under the Family Medical Leave Act, 29 U.S.C. § 2601 *et. seq.*; and claims under any Iowa common law, statute, regulation, or public policy, or any purported contract, express or implied. This Agreement also specifically includes, but is not limited to, Electronic Stored Communications Act, 18 U.S.C. § 2701, *et seq.*; Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*; any similar state law claims, and any other claims, including common law claims, arising out of Employee's use of Employer's data, data storage, and/or Employer's computer equipment. This Release specifically and expressly encompasses all claims except those the law says cannot be waived. Employee acknowledges that she has received all compensation due her; she has notified Employer of any and all work-related injuries sustained; and Employer has permitted her to take all required leave.

3. <u>No Defamatory Statements</u>. The Parties agree that both parties, including all officers and directors, will not make any defamatory, false, or tortious statement or representation intended to interfere with the other's business, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party or the other Party's affiliates, or any of its directors, officers, employees, attorneys, agents, or representatives. For purposes of this paragraph, a defamatory statement or representation is any communication which, if publicized to another, is false or untrue, or is made with the tortious intent to cause the recipient of the communication to question the business condition, integrity, competence, good character, or quality of the person or entity to whom the communication relates.

4. <u>No Admission of Liability</u>. Neither this Agreement nor the Settlement Amount shall constitute any admission by Employer or Releasees of any liability to Employee, or any admission by Employee to Employer, or of any violation of local, state, or federal civil rights acts, their attendant regulations, or any other statutory, regulatory, contractual, or common law rule or principle, or breach of any alleged contract. By entering into this Agreement, the Parties do not admit the truth of any alleged facts, any of the characterizations of the Parties' alleged conduct, or any of the allegations or conclusions set forth in any of the letters, charges, petitions, answers, complaints, responses, allegations, documents, or statements, written or oral, heretofore made or advanced about or against either Party.

2

5. <u>Non-Competition/Non-Solicitation</u>. Notwithstanding anything to the contrary in the Employment Agreement, the Parties agree that the non-competition and non-solicitation provisions set forth in Section 13 of the Employment Agreement shall remain in full force and effect until November 10, 2024.

6. <u>Entire Understanding of Parties; Free, Knowing, and Voluntary Execution</u>. Each Party expressly understands and agrees that the Settlement Amount is the sole and full consideration of this Agreement and the conditions stated herein are contractual and not a mere recital. This Agreement sets forth the entire agreement and understanding between the Parties. The Parties acknowledge that they have freely, knowingly, and voluntarily executed this Agreement solely upon reliance upon their own knowledge and information imparted from their attorneys and in accordance with what they believe to be their best interests.

7. <u>Governing Law</u>. The parties agree that this Agreement is governed by, and shall be interpreted and construed in accordance with, the laws of the State of Iowa without regard to conflict of law principles.

8. <u>Review and Revocation</u>. Employee acknowledges she was given at least twenty-one (21) days within which to review and consider this Agreement and that Employer expects she will take the full twenty-one (21) days to consider it. In the event Employee executes this Agreement before the twenty-first (21st) day, Employee certifies, by such execution, that she knowingly and voluntarily waived her right to the full twenty-one (21) days, for reasons personal to her, with no pressure by Employer's representatives to do so. This Agreement does not waive any rights or claims that may arise after its execution. In addition, Employee is provided up to seven (7) calendar days after signing this Agreement to revoke it. This revocation must, in order to be effective, be made in writing and must be actually delivered to and received by Employer's counsel, Roy Leaf at 625 First Street SE, Suite 400, Cedar Rapids, Iowa 52401, by 5:00 p.m. on or before the seventh (7th) calendar day after Employee signs this Agreement. Employer acknowledges that no payment due under this Agreement will be made until, on, or after the eighth (8th) calendar day after Employee signs this Agreement without revoking it, and said day will become the "**Effective Date**" of this Agreement. Employee is advised to consult with legal counsel about this Agreement.

PLEASE READ CAREFULLY. BY SIGNING THIS DOCUMENT, YOU ARE RELEASING ALL KNOWN CLAIMS. YOU HAVE A PERIOD OF AT LEAST TWENTY-ONE (21) DAYS TO CONSIDER THIS AGREEMENT. IF YOU SIGN THIS AGREEMENT, YOU WILL HAVE UP TO SEVEN (7) DAYS FOLLOWING THE DATE YOU SIGN IT TO REVOKE YOUR SIGNATURE. THE RELEASE UNDER THIS AGREEMENT SHALL NOT BECOME EFFECTIVE OR ENFORCEABLE UNTIL THIS SEVEN (7) DAY PERIOD HAS EXPIRED.

9. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument, and in making proof hereof, it shall not be necessary to produce or account for more than one such counterpart.

10. <u>Court Approval</u>. Employer's entry into this Agreement is in all respects subject to approval of the Bankruptcy Court. In the event that the Bankruptcy Court does not authorize Employer to take the actions contemplated in this Agreement, the Parties expressly acknowledge that this Agreement will be null, void, and unenforceable in all respects.

[Signature Page Follows]

3

Doc ID: 10e4b2dfff05220c79226874a16c003661fcb043

IN WITNESS WHEREOF, the Parties to this Settlement Agreement and Release do hereby execute the aforesaid agreement on the dates listed below.

_____
Jessica Hrana

Date: 11/7/23

MERCY HOSPITAL, IOWA CITY, IOWA

_____
By: Jim Porter, CFO

Date: 11 / 27 / 2023

[Signature Page to Settlement Agreement and Release]

4