**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No.** |

**ORDER AUTHORIZING AND DIRECTING DISTRIBUTION OF SALE**
**PROCEEDS TO MASTER TRUSTEE AND GRANTING SECURED**
**BONDHOLDER REPRESENTATIVES RELIEF FROM STAY**

Upon the motion (the "Motion")[1] of the Secured Bondholder Representatives for entry of

an order (this "Order") (a) authorizing and directing the distribution of certain proceeds from the

sale of the Purchased Assets to the University promptly upon the closing of the sale transaction

between the University and the Debtors and (b) granting the Secured Bondholder Representatives

relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code; and the Court

having considered the Motion, the arguments of counsel and the evidence presented at the hearing

on the Motion, and the entire record; and due and sufficient notice of the hearing and the relief

sought therein having been given under the particular circumstances; and it appearing that no other

or further notice need be provided; and the Court having reviewed the Motion and all objections

thereto; and it appearing that the relief requested in the Motion is in the best interest of the Debtors,

their estates, their creditors, and other parties-in-interest in these chapter 11 cases; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and after due deliberation thereon and good and sufficient cause

appearing therefor, it is hereby

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**FOUND, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Secured Bondholder Representatives are granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) to request and receive distribution of the Collateral Proceeds.

3.      The Debtors are authorized and directed to distribute Collateral Proceeds in the amount of $26,800,000 to the Master Trustee on the date of closing of the Sale, or as soon as is reasonably practicable thereafter.

4.      Notwithstanding any Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated and entered this _____ day of _____, 2024.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**WHITFIELD & EDDY, P.L.C.**
Peter J. Chalik (Iowa Bar No. AT0013036)
699 Walnut St., Suite 2000
Des Moines, Iowa 50309
Telephone: (515) 288-6041
Email: *Chalik@whitfieldlaw.com*

- and –

**MINTZ, LEVIN, COHN, FERRIS
GLOVSKY AND POPEO, P.C.**

William W. Kannel (admitted *pro hac vice*)

2

One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Email: WKannel@mintz.com

Nathan F. Coco (admitted *pro hac vice*)
Megan Preusker (admitted *pro hac vice*)
Kaitlin R. Walsh (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 935-3000
Email: NFCoco@mintz.com
        MPreusker@mintz.com
        KRWalsh@mintz.com