IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, et.al., | Case No. 23-00623 (Jointly Administered) |
| Debtors. | |

**FORMAL LIMITED OBJECTION OF RMS HOLDINGS, P.C. AND RADIOLOGIC MEDICAL SERVICES, P.C. TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

RMS Holdings, P.C. and Radiologic Medical Services, P.C. (together, "RMS"), through their undersigned counsel, file this Formal Limited Objection (the "Formal Limited Objection") to the sale of substantially all of the assets of Mercy Iowa City ACO, LLC, Mercy Hospital, Iowa City, Iowa, and Mercy Services Iowa City, Inc. (hereinafter, "Debtors"). In support of this Formal Limited Objection, RMS respectfully states as follows:

**BACKGROUND**

1. On August 9, 2023, Debtors filed *Motion for Entry of Order (I)(A) Approving Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Authorizing the Debtors to Provide Stalking Horse Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving the Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (Docket No. 58) ("Sale Motion").

1

2. As set forth in the Sale Motion, Debtors are seeking the sale of substantially all of Debtors' assets (the "Assets") "free and clear of any and all liens, claims, interests, and other encumbrances, in accordance with § 363(f) of the Bankruptcy Code, with any such liens, claims, interests, and encumbrances attaching to the proceeds of the applicable sale." Sale Mot. ¶ 62.

3. In response, RMS filed the *Limited Objection of RMS Holdings, P.C. and Radiologic Medical Services, P.C. to Motion for Entry of Order, Inter Alia, Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances* (Docket No. 195) ("RMS's Limited Objection to Sale Motion") on September 7, 2023.

4. RMS provides professional radiology services to patients, including independent radiology services, as well as contracted radiology services for a number of hospitals and other healthcare providers. After a number of years of negotiation, on October 1, 2012, RMS Holdings, P.C. and Debtor Mercy Hospital, Iowa City, Iowa ("Mercy") created Corridor Radiology, LLC ("Corridor") and executed the Operating Agreement of Corridor Radiology, LLC (the "Operating Agreement"), which is attached hereto as Exhibit 1.

5. To implement the expected economic relationship between RMS and Mercy, a variety of contracts were negotiated with respect to the services to be rendered by the various parties and the methods by which those parties would be paid. There are two other contracts that have been identified by Debtors:

   a. A third-party service agreement listed in Debtors' schedule of *Potential Assumed Contracts. Notice of Assumption & Assignment of Executory Contracts or Unexpired Leases and Cure Costs* (Docket No. 265), Potential Assumed Contract List at 14. RMS does not object to the assumption of this agreement, or the cure amount provided therein.

2

  b. A service agreement listed as "Radiology Department – Radiology Service Agreement" in Debtors' schedule of *Additional Potential Assumed Contracts*. *Notice of Assumption and Assignment of Additional Executory Contracts or Unexpired Leases and Cure Costs* (Docket No. 610), Additional Potential Assumed Contracts List at p. 2. RMS does not object to the assumption of this agreement.

6. In RMS's Limited Objection to Sale Motion, RMS noted that it appeared that, as part of the sale of its Assets, Debtors intend to transfer the Membership Interest in Corridor, the joint venture between RMS and Mercy.

7. Accordingly, RMS objected to the Sale Motion to the extent that Debtors were attempting to use Bankruptcy Code § 363(f) to transfer Mercy's Membership Interest in Corridor without first obtaining consent from RMS. *See generally* RMS's Limited Obj. to Sale Mot. (Docket No. 195).

8. RMS and Debtors thereafter agreed that RMS's Limited Objection to Sale Motion would be continued to the Sale Hearing as memorialized in ¶ 2 of the *Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving Break-Up Fee, (C) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (D) Approving the Form and Manner of Notice Thereof, (E) Approving Contract Assumption and Assignment Procedures, and (F) Granting Related Relief* (Docket No. 222) ("Bidding Procedures Order") as entered by the Court on September 14, 2023.

9. On September 14, 2023, Debtors issued the *Notice of Sale, Bidding Procedures, Auction and Sale Hearing* (Docket No. 236) ("Sale Notice").

10. In the Sale Notice, October 2, 2023, was established as the deadline to file an objection with the Court to the sale of Debtors' Assets.

11. On October 2, 2023, RMS filed its *Objection re: Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business Filed by RMS Holdings, P.C., Radiologic Medical Services, P.C. (related document(s)[236] Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business)* (Docket No. 317) (hereinafter the "RMS Renewed Limited Objection.")

12. On December 19, 2023, Debtors filed a *Revised Notice of January 22, 2024 Hearing on Objections of Contract Counterparties to Sale Order, Exclusivity Motion, Cash Collateral Motion, and Cash Management Motion* (Docket No. 585) (hereinafter the "Revised Notice of Hearing on Objections").

