**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 589** |

**DEBTORS' OBJECTION TO MOTION OF ALTERA DIGITAL HEALTH INC. TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT**

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), hereby object (this "Objection") to the *Motion of Altera Digital Health Inc. to Compel Assumption or Rejection of Executory Contract* [Docket No. 589] (the "Altera Motion"). In support of this Objection, the Debtors respectfully represent as follows:

**PRELIMINARY STATEMENT**

1. Simultaneously with filing this Objection, the Debtors are filing *Debtors' Motion for Entry of an Order (I) Compelling Contractual Performance under Altera Agreement, (II) Enforcing the Automatic Stay, and (III) Granting Related Relief* (the "Debtors' Motion").

2. Among other things, the Debtors' Motion lays out extensive details surrounding the Debtors' contractual arrangements with Altera Digital Health Inc. ("Altera") and Altera's refusals to perform under the Altera Agreement.[1] The Debtors' Motion contains information that is important and relevant to this Objection and the Debtors accordingly expressly incorporate the Debtors' Motion herein.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Debtors' Motion.

3. The Debtors are filing this Objection for the avoidance of doubt to make clear that they object to the Altera Motion.

4. Because the Debtors have terminated the Altera Agreement, the Altera Motion is moot as there is no agreement to assume or assign. Even assuming the Altera Agreement was not already terminated, the Court should not grant Altera the extraordinary relief it requests because section 365 of the Bankruptcy Code requires the exact opposite outcome. In particular, the Bankruptcy Code gives a debtor until plan confirmation to determine whether to assume or reject executory contracts except in exceptional circumstances that include, for instance, undue hardship to the debtor's contractual counterparty.

5. Even if the Altera Agreement were not terminated already, Altera does not (and cannot) meet its burden to show that exceptional circumstances warrant forcing the Debtors to prematurely assume or reject the Altera Agreement. There is no reason to force the Debtors to choose between assumption and rejection at this stage. Section 365(d)(2) of the Bankruptcy Code automatically affords debtors the flexibility to determine whether to assume or reject executory contracts until plan confirmation, as "it is the clear policy of the Bankruptcy Code to provide the debtor with breathing space following the filing of a bankruptcy petition, continuing until the confirmation of a plan, in which to assume or reject an executory contract." *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003). Altera's empty claims of "prejudice" to itself, without more, are insufficient to override this clear policy and, by contrast, the Debtors face extreme prejudice if the Altera Motion is granted, as it jeopardizes closing.

6. Accordingly, in addition to granting the Debtors' Motion, the Debtors' respectfully request that the Court deny the Altera Motion.

2

**BASIS FOR RELIEF AND APPLICABLE AUTHORITY**

7. As an initial matter, and as further described in the Debtors' Motion, the Debtors have terminated the Altera Agreement pursuant to its terms based on Altera's failures to perform under the Altera Agreement. Accordingly, there is no agreement that Altera can compel the Debtors to assume or reject.

8. To be sure, the Debtors' termination of the Altera Agreement pursuant to its terms means that certain provisions of the Altera Agreement survive, including, most notably, the requirement that Altera provide transition services. *See, e.g.*, *Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1657-58 ("[A]ll the rights that would ordinarily survive a contract breach, including those conveyed here, remain in place."). But that does not mean that the remainder of the contract must be assumed or rejected; rather, courts have held that there remains nothing left to assume under section 365 of the Bankruptcy Code. *See, e.g.*, *Gloria Mfg. Corp. v. Intl. Ladies' Garment Workers' Union*, 734 F.2d 1020, 1022 (4th Cir. 1984) ("Once a contract has expired on its own terms, there is nothing left for the trustee to reject or assume."); *In re Imperial Beverage Grp., LLC*, 457 B.R. at 503 (holding that because a lease that was executory on the petition date expired on its own terms postpetition, "there was no unexpired lease for Imperial to assume or reject in accordance with § 365(d)(4)").

9. Even if the Altera Agreement has not been terminated (as Altera has suggested), Altera has not met its burden of proving that the time to assume or reject automatically afforded to all debtors under section 365(d)(2) of the Bankruptcy Code should be shortened or eliminated here. Other courts have previously summarized the structure of section 365 as follows:

> In sum, the Bankruptcy Code sets forth a scheme in which the debtor maintains almost exclusive control over the timing of its decision on assumption or rejection . . . . In turn, the non-debtor party is then

3

>afforded time to take steps to protect its interest after the debtor has determined the status of the contract.

