IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | EXPEDITED RELIEF REQUESTED |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF ORDER (I) SETTING ALTERA MOTION FOR HEARING ON JANUARY 22, 2024 AND (II) REDUCING THE BAR DATE FOR OBJECTIONS THERETO**

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") setting *Debtors' Motion for Entry of an Order (I) Compelling Contractual Performance of Altera Digital Health, Inc., (II) Enforcing the Automatic Stay, and (III) Granting Related Relief* (the "Altera Motion") for hearing on January 22, 2024 at the already-scheduled hearing in this case and set the bar date for objections to the Altera Motion to January 19, 2024. In support thereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C.

1

§ 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9073-2.

3. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

**I.      The Chapter 11 Cases**

4. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons

for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration").

## II.  Expedited Hearing on Altera Motion

8.  On January 12, 2024, the Debtors will be filing the Altera Motion. The Altera Motion seeks an order from this Court (i) compelling Altera Digital Health Inc. ("Altera"), as successor to Allscripts Healthcare, LLC, to perform transition services required under that certain *Master Client Agreement* between Altera and the Debtors dated March 9, 2021, as modified via a signed letter agreement on August 1, 2023, (ii) finding Altera in violation of the automatic stay and awarding damages, and (iii) granting related relief.

9.  The issues raised in the Altera Motion are critical to the Debtors' efforts to close the transaction for substantially all of their assets (the "Sale") to the State University of Iowa (the "University"). The closing date for the Sale is currently scheduled to be January 31, 2024 (the "Closing Date"). Indeed, the Debtors understand that the University may not be willing to close on the Closing Date without resolution of the issues raised in the Altera Motion.

10. It is critical for the Debtors, their operations, their estates, patients, and stakeholders that the Closing Date remains as scheduled.

11. Accordingly, the Debtors respectfully request that this Court set the Altera Motion for hearing on the already-scheduled hearing date of January 22, 2024 so that these critical Sale issues can be resolved prior to the Closing Date.

## III.  Setting Bar Date on the Altera Motion

12. Bankruptcy Rule 9006 authorizes and empowers this Court to reduce the time, manner, and extent of notice of the hearing on the Altera Motion.

13. In order of the Altera Motion to be heard at the hearing set for January 22, 2024, the Debtors respectfully request that the Court set **Friday, January 19, 2024** as the bar date for objections to the Altera Motion.

14. The Debtors submit that reducing the bar date for the Altera Motion to and including Friday, January 19, 2024 is adequate and appropriate under the circumstances, in the best interest of the Debtors' estates, and authorized by the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

## NOTICE

15. The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Pension Committee; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel for the Master Trustee and Trustee; (g) counsel for the Bondholder Representative; (h) the Federal Trade Commission; (i) counsel for Altera, and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Cedar Rapids, Iowa
January 12, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:	(319) 286-7002
Facsimile:	(319) 286-7050
Email:	rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-8045
Email: mmcguire@nyemaster.com
       kmstanger@nyemaster.com
       dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:	(312) 372-2000
Facsimile:	(312) 984-7700
Email:	fperlman@mwe.com
	dsimon@mwe.com
	ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

    The undersigned certifies, under penalty of perjury, that on this January 12, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

                                                  */s/ Roy Leaf*