BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-00623 (TJC) |
| MERCY HOSPITAL, IOWA CITY, ) | (Chapter 11) |
| IOWA, *et al.*, ) | |
| ) | Jointly Administered |
| Debtors. ) | |

**Assignment and Assumption Objection and Motion to Compel**

COMES NOW EverBank, N.A., f/k/a TIAA, FSB, assignee of TIAA Commercial Finance, Inc., as successor in interest to GE HFS, LLC ("EverBank"), a creditor of Mercy Hospital, Iowa City, Iowa (the "Debtor"), who files this Adequate Assurance Objection to Cure Amount and Motion to Compel Performance under the Equipment Lease (as defined herein) and in support thereof states as follows:

**Background**

1. On October 27, 2020, the Debtor, as lessee, and GE HFS, LLC, as lessor, entered into a certain Lease Agreement (the "Equipment Lease") that stipulated monthly payments of $11,325.00 (the "Lease Payments") for the lease of: (i) two units of an OEC Elite CFD 21cm Digital Mobile Super C-arm PMCare, (ii) one unit of an OEC Elite CFD 31cm Digital Mobile Super C-arm Vascular MTS, and (iii) one unit of an OEC Elite CFD 31cm Digital Mobile Super C-arm Basic Vascular (collectively, the "Equipment").

2. The Equipment Lease obligates the Debtor to pay EverBank "for any and all actual attorneys' fees and other expenses incurred by [EverBank] in connection with the enforcement of [EverBank]'s right and remedies [t]hereunder."

Equipment Lease Sec. 6. Thus, the Debtors' payment of EverBank's attorney fees (the "Legal Fees") is an obligation of the Debtor under the Equipment Lease.

3. On August 7, 2023 (the "Petition Date"), the Debtor and its affiliates (collectively, the "Debtors") filed their petitions with the Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court").

4. On November 7, 2023, the Court entered an *Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Contracts and Leases, and (III) Granting Related Relief* [Docket No. 476] (the "Sale Order").

5. On November 16, 2023, EverBank filed a *Motion to Reconsider Order Approving Sale and to Compel Performance* [Docket No. 519] (the "Motion to Reconsider and Compel").

6. On December 18, 2023, the Court entered a *Stipulated Order Resolving EverBank[]'s Reconsideration Motion* [Docket No. 580] (the "Stipulated Order"), which incorporated the schedules to the Purchase Agreement into the Sale Order and revised such schedules to include the Equipment Lease.

7. On December 29, 2023, the Debtors file a *Notice of Assumption and Assignment of Additional Executory Contracts or Unexpired Leases and Cure Costs* [Docket No. 610] (the "Cure Amounts").

## Discussion

8.     The Cure Amount applicable to the Equipment Lease is agreed upon except with regards to the Legal Fees.

9.     The Debtors have not rejected the Equipment Lease, have remained in possession of the Equipment since the Petition Date, and have not timely performed their obligations under the Equipment Lease. 11 U.S.C. § 365(d)(5) (requiring "timely perform[ance of] all of the obligations of the debtor . . . first arising from or after 60 days after the [Petition Date] under an unexpired lease . . . until such lease is assumed or rejected notwithstanding section 503(b) of t[itle 11 of the United States Code], unless the [C]ourt, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof").

10.    Where a chapter 11 debtor is operating its business after the 60th day postpetition and pre-rejection, it is required to perform its obligations under a lease, absent extraordinary circumstances. See In re Lakeshore Construction Co. of Wolfeboro, Inc., 390 B.R. 751, 760 (Bankr. D. N.H. June 18, 2008). No extraordinary circumstances are present.

11.    The unperformed obligations include nonpayment of the Legal Fees. The Debtors have not arranged for a hearing for the Court to otherwise order that the obligations or timely performance under the Equipment Lease be modified. In fact, the Stipulated Order directs the Debtors to "pay[] their postpetition obligations under the [Equipment] Lease until the Closing Date."

12.    When interpreting § 365(d)(5), courts look to the structurally similar § 365(d)(3) – the former governing personal property and the latter governing real

property. See In re AVIANCA HOLDINGS S.A., No. 23 CIV. 1211 (KPF), 2023 WL 9016495, at *4 (S.D.N.Y. Dec. 29, 2023) ("the Court is guided by case law interpreting the text of Section 365(d)(5) as well as that of its sister provision, Section 365(d)(3)"); Lakeshore Construction, 390 B.R. at 755-56; In re Fleming Companies, Inc., 308 B.R. 689, 692 (Bankr. D. Del. 2004) (holding that "the Third Circuit would construe section 365(d)([5]) in the same manner that it construed section 365(d)(3)"); In re Muma Servs. Inc., 279 B.R. 478, 487 (Bankr. D. Del. 2002) ("Given the similarities between section 365(d)(3) and section 365(d)([5]), we conclude that the Third Circuit would construe section 365(d)([5]) in the same manner").

13. Courts have found that "§ 365(d)(3) is not ambiguous" and that its plain language governs an "unexpired lease of nonresidential real property" and excepts "section 503(b)(1)." In re Burival, 613 F.3d 810 (8th Cir. 2010). Thus, attorney's fees are recoverable as an administrative expense claim without the need to demonstrate any benefit to the Debtors or their estates. Id. Arguably, EverBank perhaps provided a benefit to the Debtors and their estates by ensuring that the Sale Order was, in fact, complete. The omission of the schedules would prevent any contracts or leases from being assumed, which would certainly frustrate the intent Debtor and the winning bidder.

14. By failing to include the Legal Fees in the Cure Amount applicable to the Equipment Lease, the Debtors are violating the Stipulated Order and acting contrary to the Bankruptcy Code.

15. The Court should direct the Debtors to fully cure the amount due under the Equipment Lease by revising the Cure Amount applicable to the Equipment Lease to include the Legal Fees.

WHEREFORE EverBank respectfully objects to the Cure Amount applicable to the Equipment Lease and prays that the Court direct the Debtor to either pay the Legal Fees or revise the Cure Amount applicable to the Equipment Lease to include the Legal Fees.

Date: January 12, 2024         .

    Respectfully submitted,

    AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
           Frontenac, MO 63131
Physical: 222 Third Ave. SE
           Suite 501, Office 6
           Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
    *Attorney for Creditor EverBank, N.A., f/k/a TIAA, FSB, assignee of TIAA Commercial Finance, Inc., as successor in interest to GE HFS, LLC*

---

**Certificate of Service**

I certify that I caused the foregoing to be filed with CM/ECF on Friday, January 12, 2024, and mailed, as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

*Eric J Langston*