## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| **MERCY HOSPITAL, IOWA CITY, IOWA,** *et al.,* | Case No. 23-00623 |
| Debtors. | Jointly Administered |
| | Objection Deadline: 1/26/2024 at 4:00 pm *prevailing* CST |

### SUMMARY OF THIRD MONTHLY APPLICATION FOR COMPENSATION AND EXPENSE REIMBURSEMENT FOR PATIENT CARE OMBUDSMAN
### PERIOD November 1, 2023 – November 30, 2023

| | |
|---|---|
| Name of Applicant: | Susan N. Goodman |
| Authorized to provide professional services: | as *Patient Care Ombudsman* |
| Date of Retention: | August 10, 2023 |
| Period of Application: | 11/1/2023 through 11/30/2023 |
| Amount of Compensation Sought: | 80% of $10,507.00 or **$8,405.60** |
| Amount of Expense Reimbursement: | $2373.81 |
| Application Type: | Third Monthly |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| **MERCY HOSPITAL, IOWA CITY, IOWA,** *et al.,* | Case No. 23-00623 |
| Debtors. | Jointly Administered |

**THIRD MONTHLY APPLICATION FOR COMPENSATION AND
EXPENSE REIMBURSEMENT FOR PATIENT CARE OMBUDSMAN
PERIOD November 1, 2023 – November 30, 2023**

Susan N. Goodman, as the duly appointed Patient Care Ombudsman ("**PCO**" or "**Applicant**") comes now and submits this *Third Monthly Application for Compensation and Expense Reimbursement for Patient Care Ombudsman* (the "**Application**") for the period from November 1, 2023, through November 30, 2023 (the "**Application Period**"). This Application is supported by the following:

**JURISDICTION AND VENUE**

1. This court has jurisdiction of this Chapter 11 proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Application are Bankruptcy Rule 2016, United States Bankruptcy Code (the "**Bankruptcy Code**") §§ 330-331, and the court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 244] (the "**Interim Compensation Order**").

**BACKGROUND**

4. On August 7, 2023 (the "**Petition Date**") the Debtors filed the petitions for relief under Chapter 11 of the Bankruptcy Code. Debtors continue to operate its business and manage its properties as debtors and debtors-in-possession pursuant to the Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed.

5. On August 10, 2023, this court issued its *Order Approving Appointment of Susan N. Goodman as Patient Care Ombudsman* (the "**Appointment Order**"), filed at Docket No. 59 in the lead, jointly administered case docket.

6. Relative to this Application Period, PCO continued to remotely engage with Debtor staff and leaders. She also engaged in a second site visit and filed *Patient Care Ombudsman's Second Interim Report* (the "**Second Report**") at Docket No. 504.

7. In addition to continued remote engagement with Debtor team members, PCO monitored and reviewed docket pleadings at a level consistent with her role and selectively attended hearings with an eye toward balancing the importance of understanding and tracking important case dynamics/milestones with the importance of fiscal stewardship.

## THE INTERIM COMPENSATION ORDER

8. On September 14, 2023, the court entered the Interim Compensation Order which established the procedures for case professionals to seek interim compensation and reimbursement of expenses. Specifically, under the Interim Compensation Order, case professionals may file and serve Monthly Fee Applications on or after the fifteenth (15th) day of each month following the month for which compensation was sought. After the passing of a fourteen-day objection period, the Debtors are authorized to pay the requesting professional eighty percent (80%) of the requested fees and one hundred (100%) of reasonable, necessary, and actual expenses that are not subject to an objection.

## COMPENSATION REQUESTED

9. By this Application, Applicant seeks allowance of professional fees in the amount of $10,507.00 and expense reimbursement in the amount of $2,378.81, collectively totaling $12,880.81 for the Application Period. With the 20% fee holdback as directed by the Interim Compensation Order, the requested Award totals $10,779.41 (80% fees in the amount of $8,405.60 and 100% of expenses). A copy of the Applicant's billing summary and detailed time records are attached herein to support the Award request.

