UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-00623 (TJC)<br><br>(Jointly Administered) |

**OBJECTION OF ALTERA DIGITAL HEALTH INC.
TO DEBTORS' EXPEDITED MOTION FOR ENTRY OF ORDER
(I) SETTING ALTERA MOTION FOR HEARING ON JANUARY 22, 2024
AND (II) REDUCING THE BAR DATE FOR OBJECTIONS THERETO**

Altera Digital Health Inc. ("Altera"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Debtors' Expedited Motion for Entry of Order (I) Setting Altera Motion for Hearing on January 22, 2024 and (II) Reducing the Bar Date for Objections Thereto* [Docket No. 637] (the "Motion to Shorten"), which seeks to shorten notice on the *Debtors' Motion for Entry of an Order (I) Compelling Contractual Performance of Altera Digital Health Inc., (II) Enforcing the Automatic Stay, and (III) Granting Related Relief* [Docket No. 635] (the "Motion to Compel"). Capitalized terms are defined in the Motion to Compel. In support of the Objection, Altera respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Court should deny the Motion to Shorten because any urgency to hear the Motion to Compel on shortened notice was created by the Debtors' knowing failure to act timely, which has prejudiced Altera. The Debtors waited until the eleventh hour – the Friday evening before a holiday weekend – to file their Motion to Compel. Yet the Debtors were fully aware of the dispute for months, and nothing has changed since the Debtors first learned of the dispute. The Debtors have known all along about the importance of Altera's services, which the Debtors call

Case 23-00623   Doc 643   Filed 01/15/24   Entered 01/15/24 16:21:41   Desc Main
Document      Page 2 of 5

the "backbone" of the hospital and without which, the hospital would shut down. Despite all of this, the Debtors sat on their hands and intentionally did nothing, thereby prejudicing Altera.

**ARGUMENT**

I. **The Debtors Knew of the Dispute and Necessity of Resolution Before Closing More than a Month Ago.**

2. In just the second paragraph of the Motion to Compel, the Debtors state that Altera's software is "the backbone of the Hospital's operations," "is vital to the day-to-day operations of the Hospital," and that "the Debtors could not continue to operate" without Altera's assistance. The continued use of Altera's software is necessary for the Buyer to close. Indeed, the Buyer long ago advised the Debtors that the Buyer "may not be willing to close without resolution of the issues raised in the Altera Motion." Yet the Debtors waited until 10 days before the closing deadline to file their Motion to Compel. In light of the importance of Altera's services, the issue of transition services should have been at the top of the Debtors' list. In the words of another court: the Altera Agreement "may be the single most important agreement" and "should have been among their first and most pressing orders of business." *In re Hawker Beechcraft, Inc.*, 483 B.R. 424, 432 (Bankr. S.D.N.Y. 2012).

3. The Debtors have long known Altera is not willing (or obligated) to provide transition services. In the first week of December, the Debtors contacted Altera to demand what Altera is not required to do – *i.e.*, provide transition services to the Buyer. After initial discussions made clear the parties disagreed on every point, the Debtors sent a letter on December 8, 2023, purporting to provide "preliminary notice" of the "non-renewal of the Altera Agreement" and "election to" force Altera to provide transition services. **Ex. A**. The only problem with this notice is that the Debtors were not entitled to "non-renewal," their "election" for transition services was

2

invalid under the terms of the Altera Agreement, and all of the other assertions in the letter were incorrect.

4.     On December 14, 2023, Altera explained these problems and responded very clearly: "The Debtors Are Not Permitted to Terminate the Altera Agreement" and "The Debtors Are Not Entitled to Elect Transition Services." **Ex. B**. Thus, by at least December 14, 2023, the Debtors were well aware of the issues giving rise to the Motion to Compel and could have easily filed their motion on full notice. That would have given Altera (and the Court) full notice and the opportunity to address the Debtors' motion without expedited treatment. Instead, the Debtors did nothing.

5.     On January 9, 2024, the Debtors reversed course from their previous letter and asserted – for the very first time – that they could terminate the Altera Agreement because Altera allegedly breached the agreement. **Ex. C**. The Debtors asserted that Altera had purportedly "been on notice" of its alleged breaches "for some time." Thus, the Debtors admit that they knew of these issues for quite a long time and did nothing until now.

