IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | Chapter |
| | ) | Case No. 23-00623 (TJC) |
| MERCY HOSPITAL, IOWA CITY, IOWA | ) | |
| *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**OBJECTION OF GERARD ELECTRIC, INC. TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL EXECUTORY <u>CONTRACTS OR UNEXPIRED LEASES AND CURE COSTS</u>**

Gerard Electric, Inc. ("Gerard Electric"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Notice of Assumption and Assignment of Additional Executory Contracts or Unexpired Leases and Cure Costs* dated December 29, 2023 (Docket No. 610) (the "Additional Notice to Assume") filed by the above-captioned Debtors. In support of this Objection, Gerard Electric states:

**BACKGROUND**

1. On August 7, 2023, Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. In Debtors' first Notice to Assume, Debtors identified the following agreement that Gerard Electric is a counterparty to, seeking to assume and assign the following:

| Counterparty | Contract Classification | Contract Title | Cure |
|---|---|---|---|
| Gerard Electric, Inc. | Third Party Service Agreement | Invoice No. 1102022 DTD 8/29/2022 | $82,521.10 |

(Doc. 265, p. 10)

3. In the Additional Notice to Assume, Debtors identify the following two agreements that Gerard Electric is a counterparty to, seeking to potentially assume and assign the following:

3

| Counterparty | Contract Classification | Contract Title | Cure |
|---|---|---|---|
| Gerard Electric, Inc. | Third Party Service Agreement | Invoice No. 1012023 | $0 |
| Gerard Electric, Inc. | Third Party Service Agreement | Invoice No. 1052023, 1062023, and 1072023 | $0 |

(Doc. 610, p. 6)

4. Pursuant to the Additional Notice to Assume, Gerard Electric objects to the $0 cure amount identified for these two agreements.

## OBJECTION TO CURE AMOUNTS

5. Section 365(b)(1)(A) requires that "[i]f there has been a default in an executory contract of the debtor, the trustee may not assume such contract unless, at the time of assumption, the trustee cures or provides adequate assurance that the trustee will promptly cure, such default." 11 U.S.C. 365(b)(1)(A).

6. Debtors' proposed zero dollar cure amount for both of the Gerard Electric contracts identified in the Additional Notice to Assume fails to satisfy 11 U.S.C. § 365(b)(1)(A).

7. Invoice Nos. 1012023, 1052023, 1062023, and 1072023 relates to the ongoing Agreement between the parties for electric work performed by Gerard Electric at Mercy Hospital (the "Agreement").

8. As of January 12, 2024, at least $105,471.10 is due and owing to Geraard Electric under that Agreement, as Debtors have failed to pay at least the last five invoices sent by Gerard Electric.

9. Debtors have listed the cure amount as $82,521.10 in the initial Notice to Assume. An additional $22,950.00 is required to cure the default under the two agreements listed in the Additional Notice to Assume.

10. The amounts due and owing under this Agreement are included in unpaid invoice nos. 1052023, 1062023, 1072023, 1082023, 1092023 that have been sent to Debtors. These invoices related to work performed between March 1, 2023 and July 31, 2023.

11. If the Debtors intend to assume the Agreement listed in the second notice, Debtors must pay Gerard Electric an amount due, as of January 12, 2024, of not less than $22,950.00 in connection with the Agreements listed in Additional Notice.

12. Gerard Electric objects to the assumption of the Agreement unless and until the amounts due and owing under those agreements are paid in full to Gerard Electric.

WHEREFORE, Gerard Electric respectfully requests that its Objection be sustained, that any assumption and assignment of Gerard Electric Service Agreement and Equipment Agreement (as defined herein) be conditioned upon payment in full of the cure amounts identified in this Objection, that the Court order the Debtors to pay the correct cure amounts, and grant Gerard Electric such other and further relief as the Court may deem just and proper.

DATED this 12th day of January, 2024.

                    Gerard Electric, Inc.

                    MEARDON, SUEPPEL & DOWNER P.L.C.

                    By.   /s/ William J. Sueppel
                          William J. Sueppel   AT0007628
                          billj@meardonlaw.com
                          122 South Linn Street
                          Iowa City, IA 52240
                          Telephone:  319/338-9222
                          Facsimile:  319/338-7250
                          ATTORNEYS FOR GERARD ELECTRIC

# CERTIFICATE OF SERVICE

On this 16th day of January, 2024, I served notice of the above and foregoing as follows:

- electronically filing the foregoing Objection with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants; and

- via email to the following Notice Parties pursuant to the requirements of the Additional Notice of Assume:

    o Mercy Hospital, Iowa City, Iowa c/o ToneyKorf Partners, LLC 1595-14 North Central Avenue Valley Stream, NY 11580
      Attn: Marke E. Toney (mtoney@toneykorf.com)
      James R. Porter (jporter@toneykorf.com)
      Christopher P. Karambelas (ckarambelas@toneykorf.com)

    o McDermott Will & Emery LLP 444 W. Lake Street, Suite 4000
      Chicago, IL 60606
      Attn: Felicia Gerber Perlman (fperlman@mwe.com) Daniel Simon (dsimon@mwe.com)

    o Nyemaster Goode, P.C. First Street SE, Suite 400 Cedar Rapids, IA 52401
      Attn: Roy R. Leaf (rleaf@nymaster.com)

    o H2C Securities, Inc.
      3344 Peachtree Road Northeast, Suite 900
      Atlanta, GA 30326
      Attn: C. Richard Bayman (rbayman@h2c.com)
      Drew Orman (dorman@h2c.com)

                                        /s/ William J. Sueppel