**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) ) | Case No. 23-00623 (TJC) |
| | ) ) | Jointly Administered |
| Debtors. | ) ) ) | **EXPEDITED RELIEF REQUESTED** |

**DEBTORS' EXPEDITED MOTION TO CONTINUE DEBTORS' EXCLUSIVITY
MOTION SET FOR HEARING ON JANUARY 22, 2024**

Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Debtors respectfully represents as follows:

**RELIEF REQUESTED**

1. By the Motion, the Debtors respectfully request the entry of the Proposed Order continuing *Debtors' Motion for Entry of Order Extending Exclusive Periods to File Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 554] (the "Exclusivity Motion") set for hearing on January 22, 2024 at 10:30 A.M. (the "January 22 Hearing") until February 12, 2024 (the "Proposed Exclusivity Hearing") in order to allow the Debtors and Preston Hollow Community Capital, Inc. and Computershare Trust Company, N.A. (collectively, the "Bondholders") to continue discussions regarding consensual resolution of the Bondholder's objection to the Exclusivity Motion [Docket No. 559] (the "Bondholders' Objection").

1

2. The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Public Administrative Order referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") Rule 5071-1 of the *Local Rules of Bankruptcy Practice and Procedure* (the "Local Rules").

## BACKGROUND

4. On December 5, 2023, the Debtors filed the Exclusivity Motion and are seeking an extension of the Debtors' exclusivity period provided by Bankruptcy Code section 1121(d).

5. On December 6, 2023, the Bondholders filed the Bondholders' Objection.

6. In advance of the January 22 Hearing on, among other things, the Exclusivity Motion, counsel for the Debtors and Bondholders have engaged in good faith discussions regarding the Exclusivity Motion and potential resolution to the Bondholders' Objection.

7. Given the numerous other important matters set for the January 22 Hearing, including the motions related to Altera Digital Health, Inc. ("Altera"), the Debtors respectfully move for an order in the form of the Proposed Order continuing consideration of the Exclusivity Motion until the Proposed Exclusivity Hearing.

## CONTINUANCE OF THE HEARING

8. Good cause exists to continue consideration of the Exclusivity Motion from the January 22 Hearing to the Proposed Exclusivity Hearing. The Debtors are in active discussions

with the Bondholders to potentially resolve consensually the Bondholders' Objection to the Exclusivity Motion. Allowing the parties to continue these discussions will allow the Debtors and Bondholders to avoid the costs of preparing for and litigating the Exclusivity Motion and will allow the parties to instead focus on other pressing issues, such as Altera and closing the Debtors' transaction to the State University of Iowa.

9. Counsel for the Debtors has contacted the Bondholders about the relief sought by this Motion. According, this Motion complies with Local Rule 5071-1.

10. Accordingly, the Debtors respectfully request that the Court grant this Motion and continue consideration of the Exclusivity Motion until the Proposed Exclusivity Hearing and grant any other relief that is equitable and just.

11. For the avoidance of doubt, the Debtors intend to proceed with respect to all other matters set for hearing at the January 22 Hearing. *See* Docket Nos. 585, 615, and 663.

*[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]*

Dated: January 19, 2024
    Cedar Rapids, Iowa

        Respectfully Submitted,

*/s/ Roy Leaf*
**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:    (319) 286-7002
Facsimile:    (319) 286-7050
Email:    rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-8045
Email: mmcguire@nyemaster.com
    kmstanger@nyemaster.com
    dhempy@nyemaster.com

- and-

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:    fperlman@mwe.com
    dsimon@mwe.com
    ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:          jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this January 19, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*