**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | Re: Dkt. No. 635 |

**SECURED BONDHOLDER REPRESENTATIVES' JOINDER TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) COMPELLING
CONTRACTUAL PERFORMANCE UNDER ALTERA AGREEMENT, (II)
ENFORCING THE AUTOMATIC STAY, AND (III) GRANTING RELATED RELIEF**

COME NOW Computershare Trust Company, N.A., as Master Trustee (the "Master Trustee"), and Preston Hollow Community Capital, Inc., as Bondholder Representative (collectively, the "Secured Bondholder Representatives"), and with respect to the *Debtors' Motion for Entry of an Order (i) Compelling Contractual Performance Under Altera Agreement, (ii) Enforcing the Automatic Stay, and (iii) Granting Related Relief* [Dkt. No. 635] (the "Motion to Compel"),[1] respectfully state as follows:

1. The Secured Bondholder Representatives support and join in the Debtors' Motion to Compel and incorporate the Motion to Compel as if fully set forth herein.

2. The Secured Bondholder Representatives identified the estate's valuable claims against Altera in the very first days of these cases. *See Motion of Master Trustee and Bondholder Representative for Entry of an Order Appointing an Examiner*, dated August 14, 2023 [Dkt. No. 96] ("the estate may hold contractual and other claims against Allscripts / Altera . . . Claims against Allscripts / Altera may derive from its failed migration of Mercy's EMR system to an inferior

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion to Compel.

platform, which resulted in potentially millions of dollars of operating losses."). Altera must not be permitted to extort the Debtors for services they are contractually required to provide in exchange for a release of these claims that may yield a significant recovery for the benefit of the Debtors' estates.

3. The Secured Bondholder Representatives reserve the right to be heard regarding the Motion to Compel at the hearing on January 22, 2024 and on any later date on which a hearing on the Motion to Compel may be held.

4. Nothing contained herein shall constitute a waiver of any rights or remedies of the Secured Bondholder Representatives, including, without limitation, the right to (i) amend, modify, or supplement this Joinder, or (ii) raise any other additional arguments at a later date.

WHEREFORE, the Secured Bondholder Representatives request that the Court grant the Motion to Compel and grant such other and further relief as the Court finds just and proper.

*[Remainder of page intentionally left blank.]*

Date: January 19, 2024     **WHITFIELD & EDDY, P.L.C.**

*/s/ Peter J. Chalik*
Peter J. Chalik (Iowa Bar No. AT0013036)
699 Walnut St., Suite 2000
Des Moines, Iowa 50309
Telephone: (515) 288-6041
Email: *Chalik@whitfieldlaw.com*

-and-

**MINTZ, LEVIN, COHN, FERRIS GLOVSKY AND POPEO, P.C.**

William W. Kannel (admitted *pro hac vice*)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Email: WKannel@mintz.com

Nathan F. Coco (admitted *pro hac vice*)
Megan Preusker (admitted *pro hac vice*)
Kaitlin R. Walsh (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 935-3000
Email: NFCoco@mintz.com
         MPreusker@mintz.com
         KRWalsh@mintz.com

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated January 19, 2024.

                                                */s/ Peter J. Chalik*