# EXHIBIT G



**SCHUYLER G. CARROLL**
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4820
**Main**    212.407.4000
**Fax**     212.407.4990
scarroll@loeb.com

Via E-mail (dmsimon@mwe.com)

December 14, 2023

Daniel Simon
Attorney at Law
McDermott Will & Emery
1180 Peachtree Street NE, Suite 3350
Atlanta, GA  30309

Re:   *In re Mercy Hospital, Iowa City, Iowa, et al.* (Bankr. N.D. Iowa Case No. 23-00623)

Dear Daniel:

We have reviewed your letter dated December 8, 2023. We write to make clear that we do not agree with your assertions. In particular, the Debtors[1] are not permitted to terminate the Altera Agreement or to elect to extend the term thereof and compel Altera to provide transition services, no meritorious causes of action exist against Altera and Altera has done nothing improper in negotiations. While we have and will continue to negotiate in good faith with the Debtors and the Buyer, it is important we correct the mistakes in your letter.

### The Debtors Are Not Permitted to Terminate the Altera Agreement

The parties executed the Altera Agreement on March 9, 2021. Paragraph A1 of Schedule 1 to Client Order Software establishes the term of the contract as 120 months beginning on March 9, 2021.  Accordingly, the contract remains in force through March 9, 2031 and may not be terminated prior to that date.

Your reference to paragraph 2 ignores that paragraph A1 sets the term at 120 months and attempts to establish an annual contract. Paragraph 2, however, specifically states that the term of the Altera Agreement is not annual if a term is set forth in a client order. Since the Client Order establishes a 120 month term, the Altera Agreement does not have an annual term and may not be terminated until 2031.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in your letter.

Los Angeles    New York    Chicago    Nashville    Washington, DC    San Francisco    Beijing    Hong Kong    www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

237963035.2
233598-10011



## The Debtors Are Not Entitled to Elect Transition Services

While paragraph 14.3 contemplates certain transition services, this provision only applies if the Altera Agreement is terminated. Since the Debtors have no right to terminate, this paragraph is not relevant and the Debtors are not entitled to compel Altera to provide transition services. Even if the Altera Agreement were terminated, paragraph 14.3 further requires payment in full to be made as a condition precedent to transition services. As you are aware, the Debtors have not paid Altera in full and owe Altera more than $12 million, with more accruing daily.

## No Meritorious Causes of Action Exist Against Altera

You allege that causes of action could be asserted by the Debtors against Altera. As a preliminary matter, references to documents drafted by your firm and filed by the Debtors, which contain no actual evidence and nothing more than self-serving statements, do not prove the existence of causes of action. A review of the facts, on the other hand, makes clear that no meritorious causes of action exist.

Moreover, paragraph 13.1 of the Altera Agreement provides various limitations on damages. Paragraph 13.1 excludes any consequential or indirect damages and further excludes damages unless they were caused "solely" by the other party's breach. Damages that are not excluded are limited to the greater of $2 million or the fees paid by the Debtors prior to the first act giving rise to the alleged claims. Paragraph 13.1 also preserves Altera's right of offset. Because Altera is owed in excess of $12 million, plus damages for rejection or termination, even if any meritorious causes of action exist (they do not), Altera would be entitled to offset such amounts against any damages and Altera would not be required to pay any amount to the Debtors.

Altera is not in the business of agreeing to short-term arrangements. Altera is working with the Buyer and Altera is prepared to abide by the terms of the Altera Agreement and fully perform its obligations. As described above, however, the terms are not as described. The Debtors are free to assume and cure the Altera Agreement and assign it to the Buyer. In such event, Altera will abide by the actual terms of the Altera Agreement in its entirety, not the terms you described. Absent assumption, because the Debtors have no basis to compel Altera to provide transition services, Altera is free to negotiate with the Buyer as it chooses.

Your letter demands "a significant settlement payment flowing into the Debtors' estates." For the reasons set forth above and others, there is no basis for the Debtors' demands. To the contrary, if the Altera Agreement is rejected, Altera will be owed additional amounts. A waiver of the cure payment due to Altera and Altera's agreement to provide transition services – even though it is not required to – would permit the closing to occur on time and is worth substantially more than any damages the Debtors could be entitled to, not even factoring in the costs, delays and risks associated with litigation.



Daniel Simon
December 14, 2023
Page 3

We agree that it is in the best interests of all parties to resolve this matter without litigation. We are available to discuss this matter at your convenience.

Altera reserves all rights and remedies.

Very truly yours,

Schuyler G. Carroll
Partner

cc:   Felicia Gerber Perlman
      Mark E. Toney
      Andrew Sherman
      Boris Mankovetskiy
      Nathan Coco
      David Gordon
      Janet Reasoner

237963035.2
233598-10011