> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED EXECUTORY CONTRACTS AND LEASES. PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR CONTRACT(S) AND/OR LEASE(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR CONTRACT(S) AND/OR LEASE(S)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF ORDER (I) AUTHORIZING REJECTION OF EXECUTORY CONTRACTS RELATED TO STEINDLER ORTHOPEDIC CLINIC, PLC, (II) SETTING BAR DATE FOR REJECTION DAMAGES CLAIMS, AND (III) GRANTING RELATED RELIEF**

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Debtors respectfully represent as follows:

**RELIEF REQUESTED**

1. Pursuant to this Motion, the Debtors seek authority from this Court to reject executory contracts related to the Debtors' business with Steindler Orthopedic Clinic, PLC ("Steindler"). The Debtors' executory contracts with and related to Steindler are not being assumed and assigned to the State University of Iowa (the "University") as part of the sale of the substantially all of the Debtors' assets to the University (the "Sale").

1

2. On November 7, 2023, the Court approved the Sale to the University along with the *Asset Purchase Agreement* (the "APA") governing the transaction [Docket No. 476] (the "Sale Order"). The Sale Order authorizes the Debtors to assume executory contracts pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and assign those executory contracts to the University as part of the Sale process. *See* Sale Order ¶¶ 13-23.

3. The Debtors will be transferring all of their operations to the University as part of the Sale. Following closing, the Debtors' active business operations will effectively cease. Accordingly, the contracts with Steindler that are not assumed and assigned to the University in connection with the Sale will no longer be utilized by the Debtors.

4. The Debtors seek authority by this Motion to reject their executory contracts with Steindler and related contractual counterparties that the University has already determined it will not seek assumption and assignment of as part of the Sale. While the University generally has until the closing date, January 31, 2024 (the "Closing Date") under the APA to determine which executory contracts the University will take assignment of, the University has already determined that it will not seek assignment of the Steindler executory contracts.

5. The Debtors will not need the Steindler-related executory contracts identified in this Motion following the Closing Date since Debtors' operations will effectively cease. Following the Closing, the Steindler-related executory contracts that are not assumed and assigned to the University will only serve to potentially burden the Debtors' estates. Accordingly, the Debtors seek an order deeming the executory contracts listed on **Exhibit B** (the "Rejected Contracts List") rejected as of the first calendar day immediately following the Closing Date. The Debtors also respectfully request that the Court establish March 1, 2024 as the deadline for Steindler to assert rejection damages claims against the Debtors arising from the rejection sought by this Motion.

## JURISDICTION AND VENUE

6. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

7. The legal predicates for the relief requested herein are Bankruptcy Code sections 105, 363, and 365 and Rules 2002(a), 6004(h), 6006(f), 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules").

## BACKGROUND

**I.     The Chapter 11 Cases**

8. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

9. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

10. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

11. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration").

## II. The Steindler Executory Contracts

12. As part of the Sale process, the University is undertaking an examination of the Debtors' executory contracts to determine which contracts it believes are necessary for it to continue the operations of Debtors' medical facilities and serve its patients and, thus, which executory contracts it will seek assumption and assignment of under the APA as part of the Sale Process.

13. The University has determined that it will not seek assumption and assignment of the Steindler executory contracts listed on the Rejected Contract List.

14. In addition to Steindler, the counterparties on the Rejected Contract List are Physician's Building Group, LLC, Crown Medrealty Partners, LLC, Steindler North Liberty Ambulatory Surgery Center, LLC, and Dr. Taylor Dennison (collectively, with Steindler, the "Steindler Related Counterparties")

15. The University's review is ongoing and the Debtors anticipate there will be additional contracts they seek to reject, either by subsequent motion, under a chapter 11 plan, or otherwise.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

16. A debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This section is intended "to permit

4

the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization.").

