# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 589, 633, 635, 670, 671, 679 |

## STIPULATED AND AGREED ORDER REGARDING SETTLEMENT BETWEEN THE DEBTORS AND ALTERA DIGITAL HEALTH INC.

This Stipulated and Agreed Order (this "Order")[1] is entered into by and among (i) Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and (ii) Altera Digital Health Inc. ("Altera" and, together with the Debtors, the "Parties"), as successor to Allscripts Healthcare, LLC, now known as Veradigm LLC ("Allscripts"). The Parties hereby stipulate as follows:

**WHEREAS**, on March 9, 2021 the parties entered into that certain *Master Client Agreement* (together with any subsequent amendment or modification, including the letter agreement by and among Altera and the Debtors dated August 1, 2023, as well as any other agreements between the parties, collectively, the "Altera Agreement")

**WHEREAS**, on October 16, 2023, Altera filed two proofs of claim [Claim Nos. 10273, 10283], asserting a $9,625,739.15 pre-petition unsecured claim against the Debtors;

**WHEREAS**, Altera asserts that, in addition to its pre-petition unsecured claim, it is entitled

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Altera Motion, the Debtors' Objection, the Debtors' Motion to Compel, or the Altera Objection, as applicable and each as defined herein.

to an administrative priority claim of approximately $2,800,000 and, if the Altera Agreement is rejected, a rejection damages claim of approximately $50,000,000;

**WHEREAS**, on December 20, 2023, Altera filed its *Motion to Compel Assumption or Rejection of Executory Contract* [Docket No. 589] (the "Altera Motion");

**WHEREAS**, on January 12, 2024, the Debtors filed (i) the *Debtors' Objection to Motion of Altera Digital Health Inc. to Compel Assumption or Rejection of Executory Contract* [Docket No. 633] (the "Debtors' Objection") and (ii) the *Debtors' Motion for Entry of an Order (I) Compelling Contractual Performance under Altera Agreement, (II) Enforcing the Automatic Stay, and (III) Granting Related Relief* [Docket No. 635] (the "Debtors' Motion to Compel");

**WHEREAS**, on January 19, 2024, Computershare Trust Company, N.A., as Master Trustee, and Preston Hollow Community Capital, Inc., as Bondholder Representative (together, the "Secured Bondholder Representatives") filed joinders to the Debtors' Objection and the Debtors' Motion to Compel [Docket Nos. 670, 671];

**WHEREAS**, on January 19, 2024, Altera filed its *(A) Reply in Further Support of Motion to Compel Assumption or Rejection of Executory Contract; (B) Opposition to Debtors' Motion for Entry of an Order (I) Compelling Contractual Performance under Altera Agreement, (II) Enforcing the Automatic Stay, and (III) Granting Related Relief; and (C) Brief* [Docket No. 679] (the "Altera Objection");

**WHEREAS**, in order to resolve the various issues and disputes set forth in the Altera Motion, the Debtors' Objection, the Debtors' Motion to Compel, and the Altera Objection, the Parties have agreed upon the terms of the settlement set forth herein (the "Settlement"); and

**IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Altera Agreement shall be and hereby is rejected effective as of January 31, 2024 (the "Closing Date").

2. On or after the Closing Date, except with respect to the Allowed Claim (as defined below) the Debtors shall no longer be required to pay any amounts to Altera owed under the Altera Agreement.

3. Effective as of the Closing Date, Altera shall enter into a new agreement (the "Iowa Agreement") with the State of Iowa's University of Iowa (the "University") on terms reasonably acceptable to Altera and the University, as required for the Debtors to satisfy certain closing conditions contained in section 6.2(i) of the *Asset Purchase Agreement* (the "APA") between the Debtors and the University.

4. Effective as of the Closing Date and contemporaneous with Altera's entry into the Iowa Agreement, the Debtors, their estates, and each of their related parties shall release Altera, Allscripts, and each of their related parties from any and all claims or causes of action, including, but not limited to, claims under the Altera Agreement and claims under chapter 5 of the Bankruptcy Code. The foregoing release shall be binding upon the Debtors and their estates, as well as any of their successors or any successor chapter 7 or chapter 11 trustee.

5. Effective as of the Closing Date and contemporaneous with Altera's entry into the Iowa Agreement, Altera, Allscripts, and each of their related parties shall release the Debtors, their estates, and each of their related parties from any and all claims or causes of action. The foregoing release shall be binding upon Altera, Allscripts, and any of their successors.

6. Effective as of the date of confirmation of the Plan, (a) Altera, Allscripts, and each of their related parties shall waive any entitlement or recovery on account of any administrative or priority claim; and (b) Altera shall have an allowed general unsecured claim of $6,000,000, with

3

any additional amounts (including any such amount relating to rejection damages) claimed by either Altera or Allscripts to be forever waived and released by both Altera and Allscripts.

7. Altera and Allscripts shall vote to accept any chapter 11 plan of liquidation proposed by the Debtors that incorporates the terms of the Settlement (the "Plan") and shall not oppose or otherwise impede confirmation thereof (including, without limitation, any such actions taken in Altera's capacity as a member of the Official Committee of Unsecured Creditors appointed in these chapter 11 cases).

8. The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated and entered this 23rd day of January 2024.

_____
Honorable Thad J. Collins, Chief Judge

**Consented to By:**

**NYEMASTER GOODE, P.C.**
/s/ *Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax:           (515) 283-8045
Email: mmcguire@nyemaster.com
         kmstanger@nyemaster.com
         dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile:  (312) 984-7700
Email:     fperlman@mwe.com
           dsimon@mwe.com
           ekeil@mwe.com

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile:  (972) 232-3098
Email:     jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

- and -

**LOEB & LOEB LLP**
/s/ *Schuyler G. Carroll*
Schuyler G. Carroll
345 Park Avenue
New York, NY 10154
Telephone:     (212) 407-4820
Facsimile: (212) 202-5431
Email:     scarroll@loeb.com

*Counsel to Altera Digital Health Inc.*