**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| | Jointly Administered |
| Debtors. | |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION TO CONTINUE DEBTORS' EXCLUSIVITY MOTION SET FOR HEARING ON JANUARY 22, 2024**

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the "Order") continuing the hearing on their Exclusivity Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

2. The Motion complies with Local Rule 5071-1.

3. The Motion demonstrates good cause to continue the hearing on the Exclusivity Motion, which was previously set to be heard on January 22, 2024.

4. The Exclusivity Motion is hereby set for February 12, 2024 at 10:30 A.M. (the "Hearing").

5. The Debtors shall have until February 9, 2024 to file a reply (if any) to the Bondholders' Objection.

6. The Debtors shall continue to have the exclusive right to file a plan pursuant to Bankruptcy Code section 1121 until consideration of the Exclusivity Motion at the Hearing.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated and entered this  23rd  day of January, 2024.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309

Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: mmcguire@nyemaster.com
kmstanger@nyemaster.com
dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com


*Counsel for Debtors and
Debtors-in-Possession*