**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) ESTABLISHING ADMINISTRATIVE CLAIMS BAR DATE, (II) APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE THEREOF, AND (III) APPROVING PROOF OF ADMINISTRATIVE CLAIM FORM**

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Administrative Claims Bar Date Order"), granting the relief described below. In support thereof, the Debtors respectfully represent as follows:

**RELIEF REQUESTED**

1. By the Motion, the Debtors seek entry of an order (i) establishing March 15, 2024 at 5:00 p.m. (Central) (the "Administrative Claims Bar Date") as the deadline to file claims against the Debtors pursuant to Bankruptcy Code section 503(b)(1) through (9) and 507(a)(2) (each, an "Administrative Claim") that (a) may have arisen, accrued, or otherwise become due and payable at any time between the Petition Date and February 1, 2024 (including those beginning and ending dates) or (b) solely with respect to claims arising under Bankruptcy Code section 503(b)(9) are for the value of any goods received by the Debtors within 20 days before the Petition Date (as defined below) that were sold to the Debtors in the ordinary course of the Debtors' business, (ii) approving

the Administrative Claims Bar Date Notice (as defined herein) and use thereof, and (iii) approving the Proof of Administrative Claim Form (as defined herein) and use thereof.

2. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 105, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

**I.    The Chapter 11 Cases**

4. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code section 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 case.

6. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

7. Additional information regarding the Debtor and the Chapter 11 Case, including the Debtor's business operations, capital structure, financial condition, and the reasons for and

objectives of the Chapter 11 Case, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "Toney Declaration").

**II.     The Debtors' Claim Process**

8.      On August 7, 2023, the Debtors filed *Debtors' Application for Entry of Order Appointing Epiq Corporate Restructuring, LLC as Claims, Noticing, Solicitation, and Administrative Claims Agent Effective as of the Petition Date*. *See* Docket No. 9. On August 15, 2023, the Court authorized the Debtors to retain Epiq Corporate Restructuring, LLC ("Epiq") as claims and noticing agent in the Chapter 11 Cases. *See* Docket No. 104.

9.      On August 14, 2023, the Court entered a text-only order (the "Bar Date Order") setting the proofs of claim deadline for all creditors except governmental units and the proofs of interest for equity security holders as October 16, 2023 and the Court further ordered that the deadline for filing claims by governmental units is February 5, 2024 (together with October 16, 2023, the "Bar Dates"). *See* Docket No. 92.

10.     Pursuant to the Bar Date Order, the Debtors filed, served, and published the *Notice of Commencement* [Docket No. 113] apprising all parties in interest of the Bar Dates. *See* Docket Nos. 127, 182, 183, 241, 242, 619.

11.     On August 21, 2023, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements"). *See* Docket No. 135. Among other things, the Schedules and Statements set forth the claims of known creditors against the Debtors as of the Petition Date, based upon the Debtors' books and records. On December 28, 2023, the Debtors filed an amended version of their Schedules. *See* Docket No. 606.

3

### III. Administrative Claims Bar Date

12. The Debtors request that the Court establish March 15, 2024 as the Administrative Claims Bar Date for all Administrative Claims that (a) may have arisen, accrued, or otherwise become due and payable at any time between the Petition Date and February 1, 2024 (including those beginning and ending dates) or (b) solely with respect to claims arising under Bankruptcy Code section 503(b)(9) are for the value of any goods received by the Debtors within 20 days before the Petition Date that were sold to the Debtors in the ordinary course of the Debtors' business.

13. The Debtors will provide notice of the Administrative Claims Bar Date by mailing, within three business days after the entry of the Administrative Bar Date Order, (a) notice of the Administrative Claims Bar Date, substantially in the form attached to the Administrative Bar Date Order as **Exhibit 1** (the "Administrative Claims Bar Date Notice"), and (b) a proof of administrative claim form, substantially in the form attached to the Administrative Claims Bar Date Order as **Exhibit 2** (the "Proof of Administrative Claim Form"), to all persons and entities holding potential Administrative Claims against the Debtors that may be subject to the Administrative Claims Bar Date.

### PARTIES REQUIRED TO FILE ADMINISTRATIVE CLAIM FORMS PURSUANT TO THE ADMINISTRATIVE BAR DATE ORDER

14. The Administrative Claims Bar Date Order provides that each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting an Administrative Claim against one or more of the Debtors is required to file a separate Proof of Administrative Claim Form in the Chapter 11 Cases.

