IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **EXPEDITED RELIEF REQUESTED** |

**DEBTORS' EXPITED MOTION FOR ENTRY OF ORDER (I) SETTING ADMINISTRATIVE BAR DATE MOTION FOR HEARING ON FEBRUARY 12, 2024 AND (II) REDUCING THE BAR DATE FOR OBJECTIONS THERETO**

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") setting *Motion of Debtors for Entry of an Order (I) Establishing Administrative Claims Bar Date, (II) Approving Form, Manner, and Sufficiency of Notice Thereof, and (III) Approving Proof of Administrative Claim Form* (the "Administrative Bar Date Motion") for hearing on Monday, February 12, 2024 at the already-scheduled hearing in this case and set the bar date for objections to the Administrative Bar Date Motion to Friday, February 9, 2024. In support thereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C.

1

§ 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9073-2.

3. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**I.     The Chapter 11 Cases**

4. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons

for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration").

## II. Expedited Hearing on Administrative Bar Date Motion

8. On January 30, 2024, simultaneously with filing this Motion, the Debtors filed the Administrative Bar Date Motion. The Administrative Bar Date Motion seeks an order from this Court (i) establishing March 15, 2024 at 5:00 p.m. (Central) (the "Administrative Claims Bar Date") as the deadline to file claims against the Debtors pursuant to Bankruptcy Code section 503(b)(1) through (9) and 507(a)(2) (each, an "Administrative Claim") that (a) may have arisen, accrued, or otherwise become due and payable at any time between the Petition Date and February 1, 2024 (including those beginning and ending dates) or (b) solely with respect to claims arising under Bankruptcy Code section 503(b)(9) are for the value of any goods received by the Debtors within 20 days before the Petition Date that were sold to the Debtors in the ordinary course of the Debtors' business, (ii) approving the form and manner of notice of the Administrative Claims Bar Date and use thereof, and (iii) approving the form for creditors to use to file any Administrative Claims.

9. Establishment of an Administrative Claims Bar Date is crucial to the discussions surrounding formation of a liquidating chapter 11 plan. In discussions between the Debtors, Committee, Pension Committee, and Preston Hollow Community Capital, Inc. and Computershare Trust Company, N.A. (collectively, the "Bondholders"), it has become clear that establishment of an Administrative Claims Bar Date is important for the parties to fully understand the universe of claims against the Debtors and potential waterfall.

10.     The Debtors circulated the Administrative Bar Date Motion to counsel for each of the Committee, Pension Committee, and Bondholders and incorporated comments received from those parties. The Debtors delayed filing of the Administrative Bar Date Motion in order to ensure that those parties had a chance to review and comment on the Administrative Bar Date Motion. The Debtors understand that each of the Committee, Pension Committee, and Bondholders are in support of the Administrative Bar Date Motion and the relief sought therein.

11.     Bankruptcy Rule 2002(a)(7) requires that parties in interest receive at least 21 days-notice of the Administrative Claims Bar Date. In order to provide sufficient time for the Debtors to serve notice of the Administrative Claims Bar Date on parties in interest in advance of the March 15, 2024 deadline and to provide any such parties sufficient time to file an Administrative Claim, the Debtors respectfully request that this Court set the Administrative Bar Date Motion for hearing on the already-scheduled hearing date of February 12, 2024.

### III.    Setting Bar Date on the Administrative Bar Date Motion

12.     Bankruptcy Rule 9006 authorizes and empowers this Court to reduce the time, manner, and extent of notice of the hearing on the Administrative Bar Date Motion.

13.     In order for the Administrative Bar Date Motion to be heard at the hearing set for February 12, 2024, the Debtors respectfully request that the Court set **Friday, February 9, 2024** as the bar date for objections to the Administrative Bar Date Motion.

14.     The Debtors submit that reducing the bar date for the Administrative Bar Date Motion to and including Friday, February 9, 2024 is adequate and appropriate under the circumstances, particularly given the support for the Administrative Bar Date Motion from the Debtors' largest stakeholders. Accordingly, reducing the time for objections to the Administrative

Bar Date Motion is in the best interest of the Debtors' estates, and authorized by the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

## NOTICE

15. The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Pension Committee; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel for the Master Trustee and Trustee; (g) counsel for the Bondholder Representative; (h) the Federal Trade Commission; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: Cedar Rapids, Iowa<br>January 30, 2024 | **NYEMASTER GOODE, P.C.**<br><br>*/s/ Roy Leaf*<br>Roy Leaf, AT0014486<br>625 First Street SE, Suite 400<br>Cedar Rapids, IA 52401-2030<br>Telephone:   (319) 286-7002<br>Facsimile:    (319) 286-7050<br>Email:          rleaf@nyemaster.com |

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:  515-283-8045
Email: mmcguire@nyemaster.com
           kmstanger@nyemaster.com
           dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:   (312) 372-2000
Facsimile:    (312) 984-7700
Email:          fperlman@mwe.com
                    dsimon@mwe.com
                    ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:            jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

# CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this January 30, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

*/s/ Roy Leaf*