# EXHIBIT C

# MCKESSON
*Empowering Healthcare*

McKesson Corporation and its affiliated companies (collectively referred to as "McKesson")

## CUSTOMER APPLICATION
(Please print in block letters)

FAX TO: _____

CD01-S  V.09-13

| Field | Value |
|---|---|
| Type of Business | ☐ Acute ☐ Primary Care ☒ Specialty ☐ Home Health ☐ Extended ☐ Long Term ☐ Pharmacy ☐ Closed Door ☐ Mail Order ☐ Supplier ☐ Other |
| Legal Company Name | Mercy Services, Iowa City, Inc dba Mercy Specialty Clinic, Medical Oncology |
| Website Address | — |
| Federal Tax ID / EIN | — |
| Legal Address (Main Office) | 613 E Bloomington Street, Suite 100 |
| City | Iowa City |
| State | IA |
| Zip | 52245 |
| Contact Name | Maureen Brookhart |
| Title | Office Manager |
| Phone | 319-339-3917 |
| Billing / Statement Address | 500 E Market Street |
| City | Iowa City |
| State | IA |
| Zip | 52245 |
| Accounts Payable Contact Person | Cindy Gingerich |
| Accounts Payable Telephone | 319-339-3575 |
| Accounts Payable Fax | 319-339-3906 |
| Accounts Payable Email | cindy.gingerich@mercyic.org |

Shipping Information: "McKesson Specialty" invoices will be sent to Billing Address unless indicated ☐ Ship-to

| Field | Value |
|---|---|
| DBA or Business Trade Name of Account | Mercy Services, Iowa City, Inc dba Mercy Specialty Clinic, Medical Oncology |
| Estimated Monthly Purchases | $500,000 |
| Initial Order | $ Unknown |
| Number of Employees | 13 |
| Ship to Address | 613 E Bloomington Street, Suite 100 |
| City | Iowa City |
| State | IA |
| Zip | 52245 |
| Shipping Contact Person | Sally Conley |
| Shipping Contact Telephone | 319-339-3916 |
| Shipping Contact Fax | 319-358-2794 |
| Shipping Contact Email | sally.conley@mercyic.org |

YEAR established: 2016   YEAR Current Ownership: ____   State Org: ____
Has applicant, applicant's parent or affiliates ever filed for bankruptcy? ☒ No ☐ Yes, attach explanation

Ownership Type: ☐ Proprietorship ☐ Partnership ☐ Limited Partnership ☐ Limited Liability Company ☒ Private Corp ☐ Public Corp ☐ Professional Corp ☐ Non-Profit Corp ☐ Government

Principal Owner(s) or Stockholder(s): Mercy Services Iowa City Inc    % Ownership(s): 100%    Social Security Number(s): TIN # (see above)

NAME OF CONTROLLING ENTITY (if any): Same as above
Address of Controlling Entity: Same as above
Applicant's relationship to controlling entity: ____    Phone: ____    City: ____   State: ____   Zip: ____

REFERENCES:
Primary Bank/Financial Institution: Hills Bank   Account Number: ____   Contact Name: Bethany Welsh   Phone: 319-358-2226
Primary Supply Provider: multiple vendors (see contracts already supplied to McKesson)
Primary Technology Provider: AppMedical   Account Number: NA   Contact Name: Joshua Heck   Phone: 319-594-3631

Additional Information Required (if applicable, please attach these documents to this application): Dr James Feeley  BF2815592  unknown  MD24956  IA
☐ Copy of Resale/Tax Exemption Certificate
☐ Copy of DEA Registration, State Pharmacy License, or Medical License: Dr Scott Miller DEA # BM1619390   MD36769   IA
☐ Copies of 3 most recent and consecutive primary supplier statements
☐ Annual Financial Statements for the past 2 years (including balance sheet, income statement, and cash flow statements)

This section applies to all "MCKESSON SPECIALTY DISTRIBUTION LLC. MCKESSON SPECIALTY CARE DISTRIBUTION CORPORATION" accounts only
Customer agrees to abide by, and acknowledges having received and reviewed, McKesson's Returns Policy (including reporting to McKesson all claims for damaged or missing product within 48 hours of receipt of goods). Price billed is the current price in effect at the time of item shipment. Customer hereby consents to allow McKesson to share information contained in the Customer Application and other related information, including without limitation payment history and credit status, with the manufacturers of certain specialty pharmaceutical products (if such products are purchased by Customer through McKesson) and affiliates of such manufacturers. A list of the manufacturers to which McKesson currently provides information is available from McKesson on request.

