# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 14, 51** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND HONOR CERTAIN PREPETITION OBLIGATIONS RELATED TO THE USE THEREOF, (C) MAINTAIN PURCHASING CARD PROGRAM, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS; (II) MODIFYING CERTAIN DEPOSIT REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors for entry of an Interim Order and a final order (this "Order"), (i) authorizing, but not directing, the Debtors to (a) continue to operate their existing cash management system, (b) maintain existing bank accounts and business forms and honor certain prepetition obligations related thereto, (c) maintain their Purchasing Card Program, and (d) continue to perform intercompany funding, transfers, and transactions through their existing cash management system consistent with historical practice; (ii) extending the time for the Debtors to comply with the Bankruptcy Code section 345(b) deposit and investment requirements, to the extent necessary; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the Interim Order entered on August 9, 2023; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and the matter being a core proceeding

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.  The Motion is granted on a final basis as set forth herein.

2.  Except to the extent set forth herein, the Debtors are authorized, but not directed, to: (a) maintain and continue operating the Cash Management System and honor any prepetition obligations related thereto; (b) designate, maintain, and continue to use any or all of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on **Exhibit 1** hereto, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (d) treat their prepetition Bank Accounts for all purposes as debtor-in-possession accounts; (e) open new debtor-in-possession bank accounts or close existing accounts, *provided* that (i) any new account is with a bank that is insured with the FDIC or SIPC, and (ii) the Debtors provide three (3) business days' advance notice to the U.S. Trustee and any statutory committee(s) appointed in the Chapter 11 Cases of the opening or closing of an account, and *provided further* that any account opened by any of the Debtors on or after the Petition Date at any Bank shall, for purposes of this Order, be deemed a Bank Account as if it had been listed

2

on **Exhibit 1** hereto and entitled to the relief granted herein; and (f) pay the Bank Fees (including any prepetition amounts).

3. The Court finds that cause exists to waive the requirements of Bankruptcy Code section 345(b) with respect to the five Mercy Pension Fund Accounts held at Principal, the Workers' Compensation Fund held at Hills Bank with the last four digits of 6928, and the Mercy Services Iowa City, Inc. master operating account held at Hills Bank with the last four digits of 3999 (collectively, the "345(b) Waiver Accounts").

4. To the extent any of the Debtors' Bank Accounts (other than the 345(b) Waiver Accounts) are not in compliance with Bankruptcy Code section 345(b), the Debtors shall close such non-compliant Bank Accounts by February 15, 2024 and transfer the funds held therein to a Bank Account that complies with Bankruptcy Code section 345(b). The Debtors may obtain a further extension of the time period set forth in this paragraph by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order. The Debtors' Chief Financial Officer James Porter is expressly authorized to take any and all actions on behalf of the Debtors to open and close such Bank Accounts as required by this Order.

5. The Debtors are further authorized, but not directed, to continue to use, in their present form, all Business Forms as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date.

6. The Banks are authorized to debit the Debtors' Bank Accounts in the ordinary course of business and without further order of the Court on account of (a) all checks drawn on the Debtors' accounts that were cashed at the Banks' counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date; (b) all Bank Fees and costs in connection

with any checks or other items deposited in one of the Debtors' accounts with such Bank prior to the Petition Date, which have been dishonored or returned unpaid for any reason, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as to service charges for the maintenance of the Cash Management System. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that have been (a) dishonored as a consequence of the Chapter 11 Cases and (b) authorized by an order of this Court.

7. Subject to the terms of this Order, and only to the extent sufficient funds are available in each applicable Bank Account, all Banks at which the Bank Accounts are maintained are authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, credit card payments, and wire transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

8. Any of the Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of the Court. Notwithstanding any other provision of this Order, should a Bank honor a prepetition check or other item drawn on any account that is the subject to this Order at the direction of the Debtors to honor such prepetition check or item, the Bank shall not be deemed to be, nor shall be liable to, the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Order.

9. The Debtors are authorized, but not directed to (a) pay undisputed prepetition amounts outstanding as of the Petition Date, if any, owed in the ordinary course to the Banks as service charges for the maintenance of the Cash Management System and (b) reimburse the Banks for any claims arising before or after the Petition Date in connection with customer checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course of business, to the same extent the Debtors were responsible for such items prior to the Petition Date.

