# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>**MERCY HOSPITAL, IOWA CITY, IOWA,** *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 23-00623<br><br>Jointly Administered<br><br>Objection Deadline: 2/21/2024<br>at 4:00 pm *prevailing* CST |

**SUMMARY OF FOURTH MONTHLY APPLICATION FOR COMPENSATION AND
EXPENSE REIMBURSEMENT FOR PATIENT CARE OMBUDSMAN
PERIOD December 1, 2023 – January 31, 2024**

| | |
|---|---|
| Name of Applicant: | Susan N. Goodman |
| Authorized to provide professional services: | as *Patient Care Ombudsman* |
| Date of Retention: | August 10, 2023 |
| Period of Application: | 12/1/2023 through 1/31/2024 |
| Amount of Compensation Sought: | 80% of $9,401.00 or $7,520.80 |
| Amount of Expense Reimbursement: | $640.64 |
| Application Type: | Fourth Monthly |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| **MERCY HOSPITAL, IOWA CITY, IOWA,** *et al.,* | Case No. 23-00623 |
| Debtors. | Jointly Administered |

**FOURTH MONTHLY APPLICATION FOR COMPENSATION AND
EXPENSE REIMBURSEMENT FOR PATIENT CARE OMBUDSMAN
PERIOD December 1, 2023 – January 31, 2024**

Susan N. Goodman, as the duly appointed Patient Care Ombudsman ("**PCO**" or "**Applicant**") comes now and submits this *Fourth Monthly Application for Compensation and Expense Reimbursement for Patient Care Ombudsman* (the "**Application**") for the period from December 1, 2023, through January 31, 2024 (the "**Application Period**"). This Application is supported by the following:

**JURISDICTION AND VENUE**

1. This court has jurisdiction of this Chapter 11 proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Application are Bankruptcy Rule 2016, United States Bankruptcy Code (the "**Bankruptcy Code**") §§ 330-331, and the court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 244] (the "**Interim Compensation Order**").

**BACKGROUND**

4. On August 7, 2023 (the "**Petition Date**") the Debtors filed the petitions for relief under Chapter 11 of the Bankruptcy Code. Debtors continue to operate its business and manage its properties as debtors and debtors-in-possession pursuant to the Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed.

5. On August 10, 2023, this court issued its *Order Approving Appointment of Susan N. Goodman as Patient Care Ombudsman* (the "**Appointment Order**"), filed at Docket No. 59 in the lead, jointly administered case docket.

6. Relative to this Application Period, PCO continued to remotely engage with Debtor staff and leaders. She also engaged in a third site visit and filed *Patient Care Ombudsman's Third Interim Report* (the "**Third Report**") at Docket No. 640.

7. In addition to continued remote engagement with Debtor team members, PCO monitored and reviewed docket pleadings at a level consistent with her role and selectively attended hearings with an eye toward balancing the importance of understanding and tracking important case dynamics/milestones with the importance of fiscal stewardship.

## THE INTERIM COMPENSATION ORDER

8. On September 14, 2023, the court entered the Interim Compensation Order which established the procedures for case professionals to seek interim compensation and reimbursement of expenses. Specifically, under the Interim Compensation Order, case professionals may file and serve Monthly Fee Applications on or after the fifteenth (15th) day of each month following the month for which compensation was sought. After the passing of a fourteen-day objection period, the Debtors are authorized to pay the requesting professional eighty percent (80%) of the requested fees and one hundred (100%) of reasonable, necessary, and actual expenses that are not subject to an objection.

## COMPENSATION REQUESTED

9. By this Application, Applicant seeks allowance of professional fees in the amount of $9,401.00 and expense reimbursement in the amount of $640.64, collectively totaling $10,041.64 for the Application Period. With the 20% fee holdback as directed by the Interim Compensation Order, the requested Award totals $8,161.44 (80% fees in the amount of $7,520.80 and 100% of expenses). A copy of the Applicant's billing summary and detailed time records are attached herein to support the Award request.

