**Exhibit B**

## SECOND AMENDED STIPULATION AND AGREEMENT REGARDING CASH COLLATERAL

This *Second Amended Stipulation and Agreement Regarding Cash Collateral* (the "**Agreement**") is entered into this 20th day of February, 2024 (the "**Effective Date**"), by and between (i) Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession (collectively, the "**Debtors**") in the cases jointly administered at case number 23-00623 in the chapter 11 cases (the "**Chapter 11 Cases**") pending in the United States Bankruptcy Court for the Northern District of Iowa (the "**Court**"); (ii) Computershare Trust Company, N.A., as Master Trustee, and Preston Hollow Community Capital, Inc., as Bondholder Representative (collectively, the "**Secured Bondholder Representatives**"); and (iii) the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "**Committee**"). The Debtors, Secured Bondholder Representatives, and Committee are referred to collectively as the "**Parties**," and each is a "**Party**."

## RECITALS

A.  **WHEREAS**, on August 7, 2023, the Debtors filed *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 26] (the "**Cash Collateral Motion**").

B.  **WHEREAS**, on August 8, 2023, the Court entered an *Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 38] (the "**Interim Order**"). The Interim Order granted the Cash Collateral Motion on an interim basis and authorized the Debtors to use cash collateral on the terms set forth therein.

C.  **WHEREAS**, on November 7, 2023, the Court entered a *Second Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, and (II) Granting Related Relief* [Docket No. 475] (the "**Second Interim Order**"). The Second Interim Order extended the authorization for the Debtors to use cash collateral on the terms set forth therein.

D.  **WHEREAS**, on December 13, 2023, the Parties entered into the *Stipulation and Agreement Regarding Cash Collateral* [Docket No. 578, Exhibit A] (the "**Stipulation**") to extend the deadline for the Committee to file a Challenge[1] (the "**Challenge Deadline**"), provide for a standstill of discovery (whether formal or informal) between the Committee and the Secured Bondholder Representatives, and continue the hearing on the Cash Collateral Motion from December 19, 2023 to January 22, 2024.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Second Interim Order.

E.     **WHEREAS**, on January 11, 2024, the Parties entered into the *Amended Stipulation and Agreement Regarding Cash Collateral* [Docket No. 649, Exhibit A] (the "**Amended Stipulation**").

F.     **WHEREAS**, the Amended Stipulation extended the Challenge Deadline to February 15, 2024, and provided for a standstill of discovery (whether formal or informal) between the Committee and the Secured Bondholder Representatives until at least February 9, 2024.

G.     **WHEREAS**, pursuant to the Amended Stipulation, the Parties agreed to continue the hearing on the Cash Collateral Motion from January 22, 2024 to February 22, 2024. The Debtors set the Cash Collateral Motion for hearing on February 22, 2024 (the "**Cash Collateral Hearing**") for the Court to consider entry of a final order approving the Cash Collateral Motion on a final basis [Docket No. 649].

H.     **WHEREAS**, on January 11, 2024, the Secured Bondholder Representatives filed the *Secured Bondholder Representatives' Motion for Entry of an Order Authorizing and Directing the Distribution of Proceeds from the Sale of the Debtors' Assets and for Relief from Stay* [Docket No. 626] (the "**Distribution Motion**"). Pursuant to the Amended Stipulation, the Parties agreed that the hearing on the Distribution Motion should be continued from February 7, 2024 until February 22, 2024 (the "**DM Hearing**"), with an objection deadline for the Committee with respect to the Distribution Motion (the "**DM Objection Deadline**") of February 15, 2024.

I.     **WHEREAS**, the Parties have reached an agreement to, among other things, extend the Challenge Deadline and the standstill of discovery (whether formal or informal) between the Committee and the Secured Bondholder Representatives to March 20 and March 14, respectively, and to extend the DM Objection Deadline for the Committee until March 20, 2024, in each case as set forth herein.

J.     **WHEREAS**, the Parties have reached an agreement to continue the Cash Collateral Hearing, DM Hearing, and Exclusivity Hearing (as defined below) to March 27, 2024, or as soon thereafter as the Court's calendar shall allow, without prejudice to any Party's rights to seek further extension of such hearings.

K.     **WHEREAS**, the Parties intend for this Agreement to memorialize such agreement between them.

L.     **WHEREAS**, the Parties to this Agreement have concluded it is in their best interests to execute this Agreement as set forth herein.

## AGREEMENT

**NOW, THEREFORE**, for good and valuable consideration as set forth herein, the Parties to this Agreement, incorporating the Recitals set forth above, hereby agree as follows:

1.     **Incorporation of Recitals**. The foregoing Recitals are confirmed by the Parties as true and correct and are incorporated herein by reference. The Recitals are a substantive, contractual part of this Agreement.

2. **Definitions**. Capitalized terms defined elsewhere in this Agreement, including within the Recitals above, shall have the meanings given to them therein.

3. **Extension of Committee Challenge Deadline**. The Challenge Deadline for the Committee (but not for all other Interested Parties, who shall continue to be bound by the Second Interim Order) is extended through and including March 20, 2024. Any adversary proceeding or contested matter filed by the Committee by March 20, 2024 shall be deemed timely. This Agreement shall serve as proof under paragraph 12 of the Second Interim Order of the agreement between the Parties to extend the Challenge Deadline with respect to the Committee. The Challenge Deadline for the Committee may be further extended by agreement of the Parties in writing or by Order of the Court.

