**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**NOTICE OF SUPPORTING DOCUMENT TO DEBTORS MOTION FOR ORDER**
**APPROVING THE SALE OF INTEREST IN JOINT VENTURE**

**TO ALL CREDITORS AND PARTIES IN INTEREST**:

**WHEREAS,** on February 1, 2024, Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries (collectively, the "Debtors") filed *Debtors' Motion for Entry of Order (I) Approving the Sale of the Debtors' Interest in a Joint Venture Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Granting Related Relief* [Docket No. 703] (the "PRA Sale Motion"). The PRA Sale Motion seeks approval of an agreement between Debtor Mercy Services, Iowa City, Inc. ("Mercy Services") and Progressive Physical Therapy, PLLC ("Progressive") to sell Mercy Services' 25% interest in Progressive Rehabilitation Associates, LLC to Progressive.

**WHEREAS**, an unexecuted copy of the *Unit Purchase Agreement* between Mercy Services and Progressive (the "Purchase Agreement") was attached as Exhibit B to the PRA Sale Motion. The Debtors noted in the PRA Sale Motion that an executed copy of the Purchase Agreement would be filed separately.

**NOTICE IS HEREBY GIVEN THAT** an executed copy of the Purchase Agreement is attached hereto as **Exhibit A**.

**DATED** this 21st day of February, 2024

Respectfully Submitted,

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:     (319) 286-7002
Facsimile:      (319) 286-7050
Email:           rleaf@nyemaster.com

- and –

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:  515-283-8045
Email: mmcguire@nyemaster.com
       kmstanger@nyemaster.com
       dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:      (312) 372-2000
Facsimile:      (312) 984-7700
Email:          fperlman@mwe.com
                dsimon@mwe.com
                ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:      (214) 295-8000
Facsimile:      (972) 232-3098
Email:          jhaake@mwe.com


*Counsel for Debtors and
Debtors-in-Possession*


## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this February 21, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of

Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

*/s/ Roy Leaf*

## **EXHIBIT A**

**Purchase Agreement**

## UNIT PURCHASE AGREEMENT

This Unit Purchase Agreement (this "<u>Agreement</u>") is made and entered into as of February 1, 2024, by and between **Mercy Services Iowa City, Inc.,** an Iowa corporation (hereinafter the "<u>Seller</u>") and **Progressive Physical Therapy, PLLC** (hereinafter the "<u>Buyer</u>").

## <u>BACKGROUND</u>

A.      The Seller owns a **twenty-five percent (25%)** ownership interest (the "<u>Units</u>") in Progressive Rehabilitation Associates, LLC (hereinafter the "<u>Company</u>"), which are not represented by a certificate. The Units represent all of the Seller's outstanding ownership in the Company, including all membership interests, transferable interests and all other rights arising out of or relating thereto (the "<u>Seller's Interest</u>").

B.      The Operating Agreement of the Company, dated January 1, 1995, (the "<u>Company's Operating Agreement</u>") governs the rights and obligations of the Company, the Seller, and the Buyer with respect to the Company's governance and financial affairs and the transferability of units of the Company.

C.      On August 7, 2023, Seller and certain of its affiliates (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Northern District of Iowa (the "<u>Bankruptcy Court</u>"). The Debtors' bankruptcy cases are jointly administered at case number 23-00623 (the "<u>Bankruptcy Case</u>").

D.      The Buyer desires to purchase and the Seller desires to transfer the Units to the Buyer, according to the terms and conditions set out below.

## <u>TERMS</u>

1.      **Purchase of the Interest**.

        a.      <u>Purchase</u>. On the Effective Date (as defined below), the Seller shall sell to the Buyer and the Buyer shall purchase from Seller the Units representing the Seller's Interest, free and clear of all security interests, liens, pledges, claims, charges, escrow, encumbrances, options, rights of first refusal, mortgages, indentures, security agreements or other agreements, arrangements, contracts, commitments, understandings, or obligations, whether written or oral and whether or not relating in any way to credit or the borrowing of money.

        b.      <u>Delivery of the Units</u>. At the closing (the "<u>Closing</u>") of the transactions contemplated by this Agreement, the Seller shall deliver, or cause to be delivered to the Buyer, an Assignment of Membership Interest related to the Units (in the form of **<u>Exhibit A</u>**) and any other instruments that may be necessary or that the Buyer may reasonably request, in order to effectively vest in the Buyer good and marketable title to the Units.

