## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

### APPLICATION OF DEBTORS FOR ENTRY OF ORDER
### EXPANDING THE SCOPE OF RETENTION AND EMPLOYMENT
### OF EPIQ CORPORATE RESTRUCTURING, LLC
### AS ADMINISTRATIVE ADVISOR

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support of this application (the "Application"), the Debtors submit the *Declaration of Kate Mailloux in Support of Application of Debtors for Entry of Order Expanding the Scope of Retention and Employment of Epiq Corporate Restructuring, LLC as Administrative Advisor* (the "Mailloux Declaration"), attached hereto as **Exhibit B**. In further support of the Application, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1. By the Application, the Debtors respectfully request entry of the Proposed Order expanding the scope of retention of Epiq Corporate Restructuring, LLC ("Epiq") as administrative advisor in the Debtors' chapter 11 cases to provide, among other things, balloting and tabulation services (the "Administrative Advisor"). As part of the Debtors' "first day" pleadings, the Court already authorized Epiq to, among other things, serve as the Debtors' claims and noticing agent in these Chapter 11 Cases (as defined below) [Docket No. 91] (the "Section 156(c) Order").

2. However, as part of an agreement with the Office of the United States Trustee for the Northern District of Iowa (the "US Trustee"), the Debtors agreed to exclude from the scope of the Section 156(c) Order any services related to solicitation and tabulation of votes of a plan of reorganization and agreed to apply for such services pursuant to a separate application.

3. The Debtors are on the precipice of being ready to solicit and confirm a chapter 11 plan of liquidation. Accordingly, the Debtors now seek authority pursuant to this application and Bankruptcy Code section 327 to expand Epiq's scope of services to include services related to solicitation and plan ballot tabulation that were excluded from the Section 156(c) Order.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5. The legal predicates for the relief requested herein are sections 327, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a), 6004(h), 6006(f), 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules").

6. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**I.     The Chapter 11 Cases**

7.      On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

8.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

9.      On August 15, 2023, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

10.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration").

**II.    The Need for and Terms of Epiq's Services**

11.     On the Petition Date, the Debtors filed an application (the "Section 156(c) Application") for an order appointing Epiq as claims, noticing, and administrative agent in the Chapter 11 Cases.  As noted above, however, in an agreement with the U.S. Trustee, the Debtors and Epiq agreed to exclude the Expanded Services (as defined below) from the Section 156(c) Application and to seek approval of those services at a later time if necessary pursuant to separate application.

3

12. On August 14, 2023, the Court entered the Section 156(c) Order with above-noted agreed modifications.

13. The Debtors believe that administration of the Chapter 11 Cases will require Epiq to perform duties outside the scope of services covered by the Section 156(c) Order to help manage administrative tasks—i.e. solicitation and tabulation of votes—with respect to the thousands of creditors and other parties that are expected to be entitled to vote on a plan of liquidation in the Chapter 11 Cases. Accordingly, the Debtors submit the Application to enable Epiq to provide the Expanded Services under the Engagement Agreement that are outside the scope of the services authorized to be provided to the Debtors by Epiq pursuant to the Section 156(c) Order.

14. The terms of Epiq's proposed retention that include the Expanded Services are set forth in that certain Engagement Letter between Epiq and the Debtors, dated as of July 25, 2023 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit C**. Notwithstanding the terms of the Engagement Letter, the Debtors are seeking to retain Epiq solely on the terms set forth in the Application and the Proposed Order.

### A. Epiq's Qualifications

15. Epiq is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases. Epiq has substantial experience in matters of this size and complexity, and has acted as administrative advisor in many large bankruptcy cases nationwide. *See, e.g.*, *In re The Center for Special Needs Trust Administration, Inc.*, No. 24-00676 (RAC) (Bankr. M.D. Fl Feb 09, 2024); *In re Audacy, Inc.*, No. 24-90004 (CML) (Bankr. S.D. Texas Jan 7, 2024); *In re Bird Global, Inc.*, No. 23-20514 (CLC) (Bankr. S.D. Fl. Dec 20, 2023); *In re Inversiones Latin America Power Ltda.*, No. 23-11891 (JPM) (Bankr. S.D.N.Y Nov 30, 2023); *In re WeWork Inc.* (JKS)

4

(Bankr. D.N.J. Nov 6, 2023); *In re Akumin Inc.*, No. 23-90827 (CML) (Bankr. S.D. Tex Oct 22 2023); *In re St. Margaret's Health – Peru*, No. 23-11641 (DDC) (Bankr. N.D. Ill. Aug 31, 2023); *In re LTL Management LLC*, No. 23-12825 (MBK) (Bankr. D.N.J. June 7, 2023); *In re Digicel Group Holdings Limited*, No. 23-11479 (JPM) (Bankr. S.D.N.Y. Sep. 11, 2023); *In re American Physicians Partners, LLC*, No. 23-11469 (BLS) (Bankr. D. Del. Sep 18, 2023*); In re Yellow Corporation*, No. 23-11069 (CTG) (Bankr. D. Del. Aug 6, 2023); *In re Delphi Behavioral Health Group, LLC,* No. 23-10945 (PDR) (Bankr. S.D. Fl. Feb 6, 2023).

