# EXHIBIT A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) ) | Case No. 23-00623 (TJC) |
| Debtors. | ) ) ) | Jointly Administered |

**[PROPOSED] ORDER EXPANDING THE SCOPE OF RETENTION AND EMPLOYMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS ADMINISTRATIVE ADVISOR**

Upon the application (the "Application")[1] of the Debtors for entry of an order (this "**Order**") expanding the scope of retention and employment of Epiq Corporate Restructuring, LLC ("Epiq") as administrative advisor ("Administrative Advisor") in the Chapter 11 Cases to include the Expanded Services in accordance with the Engagement Letter, all as more fully set forth in the Application; and the Court being satisfied that Epiq has the capability and experience to provide the services described in the Application, Epiq does not hold or represent an interest adverse to the Debtors or their estates related to any matter for which Epiq will be employed, and Epiq is a "disinterested person" as defined in Bankruptcy Code section 101(14); and upon the Mailloux Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* from the United States District Court for the Northern District of Iowa; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

Article III of the United States Constitution; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized, but not directed, to retain Epiq as Administrative Advisor under Bankruptcy Code section 327(a) to perform the Expanded Services under the terms of the Engagement Letter and to take such other action to comply with all duties set forth in the Application.

3. Epiq shall apply to the Court for allowance of its compensation and reimbursement of expenses incurred after the Petition Date in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses. For avoidance of doubt, notwithstanding anything in the Application or the Engagement Letter to the contrary, Epiq shall seek reimbursement of expenses at the cost which it paid for same.

4. Epiq may continue holding the Retainer during the Chapter 11 Cases as security of payment of Epiq's final invoice for the Expanded Services rendered and expenses incurred under the Engagement Letter as well as those services rendered and expenses incurred pursuant to the Section 156(c) Order.

5. The Debtors are authorized to indemnify Epiq under the terms set forth in the Engagement Letter, as modified by the Section 156(c) Order.

6.	Notwithstanding any term in the Engagement Letter to the contrary, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Epiq engagement.

7.	Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

8.	The Debtors and Epiq are authorized to take all actions necessary to implement the relief granted in this Order.

9.	In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

10.	The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated and entered this ____ day of _____, 2024.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255

Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: mmcguire@nyemaster.com
      kmstanger@nyemaster.com
      dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email:  fperlman@mwe.com
      dsimon@mwe.com
      ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com


*Counsel for Debtors and
Debtors-in-Possession*