IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **EXPEDITED RELIEF REQUESTED** |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF ORDER REDUCING PERIOD OF TIME BETWEEN OBJECTION DEADLINE AND DISCLOSURE STATEMENT HEARING PURSUANT TO LOCAL RULE 3017-1**

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") reducing the 14-day period of time set forth by Rule 3017-1(a) of the *Local Rules of Bankruptcy Practice and Procedure* (the "Local Rules"). In support thereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3017-1.

1

3.     The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### I.    The Chapter 11 Cases

4.     On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

5.     The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.     On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

7.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27].

### II.   Formation of the Combined Plan and Disclosure Statement

8.     For the past few months, the Debtors have been engaged in discussions with representatives for Computershare Trust Company, N.A. and Preston Hollow Community Capital,

Inc. (collectively, the "Bondholders"), the Pension Committee, and the Committee about formation of a chapter 11 plan of liquidation.

9. The *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the "Combined Plan and Disclosure Statement") filed contemporaneously with this Motion reflects the progress of these discussions. While the Combined Plan and Disclosure Statement is only formally supported by the Bondholders, the Debtors believe the Pension Committee is in favor of the majority of the Combined Plan and Disclosure Statement. The Debtors are hopeful that through continuing discussions and negotiations, confirmation of the Combined Plan and Disclosure Statement can be done on a fully consensual basis.

10. The Debtors, in fact, were prepared to file the Combined Plan and Disclosure Statement last week. However, on request of certain of the parties in interest in this case, the Debtors withheld filing of the Combined Plan and Disclosure Statement in order to continue negotiations in an attempt to reach consensus.

### III. Reduction of 14-Day Period under Local Rule 3017-1

11. Local Rule 3017-1(a) provides, in part, that "[t]he hearing on approval of the disclosure statement may take place no earlier than 14 days after the bar date for objections." Further, "[a]ny reduction of such periods must be requested of the Court by written motion."

12. Contemporaneously with filing the Combined Plan and Disclosure Statement and this Motion, the Debtors have also filed a *Notice of Bar Date for Objections to the Disclosure Statement* (the "Disclosure Statement Bar Date Notice"). The Disclosure Statement Bar Date Notice sets Monday, March 25, 2024 as the deadline (the "Objection Deadline") to object solely to the adequacy of the disclosure statement portion of the Combined Plan and Disclosure Statement.

3

13. Based on availability of the Court, advisors for the Debtors, and advisors for other parties in interest, the Debtors believe proceeding with the hearing to consider approval of the disclosure statement portion of the Combined Plan and Disclosure Statement on Wednesday, March 27, 2024 (the "Hearing Date") is in the best interests of the Debtors and their stakeholders.

14. Accordingly, the Debtors request that the Court reduce the 14-day period under Local Rule 3017-1 to 2 days and authorize the Debtors to proceed with a hearing on the sufficiency of the disclosure statement portion of the Combined Plan and Disclosure Statement on the Hearing Date.

15. Cause exists to shorten the time period under the Local Rule and reduction is justified by the facts and circumstances of this case. Other matters will be proceeding before the Court on the Hearing Date and allowing the Debtors to proceed with consideration of the disclosure statement will help preserve estate resources. Moreover, the Debtors delayed filing the Combined Plan and Disclosure Statement on request of a party in interest in order to try and reach consensus, avoid costly litigation, and fast-track these Chapter 11 Cases toward a resolution.

16. The Debtors submit that reducing the period of time between the Objection Deadline and Hearing Date for consideration of the disclosure statement portion of the Combined Plan and Disclosure Statement is appropriate under the circumstances, and justified by the facts in these Chapter 11 Cases.

17. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order authorizing the Debtors to shorten the period of time between the Objection Deadline and Hearing Date and setting the disclosure statement portion of the Combined Plan and Disclosure Statement for hearing on the Hearing Date.

## NOTICE

18. The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Pension Committee; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel for the Master Trustee and Trustee; (g) counsel for the Bondholder Representative; (h) the Federal Trade Commission; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Cedar Rapids, Iowa
       February 23, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:   (319) 286-7002
Facsimile:    (319) 286-7050
Email:       rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-8045
Email: mmcguire@nyemaster.com
       kmstanger@nyemaster.com
       dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:   (312) 372-2000
Facsimile:    (312) 984-7700
Email:       fperlman@mwe.com
       dsimon@mwe.com
       ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:            jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this February 23, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

*/s/ Roy Leaf*