**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

**ORDER (I) APPROVING THE SALE OF THE DEBTORS' INTEREST IN A JOINT
VENTURE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES AND (II) GRANTING RELATED RELIEF**

Upon consideration of *Debtors Motion for Entry of Order (I) Approving the Sale of the Debtors' Interest in a Joint Venture Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Granting Related Relief* (the "Sale Motion") [Docket No. 703] filed by the above-captioned debtors and debtors in possession (the "Debtors"), which requests an order (this "Sale Order") that, among other things, authorizes and approves the sale, assignment, transfer, conveyance and delivery (the "Sale") of Debtor Mercy Services Iowa City, Inc. ("Mercy Services") 25% interest in Progressive Rehabilitation Associates, LLC ("PRA") to Progressive Physical Therapy, PLLC (the "Purchaser") on the terms set forth in the *Unit Purchase Agreement* attached to the Sale Motion as Exhibit A (the "Agreement"); this Court having reviewed and considered the Sale Motion and any objections thereto; this Court having heard statements of counsel and the evidence presented in support of the relief requested by the Debtors in the Sale Motion at a hearing before this Court (the "Sale Hearing"); upon the full record of these Chapter 11 Cases; it appearing no other notice need be given; it further appearing the legal and factual bases set forth in the Sale Motion and the record made at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor:

THE COURT FINDS AND DETERMINES THAT:

## Jurisdiction, Final Order, and Statutory Predicates

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The statutory predicates for the relief requested herein are sections 105(a) and 363(b) and (f) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e) and (f), 6006(a) and (c), 9006, 9007, and 9014.

D.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds there is no just reason for delay in the implementation of this Sale Order and waives any stay and expressly directs entry of judgment as set forth herein.

## Retention of Jurisdiction

E.    It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Agreement, including its related documents, all amendments thereto and any waivers and consents

thereunder and each of the agreements executed in connection therewith to which the Debtors are

a party or which has been assigned by the Debtors to the Purchaser, and to adjudicate, if necessary,

any and all disputes involving the Debtors concerning or relating in any way to, or affecting, the

Sale or the transactions contemplated in the Agreement, and related documents.

### Corporate Authority; Consents and Approvals

F.      Each of the Debtors has, to the extent necessary or applicable, (a) the full corporate

power and authority to execute and deliver the Agreement and all other documents contemplated

thereby, (b) all corporate authority necessary to consummate the transaction contemplated by the

Agreement, and (c) taken all corporate action necessary to authorize and approve the Agreement

and the consummation of the transactions contemplated thereby. The Sale has been duly and

validly authorized by all necessary corporate action. No consents or approvals, other than those

expressly provided for in the Agreement, are required for the Debtors to consummate the Sale, the

Agreement, or the transactions contemplated thereby.

### Notice of Sale, Sale Hearing, and Agreement

G.      Actual written notice of the Sale Motion, the Sale, the Sale Hearing, and the

transactions contemplated thereby, and a reasonable opportunity to object or be heard with respect

to the Sale Motion and the relief requested therein, has been afforded to all known interested

entities and parties, including, without limitation, the following entities and parties: (a) the U.S.

Trustee; (b) the Internal Revenue Service; (c) the Iowa Department of Revenue; (d) the United

States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid

Services; (f) counsel to the Committee; (g) counsel to the Pension Committee; (h) counsel for the

Secured Bondholder Representative; (i) the Federal Trade Commission; and (j) all parties entitled

to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is

required.

H.      In addition, the Debtors have caused notice of the Sale Motion, the Sale, and the Sale Hearing to be posted on the website maintained by the Debtors' claims and noticing agent, Epiq, available at https://dm.epiq11.com/case/mercyhospital/info. The foregoing notice was sufficient and reasonably calculated under the circumstances to reach entities whose identities are not reasonably ascertainable by the Debtors.

I.      The notice of the Sale Hearing provided all interested parties with timely and proper notice of the Sale and the Sale Hearing.

