> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED EXECUTORY CONTRACTS AND LEASES. PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR CONTRACT(S) AND/OR LEASE(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR CONTRACT(S) AND/OR LEASE(S)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) ) | Case No. 23-00623 (TJC) |
| Debtors. | ) ) ) ) | Jointly Administered |

**DEBTORS' FIFTH OMNIBUS MOTION FOR ENTRY OF ORDER (I) AUTHORIZING REJECTION OF EXECUTORY CONTRACTS RELATED TO MERCY HOSPITAL, IOWA CITY, IOWA, (II) SETTING BAR DATE FOR REJECTION DAMAGES CLAIMS, AND (III) GRANTING RELATED RELIEF**

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Debtors respectfully represent as follows:

**RELIEF REQUESTED**

1. Pursuant to this Motion, the Debtors seek authority to reject certain executory contracts between Mercy and certain contractual counterparties (the "Counterparties"). The Debtors' executory contracts with the Counterparties were not assumed and assigned to the State University of Iowa (the "University") as part of the sale of the substantially all of the Debtors'

1

assets to the University (the "Sale"). This Motion is one of four motions that the Debtors will be filing related to the Debtors' executory contracts with certain counterparties.

2. On November 7, 2023, the Court approved the Sale to the University along with the *Asset Purchase Agreement* (the "APA") governing the transaction [Docket No. 476] (the "Sale Order"). The Sale Order authorized the Debtors to assume executory contracts pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and assign those executory contracts to the University as part of the Sale process. *See* Sale Order ¶¶ 13-23. Under the APA and Sale Order, the University was authorized to choose which executory contracts of the Debtors it would seek assumption and assignment of and which it would not.

3. The Debtors and University closed the Sale transaction on January 31, 2024 (the "Closing Date"). On the Closing Date and as part of the Sale, the Debtors transferred substantially all of their operations to the University as well as all executory contracts identified by the University for assumption and assignment. After the Closing Date, the Debtors' active business operations effectively ceased.

4. The contracts with the Counterparties that are part of this Motion were not assumed and assigned to the University in connection with the Sale and, therefore, will no longer be utilized by the Debtors. Such contracts only serve to potentially burden the Debtors' estates post-Closing Date as a result of the cessation of the Debtors' operations.

5. Pursuant to this Motion, therefore, the Debtors seek an order deeming the executory contracts with the Counterparties listed on **Exhibit B** (the "Rejected Contracts List")[1] rejected as

---

[1] For the avoidance of doubt, the Debtors are also seeking pursuant to the Proposed Order to reject all underlying or subsequent contracts related to any contract on the Rejected Contract List between the Debtors and the Counterparties including amendments, modifications, supplements and, to the extent not listed, the original agreements to which any amendments listed therein relate.

2

of January 31, 2024. The Debtors also respectfully request that the Court establish April 30, 2024 as the deadline for any of the Counterparties to assert rejection damages claims against the Debtors arising from the contract rejection sought herein.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

7. The legal predicates for the relief requested herein are Bankruptcy Code sections 105, 363, and 365 and Rules 2002(a), 6004(h), 6006(f), 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules").

**BACKGROUND**

**I.    The Chapter 11 Cases**

8. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

9. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

10. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee

3

appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

11. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27].

**II.     The Rejected Contracts**

12. As part of the Sale process, the University undertook an examination of the Debtors' executory contracts to determine which contracts it believed were necessary for it to continue the operations of Debtors' medical facilities and serve patients. The University sought assumption and assignment of these executory contracts from the Debtors as part of the Sale process.

13. The University determined that it would not seek assumption and assignment of the contracts listed on the Rejected Contract List between Mercy and the Counterparties.

14. Accordingly, the Debtors are seeking an order from this Court in the form of the Proposed Order deeming the executory contracts with the Counterparties rejected as of January 31, 2024.

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

15. A debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This section is intended "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion*

4

*Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization.").

16. A debtor's rejection of an executory contract is governed by the "business judgment" standard. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 1989) (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 845-46 (Bankr. W.D. Pa. 1987)); *In re AbitibiBowater Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) ("business judgment" proper standard used to approve rejection of executory contracts); *accord. In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 25 (2d Cir. 1996). Under the business judgment standard, a court must approve a debtor's business decision unless that decision is the product of bad faith, whim, or capriciousness. *See In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal citations omitted)).

17. Rejection of executory contracts is appropriate when rejection would benefit the estate. *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (subsequent history omitted). Courts will approve rejection under section 365(a) upon making a finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts is in the best interests of its creditors and all parties in interest. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound

5

business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849.

