## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (III) ESTABLISHING DEADLINES AND PROCEDURES FOR (A) FILING OBJECTIONS TO CONFIRMATION OF PLAN, (B) CLAIM OBJECTIONS, AND (C) TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES; (IV) DETERMINING TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES; (V) SETTING RECORD DATE; (VI) APPROVING (A) SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (B) FORM OF NOTICE OF HEARING ON CONFIRMATION AND RELATED MATTERS, AND (C) FORMS OF BALLOTS; (VII) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR TABULATION OF VOTES; AND (VIII) GRANTING RELATED RELIEF**

Mercy Hospital, Iowa City, Iowa ("Mercy" or the "Hospital") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (this "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Solicitation Procedures Order"), granting the relief described below.  In support of the Motion, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1.      By the Motion, the Debtors respectfully request entry of the Solicitation Procedures Order (a) approving a disclosure statement; (b) scheduling a hearing on confirmation of a plan; (c) establishing deadlines and procedures for (i) filing objections to confirmation of the plan, (ii) claim objections, and (iii) temporary allowance of claims for voting purposes; (d) determining the treatment of certain unliquidated, contingent, or disputed claims for notice, voting, and

distribution purposes; (e) setting a record date; (f) approving (i) solicitation packages and procedures for distribution, (ii) the form of notice of the hearing on confirmation and related matters, and (iii) forms of ballots; (g) establishing a voting deadline and procedures for tabulation of votes; and (h) granting related relief.

2.      A summary of the key dates that are related to or will be established by the Solicitation Procedures Order are as follows:

| Milestone | Proposed Date |
|---|---|
| General Bar Date | October 16, 2023 |
| Governmental Bar Date | February 5, 2024 |
| Filing of Plan & Disclosure Statement | February 23, 2024 |
| Administrative Claims Bar Date | March 15, 2024 |
| Disclosure Statement Objection Deadline | March 25, 2024 |
| Voting Record Date | March 25, 2024 (two business days prior to Solicitation Procedures hearing) |
| Disclosure Statement Hearing | March 27, 2024 at 10:30 a.m. (CT) |
| Deadline for Service of Confirmation Hearing Notice and Solicitation Mailing Date | Within three business days from entry of the Solicitation Procedures Order |
| Claim Objection Deadline (for voting purposes only) | April 8, 2024 |
| Rule 3018(a) Motion Deadline | April 15, 2024 at 4:00 p.m. (CT) |
| Plan Supplement Deadline | April 22, 2024 |
| Plan Objection Deadline | April 29, 2024 at 4:00 p.m. (CT) |
| Voting Deadline | April 29, 2024 at 4:00 p.m. (CT) |
| Deadline to File Voting Certification | April 30, 2024 |
| Confirmation Hearing | May 6, 2024 at 10:30 a.m. (CT), subject to Court availability |

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief requested herein are section 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Iowa (the "Local Rules").

5.      The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## **BACKGROUND**

6.      On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.      On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "UCC") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023, the U.S. Trustee appointed the Official Committee of Pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

8.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in*

*Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day

Declaration").

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

9.      On February 23, 2024, the Debtors filed (a) the *Debtors' Combined Disclosure*

*Statement and Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Docket No.

760] (the disclosures contained therein, as subsequently modified, supplemented, or amended, the

"Disclosure Statement" and the plan contained therein, as may be subsequently amended,

modified, or supplemented, the "Plan" and collectively, as may be amended, supplemented, or

otherwise modified, the "Combined Disclosure Statement and Plan") and (b) the *Debtors'*

*Expedited Motion for Entry of Order Reducing Period of Time Between Objection Deadline and*

*Disclosure Statement Hearing Pursuant to Local Rule 3017-1* [Docket No. 762] (the "Motion to

Shorten"). Pursuant to the Motion to Shorten, the Debtors sought entry of an order (a) shortening

the 14-day period under Local Rule 3017-1(a) between the bar date for objections to the Disclosure

Statement and the hearing to consider the adequacy of the Disclosure Statement (the "Disclosure

Statement Hearing") and (b) setting the Disclosure Statement Hearing for March 27, 2024 at 10:30

a.m. (prevailing Central Time). On February 28, 2024, the Court entered the order granting the

Motion to Shorten. *See* Docket No. 776. To facilitate consideration and solicitation of the

Combined Disclosure Statement and Plan, the Debtors hereby seek entry of the Solicitation

Procedures Order.

## I.      Approval of the Disclosure Statement

10.     Bankruptcy Code section 1125 requires a bankruptcy court to approve a written

disclosure statement prior to allowing a party to solicit acceptances for a chapter 11 plan. *See* 11

U.S.C. § 1125(b). To approve a disclosure statement, a court must find that the disclosure

statement contains "adequate information," which is defined as "information of a kind, and in

sufficient detail, . . . that would enable such a hypothetical investor of the relevant class to make

an informed judgment about the plan . . ."  11 U.S.C. § 1125(a)(1).

