## EXHIBIT A

**Proposed Solicitation Procedures Order**

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**[PROPOSED] ORDER (I) APPROVING DISCLOSURE STATEMENT;
(II) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (III) ESTABLISHING
DEADLINES AND PROCEDURES FOR (A) FILING OBJECTIONS TO
CONFIRMATION OF PLAN, (B) CLAIM OBJECTIONS, AND (C) TEMPORARY
ALLOWANCE OF CLAIMS FOR VOTING PURPOSES; (IV) DETERMINING
TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED
CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES; (V) SETTING
RECORD DATE; (VI) APPROVING (A) SOLICITATION PACKAGES AND
PROCEDURES FOR DISTRIBUTION, (B) FORM OF NOTICE OF HEARING ON
CONFIRMATION AND RELATED MATTERS, AND (C) FORMS OF BALLOTS;
(VII) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR TABULATION
OF VOTES; AND (VIII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (this "Order"),

(i) approving the Disclosure Statement; (ii) scheduling a hearing on confirmation of the Plan;

(iii) establishing deadlines and procedures for (a) filing objections to confirmation of the Plan,

(b) claim objections, and (c) temporary allowance of claims for voting purposes; (iv) determining

the treatment of certain unliquidated, contingent, or disputed claims for notice, voting, and

distribution purposes; (v) setting a voting record date; (vi) approving (a) solicitation packages and

procedures for distribution, (b) the form of notice of the hearing on confirmation and related

matters, and (c) forms of ballots; (vii) establishing a voting deadline and procedures for tabulation

of votes; and (viii) granting related relief, all as more fully set forth in the Motion; and the Debtors

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

having filed the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 760] (the disclosures contained therein, the "<u>Disclosure Statement</u>" and the plan contained therein and as may be subsequently amended, modified, or supplemented, the "<u>Plan</u>" and collectively, as may be amended, supplemented, or otherwise modified, the "<u>Combined Disclosure Statement and Plan</u>"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances, including to the Attorney General for the Northern District of Iowa; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Disclosure Statement contains "adequate information" within the meaning of Bankruptcy Code section 1125, and is hereby **APPROVED** in all respects pursuant to Bankruptcy Code section 1125 and Bankruptcy Rule 3017(b).

3.      <u>Confirmation Hearing Date</u>.  The hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") shall commence on **May 6, 2024 at 10:30 a.m. (prevailing Central Time)** (the "<u>Confirmation Hearing Date</u>"), or as soon thereafter as counsel can be heard by the

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Court.  The Confirmation Hearing may be continued from time to time by way of announcement

of such continuance in open court or otherwise, without further notice to parties-in-interest.

4.    <u>Deadline and Procedures for Filing Objections to Confirmation</u>.  The deadline for

filing and serving objections to confirmation of the Plan (the "<u>Plan Objection Deadline</u>") shall be

**April 29, 2024 at 4:00 p.m. (prevailing Central Time)**.  In order to be considered, objections, if

any, to confirmation of the Plan must (a) be made in writing; (b) comply with the Bankruptcy

Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting

party and the nature and amount of any claim or interest asserted by such party against the Debtors,

their estates, or their property; (d) state with particularity the legal and factual bases and nature of

any objection to the Plan; (e) be filed with the Court, and served on the following parties

(collectively, the "<u>Notice Parties</u>"), so as to be received on or before the Plan Objection Deadline:

(a) the Debtors, c/o Mark E. Toney, 500 E. Market Street, Iowa City, IA 52245; (b) counsel to the

Debtors, (i) Nyemaster Goode, P.C., 625 1st Street SE, Suite 400, Cedar Rapids, IA, 52401 (Attn:

Roy Leaf) and (ii) McDermott Will & Emery LLP, 444 West Lake Street, Suite 4000, Chicago, IL

60606 (Attn: Felicia Gerber Perlman, Daniel M. Simon, and Emily C. Keil) <u>and</u> 2501 North

Harwood Street, Suite 1900 Dallas, TX 75201 (Attn: Jack G. Haake); (c) counsel to the UCC, (i)

Cutler Law Firm, P.C., 1307 50th Street, West Des Moines, IA 50266 (Attn: Robert C. Gainer)

and (ii) Sills Cummis & Gross, P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H.

Sherman and Boris I. Mankovetskiy); (d) counsel for the Master Trustee and Trustee and

Bondholder Representative, (i) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One

Financial Center, Boston, MA 02111 (Attn: William Kannel, Nathan F. Coco, and Megan

Preusker) <u>and</u> (ii) Whitfield & Eddy, P.C., 699 Walnut Street, Suite 2000, Des Moines, IA 50309

(Attn: Peter J. Chalik); (e) counsel for the Pension Committee, Day Rettig Martin, P.C., 150 First

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Avenue NE, Suite 415, Cedar Rapids, IA 52401 (Attn: Paula L. Roby); and (f) the United States

Trustee for the Northern District of Iowa, 111 Seventh Avenue SE, Suite 2800, Cedar Rapids, IA

52401 (Attn: Janet G. L. Reasoner).  Confirmation objections shall be filed and served so as to be

received by the Notice Parties no later than the Plan Objection Deadline.

5.      Objections to confirmation of the Plan not timely filed and served in accordance

with the provisions of the prior paragraph shall not be considered by the Court and shall be

overruled.

6.      <u>Deadline for Objections to Claims for Voting Purposes Only</u>.  The deadline for

filing and serving objections to claims solely for the purposes of voting on the Plan ("<u>Claims

Objections</u>") shall be **April 8, 2024 at 4:00 p.m. (prevailing Central Time)** (the "<u>Claims

Objection Deadline</u>").  Such Claims Objection Deadline shall not apply to claim objections which

may be asserted for purposes other than voting on the Plan.

7.      In order to be considered, Claims Objections must: (a) be made in writing;

(b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the

name and address of the party asserting the Claims Objection; (d) state with particularity the legal

and factual bases for the Claims Objection; and (e) be filed with the Court, and served on the

Notice Parties, so as to be received no later than the Claims Objection Deadline.  Claims Objections

not timely filed and served in accordance with the foregoing provision shall not be considered by

the Court and shall be overruled.

8.      <u>Deadline and Procedures for Temporary Allowance of Claims for Voting Purposes</u>.

The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking

temporary allowance of claims for the purpose of accepting or rejecting the Plan ("<u>Rule 3018(a)</u>

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Motions") shall **April 15, 2024 at 4:00 p.m. (prevailing Central Time)** (the "Rule 3018(a)

Motion Deadline").

9.      In order to be considered, Rule 3018(a) Motions must: (a) be made in writing;

(b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the

name and address of the party asserting the 3018(a) Motion; (d) state with particularity the legal

and factual bases for the Rule 3018(a) Motion; and (e) be filed with the Court, and served on the

Notice Parties, so as to be received no later than the Rule 3018(a) Motion Deadline.  Rule 3018(a)

Motions not timely filed and served in accordance with the foregoing provision shall not be

considered by the Court and shall be overruled.

10.     Any party timely filing and serving a Rule 3018(a) Motion shall be provided a

Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the

Plan, pending a final determination by the Court.  If, and to the extent that, the Debtors and such

party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation

Hearing, such Rule 3018(a) Motion shall be considered by the Court at the Confirmation Hearing,

and the Court shall determine whether the provisional ballot should be counted as a vote on the

Plan, and, if so, the amount, if any, in which the party filing the Rule 3018(a) Motion shall be

entitled to vote.

11.     Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notices,

Voting, and Distribution Purposes.  Pursuant to Bankruptcy Code section 105(a), Bankruptcy

Rules 2002(a)(7) and 3003(c)(2), and any order (each, a "Bar Date Order")[2] establishing deadlines

(collectively, the "Bar Dates") for filing proofs of claim against the Debtors, creditors whose

---

[2]     The Court previously established **October 16, 2023** as the general bar date in the Chapter 11 Cases, **February 5,
2024** as the bar date for governmental entities in the Chapter 11 Cases, and **March 15, 2024** as the administrative
claims expense bar date for all administrative expense claims arising between the Petition Date and February 1,
2024.  *See* Docket Nos. 92, 740.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

claims (a) are scheduled in the Debtors' schedules of assets and liabilities (as the same may be amended, the "Schedules") as disputed, contingent, or unliquidated and which are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law; or (b) are not scheduled and are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law (collectively, the "Non-Voting Claims") shall be denied treatment as creditors with respect to such claims for purposes of (a) voting on the Plan, (b) receiving distributions under the Plan, and (c) receiving notices, other than by publication, regarding the Plan.

12.     Voting Procedures.  For purposes of voting, the amount of a claim used to calculate acceptance or rejection of the Plan under Bankruptcy Code section 1126 shall be determined in accordance with the following hierarchy:

a.     if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by such order;

b.     if no such order has been entered, then in the liquidated amount contained in a timely-filed proof of claim that is not the subject of an objection filed by the Claims Objection Deadline; and

c.     if no such proof of claim has been timely filed, then in the liquidated, noncontingent, and undisputed amount contained in the Debtors' Schedules.

13.     For purposes of voting, the following conditions shall apply to determine the amount and/or classification of a claim:

a.     Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), and Class 4 (Bondholder Deficiency Claims): The voting amount of the Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), and Class 4 (Bondholder Deficiency Claims) will be established by

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

the list of record holders maintained by the Bondholder Representatives and reflected in the securities position report(s) from The Depository Trust Company ("DTC") or other applicable depository firm, dated as of the Voting Record Date.

b.    Class 3 General Unsecured Claims and Class 5 Pension Claims:

(i)    if a claim is partially liquidated and partially unliquidated, such claim will be allowed for voting purposes only in the liquidated amount;

(ii)   if a scheduled or filed claim has been paid, such claim will be disallowed for voting purposes;

(iii)  the holder of a timely-filed proof of claim that is filed in a wholly unliquidated, contingent, disputed, and/or unknown amount (as determined on the face of the claim or after reasonable review by the Debtors or the Voting Agent), and is not the subject of an objection as of the Claims Objection Deadline, is entitled to vote in the amount of $1.00; and

(iv)   if a proof of claim has been amended by a later-filed proof of claim that is filed on or prior to the Voting Record Date (as defined below), the later-filed amending claim will be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim will be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

14.    <u>Record Date</u>.  The record date for purposes of determining (a) creditors entitled to receive Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or reject the Plan and the creditors' corresponding claims, shall be **March 25, 2024** (the "<u>Voting Record Date</u>").

15.    <u>Notice and Transmittal of Solicitation Packages Including Ballots and Non-Voting Packages</u>.  No later than **April 1, 2024**, the Debtors shall mail or cause to be mailed by first-class mail to all of their known creditors as of the Voting Record Date and all other entities required to be served under Bankruptcy Rules 2002 and 3017, notice of the Confirmation Hearing substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Confirmation Hearing Notice</u>" and,

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

the date on which such notice is mailed, the "Confirmation Hearing Notice Mailing Date"), which form is hereby approved.

16.   **Non-Voting Packages**.  On the Confirmation Hearing Notice Mailing Date, or as soon as reasonably practicable thereafter, the Debtors shall mail or cause to be mailed by first-class mail to (a) holders of claims in Class 2 (Other Secured Claims) under the Plan, which class is unimpaired, deemed to have accepted the Plan, and not entitled to vote, a copy of the Notice of Non-Voting Status with Respect to Unimpaired Classes, substantially in the form attached hereto as **Exhibit B-1**, and a pre-addressed return envelope for purposes of returning the Release Opt-Out Election Form; and (b) holders of claims in Class 6 (Intercompany Claims) under the Plan, which class is impaired, deemed to have rejected the Plan, and not entitled to vote, a copy of the Notice of Non-Voting Status with Respect to Impaired Classes, substantially in the form attached hereto as **Exhibit B-2** (each, a "Non-Voting Notice" and, each Non-Voting Notice together with the Confirmation Hearing Notice and a pre-addressed return envelope, a "Non-Voting Package") and a pre-addressed return envelope for purposes of returning the Release Opt-Out Election Form. The Notice of Non-Voting Status with Respect to Unimpaired Classes, substantially in the form of **Exhibit B-1**, and the Notice of Non-Voting Status with Respect to Impaired Classes, substantially in the form of **Exhibit B-2**, are hereby approved.  Further, the Non-Voting Packages are hereby deemed to constitute adequate alternative disclosure statements to impaired non-voting classes under Bankruptcy Code section 1125(c) and summary plans under Bankruptcy Rule 3017(d).

17.   **Solicitation Packages**.  On the Confirmation Hearing Notice Mailing Date, or as soon as reasonably practicable thereafter, the Debtors shall mail or cause to be mailed by first-class mail to holders of claims in Class 3 (General Unsecured Claims) and Class 5 (Pension

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Claims) under the Plan and by overnight delivery to Nominees on behalf of beneficial holders of

Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011

Bonds), and Class 4 (Bondholder Deficiency Claims), who are entitled to vote on the Plan, an

information and solicitation package (each, a "Solicitation Package"). The Solicitation Package

shall contain copies or conformed printed versions of: (a) the Combined Plan and Disclosure

Statement; (b) a copy of this Order (without exhibits); (c) the Confirmation Hearing Notice; and

(d) one or more ballots (and a pre-addressed return envelope) appropriate for the specific creditor,

in substantially the forms of the proposed ballots collectively attached hereto as **Exhibits C-1**

**through C-6** (as such ballots may be modified for particular classes and with instructions attached

to thereto, the "Ballots"), which forms of Ballots are hereby approved.

18.     The Debtors, at their discretion, may provide the Combined Plan and Disclosure

Statement and this Order (without exhibits) in an Adobe Acrobat (PDF) standard format on a flash

drive, rather than in paper copies. Parties may submit a written request to the Voting Agent if they

prefer paper copies of the Disclosure Statement and Plan and all such requests shall be fulfilled.

19.     Creditors holding unclassified claims and also claims in a class that is designated

as impaired and entitled to vote under the Plan shall receive only the Solicitation Package

appropriate for the applicable impaired class; and creditors who have filed duplicate claims in any

given class (y) shall receive only one Solicitation Package and one Ballot for voting their claims

with respect to that class; and (z) shall be entitled to vote their claim only once with respect to that

class.

20.     When No Notice or Transmittal Necessary. Notwithstanding any provision of this

Order to the contrary, no notice or service of any kind shall be required to be made upon any person

or entity to whom the Debtors mailed a notice of the meeting of creditors under Bankruptcy Code

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

section 341 or notice of any applicable bar date for filing proofs of claim and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved—left no forwarding address," "forwarding order expired," or similar marking or reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address.

21.     The Debtors shall not be required to re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved—left no forwarding address," "forwarding order expired," or similar marking or reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address.

22.     <u>Publication Notice</u>.  The Debtors shall publish notice of the Confirmation Hearing, substantially in the form attached hereto as **<u>Exhibit D</u>**, once within ten business days after the entry of this Order in two of the following publications: (a) the Cedar Rapids Gazette; (b) the Iowa City Press-Citizen; (c) the Quad Cities Times; or (b) the Des Moines Register.

23.     <u>Voting Deadline</u>.  To be counted, Ballots for accepting or rejecting the Plan must be received by the Voting Agent by **4:00 p.m. (prevailing Central Time) on April 29, 2024** (the "<u>Voting Deadline</u>").  The Debtors are hereby authorized to extend, in their sole discretion, by oral or written notice to the Voting Agent, the period of time during which Ballots shall be accepted for any reason from any creditor or class of creditors.

24.     <u>Procedures for General Ballot Vote Tabulation; Votes Counted</u>.  Any Ballot that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  The failure of a holder of a claim in Classes 1-A, 1-B, 3, 4, or 5 to timely deliver

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

an executed Ballot shall be deemed to constitute an abstention by such holder with respect to voting

on the Plan, and such abstention shall not be counted as a vote for or against the Plan.

25.     For purposes of voting, classification, and treatment under the Plan, the Debtors

propose that, at the election of the Debtors, (a) each holder of a claim that holds or has filed more

than one claim against the Debtors in an impaired class will be treated as if such holder has only

one claim against the Debtors in each applicable class; (b) the claims filed by such holder against

the Debtors will be aggregated in each applicable class; and (c) the total dollar amount of such

holder's claims in each applicable class against the Debtors will be the sum of the aggregated

claims of such holder against the Debtors in each applicable class.

26.     For purposes of the Voting Record Date, no transfer of claims pursuant to

Bankruptcy Rule 3001 shall be recognized unless either (a)(i) documentation evidencing such

transfer was filed with the Court on or before 21 days prior to the Voting Record Date and (ii) no

timely objection with respect to such transfer was filed by the transferor; or (b) the parties to such

transfer waived the 21-day period in the evidence of transfer and the evidence of transfer was

docketed prior to the Voting Record Date.

27.     <u>Procedures for Vote Tabulation; Votes Not Counted</u>.  Unless otherwise ordered by

the Court, the following Ballots shall not be counted or considered for any purpose in determining

whether the Plan has been accepted or rejected:

      a.     any Ballot received after the Voting Deadline (as may be extended by the
Debtors as provided herein);

      b.     any Ballot that is illegible or contains insufficient information to permit the
identification of the claimant;

      c.     any Ballot cast by a person or entity that does not hold a claim in a class
that is entitled to vote to accept or reject the Plan;

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

    d.        any Ballot cast for a claim which is listed in the Debtors' Schedules as contingent, unliquidated, or disputed or as zero or unknown in amount and (i) which is not the subject of a timely-filed proof of claim and (ii) for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline;

    e.        any Ballot cast for a claim that was filed in a zero dollar amount;

    f.        any Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance and rejection, of the Plan;

    g.        any Ballot that casts part of its vote in the same class to accept the Plan and part to reject the Plan;

    h.        any form of Ballot other than the official form sent by the Voting Agent, or a copy thereof;

    i.        any Ballot received that the Voting Agent cannot match to an existing database record;

    j.        any Ballot that does not contain an original signature; *provided, however*, that for the avoidance of doubt, a Ballot submitted via the Voting Agent's Ballot portal will be deemed to contain an original signature; or

    k.        any Ballot that is submitted by facsimile, email, or by other electronic means other than through the Voting Agent's Ballot portal.[3]

28.     Neither the Debtors, the Voting Agent, nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots. Rather, the Voting Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

29.     The Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

---

[3]    For the avoidance of doubt, solely for Nominees, a Master Ballot may be submitted via electronic mail to the Voting Agent at tabulation@epiqglobal.com with a reference to "Mercy Hospital Master Ballot" in the subject line.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

30.     <u>Withdrawal of Vote</u>.  Any party who has delivered a valid Ballot for the acceptance

or rejection of the Plan may withdraw, subject to the Debtors' right to contest the validity of such

withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to the Voting

Agent at any time prior to the Voting Deadline.  A notice of withdrawal, to be valid, shall

(a) contain the description of the claim(s) to which it relates and the aggregate amount represented

by such claim(s); (b) be signed by the withdrawing party in the same manner as the Ballot being

withdrawn; (c) contain a certification that the withdrawing party owns the claim(s) and possesses

the right to withdraw the Ballot sought to be withdrawn; and (d) be timely received by the Voting

Agent prior to the Voting Deadline.

31.     <u>Changing Votes</u>.  Notwithstanding Bankruptcy Rule 3018(a), whenever two or

more Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last valid Ballot

received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus

supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the

later Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the

objection is sustained, to count the first dated Ballot for all purposes.

32.     <u>No Division of Claims or Votes</u>.  A creditor who votes must vote the full amount

of each claim voted either to accept or reject the Plan; and each creditor who votes and holds

multiple claims within a particular class must vote all such claims to either accept or reject the

Plan.  The Ballots of creditors failing to vote in the manner specified in this paragraph shall not be

counted for any purpose.

33.     <u>Tabulation of Bond Claims</u>.  In addition to the foregoing generally appliable voting

and ballot tabulation procedures, the following procedures shall apply to Holders of Bonds who

will vote on the Plan in Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

(Bondholder Claims – Series 2011 Bonds), and Class 4 (Bondholder Deficiency Claims) and hold their position through a broker, bank, or other nominee or an agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"):

    a.      The Voting Agent shall distribute or cause to be distributed the appropriate number of copies of Ballots to Beneficial Holders (each, a "Beneficial Holder Ballot") as of the Voting Record Date;

    b.      Nominees identified by the Voting Agent as entities through which Beneficial Holders hold their bonds will be provided with (i) Solicitation Packages for each Beneficial Holder represented by the Nominee as of the Voting Record Date, which will contain, among other things, a Beneficial Holder Ballot for each Beneficial Holder, and (ii) a master ballot (each, a "Master Ballot");

    c.      Any Nominee that is a Holder of record with respect to a bond shall: (i) immediately, and in any event, within five (5) business days after its receipt of the Solicitation Packages, distribute the Solicitation Packages, including Beneficial Holder Ballots, to all such Beneficial Holders;[4] (ii) provide such Beneficial Holders with a return address to send the completed Beneficial Holder Ballots; (iii) compile and validate the votes and other relevant information of all such Beneficial Holders on the Master Ballot; and (iv) transmit the Master Ballot to the Voting Agent on or before the Voting Deadline;

    d.      Any Beneficial Holder Ballot returned to a Nominee by a Beneficial Holder shall not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Holders on or before the Voting Deadline or otherwise validates the Beneficial Holder Ballot in a manner acceptable to the Voting Agent;

    e.      If a Beneficial Holder holds a bond through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Holder Ballot for each of the Claims that it holds through a Nominee and must return each such Beneficial Holder Ballot to the appropriate Nominee;

---

[4]      Notwithstanding the foregoing, Nominees are authorized to transmit Solicitation Packages and collect votes to accept or to reject the Plan from Beneficial Holders in accordance with their customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

    f.      The Debtors propose that the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Nominees and Beneficial Holder as of the Voting Record Date as evidenced on the record and depository listing and shall not be counted in excess of the amount of debt securities held by such Nominee or Beneficial Holders of the Voting Record Date;

    g.      If conflicting votes or "over-votes" are submitted by a Nominee, the Voting Agent shall use reasonable efforts to reconcile discrepancies;

    h.      If over-votes are submitted by a Nominee which are not reconciled prior to the preparation of the vote certification, the votes to accept and to reject the Plan shall be applied in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position in the debt securities; and

    i.      A single Nominee may complete and deliver to the Voting Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior Master Ballot.

