IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: <br><br> MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-00623 (TJC) <br><br> Jointly Administered |

## IOWA INSURANCE DIVISION OBJECTION TO DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING THE DEBTORS TO ADMINISTER, SETTLE, AND WIND DOWN WORKERS' COMPENSATION PROGRAM

The Iowa Insurance Commissioner ("Commissioner") hereby raises objection to the Debtors' Motion for Entry of an Order filed February 19, 2024, and states the following in support of the objection:

1. Debtors incorrectly allege that the calculation of benefits will be determined by March 15, 2024, or within 91 days of the Effective Date.  <u>Debtors' Motion</u> para. 13.

2. Iowa Code Section 85.26 defines the applicable statute of limitations for workers' compensation claims.  The statute defines two periods of limitation:

    a. First, Iowa Code section 85.26(1) which provides that a claim must be filed within two years of the injury.  The Iowa Supreme Court has held that the "discovery rule" applies to the two-year period. See e.g. Herrera v. IBP, Inc., 633 N.W.2d 284 (Iowa 2001) extending the two-year period to start when the injured worker 'discovers' that they have a compensable claim.

    b. Second, Iowa Code section 85.26(1) which provides that there is a three-year statute of limitations from the date of last payment of weekly compensation benefits when weekly benefits are paid.

3. Debtors' assertion that that the universe of claimants and claims will be unequivocally determined by March 15, 2024, (the Administrative Claim Bar Date per Docket No. 741 or within 91 days of the effective date of when the employee knew or should have known that the injury was work related) is incorrect.

Based on the foregoing information, the Commissioner does raise its objection and asserts that its objection is valid and timely. The Commissioner requests this Court grant a reasonable amount of time in which to engage in discussion with counsel for Debtors and the Trustee to identify a solution that adequately protects injured employees (known and unknown).

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

*/s/ Jeff Peterzalek*
JEFFREY PETERZALEK
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Building
1305 East Walnut St., Second Fl.
Des Moines, Iowa 50319
Ph: 515-281-6839
Email: tyler.eason@ag.iowa.gov
ATTORNEYS FOR IOWA INSURANCE
DIVISION AND IOWA INSURANCE
COMMISISONER

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this March 11th, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

*/s/ Jeffrey Peterzalek*

2