# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |
| | ) **Obj. Deadline: March 28, 2024 at 4:00 p.m. (CT)** |

## SUMMARY OF APPLICATION OF HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C., COUNSEL TO DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES IN THE ORDINARY COURSE FOR THE PERIOD FROM AUGUST 8, 2023 THROUGH DECEMBER 31, 2023

| | |
|---|---|
| Name of Applicant: | **Hall, Render, Killian, Heath & Lyman, P.C. ("Hall Render")** |
| Authorized to provide professional services to: | **Debtors and Debtors-In-Possession** |
| Date of retention: | **August 7, 2023** |
| Date of order authorizing retention: | **September 14, 2023, Docket No. 223** |
| Period for which compensation and reimbursement is sought: | **August 8, 2023 through December 31, 2023** |
| Amount of compensation sought as actual, reasonable, and necessary (before offset for compensation paid by Debtors): | **$ 83,857.00** |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | **$      17.30** |

## SUMMARY OF COMPENSATION PAID TO HALL RENDER

| Period Covered | Services Provided to Debtors | Payment(s) for Services Rendered | Notice Provided by Debtors |
|---|---|---|---|
| 08/07/2023 – 09/30/2023 | Antitrust and Strategic Partner Advisory | $ 9,010.50 | Dkt. No. 576 |
| 10/1/2023 – 12/31/2023 | Antitrust and Strategic Partner Advisory | $ 11,555.30 | Dkt. No. 617 |
| **TOTAL FEES PAID TO HALL RENDER** | | $ 20,565.80 | |

**SUMMARY OF BILLING BY PROFESSIONAL**
**AUGUST 8, 2023 THROUGH SEPTEMBER 30, 2023**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Michael Greer | 2007 (Indiana) | Shareholder; Health Economics | $645 | 53.20 | $ 34,314.00 |
| Nathan Chubb | 2011 (Virginia) | Shareholder; Health Economics | $530 | 39.70 | $ 21,041.00 |
| Mark Swearingen | 1998 (Missouri) | Shareholder; Health Operations | $615 | 0.30 | $ 184.50 |
| Hannah Clarke | 2022 (Indiana) | Associate; Health Economics | $280 | 27.70 | $ 7,756.00 |
| Capree Graczyk Mosley | N/A | Paralegal | $130 | 2.80 | $ 364.00 |
| **TOTALS** | | | | **123.70** | **$ 63,659.50** |

## SUMMARY OF BILLING BY PROFESSIONAL
## OCTOBER 1, 2023 THROUGH DECEMBER 31, 2023 [1]

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Michael Greer | 2007 (Indiana) | Shareholder; Health Economics | $675 | 10.70 | $ 7,222.50 |
| Nathan Chubb | 2011 (Virginia) | Shareholder; Health Economics | $555 | 22.00 | $ 12,210.00 |
| Hannah Clarke | 2022 (Indiana) | Associate; Health Economics | $325 | 0.90 | $ 292.50 |
| Capree Graczyk Mosley | N/A | Paralegal | $135 | 3.50 | $ 472.50 |
| **TOTALS** | | | | **37.10** | **$ 20,197.50** |

---

[1] Hall Render standard rates increase on October 1 unless otherwise agreed to with client

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY**
**AUGUST 8, 2023 THROUGH DECEMBER 31, 2023**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Analysis and Advice | 16.40 | $10,578.00 |
| Third Party Communication | 11.10 | $ 7,012.00 |
| Fact Gathering/Due Diligence | 6.30 | $ 2,739.00 |
| Regulatory Review | 127.00 | $63,528.00 |
| **TOTALS** | **160.80** | **$83,857.00** |

**EXPENSE SUMMARY**
**AUGUST 8, 2023 THROUGH DECEMBER 31, 2023**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Pacer fee for case monitoring | Administrative Office of the U.S. Courts | $ 17.30 |
| **TOTAL** | | **$ 17.30** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) ) | Case No. 23-00623 (TJC) |
| Debtors. | ) ) ) ) ) | Jointly Administered<br><br>**Obj. Deadline: March 28, 2024 at 4:00 p.m. (CT)** |

