IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | Obj. Deadline: March 29, 2024 at 4:00 p.m. (CT) |

**SUMMARY OF FIRST APPLICATION OF H2C SECURITIES, INC. AS INVESTMENT BANKER TO DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 7, 2023 THROUGH JANUARY 31, 2024 RELATED TO <u>SALE TRANSACTION</u>**

| | |
|---|---|
| Name of applicant: | **H2C SECURITIES, INC.** |
| Authorized to provide professional services to: | **Debtors and Debtors-In-Possession** |
| Date of retention: | **August 7, 2023** |
| Date of order authorizing retention: | **September 18, 2023, Docket No. 247** |
| Period for which approval of compensation and reimbursement is sought: | **August 7, 2023 through January 31, 2024** |
| Amount of compensation sought as actual, reasonable and necessary: | **$ 525,000.00** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$ 7,000.00** |
| This is a: | **First Application for Final Allowance of Fees and Expenses** |

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |

**FIRST APPLICATION OF H2C SECURITIES, INC. AS INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM AUGUST 7, 2023 TO AND INCLUDING JANUARY 31, 2024 RELATED TO SALE TRANSACTION**

H2C Securities, Inc. ("H2C") hereby submits this application (the "Application") pursuant to section 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 224] (the "Interim Compensation Order") for an award and allowance of final compensation for professional services rendered to the above-captioned debtor-in-possession Mercy Hospital, Iowa City, Iowa and its affiliates (collectively, the "Debtors") from August 7, 2023 to and including January 31, 2024 (the "Application Period") related to the Debtors' sale of assets (the "Strategic Transaction") to the State University of Iowa (the "University"). H2C respectfully requests entry of an order approving and allowing payment of such fees and expenses related to the Strategic Transaction substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") and granting the relief described below. In support of the Application, H2C respectfully represents as follows:

2

**RELIEF REQUESTED**

1. By this Application, H2C seeks entry of the Proposed Order authorizing and approving fees and expenses associated with the Strategic Transaction earned and incurred during the Application Period, including the Strategic Transaction Fee.[1] As set forth in the Engagement Letter and the *Order (I) Authorizing the Employment and Retention of H2C Securities, Inc. as Investment Banker to the Debtors and Debtors-in-Possession Nunc Pro Tunc to the Petition Date, (II) Approving the Terms of the H2C Engagement Letter, (III) Waiving Certain Time-Keeping Requirements, and (IV) Granting Related Relief* [Docket No. 247] (the "H2C Retention Order"), H2C is entitled to both monthly payments of $25,000.00 (the "Monthly Fee") until closing of the Strategic Transaction and a Success Fee upon closing of the Strategic Transaction (subject to Court approval).

2. H2C's expertise and investment banking experience was critical to helping the Debtors quickly and efficiently consummate the Strategic Transaction by selling and monetizing the majority of their assets via the sale to the University, thereby providing significant value to the Debtors' estates. While H2C continues to assist the Debtors in marketing the Debtors' interests in certain joint ventures on the terms set forth in the *Order (I) Expanding the Scope of Employment and Retention of H2C Securities, Inc. as Investment Banker to the Debtors and Debtors-in-Possession, (II) Approving the Terms of the Amendment to the H2C Engagement Letter, and (III) Granting Related Relief* [Docket No. 686] (the "Expanded Retention Order"), H2C has completed

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in *Debtors' Application for Entry of Order (I) Authorizing the Employment and Retention of H2C Securities Inc. as Investment Banker to the Debtors and Debtors-in-Possession, Nunc Pro Tunc to the Petition Date, (II) Approving the Terms of the H2C Engagement Letter, (III) Waiving Certain Time-Keeping Requirements, and (IV) Granting Related Relief* [Docket No. 150] (the "H2C Retention Application").

the Services set forth in the Engagement Letter related to the Strategic Transaction. Accordingly, H2C hereby brings this Application to request an award and final allowance of its Monthly Fees, Strategic Transaction Fee, and expenses incurred pursuant to its engagement related to the Strategic Transaction.

**JURISDICTION AND VENUE**

3. The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Amended Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. H2C confirms its consent to the entry of a final order by the Court in connection with this Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

**I.  Chapter 11 Cases**

6. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

4

7. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

9. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration").

**II.    Retention of H2C in the Chapter 11 Cases**

10. On August 23, 2023, the Debtors filed the H2C Retention Application.

11. As detailed in the H2C Retention Application, H2C has been retained by the Debtors since June 17, 2021. From this date through January 31, 2024, H2C has advised the Debtors with respect to the Strategic Transaction and various issues related thereto.

