**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | Re: Dkt. Nos. 799, 855 |

**SECURED BONDHOLDER REPRESENTATIVES' JOINDER TO THE DEBTORS' RESPONSE AND LIMITED OBJECTION WITH RESPECT TO MOTION OF IOWA CITY AMBULATORY SURGICAL CENTER, LLC FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO ISSUE A NOTICE OF INTENT TO OBTAIN A PURCHASE PRICE DETERMINATION**

Preston Hollow Community Capital, Inc., as Bondholder Representative, and Computershare Trust Company, N.A., as Master Trustee (together, the "Secured Bondholder Representatives"), submit this joinder (the "Joinder") to the *Debtors' Response and Limited Objection with Respect to Motion of Iowa City Ambulatory Surgical Center, LLC for Entry of an Order Granting Relief from the Automatic Stay to Issue a Notice of Intent to Obtain a Purchase Price Determination* [Dkt. No. 855] (the "Response") filed by Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), and respectfully state as follows:

1. By this Joinder, the Secured Bondholder Representatives support and join in the Debtors' Response to the *Motion of Iowa City Ambulatory Surgical Center, LLC for Entry of an Order Granting Relief from the Automatic Stay to Issue a Notice of Intent to Obtain a Purchase Price Determination* [Dkt. No. 799] (the "Motion") filed by Iowa City Ambulatory Surgical

1

Center, LLC ("ICASC"),[1] and adopt by reference hereto the arguments contained in the Response as if fully set forth herein.

2. As noted by the Debtors, the most valuable of their joint venture assets is Mercy's interest in ICASC (the "Mercy Interest"). The Mercy Interest is subject to the Master Trustee's liens and security interests; as a result, the Secured Bondholder Representatives have a significant economic interest in the valuation and disposition thereof.

3. The ICASC Operating Agreement sets forth specific procedures pursuant to which each Member may value and obtain the other Member's interests in ICASC, as acknowledged in the Motion. *See* Motion at ¶ 30. Nonetheless, Johnson County Surgeon Investors, LLC ("JCSI") appears to have circumvented these procedures by engaging an appraiser and commissioning the PYA Report without first submitting a Notice of Purchase Price Determination and receiving Mercy's consent that such appraiser would serve as the agreed-upon Company Appraiser. After breaching the Operating Agreement by not following the valuation procedure set forth therein, JCSI now seeks to use its self-serving valuation for the purpose of siphoning property from the estate at an artificially depressed price.

4. ICASC allegedly filed the Motion solely to provide a Price Determination Notice in compliance with the Operating Agreement. *See id.* at ¶ 20. But ICASC obscures the fact that it may have already violated the automatic stay by initiating, postpetition and without notice to parties-in-interest or relief from this Court, a process to value the Mercy Interest with the goal of exercising control over an estate asset at a significantly devalued price in contravention of the operative agreement.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Response, as applicable.

5.      The Secured Bondholder Representatives agree with the Debtors that ICASC cannot now rely on its actions taken prior to receiving relief from the automatic stay while simultaneously requesting such relief to issue a Price Determination Notice.  Put simply, ICASC must not be allowed to use the PYA Report in any valuation process of the Mercy Interest going forward, as such reliance would constitute a violation of the automatic stay and would be void *ab initio*. *See LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999) ("an action taken in violation of the automatic stay is void ab initio."); *see also Seaver v. New Buffalo Auto Sales (In re Hecker)*, 496 B.R. 541, 549 (B.A.P. 8th Cir. 2013) (explaining that the rationale behind finding violating actions to be void *ab initio is* that if they were "merely voidable, debtors would be obligated to spend a considerable amount of time and money policing and litigating creditor actions."))  The PYA Report must be disregarded, and the process started anew.

6.      The Secured Bondholder Representatives reserve the right to be heard during argument relating to the Motion and to the Response.

7.      Nothing contained herein shall constitute a waiver of any rights or remedies of the Secured Bondholder Representatives, including, without limitation, the right to (i) amend, modify, or supplement this Joinder, or (ii) raise any other additional arguments at a later date.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| Date: March 22, 2024 | **WHITFIELD & EDDY, P.L.C.** |

    */s/ Peter J. Chalik*
Peter J. Chalik (Iowa Bar No. AT0013036)
699 Walnut St., Suite 2000
Des Moines, Iowa 50309
Telephone: (515) 288-6041
Email: *Chalik@whitfieldlaw.com*

-and-

**MINTZ, LEVIN, COHN, FERRIS GLOVSKY AND POPEO, P.C.**

William W. Kannel (admitted *pro hac vice*)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Email: WKannel@mintz.com

Nathan F. Coco (admitted *pro hac vice*)
Megan Preusker (admitted *pro hac vice*)
Kaitlin R. Walsh (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 935-3000
Email: NFCoco@mintz.com
        MPreusker@mintz.com
        KRWalsh@mintz.com

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated March 22, 2024.

                                                      */s/ Peter J. Chalik*