IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
|  | Jointly Administered |
| Debtors. | **EXPEDITED RELIEF REQUESTED** |

### DEBTORS' EXPEDITED MOTION TO CONTINUE HEARING ON ENTRY OF CASH COLLATERAL MOTION ON FINAL BASIS AND DISTRIBUTION MOTION

Mercy Hospital, Iowa City, Iowa ("Mercy" or the "Hospital") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, Mercy respectfully represents as follows:

### RELIEF REQUESTED

1. By the Motion, Debtors respectfully request the entry of the Proposed Order continuing the hearing on March 27, 2024 solely with respect to the Cash Collateral Motion and the Distribution Motion (each as defined below).[1]

2. The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Public Administrative Order referring bankruptcy cases entered by the United States District Court for

---

[1] For the avoidance of doubt, the Debtors intend to proceed with the remaining matters set for hearing on March 27, 2024, including, among other things, the hearing to consider approval of the disclosure statement portion of the Debtors' combined plan and disclosure statement.

1

the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") Rule 5071-1 of the *Local Rules of Bankruptcy Practice and Procedure* (the "Local Rules").

## BACKGROUND

4. On August 7, 2023, the Debtors filed *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 26] (the "Cash Collateral Motion").

5. On August 8, 2023, the Court entered an *Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 38] (the "Interim Order"). The Interim Order granted the Cash Collateral Motion on an interim basis and authorized the Debtors to use cash collateral on the terms set forth therein.

6. On November 7, 2023, the Court entered a *Second Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, and (II) Granting Related Relief* [Docket No. 475] (the "Second Interim Order"). The Second Interim Order extended the authorization for the Debtors to use cash collateral on the terms set forth therein.

7. The Debtors have been operating under the Second Interim Order since its entry pursuant to a series of stipulations and agreements between the Debtors, Computershare Trust Company, N.A., as Master Trustee, and Preston Hollow Community Capital, Inc., as Bondholder Representative (collectively, the "Secured Bondholder Representatives") and the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee") (together with the Debtors and Secured Bondholder Representatives, the "Parties").

8. On January 11, 2024, the Secured Bondholder Representatives filed the *Secured Bondholder Representatives' Motion for Entry of an Order Authorizing and Directing the Distribution of Proceeds from the Sale of the Debtors' Assets and for Relief from Stay* [Docket No. 626] (the "Distribution Motion").

9. Among other things, both entry of the Cash Collateral Motion on a final basis and entry of an order approving the Distribution Motion are set to be heard by the Court on March 27, 2024 at 10:30 A.M. CST.

10. On March 25, 2024, the Committee filed objections to both the Cash Collateral Motion and the Distribution Motion [Docket Nos. 868, 869].

11. By this Motion, the Debtors now seek to continue both the Cash Collateral Motion and the Distribution Motion to the hearing date set to consider entry of an order confirming the Debtors' proposed chapter 11 plan in early May, 2024.

## CONTINUANCE OF THE HEARING

12. The Parties have been focused over the past weeks on negotiations surrounding the Debtors' proposed chapter 11 plan and disclosure statement. As such, the Parties have not had

significant time to devote to issues surrounding the Cash Collateral Motion and Distribution Motion.

13. Moreover, the Parties still continue to engage in discussions surrounding the proposed chapter 11 plan and disclosure statement. Any global resolution of issues related thereto would resolve the need for a hearing and save estate resources related therewith.

14. Accordingly, the Debtors respectfully request that the Court continue the portion of the hearing currently set for March 27, 2024 to consider the Cash Collateral Motion and Distribution Motion to the date that is set for any hearing to consider confirmation of the Debtors' proposed chapter 11 plan.

15. Counsel for the Secured Bondholder Representatives, the Committee, and the Official Committee of Pensioners consent to the relief sought in this Motion. According, this Motion complies with Local Rule 5071-1.

16. The reasons set forth herein and the consent of the key constituents in this case constitutes good cause for the continuance sought herein.

*[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]*

Dated: March 25, 2024
      Cedar Rapids, Iowa

          Respectfully Submitted,

          */s/ Roy Leaf*
          **NYEMASTER GOODE, P.C.**
          Roy Leaf, AT0014486
          625 First Street SE, Suite 400
          Cedar Rapids, IA 52401-2030
          Telephone:  (319) 286-7002
          Facsimile:  (319) 286-7050
          Email:  rleaf@nyemaster.com

          - and -

          Kristina M. Stanger, AT0000255
          Matthew A. McGuire, AT0011932
          Dana Hempy, AT0014934
          700 Walnut, Suite 1600
          Des Moines, IA 50309
          Telephone: 515-645-5510
          Fax: 515-283-8045
          Email: mmcguire@nyemaster.com
                kmstanger@nyemaster.com
                dhempy@nyemaster.com

          - and-

          **MCDERMOTT WILL & EMERY LLP**
          Felicia Gerber Perlman (admitted *pro hac vice*)
          Daniel M. Simon (admitted *pro hac vice*)
          Emily C. Keil (admitted *pro hac vice*)
          444 West Lake Street, Suite 4000
          Chicago, Illinois 60606
          Telephone:  (312) 372-2000
          Facsimile:  (312) 984-7700
          Email:  fperlman@mwe.com
                dsimon@mwe.com
                ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this March 25, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*