**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| | ) |
| Debtors. | ) Jointly Administered |

**ORDER (I) GRANTING THIRD OMNIBUS MOTION, (II) AUTHORIZING REJECTION OF EXECUTORY EMPLOYMENT AGREEMENTS RELATED TO MERCY HOSPITAL, IOWA CITY, IOWA, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rule 2002(a), 6004(h), 6006(f), 6007 authoring the Debtors to reject the contracts set forth on the Rejected Contracts List attached as Exhibit B to the Motion, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth in this Order.

2. Pursuant to Bankruptcy Code section 365, the contracts set forth on the Rejected Contract List attached to the Motion as Exhibit B, including any amendments, modifications, supplements and, to the extent not listed, the original agreements to which any amendments listed therein relate, are hereby rejected effective as of January 31, 2024.

3. The Debtors do not waive any claims that they may have against any counterparty to the contracts listed on the Rejected Contracts List, whether or not such claims arise under, are related to the rejection of, or are independent of the contracts listed on the Rejected Contracts List.

4. Nothing herein shall prejudice the rights of the Debtors to argue that any contract listed on the Rejected Contracts List was terminated prior to the Petition Date, that any claim for damages arising from the rejection of such contract is limited to the remedies available under any applicable termination provision of such contract, or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

5. Nothing contained in the Motion or this Order is intended is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (iv) an approval, assumption, or adoption of any

agreement, contract, lease, program, or policy between the Debtors and any third party under Bankruptcy Code section 365.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by a party.

7. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

8. The Motion satisfies Local Bankruptcy Rule 6004-1 and service of the Rejection Notice was appropriate and sufficient under the circumstances.

9. The Motion is adequate under Bankruptcy Rule 6006.

10. Any proofs of claim for damages in connection with the rejection of contracts listed on the Rejected Contracts List, if any, shall be submitted to the Debtors' claims agent, Epiq Corporate Restructuring, LLC ("Epiq") on or before April 30, 2024 (the "Rejection Claim Deadline"). Parties may submit such claims to Epiq either (i) online via the case website at https://dm.epiq11.com/MercyHospital, (ii) by first-class mail to Mercy Hospital Iowa City, Iowa Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420 such that the claim is received by the Rejection Claim Deadline, or (iii) by hand delivery or overnight mail to Mercy Hospital, Iowa City, Iowa Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd, Beaverton, OR 97005 such that the claim is received by the Rejection Claim Deadline.

11. Within three business days of the entry of this Order (or as soon as reasonably practical thereafter), Epiq shall cause a copy of this Order and a proof of claim form substantially modelled off of official form 410 to be served on each party listed on the Rejected Contracts List. Such notice is due and proper under the circumstances and satisfies Bankruptcy Rule 2002(a).

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated and entered this 28th day of March, 2024.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: mmcguire@nyemaster.com
      kmstanger@nyemaster.com
      dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com

      dsimon@mwe.com
      ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and
Debtors-in-Possession*