# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, | ) | |
| IOWA CITY, IOWA, *et al.,* | ) | Case No. 23-00623C |
| | ) | |
| Debtors. | ) | Jointly Administered |

## OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO H2C'S FINAL FEE APPLICATION

### JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought herein is 11 U.S.C. § 328 as well as Fed. R. Bankr. P. 2016. The United States Trustee has standing to raise, appear and be heard on this Objection pursuant to 11 U.S.C. § 307; 28 U.S.C. § 581 *et seq.*

### PROCEDURAL BACKGROUND

2. On August 7, 2023, Mercy Iowa City ACO, LLC, Mercy Hospital, Iowa City, Iowa, and Mercy Services Iowa City, Inc., (hereinafter "Mercy" or "Debtors") filed three individual chapter 11 bankruptcy petitions that are being Jointly Administered under case number 23-00623.

3. The Debtors continue to operate as debtors-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

4. H2C filed its Application to Employ on August 23, 2023. *See* Doc. 150. The Application was approved on September 18, 2023 *Nunc Pro Tunc* to the Petition date. *See* Doc. 247.

5. Pursuant to the Retention Order at docket 247 and Interim Compensation Order at docket 224, H2C has completed its services pursuant to the engagement related to the Strategic

1

Transaction defined in the Engagement Letter, and now seeks final allowance of 1) its Monthly fees, and 2) the Strategic Transaction Fee and Expenses.

## OBJECTION

6. The UST does not object to the payment of the monthly fee of $25,000. The UST's objection pertains solely to the Strategic Transaction Fees (Success Fee) and related expenses.

7. At the outset of the case, the UST and Preston Hollow Community Capital, Inc., as Bondholder Representative, Computershare Trust Company, N.A. ("Preston Hollow") both raised concerns regarding the number of professionals being employed, specifically about the potential overlap of services between H2C and ToneyKorf.

8. Concerns were raised by the UST, multiple parties, and the Court over the success fee and how they would be earned when the University of Iowa had already agreed to purchase the property.

9. The Success Fees relate to H2C's ability to aid the Debtors in consummating a "Strategic Transaction."[1] The fee structure provides for payment of $50,000 upon the execution of a Letter of Intent to purchase the property by an interested buyer, payment of $150,000 upon the execution of a "Definitive Agreement" by an interested buyer, and an additional $400,000 upon the closing of the "Strategic Transaction."

10. The University had sought to purchase the subject property in the prior year. The transaction was not consummated, but at the time of the bankruptcy the University had signed a renewed Asset Purchase Agreement and had agreed to serve as the Stalking Horse Bidder.

---

[1] Further explanation and definition of capitalized terms contained in this paragraph can be found at Docket Number 150-1, page 25 of the Engagement Letter included in the Proposed Order.

11. The employment of H2C was presented as being necessary as the primary objective was to bring interested parties to the table and aid in providing the information necessary to close the Strategic Transaction.

12. The Report on Auction filed at docket number 352 indicated the Winning Bidder after the first auction was Preston Hollow as Bondholder Representative, with its partner American Health Systems. The UST understands Preston Hollow's bid at this time was a credit bid with some cash contribution to the estate for operating expenses.

13. Shortly after the first auction, certain disagreements between the Debtors and Preston Hollow arose concerning funding of the Debtor through sale closing. The Auction was then reopened, where the University was the ultimate winning bidder. The sale to the University closed on January 31, 2024.

14. The Report of Auction filed at docket 420 includes a transcript of the continued auction. The transcript makes clear that, at the auction, the only bidders were the University and Preston Hollow, whose bid was primarily a credit bid. No other bidders had been brought to the table. Importantly, these are the two parties who have had ongoing discussions with the Debtor for over a year before the bankruptcy to resolve the issues that caused the bankruptcy in the first place. Additionally, the Debtors often consulted with their consultation parties, including the Committee, but it does not appear H2C was involved at that time.

15. Indeed, H2C does not appear to be contemplated as a "Consultation Party" defined in the Bidding Procedures Motion filed at docket number 58.

16. Where the ultimately successful bid was from a party who had been engaged with the Debtors for a period of time prior to the bankruptcy, it is entirely unclear what benefit H2C brought

to the estates to constitute additional payment of success fees beyond the monthly fee of $25,000 they already have earned.

17. Finally, H2C's Final Application requests payment of $7,000 in expenses, but makes no mention of what expenses make up the figure. No parties have had a chance to review the reasonableness of those expenses or make a determination that they were in any way reasonably related to the actual objectives of H2C.

WHEREFORE, the Acting United States Trustee requests the Court deny the success fees contemplated in the Engagement Letter to H2C and the expenses requested, and for any other relief.

Dated: March 29, 2024

**Mary R. Jensen**
Acting United States Trustee
Region 12

By:/s/ Janet G. Reasoner
**Janet G. Reasoner**
111 7th Ave SE, Box 17
Cedar Rapids, Iowa 52404
Ph: (319) 364-2211
Janet.G.Reasoner@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated March 29, 2023

By:/s/ Jennifer L. Cline
**Jennifer L. Cline**
Paralegal Specialist
United States Trustee's Office

4