# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |
|  | ) **EXPEDITED RELIEF REQUESTED** |

## DEBTORS' EXPEDITED MOTION FOR ENTRY OF ORDER WAIVING LOCAL RULE 3020-1

Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") waiving Rule 3020-1 of the *Local Rules of Bankruptcy Practice and Procedure* (the "Local Rules") and setting the final hearing to consider confirmation of the plan portion of *Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (the "Combined Disclosure Statement and Plan") on Thursday, May 16, 2024 (the "Confirmation Hearing Date"). In support thereof, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C.

1

§ 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 3017-1.

3. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**I.    The Chapter 11 Cases**

4. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons

for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27].

**II.　March 27, 2024 Hearing and Settlement**

8.　On March 27, 2024, the Court held a hearing on, among other things, the previous iteration of the disclosure statement portion of the Combined Disclosure Statement and Plan (the "Hearing"). During the course of the Hearing, the Debtors, Computershare Trust Company, N.A., as Master Trustee, and Preston Hollow Community Capital, Inc., as Bondholder Representative (collectively, the "Secured Bondholder Representatives"), the Pension Committee, the Committee (together with the Debtors, Secured Bondholder Representatives and the Pension Committee, the "Parties"), reached an agreement on a global resolution of issues related to the Combined Disclosure Statement and Plan.

9.　Since the Hearing, the Parties have worked to document the agreement. The result of these efforts is the Combined Disclosure Statement and Plan, which is being filed contemporaneously with this Motion.

**III.　Waiver of Requirements of Local Rule 3020-1**

10.　Local Rule 3020-1(b) provides that "[i]f there are objections to confirmation [of a plan], the initial hearing will be preliminary. The parties shall be prepared to discuss confirmation issues, including valuation of property or secured claims, settlement, discovery, other matters appropriate to the circumstances of the case, and the selection of a final hearing date. It shall not be necessary for the parties to provide for the attendance of witnesses."

11.　Pursuant to this Motion, the Debtors respectfully request that the Court waive the requirements of Local Rule 3020-1 and set a final hearing on confirmation of the Combined

3

Disclosure Statement and Plan on the Confirmation Hearing Date, regardless if there are objections to confirmation of the Combined Disclosure Statement and Plan.

12. Given the settlement of the Parties, the Debtors hope that confirmation of the Combined Disclosure Statement and Plan can occur on a fully consensual basis. Nevertheless, other parties in interest may file objections to the Combined Disclosure Statement and Plan. As discussed at the Hearing, the administrative burden on the Debtors' estates from having to hold two hearings related to confirmation of the Combined Disclosure Statement and Plan would be significant. Further, the Parties' settlement of issues related to the Combined Disclosure Statement and Plan should significantly reduce the scope of issues (if any) to be considered and resolved on the Confirmation Hearing Date.

13. Accordingly, the Debtors believe good cause exists to waive the requirements of Local Rule 3020-1 and hold a final confirmation hearing on the Confirmation Hearing Date regardless of whether any objections to the Combined Disclosure Statement and Plan are filed.

## NOTICE

14. The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Pension Committee; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel for the Secured Bondholder Representative; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

15. No previous request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Cedar Rapids, Iowa
March 29, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-8045
Email: mmcguire@nyemaster.com
kmstanger@nyemaster.com
dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and -

5

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this March 29, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

/s/ *Roy Leaf*