# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPTIAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-00623 (TJC)<br><br>Jointly Administered<br><br>**OFFICIAL COMMITTEE OF PENSIONERS' RULE 3018(a) MOTION** |

COMES NOW the undersigned attorney on behalf of the Official Committee of Pensioners and in support of its Rule 3018(a) Motion states:

1. Debtors filed their petition in this case on August 7, 2023.

2. The Official Committee of Pensioners was formed by Court order on November 11, 2023 (Doc. 451).

3. On April 3, 2024, the Court issued the Order (I) Approving Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan; (III) Establishing Deadlines and Procedures for (A) Filing Objections to Confirmation of Plan, (B) Claim Objections, and (C) Temporary Allowance of Claims for Voting Purposes; (IV) Determining Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notice, Voting, and Distribution Purposes; (V) Setting Record Date; <u>(VI) Approving (A) Solicitation Packages and Procedures for Distribution,</u> (B) Form of Notice of Hearing on Confirmation and Related Matters, and (C) Forms of Ballots; (VII) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (VIII) Granting Related Relief (Doc. 926, underline added).

4. Prior to the official appointment of the Official Committee of Pensioners, some pensioners filed individual proofs of claim.

5. Through the work of the Official Committee of Pensioners and because of the unliquidated nature of the pensioners claim, it has been determined that the proper measure of the claim of pensioners is that of the class of pensioners as a whole rather than individual claims.

6. The Chapter 11 Plan (the "Plan") currently being solicited provides that the amount of the pensioners claim be determined by Order of this Court.

7. Prior to the date set for the Hearing on the Disclosure Statement, Debtors' and the Official Committee of Pensioners' agreed through their counsel that each pensioner should be entitled to vote on the Plan.

8. Most pensioners did not receive ballots in the solicitation packages.

9. No objections to pensioners claims have been filed.

10. Bankruptcy Rule 3018(a) provides that the Court may temporarily allow claims for purposes of voting on the Plan.

11. The Official Committee of Pensioners asks this Court to allow claims of $1.00 per pensioner under Rule 3018(a) so that they may receive ballots and be entitled to vote on the Plan.

WHEREFORE, the undersigned, on behalf of the Official Committee of Pensioners, respectfully requests that the Court GRANT its Rule 3018(a) Motion, and that this Court grant any such other just, equitable and proper relief.

Dated this 22nd day of April 2024.

Respectfully submitted,
DAY RETTIG MARTIN, P.C.

/s/ Paula L. Roby
Paula L. Roby AT0006749
Telephone: (319) 365-0437
FAX: (319) 365-5866
E-mail: paula@drpjlaw.com
ATTORNEY FOR AD-HOC COMMITTEE
OF PENSIONERS

2

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 22nd day of April 2024, a copy of this document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system and served electronically on those participants that receive service through the CM/ECF System.

Signed: /s/ Julie G. Quist