# EXHIBIT B

### Agreement

**BENEFICIARY INTEREST TRANSFER AGREEEMENT**

This Beneficiary Interest Transfer Agreement ("Agreement") is made and entered into as of April 16, 2024 by and between Mercy Hospital, Iowa City, Iowa, an Iowa nonprofit corporation ("Seller"), and Mercy Hospital, Cedar Rapids, Iowa Endowment Foundation, Inc., an Iowa nonprofit corporation ("Buyer").

RECITALS:

A.   Seller is the sole beneficiary under a trust agreement entitled "The Thompson Brothers Trust" (the "Trust"), formed under the will of George A. Thompson, who died September 22, 1947, and the will of Frank L. Thompson, who died December 16, 1957.

B.   The Trust provides that one-half of the income from the Trust shall be given to Seller for "equipping and providing or enlarging the surgical department" of Seller and the other one-half of the income for the provision of "medical care and hospitalization" for patients at Seller who are residents of Johnson County, Iowa and unable to pay the cost themselves.

C.   Seller and certain of its affiliates (collectively, "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court"). Debtors' bankruptcy cases are jointly administered at case number 23-00623.

D.   Seller's equitable interest as beneficiary of the Trust (the "Beneficiary Interest") is property of Seller's bankruptcy estate pursuant to 11 U.S.C. Section 541 and a salable asset under 11 U.S.C. Section 363.

E.   Buyer desires to purchase, receive, or otherwise acquire, and Seller desires to sell, gift, or otherwise convey, the Beneficiary Interest to Buyer according to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the agreements and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer hereby agree as follows:

1.   Acquisition of Beneficiary Interest. On the Closing Date (as defined below), Seller shall sell, give, transfer, and assign to Buyer, and Buyer shall purchase, acquire, and receive from Seller, all of Seller's right and interest in and to the Beneficiary Interest. At the closing of the transactions contemplated by this Agreement (the "Closing"), Seller shall deliver, or cause to be delivered, to Buyer an Assignment of Beneficiary Interest in the form of Exhibit A attached hereto and any other instruments that may be necessary or that Buyer may reasonably request in order to effectively vest in Buyer the Beneficiary Interest. At the Closing, Buyer shall pay to Seller an amount equal to Two Hundred Twenty-Five Thousand Dollars ($225,000.00) by check or wire transfer of immediately available funds (the "Purchase Price"). Except for the Purchase Price, Seller acknowledges that Seller will not be entitled to any further distributions of income from the Trust following the date of Closing (the "Closing Date").

2. <u>Closing Date</u>. The Closing Date shall be a mutually agreeable date within five (5) business days of either: (a) approval of this Agreement by the Bankruptcy Court or (b) the relief requested herein by the State Court as set forth herein. The Closing shall be held at the Cedar Rapids office of Seller's counsel, Nyemaster Goode P.C., or by electronic exchange of documents on the Closing Date.

3. <u>Bankruptcy Court Approval</u>. Seller and Buyer acknowledge that this Agreement and the sale of the Beneficiary Interest are subject to approval by the Bankruptcy Court. Seller and Buyer acknowledge that Seller shall seek approval of this Agreement pursuant to a motion filed with the Bankruptcy Court (the "<u>Sale Motion</u>"). Buyer acknowledges that Seller must take, and has so taken, reasonable steps to demonstrate that Seller has sought to obtain the highest or otherwise best price for the Beneficiary Interest, including giving reasonable notice thereof to creditors of Seller and other interested parties and providing information about the Trust and the Beneficiary Interest to creditors of Seller and other interested parties. Seller shall also use commercially reasonable efforts to gain approval by the Bankruptcy Court of the sale of the Beneficiary Interest contemplated hereby to the extent required by Section 363 of the Bankruptcy Code and all other applicable provisions of the Bankruptcy Code. Buyer shall make reasonable good faith efforts to cooperate with Seller regarding (i) any material pleadings, motions, notices, statements, applications, schedules, reports, or other papers to be filed or submitted by Seller in connection with or related to this Agreement, (ii) any discovery taken in connection with seeking approval of this Agreement, (iii) any hearing related to an order approving this Agreement, including the submission of any evidence, including witnesses testimony, in connection with such hearing.

4. <u>Alternative Approval</u>.  In the event that the Bankruptcy Court does not enter an order approving the Sale Motion, Seller desires to gift, convey, donate, and otherwise transfer the Beneficiary Interest to Buyer. Within thirty (30) days following entry of a final, non-appealable order denying the relief requested in the Sale Motion, Seller shall file a petition in the Iowa District Court for Johnson County (the "<u>State Court</u>") seeking modification of the Thompson Trust on the terms set forth in Section 5(b) herein. Upon entry of an order from the State Court granting the relief set forth in Section 5(b) herein, Buyer pledges to provide funding in the amount of the Purchase Price (the "<u>Gift</u>") upon the Closing Date to Seller or, as applicable, Seller's liquidating trust (the "<u>Liquidation Trust</u>"). The Gift shall be used by Seller or, as applicable, Seller's Liquidation Trust to fund recoveries for Seller's creditors in accordance with the terms of the Liquidation Trust.

