# **EXHIBIT C**

**Thompson Trust Documents**

FILED
..........A.M......  .........P.M.

ENROLLED ORDER

AUG 17 1960

NOW, to-wit, on this 17th day of August, A. D. 1960; same being
CLERK OF DISTRICT COURT

one of the regular days of the April, 1960, term of the District Court of Iowa, in and for Johnson County, the above entitled matter coming on for hearing before the court upon the application of the trustee for an order approving and confirming an agreement and arrangement entered into by and between said trustee and the Mercy Hospital of Iowa City, Iowa, as to the manner and method of handling the income from said trust and its disbursement, and said matter being now presented to the court, the court having examined said application together with a copy of the agreement attached thereto, having seen and heard the evidence offered and being now fully and duly advised in the premises finds that said application should be approved, and that said agreement and arrangement should be approved and confirmed and orders should be entered by this court as prayed in said application.

NOW THEREFORE, IT IS ACCORDINGLY HEREBY ORDERED that the agreement and arrangement made and entered into by and between the Iowa State Bank & Trust Company, trustee in the matter of the trusteeship of the Thompson Brothers' Trust, and Mercy Hospital, of Iowa City, Iowa, as evidenced by the copy of said agreement attached to this application as Exhibit "A" should be and the same is hereby approved and confirmed, and that said agreement shall be followed as the manner and method of disbursing the income of said trust as provided by the testamentary instruments creating said trust and as clarified by said agreement.

(s) JAS. P. GAFFNEY
Judge of the Eighth Judicial District of Iowa.

F I L E D
.........A.M.............P.M.

AUG 17 1960

*R. M. Miller*
CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF IOWA, IN AND FOR JOHNSON COUNTY

| | |
|---|---|
| In The Matter Of The Trusteeship ) <br> ) <br> Of ) <br> ) <br> THE THOMPSON BROTHERS' TRUST ) <br> ) <br> IOWA STATE BANK & TRUST COMPANY, ) <br> Trustee. ) | APPLICATION |

************

COMES NOW the Iowa State Bank & Trust Company, Iowa City, Iowa, and respectfully states and shows to the court as follows:

That George A. Thompson departed this life on or about the 22nd day of September, A. D., 1947; that the said George A. Thompson died testate; that the Last Will and Testament of the said George A. Thompson, deceased, was admitted to probate by this court, and that the estate of the said George A. Thompson was fully administered, and that said instrument contained the provisions and conditions creating this trusteeship; that thereafter and on or about the 9th day of August, A. D., 1950, the appointment of the Iowa State Bank & Trust Company, Iowa City, Iowa, as trustee in the matter of the trusteeship under the will of George A. Thompson, deceased, was confirmed by this court; that thereafter and on or about December 16, 1957, Frank L. Thompson departed this life; that he likewise died testate; that the Last Will and Testament of the said Frank L. Thompson was admitted to probate by this court; that the estate of the said Frank L. Thompson has been fully administered, and that the terms and provisions of the Last Will and Testament of the said Frank L. Thompson, deceased, likewise contained provisions for setting up a

- 2 -

trusteeship; that thereafter and on or about the 14th day of October, A. D., 1959, the District Court of Iowa, in and for Johnson County, by written order, entered on said date, directed the change in the name of the trusteeship which had been carried as the trusteeship under the terms and conditions of the will of George A. Thompson, deceased, to the Thompson Brothers' Trust and confirming the appointment of the Iowa State Bank & Trust Company as trustee and authorizing the combining of all reports thereafter to be made in the one Thompson Brothers' Trust.

Your trustee further shows the court that at all times since your applicant has been and now is the duly appointed, qualified and acting trustee in the matter of the trusteeship of the Thompson Brothers' Trust; that said trusteeship is presently pending in this court.

