# EXHIBIT E

**Leaf Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |

**DECLARATION OF ROY LEAF IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (I) APPROVING THE SALE OF THE DEBTORS' BENEFICIAL INTEREST IN THE THOMPSON TRUST FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; (II) MODIFYING TERMS OF THE THOMPSON TRUST; AND (III) GRANTING RELATED RELIEF**

I, Roy Leaf, submit this declaration under 28 U.S.C. § 1746 and declare as follows:

1. I am an attorney with the law firm Nyemaster Goode, P.C., counsel for Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors").

2. I submit this declaration to place before the Court certain facts relevant to *Debtors' Motion for Entry of Proposed Findings of Fact and Conclusions of Law (I) Approving the Sale of the Debtors' Beneficial Interest in the Thompson Trust Free and Clear of Liens, Claims, Interests, and Encumbrances; (II) Modifying Terms of the Thompson Trust; and (III) Granting Related Relief* ("Motion")[1] and to provide true and correct copies of documents cited in the Motion.

3. Unless otherwise stated, I base this Declaration on personal knowledge.

4. As counsel to the Debtors, I assisted the Debtors in establishing a sale process that would result in the highest or otherwise best bid for the Beneficial Interest.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

5.      In particular, I worked with a legal assistant to identify not-for-profit healthcare organizations operating in Eastern Iowa that I believed would have sufficient resources to purchase the Beneficial Interest at a fair price.

6.      From the list that the legal assistant compiled, I reached out to at least seven not-for-profit healthcare organizations operating in Eastern Iowa. In my initial outreach, I targeted non-profit organizations loosely involved in healthcare that I believed would have the sufficient assets and capital to execute a six-figure transaction. My understanding of these organizations and others not contacted was based on my own knowledge as a resident of Eastern Iowa, research, and research provided to me.

7.      Five organizations responded to my initial inquiries and expressed a potential interest in acquiring the Beneficial Interest. I had a variety of follow up communications with these five organizations, including calls and emails with counsel representing the organizations, chief executive officers of the organizations, and members of the board of directors for the organizations.

8.      Two of the organizations with whom I had follow up communications made formal, written offers to acquire the Beneficial Interest.

9.      Mercy Medical Center, Cedar Rapids, Iowa Endowment Foundation, Inc. (the "Mercy CR Foundation") offered the highest price for the Beneficial Interest and its proposed use of the income from the Thompson Trust most closely adhered to the testators' stated purposes in the Thompson Trust.

10.     The other organization making an offer proposed a price of $150,000.00 to acquire the Beneficial Interest.

11.     Based on my experience as counsel in chapter 11 cases, my knowledge of healthcare related non-profit entities operating in Eastern Iowa, and the feedback I received from

the organizations I contacted, I believe the process employed in soliciting bids for the Beneficial Interest was thorough and that the price offered by the Mercy CR Foundation is fair.

12. Based on my experience, I believe the sale of the Beneficial Interest was negotiated at arm's length and in good faith by and between the Debtors and their professionals and the Mercy CR Foundation.

13. The Mercy board of directors approved the sale and transfer of the Beneficial Interest to the Mercy CR Foundation and a true and accurate copy of the resolutions approving the same is attached to the Motion.

14. The Thompson Trust documents attached to the Motion are true and accurate copies of the complete Thompson Trust documents provided to me by counsel for the Trustee.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 9, 2024 at Cedar Rapids, Iowa.

*/s/ Roy Leaf*
Roy Leaf