**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| IN RE:<br><br>Mercy Hospital, Iowa City, Iowa, et al.,<br><br>Debtors-in-Possession. | Chapter 11<br><br>Bankruptcy No. 23-00623<br><br>Jointly Administered<br><br>RESPONSE TO THE ACTING UNITED STATES TRUSTEE'S OBJECTION TO H2C'S FIRST FEE APPLICATION |
|---|---|

COMES NOW H2C Securities, Inc.,[1] through its undersigned counsel, and respectfully asks this Court to overrule the Objection of the Acting United States Trustee to H2C's Final Fee Application (Doc. 917) and award H2C the fees and expenses it applied for in its First Application of H2C Securities, Inc. as Investment Banker to the Debtors for Allowance of Compensation for Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from August 7, 2023 to and Including January 31, 2024 Related to Sale Transaction (Doc. 842), stating the following in support:

## Because H2C's fees were preapproved under 11 U.S.C. § 328(a) and the United States Trustee has not raised any unforeseeable developments that made H2C's preapproved fees improvident, the United States Trustee has not satisfied 11 U.S.C. § 328(a)'s standard to modify H2C's preapproved fees.

*This Court preapproved H2C's fees under 11 U.S.C. § 328(a).*

1. H2C's Employment Application (Doc. 150) outlined its proposed scope of work—selling the Debtors' principal assets through a § 363 sale with the University of Iowa Hospitals and Clinics ("UIHC") as a stalking horse bidder—and its compensation scheme, including the Strategic Transaction Fee, aka Success Fee, and the expense reimbursements—the only parts of H2C's fees subject to the United States Trustee's objection.

[1] Now known as Fifth Third Securities, Inc.

2. H2C's Employment Application also specifically laid out that it was applying to be employed and compensated under 11 U.S.C. § 328(a), which allows a bankruptcy court to preapprove a professional's fees, and not 11 U.S.C. § 330, where a professional's fees are subject to after-the-fact objections by parties-in-interest and review for reasonableness by the bankruptcy court before approval. *See* Doc. 150 at ¶¶ 18–20 & 23.
3. All parties-in-interest, including the United States Trustee, had notice of H2C's Employment Application (Doc. 151). The United States Trustee even objected to H2C's Employment Application (Doc. 190).
4. In her objection to H2C's Employment Application, the United States Trustee acknowledged both H2C's proposed fees and its proposed employment under 11 U.S.C. § 328(a) and objected only to the second. *See* Doc. 190 at ¶¶ 10–12.
5. The Debtors, H2C, and this Court considered the United States Trustee's objection and the issues it raised. As a result, H2C's Retention Order (Doc. 247) includes changes from the proposed order submitted with the Employment Application, which were made to address some of the United States Trustee's concerns. *Compare* Doc. 150, Exhibit A, ¶¶ 4 & 6–7 *with* Doc. 247, ¶¶ 4 & 6–7.
6. Even so, the Retention Order changed no other provisions of the proposed order. The Retention Order includes:
   a. Paragraph 2—"In accordance with Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rule 2014(a), the Debtors are authorized to employ and retain H2C."
   b. Paragraph 3—"The Engagement Letter, together with … all compensation set forth therein, including, without limitation … the Strategic Transaction Fees … [and] the expense reimbursement … are approved pursuant to Bankruptcy Code section 328(a)."
   c. Paragraph 4—"The Debtors are hereby authorized to immediately pay the Accrued Strategic Transaction Fee, which amount shall be credited against the Success Fee of $600,000, when earned upon closing of the Strategic Transaction *and shall be subject to a final fee application pursuant to Bankruptcy Code section 328 at the close of the representation*," (italicized clause added after the United States Trustee's objection).
   d. Paragraph 5—"H2C shall be compensated, reimbursed, and indemnified pursuant to Bankruptcy Code section 328(a) in accordance with the terms of, and at the times specified in, the Engagement Letter. H2C's compensation shall be subject to the standard of review provided in

Bankruptcy Code section 328(a) and not subject to any other standard of review under Bankruptcy Code section 330."

