> **THIS MOTION SEEKS TO ASSUME CERTAIN UNEXPIRED EXECUTORY CONTRACTS. PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR CONTRACT(S) AND/OR LEASE(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR CONTRACT(S) AND/OR LEASE(S)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF ORDER (I) AUTHORIZING DEBTORS TO ASSUME MULTIPLE EXECUTORY CONTRACTS PURSUANT TO BANKRUPTCY RULE 6006(E), (II) AUTHORIZING THE DEBTORS TO ASSUME THE EXECUTORY CONTRACTS ON THE ASSUMED CONTRACTS LIST, AND (III) GRANTING RELATED RELIEF**

Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Debtors respectfully represent as follows:

**RELIEF REQUESTED**

1. Pursuant to this Motion, the Debtors seek authority to assume certain executory contracts between the Debtors and certain contract counterparties. The Debtors are on the precipice of confirming a chapter 11 plan of liquidation that would establish a liquidating trust to make distributions to the Debtors' creditors and continue to maximize value of the Debtors' estates.

1

2. Under the Article XII of the *Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 929] (as may be amended from time to time, the "Plan"), all of the Debtors' executory contracts that (a) have not previously been assumed or rejected or (b) are not subject to a pending motion to assume as of May 16, 2024 are deemed rejected as of Effective Date (as defined in the Plan).[1]

3. The Debtors have determined that the executory contracts attached hereto as **Exhibit B** (the "Assumed Contracts List")[2] are necessary to the efficient administration of the Liquidating Trust (as defined in the Plan) and, accordingly, bring this Motion to ensure they are not rejected under the Plan and, instead, remain in place to benefit administration of the Liquidating Trust.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5. The legal predicates for the relief requested herein are sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a) and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] For the avoidance of doubt, to the extent of any discrepancy between the description of the Plan contained in this Motion and the Plan, the terms of the Plan shall continue to control.

[2] For the avoidance of doubt, the Debtors are also seeking pursuant to the Proposed Order to assume all underlying or subsequent contracts related to any contract on the Assumed Contract List between the Debtors and the counterparties including amendments, modifications, supplements and, to the extent not listed, the original agreements to which any amendments listed therein relate.

**BACKGROUND**

I.      **The Chapter 11 Cases**

6.      On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

7.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8.      On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or examiner has been appointed in the Chapter 11 Cases.

9.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27].

II.     **The Assumed Contracts**

10.     The Plan provides that, on the Effective Date, the Liquidation Trust will be established for the purposes of liquidating the Debtors' remaining assets and making distributions to creditors in accordance with the Plan. A trustee (the "Liquidation Trustee") will be appointed over the Liquidation Trust and charged with carrying out its terms and the provisions of the Plan.

11.     The Debtors believe that assumption of the executory contracts set forth on the Assumed Contracts List will be necessary and helpful to the Liquidation Trustee in discharging

3

his duties under the Liquidation Trust. The contracts on the Assumed Contracts List include, among others, contracts with tax professionals who have historically provided the Debtors with certain healthcare-related tax services, legal professionals who have represented the Debtors in workers compensation lawsuits that are ongoing, and consulting advice related to the Pension Plan (as defined in the Plan). The Debtors believe that the continuation of these services will be important to the smooth administration of the Liquidation Trust and, accordingly, bring this Motion to ensure that the contracts on the Assumed Contracts List are not rejected pursuant to Article XII of the Plan.

12. The Debtors are therefore seeking an order from this Court in the form of the Proposed Order authorizing the assumption of the contracts on the Assumed Contracts List.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

13. A debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Bankruptcy Code section 365(b) requires the debtor to satisfy certain requirements at the time of assumption if a default exists under the executory contract or unexpired lease. *See* 11 U.S.C. § 365(b) (requiring a debtor to cure a default or provide adequate assurance that it will promptly cure such default as a condition for the assumption of an executory contract or unexpired lease). Bankruptcy Code section 105(a) also gives the court broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. A debtor's assumption of an executory contract is governed by the "business judgment" standard. *See, e.g.*, *In re AbitibiBowater Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) (holding that a debtor's decision to assume or reject an executory contract will stand so long as "a reasonable business person would make a similar decision under similar circumstances"); *In re*

4

*Philadelphia Newspapers, LLC*, 424 B.R. 178, 182–83 (Bankr. E.D. Pa. 2010) (stating that if a debtor's business judgment has been reasonably exercised, a court should approve the debtor's decision about how to treat an executory contract or unexpired lease).

