**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**[PROPOSED] ORDER (I) GRANTING FIRST OMNIBUS ASSUMPTION MOTION, (II) AUTHORIZING DEBTORS TO ASSUME MULTIPLE EXECUTORY CONTRACTS PURSUANT TO BANKRUPTCY RULE 6006(E), (III) AUTHORIZING THE DEBTORS TO ASSUME THE EXECUTORY CONTRACTS ON THE ASSUMED CONTRACTS LIST, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to Bankruptcy Code sections 105 and 365 and Bankruptcy Rule 2002(a) and 6006 authoring the Debtors to assume the contracts set forth on the Assumed Contracts List attached as Exhibit B to the Motion, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth in this Order.

2. The Court finds that cause exists for the reasons set forth in the Motion to authorize and approve of the Debtors seeking to assume multiple executory contracts with different counterparties by the Motion pursuant to Bankruptcy Rule 6006(e).

3. Pursuant to Bankruptcy Code sections 105(a) and 365, the contracts set forth on the Assumed Contract List attached to the Motion as Exhibit B (the "Contracts"), including any amendments, modifications, supplements and, to the extent not listed, the original agreements to which any amendments listed therein relate, are hereby assumed effective as of May 15, 2024.

4. The Contracts shall be deemed valid and binding and in full force and effect. The Debtors are authorized to execute and deliver all instruments and documents and take such other action as may be necessary or appropriate to implement and effectuate this Order.

5. Any provision in any Contract that purports to declare a breach, default, or payment right as a result of an assignment or change of control in respect of the Debtors is unenforceable and all Contracts shall remain in full force and effect. No sections or provisions of any Contract that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of third parties to Contracts shall have any force or effect with respect to the assignments authorized by this Order and such provisions constitute unenforceable anti-

assignment provisions under Bankruptcy Code section 365(f) or are otherwise unenforceable under Bankruptcy Code section 365(e).

6. The Debtors are not required to cure any prepetition defaults or provide adequate assurance of future performance since none of the Contracts are in default.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by a party.

8. Service of the Motion and Assumption Notice were appropriate and sufficient under the circumstances and all parties on the Assumed Contracts List were afforded sufficient notice.

9. The Motion satisfies Bankruptcy Rule 6006(f).

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated and entered this _____ day of _____, 2024.

_____

Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

3

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: mmcguire@nyemaster.com
      kmstanger@nyemaster.com
      dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: fperlman@mwe.com
      dsimon@mwe.com
      ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com


*Counsel for Debtors and*
*Debtors-in-Possession*

4