**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |

**ORDER (I) APPROVING AND ALLOWING COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED BY H2C SECURITIES, INC. FROM AUGUST 7, 2023 TO AND INCLUDING JANUARY 31, 2024 RELATED TO THE**
<u>**SALE TRANSACTION**</u>

Upon the application (the "<u>Application</u>")[1] of H2C Securities, Inc. ("<u>H2C</u>") for entry of an order (this "<u>Order</u>") at Doc. 842, pursuant to Bankruptcy Code section 328 for an award and allowance of final compensation for professional services rendered to the Debtors from August 7, 2023 to and including January 31, 2024 related to the Strategic Transaction; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Application is approved as set forth in this Order.

2. The Sale closing occurred and the Strategic Transaction has been consummated pursuant to the H2C Retention Order. H2C is entitled to its Strategic Transaction Fee in the amount of $400,000.00.

3. In accordance with Bankruptcy Code section 328, the Strategic Transaction Fee is fair and reasonable.

4. H2C's total Monthly Fees during the Application Period are hereby also approved pursuant to Bankruptcy Code section 328 as fair and reasonable in the total amount of $125,000.00.

5. H2C's expenses during the Application Period are hereby also approved pursuant to Bankruptcy Code section 328 as fair and reasonable in the total amount of $7,000.00.

6. The Debtors are hereby authorized to pay H2C the remainder of the Strategic Transaction Fee not yet paid under the in accordance with the terms and conditions set forth in the Engagement Letter and the Application as well as the Monthly Fees not yet paid to H2C as part of a request under the Interim Compensation Order and the expenses.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

9. For the avoidance of doubt, nothing in this Order shall affect or otherwise alter the terms of the Expanded Retention Order.

10. Notwithstanding anything to the contrary in the Engagement Letter, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated and entered this  20th  day of  May  , 2024.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**AG & BUSINESS LEGAL STRATEGIES**
Austin Peiffer, AT0014402
1350 Boyson Rd, Ste B
Hiawatha, IA 52233
Telephone: (319) 363-1641
Fax: (319) 200-2059
Email: austin@ablsonline.com

- and -

**MOORE AND VAN ALLEN, PLLC**
Benjamin E. Shook, NC Bar #44793 *(admitted pro hac vice)*
100 North Tryon St, Ste 4700
Charlotte, NC 28202
Telephone: (704) 331-3669
Fax: (704) 339-5902
Email: benshook@mvalaw.com
*Counsel for H2C Securities, Inc. (nka Fifth Third Securities, Inc.)*

3

**NYEMASTER GOODE, P.C.**

Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email:  mmcguire@nyemaster.com
        kmstanger@nyemaster.com
        dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email:  fperlman@mwe.com
        dsimon@mwe.com
        ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and*
*Debtors-in-Possession*