**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: June 19, 2024 at 4:00 p.m. (CT)** |

**SUMMARY OF FIRST MONTHLY FEE APPLICATION OF
EPIQ CORPORATE RESTRUCTURING, LLC, ADMINISTRATIVE ADVISOR TO
THE DEBTORS, FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM AUGUST 7, 2023 THROUGH MARCH 31, 2024**

| | |
|---|---|
| **Name of Applicant:** | **Epiq Corporate Restructuring, LLC** |
| Authorized to Provide Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | Order entered August 14, 2023, effective as of August 7, 2023 [Docket No. 91], as amended August 15, 2023 [Docket No. 104] |
| Application Period for which compensation & reimbursement is sought: | August 7, 2023 through March 31, 2024 |
| Amount of compensation sought during the Application Period: | $28,177.60 (80% of $35,222.00) |
| Amount of expense reimbursement sought during the Application Period: | N/A |
| This is a: | First Monthly Fee Application |

**Compensation by Project Category During the Application Period**

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 495 | Balloting/Solicitation Consultation | 22.9 | $4,530.90 |
| 642 | Fee Application Prep and Related Issues | 9.3 | $1,713.60 |
| 645 | Schedule/SOFA Prep | 168.1 | $28,977.50 |
| **TOTAL** | | **200.3** | **$35,222.00** |
| **80% OF TOTAL FEES** | | | **$28,177.60** |

**Compensation by Individual During the Application Period**

| Professional Person | Position with the Applicant | Total Hours Billed | Hourly Billing Rate | Total Compensation |
|---|---|---|---|---|
| Charles Safko | Senior Consultant I | 2.1 | $160.00 | $336.00 |
| Emily Young | Solicitation Consultant | 21.9 | $198.00 | $4,336.20 |
| Garyelle Nelson | Call Center Operator | 0.1 | $55.00 | $5.50 |
| Kathryn Tran | Director/V.P. Consulting | 66 | $180.00 | $11,880.00 |
| Kevin Streseman | Director/V.P. Consulting | 0.9 | $180.00 | $162.00 |
| Kim Sturtevant | Call Center Operator | 0.4 | $55.00 | $22.00 |
| Kimberly Greenbaum | Senior Consultant I | 2.1 | $160.00 | $336.00 |
| Lance Mulhern | Director of Case Management III | 30.5 | $170.00 | $5,185.00 |
| Regina Amporfro | Senior Consultant II | 8.1 | $187.00 | $1,514.70 |
| | | 62.9 | $170.00 | $10,693.00 |
| Regina Richardson | Call Center Operator | 0.2 | $55.00 | $11.00 |
| Stephanie Zilch | Call Center Operator | 0.2 | $55.00 | $11.00 |
| Stephenie Kjontvedt | Solicitation Consultant | 0.7 | $198.00 | $138.60 |
| Tony Persaud | Senior Case Manager II | 4 | $145.00 | $580.00 |
| Zulay Comabella | Call Center Operator | 0.2 | $55.00 | $11.00 |
| **TOTAL** | | **200.3** | | **$35,222.00** |
| **80% OF TOTAL FEES** | | | | **$28,177.60** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline:** June 19, 2024 at 4:00 p.m. (CT) |

**FIRST MONTHLY FEE APPLICATION OF
EPIQ CORPORATE RESTRUCTURING, LLC, ADMINISTRATIVE ADVISOR TO THE DEBTORS, FOR ALLOWANCE
OF COMPENSATIONFOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM AUGUST 7, 2023 THROUGH MARCH 31, 2024**

Epiq Corporate Restructuring, LLC ("Epiq"), claims, noticing, solicitation, and administrative agent to Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 224] (the "Interim Compensation Order"),[1] for allowance of compensation for services rendered and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such items in the Interim Compensation Order.

reimbursement of expenses for the period from August 7, 2023 through March 31, 2024 (the "Application Period"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Public Administrative Order referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331 and Bankruptcy Rule 2016. Epiq confirms its consent to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**A.  The Chapter 11 Cases**

3. On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4.	On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107]. On November 4, 2023, the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") [Docket No. 458]. No trustee or examiner has been appointed in these Chapter 11 Cases.

5.	Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27].

**B.	The Retention of Epiq**

6.	On the Petition Date, the Debtors filed an application to employ Epiq as its claims, noticing, solicitation, and administrative agent pursuant to 28 U.S.C. § 156(c), 11 U.S.C. §§ 105(a) and 327(a), and Bankruptcy Rules 2002, 2014(a), and 2016 [Docket No. 9] (the "Initial Retention Application"). On August 14, 2023, the Court entered the *Order Appointing Epiq Corporate Restructuring, LLC as Claims, Noticing, Solicitation, and Administrative Agent, Effective as of the Petition Date* [Docket No. 91], which was subsequently amended by entry of an order on August 15, 2023 [Docket No. 104] (the "Initial Retention Order"). In accordance with the Initial Retention Order, all fees and expenses related to Epiq's claims and noticing agent services will be paid by the Debtor in the ordinary course of business without the necessity of a fee application or monthly statement, and as such, such fees and expenses are not included in this Interim Fee Application.