13. In the Revised Notice of Hearing on Objections, Debtor stated that any Contract Counterparty that had timely filed an Objection prior to entry of the Sale Order had until January 12, 2024, to file a formal Contract Objection. (*See* Dkt. 585).

14. Accordingly, RMS now reasserts its objection to the approval of the sale of Debtors' Assets to the extent Debtors are attempting to use Bankruptcy Code § 363(f) to transfer Mercy's Membership Interest in Corridor without first obtaining consent from RMS. As set forth below, such transfer as it is not permitted pursuant to the Bankruptcy Code, Corridor's governing documents, and Iowa law.[1]

## ARGUMENT

15. As established in RMS's Renewed Limited Objection to Sale Motion, Bankruptcy Code § 363(f) provides that property may only be sold free and clear of an interest of a third party

---

[1] Accordingly, RMS hereby incorporates its Limited Objection to Sale Motion and Renewed Limited Objection to the extent applicable. *See* Bidding Order Procedure ¶ 1.

4

if one of the conditions set forth therein have been satisfied.[2] In this case, none of the enumerated conditions have been met as to the restrictions on Mercy's Membership Interest.

16. The Operating Agreement governs the transferability of the Membership Interest and, thus, establishes restrictions on Mercy's ability to transfer the Membership Interest including both the economic and non-economic rights associated with that Membership Interest. *See generally* Ex. 1, Operating Agreement art. IX. Notably, these transfer restrictions in Article IX of the Operating Agreement "are not so-called ipso facto clauses rendered unenforceable by 11 U.S.C. §§ 541(c) and/or 363(1)" because the "restrictive covenants are not conditioned on a member's insolvency or triggered by the commencement of a bankruptcy case." *In re Kramer*, No. 19-12014-R, 2022 WL 398748, at *5 (Bankr. N.D. Okla. Feb. 8, 2022). Instead, these transfer restrictions are limitations on the property owned by Mercy.

17. In *In re Kramer*, No. 19-12014-R, 2022 WL 398748 (Bankr. N.D. Okla. Feb. 8, 2022), for example, Bankruptcy Court for the Northern District of Oklahoma reviewed the amended operating agreement of Pinnacle, the limited liability company at issue, and, "considering it as a whole to give effect to all its provisions and to the intention of the parties, the Court conclude[d] that Trustee's proposed sale and transfer of the economic benefits of the estate's interest in Pinnacle is subject to all procedures and restrictions set forth in Article X." *Id*. at *6.

18. Under Article IX of the Corridor Operating Agreement, then, express written approval by all of the Members is required before Membership Interests can be transferred. Ex. 1,

---

[2] Specifically, pursuant to Bankruptcy Code § 363(f), Debtors is allowed to sell property free and clear of any interest only if one of the following conditions is met: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2)such entity consents; (3)such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4)such interest is in bona fide dispute; or (5)such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f)(1)-(5).

Operating Agreement § 9.1. RMS Holdings, P.C., as the sole Class P Member, has not approved of the sale of Mercy's Membership Interest.

19. Moreover, under the terms of the Operating Agreement, even after a transfer is properly made, the party receiving the Membership Interest will not receive the non-economic interests of Mercy until such transferee becomes a Substitute Member, which would also require, *inter alia*, the consent of RMS Holdings, P.C. Ex. 1, Operating Agreement §§ 9.3 & 9.4.

20. As such, Bankruptcy Code 363(f)(1) and (2) have not been met as non-bankruptcy law does not permit the transfer of the Membership Interest unless RMS consents to such transfer and such consent has not been given. Furthermore, the remaining conditions of Bankruptcy Code § 363(f)(3)-(5) do not apply to the situation at hand.

21. Accordingly, RMS objects to the extent that Debtors are attempting to use Bankruptcy Code § 363(f) to transfer Mercy's Membership Interest in Corridor free of the restrictions set forth in the Operating Agreement.

WHEREFORE, RMS Holdings, P.C. and Radiologic Medical Services, P.C. request that the Court not allow the sale of Mercy's Membership Interest in Corridor Radiology, LLC under 11 U.S.C. § 363(f) or otherwise specify the rights transferred thereunder, and that the Court grant such further relief as it deems just and proper.

Date: January 12, 2024    */s/ Miranda L. Hughes*

        Miranda L. Hughes
        Samantha C. Norris
        Jennifer E. Lindberg
        BROWN, WINICK, GRAVES, GROSS
        AND BASKERVILLE, P.L.C
        666 Grand Avenue, Suite 2000
        Des Moines, IA 50309-2510
        Telephone: 515-242-2477
        Facsimile: 515-323-8577
        Email: mandy.hughes@brownwinick.com
        ATTORNEYS FOR RMS HOLDINGS, P.C. AND
        RADIOLOGIC MEDICAL SERVICES, P.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury, that a copy of this document was served on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing on the 12nd day of January, 2024.

        */s/ Miranda L. Hughes*

4874-4506-5628, v. 2