*In re Nat'l Gypsum, Co.*, 208 F.3d 498, 505 n.5 (5th Cir. 2000).

10. In light of this scheme, it is unsurprising that motions to compel debtors to assume or reject executory contracts prior to plan confirmation are uncommon. Even when filed, such motions are typically denied by courts. *See e.g. In re Diamond Sports Grp., LLC*, Case No. 23-90116 (Bankr. S.D. Tex. Dec. 15, 2023) [Docket No. 1521] (denying motion to compel assumption or rejection of an executory contract); *In re The Weinstein Co. Holdings LLC*, Case No. 18-10601 (Bankr. D. Del. Dec. 13, 2018) [Docket No. 1848] (same); *In re Trump Entm't Resorts, Inc.*, Case No. 14-12103 (Bankr. D. Del. Oct. 28, 2014) [Docket No. 363] (same); *see also In re Kmart Corp*, 290 B.R. 614, 620 (Bankr. N.D. Ill. 2003) ("Courts rarely force a debtor into assuming or rejecting a contract. . . . The reason for the reluctance is that the 'interests of the creditors collectively and the bankruptcy estate as a whole will not yield easily to the convenience or advantage of one creditor out of many.'") (quoting *Pub. Serv. Co. of N.H. v. N.H. Elec. Coop., Inc. (In re Pub. Serv. Co. of N.H.)*, 884 F.2d 11, 15 (1st Cir. 1989)). Even the leading treatise on bankruptcy notes that "the request is rarely granted." 3 COLLIER ON BANKRUPTCY P 365.05[2][a] (16th ed. 2023).

11. Crucially, the moving party (here, Altera) bears the burden of "demonstrat[ing] cause," *In re Hawker Beechcraft, Inc.*, 483 B.R. 424, 429 (Bankr. S.D.N.Y. 2012), or "justify[ing] accelerating the timeframe within which the debtor can assume or reject," *In re Greektown Holdings, L.L.C.*, 2008 WL 5567556 at *2 (Bankr. E.D. Mich. Dec. 16, 2008). Altera utterly fails to meet its burden here, and it becomes transparent that their motive in filing the Altera Motion was to place undue pressure on the Debtors to grant Altera's requested release.

12. The Debtors' actions in ensuring transition services to achieve closing of the transaction with the University do not equate to a present intent to reject the Altera Agreement.

4

Moreover, Altera has failed to establish non-performance on the part of the Debtors; rather, the Debtors have continued to timely pay all of their obligations under the Altera Agreement per the Modification, and Altera fails to allege any other non-performance on the part of the Debtors.

13. Forcing the Debtors to prematurely assume or reject the Altera Agreement would harm the Debtors' estates. Specifically, as the intended Closing Date approaches, the Debtors must focus their time and resources on addressing plan issues in order to exit bankruptcy as expeditiously as possible. By forcing the Debtors to shift their attention to assumption or rejection of the Altera Agreement, Altera undermines the Debtors ability to prioritize pressing plan workstreams.

14. Additionally, as discussed further below, Altera alleges that the Termination Letter improperly terminates the Altera Agreement and that the transition services provided for in the Altera Agreement are not operative. However, Altera's refusal to provide transition services under these circumstances would have potentially dire consequences to the wellbeing of patients served by the Debtors, consequences that were clearly contemplated by Altera given their inclusion of a transition services provision in the Altera Agreement. By forcing the Debtors to assume or reject the Altera Agreement at the present moment, Altera seeks to prevent the Debtors from availing itself of the transition services contemplated in the event of termination.

15. Accordingly, the Altera Motion should be denied.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court deny the Altera Motion and grant any further relief as the Court deems just and equitable.

Dated: Cedar Rapids, Iowa
       January 12, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:   (319) 286-7002
Facsimile:   (319) 286-7050
Email:   rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-8045
Email: mmcguire@nyemaster.com
      kmstanger@nyemaster.com
      dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:   (312) 372-2000
Facsimile:   (312) 984-7700
Email:   fperlman@mwe.com
      dsimon@mwe.com
      ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)

2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury, that on this January 12, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

<u>/s/ *Roy Leaf*</u>