10.  PCO spent 32.9 hours, billing for 26.6 hours. Roughly seventy-four percent (74%) or a total of 24.4 hours of time was spent in activities that classify as general case administration. All 6.3 hours of billable, half-rate non-working travel were written off given the already heightened sensitivity of operational team members toward consultant and executive fees. A total of 2.2 hours were spent on fee associated activities. The time spent in preparation of this Application will be included on future applications. Applicant's expenses are properly categorized as follows:

| Expense Category | Amount |
| --- | --- |
| Airfare | $632.88 |
| Hotel | $654.89 |
| Car Rental | $809.38 |
| Meals | $134.46 |
| Parking Fees/Tolls | $142.20 |
| **TOTAL** | **$2,373.81** |

**BASIS FOR RELIEF**

11.  United States Bankruptcy Code § 330(a)(3)-(4)(A) provides an analytical framework to evaluate the reasonableness of professional fees and expenses. The court considers the nature, extent, and value of the services rendered relative to: (1) the time spent, (2) the rates charged, (3) whether the services were necessary or provided a benefit to the estate, (4) the time spent relative to the complexity and nature of the task addressed, (5) whether the professional demonstrated skill and expertise, (6) whether the professional fee is comparatively reasonable, and (7) whether the fee avoids unnecessary duplication and/or waste.

12.  If the professional fee requested fails this analysis, the court may reduce the amount of compensation awarded.

13.  The Eighth Circuit has utilized the "lodestar" approach to determine if compensation is reasonable, a calculation arrived through multiplying "the reasonable hourly rate by the reasonable number of hours required." *In re Next Generation Media, Inc.*, 524 B.R. 824, 827, 60 Bankr. Ct. Dec. 153 (Bankr. D. Minn. 2015) *citing Bachman v. Laughlin (In re McKeeman)*, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999). *See also, In re Pothoven*, 84 B.R. 579 (Bankr. S. D. Iowa 1988).

14.     PCO's hourly rate of $395.00 per hour compares favorably to other professionals in this field, particularly so when considering that PCO functions independently because she is a registered nurse, has health care operations experience, and is a health law attorney –providing significant economy to the Estate as a single professional who can evaluate the Debtors' patient care operation and draft/file pleadings without engagement of local counsel.  The PCO provided a vital and necessary service to the Debtors with effective and ongoing oversight of the standard of patient care provided by the Debtors at minimal cost to the Estates.  Accordingly, PCO requests this court enter an order allowing and authorizing payment of the interim monthly Award of $10,779.41.

15.     PCO has not shared or agreed to share compensation or reimbursement awarded in this case with any other person or entity.

16.     No agreement or understanding exists between PCO and any other person for division of compensation.

17.     PCO has not entered into any agreement prohibited by U.S.C. Title 18 §155.

18.     PCO's compensation and expense reimbursement requested are billed at rates, in accordance with practices no less favorable than those customarily employed by PCO and generally accepted by PCO's clients.

19.     Pursuant to the Interim Compensation Order, any party objecting to the requested Award must file a written objection with the court on or before the 14-day objection period deadline, serving the objection on the Applicant and the following Fee Notice Parties:

[remainder of page intentionally left blank]

| | |
|---|---|
| **Nyemaster Goode PC**<br>Roy Leaf<br>625 First Street SE, Ste 400<br>Cedar Rapids, IA 52401<br>rleaf@nyemaster.com<br>*Debtors counsel*<br><br>**Mercy Hospital, Iowa City**<br>Attn:  Mark E. Toney<br>500 E Market St<br>Iowa City, IA 52245<br>noticing@mercyic.org | **McDermott Will & Emery LLP**<br>Felicia Gerber Perlman<br>Daniel M. Simon<br>Emily C Keil<br>Jack G. Haake (Dallas office)<br>444 West Lake Street, Ste 4000<br>Chicago, IL60606<br>fperlman@mwe.com<br>dsimon@mwe.com<br>ekeil@mwe.com<br>jhaake@mwe.com<br>*Co-counsel to Debtors* |
| **Cutler Law Firm**<br>Robert Gainer<br>1307 50th Street<br>West Des Moines, IA 50266<br>rgainer@cutlerfirm.com<br>*Attorneys for The Official Committee of Unsecured Creditors of Mercy Hospital, Iowa City, Iowa, et al.* | **Sills, Cummis & Gross PC**<br>Andrew H. Sherman<br>Boris I Mankovetskiy<br>One Riverfront Plaza<br>Newark, NJ 07102<br>asherman@sillscummis.com<br>bmankovetskiy@sillscummis.com<br>*Attorneys for The Official Committee of Unsecured Creditors of Mercy Hospital, Iowa City, Iowa, et al.* |
| **Office of the United States Trustee**<br>Janet G Reasoner<br>111 7th Ave SE, Box 17<br>Cedar Rapids, IA 52401<br>janet.g.reasoner@usdoj.gov<br>*Attorneys for the United States Trustees Office* | **Whitfield & Eddy PLC**<br>Peter J Chalik<br>699 Walnut Street, Ste 2000<br>Des Moines, IA 50309<br>chalik@whitfieldlaw.com<br>*Attorneys for Preston Hollow Community Capital Inc. as Bondholder Representative for Computershare Trust Company* |
| **Mintz Levin Ferris Glovsky & Popeo PC**<br>William W Kannel<br>One Financial Center<br>Boston, MA 02111<br>BKannel@mintz.com<br>*Attorneys for Preston Hollow Community Capital Inc. as Bondholder Representative for Computershare Trust Company* | **Mintz Levin Ferris Glovsky & Popeo PC**<br>Nathan F Coco<br>Megan M Preusker<br>919 Third Ave<br>New York, NY 10022<br>nfcoco@mintz.com<br>krwalsh@mintz.com<br>*Attorneys for Preston Hollow Community Capital Inc. as Bondholder Representative for Computershare Trust Company* |