II.    **Altera Acted Promptly While the Debtors Delayed Making Their Motion to Compel.**

6.     Unlike the Debtors, Altera did not wait until the last minute. On December 20, 2023, Altera filed its *Motion to Compel Assumption or Rejection of Executory Contract* [Docket No. 590] on full notice. When Altera filed that motion, the Debtors were well aware that Altera was not going to capitulate to the Debtors' demands to provide transition services. Of course, the Debtors knew this long before Altera filed its motion.

7.     The Debtors still did nothing and waited another 23 days to file their Motion to Compel. It now appears the Debtors deliberately chose to wait until the deadline to object to Altera's motion to file their motion. The Debtors seemingly did so to give them maximum leverage, to not show their cards until the last possible moment, and to prejudice Altera by allowing

3

Altera the least amount of time to prepare a response, particularly in light of the Martin Luther King Jr. federal holiday on Monday, January 15, 2024 and Altera's need to file a reply for its motion.

### III.     Altera Has Been Prejudiced by the Debtors' Delay.

8.     The Motion to Compel was designed as a surprise attack on Altera.  Until the Debtors' letter dated January 9, 2024 (delivered just three days before the filing of the Motion to Compel), the Debtors never asserted that Altera breached the Altera Agreement or that such breach gave rise to termination of the agreement.  Yet in the Motion, the Debtors rely – for the very first time – on alleged breaches that occurred 2 years ago that – even if such breaches ever existed – have long since been cured.  This new assertion forms the underpinning of the Motion to Compel.

9.     Even assuming *arguendo* that the Debtors' allegations are correct (they are not), the Debtors are not entitled to compel Altera to provide transition services because they have failed to pay all amounts due and outstanding as the contract requires.  However, the Debtors maintain that they have affirmative claims against Altera, which essentially cancel out any amounts due and owing to Altera.  Yet the Debtors do not substantiate that assertion beyond a hearsay chart (Motion to Compel, p. 6) that has absolutely no evidentiary backup or attribution.  Thus, Altera has no way of testing – or defending against – the Debtors' brand new allegations of breach or setoff.  The Debtors seek to give Altera less than a week to prepare a response to new allegations that could easily have been raised months ago.

10.     To avoid any further ambush, Altera has sought expedited discovery requests from the Debtors, seeking, *inter alia*, documents and deposition testimony as to the basis for the Debtors' assertions of material breach and for the affirmative claims.  Altera is entitled to this discovery to properly prepare for the hearing on this contested matter and avoid a trial by ambush.  As a result of the Debtors' delays, Altera will have barely a week to conduct this discovery.

4

11. The Court should not condone the Debtors' tactics. The Debtors fail to tell the Court that they were aware of the issues giving rise to the Motion to Compel since the beginning of December. The Debtors never explain why they did not file their motion sooner. The Court should not condone the Debtors' tactics, which will require the Court and Altera to proceed on an expedited basis because the Debtors failed to act sooner. The Debtors should have to live with the consequences of their own tactical delay.

## CONCLUSION

WHEREFORE, Altera respectfully requests that the Court sustain the Objection, deny the Motion to Shorten, and grant Altera such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: January 15, 2024 | PAPPAJOHN, SHRIVER, EIDE & NIELSEN P.C. |
| | /s/ Larry S. Eide |
| | Larry S. Eide (AT0002317) |
| | 103 E. State Street, Suite 800 |
| | Mason City, IA 50401 |
| | Tel: (641) 423-4264 |
| | eide@pappajohnlaw.com |
| | -and- |
| | LOEB & LOEB LLP |
| | Schuyler G. Carroll (admitted *pro hac vice*) |
| | Noah Weingarten (*pro hac vice* forthcoming) |
| | 345 Park Avenue |
| | New York, NY 10154 |
| | Tel: (212) 407-4000 |
| | scarroll@loeb.com |
| | nweingarten@loeb.com |
| | *Counsel to Altera Digital Health Inc.* |

238211052

5