17. A debtor's rejection of an executory contract is governed by the "business judgment" standard. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 1989) (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 845-46 (Bankr. W.D. Pa. 1987)); *In re AbitibiBowater Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) ("business judgment" proper standard used to approve rejection of executory contracts); *accord. In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 25 (2d Cir. 1996). Under the business judgment standard, a court must approve a debtor's business decision unless that decision is the product of bad faith, whim, or capriciousness. *See In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal citations omitted)).

18. Rejection of executory contracts is appropriate when rejection would benefit the estate. *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (subsequent history omitted). Courts will approve rejection under section 365(a) upon making a finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts is in the best interests of its creditors and all parties in interest. *See In re Summit Land Co.*, 13 B.R.

5

310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849.

19. The rejection of the contracts listed on the Rejected Contracts List is well within the Debtors' business judgment and serves the best interests of the Debtors' estates. The Debtors are seeking to reject these contracts following the Closing Date in order to avoid the incurrence of additional and unnecessary expenses for the Debtors' estates following consummation of the Sale. Accordingly, the Debtors' have concluded that rejection of the contracts listed on the Rejected Contracts Notice is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest.

20. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple contracts that are not between the same parties. It requires, in relevant part, that such a motion: (i) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion; (ii) list parties alphabetically and identify the corresponding contract or lease; (iii) be numbered consecutively with other omnibus motions to reject executory contracts or unexpired leases; and (iv) be limited to no more than 100 executory contracts or unexpired leases. This Motion and Rejected Contract List comply with these requirements and accordingly satisfies this Bankruptcy Rule.

21. Additionally, the Debtors request that the Court set March 1, 2024 as the deadline (the "Rejection Claim Deadline") for any of the Steindler Related Parties to submit a claim for

damages arising from or related to the rejection of such contract. Bankruptcy Rule 3003(c)(3) authorizes the Court to set such deadline for filing proofs of claim. A proof of claim deadline is sufficient so long as parties in interest receive at least 21-days-notice to file such proofs of claim. Fed. R. Bankr. P. 2002(a)(7).

22. The Debtors also respectfully request that the Court order that any proofs of claim for damages in connection with the rejection of contracts listed on the Rejected Contracts List, if any, be submitted to the Debtors' claims agent, Epiq Corporate Restructuring, LLC ("Epiq") on or before the Rejection Claim Deadline. The Debtors propose that any such claims may be submitted to Epiq either (i) online via the case website at https://dm.epiq11.com/MercyHospital, (ii) by first-class mail to Mercy Hospital Iowa City, Iowa Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420 such that the claim is received by the Rejection Claim Deadline, or (iii) by hand delivery or overnight mail to Mercy Hospital, Iowa City, Iowa Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd, Beaverton, OR 97005 such that the claim is received by the Rejection Claim Deadline.

23. Within three business days of the entry of an order approving this Motion (or as soon as reasonably practical thereafter), the Debtors propose that Epiq shall serve a copy of such order and a proof of claim form modelled off of official form 410 to each of the parties on the Rejected Contracts List. Such notice complies with Bankruptcy Rule 2002 and, accordingly, provides due and proper notice.

24. Finally, attached hereto as **Exhibit C**, which will be filed contemporaneously with this Motion, is a notice to be served to parties whose contract is included on the Rejected Contracts List (the "Rejection Notice"). The Rejection Notice complies with Local Rule 6004-1 because it contains the substantially the same language required therein and will be served on each of the

parties listed on the Rejected Contracts List.

## BANKRUPTCY RULE 6004

25. To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As set forth in this Motion, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## NOTICE

26. The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Pension Committee; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel for the Master Trustee and Trustee; (g) counsel for the Bondholder Representative; (h) the Federal Trade Commission; (i) the Steindler Related Counterparties; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

27. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Cedar Rapids, Iowa
       January 22, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:   (319) 286-7002
Facsimile:    (319) 286-7050
Email:        rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:  515-283-8045
Email: mmcguire@nyemaster.com
       kmstanger@nyemaster.com
       dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:   (312) 372-2000
Facsimile:   (312) 984-7700
Email:       fperlman@mwe.com
             dsimon@mwe.com
             ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:       jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this January 22, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

/s/ *Roy Leaf*