15. Each Proof of Administrative Claim Form must be ***actually received*** on or before the Administrative Claims Bar Date by Epiq. Proofs of Administrative Claims must be filed by: (a) mailing the Proof of Administrative Claim Form by first-class mail to Mercy Hospital, Iowa City, Iowa, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420, (b) delivering such original Proof of Administrative Claim Form by overnight mail, courier service, hand delivery, or in person to Mercy Hospital, Iowa City, Iowa c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or (c) completing the electronic Proof of Administrative Claim Form available online at https://dm.epiq11.com/case/mercyhospital. **Proof of Administrative Claim Forms will be deemed timely filed only if *actually received* by Epiq on or before the Administrative Claims Bar Date.**

**CLAIMS NOT SUBJECT TO THE ADMINISTRATIVE CLAIMS BAR DATE ORDER**

16. The Debtors propose that creditors holding or wishing to assert the following types of Administrative Claims against the Debtors need not file Proof of Administrative Claim Forms:

   a. Administrative Claims on account of which a request for payment of Administrative Claim already has been properly filed with Epiq, if such request clearly sets forth that such party is asserting an Administrative Claim and includes supporting documentation;

   b. Administrative Claims previously allowed or paid pursuant to an order of the Court;

   c. Administrative Claims asserted by professionals retained by the Debtors, the Committee, or the Pension Committee, to the extent that such claims are for services performed and reimbursement of expenses incurred in the Chapter 11 Cases;

   d. Administrative Claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtors;

   e. Administrative Claims asserted by Computershare Trust Company N.A. as Master Trustee (the "Master Trustee") as adequate protection pursuant to any cash collateral order; and

  f. Administrative Claims asserted by the Debtors' employees for wages or salaries earned between August 7, 2023 and February 1, 2024.

### **EFFECT OF FAILURE TO FILE PROOF OF ADMINISTRATIVE CLAIM FORMS**

17. The Debtors propose that any entity that is required to file a Proof of Administrative Claim Form in the form and manner specified in the Administrative Claims Bar Date Order and that fails to do so on or before the Administrative Claims Bar Date: (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or the property of any of them, or thereafter filing a Proof of Administrative Claim Form with respect thereto in the Chapter 11 Cases; and (b) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.

### **PROPOSED PROCEDURES FOR PROVIDING NOTICE OF ADMINISTRATIVE CLAIMS BAR DATE AND OF PROCEDURES FOR FILING PROOF OF ADMINISTRATIVE CLAIM FORMS**

18. The Debtors intend to mail the Administrative Claims Bar Date Notice, together with the Proof of Administrative Claim Form, by first-class mail, no later than three business days after entry of the Administrative Claims Bar Date Order, to all persons and entities holding potential Administrative Claims against the Debtors that may be subject to the Administrative Claims Bar Date.[1] In particular, the Debtors intend to serve the Administrative Claims Bar Date Notice and Proof of Administrative Claim Form on, among other parties, all creditors of the Debtors, the Debtors' employees, and all parties entitled to notice pursuant to Local Rules 2002-1 and 2002-2 (eff. Jan. 1, 2024). Additionally, the Debtors will serve the Administrative Claims Bar

---

[1] The Administrative Claims Bar Date Order, Administrative Claims Bar Date Notice, and Proof of Administrative Claim Form will be accessible on Epiq's website: https://dm.epiq11.com/case/mercyhospital.

6

Date Notice via publication in the *Cedar Rapids Gazette* once per week for three consecutive weeks after entry of the Administrative Claims Bar Date Order.

19. The written notice will: (a) set forth the Administrative Claims Bar Date; (b) advise creditors under what circumstances they must file a Proof of Administrative Claim Form; (c) alert creditors to the consequences of failing to timely file a Proof of Administrative Claim Form; (d) set forth the addresses to which Proof of Administrative Claim Forms must be sent for filing; and (e) notify creditors that Proof of Administrative Claim Forms (i) must be filed with original signatures, (ii) must be written in English, (iii) must be denominated in lawful currency of the United States, (iv) must attach any documents on which the claim is based or an explanation as to why such documents are not available, and (v) must not be transmitted by facsimile, telecopy, e-mail, or other electronic means (except for those submitted online via the Debtors' case website at https://dm.epiq11.com/case/mercyhospital), or such forms will not be deemed timely filed. The Debtors submit that the Administrative Claims Bar Date Notice will provide creditors with sufficient information to file properly prepared and executed Proof of Administrative Claim Forms in a timely manner.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

20. Establishing an administrative claims bar date allows debtors and other parties-in-interest to determine and evaluate the administrative liabilities of the estate and develop a sound exit strategy. The absence of such a deadline, in contrast, prolongs uncertainty, increases the costs and expenses incurred by debtors in connection with the claims reconciliation process and delays or even derails the claims process, thus undercutting one of the principal purposes of bankruptcy law—"'to secure a prompt and effectual' resolution of bankruptcy cases 'within a limited period.'" *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1803 (2019) (*quoting Katchen v. Landy*, 382 U.S. 323, 328

(1966)). Here, to facilitate the development of a comprehensive liquidating plan, it is essential that the Debtors understand, as soon as possible, the full nature, extent, and scope of Administrative Claims that creditors may assert against the Debtors and their estates.