This section applies to all accounts with MCKESSON CORPORATION and its affiliated companies ("McKesson")
Customer agrees to abide by (I) standard terms of sale provided or made available by McKesson and/or shown on McKesson's invoices or statements and (II) any written agreement or terms of sale with McKesson governing Customer's account. Customer agrees to pay for all purchases, fees and other charges incurred by Customer or an authorized user on any account of Customer, including service charges on past due amounts at the highest rate permitted by law (including purchases shipped and/or billed to a third-party agent on behalf of Customer). Any payment made after the net due date shall result in the loss of any prompt cash payment discount specified on the related invoice or statement and Customer shall pay the gross amount plus any applicable service charges. Without limiting McKesson's other legal rights, McKesson may exercise a right of set-off against amounts due Customer from McKesson Corporation or any of its affiliates. McKesson reserves the right, in its sole discretion, to change a payment term (including imposing cash payment upon delivery), to limit total credit and/or to suspend or discontinue the shipment of any orders to Customer if McKesson concludes that (I) there has been a material adverse change in the Customer's financial condition or payment performance or (II) Customer has ceased or is likely to cease to meet McKesson's credit requirements.

Customer represents that it is entitled to discounted prices from manufacturers as it has notified McKesson ("Contract Prices"). In consideration of McKesson allowing Customer to purchase products at Contract Prices, Customer represents that McKesson will be paid by the appropriate manufacturer the difference between McKesson's acquisition price and the Contract Price ("Chargeback") and Customer will be liable to McKesson for any unpaid Chargeback if any manufacturer (I) denies a Chargeback for any reason, (II) makes an assignment for the benefit of creditors, files a petition in bankruptcy, is adjudicated insolvent or bankrupt, or if a receiver or trustee is appointed with respect to a substantial part of its property or a proceeding is begun which will substantially impair its ability to pay Chargebacks or (III) fails to pay McKesson Chargebacks for any reason other than McKesson's gross negligence.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating due to race, color, religion, national origin, sex, marital status, age; or because all or part of the Customer's income is from any public assistance program; or the Customer, in good faith, exercises any right under the Consumer Credit Protection Act. The Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580 administers compliance with this law. Customer represents and warrants that Customer has read and understands this form and has reviewed the information provided in its entirety, including responses completed for Customer by a McKesson representative, and that all information is complete and correct. Customer agrees that McKesson will be relying on such information and will notify McKesson of any material changes to such information.

Customer agrees to provide McKesson with financial statements upon request. Customer authorizes McKesson, its employees, representatives, and agents to (I) investigate information provided and Customer's credit, financial and banking records, (II) obtain Customer's credit bureau report and (III) share with its affiliates experiential and transactional information regarding Customer and Customer's account. McKesson is authorized to retain information obtained as part of the application process whether or not the requested account and/or credit is granted. Customer agrees to pay all reasonable attorney fees and expenses and cost incurred by McKesson in enforcing its rights to collect amounts due from Customer. This form and any account opened in favor of Customer are subject to credit approval by McKesson.

By signing below, the undersigned authorized McKesson to order a consumer report related to the business principal(s) to determine credit eligibility.

Authorized Signature: *Kelly Duvian*   Print Name: Kelly Duvian   Title: Vice President of Mercy Services   Date: 11/22/16
(This form must be signed by a Corporate Officer, Partner, Owner or Authorized Agent)

14

# MCKESSON
*Empowering Healthcare*

McKesson Corporation or an affiliated company ("McKesson")

**CUSTOMER SET UP (Multiple Ship-To) / CHANGE REQUEST FORM**
(Please print in block letters)

CD02-S   V.08-31-05

Request Type: ☐ Additional Account  ☒ Change of Account Name  ☐ Change of Ownership  ☐ Change of Address

Type of Business: ☐ Acute ☐ Primary Care ☒ Specialty ☐ Home Health ☐ Extended ☐ Long Term ☐ Pharmacy ☐ Closed Door ☐ Internet ☐ Mail Order ☐ Supplier ☐ Government ☐ Other

**Legal Company Name:** Mercy Services Iowa City, Inc dba Mercy Specialty Clinics, Medical Oncology
**Federal Tax ID:** [redacted]
**McKesson Account #:**