10. The Debtors are authorized, but not directed, to enter into, engage in, and continue to perform under the Intercompany Transactions in the ordinary course of business and in compliance with past practices by and among the Debtors; *provided*, *however*, that nothing in this Order authorizes the Debtors to engage in Intercompany Transactions with non-Debtor entities. The Debtors shall maintain accurate, current, and detailed records with respect to all transfers between and disbursements from Bank Accounts, including, but not limited to, all Intercompany Transactions, so that they may be readily ascertained, traced, and properly recorded on intercompany accounts.

11. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

12. The Debtors are authorized, but not directed, to continue to use the Purchasing Card Program until February 15, 2024.

13. The existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks and all of the provisions of such agreements, including, without limitation, the termination and fee

5

provisions, shall remain in full force and effect. Except as otherwise set forth herein, the Debtors and the Banks may, without further order of the Court, agree and implement changes to the Cash Management System and procedures in the ordinary course of business, including the opening and closing of Bank Accounts as permitted by this Order.

14. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

15. Nothing in the Motion or this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, continuation, priority, enforceability, or perfection of any security interest or lien, in favor of any person or entity, that existed as of the Petition Date.

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

17. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

18. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Dated and entered this  2nd  day of February, 2024.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: mmcguire@nyemaster.com
         kmstanger@nyemaster.com
          dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
         dsimon@mwe.com
          ekeil@mwe.com

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and*
*Debtors-in-Possession*

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

## EXHIBIT 1

### Debtors' Bank Accounts

| Entity | Financial Institution | Account Type | Last 4 Digits of Account Number |
|---|---|---|---|
| Mercy Hospital, Iowa City, Iowa | U.S. Bank | Mercy Master Operating Account | 6836 |
| Mercy Hospital, Iowa City, Iowa | U.S. Bank | Mercy Sweep Account | 4656 |
| Mercy Hospital, Iowa City, Iowa | U.S. Bank | Mercy Payroll Account | 9729 |
| Mercy Hospital, Iowa City, Iowa | U.S. Bank | Mercy Deposit Account | 1288 |
| Mercy Hospital, Iowa City, Iowa | Bridgewater | Security Deposit Account | 7234 |
| Mercy Hospital, Iowa City, Iowa | Hills Bank | Workers' Compensation Fund | 6928 |
| Mercy Hospital, Iowa City, Iowa | Principal | Pension Assets | 8810 |
| Mercy Hospital, Iowa City, Iowa | Principal | Pension Assets | 8812 |
| Mercy Hospital, Iowa City, Iowa | Principal | Pension Assets | 0885 |
| Mercy Hospital, Iowa City, Iowa | Principal | Pension Assets | 0886 |
| Mercy Hospital, Iowa City, Iowa | Principal | Pension Assets | 0887 |
| Mercy Hospital, Iowa City, Iowa | Principal | Self-Insured Trust Fund | 5392 |

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

| Entity | Financial Institution | Account Type | Last 4 Digits of Account Number |
|---|---|---|---|
| Mercy Hospital, Iowa City, Iowa | Principal | Investments | 0900 |
| Mercy Hospital, Iowa City, Iowa | Principal | Investments | 0901 |
| Mercy Hospital, Iowa City, Iowa | Principal | Investments | 0904 |
| Mercy Hospital, Iowa City, Iowa | Principal | Investments | 0906 |
| Mercy Services, Iowa City, Inc. | Hills Bank | Mercy Services Master Operating Account | 3999 |
| Mercy Services, Iowa City, Inc. | Farmers Trust | Clinic Checking Account | 4345 |
| Mercy Services, Iowa City, Inc. | Solon | Clinic Checking Account | 8741 |
| Mercy Services, Iowa City, Inc. | U.S. Bank | Clinic Checking Account | 7792 |
| Mercy Services, Iowa City, Inc. | Fidelity | Clinic Checking Account | 3287 |
| Mercy Services, Iowa City, Inc. | South Ottumwa | Clinic Checking Account | 9694 |
| Mercy Services, Iowa City, Inc. | Midwest | Clinic Checking Account | 5524 |
| Mercy Iowa City ACO, LLC | Cedar Rapids | Mercy ACO Operating Account | 3698 |