10. PCO spent 29.6 hours, billing for 23.8 hours. Roughly seventy-five percent (75%) or a total of 22.2 hours of time was spent in activities that classify as general case administration. All 5.8 hours of billable, half-rate non-working travel were written off given the already heightened sensitivity of operational team members toward consultant and executive fees. A total of 1.6 hours were spent on fee associated activities. The time spent in preparation of this Application will be included in PCO's final fee application. Applicant's expenses are properly categorized as follows:

| **Expense Category** | **Amount** |
|---|---|
| Airfare | $89.20 |
| Hotel | $267.34 |
| Car Rental | $168.10 |
| Meals | $74.00 |
| Parking Fees/Tolls | $42.00 |
| **TOTAL** | **$640.64** |

**BASIS FOR RELIEF**

11. United States Bankruptcy Code § 330(a)(3)-(4)(A) provides an analytical framework to evaluate the reasonableness of professional fees and expenses. The court considers the nature, extent, and value of the services rendered relative to: (1) the time spent, (2) the rates charged, (3) whether the services were necessary or provided a benefit to the estate, (4) the time spent relative to the complexity and nature of the task addressed, (5) whether the professional demonstrated skill and expertise, (6) whether the professional fee is comparatively reasonable, and (7) whether the fee avoids unnecessary duplication and/or waste.

12. If the professional fee requested fails this analysis, the court may reduce the amount of compensation awarded.

13. The Eighth Circuit has utilized the "lodestar" approach to determine if compensation is reasonable, a calculation arrived through multiplying "the reasonable hourly rate by the reasonable number of hours required." *In re Next Generation Media, Inc.*, 524 B.R. 824, 827, 60 Bankr. Ct. Dec. 153 (Bankr. D. Minn. 2015) *citing Bachman v. Laughlin (In re McKeeman)*, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999). *See also, In re Pothoven*, 84 B.R. 579 (Bankr. S. D. Iowa 1988).

14. PCO's hourly rate of $395.00 per hour compares favorably to other professionals in this field, particularly so when considering that PCO functions independently because she is a registered nurse, has health care operations experience, and is a health law attorney –providing significant economy to the Estate as a single professional who can evaluate the Debtors' patient care operation and draft/file pleadings without engagement of local counsel. The PCO provided a vital and necessary service to the Debtors with effective and ongoing oversight of the standard of patient care provided by the Debtors at minimal cost to the Estates. Accordingly, PCO requests this court enter an order allowing and authorizing payment of the interim monthly Award of $8,161.44.

15. PCO has not shared or agreed to share compensation or reimbursement awarded in this case with any other person or entity.

16. No agreement or understanding exists between PCO and any other person for division of compensation.

17. PCO has not entered into any agreement prohibited by U.S.C. Title 18 §155.

18. PCO's compensation and expense reimbursement requested are billed at rates, in accordance with practices no less favorable than those customarily employed by PCO and generally accepted by PCO's clients.

19. Pursuant to the Interim Compensation Order, any party objecting to the requested Award must file a written objection with the court on or before the 14-day objection period deadline, serving the objection on the Applicant and the following Fee Notice Parties:

[remainder of page intentionally left blank]