4. **Informal Production Standstill**. The Committee and Secured Bondholder Representatives agree that neither shall seek discovery (whether formal or informal) from the other until at least March 14, 2024.

5. **Cash Collateral Hearing**. The Parties agree that the Cash Collateral Hearing shall be continued to March 27, 2024, or as soon thereafter as the Court's calendar shall allow, without prejudice to any Party's rights to seek further extension of such Cash Collateral Hearing. Counsel for the Debtors shall file with the Court a notice continuing the Cash Collateral Hearing until March 27, 2024, or as soon thereafter as the Court's calendar shall allow, and the Parties agree that this Agreement may be attached as an exhibit to such notice.

6. **Hearing on Plan Exclusivity.** On December 5, 2023, the Debtors filed their *Debtors' Motion for Entry of Order Extending Excusive Periods to File Chapter 1 Plan and Solicit Acceptances Thereof* [Docket No. 554] (the "**Exclusivity Motion**") and on December 6, 2023, the Secured Bondholder Representatives filed their objection to the Exclusivity Motion [Docket No. 559]. The Secured Bondholder Representatives agree not to object to the Debtors continuing the hearing on the Exclusivity Motion (the "**Exclusivity Hearing**") to March 27, 2024, or as soon thereafter as the Court's calendar shall allow, without prejudice to any Party's rights to seek further extension of such Exclusivity Hearing. Counsel for the Debtors shall file with the Court a notice continuing the Exclusivity Hearing until March 27, 2024, or as soon thereafter as the Court's calendar shall allow, and the Parties agree that this Agreement may be attached as an exhibit to such notice.

7. **DM Hearing and DM Objection Deadline**. The Parties agree that the DM Hearing shall be continued to March 27, 2024, or as soon thereafter as the Court's calendar shall allow, without prejudice to any Party's rights to seek further extension of such DM Hearing. Counsel for the Secured Bondholder Representatives shall file with the Court a notice continuing the DM Hearing until March 27, 2024, or as soon thereafter as the Court's calendar shall allow. The DM Objection Deadline shall be extended for the Committee only to March 20, 2024. The DM Objection Deadline for the Committee may be further extended by agreement of the Parties in writing or by Order of the Court.

8. **Applicable Law and Jurisdiction**. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Iowa (without regard to conflicts of laws principles), except to the extent superseded by federal law.

9. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed to be an original and all of which taken together shall constitute one and the same instrument. Delivery of a signed counterpart of this Agreement by e-mail or facsimile transmission shall constitute valid and sufficient delivery thereof. This Agreement shall become effective when it shall have been executed by all of the Parties, which, when taken together, bear the signature of the other Parties. The pages of any counterpart of this Agreement containing any Party's signature may be detached therefrom without impairing the effect of the signature, provided such pages are attached to any other counterpart identical thereto except having additional pages containing the signature or acknowledgement thereof of the other Parties. Each of the parties to this Agreement may execute and deliver this Agreement and any other agreements, documents, or instruments to be executed in connection with this Agreement by electronic means in accordance with, or as permitted under, any applicable law, including, without limitation, the Federal Electronic Signatures in Global and National Commerce Act, the Iowa Uniform Electronic Transactions Act (Iowa Code Chapter 554D, Subchapter 1) or any other similar state laws based on the Uniform Electronic Transactions Act.

10. **Severability**. If any one or more of the provisions contained in this Agreement shall be held invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

11. **Headings**. The headings of the paragraphs and sections in this Agreement are for convenience of reference only and shall not in any way affect the interpretation or construction of this Agreement.

12. **Authority.** Each signatory to this Agreement acknowledges and affirms its ability to bind the Party on behalf of whom they have signed.

[Signature Page to Follow]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their authorized agents as of the Effective Date.

DEBTORS:

Mercy Hospital, Iowa City, Iowa

By: *Roy Leaf*

Name: Roy Leaf

Title: Counsel for the Debtors


Mercy Services, Iowa City, Inc.

By: *Roy Leaf*

Name: Roy Leaf

Title: Counsel for the Debtors


Mercy Iowa City ACO, LLC

By: *Roy Leaf*

Name: Roy Leaf

Title: Counsel for the Debtors


COMMITTEE:

Official Committee of Unsecured Creditors

By:_____

Name:_____

Title: _____

5

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their authorized agents as of the Effective Date.

DEBTORS:

Mercy Hospital, Iowa City, Iowa

By:_____

Name:_____

Title:_____


Mercy Services, Iowa City, Inc.

By:_____

Name:_____

Title:_____


Mercy Iowa City ACO, LLC

By:_____

Name:_____

Title:_____


COMMITTEE:

Official Committee of Unsecured Creditors

By: _____

Name: _Andrew Shron_____

Title: _Counsel to Creditors Committee_

6

SECURED BONDHOLDER REPRESENTATIVES

Computershare Trust Company, N.A., not in its individual capacity but solely as Master Trustee

By: *Corbin B. Connell* (signature)

Name: Corbin B. Connell

Title: Vice President


Preston Hollow Community Capital, Inc.

By: _____

Name: _____

Title: _____


514387157v.2

SECURED BONDHOLDER REPRESENTATIVES

Computershare Trust Company, N.A., not in its individual capacity but solely as Master Trustee

By:_____

Name:_____

Title: _____

Preston Hollow Community Capital, Inc.

By:_____

Name:_____John Dinan_____

Title: \_General Counsel and Secretary\_\_

514387157v.2

6