1

c.  _Consideration._ At Closing the Buyer shall pay two-hundred fifty thousand dollars and 0/100 **($250,000.00)** to Seller in consideration of the sale and transfer of the Units hereunder (the "_Purchase Price_") by check or wire transfer of immediately available funds.

d.  _No Additional Distributions._ Except for the Purchase Price, Seller acknowledges that Seller will not be entitled to any further member distributions/dividends or compensation from the Company following the Closing Date.

e.  _Waiver and Consent._ The Buyer and Seller hereby consent to the transfer of the Units as set forth herein pursuant to Article VII of the Company's Operating Agreement. The Buyer and Seller further waive any transfer restrictions on the Units for the purpose of accomplishing the transactions detailed herein and any options to purchase the Units due to the transactions detailed herein, whether such restrictions and options are contained in the Company's Operating Agreement, including, but not limited to, Article XI of the Company's Operating Agreement, applicable law, or otherwise. The Buyer's and Seller's waivers herein shall only be applicable to this transaction and not any future transactions.

f.  _Time and Place of the Closing._ The Closing shall be held at the office of the Company at a mutually agreeable date within five (5) business days of approval of the Agreement by the Bankruptcy Court (the "_Closing Date_" or "_Effective Date_").

2.  **Representations and Warranties of Seller**. Seller hereby represents and warrants to Buyer as follows:

a.  _Title to Seller's Interest; Authority._ Seller has valid, legal and beneficial right, title and interest in and to Seller's Interest, free and clear of any and all liens, encumbrances and claims, and has the full right, power and authority to sell, transfer and deliver Seller's Interest as provided in this Agreement, except as otherwise set forth herein. Seller does not own, nor has any right or interest in, any other membership or ownership interest, equity, debt, or assets of Company in any form, except for Seller's Interest.

b.  _Legal, Valid and Binding Obligations._ This Agreement and any other documents executed by or on behalf of Seller in connection with the transactions contemplated by this Agreement constitute the legal, valid and binding obligation of Seller, enforceable against Seller in accordance with their respective terms, except to the extent set forth herein.

c.  _Consideration_. Seller hereby acknowledges and agrees that the consideration set forth in this Agreement represents a fair price for the sale of Seller's Interest. Seller hereby waives any and all rights that exist or may exist under the Company's Operating Agreement or otherwise with regard to appraisal, valuation, method of sale, and sale of Seller's Interest.

3.    **Representations and Warranties of the Buyer**. Buyer hereby represents and warrants to Seller as follows:

a.    <u>Legal, Valid and Binding Obligations</u>. This Agreement and any other documents executed by or on behalf of Buyer in connection with the transactions contemplated in this Agreement constitute the legal, valid and binding obligation of Buyer, enforceable against Buyer in accordance with their respective terms, except to the extent that enforceability thereof may be limited by bankruptcy, insolvency, reorganization or other similar laws relating to or affecting the enforcement of creditors' rights generally and by equitable principles.

b.    <u>Solvency</u>. Buyer warrants and represents that it is solvent at the time of this Agreement and that the obligations set forth in this Agreement will not cause Buyer to become insolvent.

c.    <u>No Conflicts; Consents</u>. The execution, delivery and performance by Buyer of this Agreement and the documents to be delivered hereunder, and the consummation of the transactions contemplated hereby, do not and will not violate or conflict with the certificate of organization, operating agreement, or other organizational documents of Buyer. Except as set forth in Section 9 of this Agreement, no consent, approval, waiver, or authorization is required to be obtained by Buyer from any person or entity (including any governmental authority) in connection with the execution, delivery, and performance by Buyer of this Agreement and the consummation of the transactions contemplated hereby.

d.    <u>Brokers</u>. No broker, finder or investment banker is entitled to any brokerage, finder's, or other fee or commission in connection with the transactions contemplated by this Agreement based upon arrangements made by or on behalf of Buyer.