**B.   Scope of Services**

16.   Pursuant to the Engagement Letter, the Debtors seek to retain Epiq to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

   (a)   Assist with, among other things, solicitation, balloting, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties-in-interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

   (b)   Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results; and

   (c)   Provide such other processing, solicitation, balloting, and other administrative services described in the Engagement Letter, but not included in the Section 156(c) Order, as may be requested from time to time by the Debtors, the Court, or the Office of the Clerk of the Court.

(collectively, the "Expanded Services").

**C.   Compensation**

17.   The fees Epiq will charge in connection with providing services to the Debtors are set forth in the Engagement Letter. The Debtors respectfully submit that Epiq's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of

5

other firms before selecting Epiq as Administrative Advisor. The Debtors believe Epiq's rates are reasonable given the quality of Epiq's services and its professionals' bankruptcy expertise. Additionally, Epiq will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Letter.

18. Epiq intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred in connection with the services it provides as Administrative Advisor pursuant to the Engagement Letter. Epiq will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

19. As authorized by the Section 156(c) Order, Epiq is holding a $25,000.00 retainer as security of payment of Epiq's final invoice for services rendered and expenses incurred for services approved in the Section 156(c) Order (the "Retainer").

20. Under the terms of the Engagement Letter, the Debtors have agreed, subject to certain exceptions, to indemnify, defend, and hold harmless Epiq and its affiliates, parent, officers, members, directors, agents, representatives, managers, consultants, and employees, under certain circumstances specified in the Engagement Letter, except in circumstances resulting from Epiq's gross negligence or willful misconduct or as otherwise provided in the Engagement Letter or the Proposed Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in the Chapter 11 Cases.

### D. Epiq's Disinterestedness

21. As set forth in the Mailloux Declaration, Epiq has reviewed its electronic database to determine whether it has any relationships with the creditors and parties-in-interest identified by the Debtors and, except as disclosed in the Mailloux Declaration, Epiq is a "disinterested

6

person" within the meaning of Bankruptcy Code section 101(14), as required by Bankruptcy Code section 327(a), and does not hold or represent an interest adverse to the Debtors' estates in connection with any matter on which it would be employed.

22. As further set forth in the Mailloux Declaration, Epiq believes that it does not have any relationships with creditors or other parties-in-interest in the Chapter 11 Cases that would present a disqualifying conflict of interest. Epiq has advised the Debtors that, to the extent that Epiq discovers any connection with any interested party or enters into any new relationship with any interested party, Epiq will promptly supplement its disclosure to the Court.

### BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

23. Bankruptcy Code section 327(a) provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

24. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party-in-interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

25. In light of the size and complexity of the Chapter 11 Cases, the Debtors respectfully submit that retaining and employing Epiq pursuant to the terms of the Engagement Letter is necessary and in the best interests of the Debtors' estates and all parties-in-interest in the Chapter

11 Cases. The Debtors also believe that the terms and conditions of the Engagement Letter are reasonable in light of the high volume of creditors and other parties-in-interest that are involved in the Chapter 11 Cases and will likely vote on a plan.

26. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties that are expected to be involved in the plan process in the Chapter 11 Cases, the Debtors respectfully request that the Court enter an order appointing Epiq as the Administrative Advisor in the Chapter 11 Cases pursuant to Bankruptcy Code sections 327(a), 330, and 331 and Bankruptcy Rules 2014 and 2016.

## NOTICE

27. The Debtors will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Iowa Department of Revenue; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel to the Committee; (g) counsel to the Pension Committee; (h) counsel for the Secured Bondholder Representatives; (i) the Federal Trade Commission; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

28. No prior request for the relief sought in the Application has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: February 22, 2024

*/s/ Mark E. Toney*
Mark E. Toney
Chief Restructuring Officer
Mercy Hospital, Iowa City, Iowa

Dated: Cedar Rapids, Iowa
February 22, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-8009
Fax: 515-283-8045
Email: kmstanger@nyemaster.com
mmcguire@nyemaster.com
dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

10

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this February 22, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

/s/ *Roy Leaf*