J.      The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motion regarding the sales process.

K.      As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, the Sale, and the Sale Hearing, and the transactions contemplated thereby has been provided in accordance with Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002, 6004, 6006, 9007, 9008, and 9014. The notices described herein were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Motion, the Sale, or the Sale Hearing is or shall be required.

L.      The disclosures made by the Debtors concerning the Sale Motion, the Agreement, the Sale Hearing, and the Sale were good, complete, and adequate.

M.      A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including the applicable notice parties.

**Highest and Best Offer**

N.      The Debtors conducted a sale process that afforded a full, fair, and reasonable opportunity to determine the highest or otherwise best offer to purchase Mercy Service's Interest.

O.      Pursuant to the Agreement and Bidding Procedures, the Purchaser has agreed to pay $250,000.00 (the "Purchase Price") for Mercy Service's Interest. The Purchase Price is the highest or otherwise best offer that the Debtors have received for Mercy Service's Interest and will provide a greater recovery for the Debtors' creditors than would be provided by any other practical alternative

P.      The Debtors' determination that the Agreement constitute the highest and best offer for Mercy Service's Interest constitutes a valid and sound exercise of the Debtors' reasonable business judgment.

Q.      The Agreement represents a fair and reasonable offer to purchase Mercy Service's Interest under the circumstances of this bankruptcy case and the PRA Operating Agreement's transfer restrictions.

R.      No other entity or group of entities has offered to purchase Mercy Service's Interest for greater economic value to the Debtors' or their estates than the Purchaser, nor has any bid been presented to the Debtors that the Debtors determined presented a viable alternative.

S.      The Debtors' decision to sell Mercy Service's Interest to the Purchaser pursuant to the Agreement and this order is supported by good business reasons and sound justification based upon the Debtors' experience and the circumstances presented in this case.

T.      Approval of the Sale Motion and the Agreement and the consummation of the transaction contemplated thereby are in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

U.      The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale of Mercy Service's Interest prior to, and outside of, a plan of reorganization.

V.      Entry of an order approving the Agreement and all the provisions thereof is a necessary condition precedent to Purchaser's consummation of the Sale, as set forth in the Agreement.

### Good Faith of the Purchaser

W.      The representations of counsel and other evidence proffered or adduced at the Sale Hearing, the Debtors and their advisors marketing efforts secured the highest and best offer. The terms and conditions set forth in the Agreement are fair, adequate, and reasonable, including the amount of the Purchase Price, which is found to constitute reasonably equivalent and fair value.

X.      The Purchaser is not an "insider" or "affiliate" of any of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code.

Y.      The Debtors and the Purchaser negotiated the terms and conditions of the Agreement in good faith and at arm's length. The Purchaser is purchasing Mercy Service's Interest and has entered into the Agreement in good faith and is a good faith buyer within the meaning of Bankruptcy Code section 363(m), and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (i) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed; (ii) the Purchaser has not violated Bankruptcy Code section 363(n) by any action or inaction; and (iii) the negotiation and execution of the Agreement was at arm's length and in good faith.

Z.      Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Agreement to be avoided under Bankruptcy Code section 363(n). The Debtors and the Purchaser were represented by their own respective counsel and other advisors during such arm's length negotiations in connection with the Agreement and the Sale.

AA.     No party has objected to the Sale or the Agreement on the grounds of fraud or collusion.

BB.     Accordingly, the Purchaser is purchasing Mercy Service's Interest in good faith and is a good-faith buyer within the meaning of Bankruptcy Code section 363(m). The Purchaser is therefore entitled to all of the protections afforded under Bankruptcy Code section 363(m).

## No Fraudulent Transfer or Merger

CC.     The consideration provided by the Purchaser pursuant to the Agreement (a) is fair and reasonable, (b) is the highest or best offer for Mercy Service's Interest, and (c) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the Iowa Uniform Voidable Transactions Act.