18. The rejection of the contracts listed on the Rejected Contracts List is well within the Debtors' business judgment and serves the best interests of the Debtors' estates. The Debtors are seeking to reject these contracts as of January 31, 2024 in order to avoid the incurrence of additional and unnecessary expenses for the Debtors' estates following consummation of the Sale. Accordingly, the Debtors' have concluded that rejection of the contracts listed on the Rejected Contracts Notice is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest.

19. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple contracts that are not between the same parties. It requires, in relevant part, that such a motion: (i) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion; (ii) list parties alphabetically and identify the corresponding contract or lease; (iii) be numbered consecutively with other omnibus motions to reject executory contracts or unexpired leases; and (iv) be limited to no more than 100 executory contracts or unexpired leases. This Motion and Rejected Contract List comply with these requirements and accordingly satisfies this Bankruptcy Rule.

20. Additionally, the Debtors request that the Court set April 30, 2024 as the deadline (the "Rejection Claim Deadline") for any of the Counterparties to submit a claim for damages arising from or related to the rejection of such contract. Bankruptcy Rule 3003(c)(3) authorizes the Court to set such deadline for filing proofs of claim. A proof of claim deadline is sufficient so long as parties in interest receive at least 21-days-notice to file such proofs of claim. Fed. R. Bankr. P.

2002(a)(7).

21.   The Debtors also respectfully request that the Court order that any proofs of claim for damages in connection with the rejection of contracts listed on the Rejected Contracts List, if any, be submitted to the Debtors' claims agent, Epiq Corporate Restructuring, LLC ("Epiq") on or before the Rejection Claim Deadline. The Debtors propose that any such claims may be submitted to Epiq either (i) online via the case website at https://dm.epiq11.com/MercyHospital, (ii) by first-class mail to Mercy Hospital Iowa City, Iowa Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420 such that the claim is received by the Rejection Claim Deadline, or (iii) by hand delivery or overnight mail to Mercy Hospital, Iowa City, Iowa Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd, Beaverton, OR 97005 such that the claim is received by the Rejection Claim Deadline.

22.   Within three business days of the entry of an order approving this Motion (or as soon as reasonably practical thereafter), the Debtors propose that Epiq shall serve a copy of such order and a proof of claim form modelled off of official form 410 to each of the parties on the Rejected Contracts List. Such notice complies with Bankruptcy Rule 2002 and, accordingly, provides due and proper notice.

23.   Finally, attached hereto as **Exhibit C**, which will be filed contemporaneously with this Motion, is a notice to be served to parties whose contract is included on the Rejected Contracts List (the "Rejection Notice"). The Rejection Notice complies with Local Rule 6004-1 because it contains the substantially the same language required therein and will be served on each of the parties listed on the Rejected Contracts List.

### BANKRUPTCY RULE 6004

24.   To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and

waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As set forth in this Motion, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## NOTICE

25.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Pension Committee; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel for the Master Trustee and Trustee; (g) counsel for the Bondholder Representative; (h) the Federal Trade Commission; (i) the Counterparties; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

26.     No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

|  |  |
|---|---|
| Dated: Cedar Rapids, Iowa<br>February 29, 2024 | **NYEMASTER GOODE, P.C.**<br><br>*/s/ Roy Leaf*<br>Roy Leaf, AT0014486<br>625 First Street SE, Suite 400<br>Cedar Rapids, IA 52401-2030<br>Telephone:  (319) 286-7002<br>Facsimile:  (319) 286-7050<br>Email:  rleaf@nyemaster.com<br><br>- and -<br><br>Kristina M. Stanger, AT0000255<br>Matthew A. McGuire, AT0011932<br>Dana Hempy, AT0014934<br>700 Walnut, Suite 1600<br>Des Moines, IA 50309<br>Telephone:  515-283-3100<br>Fax:  515-283-8045<br>Email: mmcguire@nyemaster.com<br>       kmstanger@nyemaster.com<br>       dhempy@nyemaster.com<br><br>- and -<br><br>**MCDERMOTT WILL & EMERY LLP**<br>Felicia Gerber Perlman (admitted *pro hac vice*)<br>Daniel M. Simon (admitted *pro hac vice*)<br>Emily C. Keil (admitted *pro hac vice*)<br>444 West Lake Street, Suite 4000<br>Chicago, IL 60606<br>Telephone:  (312) 372-2000<br>Facsimile:  (312) 984-7700<br>Email:  fperlman@mwe.com<br>        dsimon@mwe.com<br>        ekeil@mwe.com<br><br>- and - |

9

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:    jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this February 29, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

/s/ *Roy Leaf*