11.     The primary purpose of a disclosure statement is to provide information "to give

the creditors the information they need to decide whether to accept the plan." *In re Monnier Bros*.,

755 F.2d 1336, 1342 (8th Cir. 1985); *see also In re Puff*, No. 10-01877, 2011 WL 2604759, at *5

(Bankr. N.D. Iowa June 30, 2011) ("In analyzing disclosure statements, courts should not lose

sight of the fact that . . . [t]he purpose of the disclosure statement is not to assure acceptance or

rejection of a plan, but to provide enough information to interested persons so they may make an

informed choice between two alternatives.") (internal citations omitted); *Century Glove, Inc. v.*

*First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) ("Section 1125 seeks to guarantee a

minimum amount of information to the creditor asked for its vote"); *Krystal Cadillac-Oldsmobile*

*GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003).

12.     Courts have broad discretion in determining whether a disclosure statement

contains "adequate information," employing a flexible approach based on the unique facts and

circumstances of each case.  *See Oneida Motor Freight, Inc. v. United Jersey Bank* (*In re Oneida*

*Motor Freight, Inc.*), 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125,

we discern that adequate information will be determined by the facts and circumstances of each

case."); *Lisanti v. Lubetkin* (*In re Lisanti Foods, Inc.*), 329 B.R. 491, 507 (D.N.J. 2005), aff'd, 241

F. App'x 1 (3d Cir. 2007) ("Section 1125 affords the Bankruptcy Court substantial discretion in

considering the adequacy of a disclosure statement"); *In re River Village Assocs.*, 181 B.R. 795,

804 (E.D. Pa. 1995) ("Under § 1125(a), the Bankruptcy Court is thus given substantial discretion

in considering the adequacy of a disclosure statement.").

13.     Employing a flexible approach to approval of disclosure statements, courts have identified several categories of information which, based on the facts of a particular case, should typically be included in a disclosure statement. *See, e.g.*, *In re Scioto Valley Mtg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (setting forth a non-exhaustive list of 19 categories of information that may be included in a disclosure statement).   Here, the Disclosure Statement, subject to being updated and/or amended prior to the Disclosure Statement Hearing, contains adequate information within the meaning of Bankruptcy Code section 1125 and, accordingly, should be approved by this Court.   Specifically, the Disclosure Statement contains descriptions and summaries of, among other things: (a) the operations of the Debtors; (b) significant events leading up to the Chapter 11 Cases; (c) significant events that have occurred in the Chapter 11 Cases; (d) the proposed treatment of creditors under the Plan; (e) the parties-in-interest which are entitled to vote on the Plan; (f) the proposed distributions to be made under the Plan; (g) the projected recoveries by creditors under the Plan; (h) the means for implementing the Plan; (i) certain risk factors affecting the Plan; and (j) federal tax consequences of the Plan.

14.     The Debtors submit that the Disclosure Statement contains "adequate information" as that phrase is defined in Bankruptcy Code section 1125.   Accordingly, the Debtors request that the Disclosure Statement be approved.

**II.     Establishment of Confirmation Hearing Date**

15.     Bankruptcy Code section 1128(a) provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."   11 U.S.C. § 1128(a).   Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation."   Fed. R. Bankr. P. 3017(c).   Additionally, Bankruptcy Rule 2002(b) requires at least 28 days' notice by mail to all creditors and indenture trustees of the time fixed for filing

6

objections to and the hearing to consider confirmation of a chapter 11 plan. *See* Fed. R. Bankr. P. 2002(b).

16.     In accordance with the provisions of Bankruptcy Code section 1128(a) and Bankruptcy Rules 2002 and 3017, the Debtors request that the Court set **May 6, 2024 at 10:30 a.m. (prevailing Central Time)** (the "<u>Confirmation Hearing Date</u>"), as the date and time for the commencement of the hearing on confirmation of the Plan (the "<u>Confirmation Hearing</u>").  The Debtors also request that the Court order that the Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties-in-interest.

### III.     Deadlines and Procedures for (A) Filing Objections to Confirmation of Plan; (B) Claims Objections; and (C) Temporary Allowance of Claims for Voting Purposes

#### A.     Deadline and Procedures for Filing Objections to Confirmation of Plan

17.     Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a proposed plan must be filed with the bankruptcy court and served on the debtor, the trustee, the proponent of the plan, any committee appointed under the Bankruptcy Code, and on any other entity designated by the Bankruptcy Court, "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1).  The Debtors request that the Court establish **April 29, 2024 at 4:00 p.m. (prevailing Central Time)** as the deadline for filing and serving objections to the Plan (the "<u>Plan Objection Deadline</u>").  The Debtors request that the Court consider only timely filed and served objections to confirmation of the Plan and that objections not timely filed and served in accordance with the provisions of the immediately following paragraph be overruled.