34.    For purposes of tabulating votes on account of Bondholder Claims to accept or reject the Plan and for no other purpose, the entire principal amount of each Beneficial Holder Ballot shall be allocated to the applicable Bondholder Claim and $1.00 shall be allocated to each Bondholder Deficiency Claim.  For the avoidance of doubt, this allocation shall be solely for purposes of tabulating votes to accept or reject the Plan and shall not apply for any other purpose, including entitlement to distributions under the Plan.

35.    <u>Classes Deemed to Reject</u>.  The holders of claims in Class 6 (Intercompany Claims) shall be deemed to have rejected the Plan, and the Debtors are not required to solicit votes on the Plan from such holders.

36.    <u>Certification of Vote</u>.  The Voting Agent shall file its voting certification (the "<u>Voting Certification</u>") on or before **April 30, 2024**.  The Debtors shall serve such Voting Certification on all parties having requested notice in the Chapter 11 Cases pursuant to Bankruptcy

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Rule 2002, and post such Voting Certification on the Debtors' bankruptcy case website (https://dm.epiq11.com/case/mercyhospital) as soon as practicable after the Voting Certification is filed.

37.     Filing of Plan Supplement(s).  The Debtors shall file any supplements to the Plan (each, a "Plan Supplement") on or before **April 22, 2024**, and shall post any such Plan Supplement(s) on the Debtors' bankruptcy case website (https://dm.epiq11.com/case/mercyhospital).

38.     Service and Notice Adequate and Sufficient.  Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate, and sufficient notice, and no other or further notice shall be necessary.

39.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, Ballots, Confirmation Hearing Notice, notices of non-voting status, publication notice, and related documents without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other related materials prior to their mailing to parties-in-interest.

40.     The Court shall retain jurisdiction to implement, interpret, and effectuate the provisions of this Order.

Dated and entered this _____ day of _____, 2024.

_____
Honorable Thad J. Collins, Chief Judge

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:        (319) 286-7002
Facsimile:        (319) 286-7050
Email:        rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:        515-283-8045
Email:        mmcguire@nyemaster.com
            kmstanger@nyemaster.com
            dhempy@nyemaster.com

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:        (312) 372-2000
Facsimile:        (312) 984-7700
Email:        fperlman@mwe.com
            dsimon@mwe.com
            ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:        (214) 295-8000
Facsimile:        (972) 232-3098
Email:        jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## EXHIBIT A TO SOLICITATION PROCEDURES ORDER

**Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 760** |

## NOTICE OF (A) CONFIRMATION HEARING WITH RESPECT TO DEBTORS' COMBINED DISCLOSURE STATEMENT AND JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE; AND (B) RELATED OBJECTION DEADLINE

**PLEASE TAKE NOTICE** that, on February 23, 2024, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Combined Disclosure Statement and Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Docket No. 760] (the disclosures contained therein, as subsequently modified, supplemented, or amended, the "Disclosure Statement" and the plan contained therein, as may be subsequently amended, modified, or supplemented, the "Plan" and collectively, as may be amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan") with the United States Bankruptcy Court for the Northern District of Iowa (the "Court"). Capitalized terms used in this notice (this "Notice") which are not defined shall have the meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE** that, on March [__], 2024, the Court entered the *Order (I) Approving Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan; (III) Establishing Deadlines and Procedures for (A) Filing Objections to Confirmation of Plan, (B) Claim Objections, and (C) Temporary Allowance of Claims for Voting Purposes; (IV) Determining Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notice, Voting, and Distribution Purposes; (V) Setting Record Date; (VI) Approving (A) Solicitation Packages and Procedures for Distribution, (B) Form of Notice of Hearing on Confirmation and Related Matters, and (C) Forms of Ballots; (VII) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Docket No. [__]] (the "Solicitation Procedures Order") thereby approving the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Solicitation Procedures Order, a hearing (the "Confirmation Hearing") will be held before the Honorable Thad J. Collins, United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Iowa, 6th Floor Courtroom, 111 Seventh Avenue SE, Cedar Rapids, Iowa 52401, on **May 6, 2024 at 10:30 a.m. (prevailing Central Time)**, or as soon thereafter as counsel can be heard, to consider the entry of an order confirming the Plan within the meaning of section 1129 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, without further notice to parties-in-interest.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, in any, to confirmation of the Plan (each, a "Plan Confirmation Objection") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Iowa; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served on the following, so as to be received **on or before 4:00 p.m. (prevailing Central Time) on April 29, 2024**: (i) the Debtors, c/o Mark E. Toney, 500 E. Market Street, Iowa City, IA 52245; (ii) counsel to the Debtors, (a) Nyemaster Goode, P.C., 625 1st Street SE, Suite 400, Cedar Rapids, IA, 52401 (Attn: Roy Leaf) and (b) McDermott Will & Emery LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Felicia Gerber Perlman, Daniel M. Simon, and Emily C. Keil) and 2501 North Harwood Street, Suite 1900 Dallas, TX 75201 (Attn: Jack G. Haake); (iii) counsel to the UCC, (a) Cutler Law Firm, P.C., 1307 50th Street, West Des Moines, IA 50266 (Attn: Robert C. Gainer) and (b) Sills Cummis & Gross, P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman and Boris I. Mankovetskiy); (iv) counsel for the Master Trustee and Trustee and Bondholder Representative, (a) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: William Kannel, Nathan F. Coco, and Megan Preusker) and (b) Whitfield & Eddy, P.C., 699 Walnut Street, Suite 2000, Des Moines, IA 50309 (Attn: Peter J. Chalik); (v) counsel for the Pension Committee, Day Rettig Martin, P.C., 150 First Avenue NE, Suite 415, Cedar Rapids, IA 52401 (Attn: Paula L. Roby); and (vi) the United States Trustee for the Northern District of Iowa, 111 Seventh Avenue SE, Suite 2800, Cedar Rapids, IA 52401 (Attn: Janet G. L. Reasoner). Plan Confirmation Objections that are not timely filed shall not be considered by the Court and shall be overruled.

**PLEASE TAKE FURTHER NOTICE** that the Plan may be further modified, if necessary, pursuant to Bankruptcy Code section 1127, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

**PLEASE TAKE FURTHER NOTICE that the Plan provides for releases, exculpation, and injunctions of certain conduct. The injunctions in the Plan include a permanent injunction of the commencement or prosecution by any entity, whether directly, derivatively, or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities released or exculpated pursuant to the Plan.**

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, each of the executory contracts and unexpired leases to which any Debtor is a party shall be deemed automatically rejected by the applicable Debtor as of the Effective Date (as defined in the Plan).

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Plan, and Solicitation Procedures Order may be examined by any party-in-interest at the Debtors' case

website (https://dm.epiq11.com/mercyhospital); or at the Bankruptcy Court's website (https://www.ianb.uscourts.gov/) (a PACER account is required). Such documents may also be obtained by written request to Epiq Corporate Restructuring, LLC (the "Voting Agent") at mercyinfo@epiqglobal.com or by telephoning the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada).

**If you have any questions regarding this Notice, please contact the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada), or by email at mercyinfo@epiqglobal.com. The Voting Agent is not permitted to provide legal advice.**


Dated: Cedar Rapids, Iowa
     [___], 2024

**NYEMASTER GOODE, P.C.**

*/s/ DRAFT*_____
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:    (319) 286-7002
Facsimile:    (319) 286-7050
Email:    rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax:    515-283-8045
Email:    mmcguire@nyemaster.com
         kmstanger@nyemaster.com
         dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:    fperlman@mwe.com
         dsimon@mwe.com

ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:      (214) 295-8000
Facsimile:      (972) 232-3098
Email:          jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## EXHIBIT B-1 TO SOLICITATION PROCEDURES ORDER

**Notice of Non-Voting Status with Respect to Unimpaired Classes**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 760** |
| | ) | |

## NOTICE OF NON-VOTING STATUS
## WITH RESPECT TO UNIMPAIRED CLASSES

**PLEASE TAKE NOTICE** that, on February 23, 2024, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Combined Disclosure Statement and Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Docket No. 760] (the disclosures contained therein, as subsequently modified, supplemented, or amended, the "Disclosure Statement" and the plan contained therein, as may be subsequently amended, modified, or supplemented, the "Plan" and collectively, as may be amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan") with the United States Bankruptcy Court for the Northern District of Iowa (the "Court"). Capitalized terms used in this notice (this "Notice") which are not defined have the meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE** that, on March [__], 2024, the Court entered the *Order (I) Approving Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan; (III) Establishing Deadlines and Procedures for (A) Filing Objections to Confirmation of Plan, (B) Claim Objections, and (C) Temporary Allowance of Claims for Voting Purposes; (IV) Determining Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notice, Voting, and Distribution Purposes; (V) Setting Record Date; (VI) Approving (A) Solicitation Packages and Procedures for Distribution, (B) Form of Notice of Hearing on Confirmation and Related Matters, and (C) Forms of Ballots; (VII) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Docket No. [__]] (the "Solicitation Procedures Order") thereby approving the Disclosure Statement.

Among other things, the Solicitation Procedures Order (a) conditionally approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Disclosure Statement and Plan as containing adequate information within the meaning of Bankruptcy Code section 1125; (b) established certain procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan; (c) approved the contents of the proposed solicitation packages to be distributed to the Debtors' stakeholders who are entitled to vote to accept or reject the Combined Disclosure Statement and Plan (collectively, the "Solicitation Packages"); (d) approved the forms of notices to be sent to certain stakeholders who are entitled to vote to accept or reject the Combined Disclosure Statement and Plan; and (e) approved other notice and

objection procedures in connection with the hearing on final approval of the Disclosures and confirmation of the Plan.

Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Solicitation Procedures Order, the Debtors: (a) are required to provide Solicitation Packages to all Holders of Claims entitled to vote to accept or reject the Plan; and (b) are not required to provide Solicitation Packages to Holders of Claims that are in Classes under the Plan that are Unimpaired and conclusively presumed to accept the Plan (collectively, the "Unimpaired Non-Voting Classes").

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS IS/ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF THE UNITED STATES BANKRUPTCY CODE, YOU (A) ARE DEEMED TO HAVE ACCEPTED THE PLAN, AND (B) ARE NOT ENTITLED TO VOTE ON THE PLAN.** Accordingly, pursuant to the Solicitation Procedures Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Combined Disclosure Statement and Plan. Should you wish to obtain a copy of either the Combined Disclosure Statement and Plan (including any exhibits and appendices thereto) are available at no charge via the internet at: https://dm.epiq11.com/mercyhospital.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Solicitation Procedures Order, a hearing (the "Confirmation Hearing") will be held before the Honorable Thad J. Collins, United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Iowa, 6th Floor Courtroom, 111 Seventh Avenue SE, Cedar Rapids, Iowa 52401, on **May 6, 2024 at 10:30 a.m. (prevailing Central Time)** or as soon thereafter as counsel can be heard, to consider the entry of an order confirming the Debtors' Plan within the meaning of section 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, without further notice to parties-in-interest.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, in any, to confirmation of the Plan (each, a "Plan Confirmation Objection") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Iowa; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served on the following, so as to be received **on or before 4:00 p.m. (prevailing Central Time) on April 29, 2024**: (i) the Debtors, c/o Mark E. Toney, 500 E. Market Street, Iowa City, IA 52245; (ii) counsel to the Debtors, (a) Nyemaster Goode, P.C., 625 1st Street SE, Suite 400, Cedar Rapids, IA, 52401 (Attn: Roy Leaf) and (b) McDermott Will & Emery LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Felicia Gerber Perlman, Daniel M. Simon, and Emily C. Keil) and 2501 North Harwood Street, Suite 1900 Dallas, TX 75201 (Attn: Jack G. Haake); (iii) counsel to the UCC, (a) Cutler Law Firm, P.C., 1307 50th Street, West Des Moines, IA 50266 (Attn: Robert C. Gainer) and (b) Sills Cummis & Gross, P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman and Boris I. Mankovetskiy); (iv) counsel for the Master Trustee and Trustee and Bondholder Representative, (a) Mintz, Levin,

Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: William Kannel, Nathan F. Coco, and Megan Preusker) and (b) Whitfield & Eddy, P.C., 699 Walnut Street, Suite 2000, Des Moines, IA 50309 (Attn: Peter J. Chalik); (v) counsel for the Pension Committee, Day Rettig Martin, P.C., 150 First Avenue NE, Suite 415, Cedar Rapids, IA 52401 (Attn: Paula L. Roby); and (vi) the United States Trustee for the Northern District of Iowa, 111 Seventh Avenue SE, Suite 2800, Cedar Rapids, IA 52401 (Attn: Janet G. L. Reasoner).   Plan Confirmation Objections that are not timely filed shall not be considered by the Court and shall be overruled.

**PLEASE TAKE FURTHER NOTICE that the Plan provides for releases, exculpation, and injunctions of certain conduct, as set forth on <u>Annex 1</u> attached hereto. The injunctions in the Plan include a permanent injunction of the commencement or prosecution by any entity, whether directly, derivatively, or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities released or exculpated pursuant to the Plan. You are advised to carefully review the release, exculpation, discharge, and injunction provisions excerpted from Article XIV of the Plan as set forth on <u>Annex 1</u> and the Release Opt-Out Election Form, attached hereto as <u>Annex 2</u>, as your rights might be affected.**

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Plan, and Solicitation Procedures Order may be examined by any party-in-interest at the Debtors' case website (<u>https://dm.epiq11.com/mercyhospital</u>); or at the Bankruptcy Court's website (<u>https://www.ianb.uscourts.gov/</u>) (a PACER account is required).  Such documents may also be obtained by written request to the Debtors' claims, noticing, solicitation, and administrative agent, Epiq Corporate Restructuring, LLC (the "<u>Voting Agent</u>") Voting Agent at <u>mercyinfo@epiqglobal.com</u> or by telephoning the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada).

**If you have any questions regarding this Notice, please contact the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada), or by email at mercyinfo@epiqglobal.com.  The Voting Agent is not permitted to provide legal advice.**

Dated: Cedar Rapids, Iowa
      [__], 2024

**NYEMASTER GOODE, P.C.**

*/s/ DRAFT*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:    (319) 286-7002
Facsimile:    (319) 286-7050
Email:    rleaf@nyemaster.com

- and -


Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932

Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:          515-283-8045
Email:        mmcguire@nyemaster.com
              kmstanger@nyemaster.com
              dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        fperlman@mwe.com
              dsimon@mwe.com
              ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

<u>ANNEX 1</u>

**Important Information Regarding the Releases by Holders of Claims and Interests of the
<u>Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.</u>**

The Plan contains a series of releases that are part of the overall liquidation and wind-down set
forth in the Plan. In that respect, parties should be aware that, if the Plan is confirmed and the
Effective Date occurs, certain parties will be getting releases and certain parties will be giving
releases as set forth in Article XIV of the Plan. For your convenience, excerpts of the release
provisions from the Plan are set forth below; however, you should carefully read the enclosed
Combined Disclosure Statement and Plan with respect to the releases.

**ARTICLE XIV.D.2 OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY
RELEASE (THE "<u>THIRD-PARTY RELEASE</u>") BY THE RELEASING PARTIES:**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy
of which is hereby confirmed, the Releasing Parties shall be deemed to, completely,
conclusively, absolutely, unconditionally, irrevocably and forever release, waive, and
discharge the Released Parties from any claim, Claim, Cause of Action, obligation, suit,
judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account,
controversy, agreement, promise, right to legal remedies, right to equitable remedies, or
right to payment, whether known or unknown, foreseen or unforeseen, existing or
hereinafter arising in law, equity, or otherwise, for any act or omission in connection with,
relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors'
operations, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase
or sale of any security of the Debtors, the subject matter of, or the transactions or events
giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual
arrangements between any Debtor and any Released Party, the Series 2011 Bonds, the Series
2018 Bonds, the assertion or enforcement of rights and remedies against the Debtors, the
Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Plan Support
Agreement, or the Combined Disclosure Statement and Plan, and the administration,
formulation, preparation, dissemination, solicitation, negotiation, consummation, and
implementation of any of the foregoing or any contract, instrument, release, or other
agreement, understanding, accord, course of dealing, or document created or entered into in
connection with or evidencing any of the foregoing, whether or not accrued, arising or having
occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or
unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or
otherwise, that may be based in whole or part on any act, omission, transaction, agreement,
understanding, course of dealing, event or other occurrence or omission taking place on or
prior to the Effective Date.**

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

**Under the Plan, "Releasing Parties" means the following Entities, each in their
respective capacities as such: (a) each Holder of a Claim that (i) votes to accept the Plan or
(ii) either (1) abstains from voting or (2) votes to reject the Plan and, in the case of either (1)
or (2), does not opt out of the voluntary release by checking the opt-out box on the applicable**

Ballot, and returning it in accordance with the instructions set forth thereon, indicating that they are electing to opt out of granting the releases provided in the Plan; (b) each Holder of a Claim that is deemed to accept the Plan or is otherwise Unimpaired under the Plan and who does not opt out of the voluntary release by checking the opt out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan; and (c) each Holder of a Claim that is deemed to reject the Plan or is otherwise Impaired under the Plan and who does not opt out of the voluntary release by checking the opt-out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan.

Under the Plan, "Released Parties" means, collectively, the following Entities, each in their capacity as such: (a) the Debtors; (b) the UCC and each of its members (only in their capacity as such); (c) the Pension Committee and each of its members (only in their capacity as such); (d) the Bondholder Representatives; (e) the Foundation; (f) the Sisters of Mercy; and (g) with respect to any such Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders, affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, affiliates, partners, principals, members, management companies, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors; *provided, however*, that Released Parties shall not include former officers and directors of the Debtors but shall include any of the Debtors' directors and officers that served in such role at any time between the Petition Date and the Effective Date; *provided further* that Released Parties shall not include MercyOne.

**ARTICLE XIV.E OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "EXCULPATION"):**

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan.

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no Holder of a Claim or an Interest, no other party-in-interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, and none of their respective successors or assigns, shall have any right of action against the Exculpated Parties for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction). For the avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

**ARTICLE XIV.F OF THE PLAN ESTABLISHES AN INJUNCTION (THE "INJUNCTION"):**

Effective as of the Effective Date, all Persons and Entities that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, or liability of any nature whatsoever, that is released pursuant to this Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (other than actions to enforce any rights or obligations under the Combined Disclosure Statement and Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum against or affecting the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iii) creating, perfecting, or in any way enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated, impaired, or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Combined Disclosure Statement and Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim, or Cause of Action released pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan and Confirmation Order, or (C) Avoidance Actions against any Holder of a Claim that is Allowed or any Avoidance Action released by the Plan. Additionally, unless otherwise explicitly stated in the Combined Disclosure Statement and Plan, in furtherance of the releases granted by the Plan or Confirmation Order, the injunction contemplated by this paragraph shall prohibit the

assertion against the Liquidation Trust and the Liquidation Trustee of all Claims or Interests, if any, related to the Debtors.

Confirmation of the Plan shall further have the effect of permanently enjoining all Persons and Entities from obtaining (i) any documents or other materials from current counsel for the Debtors that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtors, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such documents or other materials, (ii) any documents or other materials from current counsel for the UCC or Pension Committee, as applicable, that are in the possession of such counsel as a result of or arising in any way out of its representation of the UCC or Pension Committee, as applicable, or (iii) Books and Records, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such Books and Records.

# <u>ANNEX 2</u>

**Release Opt-Out Election Form**

## <u>RELEASE OPT-OUT ELECTION FORM</u>

Check this box if you elect **<u>not</u>** to grant the releases contained in Article XIV.D.2 of the Combined Disclosure Statement and Plan.  Election to withhold consent is at your option.  **If you exercise your right to not grant the releases by checking the box below, you <u>will not</u> be a Releasing Party under the Combined Disclosure Statement and Plan.**  If you do not check this box and return this form as set forth herein, you will be deemed to consent to the releases set forth in Article XIV.D.2 of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law.