**APPLICATION OF HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C., COUNSEL TO DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES IN THE ORDINARY COURSE FOR THE PERIOD FROM AUGUST 8, 2023 THROUGH DECEMBER 31, 2023**

Hall, Render, Killian, Heath, & Lyman, P.C. (the "Applicant" or "Hall Render"), counsel to the debtors and debtors-in-possession (collectively, the "Debtors"), hereby submits it application for compensation pursuant to sections 327, 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. § 372 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Order Authorizing the Employment and Payment of Professionals Used in the Ordinary Course of Business* [Docket No. 223] (the "OCP Order"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 224] (the "Interim Compensation Order") for allowance of compensation for services rendered and reimbursement of expenses for the period from August 8, 2023 through December 31, 2023 (the "Application Period"), and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of the Chapter 11 Cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Bankruptcy Code sections 327, 328, 330, and 331, Bankruptcy Rule 2016, and the OCP Order.

## BACKGROUND

### A. The Chapter 11 Case

4. On August 7, 2023 (the "Petition Date"), the Debtors commenced the Chapter 11 Case by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate its business and manage its properties as debtors and debtors-in-possession pursuant to Bankruptcy Code section 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 case.

5. On August 15, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

6. Additional information regarding the Debtor and the Chapter 11 Case, including the Debtor's business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Case, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "Toney Declaration").

### B. The Retention of Hall Render and The OCP Order.

7. On August 23, 2023, Debtors applied to the Court [Docket No. 141] (the "OCP Application") for an order authorizing Debtors to retain and employ certain professionals

employed in the ordinary course of the Debtor's business (each, an "OCP," and, collectively, the "OCPs"), effective as of the Petition Date.

8. Exhibit 1 to the OCP Application listed Hall Render as an OCP as an Antitrust and Strategic Partner Advisor to Debtors. Dkt. No. 141-1.

9. On September 14, 2023, the Court entered the OCP Order. Docket No. 223.

10. The OCP Order provides that Debtors must file and serve an OCP Declaration[2] prior to compensating any OCP. Dkt. No. 223.

7. The OCP Order provides each of the Notice Parties ten (10) days after service of an OCP Declaration to object to the employment and compensation of any OCP. Dkt. No. 223.

8. After such retention, OCPs are authorized under the OCP Order to present Debtors with a monthly invoice for services rendered by any OCP and Debtors are authorized to pay, without further Court approval, 100% of the post-petition fees charged and expenses incurred by each OCP, *provided* that the fees charged by an OCP do not exceed "$15,000 per month on average over a rolling three-month period (the 'Average Monthly Cap')." Dkt. No. 223.

9. The OCP Order further directs the Debtors to file and serve quarterly notices including "(i) the name of each OCP; (ii) the amount paid as compensation for services rendered and reimbursement of expenses incurred by each OCP during the previous quarter; and (iii) a general description of the services rendered by each OCP during the previous quarter." Dkt. No. 223.

10. The OCP Order also provides that "[i]n the event that the fees charged and invoiced by any OCP exceed the Average Monthly Cap . . . such OCP shall be required to seek Court approval of all postpetition fees and expenses in accordance with Bankruptcy Code sections 330

---

[2] Capitalized terms used but not defined herein shall have the meaning provided in the OCP Order, Dkt. No. 223.

and 331, the Bankruptcy Rules, and the Court's orders (including those governing interim compensation of professionals)." Dkt. No. 223.

11. On October 6, 2023, Hall Render submitted an OCP Declaration to the Court in accordance with the OCP Order. *Declaration of Ordinary Course Professional*, Dkt. No. 340 (the "Gifford Declaration"). Debtors owed Hall Render $2,686.00 for pre-petition services, but Hall Rendered agreed to waive its pre-petition claim and did not hold a retainer for post-petition services. *Id.*, ¶ 10.