12. On September 18, 2023, the Court entered the H2C Retention Order.

13. The H2C Retention Order generally authorized the Debtors to retain H2C *nunc pro tunc* to the Petition Date on the terms set forth therein and in accordance with the Engagement Letter. In particular, the H2C Retention Order authorized the Debtors to, among other things, retain H2C to advise and assist the Debtors in connection with the Strategic Transaction

14. Following discussions with the U.S. Trustee, H2C agreed to as part of the H2C Retention Order to seek authorization and approval of the Strategic Transaction Fee via a fee application following the close of the Strategic Transaction and the conclusion of H2C's Services associated therewith.

### III. The Consummation of the Strategic Transaction

15. On September 14, 2023, the Court entered an *Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving Break-Up Fee, (C) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (D) Approving the Form and Manner of Notice Thereof, (E) Approving Contract Assumption and Assignment Procedures and (F) Granting Related Relief* [Docket No. 222] (the "Bidding Procedures Order").

16. Following the auctions contemplated by the Bidding Procedures Order, on November 7, 2023, the Court entered an *Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Contracts and Leases, and (III) Granting Related Relief* [Docket No. 476] (the "Sale Order"), approving, among other things, the University's Strategic Transaction with the Debtors (the "Sale").

17. On January 31, 2024, the Debtors and the University officially closed the Sale and transferred substantially all of the Debtor's assets to the University.

18. The Sale has closed and the Strategic Transaction Services are now complete. Accordingly, H2C brings this Application for final award and allowance of its fees and expenses.

### BASIS FOR RELIEF REQUESTED

19. Bankruptcy Code section 327(a) and 328(a) authorizes a debtor-in-possession to employ and pay professionals. In its H2C Retention Order, the Court previously granted authority

6

for H2C to be compensated, reimbursed, and indemnified pursuant to Bankruptcy Code section 328(a).

20. The H2C Application to Employ and Retention Order set forth the terms of H2C's proposed compensation for the Strategic Transaction Fees as follows:

> **b) Strategic Transaction Fees.** If a Strategic Transaction is consummated,
>
> (1) $50,000 upon the execution by the Company and the Partner(s) of a Letter of Intent or similar agreement (the "LOI Fee").
>
> (2) $150,000 upon the execution by the Company and the Partner(s) of a Definitive Agreement (the "DA Fee").
>
> (3) $600,000 upon the closing of the Strategic Transaction (the "Success Fee"), *provided, however*, the Success Fee shall be reduced by the amount of the LOI Fee and DA Fee paid by the Company prior to the closing.

21. As set forth in the Court-approved Engagement Letter,

> "a Strategic Transaction shall be deemed to have been consummated upon the earliest of any of the following events to occur: (i) a merger or consolidation of the Debtors, including a member substitution or similar agreement; (ii) the formation of a joint venture or partnership or any similar transaction; **(iii) the acquisition of assets representing a majority of the Debtors' consolidated book value or generating a majority of the Debtors' consolidated earnings or revenues during any of the most recent three completed fiscal years or the current fiscal year-to-date period;** (iv) the acquisition of a majority of the equity securities or voting interests of the Debtors; or (v) in the case of any other Strategic Transaction, the consummation thereof."

*See* Docket No. 150 at page 8, Section 16(b).

22. The University's acquisition of the majority of the Debtors assets via the Sale satisfies the consummation of the Strategic Transaction under the Engagement Letter. *Id*.

23. H2C was instrumental in assisting the Debtors in marketing, analyzing, negotiating, documenting and closing the Strategic Transaction with the University. Moreover, H2C's efforts with respect to the Strategic Transactions stretched back to June 2021 when they were first retained

by the Debtors. The Strategic Transaction Fee was an integral part of H2C's arrangement with the Debtors. The Debtors and H2C agreed on the Fee Structure (including the Success Fee) in 2021 in anticipation that a substantial commitment of professional time and effort would be required of H2C and its processionals in connection with the Strategic Transaction, which they were. A summary of the services rendered by H2C and a chart demonstrating time spent is attached hereto as **Exhibit B**.

24. Following consideration of this Application, H2C is entitled to received compensation, reimbursement, and indemnification in accordance with the Fee Structure.