5. <u>Cy Pres Doctrine</u>.

   a. Seller shall petition the Bankruptcy Court in the Sale Motion to apply the doctrine of *cy pres* to reform the Trust document to meet the purposes of any person acquiring the Beneficiary Interest. Upon receipt of such approval by the Bankruptcy Court, one-half of the income from the Trust shall be used for the benefit of the surgery department at Mercy Medical Center, Cedar Rapids, Iowa, an Iowa nonprofit corporation ("<u>Mercy CR</u>"), and one-half of the income

from the Trust shall be used to fund the medical expenses of patients of Mercy CR unable to pay the cost themselves.

b. In the event that the Bankruptcy Court does not enter an order approving the Sale Motion, Seller shall petition the State Court in accordance with the terms hereof to apply the doctrine of *cy pres* to reform the Trust document to meet the purposes of any person acquiring the Beneficiary Interest. Upon receipt of such approval by the Bankruptcy Court, one-half of the income from the Trust shall be used for the benefit of the surgery department at Mercy CR and one-half of the income from the Trust shall be used to fund the medical expenses of patients of Mercy CR unable to pay the cost themselves.

6. <u>Cooperation</u>. Seller and Buyer agree to cooperate in a mutually agreeable manner so that Buyer can obtain the rights and benefits set forth in this Agreement and in accordance herewith.

7. <u>General</u>. Buyer acknowledges that Seller shall furnish the Beneficiary Interest to Buyer "as is," without warranty of any kind, and that Buyer assumes all risks and liabilities arising from or relating to its status as a beneficiary of the Trust. This Agreement constitutes the entire agreement between the parties hereto and supersedes any and all prior or contemporaneous agreements or understandings with respect to the subject matter hereof. No modification of this Agreement shall be valid unless in writing signed by the party against whom the modification is sought to be enforced. This Agreement shall be binding upon the parties hereto and their respective successors, heirs, and assigns. Except as otherwise provided in this Agreement, this Agreement may not be transferred, assigned, or delegated by either party by operation of law or otherwise without the prior written consent of the other party, which consent shall not be unreasonably withheld. This Agreement will be governed by and construed exclusively in accordance with the laws of the State of Iowa without regard to conflict of law principles thereof. Nothing in this Agreement shall require any act or omission contrary to an express provision of applicable statute or regulation. If any provision of this Agreement is deemed invalid or unenforceable by any court or arbitrator having jurisdiction, the court or arbitrator will have the discretion to modify the provision to the extent necessary to make it valid or enforceable, and the provision (as so modified) and the balance of this Agreement shall remain in effect and will be enforced to the maximum extent permitted by law. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which, taken together, shall constitute one and the same Agreement. Each person executing this Agreement on behalf of another entity represents and warrants that he or she is duly authorized to execute this Agreement on behalf of such entity. Except as otherwise expressly set forth herein, each of Seller and Buyer irrevocably and unconditionally agrees that they will not commence any action, litigation, or proceeding of any kind whatsoever, whether in law or equity, or whether in contract or tort or otherwise, in any way relating to this Agreement, or the transactions contemplated hereby or thereby, in any forum other than the Bankruptcy Court, and each of the parties hereto irrevocably and unconditionally submits to the exclusive jurisdiction of such court and agrees that any such action, litigation, or proceeding may be brought in such court. Each of the parties hereto agrees that a final judgment in any such action, litigation, or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. **EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY**

**APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY.**

[Signature Page Follows]

IN WITNESS WHEREOF, Seller and Buyer have executed this Agreement effective as of the date first set forth above.

| **SELLER:** | **BUYER:** |
|---|---|
| MERCY HOSPITAL, IOWA CITY, IOWA | MERCY HOSPITAL, CEDAR RAPIDS, IOWA ENDOWMENT FOUNDATION, INC. |

By:_____

Name: _____

Title: _____

By:_____

Name: _____

Title: _____

**[Signature Page to Beneficiary Interest Purchase Agreement]**

# EXHIBIT A

## ASSIGNMENT OF BENEFICIARY INTEREST

The undersigned, Mercy Hospital, Iowa City, Iowa, an Iowa nonprofit corporation ("Assignor"), does hereby assign, transfer, and convey all of its right, title, and interest as a beneficiary of The Thompson Brothers Trust, to Mercy Medical Center, Cedar Rapids, Iowa Endowment Foundation, Inc., an Iowa nonprofit corporation.

Dated effective as of _____ \_\_, 2024.

Assignor:

MERCY HOSPITAL, IOWA CITY, IOWA

By:_____
Name: _____
Title: _____

**AGREED AND ACCEPTED:**

MERCY MEDICAL CENTER, CEDAR RAPIDS,
IOWA ENDOWMENT FOUNDATION, INC.

By:_____
Name: _____
Title: _____