Your trustee further shows the court that under the terms and provisions of the Last Will and Testament of George A. Thompson, deceased, and of the Last Will and Testament of Frank L. Thompson, deceased, provision is made for holding the property and using the income therefrom, one half for the benefit and enlargement of the surgical department of the Mercy Hospital, and the other half for the payment of the bills for hospitalization and medical care for worthy residents of Johnson County, Iowa, unable to pay their bills; that it was felt by both the trustee and the Mercy Hospital that it would be mutually advantageous at this time as well as being necessary and useful in the future that a simple, efficient method and manner of handling the disbursement of said funds be adopted; that they have consequently, entered into a written agreement, a copy of which is hereto attached marked Exhibit "A" and by this reference made a part hereof, setting up what they have agreed to be a proper and efficient method of disbursing said funds; that said agreement was made subject to the approval of the District Court and by the terms of said agreement, both

- 3 -

parties request the District Court of Iowa, in and for Johnson County, to confirm such arrangement.

WHEREFORE, your trustee respectfully prays that an order of this court be entered approving and confirming the agreement set forth in Exhibit "A" attached to this application establishing the method and manner of distribution of the funds realized and accumulated as income in said Thompson Brothers' Trust.

Your trustee further asks for such other, further and different orders in the premises as to the court may seem just and proper.

                    Iowa State Bank & Trust Company, Trustee
                    Thompson Brothers' Trust

                    By: /s/ M. B. Guthrie
                        VICE-PRESIDENT AND CASHIER

STATE OF IOWA   )
                    ) SS:
JOHNSON COUNTY )

I, M. B. Guthrie, being first duly sworn upon my oath do depose and state that I am Vice-President and Cashier of the Iowa State Bank & Trust Company, Iowa City, Iowa; that I act as its trust officer; that as such I am familiar with the matters and things connected with the Thompson Brothers' Trust; that I have read the above and foregoing application and am familiar with the contents thereof and that the statements therein contained are true as I verily believe.

                    /S/ M. B. Guthrie
                    M. B. Guthrie

Subscribed and sworn to before me by the said M. B. Guthrie on this 15th day of August, A. D., 1960.

                    A. C. Cahill
                    Notary Public in and for Johnson County, Ia.

(Seal)

COPY

AGREEMENT

This agreement, made and entered into on this 15th day of August, A. D., 1960, by and between Mercy Hospital, Iowa City, Iowa, and Iowa State Bank and Trust Company, Trustee in the Matter of the Thompson Bros. Trust, WITNESSETH:

That WHEREAS, under the terms and conditions of the testamentary instruments executed by George A. Thompson, deceased, and Frank L. Thompson, deceased, which instruments together created the Thompson Bros. Trust, Mercy Hospital is both a direct and indirect beneficiary, and

WHEREAS, as to the payment or approval for payment of certain benefits under said Trust arrangement untrammeled discretion is lodged in the Trustee, the said Iowa State Bank & Trust Company, Iowa City, Iowa, and

WHEREAS, both parties hereto desire, for the benefit of all and particularly for the benefit of the ultimate beneficiaries under and by virtue of the terms of said testamentary instruments to adopt an orderly and logical method and manner of disposing of the income from said Trust so as to best insure the carrying out of the intention of the Trustors as well and securing the most benefits to the persons and organizations entitled thereto, and

WHEREAS, both parties realizing the mortality of man and recognizing that those presently in charge of the affairs of said Trust, and of the Iowa State Bank & Trust Company, Iowa City, Iowa, and of the Mercy Hospital, Iowa City, Iowa, will not be able to continue so without limitation as to time, and

WHEREAS, the parties hereto desire that the understanding and agreements between them be rendered permanent and effective and that such agreements be not subject to the frailties of human existence or memory and therefor desire that the same be reduced to writing and be approved by the

— 1 —

- 2 -

District Court of Iowa, in and for Johnson County and thus made a part of the Court's record in connecttion with the administration of the Trusteeship in the Matter of the Thompson Bros. Trust.

NOW, THEREFORE, IT IS ACCORDINGLY HEREBY AGREED by and between the parties hereto, subject to the approval of the District Court of Iowa, in and for Johnson County, that the method of distribution of the income from the trust property now or hereafter to be in the Thompson Bros. Trust shall be as follows, to-wit:

1. That the income from all of the property held in said Trust shall be accumulated by the Iowa State Bank & Trust Company, Iowa City, Iowa, Trustee under the terms and conditions as set forth in said testamentary instruments creating said Trust and shall be by it held in trust for distribution in accordance with the following paragraphs which are agreed to be the intent and purpose of the Trustors.