7. This case is similar to *In re Smart World Techs., LLC*, 552 F.3d 228, 233 (2d Cir. 2009).[2] There an attorney applied for preapproval of its contingent fees under 11 U.S.C. § 328(a), but when the attorney submitted his final fee application, a party objected. The Sixth Circuit adopted a totality of the circumstances analysis for fee preapproval, "including whether the professional's application, or the court's order, referenced section 328(a), and whether the court evaluated the propriety of the fee arrangement before granting final, and not merely preliminary, approval."
8. Here *both* H2C's Employment Application *and* the Retention Order referenced 11 U.S.C. § 328(a) (see ¶ 6 above and Doc. 150 ¶¶ 20, 23, and 31–34). The Employment Application includes a long section specifically discussing and justifying requesting fees under 11 U.S.C. § 328(a). Moreover, paragraphs 3–5 of the Retention Order specifically approve H2C's fees under 11 U.S.C. § 328(a).
9. Paragraph 4 of the Retention Order's reference to a final fee application under 11 U.S.C. § 328 references a final, rather than preliminary, approval of H2C's fees and specifically the Strategic Transaction Fee. In *Smart World Techs.* the Sixth Circuit dispensed with an objection in this vein with minimal effort. There, the retention order specified that "any and all compensation to be paid to the attorney ... shall be fixed upon further application of this Court." *Id.* at 234 (cleaned up). To the Sixth Circuit, "the requirement that the attorney 'further apply' for payment was entirely *pro forma,* as the court had already fixed and approved the calculation of the amount to be paid." *Id.* (cleaned up). The required fee application concerned "the relatively ministerial matter of the attorney's payment," and the "retention order did not provide for any additional layer of substantive approval prior to payment. In fact, the bankruptcy judge specifically told the parties at the hearing that the court would not review the time records," because of the contingency fee. *Id.* (cleaned up).
10. In the present case, the United States Trustee insisted on a similar provision in the Retention Order requiring a final fee application (and cited 11 U.S.C. § 328(a) in the additional clause she required). *Compare* Doc. 150, Exhibit A,

2. There is little caselaw within the jurisdiction related to fee approvals under 11 U.S.C. § 328(a). That is unsurprising given that, under 11 U.S.C. § 328(a), disputes regarding the reasonableness of the fee are dealt with on the front end in connection with the preapproval. Absent extraordinary circumstances, post-hoc fee disputes under 11 U.S.C. § 328(a) are, by nature, rare and seldom litigated.

¶ 4 *with* Doc. 247 ¶ 4. And, like in *Smart World Techs.*, this Court committed to not reviewing time records (since Retention Order ¶ 6 waives any detailed timekeeping requirements) and did not provide for any additional layers of substantive approval in the Retention Order before payment.

11. In short, all parties-in-interest, including the United States Trustee, understood that H2C's fees were preapproved when this Court entered the Retention Order.

*The United States Trustee's objection raises no unforeseeable developments that render H2C's preapproved fees improvident, so her objection must be overruled.*

12. "Sections 328 and 330 establish a two-tiered system for judicial review and approval of the terms of the professional's retention." *Id.* at 232. "[S]ection 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the 'employment of a professional person under section 327.'" *Id.* (quoting 11 U.S.C. § 328). "These two inquiries are mutually exclusive, as there is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328." *Id.* at 232–33 (cleaned up).

13. The purpose of obtaining fee preapproval under 11 U.S.C. § 328(a) is to bring disputes about proposed fees to the beginning, rather than the end, of the case and avoid the after-the-fact second-guessing the United States Trustee's objection displays. After preapproving a professional's fees under 11 U.S.C. § 328(a), "the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident *in light of developments not capable of being anticipated* at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a) (emphasis added). Once preapproved, "[t]he reasonableness of those terms, in the event of anticipated circumstances and performance, was decided." *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (Matter of Nat'l Gypsum Co.)*, 123 F.3d 861, 863 (5th Cir. 1997) (citing *In re Reimers,* 972 F.2d 1127 (9th Cir. 1992); *In re Dividend Dev. Corp.,* 145 B.R. 651 (Bankr. C.D. Cal. 1992) (section 328 anticipates that the court make a determination as to the reasonableness of a fee arrangement at the beginning of a case); 3 Collier on Bankruptcy ¶ 328.03 [1] (16th ed. 2024) ("[a] court may not revisit the prior determination as to the 'reasonableness' of an

agreement previously approved unless it determines that the terms and conditions proved to be 'improvident,'")).

14. Fee preapproval brings with it a high hurdle for reconsidering those fees:

> Where the court pre-approves the terms and conditions of the retention under section 328(a), its power to amend those terms is severely constrained. It may *only* "allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."
>
> *Smart World Techs.*, 552 F.3d at 232 (emphasis added).

15. So, since H2C's fees were preapproved, what unforeseeable developments have rendered those fees improvident? The United States Trustee says … nothing.

16. Her objection complains that Preston Hollow and UIHC, the only two bidders, were both known when the case was filed, and H2C brought no new bidders to the table. Doc. 917 ¶¶ 12–14 & 16. Her objection also claims that, despite representations made when H2C was employed, its knowledge was unnecessary to closing the transaction, as shown by the Debtors' failure to consult it during the auction or list it as a Consultation Party in its Bidding Procedures Motion. *Id.* at ¶¶ 11 & 14–15. It reprises concerns various parties raised at the beginning of the case about the value of the Success Fee when a stalking horse was already in place. *Id.* at ¶ 8. Finally, the United States Trustee questions what benefit H2C provided to the estates to justify the Success Fee. *Id.* at ¶ 16.