15.     Assumption of executory contracts is appropriate when assumption would benefit the estate. *See, e.g., Nat'l Sugar Refining Co. v. Stroehmann Bros. Co.* (*In re Nat'l Sugar Refining Co.*), 26 B.R. 765, 767 (Bankr. S.D.N.Y. 1983). Courts will approve assumption under section 365(a) upon making a finding that a debtor exercised its sound business judgment in determining that assumption of certain contracts is in the best interests of its creditors and all parties in interest. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

16.     The assumption of the contracts set forth on the Assumed Contracts List is well within the Debtors' business judgment and serves the best interests of the Debtors' estates. The Debtors believe the contracts on the Assumed Contracts List will be helpful and necessary for the Liquidation Trustee in administering both the Liquidation Trust and also the Debtors' remaining assets and affairs. Accordingly, assumption of the contracts on the Assumed Contracts List is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest. Further, the Debtors believe that no defaults exist under the contracts on the Assumed Contracts List and, accordingly, they are not required to pay cure to any counterparties or provide adequate assurance.

Document    Page 6 of 9

17.     Bankruptcy Rule 6006(e) requires the court to authorize the filing of a motion seeking to authority to assume multiple contracts between the debtor and different counterparties. Fed. R. Bankr. P. 6006(e). Good cause exists to authorize the Debtors to seek assumption and assignment of the contracts on the Assumed Contracts list in one motion. The Debtors' estates would incur needless professional expenses and fees if the Debtors were required to file over a dozen separate motions seeking assumption to preserve these contracts for the Liquidation Trust.

18.     Bankruptcy Rule 6006(f) establishes requirements for a motion to assume multiple contracts that are not between the same parties. It requires, in relevant part, that such a motion: (i) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion; (ii) list parties alphabetically and identify the corresponding contract or lease; (iii) be numbered consecutively with other omnibus motions to assume executory contracts or unexpired leases; and (iv) be limited to no more than 100 executory contracts or unexpired leases. This Motion and Assumed Contracts List comply with these requirements and accordingly satisfies this Bankruptcy Rule.

19.     Finally, attached hereto as **Exhibit C**, which will be filed contemporaneously with this Motion, is a notice to be served to parties whose contract is included on the Assumed Contracts List (the "Assumption Notice").

## NOTICE

20.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Pension Committee; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel for the Master Trustee and Trustee; (g) counsel for the Bondholder Representative; (h) the Federal Trade Commission; (i) each of the counterparties on the Assumed Contracts List; and (j) all parties

entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

## **NO PRIOR REQUEST**

21. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: Cedar Rapids, Iowa<br>May 15, 2024 | **NYEMASTER GOODE, P.C.**<br><br>*/s/ Roy Leaf*<br>Roy Leaf, AT0014486<br>625 First Street SE, Suite 400<br>Cedar Rapids, IA 52401-2030<br>Telephone:    (319) 286-7002<br>Facsimile:    (319) 286-7050<br>Email:    rleaf@nyemaster.com<br><br>- and -<br><br>Kristina M. Stanger, AT0000255<br>Matthew A. McGuire, AT0011932<br>Dana Hempy, AT0014934<br>700 Walnut, Suite 1600<br>Des Moines, IA 50309<br>Telephone:  515-283-3100<br>Fax:  515-283-8045<br>Email: mmcguire@nyemaster.com<br>          kmstanger@nyemaster.com<br>          dhempy@nyemaster.com<br><br>- and -<br><br>**MCDERMOTT WILL & EMERY LLP**<br>Felicia Gerber Perlman (admitted *pro hac vice*)<br>Daniel M. Simon (admitted *pro hac vice*)<br>Emily C. Keil (admitted *pro hac vice*)<br>444 West Lake Street, Suite 4000<br>Chicago, IL 60606<br>Telephone:    (312) 372-2000<br>Facsimile:    (312) 984-7700<br>Email:    fperlman@mwe.com<br>          dsimon@mwe.com<br>          ekeil@mwe.com<br><br>- and - |

8

Document      Page 9 of 9

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:       jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this May 15, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

*/s/ Roy Leaf*