3

7. Pursuant to paragraph 9 of the Initial Retention Order, however, Epiq is required to file fee applications with the Court in accordance with Bankruptcy Code sections 330 and 331 for compensation and reimbursement of expenses related to preparation and review of the Debtors' schedules and statements. This concession in the Initial Retention Order was made by Epiq at the request of the U.S. Trustee. Additionally, at the request of the U.S. Trustee, Epiq agreed not to seek approval of any solicitation services as part of the Initial Retention Application and, instead, to file a subsequent application if/when the Debtors requested Epiq provide such services.

8. Accordingly, in advance of plan solicitation, on February 22, 2024, the Debtors filed the *Application of Debtors for Entry of Order Expanding the Scope of Retention and Employment of Epiq Corporate Restructuring, LLC as Administrative Advisor* [Docket No. 759], and on February 27, 2024 the Court granted the application with entry of the *Order Expanding the Scope of Retention and Employment of Epiq Corporate Restructuring, LLC as Administrative Advisor* [Docket No. 775] (the "Expanded Retention Order").

9. The Expanded Retention Order authorized Epiq to serve as administrative advisor in the Debtors' Chapter 11 Cases by providing, among other things, balloting and tabulation services in connection with the Debtors' proposed chapter 11 plan (the "Administrative Advisor Services"). The Expanded Retention Order also required Epiq to apply to the Court for allowance of compensation and reimbursement of expenses incurred in connection with the Administrator Advisor Services in accordance with Bankruptcy Code sections 330 and 331.

C. **The Interim Compensation Order**

10. On September 14, 2023, the Court entered the Interim Compensation Order, which sets the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that a

Retained Professional may file and serve a Monthly Fee Application on or after the fifteenth (15th) day of each month following the month for which compensation is sought. Fourteen (14) days after the service of a Monthly Fee Application, the Debtors are authorized to pay such Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Fee Application that are not subject to an Objection.

## RELIEF REQUESTED

11. Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, Epiq is seeking compensation in the amount of $28,117.60, which is equal to eighty percent (80%) of the $ 35,222.00 in fees for professional services rendered by Epiq during the Application Period. This amount is derived solely from the applicable hourly billing rates of Epiq's personnel who rendered services to the Debtors.

12. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Epiq with respect to the Chapter 11 Cases for which Epiq is required to seek court approval during the Application Period. This detailed itemization complies with the Interim Compensation Order and the Bankruptcy Code in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity. All time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

13. Epiq personnel who rendered services related to each project category are identified in **Exhibit A**, along with the number of hours for each individual and the total compensation sought for each category.

## VALUATION OF SERVICES

14.	Epiq is one of the country's leading Chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of bankruptcy cases. As a specialist in claims management, consulting and legal administration services, Epiq provides comprehensive solutions to a wide variety of administrative issues for bankruptcy cases, and has substantial experience in matters of this size and complexity. Overall, Epiq brings to these Chapter 11 Case a particularly high level of skill and knowledge, which inured to the benefit of the Debtor and all stakeholders.

15.	Epiq personnel have expended a total of 200.3 hours in connection with these Chapter 11 Cases during the Application Period. The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set forth in **Exhibit A**.

16.	Epiq believes that the time entries, rates, and expenses included in **Exhibit A** are reasonable, customary, and in compliance with the requirements of the Bankruptcy Code and the Interim Compensation Order.

## BASIS FOR RELIEF REQUESTD AND APPLICABLE AUTHORITY

15.	Bankruptcy Code section 330(a) provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a

reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (emphasis added).  The Eighth Circuit Court of Appeals has stated:

> "[Reasonable] [c]ompensation . . . presumably reflects (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."

*P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728, 731–32 (8th Cir. 1992).

16. In reviewing this Application, the Court should be guided by the Eighth Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> Section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts."

*Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984); *see also In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992) ("[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is so to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.").

17. In accordance with the factors enumerated in Bankruptcy Code section 330, Epiq submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  The fees charged

by Epiq in these Chapter 11 Cases were billed in accordance with its existing billing rates and procedures in effect during the Application Period.

19. During the Application Period, Epiq's hourly billing rates for the professionals responsible for managing this Chapter 11 Case ranged from $55.00 to $198.00. The hourly rates and corresponding rate structure utilized by Epiq in this Chapter 11 Case are generally equivalent to the hourly rates and corresponding rate structure predominantly used by Epiq for comparable matters, whether in chapter 11 or otherwise, regardless of whether a fee application is required. Epiq's hourly rates are set at a level designed to compensate Epiq fairly for the work of its professionals. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Epiq regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary.

19. Epiq reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

## NO PRIOR REQUEST

20. No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

8

**WHEREFORE**, Epiq respectfully requests that the Court enter an Order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $28,177.60 (80% of $35,222.00) for professional services rendered; (ii) directing payment by the Debtors of the foregoing amount; and (iii) granting such other further relief as the Court deems just and proper.

Dated: June 5, 2024　　　　　　　　　　　　　/s/ *Kate Mailloux*　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Kate Mailloux
　　　　　　　　　　　　　　　　　　　　　　Senior Director
　　　　　　　　　　　　　　　　　　　　　　Epiq Corporate Restructuring, LLC
　　　　　　　　　　　　　　　　　　　　　　777 Third Avenue, 12th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10017

Dated: Cedar Rapids, Iowa
June 5, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:   (319) 286-7002
Facsimile:   (319) 286-7050
Email:   rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-8045
Email: mmcguire@nyemaster.com
         kmstanger@nyemaster.com
         dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:   (312) 372-2000

10

Facsimile: (312) 984-7700
Email: fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this June 5, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*

11