## CONCLUSION

WHEREFORE, Applicant respectfully requests that this court enter an order:

a. awarding PCO allowance of 80% of the fees for the Application Period in the amount of $8,405.60 and awarding expense reimbursement in the amount of $2,373.81 for a total award of $10,779.41 for services rendered during the Application Period;

      b.      authorizing and directing Debtors to pay the Award amount for PCO services rendered and expenses incurred during the Application Period; and,

      c.      granting such other relief as is just and proper.

DATED: January 12, 2024.      By:   */s/ Susan N. Goodman, RN JD*
      Pivot Health Law, LLC
      Az Bar No. 019483; Tx Bar No. 24117585
      P.O. Box 69734
      Oro Valley, AZ 85737
      Msg: 520.744.7061 | Fax: 520.575.4075
      sgoodman@pivothealthaz.com
      *Patient Care Ombudsman*

## CERTICATE OF SERVICE

I, Susan N. Goodman, hereby certify that on January 12, 2024, a true and correct copy of the *Third Monthly Application for Compensation and Reimbursement of Expenses for Patient Care Ombudsman – Period November 1, 2023, through November 30, 2023,* was filed with the Clerk of Court using Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to parties of this case.

DATED: January 12, 2024.      By:   */s/ Susan N. Goodman, RN JD*
      Pivot Health Law, LLC
      Az Bar No. 019483; Tx Bar No. 24117585
      P.O. Box 69734
      Oro Valley, AZ 85737
      Msg: 520.744.7061 | Fax: 520.575.4075
      sgoodman@pivothealthaz.com
      *Patient Care Ombudsman*



# EXHIBIT
## *Fee Statement Summary*

### Case Name: Mercy Hospital, Iowa City, IA
### Case No: ND IA 23-00623-JA
### 11/01/2023 - 11/30/2023

| Cumulative Totals to Date | | | | |
|---|---|---|---|---|
| FEES BILLED | COSTS BILLED | HOLDBACK | FEES PAID | COSTS PAID |
| $41,554.00 | $5,301.99 | $8,310.80 | $24,837.60 | $2,928.18 |

| Date: | 12-Jan-24 | Objection Deadline: | 26-Jan-24 |
|---|---|---|---|

| MO/YR | PROFESSIONAL | RATE/HR | HOURS BILLED | TOTAL | HOLDBACK | AMT DUE |
|---|---|---|---|---|---|---|
| Nov-23 | SUSAN N. GOODMAN | $395.00 | 26.6 | $10,507.00 | $2,101.40 | $8,405.60 |
| | | | | | | |
| | | | | | | |
| | TOTAL FEES | | | $10,507.00 | $2,101.40 | $8,405.60 |
| | | | | | | |
| | TOTAL COSTS | | | $2,373.81 | N/A | $2,373.81 |
| | | | | | | |
| | AMOUNT DUE | | | $12,880.81 | | $10,779.41 |