### A. Proposed Proof of Administrative Claim Form

21. Bankruptcy Code section 503 provides that any party can "timely file a request for payment of an administrative expense" and that such claim may be allowed after notice and a hearing. *See* 11 U.S.C. § 503. In lieu of this requirement, the Debtors request that (a) claimants be permitted to assert their alleged Administrative Claims through submission of a Proof of Administrative Claim Form, and (b) timely submission of a Proof of Administrative Claim Form be deemed to comply with all Bankruptcy Code requirements for filing requests for payment of administrative expenses, such that claimants purporting to hold Administrative Claims need not file separate applications seeking the allowance and payment of such claims.

22. The Proof of Administrative Claim Form is similar to Bankruptcy Rule Official Form 410, but has been modified to identity and reflect that the form is one for Administrative Claims. The Debtors submit that the Court may approve the Proof of Administrative Claim Form pursuant to Bankruptcy Code section 105(a), which permits the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The Debtors further submit that approval of the Proof of Administrative Claim Form, in lieu of requiring creditors to file formal applications seeking allowance of their Administrative Claims, is fair and equitable and will promote judicial economy.

### B. Proposed Notice Procedures

23. Bankruptcy Code section 105(a), together with Bankruptcy Rule 9007, permit the Court to approve the proposed form, manner, and sufficiency of notice of the Administrative

Claims Bar Date and the procedures for filing Administrative Claims. The Debtors propose to serve the Administrative Claims Bar Date Notice no later than three business days after entry of the Administrative Claims Bar Date Order by first-class mail on all persons and entities holding potential Administrative Claims against the Debtors that may be subject to the Administrative Claims Bar Date. The Administrative Claims Bar Date Order, Administrative Claims Bar Date Notice, and Proof of Administrative Claim Form will also be accessible on Epiq's website: https://dm.epiq11.com/mercyhospital.

24. The Debtors submit that approval of the Administrative Claims Bar Date, the proposed procedures for filing Administrative Claims, and the form, manner, and sufficiency of notice of such procedures is proper and in the best interests of the Debtors and their estates.

## NOTICE

25. The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Pension Committee; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel for the Master Trustee and Trustee; (g) counsel for the Bondholder Representative; (h) the Federal Trade Commission; and (i) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Administrative Claims Bar Date Order, substantially in the form attached hereto as **Exhibit A**, (i) establishing the Administrative Claims Bar Date, (ii) approving the form and manner of the Administrative Claims Bar Date Notice, and (iii) granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: Cedar Rapids, Iowa<br>January 30, 2024 | **NYEMASTER GOODE, P.C.**<br><br>*/s/ Roy Leaf*<br>Roy Leaf, AT0014486<br>625 First Street SE, Suite 400<br>Cedar Rapids, IA 52401-2030<br>Telephone: (319) 286-7002<br>Facsimile: (319) 286-7050<br>Email: rleaf@nyemaster.com<br><br>- and -<br><br>Kristina M. Stanger, AT0000255<br>Matthew A. McGuire, AT0011932<br>Dana Hempy, AT0014934<br>700 Walnut, Suite 1600<br>Des Moines, IA 50309<br>Telephone: 515-283-3100<br>Fax: 515-283-8045<br>Email: mmcguire@nyemaster.com<br>       kmstanger@nyemaster.com<br>       dhempy@nyemaster.com<br><br>- and -<br><br>**MCDERMOTT WILL & EMERY LLP**<br>Felicia Gerber Perlman (admitted *pro hac vice*)<br>Daniel M. Simon (admitted *pro hac vice*)<br>Emily C. Keil (admitted *pro hac vice*)<br>444 West Lake Street, Suite 4000<br>Chicago, IL 60606<br>Telephone: (312) 372-2000<br>Facsimile: (312) 984-7700<br>Email: fperlman@mwe.com<br>       dsimon@mwe.com<br>       ekeil@mwe.com |

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

    The undersigned certifies, under penalty of perjury, that on this January 30, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

<u>/s/ *Roy Leaf*</u>

11