**Legal Address (Main Office):** 613 E Bloomington Street, Suite 100
**City:** Iowa City   **State:** IA   **Zip:** 52245

**Contact Name we may call for questions regarding this application:** Maureen Brookhart
**Title:** Office Manager
**Phone:** 319-339-3917

**Billing / Statement Address (if different than Main Office):** 500 E Market St
**City:** Iowa City   **State:** IA   **Zip:** 52245

**Accounts Payable Contact Person:** Cindy Gingerich
**Accounts Payable Telephone:** 319-339-3575
**Accounts Payable Fax:** 319-339-3906

**Shipping Information:** Mercy Services, Iowa City, Inc Mercy Specialty Clinics Medical Oncology
*"McKesson Specialty" invoices will be sent to Billing Address unless indicated ☐ Ship-to*

**DBA or Business Trade Name of Account:** 613 E Bloomington Street, Suite 100
**Ship to Address:**
**City:** Iowa City   **State:** IA   **Zip:** 52245

**Ship to Contact Person:** Sally Conley
**Ship to Telephone:** 319-339-3916
**Estimated Monthly Purchases:** $ 415,000

**Shipping Information:**
*"McKesson Specialty" invoices will be sent to Billing Address unless indicated ☐ Ship-to*

**DBA or Business Trade Name of Account:**
**Ship to Address:**   **City:**   **State:**   **Zip:**
**Ship to Contact Person:**   **Ship to Telephone:**   **Estimated Monthly Purchases:** $

**Shipping Information:**
*"McKesson Specialty" invoices will be sent to Billing Address unless indicated ☐ Ship-to*

**DBA or Business Trade Name of Account:**
**Ship to Address:**   **City:**   **State:**   **Zip:**
**Ship to Contact Person:**   **Ship to Telephone:**   **Estimated Monthly Purchases:** $

**Additional Information Required** (if applicable, please attach these documents to this form):
☐ Copy of Resale Certificate, DEA Registration and State Pharmacy License
☐ Annual Financial Statements for the past 2 years (including balance sheets, income statements, and cash flow statements)

**This section applies to all accounts with MCKESSON SPECIALTY DISTRIBUTION LLC and MCKESSON SPECIALTY DISTRIBUTION SERVICES (account only): CD02-S V.2**

All orders received by 6 P.M. CST (with the exception of ground/drop ship items and products ordered on Fridays) will be processed the same day. Acceptance of any purchase order is subject to final credit approval. All pricing is subject to change without notice due to manufacturer price increases. Prices billed are the current prices in effect at the time of order placement. Buyer shall examine all shipments immediately upon arrival. If broken or damaged product is discovered, call 1-888-625-7732 between the hours of 7:00 A.M and 6:00 P.M. CST within 48 hours of receipt of goods and your Customer Care Representative will assist you with the returns process. Customer acknowledges having received and reviewed the Returns Policy.

Invoices are due 30 days from the date of invoice unless otherwise stated. Actual payment terms extended may differ depending on credit approval and are due as printed on the invoice. Please refer to the most recent invoice and statement for actual payment terms. Any payment made after the due date shall result in a two percent (2%) increase in the purchase price of the merchandise. A 1.5% per month service charge (or the maximum amount permissible under applicable law, if lower) will be imposed on all balances delinquent more than fifteen (15) days. McKesson may offer introductory or promotional payment terms on specific manufacturers or product. Introductory or promotional payment terms are subject to credit approval and are only in effect during introductory or promotional periods as printed on invoice at time of purchase. Standard payment terms apply once Introductory or promotional period expire, and are subject to credit approval and may be modified at McKesson's discretion.

**This section applies to all accounts with MCKESSON CORPORATION or an affiliated company:**

Customer represents to McKesson that it is entitled to discounted prices from certain manufacturers of which it has notified McKesson ("Contract Prices"). To the extent that McKesson grants Customer the right to purchase products at prices based on such Contract Prices and in consideration of McKesson's granting such right, (i) Customer acknowledges that McKesson will expect to receive from the appropriate manufacturer the difference between McKesson's cost and the Contract Price (a "Chargeback") and (ii) Customer agrees that in the event any manufacturer denies a Chargeback because Customer was not eligible for such Contract Price, Customer shall be invoiced for and will become liable to McKesson in the amount of such Chargeback. In addition, in the event a manufacturer (i) makes an assignment for the benefit of creditors, files a petition in bankruptcy, is adjudicated insolvent or bankrupt, or if a receiver or trustee is appointed with respect to a substantial part of the vendor's property or a proceeding is commenced against it which will substantially impair its ability to pay on chargebacks or (ii) otherwise fails to pay Chargebacks to McKesson for any reason other than McKesson's gross negligence or willful misconduct, Customer shall be invoiced and become liable to for any unpaid chargebacks allocable to its purchases from such manufacturer.