| | |
|---|---|
| **Nyemaster Goode PC**<br>Roy Leaf<br>625 First Street SE, Ste 400<br>Cedar Rapids, IA 52401<br>rleaf@nyemaster.com<br>*Debtors counsel*<br><br>**Mercy Hospital, Iowa City**<br>Attn: Mark E. Toney<br>500 E Market St<br>Iowa City, IA 52245<br>noticing@mercyic.org | **McDermott Will & Emery LLP**<br>Felicia Gerber Perlman<br>Daniel M. Simon<br>Emily C Keil<br>Jack G. Haake (Dallas office)<br>444 West Lake Street, Ste 4000<br>Chicago, IL 60606<br>fperlman@mwe.com<br>dsimon@mwe.com<br>ekeil@mwe.com<br>jhaake@mwe.com<br>*Co-counsel to Debtors* |
| **Cutler Law Firm**<br>Robert Gainer<br>1307 50th Street<br>West Des Moines, IA 50266<br>rgainer@cutlerfirm.com<br>*Attorneys for The Official Committee of Unsecured Creditors of Mercy Hospital, Iowa City, Iowa, et al.* | **Sills, Cummis & Gross PC**<br>Andrew H. Sherman<br>Boris I Mankovetskiy<br>One Riverfront Plaza<br>Newark, NJ 07102<br>asherman@sillscummis.com<br>bmankovetskiy@sillscummis.com<br>*Attorneys for The Official Committee of Unsecured Creditors of Mercy Hospital, Iowa City, Iowa, et al.* |
| **Office of the United States Trustee**<br>Janet G Reasoner<br>111 7th Ave SE, Box 17<br>Cedar Rapids, IA 52401<br>janet.g.reasoner@usdoj.gov<br>*Attorneys for the United States Trustees Office* | **Whitfield & Eddy PLC**<br>Peter J Chalik<br>699 Walnut Street, Ste 2000<br>Des Moines, IA 50309<br>chalik@whitfieldlaw.com<br>*Attorneys for Preston Hollow Community Capital Inc. as Bondholder Representative for Computershare Trust Company* |
| **Mintz Levin Ferris Glovsky & Popeo PC**<br>William W Kannel<br>One Financial Center<br>Boston, MA 02111<br>BKannel@mintz.com<br>*Attorneys for Preston Hollow Community Capital Inc. as Bondholder Representative for Computershare Trust Company* | **Mintz Levin Ferris Glovsky & Popeo PC**<br>Nathan F Coco<br>Megan M Preusker<br>919 Third Ave<br>New York, NY 10022<br>nfcoco@mintz.com<br>krwalsh@mintz.com<br>*Attorneys for Preston Hollow Community Capital Inc. as Bondholder Representative for Computershare Trust Company* |

## CONCLUSION

WHEREFORE, Applicant respectfully requests that this court enter an order:

a. awarding PCO allowance of 80% of the fees for the Application Period in the amount of $7,520.80 and awarding expense reimbursement in the amount of $640.64 for a total award of $8,161.44 for services rendered during the Application Period;

  b.  authorizing and directing Debtors to pay the Award amount for PCO services rendered and expenses incurred during the Application Period; and,

  c.  granting such other relief as is just and proper.

DATED: February 7, 2024.  By: */s/ Susan N. Goodman, RN JD*
  Pivot Health Law, LLC
  Az Bar No. 019483; Tx Bar No. 24117585
  P.O. Box 69734
  Oro Valley, AZ 85737
  Msg: 520.744.7061 | Fax: 520.575.4075
  sgoodman@pivothealthaz.com
  *Patient Care Ombudsman*

## Exhibit A

### CERTICATE OF SERVICE

I, Susan N. Goodman, hereby certify that on February 7, 2024, a true and correct copy of the *Fourth Monthly Application for Compensation and Reimbursement of Expenses for Patient Care Ombudsman – Period December 1, 2023, through January 31, 2024,* was filed with the Clerk of Court using Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to parties of this case.

DATED: February 7, 2024.  By: */s/ Susan N. Goodman, RN JD*
  Pivot Health Law, LLC
  Az Bar No. 019483; Tx Bar No. 24117585
  P.O. Box 69734
  Oro Valley, AZ 85737
  Msg: 520.744.7061 | Fax: 520.575.4075
  sgoodman@pivothealthaz.com
  *Patient Care Ombudsman*



# EXHIBIT B
## *Fee Statement Summary*

### Case Name: Mercy Hospital, Iowa City, IA
### Case No: ND IA 23-00623-JA
### 12/01/2023 - 1/31/2024

| Cumulative Totals to Date | | | | |
|---|---|---|---|---|
| **FEES BILLED** | **COSTS BILLED** | **HOLDBACK** | **FEES PAID** | **COSTS PAID** |
| $50,955.00 | $5,942.63 | $10,191.00 | $24,837.60 | $2,928.18 |

| Date: | 7-Feb-24 | Objection Deadline: | 21-Feb-24 |
|---|---|---|---|

| MO/YR | PROFESSIONAL | RATE/HR | HOURS BILLED | TOTAL | HOLDBACK | AMT DUE |
|---|---|---|---|---|---|---|
| Dec-23 | SUSAN N. GOODMAN | $395.00 | 3.9 | $1,540.50 | $308.10 | $1,232.40 |
| Jan-24 | SUSAN N. GOODMAN | $395.00 | 19.9 | $7,860.50 | $1,572.10 | $6,288.40 |
| | | | | | | |
| | TOTAL FEES | | | $9,401.00 | $1,880.20 | $7,520.80 |
| | | | | | | |
| | TOTAL COSTS | | | $640.64 | N/A | $640.64 |
| | | | | | | |
| | **AMOUNT DUE** | | | **$10,041.64** | | **$8,161.44** |