4.    **Resignation**. As of the Effective Date, Seller hereby resigns from all of Seller's positions with the Company including, if applicable, member, manager and officer.

5.    **Taxes**. Seller shall pay all applicable federal and state income taxes and hold the Company harmless from any income, capital gains or similar taxes incurred in connection with the sale of the Units and receipt of the Purchase Price.

6.    **Release and Discharge**. Except as otherwise provided for herein, Buyer hereby irrevocably and unconditionally releases and forever discharges the Seller, its members, owners, agents, managers, officers, employees, representatives, and all persons acting by and through, under, or in concert with any of them, as applicable, from any and all actions, causes of action, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, damages, and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, in law or equity, whether known, unknown, contingent or otherwise, which Buyer ever had, now has or Buyer's, assigns, successors, executors, or administrators may have or claim to have in the future, against any of them, occurring at any time prior to the Closing Date; provided, however, that such release and discharge under this Section 6 shall not apply to, affect or diminish the rights of Seller under this Agreement, (b) shall not release or discharge the obligations of the Buyer under

this Agreement, (c) shall not release or discharge any employee compensation or benefits accruing in the ordinary course, (d) shall not release or diminish any rights of the Seller to indemnification by the Company under applicable law or the Company's Operating Agreement associated with Seller's position as an employee, officer or member of the Company, or (e) shall not release or diminish any claim or action to enforce Seller's rights regarding items (a) through (d) of this Section 6.

7.  **Indemnification**.  Seller shall indemnify and hold harmless the Buyer and the Buyer shall indemnify and hold harmless the Seller from any out-of-pocket loss, liability, claim, damage, assessment, or expense (including expenses of investigation and defense, and reasonable attorney fees and expenses) of any nature whatsoever (collectively, "<u>Losses</u>"), sustained, suffered or incurred by the other party, for or on account of, or arising from or in connection with any breach of any representation, warranty or covenant of the other party contained in this Agreement. The Buyer and Seller shall reimburse the other party on demand for any Losses incurred by such party at any time after the date of this Agreement with respect to any action, suit, proceedings, demand, assessment, judgment, cost or expense to which the foregoing indemnity relates. The parties hereto agree that all the representations and warranties contained in this Agreement shall survive the Closing and continue in full force and effect thereafter until the end of any applicable statute of limitations.

8.  **Further Assurances**. Each party hereto shall execute, deliver, file and record, or cause to be executed, delivered, filed and recorded, such further agreements, instruments and other documents, and take, or cause to be taken, such further actions, as the other party hereto may reasonably request as being necessary or advisable to effect or evidence the transactions contemplated by this Agreement.

9.  **Bankruptcy Court Approval**. Buyer and Seller acknowledge that this Agreement and the sale of Seller's Interest is subject to approval by the Bankruptcy Court. Buyer, on behalf of itself and in its capacity as a member, manager, officer, and otherwise of Company, acknowledges that Seller must take reasonable steps to demonstrate that it has sought to obtain the highest or otherwise best price for the Units, including giving reasonable notice thereof to creditors of Seller and other interested parties and providing information about the Units and Company to creditors of Seller and other interested parties.  Seller shall use commercially reasonable efforts to gain approval by the Bankruptcy Court of the sale of the Units contemplated hereby to the extent required by Bankruptcy Code section 363 and all other applicable provisions of the Bankruptcy Code. Buyer shall make reasonable good faith efforts to cooperate with Seller regarding (i) any material pleadings, motions, notices, statements, applications, schedules, reports, or other papers to be filed or submitted by Sellers in connection with or related to this Agreement, (ii) any discovery taken in connection with seeking approval of this Agreement, and (iii) any hearing related to an order approving this Agreement, including the submission of any evidence, including witnesses testimony, in connection with such hearing.

10.  **Authorization, Legality, and Consents**. The parties hereby represent and warrant that the execution and performance of this Agreement has been duly and validly authorized by all necessary corporate action.