DD.     Neither the Purchaser nor its past, present, and future subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors and assigns, nor any of its nor their respective directors, managers, officers, employees, shareholders, members, agents, representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance companies, or partners (collectively, the "Purchaser Parties") is a mere continuation of the Debtors or their estates. No Purchaser Party is holding itself out to the public as a continuation of the Debtors or their respective estates. No Purchaser Party is a successor to the Debtors or their estates, and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser (or any other Purchaser Party) and the Debtors.

**Validity of Transfer**

EE.     The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States or the Iowa Uniform Voidable Transactions Act. Neither the Debtors nor the Purchaser are entering into the transactions contemplated by the Agreement fraudulently, for the purposes of statutory and common law fraudulent conveyance and fraudulent transfer claims.

FF.     The Debtors are the sole and lawful owner of Mercy Service's Interest. Subject to Bankruptcy Code section 363(f) (addressed below), the transfer of Mercy Service's Interest to the Purchaser will be a legal, valid, and effective transfer of Mercy Service's Interest, which transfer vests or will vest the Purchaser with all right, title, and interest of the Debtors to Mercy Service's Interest free and clear of (i) all liens (including any liens as that term is defined in section 101(37) of the Bankruptcy Code) and encumbrances relating to, accruing, or arising any time prior to the Closing Date[1] (collectively, the "Liens"), and (ii) all debts (as that term is defined in section 101(12) of the Bankruptcy Code) arising under, relating to, or in connection with any act of the Debtors or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests, mortgages, hypothecations, charges, indentures, loan agreements, instruments, collective bargaining agreements, leases, licenses, deeds of trusts, security interests or similar interests, conditional sale or other title retention agreements and other similar impositions, restrictions on transfer or use, pledges, judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement, products liability, alter ego liability, suits, defenses, credits, allowances, options, limitations, causes of action, choses in action, rights of first

---

[1]     Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Agreement.

refusal or first offer, rebate, chargeback, credit, or return, proxy, voting trust or agreement or transfer restriction under any shareholder or similar agreement or encumbrance, easements, rights of way, encroachments, liabilities, and matters of any kind and nature, whether arising prior to or subsequent to the August 7, 2023, whether known or unknown, legal or equitable, mature or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to Claims (as defined below) and Liens (A) that purport to give any party a right or option to effect a setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtors' or the Purchaser's interests in the Mercy Service's Interest, or any similar rights, if any, or (B) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including without limitation, any restriction of use, voting, transfer, receipt of income, or other exercise of any attribute of ownership (collectively, as defined in this clause (ii), the "Claims" and, together with the Liens and other interests of any kind or nature whatsoever, the "Interests"), relating to, accruing or arising any time prior to the entry of this Sale Order.

GG.    For the avoidance of doubt, the terms "Liens" and "Claims" as used in this Sale Order, include, without limitation, rights with respect to any Liens or Claims:

(a)    that purport to give any party a right of setoff or recoupment against, or a right or option to affect any forfeiture, modification, profit-sharing interest, right of first refusal, purchase or repurchase writer option, or termination of, any of the Debtors' or the Purchaser's interest in Mercy Service's Interest, or any similar rights; or

(b)      in respect of taxes, restrictions, rights of first refusal, charges of interest of

any kind and nature, if any, and including, without limitation, any restriction

of use, voting, transfer, receipt of income, or other exercise of any of the

attributes of ownership relating to, accruing, or arising at any time prior to

the Closing Date.

### Section 363(f) is Satisfied

HH.    The conditions of Bankruptcy Code section 363(f) have been satisfied in full;

therefore, the Debtors may sell Mercy Service's Interest free and clear of any Interests in the

property.

II.    The Purchaser would not have entered into the Agreement, and would not

consummate the transactions contemplated thereby, if the Sale of Mercy Service's Interest to the

Purchaser were not free and clear of all Interests or if the Purchaser would, or in the future could,

be liable for any of such Interests.