18.     The Debtors further request that the Court direct that objections to confirmation of the Plan, if any, (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the nature

and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; (e) be filed with the Court, and served on the following parties (collectively, the "Notice Parties"), so as to be received on or before the Plan Objection Deadline: (a) the Debtors, c/o Mark E. Toney, 500 E. Market Street, Iowa City, IA 52245; (b) counsel to the Debtors, (i) Nyemaster Goode, P.C., 625 1st Street SE, Suite 400, Cedar Rapids, IA, 52401 (Attn: Roy Leaf) and (ii) McDermott Will & Emery LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Felicia Gerber Perlman, Daniel M. Simon, and Emily C. Keil) and 2501 North Harwood Street, Suite 1900 Dallas, TX 75201 (Attn: Jack G. Haake); (c) counsel to the UCC, (i) Cutler Law Firm, P.C., 1307 50th Street, West Des Moines, IA 50266 (Attn: Robert C. Gainer) and (ii) Sills Cummis & Gross, P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman and Boris I. Mankovetskiy); (d) counsel for the Master Trustee and Trustee and Bondholder Representative, (i) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: William Kannel, Nathan F. Coco, and Megan Preusker) and (ii) Whitfield & Eddy, P.C., 699 Walnut Street, Suite 2000, Des Moines, IA 50309 (Attn: Peter J. Chalik); (e) counsel for the Pension Committee, Day Rettig Martin, P.C., 150 First Avenue NE, Suite 415, Cedar Rapids, IA 52401 (Attn: Paula L. Roby); and (f) the United States Trustee for the Northern District of Iowa, 111 Seventh Avenue SE, Suite 2800, Cedar Rapids, IA 52401 (Attn: Janet G. L. Reasoner).  Confirmation objections shall be filed and served so as to be received by the Notice Parties no later than the Plan Objection Deadline.  Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of the prior paragraph shall not be considered by the Court and shall be overruled.

**B.** **Deadline and Procedures for Filing Objections to Claims for Voting Purposes**

19.     The Debtors request that the Court set **April 8, 2024 at 4:00 p.m. (prevailing Central Time)** (the "<u>Claims Objection Deadline</u>") as the deadline for filing and serving objections to claims solely for the purposes of voting on the Plan (each, a "<u>Claim Objection</u>").  Such Claims Objection Deadline, however, will not apply to claims objections which may be asserted for purposes other than voting on the Plan.  The Debtors further request that the Court direct that Claims Objections: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the party asserting the Claims Objections; (d) state with particularity the legal and factual bases for the Claims Objections; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Claims Objection Deadline.

**C.** **Deadline and Procedures for Temporary Allowance of Claims for Voting Purposes**

20.     Bankruptcy Rule 3018(a) provides in relevant part that "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).  The Debtors propose that the Court use its power under Bankruptcy Code section 105(a) and fix **April 15, 2024 at 4:00 p.m. (prevailing Central Time)** (the "<u>Rule 3018(a) Motion Deadline</u>") as the deadline for filing and serving such motions pursuant to Bankruptcy Rule 3018(a) (the "<u>Rule 3018(a) Motions</u>").

21.     The Debtors further request that the Court direct that Rule 3018(a) Motions: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the party asserting the Rule 3018(a) Motion; (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion; and (e) be filed with the

Court, and served on the Notice Parties, so as to be received no later than the Rule 3018(a) Motion

Deadline.

22.     The Debtors propose that any party timely filing and serving a Rule 3018(a) Motion

be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan.  The

Debtors further propose that if, and to the extent that, the Debtors and such party are unable to

resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, such Rule

3018(a) Motion be considered by the Court at the Confirmation Hearing, and the Court determine

whether the provisional ballot should be counted as a vote on the Plan and, if so, the amount, if

any, in which the party filing the Rule 3018(a) Motion will be entitled to vote.

23.     Requiring the Rule 3018(a) Motions to be filed by the Rule 3018(a) Motion

Deadline will afford the Debtors sufficient time to consider and, if necessary, contest (or if

appropriate, seek to resolve), the Rule 3018(a) Motions and will help to ensure that an accurate

tabulation of ballots is completed by the Confirmation Hearing Date.

**D.     Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notice, Voting, and Distribution Purposes**

24.     Pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 2002(a)(7) and

3003(c)(2), and any order of the Court establishing deadlines (the "Bar Dates") for filing proofs of

claim against the Debtors (each, a "Bar Date Order"),[1] creditors whose claims are not scheduled

or who hold claims that are scheduled as disputed, contingent or unliquidated are required to timely

file proofs of claim by the applicable Bar Date in order to be treated as creditors with respect to

such claims for voting and distribution purposes.