**<u>Item 1</u>**:

☐        The undersigned elects <u>not</u> to grant the releases contained in Article XIV.D.2 of the Combined Disclosure Statement and Plan.

**<u>Item 2</u>**:

By signing below, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to execute this Release Opt-Out Election Form on behalf of the creditor named below:

Name:_____

          (Print or Type)

Signature:_____

By:_____

          (If Appropriate)

Title:_____

          (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Email: _____

Date Completed: _____

## INSTRUCTIONS FOR COMPLETING THE RELEASE OPT-OUT ELECTION FORM

A.    In Item 1 above, check the box if you elect to opt-out of the releases contained in Article XIV.D.2 of the Combined Disclosure Statement and Plan.

B.    Review and sign the acknowledgments in Item 2 above.  Please be sure to sign and date where indicated.  Your signature is required for your Release Opt-Out Election Form to be valid.

C.    **Return your Release Opt-Out Election Form so it is *received* by the Voting Agent on or before April  29, 2024 at 4:00 p.m. (prevailing Central Time).**

D.    Mail in the Release Opt-Out Election Form in the return envelope provided by *one* of the following methods:

<p align="center">If by First Class Mail:<br>
Mercy Hospital, Iowa City, Iowa<br>
c/o Epiq Ballot Processing Center<br>
P.O. Box 4422<br>
Beaverton, OR 97076-4422</p>

<p align="center">If by Overnight Courier or Hand Delivery:<br>
Mercy Hospital, Iowa City, Iowa<br>
c/o Epiq Ballot Processing Center<br>
10300 SW Allen Boulevard<br>
Beaverton, OR 97005</p>

## **EXHIBIT B-2 TO SOLICITATION PROCEDURES ORDER**

**Notice of Non-Voting Status with Respect to Impaired Classes**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 760** |
| | ) | |

**NOTICE OF NON-VOTING STATUS
WITH RESPECT TO IMPAIRED CLASSES**

**PLEASE TAKE NOTICE** that, on February 23, 2024, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Combined Disclosure Statement and Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Docket No. 760] (the disclosures contained therein, as subsequently modified, supplemented, or amended, the "Disclosure Statement" and the plan contained therein, as may be subsequently amended, modified, or supplemented, the "Plan" and collectively, as may be amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan") with the United States Bankruptcy Court for the Northern District of Iowa (the "Court"). Capitalized terms used in this notice (this "Notice") which are not defined have the meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE** that, on March [__], 2024, the Court entered the *Order (I) Approving Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan; (III) Establishing Deadlines and Procedures for (A) Filing Objections to Confirmation of Plan, (B) Claim Objections, and (C) Temporary Allowance of Claims for Voting Purposes; (IV) Determining Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notice, Voting, and Distribution Purposes; (V) Setting Record Date; (VI) Approving (A) Solicitation Packages and Procedures for Distribution, (B) Form of Notice of Hearing on Confirmation and Related Matters, and (C) Forms of Ballots; (VII) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Docket No. [__]] (the "Solicitation Procedures Order") thereby approving the Disclosure Statement.

Among other things, the Solicitation Procedures Order (a) conditionally approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Disclosure Statement and Plan as containing adequate information within the meaning of Bankruptcy Code section 1125; (b) established certain procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan; (c) approved the contents of the proposed solicitation packages to be distributed to the Debtors' stakeholders who are entitled to vote to accept or reject the Combined Disclosure Statement and Plan (collectively, the "Solicitation Packages"); (d) approved the forms of notices to be sent to certain stakeholders who are entitled to vote to accept or reject the Combined Disclosure Statement and Plan; and (e) approved other notice and

objection procedures in connection with the hearing on final approval of the Disclosures and confirmation of the Plan.

Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Solicitation Procedures Order, the Debtors: (a) are required to provide Solicitation Packages to all Holders of Claims entitled to vote to accept or reject the Plan; and (b) are not required to provide Solicitation Packages to Holders of Claims that are in Classes under the Plan that are Impaired and conclusively presumed to reject the Plan (the "Impaired Non-Voting Class").

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST THE DEBTORS AND, THEREFORE, PURSUANT TO SECTION 1126(g) OF THE UNITED STATES BANKRUPTCY CODE, YOU (A) ARE DEEMED TO HAVE REJECTED THE PLAN, AND (B) ARE NOT ENTITLED TO VOTE ON THE PLAN.** Accordingly, pursuant to the Solicitation Procedures Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Combined Disclosure Statement and Plan. Should you wish to obtain a copy of either the Combined Disclosure Statement and Plan (including any exhibits and appendices thereto) are available at no charge via the internet at: https://dm.epiq11.com/mercyhospital.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Solicitation Procedures Order, a hearing (the "Confirmation Hearing") will be held before the Honorable Thad J. Collins, United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Iowa, 6th Floor Courtroom, 111 Seventh Avenue SE, Cedar Rapids, Iowa 52401, on **May 6, 2024 at 10:30 a.m. (prevailing Central Time)** or as soon thereafter as counsel can be heard, to consider the entry of an order confirming the Debtors' Plan within the meaning of section 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, without further notice to parties-in-interest.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, in any, to confirmation of the Plan (each, a "Plan Confirmation Objection") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Iowa; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served on the following, so as to be received **on or before 4:00 p.m. (prevailing Central Time) on April 29, 2024**: (i) the Debtors, c/o Mark E. Toney, 500 E. Market Street, Iowa City, IA 52245; (ii) counsel to the Debtors, (a) Nyemaster Goode, P.C., 625 1st Street SE, Suite 400, Cedar Rapids, IA, 52401 (Attn: Roy Leaf) and (b) McDermott Will & Emery LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Felicia Gerber Perlman, Daniel M. Simon, and Emily C. Keil) and 2501 North Harwood Street, Suite 1900 Dallas, TX 75201 (Attn: Jack G. Haake); (iii) counsel to the UCC, (a) Cutler Law Firm, P.C., 1307 50th Street, West Des Moines, IA 50266 (Attn: Robert C. Gainer) and (b) Sills Cummis & Gross, P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman and Boris I. Mankovetskiy); (iv) counsel for the Master Trustee and Trustee and Bondholder Representative, (a) Mintz, Levin,

Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: William Kannel, Nathan F. Coco, and Megan Preusker) and (b) Whitfield & Eddy, P.C., 699 Walnut Street, Suite 2000, Des Moines, IA 50309 (Attn: Peter J. Chalik); (v) counsel for the Pension Committee, Day Rettig Martin, P.C., 150 First Avenue NE, Suite 415, Cedar Rapids, IA 52401 (Attn: Paula L. Roby); and (vi) the United States Trustee for the Northern District of Iowa, 111 Seventh Avenue SE, Suite 2800, Cedar Rapids, IA 52401 (Attn: Janet G. L. Reasoner). Plan Confirmation Objections that are not timely filed shall not be considered by the Court and shall be overruled.

**PLEASE TAKE FURTHER NOTICE that the Plan provides for releases, exculpation, and injunctions of certain conduct, as set forth on Annex 1 attached hereto. The injunctions in the Plan include a permanent injunction of the commencement or prosecution by any entity, whether directly, derivatively, or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities released or exculpated pursuant to the Plan. You are advised to carefully review the release, exculpation, discharge, and injunction provisions excerpted from Article XIV of the Plan as set forth on Annex 1 and the Release Opt-Out Election Form, attached hereto as Annex 2, as your rights might be affected.**

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Plan, and Solicitation Procedures Order may be examined by any party-in-interest at the Debtors' case website (https://dm.epiq11.com/mercyhospital); or at the Bankruptcy Court's website (https://www.ianb.uscourts.gov/) (a PACER account is required). Such documents may also be obtained by written request to Epiq Corporate Restructuring, LLC (the "Voting Agent") at mercyinfo@epiqglobal.com or by telephoning the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada).

**If you have any questions regarding this Notice, please contact the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada), or by email at mercyinfo@epiqglobal.com. The Voting Agent is not permitted to provide legal advice.**

Dated: Cedar Rapids, Iowa
     [__], 2024

**NYEMASTER GOODE, P.C.**

*/s/ DRAFT*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:    (319) 286-7002
Facsimile:    (319) 286-7050
Email:    rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934

3

700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:        515-283-8045
Email:      mmcguire@nyemaster.com
            kmstanger@nyemaster.com
            dhempy@nyemaster.com


- and -


**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:   (312) 372-2000
Facsimile:   (312) 984-7700
Email:       fperlman@mwe.com
             dsimon@mwe.com
             ekeil@mwe.com


- and -


Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:       jhaake@mwe.com


*Counsel for Debtors and Debtors-in-Possession*

## ANNEX 1

**Important Information Regarding the Releases by Holders of Claims and Interests of the Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.**

The Plan contains a series of releases that are part of the overall liquidation and wind-down set forth in the Plan. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article XIV of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases.

**ARTICLE XIV.D.2 OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY RELEASE (THE "<u>THIRD-PARTY RELEASE</u>") BY THE RELEASING PARTIES:**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, and discharge the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission in connection with, relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' operations, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the Series 2011 Bonds, the Series 2018 Bonds, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Plan Support Agreement, or the Combined Disclosure Statement and Plan, and the administration, formulation, preparation, dissemination, solicitation, negotiation, consummation, and implementation of any of the foregoing or any contract, instrument, release, or other agreement, understanding, accord, course of dealing, or document created or entered into in connection with or evidencing any of the foregoing, whether or not accrued, arising or having occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or otherwise, that may be based in whole or part on any act, omission, transaction, agreement, understanding, course of dealing, event or other occurrence or omission taking place on or prior to the Effective Date.**

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

**Under the Plan, "Releasing Parties" means the following Entities, each in their respective capacities as such: (a) each Holder of a Claim that (i) votes to accept the Plan or (ii) either (1) abstains from voting or (2) votes to reject the Plan and, in the case of either (1) or (2), does not opt out of the voluntary release by checking the opt-out box on the applicable**

Ballot, and returning it in accordance with the instructions set forth thereon, indicating that they are electing to opt out of granting the releases provided in the Plan; (b) each Holder of a Claim that is deemed to accept the Plan or is otherwise Unimpaired under the Plan and who does not opt out of the voluntary release by checking the opt out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan; and (c) each Holder of a Claim that is deemed to reject the Plan or is otherwise Impaired under the Plan and who does not opt out of the voluntary release by checking the opt-out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan.

Under the Plan, "Released Parties" means, collectively, the following Entities, each in their capacity as such: (a) the Debtors; (b) the UCC and each of its members (only in their capacity as such); (c) the Pension Committee and each of its members (only in their capacity as such); (d) the Bondholder Representatives; (e) the Foundation; (f) the Sisters of Mercy; and (g) with respect to any such Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders, affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, affiliates, partners, principals, members, management companies, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors; *provided, however*, that Released Parties shall not include former officers and directors of the Debtors but shall include any of the Debtors' directors and officers that served in such role at any time between the Petition Date and the Effective Date; *provided further* that Released Parties shall not include MercyOne.

**ARTICLE XIV.E OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "EXCULPATION"):**

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan.

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no Holder of a Claim or an Interest, no other party-in-interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, and none of their respective successors or assigns, shall have any right of action against the Exculpated Parties for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction).  For the avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

**ARTICLE XIV.F OF THE PLAN ESTABLISHES AN INJUNCTION (THE "<u>INJUNCTION</u>"):**

Effective as of the Effective Date, all Persons and Entities that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, or liability of any nature whatsoever, that is released pursuant to this Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (other than actions to enforce any rights or obligations under the Combined Disclosure Statement and Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum against or affecting the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iii) creating, perfecting, or in any way enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated, impaired, or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Combined Disclosure Statement and Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim, or Cause of Action released pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan and Confirmation Order, or (C) Avoidance Actions against any Holder of a Claim that is Allowed or any Avoidance Action released by the Plan.  Additionally, unless otherwise explicitly stated in the Combined Disclosure Statement and Plan, in furtherance of the releases granted by the Plan or Confirmation Order, the injunction contemplated by this paragraph shall prohibit the

assertion against the Liquidation Trust and the Liquidation Trustee of all Claims or Interests, if any, related to the Debtors.

Confirmation of the Plan shall further have the effect of permanently enjoining all Persons and Entities from obtaining (i) any documents or other materials from current counsel for the Debtors that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtors, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such documents or other materials, (ii) any documents or other materials from current counsel for the UCC or Pension Committee, as applicable, that are in the possession of such counsel as a result of or arising in any way out of its representation of the UCC or Pension Committee, as applicable, or (iii) Books and Records, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such Books and Records.

## ANNEX 2

### Release Opt-Out Election Form

## <u>RELEASE OPT-OUT ELECTION FORM</u>

Check this box if you elect **<u>not</u>** to grant the releases contained in Article XIV.D.2 of the Combined Disclosure Statement and Plan.  Election to withhold consent is at your option.  **If you exercise your right to not grant the releases by checking the box below, you <u>will not</u> be a Releasing Party under the Combined Disclosure Statement and Plan**.  If you do not check this box and return this form as set forth herein, you will be deemed to consent to the releases set forth in Article XIV.D.2 of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law.

**<u>Item 1</u>**:

☐        The undersigned elects <u>not</u> to grant the releases contained in Article XIV.D.2 of the Combined Disclosure Statement and Plan.

**<u>Item 2</u>**:

By signing below, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to execute this Release Opt-Out Election Form on behalf of the creditor named below:

Name:_____

           (Print or Type)

Signature:_____

By:_____

           (If Appropriate)

Title:_____

           (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Email: _____

Date Completed: _____

## <u>INSTRUCTIONS FOR COMPLETING THE RELEASE OPT-OUT ELECTION FORM</u>

A.     In Item 1 above, check the box if you elect to opt-out of the releases contained in Article XIV.D.2 of the Combined Disclosure Statement and Plan.

B.     Review and sign the acknowledgments in Item 2 above.  Please be sure to sign and date where indicated.  Your signature is required for your Release Opt-Out Election Form to be valid.

C.     **Return your Release Opt-Out Election Form so it is *received* by the Voting Agent on or before April  29, 2024 at 4:00 p.m. (prevailing Central Time).**

D.     Mail in the Release Opt-Out Election Form in the return envelope provided by <u>*one*</u> of the following methods:

<u>If by First Class Mail</u>:
Mercy Hospital, Iowa City, Iowa
c/o Epiq Ballot Processing Center
P.O. Box 4422
Beaverton, OR 97076-4422

<u>If by Overnight Courier or Hand Delivery</u>:
Mercy Hospital, Iowa City, Iowa
c/o Epiq Ballot Processing Center
10300 SW Allen Boulevard
Beaverton, OR 97005

## <u>EXHIBIT C-1 TO SOLICITATION PROCEDURES ORDER</u>

**Beneficial Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) | Case No. 23-00623 (TJC) |
| Debtors. | ) ) | Jointly Administered |
| | ) ) ) | **Related to Docket No. 760** |

## BENEFICIAL HOLDER BALLOT FOR CLASS 1-A (BONDHOLDER CLAIMS – SERIES 2018 BONDS) AND CLASS 4 (BONDHOLDER DEFICIENCY CLAIMS) ACCEPTING OR REJECTING THE DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof and all exhibits thereto and as amended, supplemented, or otherwise modified, the "Plan", and together with the Disclosure Statement, as amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan").[1]

This Beneficial Holder Ballot is being sent to the Holder of the Bondholder Claim as classified under the Combined Disclosure Statement and Plan. This Beneficial Holder Ballot is to be used by the Holder of the Bondholder Claim to vote to accept or reject the Plan. Confirmation of the Plan requires the affirmative vote to accept the Plan from the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class that actually vote on the Plan. If the required votes are received and the Court confirms the Plan, it will be binding on you. To have your vote count, you must complete and return this Ballot to your Nominee so that your Nominee has sufficient time to include your vote on a Master Ballot submitted to the Voting Agent **by 4:00 p.m. (prevailing Central Time) on April 29, 2024** (the "Voting Deadline").

Please carefully read the enclosed Combined Disclosure Statement and Plan and follow the enclosed instructions for completing this Beneficial Holder Ballot. If you believe you have received this Beneficial Holder Ballot in error, if you believe that you have received the wrong Beneficial Holder Ballot, or if you believe you are a Holder of a Claim in more than one Class entitled to vote to accept or reject the Plan and have not received a Ballot for each such Class, please contact the Voting Agent immediately. If you have any questions regarding this Beneficial

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

Holder Ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Voting Agent by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; or (b) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.

You may wish to seek legal or other professional advice concerning the proposals related to the Combined Disclosure Statement and Plan. The Voting Agent is not authorized to provide legal advice.

---

**IMPORTANT**

**BEFORE YOU VOTE YOU SHOULD REVIEW THE ACCOMPANYING COMBINED DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM IS TREATED AS THE BONDHOLDER CLAIM – SERIES 2018 BONDS (CLASS 1-A) UNDER THE PLAN. TO THE EXTENT THAT SUCH CLASS 1-A CLAIM DOES NOT RECOVER THE ENTIRE ALLOWED AMOUNT UNDER THE PLAN, THE REMAINDER OF YOUR CLAIM SHALL BE TREATED AS A BONDHOLDER DEFICIENCY CLAIM (CLASS 4).**

**YOU CAN CAST YOUR VOTE THROUGH THIS BENEFICIAL HOLDER BALLOT AND RETURN IT TO YOUR BROKER, BANK, OR OTHER NOMINEE, OR THE AGENT OF SUCH BROKER, BANK, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "<u>NOMINEE</u>"), IN EACH CASE AS OF THE VOTING RECORD DATE, IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE, WHO WILL THEN PROCESS YOUR VOTE AND INCLUDE IT ON A MASTER BALLOT (A "<u>MASTER BALLOT</u>") THAT YOUR NOMINEE WILL RETURN TO THE VOTING AGENT. IN ORDER FOR YOUR VOTE TO COUNT, YOUR BENEFICIAL HOLDER BALLOT MUST BE COMPLETED AND RETURNED TO YOUR NOMINEE IN ACCORDANCE WITH YOUR NOMINEE'S INSTRUCTIONS, IN ALL CASES ALLOWING SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE AND PROCESS YOUR COMPLETED BENEFICIAL HOLDER BALLOT, THEN COMPLETE AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL HOLDER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY (A) EMAILING MERCYINFO@EPIQGLOBAL.COM AND REFERENCING "MERCY HOSPITAL" IN THE SUBJECT LINE; (B) CALLING (888) 318-5044 (TOLL-FREE) OR (503) 451-6294 (IF CALLING FROM OUTSIDE THE U.S. OR CANADA); OR (C) WRITING TO THE FOLLOWING ADDRESS: MERCY HOSPITAL, IOWA CITY, IOWA, C/O EPIQ BALLOT PROCESSING CENTER, 10300 SW ALLEN BOULEVARD, BEAVERTON, OR 97005.**

---

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

---

**HOW TO VOTE**

1.   CAREFULLY REVIEW AND COMPLETE ITEMS 1, 2, 3, 4, AND 5.

2.   REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.

3.   <u>SIGN AND DATE</u> YOUR BENEFICIAL HOLDER BALLOT.  Please provide your name and mailing address in the space provided on this Beneficial Holder Ballot.[2]

4.   You can cast your vote through this Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of such broker, bank, or other nominee (each of the foregoing, a "<u>Nominee</u>"), in each case as of the Voting Record Date, in accordance with the instructions provided by your Nominee, who will then process your vote and include it on a master ballot (a "<u>Master Ballot</u>") that your Nominee will return to the Voting Agent.  In order for your vote to count, your Beneficial Holder Ballot must be completed and returned to your Nominee in accordance with your Nominee's instructions, in all cases allowing sufficient time for your Nominee to receive and process your completed Beneficial Holder Ballot, then complete and return the Master Ballot to the Voting Agent before the Voting Deadline.

   (*Note: Additional Instructions for Completing Your Beneficial Holder Ballot are Set Forth Below*)

   To ensure your vote is counted, you must: (a) complete the Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Holder Ballot; and (c) sign and return the Beneficial Holder Ballot in accordance with the instructions provided by your Nominee.

   Please note that you must vote the entire Claim you hold to accept or reject the Plan.  For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your Claim in your vote.  You may not split your vote.

   An authorized signatory of the Holder of the Bondholder Claim and Bondholder Deficiency Claim may execute this Beneficial Holder Ballot, but must provide the name and address of the Holder of such Bondholder Claim and Bondholder Deficiency Claim on this Beneficial Holder Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of the Holder of the Bondholder Claim and Bondholder Deficiency Claim.

   You must provide all of the information requested by this Beneficial Holder Ballot. Failure to do so may result in the disqualification of your vote.