12. No objections to the Gifford Declaration were filed within ten (10) days of service thereof.

13. On December 15, 2023, Debtors filed their *Notice of First Quarterly Statement of Amounts Paid to Ordinary Course Professionals for the Quarter Ending September 30, 2023* (the "First Quarter Notice"). Dkt. No. 576.

14. Exhibit A to the First Quarter Notice provided that Debtors paid $9,010.50 to Hall Render for services rendered to the Debtors for the period of August 7, 2023 to September 30, 2023. Dkt. No. 576. This payment was in compliance with the OCP Order. *See* Dkt. No. 223.

15. Exhibit A to the Second Quarter Notice provided that Debtors paid $11,555.30 to Hall Render for services rendered to the Debtors for the period of October 1, 2023 to December 31, 2023. Dkt. No. 617. This payment was in compliance with the OCP Order. *See* Dkt. No. 223.

## **VALUATION OF SERVICES**

16. Hall Render is recognized as a preeminent health-law focused firms in the country. Hall Render has nine offices across the United States and provides services relating to a wide array of health law-related matters. In this case, however, Hall Render's services are limited to providing antitrust and strategic planning advice to the Debtors.

17. Hall Render professionals, including attorneys and paraprofessionals have expended considerable time providing antitrust counsel to Debtors, including but not limited to: analysis and advice, third party communication, fact gathering/due diligence, and regulatory reviews.

18. During the Application Period, Hall Render professionals and paraprofessionals expended a total of 160.80 hours in connection with this matter during the Application Period.

19. The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set forth in **Exhibit A**. As discussed in the Application, the rates reflected therein are Hall Render's normal hourly rates of compensation for work of this character.

20. During the Application Period, Hall Render has incurred $17.30 in expenses in order to provide services to Debtors during the Application Period. Hall Render's expenses are set forth in greater detail in **Exhibit A**. As discussed in the Application, Hall Render believes the expenses incurred are fair and reasonable.

21. Hall Render believes that the time entries and expenses included in **Exhibit A** are in compliance with the requirements of the Bankruptcy Code, the OCP Order, and the Interim Compensation Order.

## DISCUSSION

22. Pursuant to the OCP Order, the Interim Compensation Order, and Bankruptcy Code sections 327, 328, 330, and 331, Applicant seeks approval and allowance of compensation in the amount of $83,857.00 for professional services rendered and reimbursement of actual and necessary expenses in the amount of $17.30. Such amounts are before any offset for the $20,565.80 already paid to Applicant by Debtors.

23. Because Hall Render seeks compensation in excess of the Average Monthly Cap for the Application Period, Hall Render submits this Application under the OCP Order, the Interim Compensation Order, and Bankruptcy Code sections 327, 328, 330, and 331.

24. To the extent Hall Render performs additional services for Debtors *after* the Application Period that are below the Average Monthly Cap, Hall Render reserves its right to seek payment from Debtors without prior approval from this Court, pursuant to the OCP Order.

25. Sections 327 and 328 of the Bankruptcy Code allow the Debtors, as debtors-in-possession, to retain attorneys to assist debtors in operating their businesses for the best interests of the estates.

26. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title

27. The Eighth Circuit Court of Appeals has stated:

> "[Reasonable] [c]ompensation . . . presumably reflects (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."

*P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728, 731–32 (8th Cir. 1992).

28. In reviewing this Application, the Court should be guided by the Eighth Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> Section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts."

*Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984); *see also In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992) ("[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is so to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.").

29. This Application complies with the fee application requirements set forth in *In re Pothoven*, 84 B.R. 579 (Bankr. S.D. Iowa 1988). The exhibits to this Application list and describe each activity, the date it was performed, the attorney or professional who performed the work, the time spent on the work, and the individual's hourly rate. *Id.* at 584.