25. H2C has already received payment of the LOI Fee and the DA Fee. The Success Fee of $400,000 is remaining to be paid and approval of the Debtors' payment of that amount is sought pursuant to this Application. This payment is a fair and reasonable value for the services rendered by H2C for the Strategic Transaction under Bankruptcy Code section 328 for the reasons set forth herein.

26. Additionally, H2C seeks final allowance and approval of the Monthly Fees. The Court already approved the terms of the Monthly Fees in the H2C Retention Order. H2C has already received 80% ($100,000.00) of its Monthly Fees earned during the Application Period on an interim basis via the process approved by the Court in the Interim Compensation Order. Pursuant to this Application, H2C seeks approval and allowance of 100% ($125,000.00) of its Monthly Fees during the Application Period. The Monthly Fees are fair and reasonable in light of the Services performed by H2C and should be approved as set forth in the Proposed Order.

## SUMMARY OF SERVICES RENDERED

27. As set forth herein, H2C rendered professional services to the Debtors as requested and in furtherance of the interests of the Debtors and the Debtors' estates. The variety and

complexity of the issues related to the Strategic Transaction and in these Chapter 11 Cases—as well as the need to act or respond to such issues on an expedited basis—have required the expenditure of substantial time by H2C personnel.

28. H2C respectfully submits that the professional services that it rendered on behalf of the Debtors were necessary, appropriate, and have directly contributed to the realization of significant value for the Debtors' estates in these Chapter 11 Cases.

29. The following summary of services rendered during the Application Period is not intended to be an exhaustive description of the work performed. Rather, it is an attempt to highlight certain of those areas in which H2C rendered services to the Debtors. Below are certain key areas in which H2C provided services to the Debtors:

    a. Developed marketing materials and other documents utilized in the sale process;

    b. Marketed the Debtors assets to 64 potential buyers and managing communication in anticipation of the bid deadline;

    c. Attending and responding to deposition requests;

    d. Facilitating diligence efforts with potential buyers and populating over 5,000 documents to the data room;

    e. Attending and participating in the bankruptcy auctions;

    f. Valuing the Debtors assets and development of a scorecard that allowed the Debtors to compare bids from multiple parties;

    g. Updating the Committee, Pension Committee, and other key stakeholders on a weekly basis regarding the sale process;

    h. Other investment banking activities deemed necessary throughout the process. A full narrative of H2C's work is included in Exhibit A.

## NOTICE

30. The Debtors will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Iowa Department of Revenue; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel to the Committee; (g) counsel to the Pension Committee; (h) counsel for the Secured Bondholder Representative; (i) the Federal Trade Commission; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, H2C respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Atlanta, Georgia
      March 14, 2024

                                                C. Richard Bayman
                                                Managing Director
                                                H2C Securities, Inc.

| | |
|---|---|
| Dated: Cedar Rapids, Iowa<br>March 15, 2024 | **NYEMASTER GOODE, P.C.**<br>*/s/ Roy Leaf*<br>Roy Leaf, AT0014486<br>625 First Street SE, Suite 400<br>Cedar Rapids, IA 52401-2030<br>Telephone: (319) 286-7002<br>Facsimile: (319) 286-7050<br>Email: rleaf@nyemaster.com<br><br>- and -<br><br>Kristina M. Stanger, AT0000255<br>Matthew A. McGuire, AT0011932<br>Dana Hempy, AT0014934<br>700 Walnut, Suite 1600<br>Des Moines, IA 50309<br>Telephone: 515-283-3100<br>Fax: 515-283-8045<br>Email: mmcguire@nyemaster.com<br>       kmstanger@nyemaster.com<br>       dhempy@nyemaster.com<br><br>- and -<br><br>**MCDERMOTT WILL & EMERY LLP**<br>Felicia Gerber Perlman (admitted *pro hac vice*)<br>Daniel M. Simon (admitted *pro hac vice*)<br>Emily C. Keil (admitted *pro hac vice*)<br>444 West Lake Street, Suite 4000<br>Chicago, IL 60606<br>Telephone: (312) 372-2000<br>Facsimile: (312) 984-7700<br>Email: fperlman@mwe.com<br>       dsimon@mwe.com<br>       ekeil@mwe.com<br><br>- and -<br><br>Jack G. Haake (admitted *pro hac vice*)<br>2501 North Harwood Street, Suite 1900<br>Dallas, TX 75201<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>Email: jhaake@mwe.com |

*Counsel for Debtors and Debtors-in-Possession*

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this March 15, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

*/s/ Roy Leaf*