2. That as Mercy Hospital desires to make expenditures for the purpose of equipping or enlarging the surgical department of its said hospital it will report such desires to the Iowa State Bank & Trust Company, Iowa City, Iowa, Trustee and if sufficient income has been accumulated same shall be approved for payment from said fund, as provided in said testamentary instruments.

3. That as Mercy Hospital desires to recommend the payment for medical care and hospitalization for needy persons who are residents of Johnson County, Iowa, said hospital shall submit to the Trustee the name and such other pertinent information as may be requested by the Trustee and upon the approval of the Trustee same shall be paid in accordance with the provisions of the testamentary instruments.

- 3 -

4. Requests for funds for the purposes set forth in the two preceding paragraphs shall be made by the said Mercy Hospital as often as Mercy Hospital wishes, there being no requirement that such requests be submitted on a quarterly, semi-annual or annual basis.

5. It is agreed that <u>annual reports</u> of the income and disbursements from each portion of the trust income be made and that a copy thereof will be furnished to Mercy Hospital for its information and guidance in connection with future requests.

6. It is further agreed and by this instrument the parties hereto do agree and do hereby request that the District Court of Iowa, in and for Johnson County, enter an order fixing and establishing the foregoing as the method and manner of proper distribution of the income to be earned and accumulated in the Thompson Brothers Trust under the provisions and conditions set forth in the Last Will and Testament of George A. Thompson, deceased, and under the provisions and conditions set forth in the Last Will and Testament of Frank L. Thompson, deceased, which instruments create and establish the said Thompson Brothers Trust.

IN WITNESS WHEREOF, we have hereunto affixed our signatures this 15th day of August, A. D., 1960.

                                          IOWA STATE BANK & TRUST COMPANY
                                          IOWA CITY, IOWA, TRUSTEE,
                                          BY: _____

                                          MERCY HOSPITAL, IOWA CITY, IOWA
                                          BY: _____

LAST WILL AND TESTAMENT

OF

FRANK L. THOMPSON

KNOW ALL MEN BY THESE PRESENTS:

That I, Frank L. Thompson, of Iowa City, Johnson County, Iowa, being of full age and of sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament in the manner and form following, to-wit:

### ARTICLE I.

I hereby revoke any and all Wills heretofore made by me.

### ARTICLE II.

I hereby direct that my Executor hereinafter named first pay any and all obligations which may be owing by me or my estate at the time of my death, including the expense of last illness and burial.

### ARTICLE III.

I hereby give, bequeath and devise all the rest, residue and remainder of the property which I may own at the time of my death, be it real, personal or mixed, which is hereinafter referred to as the "Trust Estate" to the Iowa State Bank and Trust Company as Trustee, however, to have and to hold upon the following terms and conditions:

3.1  Since my brother, George A. Thompson, has in his Last Will and Testament this day executed by him, provided for certain specific bequests to our relatives and friends named therein, and since said specific bequests will in any event be paid to said named beneficiaries upon the death of the survivor of my said brother, George A. Thompson and myself, I, in this my Will, make no specific bequests to said relatives and friends. I do this for the reason that his Will and mine were executed simultaneously and the amounts provided for to the specific legatees named in Article III of his Last Will

-2-

and Testament are the amounts which we have decided said legatees should receive upon the death of the last survivor of us and be paid out of the corpus of the estate of the said George A. Thompson, such payment is further assured since we have agreed between ourselves that our wills this day executed shall be irrevocable.

3.2 The entire net income from said Trust Estate shall each year be paid to my brother, George A. Thompson, should he survive me and so long as he shall live.