17. The United States Trustee's objection mentions 11 U.S.C. § 328 once, in its preliminary boilerplate paragraph, but never again discusses it or engages with its requirements. Nowhere does it mention any unforeseeable developments or discuss why those unforeseeable developments render the Success Fee improvident.

18. All of the events the United States Trustee mentions in her objection were not just foreseeable but often even foreseen when this Court entered the Retention Order.

    a. UIHC was the stalking horse and had committed to buy the Debtors' assets—this was known from day 1, as the United States Trustee's objection itself states. Both foreseeable and foreseen, and not even a new development.

b. H2C marketed the Debtors' assets subject to UIHC's stalking horse bid—again, known from day 1 and factored into H2C's employment. This was precisely why H2C was employed. Both foreseeable and foreseen.

c. UIHC and Preston Hollow bid at the auction—this was foreseeable, since UIHC was the stalking horse and Preston Hollow, as the senior secured creditor, had significant incentives to bid. Foreseeable and likely foreseen.

d. No other bidders emerged—as its Employment Application stated, H2C had been diligently marketing the Debtors' assets for two years before the bankruptcy filing and had only received a bid from UIHC. It is unsurprising that, despite H2C's best efforts, it found no other bidders. Eminently foreseeable.

e. UIHC purchased the Debtors' assets—this was one of the most likely outcomes from the beginning of the case, since UIHC was the stalking horse and the only viable prepetition candidate, and *someone* buying the Debtors' assets was the goal of the bankruptcy and H2C's employment. Foreseeable.

19. None of the events identified by the United States Trustee related to H2C's engagement meet the high bar of unforeseeability, as required under 11 U.S.C. § 328(a). H2C was hired to sell the Debtors' assets for the best price available and it did that. All parties, including the United States Trustee, foresaw or at least foresaw the possibility of the events the United States Trustee complains of in her objection. The United States Trustee raised some of those items in her objection to the Employment Application. In the face of these foreseeable events and questions about the Success Fee, this Court preapproved H2C's fees under 11 U.S.C. § 328(a). This Court decided "[t]he reasonableness of [the fees], in the event of anticipated circumstances and performance," including the Success Fee. *Nat'l Gypsum*, 123 F.3d at 863.

20. The United States Trustee's objection does not meet 11 U.S.C. § 328(a)'s standard for reconsidering preapproved fees. Instead, it tries to get around this Court's preapproval of H2C's fees and instead impose an after-the-fact benefit-to-the-estates analysis under 11 U.S.C. § 330. Doc. 917 ¶ 16. This is improper both because the Retention Order ¶ 5 says, "H2C's compensation shall be subject to the standard of review provided in Bankruptcy Code section 328(a) and not subject to any other standard of review under Bankruptcy Code section 330," and because, again, "there is no question that a bankruptcy court may

not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328." *Smart World Techs.*, 552 F.3d at 233 (cleaned up).

**The expenses H2C applied for are proper.**

21. In a short paragraph at the end of her objection the United States Trustee questions H2C's $7,000 in expenses.

22. Attached as Exhibit 1 is a declaration by Richard Bayless of Fifth Third Securities, Inc. explaining that the expense was H2C's standard charge for the Firmex software H2C used to manage the data room where interested parties accessed information about the Debtors' assets.

WHEREFORE H2C Securities, Inc. respectfully asks this Court to overrule the United States Trustee's objection, award H2C the fees and expenses it applied for and the Court has already preapproved, and grant any other relief that is just and equitable given the circumstances.

Dated this 13th day of May, 2024.

Respectfully submitted,

AG & BUSINESS LEGAL STRATEGIES

/s/ Austin Peiffer
Austin J. Peiffer AT0014402
P.O. Box 11425
Cedar Rapids, Iowa 52410-1425
Telephone: (319) 363-1641
Fax: (319) 200-2059
Email: austin@ablsonline.com
ATTORNEY FOR H2C SECURITIES, INC.

/s/ Benjamin E. Shook
Benjamin E. Shook
Moore & Van Allen
100 North Tyron St
Ste 4700
Charlotte, NC 28202
Telephone: (704) 331-3669
Email: benshook@mvalaw.com
ATTORNEY FOR FIFTH THIRD SECURITIES, INC.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of May, 2024, a copy of this document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on participants that receive service through the CM/ECF system.

Signed: /s/ Leah M. Johnson