# Invoice

**Pivot Health Law, LLC**
P.O. Box 69734
Oro Valley, AZ 85737

**Invoice #:** 1297
**Invoice Date:** 12/4/2023

Period: November 1 - 30, 2023

**Bill To:**
Mercy Hospital, Iowa City, Iowa
ND IA Case No. 23-00623 (JA)
File #15224

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 11/1/2023 | SV2: Infus Ctr (.1); Risk Manager (.9); patient and spouse interview (.4); coffee with volunteer re what hearing from patients (.8); Interview St. Mary's knitting group (.4); Interview H&W (.4); Pt Advocate (.7); PACU/OR/Endo team (1.3); CMO (.6); VP Clin Svcs & Clinics (1.1); ED check in (.9) | 7.7 | 395.00 | 3,041.50 |
| 11/1/2023 | docket monitoring, pleading review, document/calendar updates as needed: DEs 434 (3); DE 430-433 (.2); | 0.5 | 395.00 | 197.50 |
| 11/2/2023 | SV2: ICU Clin Coord (.5); Dir CV/Rad; HR check in; try dietary (.7); 3W (.6); 4C and laundry and Peg HR (.6); ER leadership (.8); Infusion patients interview (.2); Radiology (.5); ICU Mgr (.7); ED Mgr (.5); check in TK leadership (.4); docket monitoring and pleading review DEs 438- 442 (.3); | 5.8 | 395.00 | 2,291.00 |
| 11/3/2023 | Mtg with Debtor counsel re patient feedback from SV2 and case status (1.3); manage travel re changes to attend 11/6 hrg (.9); follow up VP Clin Svc (.2); follow up call CEO (.2); follow up attempt tele mgr; reach 3W/4C (.2); 1/2 travel IA City-MDW (car return low cost) (3.5); MDW to AZO (2.5)(elim wkend hotel) (2.5)= 6/2= (3.0) | 5.8 | 395.00 | 2,291.00 |
| 11/4/2023 | docket monitoring, pleading review, doc updates DE 445 (.1), 448, 449 (.1), 451, 452, 454 (.1); 455, 456 (.1); DE 457 (.1); DE 459-460 (.4) | 0.8 | 395.00 | 316.00 |
| 11/5/2023 | 1/2 NW Travel: Manage travel re connecting delay/constructive cancellation and required changes (.5); AZO-GRR (Auto) (1.0); GRR-MDW (flight) (1.0); MDW to CID (Auto) (4.0)= 6.5/2 = 3.3 | 3.3 | 395.00 | 1,303.50 |

**Total**

**Payments/Credits**

**Balance Due**

Page 1

**Pivot Health Law, LLC**

P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1297
**Invoice Date:** 12/4/2023

Period: November 1 - 30, 2023

**Bill To:**

Mercy Hospital, Iowa City, Iowa
ND IA Case No. 23-00623 (JA)
File #15224

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 11/6/2023 | Attending hearing (1.8); docket monitoring and pleading review consistent with role - DE 463/464 (.2); | 2 | 395.00 | 790.00 |
| 11/8/2023 | Phone fr Rachel and follow up CFO (.2); Bari chair notice and follow up (.3) | 0.5 | 395.00 | 197.50 |
| 11/9/2023 | Call with clerk and upload proposed order for 1st mo fee (.1); finish 2d report draft and EML leadership for accuracy review (.8) | 0.9 | 395.00 | 355.50 |
| 11/10/2023 | EML fr VP Clin Svcs re report accuracy (.1) | 0.1 | 395.00 | 39.50 |
| 11/12/2023 | Prepare Exhib B Oct | 0.4 | 395.00 | 158.00 |
| 11/12/2023 | Final review and edits to PCO second report, file | 0.5 | 395.00 | 197.50 |
| 11/17/2023 | Review DE 520 for potential timing impact on sale process | 0.1 | 395.00 | 39.50 |
| 11/21/2023 | Txt follow up with clinical managers x2 (.1); follow up call clinical manager (.6); additional follow up DON (.4); follow up call sched with CRO (.1) | 1.2 | 395.00 | 474.00 |
| 11/22/2023 | Update CRO on staff feedback | 0.4 | 395.00 | 158.00 |
| 11/27/2023 | update call with DON (.1); manage travel for 3d site visit (.3) | 0.4 | 395.00 | 158.00 |
| 11/28/2023 | Prepare 2d Mo Fee Application - cover, main app, attachments, NOBD (1.7) | 1.7 | 395.00 | 671.50 |
| 11/29/2023 | docket monitoring, notice review, with calendar updates - DE 543 hearing notice | 0.1 | 395.00 | 39.50 |
| 12/1/2023 | check in follow-up clinic leadership (.1); OR/PACU (.1); Rad/outpt CV with follow-up call (.4); CRO and DE 549 atty withdrawal document mgmt (.1) | 0.7 | 395.00 | 276.50 |
| | Write down non-working travel (6.3 hours) | | -2,488.50 | -2,488.50 |
| | Professional Fee Subtotal | | | 10,507.00 |
| 11/1/2023 | MERCY  SV2 MEALS - Pullman Diner | | 27.07 | 27.07 |