The Customer agrees to abide by the Standard Terms of Sale as shown on McKesson's invoices or by any agreement with McKesson governing Customer's account, or any other terms of sale upon which McKesson and the Customer should agree in writing. The Customer agrees to pay for all purchases, fees and other charges incurred by Customer or an authorized user on any account of customer with McKesson, including service charges on past due amounts at the highest rate permitted by law.

McKesson reserves the right, in its sole discretion, to change a payment term (including imposing the requirement of cash payment upon delivery) or limit total credit, if (i) McKesson concludes there has been a material change in the Customer's financial condition or any unsatisfactory payment performance; or (ii) Customer ceases to meet McKesson's credit requirements or McKesson determines that the Customer is likely to cease meeting such requirements. Upon the occurrence of any of the above-specified events, McKesson shall be entitled to suspend or discontinue the shipment of additional orders to Customer.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit Customers on the basis of race, color, religion, national origin, sex, marital status, age; (provided the Customer has the capacity to enter into a binding contract); because all or part of the Customer's income derives from any public assistance program; or because the Customer has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

The Customer represents and warrants to McKesson that Customer has read and understands this form. Customer further represents and warrants that Customer has reviewed the information provided herein in its entirety, including any responses completed on Customer's behalf by a McKesson representative, and that all such information is complete and correct. Customer will advise McKesson of any material changes in the statements and information provided to McKesson.

Customer agrees to provide McKesson with financial statements at McKesson's request. This form is subject to approval by the McKesson Credit Department. Customer acknowledges that McKesson will be relying on this information if it determines to create an account for and/or extend credit to Customer. Customer authorizes McKesson, its employees, representatives, and agents to investigate any information contained herein. Customer also authorizes McKesson to investigate Customer's credit and financial records, including banking records. Customer understands that, as part of this investigation, McKesson or its agent may request Customer's credit bureau report in considering this application and, if credit is extended, for the purpose of an update, renewal, extension of credit, review or collection of the Account. Furthermore, Customer authorizes McKesson to share with its affiliates experiential and transactional information regarding Customer and Customer's Account. McKesson is authorized to retain any information obtained as part of the application process whether or not the requested account and/or credit is granted. Customer agrees to pay all reasonable attorney fees and expenses or cost incurred by McKesson in enforcing its rights to collect any amounts due from Customer.

By signing below, the undersigned authorized McKesson to order a consumer report related to the business principal(s) to determine credit eligibility.

**Authorized Signature:** *Kelly Duncan* (signature)
(This form must be signed by a Corporate Officer, Partner, Owner or Authorized Agent)

**(Print Name):** Kelly Duncan

**Title:** VP of Mercy Services

**Date:** 11/23/14

1B

**McKESSON**
*Empowering Healthcare*

McKesson Corporation and its Affiliated Companies (collectively referred to as "McKesson")
**TERMS AND CONDITIONS**
FAX TO: _____
C003-S V.09-13

Customer Legal Name: Mercy Services Iowa City, Inc dba Mercy Specialty Clinics, Medical Oncology
Customer DBA Name: Mercy Services Iowa City, Inc dba Mercy Specialty Clinics, Medical Oncology
Address: 613 E Bloomington Street, Suite 100
City: Iowa City    State: IA    Zip: 52245

**CUSTOMER SET UP & AUTHORIZATION FOR ACH (electronic)**

Bank Name: Hills Bank
Bank Transit ABA #: [REDACTED]
Bank Address: 1401 S. Gilbert St
Bank Account #: [REDACTED]
City: Iowa City    State: IA    Zip: 52245
Bank Phone Number: 319-358-2206

ACH preference: Check ONE: ☐ Direct Debit  ☐ Online Payment  ☑ Check Payment
Statement-delivery preference: Check ONE: ☑ Email  ☐ Fax
Authorized Contact Name: Kim Rossiter
Phone: 319-339-3917    Fax: 319-358-2794
Email: kimberley.rossiter@mercyic.org
Alternate Contact Name/Phone: Maureen Brockhart
maureen.brockhart@mercyic.org