**Pivot Health Law, LLC**  
P.O. Box 69734  
Oro Valley, AZ 85737

Exhibit C

# Invoice

| | |
|---|---|
| **Invoice #:** | 1300 |
| **Invoice Date:** | 1/13/2024 |

Period: December 1-31, 2023

**Bill To:**

Mercy Hospital, Iowa City, Iowa  
ND IA Case No. 23-00623 (JA)  
File #15224

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 12/3/2023 | Exhib B preparation Nov 2023 | 0.3 | 395.00 | 118.50 |
| 12/5/2023 | TXT update DON w/ follow up call (.3); docket monitoring and review DE 553-554 (.1) | 0.4 | 395.00 | 158.00 |
| 12/6/2023 | docket monitoring and pleading review relative to role - DE 559 obj bondholder re exclusivity extension (.1); | 0.1 | 395.00 | 39.50 |
| 12/7/2023 | call debtor counsel re EHR down time (.3); TXT ED Leadership; chief clinical; follow up debtor counsel txt (.1) | 0.4 | 395.00 | 158.00 |
| 12/8/2023 | follow up chief clinical re EHR down time | 0.2 | 395.00 | 79.00 |
| 12/18/2023 | Update call with CRO (.5); docket monitoring, update re hearing change (.1); | 0.6 | 395.00 | 237.00 |
| 12/18/2023 | Update request to DON (.1) | 0.1 | 395.00 | 39.50 |
| 12/19/2023 | Call fr nurse mgr re staffing concerns (.2); f/u call CRO (.1); f/u call with DON and loop back CRO (.3) | 0.6 | 395.00 | 237.00 |
| 12/28/2023 | Call fr clinical manager re update staffing and other transition concerns (.5); update call with CRO re same (.3); | 0.8 | 395.00 | 316.00 |
| 12/29/2023 | docket monitoring, pleading review, and document updates re notice - DE 609 NOA Stryker (.1); prepare and file 2015.1 pleading (.3) | 0.4 | 395.00 | 158.00 |

| | | |
|---|---|---|
| | **Total** | $1,540.50 |
| | **Payments/Credits** | $0.00 |
| | **Balance Due** | $1,540.50 |



**Pivot Health Law, LLC**
P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1305
**Invoice Date:** 2/6/2024

Period: January 1 - 31, 2024

**Bill To:**

Mercy Hospital, Iowa City, Iowa
ND IA Case No. 23-00623 (JA)
File #15224

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 1/3/2024 | 1/2 rate NW travel for SV #3:  TUS - PHX (2.0); PHX-CID (3.0); CID to IA City .6 = 5.6/2 = 2.7 | 2.7 | 0.00 | 0.00 |
| 1/3/2024 | check in calls in advance site visit:  CRO (.2); VP Nsg (.2); 4C unit mgr (.1) | 0.5 | 395.00 | 197.50 |
| 1/3/2024 | update call with Debtor counsel | 0.2 | 395.00 | 79.00 |
| 1/4/2024 | SV #3/Day 1:  HomeHealth (1.0); Surg/Pulm clinic mgr (.5); Clinic Dir (1.5); ED Dir (.4); HR transition for U (.5); CEO (.2); CRO (.5); VP Clin (.2); Materials (.3); Pharmacy (.4); Quality (.5); OR (.5); 3W (.4); Tele (.6); CT (.2) | 7.7 | 395.00 | 3,041.50 |
| 1/5/2024 | SV #3/Day 2:  staffing 4C and 3W staff  check in (.5); HIM (.3); ICU (.7); HR (.3); Dietary (.3); Women's Ctr (.3); Volunteers (.4); Clinic Ldship CA Ctr (.5); Day Surg (.5); OR/PACU (.3) | 4.1 | 395.00 | 1,619.50 |
| 1/5/2024 | follow up call CMO | 0.4 | 395.00 | 158.00 |
| 1/5/2024 | 1/2 NW Travel:  IA City - CID (.6); CID - PHX (3.0); PHX-TUS (2.0); TUS - HO (.6) = 6.2/2 = 3.1 | 3.1 | 0.00 | 0.00 |
| 1/8/2024 | Begin drafting 3d report draft | 1.7 | 395.00 | 671.50 |
| 1/9/2024 | Finish drafting 3d report (.8); EML to leadership team for review (.1) | 0.9 | 395.00 | 355.50 |
| 1/11/2024 | Update call CRO re current dynamics and record challenges; report; upcoming hearing | 0.2 | 395.00 | 79.00 |
| 1/12/2024 | Prepare 3d Mo Fee (Nov fees) with associated documents (1.3); call with Debtor counsel re report, hearing, record topic (.2); research follow up and record resources to Debtor counsel (.3); final edits to 3d report and file (.2) | 2 | 395.00 | 790.00 |
| 1/12/2024 | docket monitoring, pleading review relative to role, document/notice list updates as needed - DE 627 (.1); DE 630, 633, 635 (.2); | 0.3 | 395.00 | 118.50 |
| 1/13/2024 | Prepare Dec Exhib B | 0.3 | 395.00 | 118.50 |