11.   **Modification**. No modification of this Agreement shall be valid unless in writing signed by the party against whom the modification is sought to be enforced.

12.   **Binding Agreement**. This Agreement shall be binding upon the parties hereto and their respective successors, heirs, and assigns. Except as otherwise provided in this Agreement, this Agreement may not be transferred, assigned, or delegated by either party by operation of law or otherwise without the prior written consent of the other party, which consent shall not be unreasonably withheld.

13.   **Governing Law**. This Agreement will be governed by and construed exclusively in accordance with the laws of the State of Iowa.

14.   **Severability**. Nothing in this Agreement shall require any act or omission contrary to an express provision of applicable statute or regulation. If any provision of this Agreement is deemed invalid or unenforceable by any court or arbitrator having jurisdiction, the court or arbitrator will have the discretion to modify the provision to the extent necessary to make it valid or enforceable, and the provision (as so modified) and the balance of this Agreement shall remain in effect and will be enforced to the maximum extent permitted by law.

15.   **Entire Agreement**. This Agreement contains a complete statement of the arrangements among the parties with respect to the subject matter of this Agreement.

16.   **Counterparts**. This Agreement may be executed in any number of counterparts with the same effect as if all parties hereto had signed the same document. All counterparts shall be construed together and shall constitute one document. Delivery of executed counterparts of this Agreement by telecopy or another secure electronic format (.pdf) shall be effective as an original.

17.   **Authority**. Each person executing this Agreement on behalf of another entity represents and warrants that he or she is duly authorized to execute this Agreement on behalf of such entity.

18.   **Notices.** All notices shall be addressed to the parties as follows:

|          |                                    |
|----------|------------------------------------|
| Seller:  | **Mercy Services Iowa City, Inc.** |
|          | **Attn Mark Toney**                |
|          | **500 E Market Street**            |
|          | **Iowa City, IA 52245**            |
|          | **Mark.Toney@mercyic.org**         |
|          |                                    |
| Copies to: | **Roy Leaf, Esq.**               |
|          | **625 First Street SE, Suite 400** |
|          | **Cedar Rapids, IA 52401**         |
|          | **rleaf@nyemaster.com**            |
|          |                                    |
| Buyer:   | **Progressive Physical Therapy, PLLC** |
|          | **Attn Scott Thoma**               |

5

**1130 Scott Blvd. Suite 1
Iowa City, IA 52240
sthoma@praiowa.com**

Any notice, demand, or other communication that is given pursuant to this Agreement by either the Seller or the Buyer to the other party, shall be given in writing and delivered via either hand delivery, nationally recognized courier service, certified U.S. mail postage prepaid with return receipt requested, or electronic mail to the addresses forth above.

19.     **Submission to Jurisdiction; Waiver of Jury Trial**. Each of the Seller and Buyer irrevocably and unconditionally agrees that they will not commence any action, litigation, or proceeding of any kind whatsoever, whether in law or equity, or whether in contract or tort or otherwise, in any way relating to this Agreement, or the transactions contemplated hereby or thereby, in any forum other than the Bankruptcy Court, and each of the parties hereto irrevocably and unconditionally submits to the exclusive jurisdiction of such court and agrees that any such action, litigation or proceeding may be brought in such court. Each of the parties hereto agrees that a final judgment in any such action, litigation or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY. EACH PARTY HERETO (A) CERTIFIES THAT NO AGENT, ATTORNEY, REPRESENTATIVE OR ANY OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT SEEK TO ENFORCE THE FOREGOING WAIVER IN THE EVENT OF LITIGATION, AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION

*[Signature Page to Follow]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**PROGRESSIVE PHYSICAL THERAPY, PLLC**

By:_____

Name: _____

Its: _____

**MERCY SERVICES IOWA CITY, INC.**

By: _Mark E. Toney_____

Name: _Mark E. Toney_____

Its: _Chief Restructuring Officer__

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**PROGRESSIVE PHYSICAL
THERAPY, PLLC**

By: _____

Name: _Scott Thoma_____

Its: _Director_____

**MERCY SERVICES IOWA CITY, INC.**

By:_____

Name: _____

Its: _____

7