JJ.    The Debtors may sell Mercy Service's Interest free and clear of all Interests in such

property of any entity other than the Debtors' estates, including, without limitation, any Liens and

Claims against the Debtors or their estates because, in each case, one or more of the standards set

forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied. Any holders of interests in

Mercy Service's Interest, including, without limitation, holders of Liens, Claims, or other

encumbrances against the Debtors, their estates, or Mercy Service's Interest, who did not object,

or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented

pursuant to Bankruptcy Code section 363(f)(2). All other holders of interests are adequately

protected by having their interests, if any, in each instance against the Debtors, their estates, or

Mercy Service's Interest, attached to the net proceeds of the Sale received by the Debtors

ultimately attributable Mercy Service's Interest in the same order of priority, with the same validity, force, and effect that such interests had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

## Sound Business Purpose for the Sale

KK.     Good and sufficient reasons for approval of the Agreement and the Sale have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

LL.     The Debtors have demonstrated both (a) good, sufficient, and sound business purposes and justifications for approving the Agreement and (b) compelling circumstances for the sale outside the ordinary course of business, pursuant to Bankruptcy Code section 363(b) before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Debtors' estates, and the Sale will provide the means for the Debtors to maximize distributions to creditors.

## Compelling Circumstances for an Immediate Sale

MM.     To maximize the value of the Mercy Service's Interest, it is essential the Sale occur promptly. Therefore, time is of the essence in effectuating the Agreement and consummating the Sale. As such, the Debtors and the Purchaser intend to close the Sale as soon as reasonably practicable, as provided for in the Agreement. The Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for immediate approval and consummation of the Agreement. Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rules 6004(h) and 6006(d).

NN.     Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Purchase Price under the Agreement, the proposed Sale of Mercy Service's Interest

to the Purchaser constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

OO.     The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation Bankruptcy Code sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

PP.     The Sale does not constitute a *sub rosa* or *de facto* chapter 11 plan for which approval has not been sought without the protections a disclosure statement would afford, as it does not and does not propose to: (i) impair or restructure existing debt of, or equity interests in, the Debtors; (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in Bankruptcy Code sections 1125 and 1129; or (iv) classify claims or equity interests, compromise controversies, or extend debt maturities. Accordingly, the Sale neither impermissibly restructures the rights of the Debtors' creditors, nor impermissibly dictates a liquidating chapter 11 plan for the Debtors.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

### General Provisions.

1.     **Relief Granted.** The relief requested in the Sale Motion and the transactions contemplated thereby and by the Agreement are approved for the reasons set forth in this Sale Order and on the record of the Sale Hearing, which is incorporated herein as if fully set forth in this Sale Order.

2.     **Objections Overruled.** All Objections, statements, and reservations of rights to the Cure Amounts or the Sale Motion and the relief requested therein that have not been withdrawn, waived, or settled by announcement to the Court during the Sale Hearing or by stipulation filed

with the Court, including, without limitation, any and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits, with prejudice. Those parties who did not object, or who withdrew their objections, to the Sale Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2).

3.      **Sale Order and Agreement Binding on All Parties.** This Sale Order and the Agreement shall be binding in all respects upon all creditors of and holders of equity interests in the Debtors (whether known or unknown), agents, trustees and collateral trustees, holders of Interests in, against, or on Mercy Service's Interest, or any portion thereof, all successors and assigns of the Debtors, and any subsequent trustees appointed in the Chapter 11 Cases or upon a conversion of the Chapter 11 Cases to one or more cases under chapter 7 of the Bankruptcy Code and shall not be subject to rejection or unwinding. Nothing in any chapter 11 plan confirmed in the Chapter 11 Cases, the confirmation order confirming any such chapter 11 plan, any order approving the wind down or dismissal of the Chapter 11 Cases, or any order entered upon the conversion of the Chapter 11 Cases to one or more cases under chapter 7 of the Bankruptcy Code or otherwise shall conflict with or derogate from the provisions of the Agreement or this Sale Order.