---

[1]     The Court previously established **October 16, 2023** as the general bar date in the Chapter 11 Cases, **February 5, 2024** as the bar date for governmental entities in the Chapter 11 Cases, and **March 15, 2024** as the administrative claims expense bar date for all administrative expense claims arising between the Petition Date and February 1, 2024.  *See* Docket Nos. 92, 740.

25.     For purposes of this Motion, "Non-Voting Claims" will mean claims which (a) are scheduled in Debtors' schedules of assets and liabilities (as the same may be amended, the "Schedules") as disputed, contingent, or unliquidated and which are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or other order of the Court, or otherwise deemed timely filed under applicable law; or (b) are not scheduled and are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law.

26.     The Debtors request that the Court direct that creditors holding Non-Voting Claims be denied treatment as creditors with respect to such claims for purposes of (a) voting on the Plan, (b) receiving distributions under the Plan, and (c) receiving notices, other than by publication, regarding the Plan.

27.     Voting Procedures.   The Debtors propose to use the following hierarchy for purposes of determining the amount of a claim used to calculate acceptance or rejection of the Plan under Bankruptcy Code section 1126:

> a.     if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by the order;
>
> b.     if no such order has been entered, then in the liquidated amount contained in a timely-filed proof of claim that is not the subject of an objection as of the Claims Objection Deadline; and
>
> c.     if no such proof of claim has been timely filed, then in the liquidated, noncontingent, and undisputed amount contained in the Debtors' Schedules.

28.     In addition, the Debtors propose to use the following conditions for purposes of determining the voting amounts and/or classifications:

a.    Class 1-A Bondholder Claims – Series 2018 Bonds, Class 1-B Bondholder Claims – Series 2011 Bonds, and Class 4 Bondholder Deficiency Claims: The voting amount of the Class 1-A Bondholder Claims – Series 2018 Bonds, Class 1-B Bondholder Claims – Series 2011 Bonds, and Class 4 (Bondholder Deficiency Claims) will be established by the list of record holders maintained by the Bondholder Representatives and reflected in the securities position report(s) from The Depository Trust Company ("DTC") or other applicable depository firm, dated as of the Voting Record Date.

b.    Class 3 General Unsecured Claims and Class 5 Pension Claims:

(i)    if a claim is partially liquidated and partially unliquidated, such claim will be allowed for voting purposes only in the liquidated amount;

(ii)    if a scheduled or filed claim has been paid, such claim will be disallowed for voting purposes;

(iii)    the holder of a timely-filed proof of claim that is filed in a wholly unliquidated, contingent, disputed, and/or unknown amount (as determined on the face of the claim or after reasonable review by the Debtors or the Voting Agent), and is not the subject of an objection as of the Claims Objection Deadline, is entitled to vote in the amount of $1.00; and

(iv)    if a proof of claim has been amended by a later-filed proof of claim that is filed on or prior to the Voting Record Date (as defined below), the later-filed amending claim will be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim will be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

### E.    Establishment of Record Date

29.    Bankruptcy Rule 3017(d) provides that, "the date the order approving the disclosure statement is entered" will be the record date for determining the "holders of stock, bonds, debentures, notes and other securities" entitled to receive ballots and materials specified in Bankruptcy Rule 3017(d).  *See* Fed. R. Bankr. P. 3017(d).  The Court may approve a different record date for cause.  *See id.*

30.    The Debtors request that this Court exercise its power and authority under Bankruptcy Code section 105(a) and set the record date (the "Voting Record Date") two business

days prior to the Disclosure Statement Hearing for determining (a) creditors entitled to receive

Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or

reject the Plan and the creditor's corresponding claim, notwithstanding anything to the contrary in

the Bankruptcy Rules.  As noted above, the Court previously established **October 16, 2023** as the

general bar date in the Chapter 11 Cases, **February 5, 2024** as the bar date for governmental

entities in the Chapter 11 Cases, and **March 15, 2024** as the administrative claims expense bar

date for all administrative expense claims arising between the Petition Date and February 1, 2024.

By establishing the Voting Record Date as **March 25, 2024**, creditors that filed proofs of claim,

but were not included in the Debtors' Schedules, will nonetheless receive solicitation packages.

**F.      Content and Transmittal of Solicitation Packages, Including Ballots and Non-Voting Packages; Approval of Forms of Notice and Ballots**

31.     Bankruptcy Rule 3017(d) provides that, upon approval of a disclosure statement, a

debtor-in-possession "shall mail to all creditors and equity security holders" and the United States

Trustee:

a.      the plan or a court-approved summary of the plan;

b.      the disclosure statement approved by the court;

c.      the notice of the time within which acceptances and rejection of the plan may be filed; and

d.      any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d).