---

[2]   If you are signing this Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such

3

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

**VOTING — COMPLETE THIS SECTION**

**Item 1.**        **Certification Of Authority To Vote.**

The undersigned hereby certifies that as of **March 25, 2024** (the "Voting Record Date"), the undersigned is the Holder (or authorized signatory for such Holder) of the Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claim against the Debtors in the below-listed amount[3]:

Outstanding Principal Amount of Series 2018 Bonds:        _____

**Item 2.**        **Vote.**

The undersigned Holder of the Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claim set forth in Item 1 votes as follows (**check one box only – if you do not check a box, or if you check both boxes, your vote will not be counted**):

☐ to **ACCEPT** the Plan                ☐ to **REJECT** the Plan

Please note that you are voting all of your Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claim either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your Ballot with respect to this Item 2 will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes above, your Ballot with respect to this Item 2 will not be counted.

**Item 3.**        **Important Information Regarding the Releases by Holders of Claims and Interests of the Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.**

The Plan contains a series of releases that are part of the overall liquidation and wind-down set forth in the Plan. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article XIV of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases.

**ARTICLE XIV.D.2 OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY RELEASE (THE "THIRD-PARTY RELEASE") BY THE RELEASING PARTIES:**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, and**

---

capacity when signing and, if required or requested by the Voting Agent, the Debtors, the Debtors' counsel, or the Court, you must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

[3]    For voting purposes only, subject to tabulation rules and procedures.

4

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

discharge the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission in connection with, relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' operations, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the Series 2011 Bonds, the Series 2018 Bonds, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Plan Support Agreement, or the Combined Disclosure Statement and Plan, and the administration, formulation, preparation, dissemination, solicitation, negotiation, consummation, and implementation of any of the foregoing or any contract, instrument, release, or other agreement, understanding, accord, course of dealing, or document created or entered into in connection with or evidencing any of the foregoing, whether or not accrued, arising or having occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or otherwise, that may be based in whole or part on any act, omission, transaction, agreement, understanding, course of dealing, event or other occurrence or omission taking place on or prior to the Effective Date.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

Under the Plan, "Releasing Parties" means the following Entities, each in their respective capacities as such: (a) each Holder of a Claim that (i) votes to accept the Plan or (ii) either (1) abstains from voting or (2) votes to reject the Plan and, in the case of either (1) or (2), does not opt out of the voluntary release by checking the opt-out box on the applicable Ballot, and returning it in accordance with the instructions set forth thereon, indicating that they are electing to opt out of granting the releases provided in the Plan; (b) each Holder of a Claim that is deemed to accept the Plan or is otherwise Unimpaired under the Plan and who does not opt out of the voluntary release by checking the opt out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan; and (c) each Holder of a Claim that is deemed to reject the Plan or is otherwise Impaired under the Plan and who does not opt out of the voluntary release by checking the opt-out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan.

Under the Plan, "Released Parties" means, collectively, the following Entities, each in their capacity as such: (a) the Debtors; (b) the UCC and each of its members (only in their capacity as such); (c) the Pension Committee and each of its members (only in their capacity as such); (d) the Bondholder Representatives; (e) the Foundation; (f) the Sisters of Mercy;

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

and (g) with respect to any such Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders, affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, affiliates, partners, principals, members, management companies, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors; *provided, however,* that Released Parties shall not include former officers and directors of the Debtors but shall include any of the Debtors' directors and officers that served in such role at any time between the Petition Date and the Effective Date; *provided further* that Released Parties shall not include MercyOne.

**ARTICLE XIV.E OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "<u>EXCULPATION</u>"):**

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan.

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no Holder of a Claim or an Interest, no other party-in-interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, and none of their respective successors or assigns, shall have any right of action against the Exculpated Parties for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction). For the avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

**ARTICLE XIV.F OF THE PLAN ESTABLISHES AN INJUNCTION (THE "INJUNCTION"):**

Effective as of the Effective Date, all Persons and Entities that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, or liability of any nature whatsoever, that is released pursuant to this Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (other than actions to enforce any rights or obligations under the Combined Disclosure Statement and Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum against or affecting the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iii) creating, perfecting, or in any way enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated, impaired, or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Combined Disclosure Statement and Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim, or Cause of Action released pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan and Confirmation Order, or (C) Avoidance Actions against any Holder of a Claim that is Allowed or any Avoidance Action released by the Plan. Additionally, unless otherwise explicitly stated in the Combined Disclosure Statement and Plan, in furtherance of the releases granted by the Plan or Confirmation Order, the injunction contemplated by this paragraph shall prohibit the assertion against the Liquidation Trust and the Liquidation Trustee of all Claims or Interests, if any, related to the Debtors.

Confirmation of the Plan shall further have the effect of permanently enjoining all Persons and Entities from obtaining (i) any documents or other materials from current counsel for the Debtors that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtors, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such documents or other materials, (ii) any documents or other materials from current counsel for the UCC or Pension Committee, as applicable, that are in the possession of such counsel as a result of or arising in any way out of its representation of the UCC or Pension Committee, as applicable, or (iii) Books and Records,

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

*provided, however*, that the Liquidation Trustee shall be entitled to obtain any such Books and Records.

## OPTIONAL OPT-OUT ELECTION

If you vote to accept the Plan, you shall be deemed to have consented to the Third-Party Release, the Exculpation, and the Injunction provisions set forth above. If you do not consent to the Third-Party Release, the Exculpation, and the Injunction provisions, you may elect not to grant such releases but only if you (1) vote to reject the Plan in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot, or (2) abstain from voting by not casting a vote in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN ARTICLE XIV.D.2 OF THE PLAN AND YOU CANNOT OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU (1) ABSTAIN FROM VOTING ON THE PLAN OR (2) VOTE TO REJECT THE PLAN AND, IN EITHER CASE, DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AS SET FORTH IN ARTICLE XIV OF THE PLAN.

The Holder of the Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claim set forth in Item 1 elects to:

☐ Opt Out of the Third-Party Release

**Item 4.**       **Certifications as to Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims Held in Additional Accounts with Other Nominees.**

By completing and returning this Beneficial Holder Ballot, the undersigned Beneficial Holder certifies that either: (a) it has not submitted any other Ballots in respect of its Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims held in other accounts or other record names, or (b) it has provided the information specified in the following table for all other Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan to the extent such Claims are in the same Class (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLASS 1-A BONDHOLDER CLAIMS – SERIES 2018 BONDS AND CLASS 4 BONDHOLDER DEFICIENCY CLAIMS ON A BALLOT OTHER THAN THIS BALLOT.

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

| Account Number or Beneficial Holder Name of Other Claims Voted | Name of Record Holder or Nominee | Principal Amount of Other Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims Voted | CUSIP of Other Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims Voted |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

To be counted, a Beneficial Holder must vote ALL of its Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims either to accept or reject the Plan. No split votes will be permitted.

**Item 5.     Authorization.**

By returning this Beneficial Holder Ballot, the undersigned Holder of the Bondholder Claim and Bondholder Deficiency Claim hereby certifies that:

(i)     as of the Voting Record Date, the undersigned is the Holder of the Bondholder Claim – Series 2018 Bonds (Class 1-A) and Bondholder Deficiency Claim (Class 4) set forth in Item 1 above and has full power and authority to vote to accept or reject the Plan. To the extent the undersigned is voting on behalf of the actual Holder of a Claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request;

(ii)     the undersigned (a) has received a copy of solicitation materials, including the Combined Disclosure Statement and Plan, and (b) understands that the solicitation and tabulation of votes for the Plan is subject to all the terms and conditions set forth in the Combined Disclosure Statement and Plan;

(iii)     the undersigned has cast the same vote with respect to all of its Bondholder Claim – Series 2018 Bonds (Class 1-A) and Bondholder Deficiency Claims (Class 4) in connection with the Plan; and

(iv)     (a) no other Beneficial Holder Ballot with respect to the same Bondholder Claim – Series 2018 Bonds (Class 1-A) and Bondholder Deficiency Claim (Class 4) identified in Item 1 has been cast or (b) if any other Beneficial Holder Ballot has been cast with respect to such Bondholder Claim and Bondholder Deficiency

Claim, then any such earlier Beneficial Holder Ballots are hereby revoked and deemed to be null and void.

Name:_____

(Print or Type)

Signature:_____

By:_____

(If Appropriate)

Title:_____

(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Email: _____

Date Completed: _____

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

## <u>INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

The Debtors are soliciting your vote on the Plan described in and accompanying this Beneficial Holder Ballot.  Please review the Combined Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Beneficial Holder Ballot have the same meanings ascribed to them in the Combined Disclosure Statement and Plan.

**This Beneficial Holder Ballot does not constitute and shall not be deemed to constitute (a) a Proof of Claim; (b) an amendment to a Proof of Claim; (c) an assertion of a Claim or a waiver of any bar date or deadline to file a Proof of Claim; or (d) an admission by the Debtors of the nature, validity, or amount of any Claim.  The Debtors reserve their right to object to allowance of any Claim on any grounds under the Bankruptcy Code and applicable nonbankruptcy law.**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan.

**YOU MUST FORWARD YOUR BENEFICIAL HOLDER BALLOT TO YOUR NOMINEE WITH AMPLE TIME FOR YOUR NOMINEE TO COMPLETE THE MASTER BALLOT AND SUBMIT THE MASTER BALLOT TO THE VOTING AGENT SO THAT THE VOTING AGENT ACTUALLY RECEIVES THE MASTER BALLOT BY 4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 29, 2024, OR YOUR VOTE WILL NOT BE COUNTED.  PLEASE NOTE THAT YOUR NOMINEE MAY ESTABLISH AN EARLIER DEADLINE FOR YOU TO SUBMIT YOUR BENEFICIAL HOLDER BALLOT IN ORDER TO ALLOW ITSELF SUFFICIENT TIME TO DELIVER THE MASTER BALLOT TO THE VOTING AGENT BY THE DEADLINE NOTED ABOVE.**

The Debtors reserve the right to extend the Voting Deadline, by oral or written notice to the Voting Agent, until properly completed Beneficial Holder Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Bankruptcy Code section 1126 have been received.

To complete this Beneficial Holder Ballot properly, take the following steps:

(i)     Make sure that the information required by Item 1 has been inserted.

(ii)    Cast your vote to either accept or reject the Plan by checking the proper box (and only one box) in Item 2.

(iii)   Read Items 3, 4, and 5 carefully.

(iv)    Provide the information required by Items 4 and 5.

(v)     Sign and date your Beneficial Holder Ballot.

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims

(vi)     If you are completing this Beneficial Holder Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(vii)    Return the Beneficial Holder Ballot in accordance with the instructions provided by your Nominee.

If you have any questions regarding this Beneficial Holder Ballot or the voting procedures, or wish to receive a copy of the Combined Disclosure Statement and Plan or related materials, please contact the Voting Agent at by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; (b) calling (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada), or (c) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.  The Voting Agent is not authorized to provide legal advice.

*[Remainder of Page Intentionally Left Blank]*

## EXHIBIT C-2 TO SOLICITATION PROCEDURES ORDER

**Beneficial Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 760** |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR CLASS 1-B (BONDHOLDER CLAIMS –
SERIES 2011 BONDS) AND CLASS 4 (BONDHOLDER DEFICIENCY
CLAIMS) ACCEPTING OR REJECTING THE DEBTORS'
JOINT CHAPTER 11 PLAN OF LIQUIDATION**

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof and all exhibits thereto and as amended, supplemented, or otherwise modified, the "Plan", and together with the Disclosure Statement, as amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan").[1]

This Beneficial Holder Ballot is being sent to the Holder of the Bondholder Claim as classified under the Combined Disclosure Statement and Plan. This Beneficial Holder Ballot is to be used by the Holder of the Bondholder Claim to vote to accept or reject the Plan. Confirmation of the Plan requires the affirmative vote to accept the Plan from the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class that actually vote on the Plan. If the required votes are received and the Court confirms the Plan, it will be binding on you. To have your vote count, you must complete and return this Ballot to your Nominee so that your Nominee has sufficient time to include your vote on a Master Ballot submitted to the Voting Agent **by 4:00 p.m. (prevailing Central Time) on April 29, 2024** (the "Voting Deadline").

Please carefully read the enclosed Combined Disclosure Statement and Plan and follow the enclosed instructions for completing this Beneficial Holder Ballot. If you believe you have received this Beneficial Holder Ballot in error, if you believe that you have received the wrong Beneficial Holder Ballot, or if you believe you are a Holder of a Claim in more than one Class entitled to vote to accept or reject the Plan and have not received a Ballot for each such Class, please contact the Voting Agent immediately. If you have any questions regarding this Beneficial

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

Holder Ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Voting Agent by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; or (b) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.

You may wish to seek legal or other professional advice concerning the proposals related to the Combined Disclosure Statement and Plan.  The Voting Agent is not authorized to provide legal advice.

---

**IMPORTANT**

**BEFORE YOU VOTE YOU SHOULD REVIEW THE ACCOMPANYING COMBINED DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS.  YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.  YOUR CLAIM IS TREATED AS THE BONDHOLDER CLAIM – SERIES 2011 BONDS (CLASS 1-B) UNDER THE PLAN.  TO THE EXTENT THAT SUCH CLASS 1-B CLAIM DOES NOT RECOVER THE ENTIRE ALLOWED AMOUNT UNDER THE PLAN, THE REMAINDER OF YOUR CLAIM SHALL BE TREATED AS A BONDHOLDER DEFICIENCY CLAIM (CLASS 4).**

**YOU CAN CAST YOUR VOTE THROUGH THIS BENEFICIAL HOLDER BALLOT AND RETURN IT TO YOUR BROKER, BANK, OR OTHER NOMINEE, OR THE AGENT OF SUCH BROKER, BANK, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "<u>NOMINEE</u>"), IN EACH CASE AS OF THE VOTING RECORD DATE, IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE, WHO WILL THEN PROCESS YOUR VOTE AND INCLUDE IT ON A MASTER BALLOT (A "<u>MASTER BALLOT</u>") THAT YOUR NOMINEE WILL RETURN TO THE VOTING AGENT.  IN ORDER FOR YOUR VOTE TO COUNT, YOUR BENEFICIAL HOLDER BALLOT MUST BE COMPLETED AND RETURNED TO YOUR NOMINEE IN ACCORDANCE WITH YOUR NOMINEE'S INSTRUCTIONS, IN ALL CASES ALLOWING SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE AND PROCESS YOUR COMPLETED BENEFICIAL HOLDER BALLOT, THEN COMPLETE AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL HOLDER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY (A) EMAILING MERCYINFO@EPIQGLOBAL.COM AND REFERENCING "MERCY HOSPITAL" IN THE SUBJECT LINE; (B) CALLING (888) 318-5044 (TOLL-FREE) OR (503) 451-6294 (IF CALLING FROM OUTSIDE THE U.S. OR CANADA); OR (C) WRITING TO THE FOLLOWING ADDRESS: MERCY HOSPITAL, IOWA CITY, IOWA, C/O EPIQ BALLOT PROCESSING CENTER, 10300 SW ALLEN BOULEVARD, BEAVERTON, OR 97005.**

---

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

<div style="border:1px solid black">

## HOW TO VOTE

1.  CAREFULLY REVIEW AND COMPLETE ITEMS 1, 2, 3, 4, AND 5.

2.  REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.

3.  <u>SIGN AND DATE</u> YOUR BENEFICIAL HOLDER BALLOT.  Please provide your name and mailing address in the space provided on this Beneficial Holder Ballot.[2]

4.  You can cast your vote through this Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of such broker, bank, or other nominee (each of the foregoing, a "<u>Nominee</u>"), in each case as of the Voting Record Date, in accordance with the instructions provided by your Nominee, who will then process your vote and include it on a master ballot (a "<u>Master Ballot</u>") that your Nominee will return to the Voting Agent.  In order for your vote to count, your Beneficial Holder Ballot must be completed and returned to your Nominee in accordance with your Nominee's instructions, in all cases allowing sufficient time for your Nominee to receive and process your completed Beneficial Holder Ballot, then complete and return the Master Ballot to the Voting Agent before the Voting Deadline.

    (*Note: Additional Instructions for Completing Your Beneficial Holder Ballot are Set Forth Below*)

    To ensure your vote is counted, you must: (a) complete the Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Holder Ballot; and (c) sign and return the Beneficial Holder Ballot in accordance with the instructions provided by your Nominee.

    Please note that you must vote the entire Claim you hold to accept or reject the Plan.  For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your Claim in your vote.  You may not split your vote.

    An authorized signatory of the Holder of the Bondholder Claim and Bondholder Deficiency Claim may execute this Beneficial Holder Ballot, but must provide the name and address of the Holder of such Bondholder Claim and Bondholder Deficiency Claim on this Beneficial Holder Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of the Holder of the Bondholder Claim and Bondholder Deficiency Claim.

    You must provide all of the information requested by this Beneficial Holder Ballot.  Failure to do so may result in the disqualification of your vote.

</div>

---

[2]   If you are signing this Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

## VOTING — COMPLETE THIS SECTION

**Item 1.**     **Certification Of Authority To Vote.**

The undersigned hereby certifies that as of **March 25, 2024** (the "Voting Record Date"), the undersigned is the Holder (or authorized signatory for such Holder) of the Class 1-B Bondholder Claim – Series 2011 Bonds and Class 4 Bondholder Deficiency Claim against the Debtors in the below-listed amount[3]:

Outstanding Principal Amount of Series 2011 Bonds:     _____

**Item 2.**     **Vote.**

The undersigned Holder of the Class 1-B Bondholder Claim – Series 2011 Bonds and Class 4 Bondholder Deficiency Claim set forth in Item 1 votes as follows (**check one box only – if you do not check a box, or if you check both boxes, your vote will not be counted**):

☐ to **ACCEPT** the Plan          ☐ to **REJECT** the Plan

Please note that you are voting all of your Class 1-B Bondholder Claim – Series 2011 Bonds and Class 4 Bondholder Deficiency Claim either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your Ballot with respect to this Item 2 will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes above, your Ballot with respect to this Item 2 will not be counted.

**Item 3.**     **Important Information Regarding the Releases by Holders of Claims and Interests of the Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.**

The Plan contains a series of releases that are part of the overall liquidation and wind-down set forth in the Plan. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article XIV of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases.

**ARTICLE XIV.D.2 OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY RELEASE (THE "THIRD-PARTY RELEASE") BY THE RELEASING PARTIES:**

Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely,

---

capacity when signing and, if required or requested by the Voting Agent, the Debtors, the Debtors' counsel, or the Court, you must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

[3]     For voting purposes only, subject to tabulation rules and procedures.

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

conclusively, absolutely, unconditionally, irrevocably and forever release, waive, and discharge the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission in connection with, relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' operations, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the Series 2011 Bonds, the Series 2018 Bonds, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Plan Support Agreement, or the Combined Disclosure Statement and Plan, and the administration, formulation, preparation, dissemination, solicitation, negotiation, consummation, and implementation of any of the foregoing or any contract, instrument, release, or other agreement, understanding, accord, course of dealing, or document created or entered into in connection with or evidencing any of the foregoing, whether or not accrued, arising or having occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or otherwise, that may be based in whole or part on any act, omission, transaction, agreement, understanding, course of dealing, event or other occurrence or omission taking place on or prior to the Effective Date.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

Under the Plan, "Releasing Parties" means the following Entities, each in their respective capacities as such: (a) each Holder of a Claim that (i) votes to accept the Plan or (ii) either (1) abstains from voting or (2) votes to reject the Plan and, in the case of either (1) or (2), does not opt out of the voluntary release by checking the opt-out box on the applicable Ballot, and returning it in accordance with the instructions set forth thereon, indicating that they are electing to opt out of granting the releases provided in the Plan; (b) each Holder of a Claim that is deemed to accept the Plan or is otherwise Unimpaired under the Plan and who does not opt out of the voluntary release by checking the opt out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan; and (c) each Holder of a Claim that is deemed to reject the Plan or is otherwise Impaired under the Plan and who does not opt out of the voluntary release by checking the opt-out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan.

Under the Plan, "Released Parties" means, collectively, the following Entities, each in their capacity as such: (a) the Debtors; (b) the UCC and each of its members (only in their capacity as such); (c) the Pension Committee and each of its members (only in their capacity

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

as such); (d) the Bondholder Representatives; (e) the Foundation; (f) the Sisters of Mercy; and (g) with respect to any such Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders, affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, affiliates, partners, principals, members, management companies, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors; *provided, however*, that Released Parties shall not include former officers and directors of the Debtors but shall include any of the Debtors' directors and officers that served in such role at any time between the Petition Date and the Effective Date; *provided further* that Released Parties shall not include MercyOne.

**ARTICLE XIV.E OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "<u>EXCULPATION</u>"):**

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct  (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan.

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no Holder of a Claim or an Interest, no other party-in-interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, and none of their respective successors or assigns, shall have any right of action against the Exculpated Parties for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction).  For the

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

**ARTICLE XIV.F OF THE PLAN ESTABLISHES AN INJUNCTION (THE "INJUNCTION"):**

Effective as of the Effective Date, all Persons and Entities that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, or liability of any nature whatsoever, that is released pursuant to this Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (other than actions to enforce any rights or obligations under the Combined Disclosure Statement and Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum against or affecting the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iii) creating, perfecting, or in any way enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated, impaired, or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Combined Disclosure Statement and Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim, or Cause of Action released pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan and Confirmation Order, or (C) Avoidance Actions against any Holder of a Claim that is Allowed or any Avoidance Action released by the Plan. Additionally, unless otherwise explicitly stated in the Combined Disclosure Statement and Plan, in furtherance of the releases granted by the Plan or Confirmation Order, the injunction contemplated by this paragraph shall prohibit the assertion against the Liquidation Trust and the Liquidation Trustee of all Claims or Interests, if any, related to the Debtors.