30. Hall Render's hourly rate of compensation for attorneys and para-professionals range from $ 130 to $ 780 per hour. Gifford Declaration, ¶ 6. These rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this niche healthcare regulatory practice area across the Midwest. Hall Render consistently and consciously made reasonable efforts to represent Debtors in the most economical, efficiently, and practical manner possible.

31. Each individual that billed time on these cases has experience specifically qualifying them for their participation in these cases. As set forth in *Pothoven*, Hall Render has provided "a description of each professional for whom compensation is sought," including their years and areas of practice. *Pothoven*, 84 B.R. at 584.

32. In accordance with the factors enumerated in Bankruptcy Code section 330, Hall Render submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

33. The fees charged by Hall Render in this case are billed in accordance with its existing billing rates and procedures as set forth in this Application and in the Gifford Declaration.

34. Hall Render's rates for the services rendered by its attorneys and paraprofessionals in these chapter 11 cases are the same rates that Hall Render charges for services rendered in comparable non-bankruptcy matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

35. Hall Render reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

## NO PRIOR REQUEST

36. No prior request for the relief sought in the Application has been made to this or any other court.

**WHEREFORE**, Hall Render respectfully requests that the Court enter an order: (i) awarding Hall Render (a) one-hundred (100%) percent of the fees for the Application Period in the amount of $ 83,857.00; and (b) the reimbursement of one-hundred percent (100%) of the actual and necessary expenses Hall Render incurred during the Application Period in the amount of $17.30; (ii) authorizing and directing the Debtors to pay Hall Render $ 83,874.30, representing the total amount owed for the Application Period (before reduction for the $20,565.80 already paid to

Hall Render, resulting in a net $63,308.50 to be paid to Hall Render); and (iii) granting such other relief as is just and proper.

*[Remainder of the Page Intentionally Left Blank]*

Dated: Indianapolis, Indiana
March 14, 2024

/s/ Michael R. Greer
Michael R. Greer
Attorney
Hall, Render, Killian, Heath & Lyman, P.C.

| | |
|---|---|
| Dated: March 14, 2024 | **NYEMASTER GOODE, P.C.** |
| | |
| | */s/ Roy Leaf* |
| | Roy Leaf, AT0014486 |
| | 625 First Street SE, Suite 400 |
| | Cedar Rapids, IA 52401-2030 |
| | Telephone:  (319) 286-7002 |
| | Facsimile:  (319) 286-7050 |
| | Email:  rleaf@nyemaster.com |
| | |
| | - and - |
| | |
| | Kristina M. Stanger, AT0000255 |
| | Matthew A. McGuire, AT0011932 |
| | Dana Hempy, AT0014934 |
| | 700 Walnut, Suite 1600 |
| | Des Moines, IA 50309 |
| | Telephone: (515) 283-3100 |
| | Fax: (515) 283-8045 |
| | Email:  mmcguire@nyemaster.com |
| | kmstanger@nyemaster.com |
| | dhempy@nyemaster.com |
| | |
| | -and - |
| | |
| | **MCDERMOTT WILL & EMERY LLP** |
| | Felicia Gerber Perlman (admitted *pro hac vice*) |
| | Daniel M. Simon (admitted *pro hac vice*) |
| | Emily C. Keil (admitted *pro hac vice*) |
| | 444 West Lake Street, Suite 4000 |
| | Chicago, IL 60606 |
| | Telephone:  (312) 372-2000 |
| | Facsimile:  (312) 984-7700 |
| | Email:  fperlman@mwe.com |
| | dsimon@mwe.com |
| | ekeil@mwe.com |
| | |
| | - and - |
| | |
| | Jack G. Haake (admitted *pro hac vice*) |
| | 2501 North Harwood Street, Suite 1900 |
| | Dallas, TX 75201 |
| | Telephone:  (214) 295-8000 |
| | Facsimile:  (972) 232-3098 |
| | Email:  jhaake@mwe.com |

*Counsel for Debtors and Debtors-in-Possession*

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this March 14, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*