3.3 Upon the death of my brother, George A. Thompson, should he survive me, or upon my death, should I be the survivor of my said brother, George A. Thompson, I hereby will and direct that all the rest, residue and remainder of said Trust Estate shall be by said Trustee set up in a separate and new trust fund to be known as "Thompson Brothers Trust" and is hereby created in tender memory of our beloved parents, Stephen H. Thompson and Mary J. Thompson, who have heretofore passed to their reward. In this connection my brother, George A. Thompson, has created a testamentary trust known as "Thompson Brothers Trust" which, by the terms of his Will, will receive the residuum of his estate upon the death of the last survivor of us, and it is my intention that the residuum of my estate or Trust Estate be paid into and become a part of the funds constituting said "Thompson Brothers Trust."

3.4 The terms and conditions of said "Thompson Brothers Trust" are as follows:

    (a) The Trustee of said "Thompson Brothers Trust" and the funds constituting the same shall be the Iowa State Bank and Trust Company of Iowa City, Iowa.

    (b) Said fund shall be a permanent fund and shall by said trustee under the powers hereinafter specifically granted be invested in perpetuity and the income from said fund shall be paid to Mercy Hospital at annual intervals, one-half of said income to be used in equipping

-3-

and providing or enlarging the surgical department of its said hospital, and the remaining one-half to be used to provide medical care and hospitalization for such needy persons who are residents of Johnson County, Iowa, and who are in need of such medical care and/or hospitalization but, because of their financial condition, are unable to pay for it themselves, and who are selected by the Trustee and certified to the hospital as such. In such determination and selection said Trustee shall use its untrammeled discretion and its decision shall be final.

(c) Said trust shall be perpetual to the end that we may contribute to the welfare of our fellow citizens and to the welfare of Iowa City in memory of our beloved parents in perpetuity.

ARTICLE IV.

In the administration and distribution of any of the trusts created in this, my Last Will and Testament, the Trustee and beneficiaries thereunder shall be governed and controlled by the following:

4.1 The Trustee, insofar as practical, shall invest and reinvest all funds from time to time available for investment or reinvestment, being specifically limited however, to investments in such property or securities as are specifically designated by law as proper investments for trust funds.

4.2 Real Estate Powers. If at any time any investment of the trust shall consist of real estate, then in addition to the powers conferred upon the Trustee in paragraph 4.1 hereof, the Trustee shall have power to manage and operate such real estate and to lease, rent or sell the same and to do all things in connection therewith which an individual owner may do.

4.3 From the Trust Estate principal or income the Trustee

-4-

shall pay all costs, charges and expenses of management and pay all taxes, if any, assessed against it.

4.4 Apportionment Provisions. The Trustee is vested with full power to determine what is principal and what is income of the Trust Estate and in general may allocate and apportion between income and principal any charge, expenditure or receipt which in its opinion shall be apportioned.

4.5 Bond of Trustee. The Trustee named herein shall be permitted to qualify and serve as such trustee without being required to give bond.

### ARTICLE V.

I hereby nominate and appoint my friend and business associate, Ben S. Summerwill, as Executor of this my Last Will and Testament, should he survive me, and if he should not survive me, I nominate and appoint the Iowa State Bank and Trust Company as such Executor, in which event it shall be permitted to serve without being required to furnish bond.

5.1 I hereby grant unto my Executor full power, authority and discretion with respect to my estate and authorize and direct my said Executor in his or its discretion to sell and convert into cash all of my property, both real and personal, during the period of the probate of my estate, but my Executor may continue to hold in his sole discretion any asset received by him as a part of my estate or any increase thereof or any property received in exchange therefor, during the period of probate of my estate. Said Executor shall have full power and authority to make such sales at such time or times and at such prices and on such terms as he in his untrammeled discretion may determine.

The powers enumerated herein are not intended and shall not be construed in any respect as in limitation of any powers conferred upon the Executor by law, but are intended and shall

-5-

be construed as in addition thereto.

IN WITNESS WHEREOF, I have set my hand to this my Last Will and Testament, this _____ day of April, 1947.

/s/ Frank L. Thompson

The foregoing instrument was on the _____ day of April, 1947, by Frank L. Thompson subscribed as and for his Last Will and Testament in our presence and in the presence of each of us; and we, at the same time, at his request, in his presence, and in the presence of each other, do subscribe our names hereto as attesting witnesses on the date last above mentioned.

_____

_____