**Total**

**Payments/Credits**

**Balance Due**



**Pivot Health Law, LLC**
P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1297
**Invoice Date:** 12/4/2023

**Period:** November 1 - 30, 2023

**Bill To:**
Mercy Hospital, Iowa City, Iowa
ND IA Case No. 23-00623 (JA)
File #15224

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---:|---:|
| 11/1/2023 | MERCY SV2 MEALS (Hilton Garden Iowa City Cash) | | 10.00 | 10.00 |
| 11/2/2023 | MERCY SV2 HOTEL - Hilton Garden University (3 nights) | | 460.99 | 460.99 |
| 11/2/2023 | MERCY SV2 MEALS - Hilton Garden University | | 5.00 | 5.00 |
| 11/2/2023 | MERCY SV2 MEALS - The Encounter Cafe | | 13.10 | 13.10 |
| 11/2/2023 | MERCY SV2 MEALS - Bluebird Cafe | | 30.82 | 30.82 |
| 11/3/2023 | MERCY SV2 AIRFARE (flight changes to attend Nov 6 Hrg) | | 179.32 | 179.32 |
| 11/3/2023 | MERCY SV2 CAR RENTAL (drop fee MDW) | | 86.85 | 86.85 |
| 11/3/2023 | MERCY SV2 CAR RENTAL - Fuel Shell IN | | 29.51 | 29.51 |
| 11/3/2023 | MERCY SV2 CAR RENTAL - Fuel Shell IL | | 15.86 | 15.86 |
| 11/3/2023 | MERCY SV2 CAR RENTAL - Fuel (MDW to AZO) EXXON | | 53.61 | 53.61 |
| 11/3/2023 | MERCY SV2 -PARKING FEES/TOLLS - Skyway Concessions IL Toll | | 6.60 | 6.60 |
| 11/3/2023 | MERCY SV2 MEALS - The Encounter Cafe | | 30.76 | 30.76 |
| 11/5/2023 | MERCY HEARING AIRFARE - (ORD-CID delayed; unuseable) | | -356.90 | -356.90 |
| 11/5/2023 | MERCY HEARING AIRFARE (GRR-MDW Alt for XCL AA) | | 381.98 | 381.98 |
| 11/5/2023 | MERCY HOTEL - HEARING (Doubletree CID) | | 193.90 | 193.90 |
| 11/5/2023 | MERCY SV2 CAR RENTAL (Oct 29 - Nov 3) | | 467.51 | 467.51 |
| 11/5/2023 | MERCY SV2 NATIONAL - (reversed drop fee MDW - Cust Service) | | -86.85 | -86.85 |
| 11/5/2023 | MERCY - PARKING FEES/TOLLS (Doubletree CID hourly parking rate) | | 6.75 | 6.75 |
| 11/5/2023 | MERCY HEARING - MEALS (GRR Hudson) | | 12.78 | 12.78 |
| 11/6/2023 | MERCY CAR RENTAL - Fuel (EZ Mart Bondurant IA) | | 40.95 | 40.95 |
| 11/6/2023 | MERCY HEARING - CAR RENTAL | | 201.94 | 201.94 |
| 11/6/2023 | MERCY HEARING- MEALS (EZ Mart Bondurant IA) | | 4.93 | 4.93 |

**Total**

**Payments/Credits**

**Balance Due**

# Pivot Health Law, LLC

P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1297
**Invoice Date:** 12/4/2023

Period: November 1 - 30, 2023

**Bill To:**

Mercy Hospital, Iowa City, Iowa
ND IA Case No. 23-00623 (JA)
File #15224

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 11/8/2023 | MERCY - SV2/HEARING PARKING FEES/TOLLS (PHX Split) | | 112.00 | 112.00 |
| 11/12/2023 | MERCY SV2 AIRFARE - Refund Seat Charges Cancel Flight | | -45.32 | -45.32 |
| 11/26/2023 | MERCY SV2 PARKING FEES/TOLLS - Toll charges | | 16.85 | 16.85 |
| 11/27/2023 | MERCY SV3 AIRFARE (PHX-CID IORQKL) | | 211.90 | 211.90 |
| 11/27/2023 | MERCY SV3 AIRFARE (CID-PHX KQPRQT) | | 261.90 | 261.90 |
| | Total Reimbursable Expenses | | | 2,373.81 |

| | | |
|---|---|---|
| **Total** | | $12,880.81 |
| **Payments/Credits** | | $0.00 |
| **Balance Due** | | $12,880.81 |