************** IMPORTANT: Please attach a copy of a voided check **************

Customer authorizes McKesson Corporation and its affiliates (collectively referred to as "McKesson") to initiate debit entries from Customer's account indicated above and Customer authorizes the financial institution named above (the "Institution"), to debit the same such account. Authority to initiate debit entries shall remain in full force and effect until McKesson and Institution have received written notice from Customer of its termination of such authorization. Customer understands that Customer has the legal right to stop payment of a debit entry by notification to Institution; provided, prior to such action, Customer shall give McKesson sufficient written notice to permit McKesson to take any necessary actions to avoid disruptions in payments from Customer.

Customer agrees to pay for all purchases, fees and other charges incurred by Customer or an authorized user on any account of Customer, including service charges on past due amounts at the highest rate permitted by law (including purchases shipped and/or billed to a third-party agent on behalf of Customer). Without limiting McKesson's other legal rights, McKesson may exercise a right of set-off against amounts due Customer from McKesson Corporation or any of its affiliates. McKesson reserves the right, in its sole discretion, to change a payment term (including imposing cash payment upon delivery), to limit total credit and/or to suspend or discontinue the shipment of any orders to Customer if McKesson concludes that (I) there has been a material change in the Customer's financial condition or payment performance or (II) Customer has ceased or is likely to cease to meet McKesson's credit requirements.

AUTHORIZED SIGNATURE: Kelly Durian
Print Name: Kelly Durian
Title: Office Manager / VP of Mercy Services
Date: 11/22/16

This section applies to all "MCKESSON SPECIALTY DISTRIBUTION LLC, MCKESSON SPECIALTY CARE DISTRIBUTION CORPORATION" accounts only

Please select one: ☐ 2 day cash payment terms: Invoices are due 2 days after invoice date via ACH (Direct Debit Required)
☐ 15 day cash payment terms: Invoices are due 15 days after invoice date via ACH
☐ 30 day cash payment terms: Invoices are due 30 days after invoice date via ACH
☑ Other: Net 15 payable by Check

Security Interest: In order to secure timely and full payment and performance of all present and future obligations of Customer to McKesson Corporation and its affiliates (collectively referred to as "McKesson") (all collectively referred to as the "Obligations"), including, without limitation, all promissory notes, direct loans or sales on credit, Customer hereby grants to McKesson Corporation, for itself and as agent for its affiliates, a security interest in all of Customer's personal property, whether now owned and hereafter acquired, including, without limitation, all Accounts, Cash, Chattel Paper, Deposit Accounts, Documents, Equipment, General Intangibles, Goods, Health Care Insurance Receivables, Instruments, Inventory, Investment Property, Letter-of-Credit Rights and promissory notes, together with all attachments, replacements, substitutions, additions and accessions, and all Proceeds and products thereof and all books and records relating to any of the foregoing (collectively, the "Collateral"). Capitalized terms used herein that constitute Collateral shall have the meanings given to such terms under the California Uniform Commercial Code. All items of Collateral shall remain personal property and shall not become part of any real estate regardless of the manner of affixation. This security interest shall continue in effect irrespective of any retaking and redelivery of Collateral to Customer until all Obligations are fully paid in cash. The security interest granted hereby shall be deemed to constitute a purchase money security interest in any and all Collateral (including, without limitation, all Goods, Inventory and Equipment) purchased by Customer either directly from McKesson (thereby securing payment of the purchase price) or from a third party using proceeds of loans or advances made by McKesson (thereby securing repayment of such loans or advances). Customer authorizes McKesson to send notices to any other persons claiming a security interest in any of the Collateral. By its signature below, Customer acknowledges that McKesson shall file a UCC-1 financing statement with the applicable state agency in order to perfect the security interested granted hereby.

AUTHORIZED SIGNATURE: Kelly Durian
Print Name: Kelly Durian
Title: Vice President of Mercy Services
Date: 11/22/16

Guaranty: The undersigned (individually or collectively, the "Guarantor") hereby jointly and severally guarantees to McKesson Corporation and its affiliates (collectively referred to as "McKesson") that Customer will fully and promptly perform and pay all its present and future obligations to McKesson, whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, matured or unmatured, and whether originally contracted with McKesson or otherwise acquired by McKesson. This guaranty applies to all of Customer's obligations to McKesson, even if such obligations are invalid or unenforceable against Customer for any reason and even if any security for such obligations is insufficient, invalid, unenforceable or not perfected. This guaranty is an absolute and unconditional guaranty of payment. It is a continuing guaranty and covers any future extensions of credit by McKesson to Customer. This guaranty is a guaranty of payment when due and not merely of collectability after judgment or other action against Customer.