**Total**

**Payments/Credits**

**Balance Due**

# Invoice

**Pivot Health Law, LLC**
P.O. Box 69734
Oro Valley, AZ 85737

**Invoice #:** 1305
**Invoice Date:** 2/6/2024

Period: January 1 - 31, 2024

**Bill To:**
Mercy Hospital, Iowa City, Iowa
ND IA Case No. 23-00623 (JA)
File #15224

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 1/16/2024 | fee analysis and projection through end of case as requested by TK team (.2); pro hac review and document/EML updates re DE 651 (.1); follow up Court re NOBD re DE 641 and correction (.3 NC) | 0.3 | 395.00 | 118.50 |
| 1/17/2024 | docket monitoring, pleading review, calendar and document updates consistent with role - DE 659 | 0.1 | 395.00 | 39.50 |
| 1/18/2024 | Call with Debtor counsel re EHR status and hearing (.2); EML to DIA team re hearing and possible need to attend and DE review 667-669 (.2) | 0.4 | 395.00 | 158.00 |
| 1/22/2024 | Attend hearing re various topics - my concern the EHR (1.1 total - discount) | 0.6 | 395.00 | 237.00 |
| 1/22/2024 | TXT follow up TK and debtor counsel re hrg (.1); | 0.1 | 395.00 | 39.50 |
| 1/31/2024 | Confirm sale closure with TK finance leadership | 0.1 | 395.00 | 39.50 |
| | Professional Fee Subtotal | | | 7,860.50 |
| 1/3/2024 | MERCY SV3 AIRFARE (Alt return flight) | | 351.10 | 351.10 |
| 1/3/2024 | MERCY SV3 HOTEL (Hampton Inn) | | 136.23 | 136.23 |
| 1/3/2024 | MERCY SV3 MEALS (McDs) | | 7.19 | 7.19 |
| 1/3/2024 | MERCY SV3 MEALS (Maggies Farm) | | 30.86 | 30.86 |
| 1/4/2024 | MERCY SV3 HOTEL (Hilton Garden Inn) | | 131.11 | 131.11 |
| 1/4/2024 | MERCY SV3 MEALS (Blue Bird) | | 21.25 | 21.25 |
| 1/5/2024 | MERCY SV3 AIRFARE (Refund non-used flight) | | -261.90 | -261.90 |
| 1/5/2024 | MERCY SV3 CAR RENTAL | | 160.16 | 160.16 |
| 1/5/2024 | MERCY SV3 CAR RENTAL (Fuel) | | 7.94 | 7.94 |
| 1/5/2024 | MERCY SV3 PARKING FEES/TOLLS (PHX Airport) | | 42.00 | 42.00 |
| 1/5/2024 | MERCY SV3 MEALS (Java House CID) | | 14.70 | 14.70 |
| | Total Reimbursable Expenses | | | 640.64 |

| | |
|---|---|
| **Total** | $8,501.14 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $8,501.14 |