### Approval of the Agreement

4.      **Agreement Approved.** The Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

5.      **Authorization to Consummate Transactions.** Pursuant to Bankruptcy Code sections 363(b) and (f), the Debtors are authorized, empowered, and directed to use their reasonable best efforts to take any and all actions necessary or appropriate to (a) consummate the Sale pursuant to and in accordance with the terms and conditions of the Agreement, (b) close the Sale as contemplated in the Agreement and this Sale Order, and (c) execute and deliver, perform

under, consummate, implement, and fully close the Agreement, together with additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the Sale.

### Transfer of the Assets

6.      **Transfer of the Assets Authorized.** Pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f), the Debtors are authorized and directed to (a) take any and all actions necessary or appropriate to perform, consummate, implement, and close the Sale in accordance with the terms and conditions set forth in the Agreement and this Sale Order and (b) take all further actions and execute and deliver the Agreement and other related ancillary transaction documents and any and all additional instruments and documents that may be necessary or appropriate to implement the Agreement and the other related documents and consummate the Sale in accordance with the terms thereof, all without further order of the Court. At Closing, all of the Debtors' right, title, and interest in and to, and possession of, Mercy Service's Interest shall be immediately vested in the Purchaser (or its designee). Such transfer shall constitute a legal, valid, enforceable, and effective transfer of Mercy Service's Interest.

7.      **Transfer Free and Clear of Interests.** Upon the Debtors' receipt of the Purchase Price for Mercy Service's Interest, the transfer of Mercy Service's Interest to the Purchaser shall be free and clear of all Interests of any kind or nature whatsoever, including, without limitation, successor or successor-in-interest liability. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Encumbrances against or in Mercy Service's Interest shall not have delivered to the Debtors prior to the Closing of the Sale in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all Encumbrances that the person or entity has with respect to Mercy Service's Interest, then only with regard to Mercy Services's

Interest, the Debtors are hereby authorized to execute and file such statements, instruments,

releases and other documents on behalf of the person or entity with respect to the Mercy Service's

Interest.

8.      **Legal, Valid, and Marketable Transfer with Permanent Injunction.** The

transfer of Mercy Service's Interest to the Purchaser pursuant to the Agreement constitutes a legal,

valid, and effective transfer of good and marketable title of the Mercy Service's Interest and vests,

or will vest, the Purchaser with all right, title, and interest to Mercy Service's Interest, free and

clear of all Interests except as otherwise expressly stated as obligations of the Purchaser under the

Agreement. All Persons holding interests or claims of any kind or nature whatsoever against the

Debtors or Mercy Service's Interest are hereby and forever barred, estopped, and permanently

enjoined from asserting against the Purchaser, its successors or assigns, its property, or Mercy

Service's Interest, any claim, interest or liability existing, accrued, or arising prior to the Closing.

## Other Provisions

9.      **Post-Closing Cooperation**.  After the Closing, the Purchaser shall permit, for a

period of not less than six (6) years, each of the Debtors, any direct or indirect successor to the

Debtors (including any plan administrator, debtor representative, or liquidating trustee appointed

under a confirmed plan)  and their respective professionals (collectively, the "Permitted Parties")

reasonable access to all books and records that are in connection with or that otherwise relate to

the Debtors and their operations prior to the Closing and that are in the control or the possession

of the Purchaser or any of its affiliates or their respective agents or representatives (collectively,

"Business Records") for the purposes of (i) pursuing, assessing, defending, settling, or otherwise

dealing with causes of action, including, without limitation, any objection or motion, that any

Permitted Party has the right to pursue, (ii) performing and/or otherwise dealing with any

obligations of the Debtors, (iii) assisting any one or more of the Permitted Parties in connection

with or otherwise relating to the claims reconciliation process relating to any of the Debtors, including, without limitation, with respect to causes of action against any person, including, without limitation, assessing, resolving, settling, and/or otherwise dealing with priority and administrative claims and any general unsecured claims that accrue prior to the Closing Date and (iv) without limiting the generality of the immediately preceding clauses (i) through (iii), otherwise administering the Debtors' estates including, without limitation, the preparation and confirmation of a plan relating to any of the Debtors and the preparation of accompanying disclosure statement, and compliance with any subpoena, document request, or order of any court compelling any Permitted Party to produce documents to third parties, winding down the Debtors' estates, preparing or filing tax returns and causing audits to be performed and/or for any other reasonable purpose.