32.     Bankruptcy Rule 3017(d) further requires that a notice of the time for filing

objections to and the hearing on confirmation of the plan be mailed to all creditors and equity

security holders pursuant to Bankruptcy Rule 2002(b) and that a form of ballot conforming to the

appropriate Official Form be mailed to creditors and equity security holders entitled to vote on the Plan. *See id.*

### i.       The Confirmation Hearing Notice

33.     On or before April 1, 2024, the Debtors propose to mail or cause to be mailed by first-class mail to (a) all of their known creditors; and (b) all other entities required to be served under Bankruptcy Rules 2002 and 3017, a notice of, *inter alia*, the Confirmation Hearing Notice substantially in the form attached to the Solicitation Procedures Order as <u>Exhibit A</u> (the "<u>Confirmation Hearing Notice</u>" and, the date on which such notice is mailed, the "<u>Confirmation Hearing Notice Mailing Date</u>"), which form the Debtors hereby request the Court approve.

### ii.       The Non-Voting Packages

34.     Pursuant to Bankruptcy Code section 1126(f), creditors holding claims in Class 2 (Other Secured Claims) under the Plan are unimpaired, deemed to have accepted the Plan, and not entitled to vote.  Pursuant to Bankruptcy Code section 1126(g), holders of claims or interests in Class 6 (Intercompany Claims) under the Plan are impaired, deemed to have rejected the Plan, and not entitled to vote.  Accordingly, the Debtors submit that they should not be required to transmit Solicitation Packages (as defined herein) to holders of claims or interests in Classes 2 or 6 (together, the "<u>Non-Voting Classes</u>") under the Plan.  Therefore, the Debtors propose to mail or cause to be mailed by first-class mail to holders of claims in Class 2 (Other Secured Claims), who are unimpaired and deemed to have accepted the Plan, a copy of the Notice of Non-Voting Status with Respect to Unimpaired Classes, substantially in the form attached to the Solicitation Procedures Order as <u>Exhibit B-1</u>, and a pre-addressed return envelope for purposes of returning the Release Opt-Out Election Form (as defined herein).  The Debtors also propose to mail or cause to be mailed by first-class mail to holders of claims in Class 6 (Intercompany Claims), who are

14

impaired and deemed to have rejected the Plan, a copy of the Notice of Non-Voting Status with Respect to Impaired Classes, substantially in the form attached to the Solicitation Procedures Order as Exhibit B-2, and a pre-addressed return envelope for purposes of returning the Release Opt-Out Election Form (the Notice of Non-Voting Status with Respect to Unimpaired Classes and the Notice of Non-Voting Status with Respect to Impaired Classes, each a "Non-Voting Notice" and, each Non-Voting Notice together with the Confirmation Hearing Notice and a pre-addressed return envelope, a "Non-Voting Package").  The Non-Voting Packages will be mailed on the Confirmation Hearing Notice Mailing Date, or as soon as reasonably practicable thereafter.

35.     The Debtors submit that such limited disclosure is consistent with Bankruptcy Rule 3017(d).  Nonetheless, out of an abundance of caution, the Debtors request that the Non-Voting Packages be deemed to constitute adequate alternative disclosure statements to impaired non-voting classes under 11 U.S.C. § 1125(c) and summary plans under Bankruptcy Rule 3017(d).

### iii.     The Solicitation Packages

36.     In addition, on the Confirmation Hearing Notice Mailing Date, or as soon as reasonably practicable thereafter, the Debtors propose to mail or cause to be mailed by first-class mail to holders of claims in Class 3 (General Unsecured Claims) and Class 5 (Pension Claims) under the Plan and by overnight delivery to Nominees on behalf of beneficial holders of Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), and Class 4 (Bondholder Deficiency Claims), who are entitled to vote, a solicitation package (each, a "Solicitation Package") containing the following:

a.     the Confirmation Hearing Notice;

b.     the Combined Plan and Disclosure Statement;

c.     a copy of the order approving the Disclosure Statement (without exhibits) (i.e., the Solicitation Procedures Order);

d.   the appropriate ballot (each, a "Ballot") (as described below);

e.   a pre-addressed return envelope; and

f.   such other materials as the Court may direct or approve.

37.   The Debtors request permission, at their discretion, to provide the Combined Plan and Disclosure Statement and the Solicitation Procedures Order (without exhibits) in an Adobe Acrobat (PDF) standard format on a flash drive, rather than in paper copies.  The Debtors further propose that parties may submit a written request to the Voting Agent if they prefer a paper copy of the Disclosure Statement and Plan, and all such requests will be fulfilled.

38.   Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting a plan of reorganization should conform substantially to Official Form No. 14.   The forms of ballots, attached as Exhibits C-1 through Exhibit C-6 to the Solicitation Procedures Order, for holders of claims in Classes 1-A, 1-B, 3, 4, and 5 are derived from Official Form No. 14, but include certain modifications and instructions necessary to facilitate voting and to meet the particular requirements of the Plan.