Confirmation of the Plan shall further have the effect of permanently enjoining all Persons and Entities from obtaining (i) any documents or other materials from current counsel for the Debtors that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtors, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such documents or other materials, (ii) any documents or other materials from current counsel for the UCC or Pension Committee, as applicable,

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

**that are in the possession of such counsel as a result of or arising in any way out of its representation of the UCC or Pension Committee, as applicable, or (iii) Books and Records, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such Books and Records.**

## OPTIONAL OPT-OUT ELECTION

If you vote to accept the Plan, you shall be deemed to have consented to the Third-Party Release, the Exculpation, and the Injunction provisions set forth above.  If you do not consent to the Third-Party Release, the Exculpation, and the Injunction provisions, you may elect not to grant such releases but only if you (1) vote to reject the Plan in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot, or (2) abstain from voting by not casting a vote in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN ARTICLE XIV.D.2 OF THE PLAN AND YOU CANNOT OPT OUT OF THE THIRD-PARTY RELEASE.  IF YOU (1) ABSTAIN FROM VOTING ON THE PLAN OR (2) VOTE TO REJECT THE PLAN AND, IN EITHER CASE, DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AS SET FORTH IN ARTICLE XIV OF THE PLAN.

The Holder of the Class 1-B Bondholder Claim – Series 2011 Bonds and Class 4 Bondholder Deficiency Claim set forth in Item 1 elects to:

☐ Opt Out of the Third-Party Release

**Item 4.**      **Certifications as to Class 1-B Bondholder Claim – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims Held in Additional Accounts with Other Nominees.**

By completing and returning this Beneficial Holder Ballot, the undersigned Beneficial Holder certifies that either: (a) it has not submitted any other Ballots in respect of its Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims held in other accounts or other record names, or (b) it has provided the information specified in the following table for all other Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claim for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan to the extent such Claims are in the same Class (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLASS 1-B BONDHOLDER CLAIMS – SERIES 2011 BONDS AND CLASS 4 BONDHOLDER DEFICIENCY CLAIMS ON A BALLOT OTHER THAN THIS BALLOT.

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

| Account Number or Beneficial Holder Name of Other Claims Voted | Name of Record Holder or Nominee | Principal Amount of Other Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims Voted | CUSIP of Other Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims Voted |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

To be counted, a Beneficial Holder must vote ALL of its Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims either to accept or reject the Plan. No split votes will be permitted.

**Item 5.     Authorization.**

By returning this Beneficial Holder Ballot, the undersigned Holder of the Bondholder Claim and Bondholder Deficiency Claim hereby certifies that:

(i)     as of the Voting Record Date, the undersigned is the Holder of the Bondholder Claim – Series 2011 Bonds (Class 1-B) and Bondholder Deficiency Claim (Class 4) set forth in Item 1 above and has full power and authority to vote to accept or reject the Plan. To the extent the undersigned is voting on behalf of the actual Holder of a Claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request;

(ii)     the undersigned (a) has received a copy of solicitation materials, including the Combined Disclosure Statement and Plan, and (b) understands that the solicitation and tabulation of votes for the Plan is subject to all the terms and conditions set forth in the Combined Disclosure Statement and Plan;

(iii)     the undersigned has cast the same vote with respect to all of its Bondholder Claim – Series 2011 Bonds (Class 1-B) and Bondholder Deficiency Claims (Class 4) in connection with the Plan; and

(iv)     (a) no other Beneficial Holder Ballot with respect to the same Bondholder Claim – Series 2011 Bonds (Class 1-B) and Bondholder Deficiency Claim (Class 4) identified in Item 1 has been cast or (b) if any other Beneficial Holder Ballot has been cast with respect to such Bondholder Claim – Series 2011 Bonds and

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

Bondholder Deficiency Claim, then any such earlier Beneficial Holder Ballots are hereby revoked and deemed to be null and void.

Name:_____

(Print or Type)

Signature:_____

By:_____

(If Appropriate)

Title:_____

(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Email: _____

Date Completed: _____

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtors are soliciting your vote on the Plan described in and accompanying this Beneficial Holder Ballot.  Please review the Combined Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Beneficial Holder Ballot have the same meanings ascribed to them in the Combined Disclosure Statement and Plan.

**This Beneficial Holder Ballot does not constitute and shall not be deemed to constitute (a) a Proof of Claim; (b) an amendment to a Proof of Claim; (c) an assertion of a Claim or a waiver of any bar date or deadline to file a Proof of Claim; or (d) an admission by the Debtors of the nature, validity, or amount of any Claim.  The Debtors reserve their right to object to allowance of any Claim on any grounds under the Bankruptcy Code and applicable nonbankruptcy law.**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan.

**YOU MUST FORWARD YOUR BENEFICIAL HOLDER BALLOT TO YOUR NOMINEE WITH AMPLE TIME FOR YOUR NOMINEE TO COMPLETE THE MASTER BALLOT AND SUBMIT THE MASTER BALLOT TO THE VOTING AGENT SO THAT THE VOTING AGENT ACTUALLY RECEIVES THE MASTER BALLOT BY 4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 29, 2024, OR YOUR VOTE WILL NOT BE COUNTED.  PLEASE NOTE THAT YOUR NOMINEE MAY ESTABLISH AN EARLIER DEADLINE FOR YOU TO SUBMIT YOUR BENEFICIAL HOLDER BALLOT IN ORDER TO ALLOW ITSELF SUFFICIENT TIME TO DELIVER THE MASTER BALLOT TO THE VOTING AGENT BY THE DEADLINE NOTED ABOVE.**

The Debtors reserve the right to extend the Voting Deadline, by oral or written notice to the Voting Agent, until properly completed Beneficial Holder Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Bankruptcy Code section 1126 have been received.

To complete this Beneficial Holder Ballot properly, take the following steps:

(i)     Make sure that the information required by Item 1 has been inserted.

(ii)    Cast your vote to either accept or reject the Plan by checking the proper box (and only one box) in Item 2.

(iii)   Read Items 3, 4, and 5 carefully.

(iv)    Provide the information required by Items 4 and 5.

(v)     Sign and date your Beneficial Holder Ballot.

Mercy Hospital, Iowa City, Iowa, *et al.*
Beneficial Holder Ballot for
Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims

(vi)    If you are completing this Beneficial Holder Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(vii)   Return the Beneficial Holder Ballot in accordance with the instructions provided by your Nominee.

If you have any questions regarding this Beneficial Holder Ballot or the voting procedures, or wish to receive a copy of the Combined Disclosure Statement and Plan or related materials, please contact the Voting Agent at by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; (b) calling (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada), or (c) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.  The Voting Agent is not authorized to provide legal advice.

*[Remainder of Page Intentionally Left Blank]*

## EXHIBIT C-3 TO SOLICITATION PROCEDURES ORDER

**Ballot for Class 3 General Unsecured Claims**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 760** |
| | ) | |

### CLASS 3 BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof and all exhibits thereto and as amended, supplemented, or otherwise modified, the "Plan", and together with the Disclosure Statement, as amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan").[1]

This Ballot is being sent to the Holders of General Unsecured Claims as classified under the Combined Disclosure Statement and Plan. This Ballot is to be used by the Holders of General Unsecured Claims to vote to accept or reject the Plan. Confirmation of the Plan requires the affirmative vote to accept the Plan from the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class that actually vote on the Plan. If the required votes are received and the Court confirms the Plan, it will be binding on you. To have your vote count, you must complete and return this Ballot **by 4:00 p.m. (prevailing Central Time) on April 29, 2024** (the "Voting Deadline").

Please carefully read the enclosed Combined Disclosure Statement and Plan and follow the enclosed instructions for completing this Ballot. If you believe you have received this Ballot in error, if you believe that you have received the wrong Ballot, or if you believe you are a Holder of a Claim in more than one Class entitled to vote to accept or reject the Plan and have not received a Ballot for each such Class, please contact the Voting Agent immediately. If you have any questions regarding this Ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Voting Agent by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; or (b) writing

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Mercy Hospital, Iowa City, Iowa
Class 3 – General Unsecured Claim Ballot

to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.

You may wish to seek legal or other professional advice concerning the proposals related to the Combined Disclosure Statement and Plan.

---

**IMPORTANT**

**BEFORE YOU VOTE YOU SHOULD REVIEW THE ACCOMPANYING COMBINED DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM IS TREATED AS A GENERAL UNSECURED CLAIM (CLASS 3) UNDER THE PLAN.**

**PLEASE READ CAREFULLY AND FOLLOW THE INSTRUCTIONS ON RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR BALLOT <u>MUST BE RECEIVED</u> BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "<u>VOTING AGENT</u>") IS 4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 29, 2024 OR THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY (A) EMAILING MERCYINFO@EPIQGLOBAL.COM AND REFERENCING "MERCY HOSPITAL" IN THE SUBJECT LINE; (B) CALLING (888) 318-5044 (TOLL-FREE) OR (503) 451-6294 (IF CALLING FROM OUTSIDE THE U.S. OR CANADA); OR (C) WRITING TO THE FOLLOWING ADDRESS: MERCY HOSPITAL, IOWA CITY, IOWA, C/O EPIQ BALLOT PROCESSING CENTER, 10300 SW ALLEN BOULEVARD, BEAVERTON, OR 97005.**

---

**HOW TO VOTE**

1.   CAREFULLY REVIEW AND COMPLETE ITEMS 1, 2, 3, AND 4.
2.   REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.
3.   <u>SIGN AND DATE</u> YOUR BALLOT. Please provide your name and mailing address in the space provided on this Ballot.[2]

---

[2]   If you are signing this Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, the Debtors' counsel, or the Court, you must submit proper evidence to the requesting party of authority so to act on behalf of such Holder.

Mercy Hospital, Iowa City, Iowa
Class 3 – General Unsecured Claim Ballot

4.     RETURN THE BALLOT BY ***ONLY ONE*** OF THE FOLLOWING METHODS: (a) via the Voting Agent's online voting portal as described more fully below; (b) in the enclosed pre-paid, pre-addressed return envelope; or (c) via first class mail, overnight courier, or hand delivery to the address set forth below.

**HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

If Submitting Your Vote through the E-Balloting Portal:

To submit your Ballot via the online voting portal, please visit the Debtors' case website at https://dm.epiq11.com/MercyHospital (the "E-Ballot Portal"). Click on the "E-Ballot" link under the Case Actions section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:** _____

The Voting Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on the Voting Agent's website at https://dm.epiq11.com/mercyhospital. Your Ballot must be received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

3

Mercy Hospital, Iowa City, Iowa
Class 3 – General Unsecured Claim Ballot

If by First Class Mail:

Mercy Hospital, Iowa City, Iowa
c/o Epiq Ballot Processing Center
P.O. Box 4422
Beaverton, OR 97076-4422

If by Overnight Courier or Hand Delivery:

Mercy Hospital, Iowa City, Iowa
c/o Epiq Ballot Processing Center
10300 SW Allen Boulevard
Beaverton, OR 97005

(*Note: Additional Instructions for Completing Your Ballot Are Set Forth Below*)

To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein.  The Voting Deadline for the receipt of Ballots by the Voting Agent is **4:00 p.m. (prevailing Central Time) on April 29, 2024**.  Your completed Ballot must be received by the Voting Agent on or before the Voting Deadline.

Please note that you must vote the entire Claim you hold to accept or reject the Plan.  For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your Claim in your vote.  You may not split your vote.

An authorized signatory of a Holder of a General Unsecured Claim may execute this Ballot, but must provide the name and address of the Holder of such General Unsecured Claim on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the Holder of the General Unsecured Claim.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

*[Remainder of Page Intentionally Left Blank]*

Mercy Hospital, Iowa City, Iowa
Class 3 – General Unsecured Claim Ballot

**VOTING — COMPLETE THIS SECTION**

**Item 1.          Certification Of Authority To Vote.**

The undersigned hereby certifies that as of **March 25, 2024** (the "Voting Record Date"), the undersigned is the Holder (or authorized signatory for such Holder) of a General Unsecured Claim against the Debtors in the below-listed amount[3]:

Amount: _____

**Item 2.          Vote.**

The undersigned Holder of the Class 3 General Unsecured Claim set forth in Item 1 votes as follows (**check one box only – if you do not check a box, or if you check both boxes, your vote will not be counted**):

☐ to **ACCEPT** the Plan            ☐ to **REJECT** the Plan

Please note that you are voting all of your Class 3 General Unsecured Claim either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your Ballot with respect to this Item 2 will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes above, your Ballot with respect to this Item 2 will not be counted.

**Item 3.          Important Information Regarding the Releases by Holders of Claims and Interests of the Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.**

The Plan contains a series of releases that are part of the overall liquidation and wind-down set forth in the Plan. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article XIV of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases.

**ARTICLE XIV.D.2 OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY RELEASE (THE "THIRD-PARTY RELEASE") BY THE RELEASING PARTIES:**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, and discharge the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission in connection with,**

---

[3]     For voting purposes only, subject to tabulation rules and procedures.

relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' operations, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the Series 2011 Bonds, the Series 2018 Bonds, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Plan Support Agreement, or the Combined Disclosure Statement and Plan, and the administration, formulation, preparation, dissemination, solicitation, negotiation, consummation, and implementation of any of the foregoing or any contract, instrument, release, or other agreement, understanding, accord, course of dealing, or document created or entered into in connection with or evidencing any of the foregoing, whether or not accrued, arising or having occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or otherwise, that may be based in whole or part on any act, omission, transaction, agreement, understanding, course of dealing, event or other occurrence or omission taking place on or prior to the Effective Date.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

Under the Plan, "Releasing Parties" means the following Entities, each in their respective capacities as such: (a) each Holder of a Claim that (i) votes to accept the Plan or (ii) either (1) abstains from voting or (2) votes to reject the Plan and, in the case of either (1) or (2), does not opt out of the voluntary release by checking the opt-out box on the applicable Ballot, and returning it in accordance with the instructions set forth thereon, indicating that they are electing to opt out of granting the releases provided in the Plan; (b) each Holder of a Claim that is deemed to accept the Plan or is otherwise Unimpaired under the Plan and who does not opt out of the voluntary release by checking the opt out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan; and (c) each Holder of a Claim that is deemed to reject the Plan or is otherwise Impaired under the Plan and who does not opt out of the voluntary release by checking the opt-out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan.

Under the Plan, "Released Parties" means, collectively, the following Entities, each in their capacity as such: (a) the Debtors; (b) the UCC and each of its members (only in their capacity as such); (c) the Pension Committee and each of its members (only in their capacity as such); (d) the Bondholder Representatives; (e) the Foundation; (f) the Sisters of Mercy; and (g) with respect to any such Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders, affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, affiliates, partners, principals, members, management companies, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors; *provided, however*, that Released

Parties shall not include former officers and directors of the Debtors but shall include any of the Debtors' directors and officers that served in such role at any time between the Petition Date and the Effective Date; *provided further* that Released Parties shall not include MercyOne.

**ARTICLE XIV.E OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "<u>EXCULPATION</u>"):**

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan.

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no Holder of a Claim or an Interest, no other party-in-interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, and none of their respective successors or assigns, shall have any right of action against the Exculpated Parties for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction). For the avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

**ARTICLE XIV.F OF THE PLAN ESTABLISHES AN INJUNCTION (THE "<u>INJUNCTION</u>"):**

Effective as of the Effective Date, all Persons and Entities that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, or liability of any nature

whatsoever, that is released pursuant to this Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (other than actions to enforce any rights or obligations under the Combined Disclosure Statement and Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum against or affecting the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iii) creating, perfecting, or in any way enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated, impaired, or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Combined Disclosure Statement and Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim, or Cause of Action released pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan and Confirmation Order, or (C) Avoidance Actions against any Holder of a Claim that is Allowed or any Avoidance Action released by the Plan. Additionally, unless otherwise explicitly stated in the Combined Disclosure Statement and Plan, in furtherance of the releases granted by the Plan or Confirmation Order, the injunction contemplated by this paragraph shall prohibit the assertion against the Liquidation Trust and the Liquidation Trustee of all Claims or Interests, if any, related to the Debtors.

Confirmation of the Plan shall further have the effect of permanently enjoining all Persons and Entities from obtaining (i) any documents or other materials from current counsel for the Debtors that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtors, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such documents or other materials, (ii) any documents or other materials from current counsel for the UCC or Pension Committee, as applicable, that are in the possession of such counsel as a result of or arising in any way out of its representation of the UCC or Pension Committee, as applicable, or (iii) Books and Records, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such Books and Records.

## OPTIONAL OPT-OUT ELECTION

If you vote to accept the Plan, you shall be deemed to have consented to the Third-Party Release, the Exculpation, and the Injunction provisions set forth above. If you do not consent to the Third-Party Release, the Exculpation, and the Injunction provisions, you may elect not to grant such releases but only if you (1) vote to reject the Plan in Item 2 above, affirmatively elect to "opt out"

Mercy Hospital, Iowa City, Iowa
Class 3 – General Unsecured Claim Ballot

of being a releasing party by checking the box below, and timely return your Ballot, or (2) abstain from voting by not casting a vote in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN ARTICLE XIV.D.2 OF THE PLAN AND YOU CANNOT OPT OUT OF THE THIRD-PARTY RELEASE.  IF YOU (1) ABSTAIN FROM VOTING ON THE PLAN OR (2) VOTE TO REJECT THE PLAN AND, IN EITHER CASE, DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AS SET FORTH IN ARTICLE XIV OF THE PLAN.

The Holder of the Class 3 General Unsecured Claim set forth in Item 1 elects to:

☐ Opt Out of the Third-Party Release

**Item 4.        Authorization.**

By returning this Ballot, the undersigned Holder of the General Unsecured Claim hereby certifies that:

(i)        as of the Voting Record Date, the undersigned is the Holder of a General Unsecured Claim (Class 3) set forth in Item 1 above and has full power and authority to vote to accept or to reject the Plan.  To the extent the undersigned is voting on behalf of the actual Holder of a Claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request;

(ii)        the undersigned (a) has received a copy of solicitation materials, including the Combined Disclosure Statement and Plan, and (b) understands that the solicitation and tabulation of votes for the Plan is subject to all the terms and conditions set forth in the Combined Disclosure Statement and Plan;

(iii)        the undersigned has cast the same vote with respect to all of its General Unsecured Claim (Class 3) in connection with the Plan; and

(iv)        (a) no other Ballot with respect to the same General Unsecured Claim (Class 3) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such General Unsecured Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

Mercy Hospital, Iowa City, Iowa
Class 3 – General Unsecured Claim Ballot

Name:_____

(Print or Type)

Signature:_____

By:_____

(If Appropriate)

Title:_____

(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Email: _____

Date Completed: _____

**If you wish to update the address pre-printed on this Ballot, please send a change of address request to mercyinfo@epiqglobal.com and reference "Mercy Hospital – Change of Address" in the subject line.**

Mercy Hospital, Iowa City, Iowa
Class 3 – General Unsecured Claim Ballot

## **INSTRUCTIONS FOR COMPLETING THE BALLOT**

The Debtors are soliciting your vote on the Plan described in and accompanying this Ballot. Please review the Combined Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the same meanings ascribed to them in the Combined Disclosure Statement and Plan.

**This Ballot does not constitute and shall not be deemed to constitute (a) a Proof of Claim; (b) an amendment to a Proof of Claim; (c) an assertion of a Claim or a waiver of any bar date or deadline to file a Proof of Claim; or (d) an admission by the Debtors of the nature, validity, or amount of any Claim. The Debtors reserve their right to object to allowance of any Claim on any grounds under the Bankruptcy Code and applicable nonbankruptcy law.**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan.

To ensure your vote is counted, you must complete, sign, and return this Ballot by one of the following methods so that it is actually received by the Voting Agent prior to **April 29, 2024, at 4:00 p.m. (prevailing Central Time)** (the "Voting Deadline") or your vote will not be counted: (a) in the enclosed pre-paid, pre-addressed return envelope; (b) via first class mail, overnight courier, or hand delivery to the address set forth below; or (c) via electronic submission through the E-Ballot portal at https://dm.epiq11.com/mercyhospital.

| If by First Class Mail: | If by Overnight Courier or Hand Delivery: |
|---|---|
| Mercy Hospital, Iowa City, Iowa<br>c/o Epiq Ballot Processing Center<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Mercy Hospital, Iowa City, Iowa<br>c/o Epiq Ballot Processing Center<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

If a Ballot is received after the Voting Deadline, it will not be counted. Delivery by facsimile, e-mail, or other electronic means (other than through the Voting Agent's E-Ballot portal) will not be accepted.