McKesson may at any time, without Guarantor's consent, without notice to Guarantor and without affecting or impairing Guarantor's obligations under this guaranty, do any of the following: (I) renew, modify (including any increase or decrease in the rate of interest), or extend any obligations of Customer, of co-guarantors (whether hereunder or under a separate agreement) or of any other party at any time directly or contingently liable for the payment of any of Customer's obligations; (II) enter into additional extensions of credit to Customer; (III) accept partial payments of Customer's obligations; (IV) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate any of Customer's obligations and the security therefore in any manner; (V) consent to the transfer of security; or (VI) bid and purchase at any sale of security. Guarantor agrees, without McKesson first having to proceed against Customer or any security held by McKesson, to pay on demand (I) all sums due and to become due to McKesson from Customer and (II) all losses, costs, attorney's fees or expenses which may be suffered by McKesson by reason of Customer's default on its obligations or Guarantor's default under this guaranty. Guarantor agrees to pay on demand any deficiency resulting from a sale of security held by McKesson even if the sale is made without notice to Guarantor. Guarantor's obligations under this guaranty are independent of and separate from the obligations of Customer. Upon the occurrence and during the continuance of any default by Customer, McKesson can sue any Guarantor separately from Customer, whether or not McKesson sues Customer in such lawsuit and whether or not McKesson sues Customer in a separate lawsuit. If McKesson elects to proceed with any course of action under this guaranty or against Customer, that election shall not preclude McKesson from taking any other course of action. This guaranty shall not be affected by any termination or change in the relationship between Guarantor and Customer. Guarantor assumes all responsibility for keeping informed of (I) Customer's financial condition and assets, (II) all other circumstances bearing upon the risk of nonpayment of Customer's obligations to McKesson and (III) the nature, scope and extent of the risks which Guarantor assumes and incurs under this guaranty. Guarantor agrees that McKesson shall have no duty to advise Guarantor of information known to McKesson regarding such circumstances or risks. Guarantor waives (I) notice of McKesson's acceptance of this guaranty, (II) presentment, demand, protest and notice of non-payment or protest as to any note or obligation signed, accepted, endorsed or assigned to McKesson by Customer, (III) any other demands and notices required by law and (IV) all set-offs and counterclaims.

Name: _____    Home Address: _____    City: Iowa City    State: IA    Zip: 52245
Guarantor Signature: _____    Date: _____    SSN#: _____
(This section must be signed by an owner/principal)

Name: Kelly Durian    Home Address: _____    City: _____    State: _____    Zip: _____
Guarantor Signature: Kelly Durian    Date: 11/23/16    SSN#: _____
(This section must be signed by an owner/principal)



## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company, phone:800-858-5294, fax:800-345-6059

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGEMENT TO: (Name and Address)
Corporation Service Company
801 Adlai Stevenson Dr
Springfield, IL 62703

X16018663-9

FILED
SECRETARY OF STATE
IOWA

2016-06-27 13:42

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**DEBTOR'S NAME:** Provide only one Debtor name - use exact, full name; do not omit, modify, or abbreviate any part of the debtor's name

ORGANIZATION'S NAME: Mercy Services Iowa City, Inc.

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 500 E. Market | Iowa City | IA | 52245 | USA |

**SECURED PARTY'S NAME** (or NAME of ASSIGENEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name

ORGANIZATION'S NAME: McKesson Corporation and its affiliates

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 401 Mason Road | La Vergne | TN | 37086 | USA |

**COLLATERAL:** This financing statement covers the following collateral:
All assets of the Debtor, wherever located and whether now or hereafter existing and whether now owned or hereafter acquired, of every kind and description, tangible or intangible, including without limitation all accessions thereto and all products and proceeds thereof.

Check only if applicable and check only one box: Collateral is: ☐ held in a Trust ☐ being administered by a Decedent's Personal Representative

Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

OPTIONAL FILER REFERENCE DATA
:pch [117948033]

☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

This FINANCING STATEMENT:
☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

Name and address of a RECORD OWNER of real estate described (if Debtor does not have a record interest):

Description of real estate:

MISCELLANEOUS