10.     The right of access for the Permitted Parties shall include, without limitation, (a) (i) the right of such Permitted Party, upon reasonable notice during regular business hours, to copy at the Permitted Party's premises or the Purchaser's premises (including any location formerly operated by any of the Debtors) at each requesting Permitted Party's expense, such documents and records as they may request in furtherance of any of the purposes referred to herein and (ii) Purchaser's copying and delivering, at the Permitted Party's cost, to such Permitted Party such documents and records as may reasonably be requested, but only to the extent such Permitted Party furnishes the Purchaser with reasonable written descriptions of the materials to be so copied. The Purchaser shall not dispose of or destroy any of the Business Records before the sixth (6th) anniversary of the Closing Date and will provide the Permitted Parties and the Court pursuant to a filing with the Bankruptcy Court with at least ninety (90) days written notice before doing so and will provide each Permitted Party that requests copies of any Business Records within such ninety

(90) day period copies of all requested Business Records at the cost of the requesting Permitted Party.

11.      **Effective Immediately.** For cause shown, pursuant to Bankruptcy Rules 6004(h), 6006(d), and 7062(g), this Sale Order shall not be stayed and shall be effective immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Sale Order. The Debtors and the Purchaser may consummate the Agreement at any time after entry of this Sale Order by waiving any and all closing conditions set forth in the Agreement that have not been satisfied and by proceeding to close the Sale without any notice to the Court, any pre-petition or post-petition creditor of the Debtors and/or any other party in interest.

12.      **Agreement Approved in Entirety.** The failure specifically to include any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement be authorized and approved in its entirety.

13.      **Further Assurances**. From time to time, as and when requested, all parties shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as the requesting party may reasonably deem necessary or desirable to consummate the Sale, including such actions as may be necessary to vest, perfect, or confirm or record or otherwise in the Purchaser its right, title, and interest in and to Mercy Service's Interest.

14.      **Modifications to Agreement.** The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, in a writing signed by such parties, without further order

of this Court, provided any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

15. **Standing.** The transactions authorized herein shall be of full force and effect, regardless of any Debtors' lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

16. **Authorization to Effect Order.** The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Sale Order in accordance with the Sale Motion.

17. **No Other Bids.** No further bids or offers for the Assets shall be considered or accepted by the Debtors after the date hereof unless the Sale to the Purchaser is not consummated or otherwise does not occur in accordance with the Agreement or its related documents.

18. **Order to Govern.** To the extent this Sale Order is inconsistent with any prior order entered or pleading filed in these Chapter 11 Cases, the terms of this Sale Order shall govern. To the extent there are any inconsistencies between the terms of this Sale Order and the Agreement (including all ancillary documents executed in connection therewith), the terms of this Sale Order shall govern.

19. **Standing**. The Purchaser has standing to seek to enforce the terms of this Sale Order.

20. **Retention of Jurisdiction**. This Court shall retain exclusive jurisdiction with respect to the terms and provisions of this Sale Order and the Agreement.

Dated and entered this 27th day of _February_, 2024

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

Roy Leaf, AT0014486
625 1ˢᵗ Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:  515-283-8045
Email: mmcguire@nyemaster.com
         kmstanger@nyemaster.com
         dhempy@nyemaster.com

-and-

Felicia Gerber Perlman (admitted _pro hac vice_)
Daniel M. Simon (admitted _pro hac vice_)
Emily C. Keil (admitted _pro hac vice_)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and –

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*