39.   The appropriate Ballot forms, as applicable, will be distributed to holders of claims who are entitled to vote to accept or reject the Plan:

| | |
|---|---|
| Exhibit C-1 | Beneficial Ballot for Class 1-A (Bondholder Claims – Series 2018 Bonds) and Class 4 Bondholder Deficiency Claims |
| Exhibit C-2 | Beneficial Ballot for Class 1-B (Bondholder Claims – Series 2011 Bonds) and Class 4 Bondholder Deficiency Claims |
| Exhibit C-3 | Ballot for Class 3 (General Unsecured Claims) |
| Exhibit C-4 | Ballot for Class 5 (Pension Claims) |
| Exhibit C-5 | |

|  |  |
|---|---|
| Exhibit C-6 | Master Ballot for Class 1-A (Bondholder Claims – Series 2018 Bonds) and Class 4 (Bondholder Deficiency Claims)<br><br>Master Ballot for Class 1-B (Bondholder Claims – Series 2011 Bonds) and Class 4 (Bondholder Deficiency Claims) |

40.     So as to avoid duplication and reduce expense, and except as otherwise set forth herein, the Debtors propose that (a) creditors holding unclassified claims and also claims in a class that is designated as impaired and entitled to vote under the Plan receive only the Solicitation Package appropriate for the applicable impaired class; and (b) creditors who have filed duplicate claims in any given class (i) receive only one Solicitation Package and one Ballot for voting their claims with respect to that class, and (ii) be entitled to vote their claim only once with respect to that class.

41.     <u>When No Notice or Transmittal Necessary</u>.  Because sending Solicitation Packages and other notices to outdated or otherwise improper addresses results in needless expense to the Debtors' estates, the Debtors request authority not to provide notice or service of any kind upon any person or entity to whom the Debtors mailed a notice of the meeting of creditors under Bankruptcy Code section 341 or notice of the bar date for filing proofs of claim and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved—left no forwarding address," "forwarding order expired," or similar marking or reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address.

42.     The Debtors anticipate that some of the Solicitation Packages or other solicitation-related notices described herein may be returned as undeliverable.  The Debtors request that they not be required to re-mail undelivered Solicitation Packages or other undeliverable solicitation-

related notices that were returned marked "undeliverable as addressed," "moved—left no forwarding address," "forwarding order expired," or similar marking or reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address.

43.    The foregoing procedures regarding the provision of notice of the Confirmation Hearing and related matters comply with Bankruptcy Rules 2001 and 3017.  Accordingly, the Debtors request that the Court approve the above-described notice as good and sufficient in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

44.    <u>Publication Notice</u>.  Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  The Debtors request the Court authorize the Debtors to publish notice of the Confirmation Hearing, substantially in the form of <u>Exhibit D</u> to the Solicitation Procedures Order, once within ten business days after the entry of the Solicitation Procedures Order in two of the following publications: (a) the Cedar Rapids Gazette; (b) the Iowa City Press-Citizen; (c) the Quad Cities Times; or (b) the Des Moines Register.  The Debtors believe that publication of this notice will provide sufficient notice to persons and entities who do not receive the Confirmation Hearing Notice by mail.

**G.    Establishment of Voting Deadline and Procedures for Tabulation of Votes**

**i.    Voting Agent**

45.    By separate application, the Debtors previously sought and obtained the Court's authorization to retain Epiq Corporate Restructuring, LLC ("<u>Epiq</u>") as administrative agent in the Chapter 11 Cases.  *See* Docket Nos. 759, 775.  In connection therewith, the Debtors have authority to utilize Epiq as the Debtors' solicitation and noticing agent to assist the Debtors in soliciting votes on and to provide notice of the Plan, including mailing solicitation packages and notices,

collecting and tabulating ballots cast on the Plan, and certifying to the Court the results of the balloting (the "Voting Agent").

### ii. Voting Deadline

46.　　Bankruptcy Rule 3017(c) requires the Court to "fix a time within which the holders of claims and interests may accept or reject the plan …." Fed. R. Bankr. P. 3017(c). The Debtors request that the Court fix **April 29, 2024 at 4:00 p.m. (prevailing Central Time)** (the "Voting Deadline") as the deadline by which all Ballots for accepting or rejecting the Plan must be received by the Voting Agent if they are to be counted. The Debtors also request that they be permitted, in their sole discretion, to extend, by oral or written notice to the Voting Agent, the period of time during which Ballots will be accepted for any reason from any creditor or class of creditor.

### iii. Procedures for General Ballot Vote Tabulation

47.　　To avoid uncertainty, to provide guidance to the Debtors and the Voting Agent, and to avoid the potential for inconsistent results, the Debtors request that the Court, pursuant to Bankruptcy Code section 105(a), establish the guidelines set forth below for tabulating the votes to accept or reject the Plan.