The Debtors reserve the right to extend the Voting Deadline, by oral or written notice to the Voting Agent, until properly completed Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Bankruptcy Code section 1126 have been received.

To complete this Ballot properly, take the following steps:

(i)     Make sure that the information required by Item 1 has been inserted.

(ii)     Cast your vote to either accept or reject the Plan by checking the proper box (and only one box) in Item 2.

Mercy Hospital, Iowa City, Iowa
Class 3 – General Unsecured Claim Ballot

(iii)    Read Items 3 and 4 carefully.

(iv)    Provide the information required by Item 4.

(v)    Sign and date your Ballot.

(vi)    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(viii)    Return the Ballot to the Voting Agent: (a) in the enclosed pre-paid, pre-addressed return envelope; (b) via first class mail, overnight courier, or hand delivery to the address set forth above; or (c) via electronic submission through the E-Ballot Portal at https://dm.epiq11.com/mercyhospital.

## **PLEASE RETURN YOUR BALLOT PROMPTLY**

If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Combined Disclosure Statement and Plan or related materials, please contact the Voting Agent at by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; (b) calling (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada), or (c) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.  The Voting Agent is not authorized to provide legal advice.

*[Remainder of Page Intentionally Left Blank]*

## <u>EXHIBIT C-4 TO SOLICITATION PROCEDURES ORDER</u>

**Ballot for Class 5 Pension Claims**

Mercy Hospital, Iowa City, Iowa
Class 5 – Pension Claim Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 760** |
| | ) | |

### CLASS 5 BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS'
### JOINT CHAPTER 11 PLAN OF LIQUIDATION

Mercy Hospital, Iowa City, Iowa ("<u>Mercy</u>") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the disclosure statement portion thereof, the "<u>Disclosure Statement</u>" and the chapter 11 plan portion thereof and all exhibits thereto and as amended, supplemented, or otherwise modified, the "<u>Plan</u>", and together with the Disclosure Statement, as amended, supplemented, or otherwise modified, the "<u>Combined Disclosure Statement and Plan</u>").[1]

This Ballot is being sent to the Holders of Pension Claims as classified under the Combined Disclosure Statement and Plan. This Ballot is to be used by the Holders of Pension Claims to vote to accept or reject the Plan. Confirmation of the Plan requires the affirmative vote to accept the Plan from the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class that actually vote on the Plan. If the required votes are received and the Court confirms the Plan, it will be binding on you. To have your vote count, you must complete and return this Ballot **by 4:00 p.m. (prevailing Central Time) on April 29, 2024** (the "<u>Voting Deadline</u>").

Please carefully read the enclosed Combined Disclosure Statement and Plan and follow the enclosed instructions for completing this Ballot. If you believe you have received this Ballot in error, if you believe that you have received the wrong Ballot, or if you believe you are a Holder of a Claim in more than one Class entitled to vote to accept or reject the Plan and have not received a Ballot for each such Class, please contact the Voting Agent immediately. If you have any questions regarding this Ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Voting Agent by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; or (b) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Mercy Hospital, Iowa City, Iowa
Class 5 – Pension Claim Ballot

You may wish to seek legal or other professional advice concerning the proposals related to the Combined Disclosure Statement and Plan.

---

**IMPORTANT**

**BEFORE YOU VOTE YOU SHOULD REVIEW THE ACCOMPANYING COMBINED DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS.  YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.  YOUR CLAIM IS TREATED AS A PENSION CLAIM (CLASS 5) UNDER THE PLAN.**

**PLEASE READ CAREFULLY AND FOLLOW THE INSTRUCTIONS ON RETURNING YOUR BALLOT.  THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE RECEIVED BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "VOTING AGENT") IS 4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 29, 2024 OR THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY (A) EMAILING MERCYINFO@EPIQGLOBAL.COM AND REFERENCING "MERCY HOSPITAL" IN THE SUBJECT LINE; (B) CALLING (888) 318-5044 (TOLL-FREE) OR (503) 451-6294 (IF CALLING FROM OUTSIDE THE U.S. OR CANADA); OR (C) WRITING TO THE FOLLOWING ADDRESS: MERCY HOSPITAL, IOWA CITY, IOWA, C/O EPIQ BALLOT PROCESSING CENTER, 10300 SW ALLEN BOULEVARD, BEAVERTON, OR 97005.**

---

**HOW TO VOTE**

1. CAREFULLY REVIEW AND COMPLETE ITEMS 1, 2, 3, AND 4.
2. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.
3. <u>SIGN AND DATE</u> YOUR BALLOT.  Please provide your name and mailing address in the space provided on this Ballot.[2]

---

[2]   If you are signing this Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, the Debtors' counsel, or the Court, you must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

Mercy Hospital, Iowa City, Iowa
Class 5 – Pension Claim Ballot

4.      RETURN THE BALLOT BY *ONLY ONE* OF THE FOLLOWING METHODS: (a) via the Voting Agent's online voting portal as described more fully below; (b) in the enclosed pre-paid, pre-addressed return envelope; or (c) via first class mail, overnight courier, or hand delivery to the address set forth below.

**HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

If Submitting Your Vote through the E-Balloting Portal:

To submit your Ballot via the online voting portal, please visit the Debtors' case website at https://dm.epiq11.com/MercyHospital (the "E-Ballot Portal"). Click on the "E-Ballot" link under the Case Actions section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot**:

**Unique E-Ballot ID#**: _____

The Voting Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on the Voting Agent's website at https://dm.epiq11.com/mercyhospital.  Your Ballot must be received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Creditors who cast a Ballot using the Voting Agent's online voting portal should NOT also submit a hard copy Ballot.

Mercy Hospital, Iowa City, Iowa
Class 5 – Pension Claim Ballot

If by First Class Mail:

    Mercy Hospital, Iowa City, Iowa
    c/o Epiq Ballot Processing Center
    P.O. Box 4422
    Beaverton, OR 97076-4422

If by Overnight Courier or Hand Delivery:

    Mercy Hospital, Iowa City, Iowa
    c/o Epiq Ballot Processing Center
    10300 SW Allen Boulevard
    Beaverton, OR 97005

(*Note: Additional Instructions for Completing Your Ballot Are Set Forth Below*)

To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein. The Voting Deadline for the receipt of Ballots by the Voting Agent is **4:00 p.m. (prevailing Central Time) on April 29, 2024**. Your completed Ballot must be received by the Voting Agent on or before the Voting Deadline.

Please note that you must vote the entire Claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your Claim in your vote. You may not split your vote.

An authorized signatory of a Holder of a Pension Claim may execute this Ballot, but must provide the name and address of the Holder of such Pension Claim on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the Holder of the Pension Claim.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

*[Remainder of Page Intentionally Left Blank]*

Mercy Hospital, Iowa City, Iowa
Class 5 – Pension Claim Ballot

**VOTING — COMPLETE THIS SECTION**

**Item 1.        Certification Of Authority To Vote.**

The undersigned hereby certifies that as of **March 25, 2024** (the "Voting Record Date"), the undersigned is the Holder (or authorized signatory for such Holder) of a Pension Claim against the Debtors in the below-listed amount[3]:

Amount:        _____

**Item 2.        Vote.**

The undersigned Holder of the Class 5 Pension Claim set forth in Item 1 votes as follows (**check one box only – if you do not check a box, or if you check both boxes, your vote will not be counted**):

☐ to **ACCEPT** the Plan                ☐ to **REJECT** the Plan

Please note that you are voting all of your Class 5 Pension Claim either to accept or reject the Plan. You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your Ballot with respect to this Item 2 will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes above, your Ballot with respect to this Item 2 will not be counted.

**Item 3.        Important Information Regarding the Releases by Holders of Claims and Interests of the Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.**

The Plan contains a series of releases that are part of the overall liquidation and wind-down set forth in the Plan. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article XIV of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases.

**ARTICLE XIV.D.2 OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY RELEASE (THE "THIRD-PARTY RELEASE") BY THE RELEASING PARTIES:**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, and discharge the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission in connection with,**

---

[3]    For voting purposes only, subject to tabulation rules and procedures.

relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' operations, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the Series 2011 Bonds, the Series 2018 Bonds, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Plan Support Agreement, or the Combined Disclosure Statement and Plan, and the administration, formulation, preparation, dissemination, solicitation, negotiation, consummation, and implementation of any of the foregoing or any contract, instrument, release, or other agreement, understanding, accord, course of dealing, or document created or entered into in connection with or evidencing any of the foregoing, whether or not accrued, arising or having occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or otherwise, that may be based in whole or part on any act, omission, transaction, agreement, understanding, course of dealing, event or other occurrence or omission taking place on or prior to the Effective Date.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

Under the Plan, "Releasing Parties" means the following Entities, each in their respective capacities as such: (a) each Holder of a Claim that (i) votes to accept the Plan or (ii) either (1) abstains from voting or (2) votes to reject the Plan and, in the case of either (1) or (2), does not opt out of the voluntary release by checking the opt-out box on the applicable Ballot, and returning it in accordance with the instructions set forth thereon, indicating that they are electing to opt out of granting the releases provided in the Plan; (b) each Holder of a Claim that is deemed to accept the Plan or is otherwise Unimpaired under the Plan and who does not opt out of the voluntary release by checking the opt out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan; and (c) each Holder of a Claim that is deemed to reject the Plan or is otherwise Impaired under the Plan and who does not opt out of the voluntary release by checking the opt-out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan.

Under the Plan, "Released Parties" means, collectively, the following Entities, each in their capacity as such: (a) the Debtors; (b) the UCC and each of its members (only in their capacity as such); (c) the Pension Committee and each of its members (only in their capacity as such); (d) the Bondholder Representatives; (e) the Foundation; (f) the Sisters of Mercy; and (g) with respect to any such Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders, affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, affiliates, partners, principals, members, management companies, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors; *provided, however*, that Released

Parties shall not include former officers and directors of the Debtors but shall include any of the Debtors' directors and officers that served in such role at any time between the Petition Date and the Effective Date; *provided further* that Released Parties shall not include MercyOne.

**ARTICLE XIV.E OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "<u>EXCULPATION</u>"):**

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct  (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan.

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no Holder of a Claim or an Interest, no other party-in-interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, and none of their respective successors or assigns, shall have any right of action against the Exculpated Parties for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction).  For the avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

**ARTICLE XIV.F OF THE PLAN ESTABLISHES AN INJUNCTION (THE "<u>INJUNCTION</u>"):**

Effective as of the Effective Date, all Persons and Entities that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, or liability of any nature

whatsoever, that is released pursuant to this **Combined Disclosure Statement and Plan**, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (other than actions to enforce any rights or obligations under the **Combined Disclosure Statement and Plan**): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum against or affecting the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iii) creating, perfecting, or in any way enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated, impaired, or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the **Combined Disclosure Statement and Plan**; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim, or Cause of Action released pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan and Confirmation Order, or (C) Avoidance Actions against any Holder of a Claim that is Allowed or any Avoidance Action released by the Plan. Additionally, unless otherwise explicitly stated in the **Combined Disclosure Statement and Plan**, in furtherance of the releases granted by the Plan or Confirmation Order, the injunction contemplated by this paragraph shall prohibit the assertion against the Liquidation Trust and the Liquidation Trustee of all Claims or Interests, if any, related to the Debtors.

Confirmation of the Plan shall further have the effect of permanently enjoining all Persons and Entities from obtaining (i) any documents or other materials from current counsel for the Debtors that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtors, *provided, however,* that the Liquidation Trustee shall be entitled to obtain any such documents or other materials, (ii) any documents or other materials from current counsel for the UCC or Pension Committee, as applicable, that are in the possession of such counsel as a result of or arising in any way out of its representation of the UCC or Pension Committee, as applicable, or (iii) Books and Records, *provided, however,* that the Liquidation Trustee shall be entitled to obtain any such Books and Records.

## OPTIONAL OPT-OUT ELECTION

If you vote to accept the Plan, you shall be deemed to have consented to the Third-Party Release, the Exculpation, and the Injunction provisions set forth above. If you do not consent to the Third-Party Release, the Exculpation, and the Injunction provisions, you may elect not to grant such releases but only if you (1) vote to reject the Plan in Item 2 above, affirmatively elect to "opt out"

of being a releasing party by checking the box below, and timely return your Ballot, or (2) abstain from voting by not casting a vote in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN ARTICLE XIV.D.2 OF THE PLAN AND YOU CANNOT OPT OUT OF THE THIRD-PARTY RELEASE.  IF YOU (1) ABSTAIN FROM VOTING ON THE PLAN OR (2) VOTE TO REJECT THE PLAN AND, IN EITHER CASE, DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AS SET FORTH IN ARTICLE XIV OF THE PLAN.

The Holder of the Class 5 Pension Claim set forth in Item 1 elects to:

☐ Opt Out of the Third-Party Release

**Item 4.**       **Authorization.**

By returning this Ballot, the undersigned Holder of the Pension Claim hereby certifies that:

(i)     as of the Voting Record Date, the undersigned is the Holder of a Pension Claim (Class 5) set forth in Item 1 above and has full power and authority to vote to accept or to reject the Plan.  To the extent the undersigned is voting on behalf of the actual Holder of a Claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request;

(ii)    the undersigned (a) has received a copy of solicitation materials, including the Combined Disclosure Statement and Plan, and (b) understands that the solicitation and tabulation of votes for the Plan is subject to all the terms and conditions set forth in the Combined Disclosure Statement and Plan;

(iii)   the undersigned has cast the same vote with respect to all of its Pension Claim (Class 5) in connection with the Plan; and

(iv)    (a) no other Ballot with respect to the same Pension Claim (Class 5) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Pension Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

Mercy Hospital, Iowa City, Iowa
Class 5 – Pension Claim Ballot

Name:_____

            (Print or Type)

Signature:_____

By:_____

            (If Appropriate)

Title:_____

            (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Email: _____

Date Completed: _____

**If you wish to update the address pre-printed on this Ballot, please send a change of address request to mercyinfo@epiqglobal.com and reference "Mercy Hospital – Change of Address" in the subject line.**

Mercy Hospital, Iowa City, Iowa
Class 5 – Pension Claim Ballot

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtors are soliciting your vote on the Plan described in and accompanying this Ballot. Please review the Combined Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the same meanings ascribed to them in the Combined Disclosure Statement and Plan.

**This Ballot does not constitute and shall not be deemed to constitute (a) a Proof of Claim; (b) an amendment to a Proof of Claim; (c) an assertion of a Claim or a waiver of any bar date or deadline to file a Proof of Claim; or (d) an admission by the Debtors of the nature, validity, or amount of any Claim. The Debtors reserve their right to object to allowance of any Claim on any grounds under the Bankruptcy Code and applicable nonbankruptcy law.**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan.

To ensure your vote is counted, you must complete, sign, and return this Ballot by one of the following methods so that it is actually received by the Voting Agent prior to **April 29, 2024, at 4:00 p.m. (prevailing Central Time)** (the "Voting Deadline") or your vote will not be counted: (a) in the enclosed pre-paid, pre-addressed return envelope; (b) via first class mail, overnight courier, or hand delivery to the address set forth below; or (c) via electronic submission through the E-Ballot portal at https://dm.epiq11.com/mercyhospital.

| If by First Class Mail: | If by Overnight Courier or Hand Delivery: |
|---|---|
| Mercy Hospital, Iowa City, Iowa c/o Epiq Ballot Processing Center P.O. Box 4422 Beaverton, OR 97076-4422 | Mercy Hospital, Iowa City, Iowa c/o Epiq Ballot Processing Center 10300 SW Allen Blvd. Beaverton, OR 97005 |

If a Ballot is received after the Voting Deadline, it will not be counted. Delivery by facsimile, e-mail, or other electronic means (other than through the Voting Agent's E-Ballot portal) will not be accepted.

The Debtors reserve the right to extend the Voting Deadline, by oral or written notice to the Voting Agent, until properly completed Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Bankruptcy Code section 1126 have been received.

To complete this Ballot properly, take the following steps:

(i)     Make sure that the information required by Item 1 has been inserted.

(ii)    Cast your vote to either accept or reject the Plan by checking the proper box (and only one box) in Item 2.

11

Mercy Hospital, Iowa City, Iowa
Class 5 – Pension Claim Ballot

(iii)    Read Items 3 and 4 carefully.

(iv)    Provide the information required by Item 4.

(v)     Sign and date your Ballot.

(vi)    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(viii)   Return the Ballot to the Voting Agent: (a) in the enclosed pre-paid, pre-addressed return envelope; (b) via first class mail, overnight courier, or hand delivery to the address set forth above; or (c) via electronic submission through the E-Ballot Portal at https://dm.epiq11.com/mercyhospital.

## **PLEASE RETURN YOUR BALLOT PROMPTLY**

    If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Combined Disclosure Statement and Plan or related materials, please contact the Voting Agent at by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; (b) calling (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada), or (c) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.  The Voting Agent is not authorized to provide legal advice.

*[Remainder of Page Intentionally Left Blank]*

12

## <u>EXHIBIT C-5 TO SOLICITATION PROCEDURES ORDER</u>

**Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 760** |
| | ) | |

**MASTER BALLOT FOR CLASS 1-A (BONDHOLDER CLAIMS – SERIES 2018
BONDS) AND CLASS 4 (BONDHOLDER DEFICIENCY CLAIMS) ACCEPTING OR
REJECTING THE DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
> APRIL 29, 2024 AT 4:00 P.M. (PREVAILING CENTRAL TIME)**

This master ballot (the "Master Ballot") is being submitted to brokers, dealers, commercial banks, trust companies, or other agent nominees ("Nominees") of beneficial holders of certain Claims (each a "Beneficial Holder") against Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), in connection with the Debtors' solicitation of votes to accept or reject the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof and all exhibits thereto and as amended, supplemented, or otherwise modified, the "Plan", and together with the Disclosure Statement, as amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan").[1]

The Plan provides information to assist Holders of Claims in deciding whether to accept or reject the Plan. If you or a Beneficial Holder of a Class 1-A Bondholder Claim – Series 2018 Bonds and Class 4 Bondholder Deficiency Claim (as defined herein) does not have a copy of the Plan, please contact the Voting Agent by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; or (b) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.

This Master Ballot is being submitted to Nominees of Beneficial Holders, as of March 25, 2024 (the "Voting Record Date"), of any Claim on account of, arising under, or based on the Health Facilities Revenue Bonds, Series 2018 (Mercy Hospital Project), which CUSIPs are indicated on Exhibit A hereto.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

Nominees should use this Master Ballot to tabulate votes on behalf of Beneficial Holders of Bondholder Claims and Bondholder Deficiency Claims to accept or reject the Plan.

Upon receipt of these materials, you should <u>immediately</u> forward to the Beneficial Holders the Plan and the form of ballot for such Holders (the "<u>Beneficial Holder Ballot</u>") with a return envelope addressed to you, as provided in the attached instructions, if you intend to utilize the Master Ballot. You may pre-validate the Beneficial Holder Ballots by (i) signing the Beneficial Holder Ballot and indicating on the Beneficial Holder Ballot the (a) name and DTC Participant Number of the Nominee and (b) the principal amount held by the Nominee for the Beneficial Holder, (ii) applying a medallion guarantee stamp to the Beneficial Holder Ballot to certify the principal amount owned by the Beneficial Holder as of the Voting Record Date, and (iii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, including a preaddressed, postage-paid return envelope addressed to, and provided by, the Voting Agent, to the Beneficial Holder.  The Beneficial Holder will be required to complete the information requested in Item 2, Item 3, and Item 4 of the Beneficial Holder Ballot and return the pre-validated Beneficial Holder Ballot directly to the Voting Agent so that it is received before the Voting Deadline.

In addition, you are authorized to collect votes to accept or to reject the Plan from Holders of Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Holders through online voting, by phone, facsimile, or other electronic means.

All pleadings and notices relating to the Chapter 11 Cases that are filed with the Bankruptcy Court (including notices of the date and time of hearings), are available for review on the case information website of the Voting Agent at https://dm.epiq11.com/mercyhospital.

Your receipt of this Master Ballot does not signify that a Beneficial Holder's Claim(s) has been or will be Allowed.  This Master Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than (i) to cast a vote to accept or reject the Plan; and/or (ii) to opt out of the Third Party Release (as defined below).

If you have any questions regarding the Master Ballot or how to properly complete this Master Ballot, please call Epiq at (646) 362-6336, or via email at tabulation@epiqglobal.com with a reference to "Mercy Hospital Master Ballot" in the subject line.

The Plan contains a series of releases that are part of the overall liquidation and wind-down set forth in the Plan. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article XIV of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases.