48.　　<u>Votes Counted</u>. The Debtors propose that any Ballot that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The failure of a holder in Classes 1-A, 1-B, 3, 4, and 5 to timely deliver a properly-executed Ballot will be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention will not be counted as a vote for or against the Plan.

49.　　For purposes of voting, classification, and treatment under the Plan, the Debtors propose that, at the election of the Debtors, (a) each holder of a claim that holds or has filed more than one claim against the Debtors in an impaired class will be treated as if such holder has only

one claim against the Debtors in each applicable class; (b) the claims filed by such holder against the Debtors will be aggregated in each applicable class; and (c) the total dollar amount of such holder's claims in each applicable class against the Debtors will be the sum of the aggregated claims of such holder against the Debtors in each applicable class.

50.    For purposes of the Voting Record Date, the Debtors propose that no transfer of claims pursuant to Bankruptcy Rule 3001 will be recognized unless either (a)(i) documentation evidencing such transfer was filed with the Court on or before 21 days prior to the Voting Record Date and (ii) no timely objection with respect to such transfer was filed by the transferor; or (b) the parties to such transfer waived the 21-day period in the evidence of transfer and the evidence of transfer was docketed prior to the Voting Record Date.

51.    <u>Votes Not Counted</u>.  The Debtors further propose that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

a.    any Ballot received after the Voting Deadline (as may be extended by the Debtors as provided herein);

b.    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

c.    any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

d.    any Ballot cast for a claim which is listed in the Debtors' Schedules as contingent, unliquidated, or disputed or as zero or unknown in amount and (i) which is not the subject of a timely-filed proof of claim and (ii) for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline;

e.    any Ballot cast for a claim that was filed in a zero dollar amount;

f.    any Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance and rejection, of the Plan;

g. any Ballot that casts part of its vote in the same class to accept the Plan and part to reject the Plan;

h. any form of Ballot other than the official form sent by the Voting Agent, or a copy thereof;

i. any Ballot received that the Voting Agent cannot match to an existing database record;

j. any Ballot that does not contain an original signature; provided, however, that for the avoidance of doubt, a Ballot submitted via the Voting Agent's Ballot portal will be deemed to contain an original signature; or

k. any Ballot that is submitted by facsimile, email, or by other electronic means other than through the Voting Agent's Ballot portal.[2]

52. The Debtors propose that neither the Debtors, the Voting Agent, nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots.  Rather, the Debtors propose that the Voting Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

53. The Debtors further propose that, subject to any contrary order of the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers will be documented in the vote tabulation certification prepared by the Voting Agent.

54. <u>Withdrawal of Vote</u>.  The Debtors propose to permit any party who has delivered a valid Ballot for the acceptance or rejection of the Plan to withdraw, subject to the Debtors' right to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  A notice of

---

[2] For the avoidance of doubt, solely for Nominees, a Master Ballot may be submitted via electronic mail to the Voting Agent at tabulation@epiqglobal.com with a reference to "Mercy Hospital Master Ballot" in the subject line.

withdrawal, to be valid, should (a) contain the description of the claim to which it relates and the aggregate amount represented by such claim(s); (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn; (c) contain a certification that the withdrawing party owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn; and (d) be timely received by the Voting Agent prior to the Voting Deadline.

55.     <u>Changing Votes</u>.  Notwithstanding Bankruptcy Rule 3018(a), the Debtors propose that whenever two or more Ballots that comply with these procedures are cast voting the same claim(s) prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline will be deemed to reflect the voter's intent and thus supersede any prior Ballot without prejudice to the Debtors' right to object to the validity of the later Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated Ballot for all purposes.  This procedure will spare the Court and the Debtors the time and expense of responding to motions brought pursuant to Bankruptcy Rule 3018(a) attempting to show cause for changing votes.

56.     <u>No Division of Claims or Votes</u>.  The Debtors propose that the Court clarify that (a) each creditor who votes must vote the full amount of each claim voted either to accept or reject the Plan; and (b) each creditor who votes and holds multiple claims within a particular class must vote all such claims to either accept or reject the Plan.  The Debtors further propose that Ballots of creditors failing to vote in the manner specified in this paragraph will not be counted for any purpose.