2

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

**ARTICLE XIV.D.2 OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY
RELEASE (THE "<u>THIRD-PARTY RELEASE</u>") BY THE RELEASING PARTIES:**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy
of which is hereby confirmed, the Releasing Parties shall be deemed to, completely,
conclusively, absolutely, unconditionally, irrevocably and forever release, waive, and
discharge the Released Parties from any claim, Claim, Cause of Action, obligation, suit,
judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account,
controversy, agreement, promise, right to legal remedies, right to equitable remedies, or
right to payment, whether known or unknown, foreseen or unforeseen, existing or
hereinafter arising in law, equity, or otherwise, for any act or omission in connection with,
relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors'
operations, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase
or sale of any security of the Debtors, the subject matter of, or the transactions or events
giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual
arrangements between any Debtor and any Released Party, the Series 2011 Bonds, the Series
2018 Bonds, the assertion or enforcement of rights and remedies against the Debtors, the
Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Plan Support
Agreement, or the Combined Disclosure Statement and Plan, and the administration,
formulation, preparation, dissemination, solicitation, negotiation, consummation, and
implementation of any of the foregoing or any contract, instrument, release, or other
agreement, understanding, accord, course of dealing, or document created or entered into in
connection with or evidencing any of the foregoing, whether or not accrued, arising or having
occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or
unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or
otherwise, that may be based in whole or part on any act, omission, transaction, agreement,
understanding, course of dealing, event or other occurrence or omission taking place on or
prior to the Effective Date.**

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

**Under the Plan, "Releasing Parties" means the following Entities, each in their
respective capacities as such: (a) each Holder of a Claim that (i) votes to accept the Plan or
(ii) either (1) abstains from voting or (2) votes to reject the Plan and, in the case of either (1)
or (2), does not opt out of the voluntary release by checking the opt-out box on the applicable
Ballot, and returning it in accordance with the instructions set forth thereon, indicating that
they are electing to opt out of granting the releases provided in the Plan; (b) each Holder of
a Claim that is deemed to accept the Plan or is otherwise Unimpaired under the Plan and
who does not opt out of the voluntary release by checking the opt out box on the applicable
non-voting status notice form, and returning it in accordance with the instructions set forth
thereon, indicating that they are not willing to grant the releases provided in the Plan; and
(c) each Holder of a Claim that is deemed to reject the Plan or is otherwise Impaired under
the Plan and who does not opt out of the voluntary release by checking the opt-out box on
the applicable non-voting status notice form, and returning it in accordance with the**

3

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan.

Under the Plan, "Released Parties" means, collectively, the following Entities, each in their capacity as such: (a) the Debtors; (b) the UCC and each of its members (only in their capacity as such); (c) the Pension Committee and each of its members (only in their capacity as such); (d) the Bondholder Representatives; (e) the Foundation; (f) the Sisters of Mercy; and (g) with respect to any such Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders, affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, affiliates, partners, principals, members, management companies, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors; *provided, however*, that Released Parties shall not include former officers and directors of the Debtors but shall include any of the Debtors' directors and officers that served in such role at any time between the Petition Date and the Effective Date; *provided further* that Released Parties shall not include MercyOne.

**ARTICLE XIV.E OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "EXCULPATION"):**

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan.

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no Holder of a Claim or an Interest, no other party-in-interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, and none of their respective successors or assigns, shall have any right of action against the Exculpated Parties for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

of the Plan, the pursuit of Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction). For the avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

**ARTICLE XIV.F OF THE PLAN ESTABLISHES AN INJUNCTION (THE "INJUNCTION"):**

Effective as of the Effective Date, all Persons and Entities that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, or liability of any nature whatsoever, that is released pursuant to this Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (other than actions to enforce any rights or obligations under the Combined Disclosure Statement and Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum against or affecting the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iii) creating, perfecting, or in any way enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated, impaired, or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Combined Disclosure Statement and Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim, or Cause of Action released pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan and Confirmation Order, or (C) Avoidance Actions against any Holder of a Claim that is Allowed or any Avoidance Action released by the Plan. Additionally, unless otherwise explicitly stated in the Combined Disclosure Statement and Plan, in furtherance of the releases granted by the Plan or Confirmation Order, the injunction contemplated by this paragraph shall prohibit the assertion against the Liquidation Trust and the Liquidation Trustee of all Claims or Interests, if any, related to the Debtors.

Confirmation of the Plan shall further have the effect of permanently enjoining all Persons and Entities from obtaining (i) any documents or other materials from current

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

counsel for the Debtors that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtors, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such documents or other materials, (ii) any documents or other materials from current counsel for the UCC or Pension Committee, as applicable, that are in the possession of such counsel as a result of or arising in any way out of its representation of the UCC or Pension Committee, as applicable, or (iii) Books and Records, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such Books and Records.

---

**IMPORTANT**

**YOU SHOULD CAREFULLY REVIEW THE PLAN BEFORE YOU COMPLETE THE MASTER BALLOT.  YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF CLAIMS UNDER THE PLAN.**

**EPIQ IS NOT AUTHORIZED TO (AND WILL NOT) PROVIDE LEGAL ADVICE.**

<u>**VOTING DEADLINE**</u>**: APRIL 29, 2024 AT 4:00 P.M. PREVAILING CENTRAL TIME**
<u>**VOTING RECORD DATE**</u>**: MARCH 25, 2024**

---

**IF EPIQ DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THE MASTER BALLOT BY THE VOTING DEADLINE, THE VOTES BY THE BENEFICIAL HOLDERS WILL NOT BE COUNTED, EXCEPT AS DIRECTED BY THE DEBTORS IN THEIR SOLE DISCRETION, AND ANY ELECTION BY THE BENEFICIAL HOLDERS TO OPT OUT OF THE THIRD PARTY RELEASE WILL NOT BE VALID.**

**YOU SHOULD NOT SEND THE MASTER BALLOT TO ANY OF THE DEBTOR ENTITIES, DEBTORS' AGENTS (OTHER THAN THE VOTING AGENT), OR DEBTORS' FINANCIAL OR LEGAL ADVISORS.  IF SO SENT, THE MASTER BALLOT WILL NOT BE COUNTED IN CONNECTION WITH THE PLAN.**
**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON THE BONDHOLDERS WHETHER OR NOT THEY VOTE.**

---

<u>**MASTER BALLOT INSTRUCTIONS**</u>

1.  To have the votes of your Beneficial Holders count, you should already have delivered to each such holder a copy of the Plan, along with a Beneficial Holder Ballot with a return envelope addressed to you (unless you have elected to send pre-validated Beneficial Holder Ballots, in which case the return envelope should be addressed to the Voting Agent), so such Holder may return their Beneficial Holder Ballot to you in sufficient time for you to

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

complete and return the Master Ballot to the Voting Agent, so that the Voting Agent
<u>actually receives</u> the Master Ballot before the Voting Deadline.

2.  You may pre-validate the Beneficial Holder Ballots by (i) signing the Beneficial Holder
    Ballot and indicating on the Beneficial Holder Ballot the (a) name and DTC Participant
    Number of the Nominee and (b) the principal amount held by the Nominee for the
    Beneficial Holder, (ii) applying a medallion guarantee stamp to the Beneficial Holder
    Ballot to certify the principal amount owned by the Beneficial Holder as of the Voting
    Record Date, and (iii) forwarding such Beneficial Holder Ballot, together with the
    Solicitation Package, including a preaddressed, postage-paid return envelope addressed to,
    and provided by, the Voting Agent, to the Beneficial Holder.  The Beneficial Holder will
    be required to complete the information requested in Item 2, Item 3, Item 4, and Item 5 of
    the Beneficial Holder Ballot and return the pre-validated Beneficial Holder Ballot directly
    to the Voting Agent so that it is received before the Voting Deadline.

3.  With regard to any Beneficial Holder Ballots returned to you, to have the vote of your
    Beneficial Holders count, you must: (i) transfer the requested information from each such
    Beneficial Holder Ballot onto the Master Ballot; (ii) execute the Master Ballot; and (iii)
    deliver the Master Ballot to the Voting Agent in accordance with these instructions.

4.  Please keep any records of Beneficial Holder Ballots, whether in hard copy or by electronic
    direction, for at least one year after the Voting Deadline (or such other date as is set by
    order of the Bankruptcy Court).  You may be ordered to produce the Beneficial Holder
    Ballots (or evidence of the votes submitted to you) to the Debtors or the Bankruptcy Court.

5.  If you are both the Nominee and Beneficial Holder, and you wish to vote such Class 1-A
    Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claim for
    which you are a Beneficial Holder, you may return either a Beneficial Holder Ballot or the
    Master Ballot for such Claims.

6.  The following ballots will not be counted in determining the acceptance or rejection of the
    Plan: (i) any ballot that is illegible or contains insufficient information to permit the
    identification of the Beneficial Holder, (ii) any ballot cast by a Person that does not hold a
    Claim in a Class entitled to vote on the Plan, (iii) any unsigned ballot, (iv) any ballot that
    does not contain an original signature (provided, however, any valid Ballot submitted
    electronically or by email shall be deemed to bear an original signature), and (v) any ballot
    not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

7.  If the Master Ballot is received after the Voting Deadline, it will not be counted, unless
    otherwise determined by the Debtors, in their sole discretion.  The method of delivery of
    the Master Ballot to the Voting Agent is at your election and risk.

8.  If a Beneficial Holder submits Ballots for multiple Class 1-A Bondholder Claims – Series
    2018 Bonds and Class 4 Bondholder Deficiency Claims, whether held in other accounts or
    other record names, and such Ballots indicate different or inconsistent votes to accept or
    reject the Plan, then all such Ballots will not be counted.

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

9.    For the avoidance of doubt, if it is your customary practice to collect votes from your Beneficial Holder clients via voter information form, e-mail, telephone, or other means, you may employ those customary practices to collect votes from the Beneficial Holders in lieu of a Beneficial Holder Ballot.

10.    To the extent that conflicting votes or "over votes" are submitted by a Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Nominee.  To the extent that any over votes are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballots or pre-validated Beneficial Holder Ballots that contained the over vote, but only to the extent of the Nominee's position in the applicable security.

11.    The Master Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.

12.    If a Beneficial Holder submits more than one Ballot voting the same Claims prior to the Voting Deadline, the latest dated, properly executed Ballot submitted will supersede any prior Ballot.

13.    If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot

14.    In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Master Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

15.    There may be changes made to the Plan that do not have material adverse effects on an accepting Class.  If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.

16.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT, ANY SUPPLEMENTAL INFORMATION PROVIDED BY THE DEBTORS, OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**YOUR COMPLETED MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE AT THE FOLLOWING EMAIL OR ADDRESS:**

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

---

**If by electronic mail to: tabulation@epiqglobal.com with a reference to "Mercy Hospital Master Ballot" in the subject line**

**If by hand delivery, overnight mail, or first class mail:**

**Mercy Hospital, Iowa City, Iowa**
**c/o Epiq Ballot Processing**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

---

**THE VOTING DEADLINE IS APRIL 29, 2024 AT 4:00 P.M.**
**(PREVAILING CENTRAL TIME).**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND**
**INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT.**

---

PLEASE COMPLETE ALL OF THE ITEMS BELOW BASED UPON ANY BENEFICIAL HOLDER BALLOTS RECEIVED.  IF THIS MASTER BALLOT HAS NOT BEEN PROPERLY COMPLETED, THE VOTES OF THE BENEFICIAL HOLDERS MAY NOT BE COUNTED.

---

**Item 1.         Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐   is a Nominee for the Beneficial Holders in the principal amount of Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims listed in Item 2 below and is the registered holder of such Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims; or

☐   is acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by a Nominee that is the registered holder of Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims in the principal amount listed in Item 2 below; or

☐   has been granted a proxy (an original of which is annexed hereto) from a Nominee or a Beneficial Holder that is the registered holder of the principal amount of Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims in the principal amount listed in Item 2 below.

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

**Item 2.          Vote on the Plan.**

The undersigned transmits the following votes of Beneficial Holders in respect of their Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are Beneficial Holders as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes.[2]

**VOTE ONE CUSIP[3] PER MASTER BALLOT AND LIST BELOW
THE CUSIP VOTED ON THIS BALLOT**

| Your Customer Account Number for Each Beneficial Holder of Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims that Voted | Principal Amount Held by Your Customer | CUSIP | Item 2. Vote on Plan | | Opt Out Release Election |
| --- | --- | --- | --- | --- | --- |
| | | | **ACCEPT** | **REJECT** | **Place a check below if the Beneficial Holder checked the box in Item 3** |
| 1. | | | ☐ | ☐ | ☐ |
| 2. | | | ☐ | ☐ | ☐ |
| 3. | | | ☐ | ☐ | ☐ |
| 4. | | | ☐ | ☐ | ☐ |

---

[2]    Indicate in the appropriate column the principal amount of Bonds voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of such Beneficial Holder's Claims to accept or to reject the Plan and may not split such vote.  Any ballot executed by a Beneficial Holder that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, and has not been corrected by the Voting Deadline, shall not be counted.

[3]    *See* **Exhibit A** attached hereto for the applicable CUSIP(s).

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

| Your Customer Account Number for Each Beneficial Holder of Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims that Voted | Principal Amount Held by Your Customer | CUSIP | Item 2. Vote on Plan | | Opt Out Release Election |
| --- | --- | --- | --- | --- | --- |
| | | | ACCEPT | REJECT | Place a check below if the Beneficial Holder checked the box in Item 3 |
| 5. | | | ☐ | ☐ | ☐ |
| 6. | | | ☐ | ☐ | ☐ |
| 7. | | | ☐ | ☐ | ☐ |
| 8. | | | ☐ | ☐ | ☐ |
| 9. | | | ☐ | ☐ | ☐ |
| 10. | | | ☐ | ☐ | ☐ |

**Item 3.** **Certification as to Transcription of Information from Item 4 of the Beneficial Holder Ballots as to Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims Voted Through Other Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, Beneficial Holders have provided in Item 4 of the Beneficial Holder Ballot, identifying any Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims for which such Beneficial Holders have submitted other ballots (other than to the undersigned):

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

| Your Customer Account Number for Each Beneficial Holder That Completed Item 4 of the Beneficial Holder Ballot | TRANSCRIBE FROM ITEM 4 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number or Beneficial Holder Name of Other Claims Voted | Name of Record Holder or Nominee | Principal Amount of Other Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims Voted | CUSIP Number of Other Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims Voted |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Item 4.    Certification.**

By signing this Master Ballot, the undersigned certifies that:

(a)    (i) the undersigned has received a copy of the Plan, Master Ballot and Beneficial Holder Ballot, and has delivered the Plan and Beneficial Holder Ballot to Beneficial Holders holding Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims through the undersigned with a return envelope; (ii) the undersigned has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder as provided in this Master Ballot; (iii) the undersigned is the registered holder of the securities being voted or agent thereof; and (iv) the undersigned has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

(b)    the undersigned has properly disclosed: (i) the number of Beneficial Holders voting Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims through the undersigned; (ii) the respective amounts of Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims owned by each such Beneficial Holder; (iii) each such Beneficial Holder's respective vote concerning the Plan; (iv) each such Beneficial Holder's election with respect to the optional release election; (v) each such Beneficial Holder's status certification; and (vi) the customer account or other identification number for each such Beneficial Holder;

(c)    if the undersigned is a Beneficial Holder and uses this Master Ballot to vote the undersigned's Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims, the undersigned confirms and attests to each of

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

the certifications in Item 5 of the Beneficial Holder Ballot;

(d)     each such Beneficial Holder has certified to the undersigned that such beneficial holder is a Beneficial Holder and/or is otherwise eligible to vote on the Plan; and

(e)     the undersigned will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline, and disclose all such information to the Bankruptcy Court or the Debtor, as the case may be, if so ordered.

**Item 5. Nominee Information and Signature.**

_____
Name of Nominee

_____
Participant Number

_____
Name of Proxy Holder or Agent for Nominee (if applicable)

_____
Signature

_____
Name of Signatory

_____
Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

**YOUR COMPLETED MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY EPIQ BY 4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 29, 2024.**

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-A Bondholder Claims – Series 2018 Bonds and
Class 4 Bondholder Deficiency Claims

## <u>EXHIBIT A</u>

**This Master Ballot pertains to the below CUSIPS.**

| Class 1-A Bondholder Claims – Series 2018 Bonds and Class 4 Bondholder Deficiency Claims CUSIPS |
|---|
| 431669AX8 |

## <u>EXHIBIT C-6 TO SOLICITATION PROCEDURES ORDER</u>

**Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Related to Docket No. 760** |
|  | ) |  |

**MASTER BALLOT FOR CLASS 1-B (BONDHOLDER CLAIMS – SERIES 2011
BONDS) AND CLASS 4 (BONDHOLDER DEFICIENCY CLAIMS) ACCEPTING OR
REJECTING THE DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION**

<div style="border:1px solid">

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
APRIL 29, 2024 AT 4:00 P.M. (PREVAILING CENTRAL TIME)**

</div>

This master ballot (the "Master Ballot") is being submitted to brokers, dealers, commercial banks, trust companies, or other agent nominees ("Nominees") of beneficial holders of certain Claims (each a "Beneficial Holder") against Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), in connection with the Debtors' solicitation of votes to accept or reject the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof and all exhibits thereto and as amended, supplemented, or otherwise modified, the "Plan", and together with the Disclosure Statement, as amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan").[1]

The Plan provides information to assist Holders of Claims in deciding whether to accept or reject the Plan. If you or a Beneficial Holder of a Class 1-B Bondholder Claim – Series 2011 Bonds and Class 4 Bondholder Deficiency Claim (as defined herein) does not have a copy of the Plan, please contact the Voting Agent by (a) emailing mercyinfo@epiqglobal.com and referencing "Mercy Hospital" in the subject line; or (b) writing to the following address: Mercy Hospital, Iowa City, Iowa, c/o Epiq Ballot Processing Center, 10300 SW Allen Boulevard, Beaverton, OR 97005.

This Master Ballot is being submitted to Nominees of Beneficial Holders, as of March 25, 2024 (the "Voting Record Date"), of any Claim on account of, arising under, or based on the Health Facilities Revenue Bonds, Series 2011 (Mercy Hospital Project), which CUSIPs are indicated on Exhibit A hereto.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

Nominees should use this Master Ballot to tabulate votes on behalf of Beneficial Holders of Bondholder Claims and Bondholder Deficiency Claims to accept or reject the Plan.

Upon receipt of these materials, you should <u>immediately</u> forward to the Beneficial Holders the Plan and the form of ballot for such Holders (the "<u>Beneficial Holder Ballot</u>") with a return envelope addressed to you, as provided in the attached instructions, if you intend to utilize the Master Ballot. You may pre-validate the Beneficial Holder Ballots by (i) signing the Beneficial Holder Ballot and indicating on the Beneficial Holder Ballot the (a) name and DTC Participant Number of the Nominee and (b) the principal amount held by the Nominee for the Beneficial Holder, (ii) applying a medallion guarantee stamp to the Beneficial Holder Ballot to certify the principal amount owned by the Beneficial Holder as of the Voting Record Date, and (iii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, including a preaddressed, postage-paid return envelope addressed to, and provided by, the Voting Agent, to the Beneficial Holder. The Beneficial Holder will be required to complete the information requested in Item 2, Item 3, and Item 4 of the Beneficial Holder Ballot and return the pre-validated Beneficial Holder Ballot directly to the Voting Agent so that it is received before the Voting Deadline.

In addition, you are authorized to collect votes to accept or to reject the Plan from Holders of Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Holders through online voting, by phone, facsimile, or other electronic means.

All pleadings and notices relating to the Chapter 11 Cases that are filed with the Bankruptcy Court (including notices of the date and time of hearings), are available for review on the case information website of the Voting Agent at https://dm.epiq11.com/mercyhospital.

Your receipt of this Master Ballot does not signify that a Beneficial Holder's Claim(s) has been or will be Allowed. This Master Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than (i) to cast a vote to accept or reject the Plan; and/or (ii) to opt out of the Third Party Release (as defined below).

If you have any questions regarding the Master Ballot or how to properly complete this Master Ballot, please call Epiq at (646) 362-6336, or via email at tabulation@epiqglobal.com with a reference to "Mercy Hospital Master Ballot" in the subject line.

The Plan contains a series of releases that are part of the overall liquidation and wind-down set forth in the Plan. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article XIV of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Combined Disclosure Statement and Plan with respect to the releases.

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

**ARTICLE XIV.D.2 OF THE PLAN PROVIDES FOR THE FOLLOWING THIRD-PARTY RELEASE (THE "THIRD-PARTY RELEASE") BY THE RELEASING PARTIES:**

Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, and discharge the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission in connection with, relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' operations, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the Series 2011 Bonds, the Series 2018 Bonds, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, the Plan Support Agreement, or the Combined Disclosure Statement and Plan, and the administration, formulation, preparation, dissemination, solicitation, negotiation, consummation, and implementation of any of the foregoing or any contract, instrument, release, or other agreement, understanding, accord, course of dealing, or document created or entered into in connection with or evidencing any of the foregoing, whether or not accrued, arising or having occurred, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, mixed, or otherwise, that may be based in whole or part on any act, omission, transaction, agreement, understanding, course of dealing, event or other occurrence or omission taking place on or prior to the Effective Date.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

Under the Plan, "Releasing Parties" means the following Entities, each in their respective capacities as such: (a) each Holder of a Claim that (i) votes to accept the Plan or (ii) either (1) abstains from voting or (2) votes to reject the Plan and, in the case of either (1) or (2), does not opt out of the voluntary release by checking the opt-out box on the applicable Ballot, and returning it in accordance with the instructions set forth thereon, indicating that they are electing to opt out of granting the releases provided in the Plan; (b) each Holder of a Claim that is deemed to accept the Plan or is otherwise Unimpaired under the Plan and who does not opt out of the voluntary release by checking the opt out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan; and (c) each Holder of a Claim that is deemed to reject the Plan or is otherwise Impaired under the Plan and who does not opt out of the voluntary release by checking the opt-out box on the applicable non-voting status notice form, and returning it in accordance with the instructions set forth thereon, indicating that they are not willing to grant the releases provided in the Plan.