### iv.     Procedures for Bond Claims Vote Tabulation

57.     <u>Tabulation of Bond Claims</u>.  In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to Holders of Bonds who vote on the Plan in Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B

(Bondholder Claims – Series 2011 Bonds), and Class 4 (Bondholder Deficiency Claims) and hold their position through a broker, bank, or other nominee or an agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"):

a.    The Voting Agent shall distribute or cause to be distributed the appropriate number of copies of Ballots to Beneficial Holders (each, a "Beneficial Holder Ballot") as of the Voting Record Date;

b.    Nominees identified by the Voting Agent as entities through which Beneficial Holders hold their bonds will be provided with (i) Solicitation Packages for each Beneficial Holder represented by the Nominee as of the Voting Record Date, which will contain, among other things, a Beneficial Holder Ballot for each Beneficial Holder, and (ii) a master ballot (each, a "Master Ballot");

c.    Any Nominee that is a Holder of record with respect to a Bond shall: (i) immediately, and in any event, within five (5) business days after its receipt of the Solicitation Packages, distribute the Solicitation Packages, including Beneficial Holder Ballots, to all such Beneficial Holders;[3] (ii) provide such Beneficial Holders with a return address to send the completed Beneficial Holder Ballots; (iii) compile and validate the votes and other relevant information of all such Beneficial Holders on the Master Ballot; and (iv) transmit the Master Ballot to the Voting Agent on or before the Voting Deadline;

d.    Any Beneficial Holder Ballot returned to a Nominee by a Beneficial Holder shall not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Holders on or before the Voting Deadline or otherwise validates the Beneficial Holder Ballot in a manner acceptable to the Voting Agent;

e.    If a Beneficial Holder holds a bond through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Holder Ballot for each of the Claims that it holds through a Nominee and must return each such Beneficial Holder Ballot to the appropriate Nominee;

---

[3]    Notwithstanding the foregoing, Nominees are authorized to transmit Solicitation Packages and collect votes to accept or to reject the Plan from Beneficial Holders in accordance with their customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

f.   The Debtors propose that the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Nominees and Beneficial Holder as of the Voting Record Date as evidenced on the record and depository listing and shall not be counted in excess of the amount of debt securities held by such Nominee or Beneficial Holders of the Voting Record Date;

g.   If conflicting votes or "over-votes" are submitted by a Nominee, the Voting Agent shall use reasonable efforts to reconcile discrepancies;

h.   If over-votes are submitted by a Nominee which are not reconciled prior to the preparation of the vote certification, the votes to accept and to reject the Plan shall be applied in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position in the debt securities; and

i.   A single Nominee may complete and deliver to the Voting Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior Master Ballot.

58.   For purposes of tabulating votes on account of Bondholder Claims to accept or reject the Plan and for no other purpose, the entire principal amount of each Beneficial Holder Ballot shall be allocated to the applicable Bondholder Claim and $1.00 shall be allocated to each Bondholder Deficiency Claim.  For the avoidance of doubt, this allocation shall be solely for purposes of tabulating votes to accept or reject the Plan and shall not apply for any other purpose, including entitlement to distributions under the Plan.

59.   <u>Certification of Vote</u>.  Local Rule 3018-1 provides that the proponent of a plan must file with the Clerk a verified report on the results of timely balloting at least seven days before the date set for the hearing on confirmation of the plan.  *See* Local Rule 3018-1(b).  It further provides that, if the Court has permitted the hearing to be held on an expedited basis (*i.e.*, the hearing has been scheduled less than seven days after the deadline for the return of ballots), then the proponent must file the report on the first day after the deadline for the return of ballots.  *Id.*  In order to allow

creditors ample time to consider how to vote their claims while providing the Voting Agent

sufficient time to tabulate ballots, the Debtors propose that the Voting Agent file its voting

certification (the "Voting Certification") on or before **April 30, 2024**, which is the first day after

the Voting Deadline and accordingly complies with Local Rule 3018-1(b).  In addition to serving

the Voting Certification on all parties listed on the master service list maintained by the Debtors

in the Chapter 11 Cases, the Debtors propose to post the Voting Certification on the Debtors' case

website as soon as practicable after the Voting Certification is filed.

## NOTICE

60.    The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) the

Internal Revenue Service; (c) the Iowa Department of Revenue; (d) the United States Attorney for

the Northern District of Iowa; (e) the Attorney General for the State of Iowa; (f) the Centers for

Medicare & Medicaid Services; (g) counsel to the UCC; (h) counsel for the Master Trustee and

Trustee; (i) counsel for the Bondholder Representative; (j) counsel to the Pension Committee;

(k) the Federal Trade Commission; and (l) all parties entitled to notice pursuant to Bankruptcy

Rule 2002.  The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

61.    No previous request for the relief sought herein has been made to this or any other

court.

*[Remainder of Page Intentionally Left Blank]*

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter the Solicitation Procedures Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Cedar Rapids, Iowa
       March 1, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:    (319) 286-7002
Facsimile:    (319) 286-7050
Email:        rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:          515-283-8045
Email:        mmcguire@nyemaster.com
              kmstanger@nyemaster.com
              dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        fperlman@mwe.com
              dsimon@mwe.com
              ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:          jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this March 1, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

*/s/ Roy Leaf*