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

Under the Plan, "**Released Parties**" means, collectively, the following Entities, each in their capacity as such: (a) the Debtors; (b) the UCC and each of its members (only in their capacity as such); (c) the Pension Committee and each of its members (only in their capacity as such); (d) the Bondholder Representatives; (e) the Foundation; (f) the Sisters of Mercy; and (g) with respect to any such Entity, in each case in its capacity as such with respect to such Entity, such Entity's current and former directors, managers, officers, equity holders, affiliated investment funds or investment vehicles, predecessors, successors, assigns, subsidiaries, affiliates, partners, principals, members, management companies, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors; *provided, however*, that Released Parties shall not include former officers and directors of the Debtors but shall include any of the Debtors' directors and officers that served in such role at any time between the Petition Date and the Effective Date; *provided further* that Released Parties shall not include MercyOne.

**ARTICLE XIV.E OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "<u>EXCULPATION</u>"):**

Except as otherwise specifically provided herein, the Exculpated Parties shall not have or incur, and are hereby released and exculpated from, any liability, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively in law or equity, to any Holder of a Claim or an Interest, or any other party-in-interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each case as determined by a Final Order entered by a court of competent jurisdiction), and such parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan.

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no Holder of a Claim or an Interest, no other party-in-interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders or Affiliates, and none of their respective successors or assigns, shall have any right of action against the Exculpated Parties for any act or omission in connection with, relating to or arising out of, the Chapter 11 Cases, the Sale, the formulation, negotiation, or implementation of the Combined Disclosure Statement and Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct (in each

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

case as determined by a Final Order entered by a court of competent jurisdiction).  For the avoidance of doubt, nothing contained in this paragraph shall exculpate acts or omissions prior to the Petition Date or post-Effective Date.

**ARTICLE XIV.F OF THE PLAN ESTABLISHES AN INJUNCTION (THE "<u>INJUNCTION</u>"):**

Effective as of the Effective Date, all Persons and Entities that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, or right to payment, or liability of any nature whatsoever, that is released pursuant to this Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (other than actions to enforce any rights or obligations under the Combined Disclosure Statement and Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum against or affecting the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iii) creating, perfecting, or in any way enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Liquidating Debtors, the Liquidation Trust, or any of its or their respective property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated, impaired, or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Combined Disclosure Statement and Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim, or Cause of Action released pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan and Confirmation Order, or (C) Avoidance Actions against any Holder of a Claim that is Allowed or any Avoidance Action released by the Plan.  Additionally, unless otherwise explicitly stated in the Combined Disclosure Statement and Plan, in furtherance of the releases granted by the Plan or Confirmation Order, the injunction contemplated by this paragraph shall prohibit the assertion against the Liquidation Trust and the Liquidation Trustee of all Claims or Interests, if any, related to the Debtors.

Confirmation of the Plan shall further have the effect of permanently enjoining all Persons and Entities from obtaining (i) any documents or other materials from current counsel for the Debtors that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtors, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such documents or other materials, (ii) any documents or other materials from current counsel for the UCC or Pension Committee, as applicable,

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

**that are in the possession of such counsel as a result of or arising in any way out of its representation of the UCC or Pension Committee, as applicable, or (iii) Books and Records, *provided, however*, that the Liquidation Trustee shall be entitled to obtain any such Books and Records.**

---

**IMPORTANT**

**YOU SHOULD CAREFULLY REVIEW THE PLAN BEFORE YOU COMPLETE THE MASTER BALLOT.   YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF CLAIMS UNDER THE PLAN.**

**EPIQ IS NOT AUTHORIZED TO (AND WILL NOT) PROVIDE LEGAL ADVICE.**

**<u>VOTING DEADLINE</u>: APRIL 29, 2024 AT 4:00 P.M. PREVAILING CENTRAL TIME**
**<u>VOTING RECORD DATE</u>: MARCH 25, 2024**

---

**IF EPIQ DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THE MASTER BALLOT BY THE VOTING DEADLINE, THE VOTES BY THE BENEFICIAL HOLDERS WILL NOT BE COUNTED, EXCEPT AS DIRECTED BY THE DEBTORS IN THEIR SOLE DISCRETION, AND ANY ELECTION BY THE BENEFICIAL HOLDERS TO OPT OUT OF THE THIRD PARTY RELEASE WILL NOT BE VALID.**

**YOU SHOULD NOT SEND THE MASTER BALLOT TO ANY OF THE DEBTOR ENTITIES, DEBTORS' AGENTS (OTHER THAN THE VOTING AGENT), OR DEBTORS' FINANCIAL OR LEGAL ADVISORS.   IF SO SENT, THE MASTER BALLOT WILL NOT BE COUNTED IN CONNECTION WITH THE PLAN.**
**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON THE BONDHOLDERS WHETHER OR NOT THEY VOTE.**

---

<u>**MASTER BALLOT INSTRUCTIONS**</u>

1.    To have the votes of your Beneficial Holders count, you should already have delivered to each such holder a copy of the Plan, along with a Beneficial Holder Ballot with a return envelope addressed to you (unless you have elected to send pre-validated Beneficial Holder Ballots, in which case the return envelope should be addressed to the Voting Agent), so such Holder may return their Beneficial Holder Ballot to you in sufficient time for you to complete and return the Master Ballot to the Voting Agent, so that the Voting Agent <u>actually receives</u> the Master Ballot before the Voting Deadline.

2.    You may pre-validate the Beneficial Holder Ballots by (i) signing the Beneficial Holder Ballot and indicating on the Beneficial Holder Ballot the (a) name and DTC Participant

6

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

Number of the Nominee and (b) the principal amount held by the Nominee for the Beneficial Holder, (ii) applying a medallion guarantee stamp to the Beneficial Holder Ballot to certify the principal amount owned by the Beneficial Holder as of the Voting Record Date, and (iii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, including a preaddressed, postage-paid return envelope addressed to, and provided by, the Voting Agent, to the Beneficial Holder.  The Beneficial Holder will be required to complete the information requested in Item 2, Item 3, Item 4, and Item 5 of the Beneficial Holder Ballot and return the pre-validated Beneficial Holder Ballot directly to the Voting Agent so that it is received before the Voting Deadline.

3.      With regard to any Beneficial Holder Ballots returned to you, to have the vote of your Beneficial Holders count, you must: (i) transfer the requested information from each such Beneficial Holder Ballot onto the Master Ballot; (ii) execute the Master Ballot; and (iii) deliver the Master Ballot to the Voting Agent in accordance with these instructions.

4.      Please keep any records of Beneficial Holder Ballots, whether in hard copy or by electronic direction, for at least one year after the Voting Deadline (or such other date as is set by order of the Bankruptcy Court).  You may be ordered to produce the Beneficial Holder Ballots (or evidence of the votes submitted to you) to the Debtors or the Bankruptcy Court.

5.      If you are both the Nominee and Beneficial Holder, and you wish to vote such Class 1-B Bondholder Claim – Series 2011 Bonds and Class 4 Bondholder Deficiency Claim for which you are a Beneficial Holder, you may return either a Beneficial Holder Ballot or the Master Ballot for such Claims.

6.      The following ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder, (ii) any ballot cast by a Person that does not hold a Claim in a Class entitled to vote on the Plan, (iii) any unsigned ballot, (iv) any ballot that does not contain an original signature (provided, however, any valid Ballot submitted electronically or by email shall be deemed to bear an original signature), and (v) any ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

7.      If the Master Ballot is received after the Voting Deadline, it will not be counted, unless otherwise determined by the Debtors, in their sole discretion.  The method of delivery of the Master Ballot to the Voting Agent is at your election and risk.

8.      If a Beneficial Holder submits Ballots for multiple Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims, whether held in other accounts or other record names, and such Ballots indicate different or inconsistent votes to accept or reject the Plan, then all such Ballots will not be counted.

9.      For the avoidance of doubt, if it is your customary practice to collect votes from your Beneficial Holder clients via voter information form, e-mail, telephone, or other means, you may employ those customary practices to collect votes from the Beneficial Holders in lieu of a Beneficial Holder Ballot.

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

10.   To the extent that conflicting votes or "over votes" are submitted by a Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Nominee.  To the extent that any over votes are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballots or pre-validated Beneficial Holder Ballots that contained the over vote, but only to the extent of the Nominee's position in the applicable security.

11.   The Master Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.

12.   If a Beneficial Holder submits more than one Ballot voting the same Claims prior to the Voting Deadline, the latest dated, properly executed Ballot submitted will supersede any prior Ballot.

13.   If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot

14.   In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Master Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

15.   There may be changes made to the Plan that do not have material adverse effects on an accepting Class.  If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.

16.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT, ANY SUPPLEMENTAL INFORMATION PROVIDED BY THE DEBTORS, OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

**YOUR COMPLETED MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE AT THE FOLLOWING EMAIL OR ADDRESS:**

---

**<u>If by electronic mail to:</u> tabulation@epiqglobal.com with a reference to "Mercy Hospital Master Ballot" in the subject line**

**<u>If by hand delivery, overnight mail, or first class mail:</u>**

**Mercy Hospital, Iowa City, Iowa**
**c/o Epiq Ballot Processing**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

---

**THE VOTING DEADLINE IS APRIL 29, 2024 AT 4:00 P.M.**
**(PREVAILING CENTRAL TIME).**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT.**

---

PLEASE COMPLETE ALL OF THE ITEMS BELOW BASED UPON ANY BENEFICIAL HOLDER BALLOTS RECEIVED. IF THIS MASTER BALLOT HAS NOT BEEN PROPERLY COMPLETED, THE VOTES OF THE BENEFICIAL HOLDERS MAY NOT BE COUNTED.

---

**Item 4. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ is a Nominee for the Beneficial Holders in the principal amount of Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims listed in Item 2 below and is the registered holder of such Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims; or

☐ is acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by a Nominee that is the registered holder of Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims in the principal amount listed in Item 2 below; or

☐ has been granted a proxy (an original of which is annexed hereto) from a Nominee or a Beneficial Holder that is the registered holder of the principal amount of Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4

9

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

Bondholder Deficiency Claims in the principal amount listed in Item 2 below.

**Item 2. Vote on the Plan.**

The undersigned transmits the following votes of Beneficial Holders in respect of their Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are Beneficial Holders as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes.[2]

<div align="center">

**VOTE ONE CUSIP[3] PER MASTER BALLOT AND LIST BELOW
THE CUSIP VOTED ON THIS BALLOT**

</div>

| Your Customer Account Number for Each Beneficial Holder of Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims that Voted | Principal Amount Held by Your Customer | CUSIP | Item 2. Vote on Plan | | Opt Out Release Election |
|---|---|---|---|---|---|
| | | | **ACCEPT** | **REJECT** | **Place a check below if the Beneficial Holder checked the box in Item 3** |
| 11. | | | ☐ | ☐ | ☐ |
| 12. | | | ☐ | ☐ | ☐ |
| 13. | | | ☐ | ☐ | ☐ |

---

[2]   Indicate in the appropriate column the principal amount of Bonds voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of such Beneficial Holder's Claims to accept or to reject the Plan and may not split such vote.  Any ballot executed by a Beneficial Holder that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, and has not been corrected by the Voting Deadline, shall not be counted.

[3]   *See* **Exhibit A** attached hereto for the applicable CUSIP(s).

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

| Your Customer Account Number for Each Beneficial Holder of Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims that Voted | Principal Amount Held by Your Customer | CUSIP | Item 2. Vote on Plan | | Opt Out Release Election |
|---|---|---|---|---|---|
| | | | ACCEPT | REJECT | Place a check below if the Beneficial Holder checked the box in Item 3 |
| 14. | | | ☐ | ☐ | ☐ |
| 15. | | | ☐ | ☐ | ☐ |
| 16. | | | ☐ | ☐ | ☐ |
| 17. | | | ☐ | ☐ | ☐ |
| 18. | | | ☐ | ☐ | ☐ |
| 19. | | | ☐ | ☐ | ☐ |
| 20. | | | ☐ | ☐ | ☐ |

**Item 3.**       **Certification as to Transcription of Information from Item 4 of the Beneficial Holder Ballots as to Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims Voted Through Other Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, Beneficial Holders have provided in Item 4 of the Beneficial Holder Ballot, identifying any Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims for which such Beneficial Holders have submitted other ballots (other than to the undersigned):

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

| Your Customer Account Number for Each Beneficial Holder That Completed Item 4 of the Beneficial Holder Ballot | TRANSCRIBE FROM ITEM 4 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number or Beneficial Holder Name of Other Claims Voted | Name of Record Holder or Nominee | Principal Amount of Other Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims Voted | CUSIP Number of Other Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims Voted |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Item 4. Certification.**

By signing this Master Ballot, the undersigned certifies that:

(a)     (i) the undersigned has received a copy of the Plan, Master Ballot and Beneficial Holder Ballot, and has delivered the Plan and Beneficial Holder Ballot to Beneficial Holders holding Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims through the undersigned with a return envelope; (ii) the undersigned has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder as provided in this Master Ballot; (iii) the undersigned is the registered holder of the securities being voted or agent thereof; and (iv) the undersigned has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

(b)     the undersigned has properly disclosed: (i) the number of Beneficial Holders voting Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims through the undersigned; (ii) the respective amounts of Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims owned by each such Beneficial Holder; (iii) each such Beneficial Holder's respective vote concerning the Plan; (iv) each such Beneficial Holder's election with respect to the optional release election; (v) each such Beneficial Holder's status certification; and (vi) the customer account or other identification number for each such Beneficial Holder;

(c)     if the undersigned is a Beneficial Holder and uses this Master Ballot to vote the undersigned's Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

Bondholder Deficiency Claims, the undersigned confirms and attests to each of the certifications in Item 5 of the Beneficial Holder Ballot;

(d)     each such Beneficial Holder has certified to the undersigned that such beneficial holder is a Beneficial Holder and/or is otherwise eligible to vote on the Plan; and

(e)     the undersigned will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline, and disclose all such information to the Bankruptcy Court or the Debtor, as the case may be, if so ordered.

**Item 5. Nominee Information and Signature.**

_____
Name of Nominee

_____
Participant Number

_____
Name of Proxy Holder or Agent for Nominee (if applicable)

_____
Signature

_____
Name of Signatory

_____
Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

**YOUR COMPLETED MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY EPIQ BY 4:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 29, 2024.**

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

## EXHIBIT A

**This Master Ballot pertains to the below CUSIPS.**

| Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims CUSIPS |
| :---: |
| 431669AC4 |
| 431669AD2 |
| 431669AE0 |
| 431669AF7 |
| 431669AG5 |
| 431669AH3 |
| 431669AJ9 |
| 431669AK6 |
| 431669AL4 |
| 431669AM2 |
| 431669AN0 |
| 431669AP5 |
| 431669AQ3 |
| 431669AR1 |
| 431669AT7 |

Mercy Hospital, Iowa City, Iowa, *et al.*
Master Ballot for Class 1-B Bondholder Claims – Series 2011 Bonds and
Class 4 Bondholder Deficiency Claims

| Class 1-B Bondholder Claims – Series 2011 Bonds and Class 4 Bondholder Deficiency Claims CUSIPS |
|---|
| 431669AV2 |
| 431669AW0 |

## <u>EXHIBIT D TO SOLICITATION PROCEDURES ORDER</u>

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Related to Docket No. 760** |
|  | ) |  |

**NOTICE OF (A) CONFIRMATION HEARING WITH RESPECT TO DEBTORS'
COMBINED DISCLOSURE STATEMENT AND JOINT PLAN OF LIQUIDATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE;
AND (B) RELATED OBJECTION DEADLINE**

PLEASE TAKE NOTICE that:

On February 23, 2024, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Combined Disclosure Statement and Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Docket No. 760] (the disclosures contained therein, as subsequently modified, supplemented, or amended, the "Disclosure Statement" and the plan contained therein, as may be subsequently amended, modified, or supplemented, the "Plan" and collectively, as amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan") with the United States Bankruptcy Court for the Northern District of Iowa (the "Court"). Capitalized terms used in this notice (this "Notice") which are not defined have the meanings set forth in the Combined Disclosure Statement and Plan.

On March [__], 2024, the Court entered the *Order (I) Approving Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan; (III) Establishing Deadlines and Procedures for (A) Filing Objections to Confirmation of Plan, (B) Claim Objections, and (C) Temporary Allowance of Claims for Voting Purposes; (IV) Determining Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notice, Voting, and Distribution Purposes; (V) Setting Record Date; (VI) Approving (A) Solicitation Packages and Procedures for Distribution, (B) Form of Notice of Hearing on Confirmation and Related Matters, and (C) Forms of Ballots; (VII) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Docket No. [__]] (the "Solicitation Procedures Order") thereby approving the Disclosure Statement.

Pursuant to the Solicitation Procedures Order, a hearing (the "Confirmation Hearing") will be held before the Honorable Thad J. Collins, United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Iowa, 6th Floor Courtroom, 111 Seventh Avenue SE, Cedar Rapids, Iowa 52401, on **May 6, 2024 at 10:30 a.m. (prevailing Central Time)**, or as soon thereafter as counsel can be heard, to consider the entry of an order confirming the Plan within the meaning of section 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

"Bankruptcy Code"). The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, without further notice to parties-in-interest.

Responses and objections, in any, to confirmation of the Plan (each, a "Plan Confirmation Objection") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Iowa; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served on the following, so as to be received **on or before 4:00 p.m. (prevailing Central Time) on April 29, 2024**: (i) the Debtors, c/o Mark E. Toney, 500 E. Market Street, Iowa City, IA 52245; (ii) counsel to the Debtors, (a) Nyemaster Goode, P.C., 625 1st Street SE, Suite 400, Cedar Rapids, IA, 52401 (Attn: Roy Leaf) and (b) McDermott Will & Emery LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Felicia Gerber Perlman, Daniel M. Simon, and Emily C. Keil) and 2501 North Harwood Street, Suite 1900 Dallas, TX 75201 (Attn: Jack G. Haake); (iii) counsel to the UCC, (a) Cutler Law Firm, P.C., 1307 50th Street, West Des Moines, IA 50266 (Attn: Robert C. Gainer) and (b) Sills Cummis & Gross, P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew H. Sherman and Boris I. Mankovetskiy); (iv) counsel for the Master Trustee and Trustee and Bondholder Representative, (a) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: William Kannel, Nathan F. Coco, and Megan Preusker) and (b) Whitfield & Eddy, P.C., 699 Walnut Street, Suite 2000, Des Moines, IA 50309 (Attn: Peter J. Chalik); (v) counsel for the Pension Committee, Day Rettig Martin, P.C., 150 First Avenue NE, Suite 415, Cedar Rapids, IA 52401 (Attn: Paula L. Roby); and (vi) the United States Trustee for the Northern District of Iowa, 111 Seventh Avenue SE, Suite 2800, Cedar Rapids, IA 52401 (Attn: Janet G. L. Reasoner). Plan Confirmation Objections that are not timely filed shall not be considered by the Court and shall be overruled.

The Plan may be further modified, if necessary, pursuant to Bankruptcy Code section 1127, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

**The Plan provides for releases, exculpation, and injunctions of certain conduct. The injunctions in the Plan include a permanent injunction of the commencement or prosecution by any entity, whether directly, derivatively, or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities released or exculpated pursuant to the Plan.**

Except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, each of the executory contracts and unexpired leases to which any Debtor is a party shall be deemed automatically rejected by the applicable Debtor as of the Effective Date (as defined in the Plan).

The Disclosure Statement, Plan, and Solicitation Procedures Order may be examined by any party-in-interest at the Debtors' case website (https://dm.epiq11.com/mercyhospital); or at the Bankruptcy Court's website (https://www.ianb.uscourts.gov/) (a PACER account is required). Such documents may also be obtained by written request to Epiq Corporate Restructuring, LLC

(the "Voting Agent") at mercyinfo@epiqglobal.com or by telephoning the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada).

**If you have any questions regarding this Notice, please contact the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294  (if calling from outside the U.S. or Canada), or by email at mercyinfo@epiqglobal.com.  The Voting Agent is not permitted to provide legal advice.**

Dated: Cedar Rapids, Iowa
      [__], 2024

**NYEMASTER GOODE, P.C.**

*/s/ DRAFT*             
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:    (319) 286-7002
Facsimile:    (319) 286-7050
Email:      rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax:      515-283-8045
Email:      mmcguire@nyemaster.com
              kmstanger@nyemaster.com
              dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:      fperlman@mwe.com
              dsimon@mwe.com
              ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

4