# **EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
### CONFIRMING DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION

Mercy Hospital, Iowa City, Iowa and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession (collectively, the "Debtors")[1] in the above-captioned chapter 11 cases, having:

i. commenced the Chapter 11 Cases on August 7, 2023 (the "Petition Date") by each filing a voluntary petition in the United States Bankruptcy Court for the Northern District of Iowa (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (the "Bankruptcy Code");

ii. continued to operate and manage their business and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

iii. filed, on the Petition Date, the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 26];

iv. filed, on the Petition Date, the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27];

v. filed, on August 9, 2023, the *Debtors' Motion for Entry of Order (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Provide Stalking Horse Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving the Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan (as defined herein).

Case 23-00623   Doc 1123-2   Filed 06/07/24   Entered 06/07/24 13:43:18   Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page 3 of 56
Document    Page 3 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Docket No. 58];

vi.    filed, on August 16, 2023, the *Notice of Commencement* [Docket No. 113] (the "Notice of Commencement");

vii.    distributed to all creditors, patients, and notice parties, on or about August 16, 2023, the Notice of Commencement;

viii.    filed, on August 18, 2023, the *Certificate of Service* of the Notice of Commencement [Docket No. 127];

ix.    published for three successive and consecutive weeks, on or about September 2, 2023, September 9, 2023, and September 16, 2023, the Notice of Commencement in the *Cedar Rapids Gazette* and published three successive and consecutive weeks, on or about September 1, 2023, September 8, 2023, and September 15, 2023, the Notice of Commencement in the *Iowa City Press-Citizen* [Docket Nos. 273, 280];

x.    filed, on September 1, 2023, supplemental *Certificates of Service* of the Notice of Commencement [Docket Nos. 182, 183];

xi.    filed, on September 15, 2023, supplemental *Certificates of Service* of the Notice of Commencement [Docket Nos. 241, 242];

xii.    filed, on September 19, 2023, the *Debtors' Certificate of Service by Publication* of the Notice of Commencement in the *Cedar Rapids Gazette* [Docket No. 252];

xiii.    filed, on September 26, 2023, the *Debtors' Certificate of Service by Publication* of the Notice of Commencement in the *Iowa City Press-Citizen* [Docket No. 273];

xiv.    filed, on October 9, 2023, the *Debtors' (I) Motion for Entry of Order Approving Settlement By and Among the Debtors, the Bondholder Representatives, the Committee, and Mercy Foundation; and (II) Application of Mercy, as Sole Member of Mercy Foundation, for Section 540A.106 Ruling* [Docket No. 346];

xv.    held, on October 4, 2023 and October 10, 2023, the auction for substantially all of the Debtors' assets;

xvi.    filed, on October 10, 2023, the *Notice of Auction Results* [Docket No. 352];

xvii.    reopened, on October 27, 2023, the auction for substantially all of the Debtors' assets;

Case 23-00623  Doc 1123-2  Filed 06/07/24  Entered 06/07/24 13:49:18  Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page 3 of 55    Confirming Debtors&#    Page 4 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

xviii.    filed, on October 27, 2023, the *Amended Notice of Auction Results* [Docket No. 420];

xix.    filed, on January 8, 2024, a supplemental *Certificate of Service* of the Notice of Commencement [Docket No. 619];

xx.    filed, on January 30, 2024, the *Motion of Debtors for Entry of Order (I) Establishing Administrative Claims Bar Date, (II) Approving Form, Manner, and Sufficiency of Notice Thereof, and (III) Approving Proof of Administrative Claim Form* [Docket No. 694];

xxi.    filed, on February 1, 2024, the *Notice of Sale Closing* [Docket No. 699], apprising parties-in-interest of the closing of the Debtors' sale to the University;

xxii.    filed, on February 1, 2024, the *Debtors' Motion for Entry of Order (I) Approving the Sale of the Debtors' Interest in a Joint Venture Free and Clear of Liens, Claims, Interests, and Encumbrances and (II) Granting Related Relief* [Docket No. 703];

xxiii.    filed, on February 23, 2024, the *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 760];

xxiv.    filed, on March 1, 2024, the *Debtors' Motion for Entry of Order (I) Approving Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan; (III) Establishing Deadlines and Procedures for (A) Filing Objections to Confirmation of Plan, (B) Claim Objections, and (C) Temporary Allowance of Claims for Voting Purposes; (IV) Determining Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notice, Voting, and Distribution Purposes; (V) Setting Record Date; (VI) Approving (A) Solicitation Packages and Procedures for Distribution, (B) Form of Notice of Hearing on Confirmation and Related Matters, and (C) Forms of Ballots; (VII) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Docket No. 796];

xxv.    participated in extensive settlement negotiations with the UCC, the Pension Committee, and the Bondholder Representatives, including an in-person settlement conference on March 18, 2024;

xxvi.    filed, on April 3, 2024, the *Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 927] (the disclosures contained therein, the "Disclosure Statement" and the plan contained therein, as may be subsequently amended, modified, or supplemented, the "Plan" and collectively, as may be amended, supplemented, or otherwise modified, the "Combined Disclosure Statement and Plan");

xxvii.    filed, on April 4, 2024, the *Notice of (A) Confirmation Hearing with Respect to Debtors' Combined Disclosure Statement and Joint Plan of Liquidation Under*

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

|          |                                                                                                                                                                                                                                                                                                  |
|----------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          | *Chapter 11 of the Bankruptcy Code; and (B) Related Objection Deadline* [Docket No. 930] (the "<u>Confirmation Hearing Notice</u>");                                                                                                                                                               |
| xxviii.  | distributed, on or about April 8, 2024, (a) the Disclosure Statement and related exhibits, including the Plan; (b) the Solicitation Procedures Order (without exhibits); (c) the letter from the UCC in support of the Plan; and (d) the applicable ballot for voting on the Plan (each, a "<u>Ballot</u>") to Holders of Claims in Classes 1-A, 1-B, 3, 4, and 5 who were entitled to vote on the Plan in accordance with the terms of the Solicitation Procedures Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>"), and the Local Rules of the United States Bankruptcy Court for the Northern District of Iowa (the "<u>Local Rules</u>"); |
| xxix.    | distributed, on or about April 8, 2024, the Confirmation Hearing Notice to all creditors in the Chapter 11 Cases;                                                                                                                                                                                 |
| xxx.     | published, on or about April 11, 2024, the Confirmation Hearing Notice in the Iowa City Press Citizen and Des Moines Register;                                                                                                                                                                     |
| xxxi.    | filed, on April 18, 2024, the *Certificate of Service of Solicitation Materials* [Docket No. 967] (the "<u>Solicitation COS</u>");                                                                                                                                                                 |
| xxxii.   | filed, on April 18, 2024, the *Debtors' Certificate of Service by Publication* of the Confirmation Hearing Notice in the Iowa City Press Citizen and Des Moines Register [Docket Nos. 970, 971];                                                                                                    |
| xxxiii.  | distributed, on or about April 25, 2024, a letter in support of the Plan from the Pension Committee;                                                                                                                                                                                               |
| xxxiv.   | filed, on April 29, 2024, the *Notice of Filing of Plan Supplement with Respect to the Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 993], which included (a) the identity of the Liquidation Trustee; (b) the identity of the Pension Plan Administrator; and (c) the form of the Liquidation Trust Agreement (as modified, supplemented, or otherwise amended from time to time, the "<u>Plan Supplement</u>"); |
| xxxv.    | filed, on May 9, 2024, the *Declaration of Emily Young, on Behalf of Epiq Corporate Restructuring, LLC, Regarding Solicitation and Tabulation of Ballots Cast on Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 1037] (the "<u>Voting Declaration</u>"); |
| xxxvi.   | filed, on May 14, 2024, (a) a modified version of the Plan [Docket No. 1050], reflecting technical modifications; (b) the *Debtors' (I) Memorandum of Law in Support of Confirmation of the Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation and (II) Omnibus Reply to Objections to Confirmation* [Docket No. 1053] (the "<u>Confirmation Brief</u>"); (c) the |

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Declaration of Mark E. Toney, Chief Restructuring Officer of Mercy Hospital, Iowa City, Iowa, in Support of Confirmation of Debtors' Joint Chapter 11 Plan of Liquidation [Docket No. 1052] (the "Toney Declaration"); and (d) the proposed *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' First Amended Joint Chapter 11 Plan of Liquidation* (this "Confirmation Order").

The Court having:

    i.       entered, on August 8, 2023, the *Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 38];

    ii.      entered, on August 10, 2023, the *Order Approving Appointment of Susan N. Goodman as Patient Care Ombudsman* [Docket No. 59] (the "PCO Order");

    iii.     established, on August 14, 2023, the general bar date of October 16, 2023 and the governmental bar date of February 5, 2024 [Docket No. 92];

    iv.     entered, on September 13, 2023, the *Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving Break-Up Fee, (C) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (D) Approving the Form and Manner of Notice Thereof, (E) Approving Contract Assumption and Assignment Procedures, and (F) Granting Related Relief* [Docket No. 222];

    v.       entered, on November 7, 2023, the *Order (I) Approving Settlement by and Among the Debtors, the Bondholder Representatives, the Committee, and Mercy Foundation; and (II) Application of Mercy, as Sole Member of Mercy Foundation, for Section 540A.106 Ruling* [Docket No. 477];

    vi.     entered, on November 7, 2023, the *Second Interim Order Granting Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* [Docket No. 475];

    vii.    entered, on November 7, 2023, the *Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Contracts and Leases, and (III) Granting Related Relief* [Docket No. 476];

    viii.   entered, on January 23, 2024, the *Stipulated and Agreed Order Regarding Settlement Between the Debtors and Altera Digital Health Inc.* [Docket No. 684] (the "Altera Settlement Order");

Case 23-00623    Doc 1123-1    Filed 06/07/24    Entered 06/07/24 13:49:18    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page Order Confirming Debtors &#    Page 7 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

ix.    entered, on February 12, 2024, the *Order (I) Establishing Administrative Claims Bar Date, (II) Approving Form, Manner, and Sufficiency of Notice Thereof, and (III) Approving Proof of Administrative Claim Form* [Docket No. 740];

x.    entered, on February 27, 2024, the *Order (I) Approving the Sale of the Debtors' Interest in a Joint Venture Free and Clear of Liens, Claims, Interests, and Encumbrances and (II) Granting Related Relief* [Docket No. 770];

xi.    entered, on April 3, 2024, the *Order (I) Approving Disclosure Statement; (II) Scheduling Hearing on Confirmation of Plan; (III) Establishing Deadlines and Procedures for (A) Filing Objections to Confirmation of Plan, (B) Claim Objections, and (C) Temporary Allowance of Claims for Voting Purposes; (IV) Determining Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Notice, Voting, and Distribution Purposes; (V) Setting Record Date; (VI) Approving (A) Solicitation Packages and Procedures for Distribution, (B) Form of Notice of Hearing on Confirmation and Related Matters, and (C) Forms of Ballots; (VII) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Docket No. 926] (the "Solicitation Procedures Order");

xii.    considered the Plan, the Confirmation Brief, the Voting Declaration, the Toney Declaration, and all filed pleadings, exhibits, statements, and comments regarding Confirmation of the Plan, including all objections, statements, and reservation of rights;

xiii.    held a hearing on Confirmation of the Plan (the "Confirmation Hearing") on May 16, 2024 at 10:30 a.m., prevailing Central Time;

xiv.    heard the statements and arguments made by counsel at the Confirmation Hearing in respect of Confirmation of the Plan, as well as any objections related thereto;

xv.    considered all oral representations, affidavits, testimony, documents, filings, and other evidence regarding Confirmation of the Plan, as well as any objections related thereto; and

xvi.    overruled any and all objections to the Plan and to Confirmation and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated herein.

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party-in-interest to object to Confirmation of the Plan have been adequate and appropriate, and the legal and factual bases set forth in the documents filed in support of Confirmation of the Plan and other evidence presented at the Confirmation Hearing establish

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

just cause for the relief granted herein, after due deliberation thereon and good cause appearing

therefor, and the Court, having considered statements of counsel at the Confirmation Hearing and

all evidence of record, including the Toney Declaration, and for the reasons stated on the record at

the Confirmation Hearing, the Court hereby FINDS, DETERMINES, AND CONCLUDES as

follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

A.      <u>Findings of Fact and Conclusions of Law</u>.  The findings and conclusions set forth

herein and on the record of the Confirmation Hearing constitute this Court's findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable

herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact

constitute conclusions of law, they are adopted as such.

B.      <u>Judicial Notice</u>.  The Court takes judicial notice of (and deems admitted into

evidence for the Confirmation Hearing) the docket of the Chapter 11 Cases maintained by the

Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders

entered, all hearing transcripts, and all evidence and argument made, proffered, or adduced at the

hearings held before the Court during the pendency of the Chapter 11 Cases, including, but not

limited to, the Confirmation Hearing.

C.      <u>Commencement and Joint Administration of the Chapter 11 Cases</u>.  On the Petition

Date, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code

(collectively, the "<u>Chapter 11 Cases</u>").  In accordance with the *Order (I) Authorizing Joint*

*Administration of Related Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 37], the

Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly

Case 23-00623 Doc 1143-2 Filed 06/07/24 Entered 06/07/24 13:48:18 Desc Main
Case 23-00623 Doc 1123-1 Filed 06/07/24 Entered 06/07/24 13:49:18 Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page Order    Page 9 of 56
Document    Page 9 of 55 Confirming Debtors&#
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

administered pursuant to Bankruptcy Rule 1015. Since the Petition Date, the Debtors have operated their business and managed their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Cases. On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "UCC") [Docket No. 107]. On November 4, 2023, the U.S. Trustee appointed the Official Committee of Pensioners (the "Pension Committee") [Docket No. 458].

D.      Eligibility for Relief. The Debtors were and are entities eligible for relief under Bankruptcy Code section 109.

## Jurisdiction and Venue

E.      Jurisdiction, Venue, and Core Proceeding. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has jurisdiction to enter a final order with respect thereto. Venue is proper in this District and before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are proper plan proponents under Bankruptcy Code section 1121(a).

## Notice, Solicitation, and Voting

F.      Adequacy of the Disclosure Statement. After notice and a hearing in accordance with Bankruptcy Rule 3017, the Disclosure Statement was approved on a final basis, as set forth in the Solicitation Procedures Order, as containing adequate information pursuant to Bankruptcy Code section 1125. The Disclosure Statement contained extensive material information regarding the Debtors so that parties entitled to vote on the Plan could make informed decisions regarding the Plan. Additionally, the Disclosure Statement, including the various notices and the Ballots, contained adequate information as that term is defined in Bankruptcy Code section 1125(a) and

Case 23-00623    Doc 1123-2    Filed 06/07/24    Entered 06/07/24 14:34:18    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    and Order Confirming Debtors&#    Page 10 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

complied with any additional requirements of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.

G.    Adequate Notice of Confirmation Hearing.  As described in the Voting Declaration and the Solicitation COS, as applicable, the Combined Disclosure Statement and Plan, the letter in support of the Plan from the UCC, the applicable ballot, the Solicitation Procedures Order (without exhibits), and the Confirmation Hearing Notice (collectively, the "Solicitation Package") were transmitted and served on or about April 8, 2024 to all Holders in the Voting Classes that held a claim against the Debtors as of March 28, 2024 (the "Voting Record Date").  Additionally, on or about April 25, 2024, the Combined Disclosure Statement and Plan, a letter in support of the Plan from the Pension Committee, the applicable ballot, the Solicitation Procedures Order (without exhibits), and the Confirmation Hearing Notice (collectively, the "Provisional Solicitation Packages") were transmitted and served on all Persons receiving payments under the Pension Plan who did not file a Proof of Claim in the Chapter 11 Cases (each, a "Provisional Pension Claim Holder") pursuant to paragraphs 8 through 10 of the Solicitation Procedures Order. The establishment and notice of the Voting Record Date were approved by the Solicitation Procedures Order.  Transmission and service of the Solicitation Packages was timely, adequate, sufficient, and complies with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017, 3018, and 3019, and the Solicitation Procedures Order, and no further notice is required.  Under the circumstances and including any extensions heretofore provided in connection therewith, the period during which the Debtors solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for Holders in the Voting Classes to make an informed decision to accept or reject the Plan, and solicitation complied with Bankruptcy Code section 1126(b).  Under Bankruptcy Code sections 1126(f) and 1126(g), the

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Debtors were not required to solicit votes from the Holders of Claims in the Non-Voting Classes, each of which is conclusively presumed to have accepted, or deemed to have rejected, the Plan. The Confirmation Hearing Notice was served via first class mail and/or electronic mail to the Debtors' entire creditor matrix on April 8, 2024, as reflected in the Solicitation COS. Finally, the Publication Notice was also published in the *Iowa City Press Citizen* and the *Des Moines Register* on April 18, 2024, in compliance with the Solicitation Procedures Order and Bankruptcy Rule 2002(*l*), as reflected in the Affidavit of Publication [Docket Nos. 970, 971]. Given the foregoing, all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice of, and had a full and fair opportunity to be heard in connection with, confirmation of the Plan in accordance with the Solicitation Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law and such parties have had an opportunity to appear and be heard with respect thereto. No other and further notice is required.

H.    <u>Good Faith Solicitation</u>. As described in the Voting Declaration, solicitation of votes on the Plan complied with the solicitation procedures set forth in the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, was conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations. Accordingly, the Plan was solicited in good faith and in compliance with applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, and the Bankruptcy Rules.

I.    <u>Provisional Pension Claim Holders</u>. Transmission and service of the Provisional Solicitation Packages was adequate, sufficient, and complies with the Bankruptcy Code, including

10

Case 23-00623    Doc 1123-2    Filed 06/07/24    Entered 06/07/24 13:43:18    Desc Main
Case 23-00623    Doc 1114-1    Filed 06/07/24    Entered 06/07/24 14:34:49    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page 1 of 55nfirming Debtors&#    Page 12 of 56
Document    Page 11 of 55

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017, 3018, and 3019, and the Solicitation Procedures Order, given the fact that Provisional Pension Claim Holders were not Holders of Class 5 Claims as of the Voting Record Date. No further notice is required. Under the circumstances and including any extensions heretofore provided in connection therewith, the period during which the Debtors solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for the Provisional Pension Claim Holders to make an informed decision to accept or reject the Plan, and solicitation complied with Bankruptcy Code section 1126(b). Good cause exists to include the votes of the Provisional Pension Claim Holders in the voting tabulation of Class 5 (Pension Claims).

J.     Voting. Only Holders of Claims in Classes 1-A, 1-B, 3, 4, and 5 were eligible to vote on the Plan (collectively, the "Voting Classes"). The Ballots used to solicit votes to accept or reject the Plan from Holders in the Voting Classes adequately addressed the particular needs of the Chapter 11 Cases and were appropriate for Holders in the Voting Classes to vote to accept or reject the Plan. Holders of Claims in Classes 2 and 6 were either (a) Unimpaired and not entitled to vote to accept or reject the Plan or (b) Impaired under the Plan and deemed to reject the Plan (together, the "Non-Voting Classes"). Thus, Holders of Claims in the Non-Voting Classes were conclusively presumed to have accepted or deemed to have rejected the Plan as applicable, and were not entitled to vote on the Plan pursuant to Bankruptcy Code sections 1126(f)-(g). On May 9, 2024, the Debtors filed the Voting Declaration, certifying the method and results of Ballot tabulation for each of the Classes entitled to vote to accept or reject the Plan. In particular, Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), Class 3 (General Unsecured Claims), Class 4 (Bondholder Deficiency Claims), and Class 5 (Pension Claims) voted to overwhelmingly accept the Plan, in accordance with the requirements

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

of Bankruptcy Code sections 1124, 1126, and 1129. As evidenced by the Voting Declaration, votes to accept or reject the Plan have been solicited by the Debtors and tabulated fairly, in good faith, in compliance with the Solicitation Procedures Order, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.

K.    <u>Objections</u>. All parties have had a full and fair opportunity to litigate all issues raised, or which might have been raised, in connection with the Confirmation Hearing. All objections with respect to confirmation of the Plan that have not been withdrawn, waived, or settled are hereby overruled on the merits for the reasons stated on the record at the Confirmation Hearing.

L.    <u>Burden of Proof</u>. The Debtors, as proponents of the Plan, have met their burden of proving that the Plan satisfies the elements of Bankruptcy Code sections 1129(a) and 1129(b) by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation of the Plan. Further, each witness whose testimony was proffered or adduced on behalf of the Debtors at or in connection with the Confirmation Hearing was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

M.    <u>Bankruptcy Rules 3016(a)-(b)</u>. In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as the proponents of the Plan. The filing of the Disclosure Statement with the Court satisfied Bankruptcy Rule 3016(b).

## Compliance with Bankruptcy Code Section 1129

N.    <u>Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the Debtors as proponents of the Plan, thereby satisfying Bankruptcy Code section 1129(a)(1), including Bankruptcy Code sections 1122 and 1123.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

    i.    <u>Proper Classification and Discretionary Content of the Plan (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  The classification of Claims under the Plan is proper under the Bankruptcy Code.  In accordance with Bankruptcy Code section 1122(a), the Claims placed in each Class under the Plan are substantially similar to other Claims in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such classification does not unfairly discriminate between Holders of Claims.  The classifications were not promulgated for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among Holders of Claims.  Therefore, the Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

    ii.    <u>Specified Treatment of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Article V of the Plan specifies that Class 2 (Other Secured Claims) is Unimpaired under the Plan within the meaning of Bankruptcy Code section 1124, thereby satisfying Bankruptcy Code section 1123(a)(2).  Additionally, Article IV of the Plan specifies that Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and Professional Fee Claims will be paid in accordance with the terms of the Plan, although these Claims are not separately classified under the Plan.

    iii.    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Article V of the Plan designates Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), Class 3 (General Unsecured Claims), Class 4 (Bondholder Deficiency Claims), Class 5 (Pension Claims), and Class 6 (Intercompany Claims) as Impaired within the meaning of Bankruptcy Code section 1124 and specifies the treatment of the Claims in those Classes, thereby satisfying Bankruptcy Code section 1123(a)(3).

    iv.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  Article V of the Plan provides for the same treatment by the Debtors of each Claim in each respective Class unless the Holder of a particular Claim has agreed to or elected a less favorable or different treatment of such Claim.  Therefore, the requirements of Bankruptcy Code section 1123(a)(4) have been satisfied.

    v.    <u>Adequate Means for Plan Implementation (11 U.S.C. § 1123(a)(5))</u>.  The Plan and the various documents and agreements set forth in the Plan Supplement provide adequate and proper means for the implementation of the Plan, including, among other things, the Liquidation Trust Agreement, thereby satisfying Bankruptcy Code section 1123(a)(5).

    vi.    <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.  No equity securities are being issued pursuant to the Plan.  As of the Effective Date, the Debtors' organizational documents shall be deemed amended to prohibit

the issuance of non-voting equity securities, thereby satisfying Bankruptcy Code section 1123(a)(6).

vii.     <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.   The Debtors are not reorganizing under the Plan.  However, the assets of the Debtors shall vest in the Liquidation Trust, which will be administered by the Liquidation Trustee.  The Liquidation Trustee was selected pursuant to the Plan and the Liquidation Trust Agreement.  The selection of the Liquidation Trustee is consistent with the interests of creditors and public policy, thereby satisfying Bankruptcy Code section 1123(a)(7).

viii.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.   The Plan contains certain provisions that may be construed as permissive, but are not required for confirmation under the Bankruptcy Code.   These discretionary provisions comply with Bankruptcy Code section 1123(b), are appropriate, in the best interest of the Debtors and their Estates, and are not inconsistent with the applicable provisions of the Bankruptcy Code.

a)    <u>Impairment/Absence of Impairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1))</u>.  Pursuant to Article V of the Plan, the following Classes of Claims are Impaired under the Plan, as permitted by Bankruptcy Code section 1123(b)(1): Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), Class 3 (General Unsecured Claims), Class 4 (Bondholder Deficiency Claims), Class 5 (Pension Claims), and Class 6 (Intercompany Claims).  Pursuant to Article V of the Plan, Class 2 (Other Secured Claims) is Unimpaired, as contemplated by Bankruptcy Code section 1123(b)(1).

b)    <u>Assumption and Rejection (11 U.S.C. § 1123(b)(2) and 1123(d))</u>. Article XII of the Plan addresses the assumption and rejection of executory contracts and unexpired leases, and meets the requirements of Bankruptcy Code section 365(b).  There have been [no objections] to the Debtors' disposition of executory contracts pursuant to Article XII of the Plan.

c)    <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>.   The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1123(b)(6).

O.     <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  As proponents of the Plan, the Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2).  Specifically:

    i.        the Debtors are eligible to be debtors under Bankruptcy Code section 109; and

    ii.       the Debtors have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126(b), the Bankruptcy Rules, applicable non-bankruptcy law, the Solicitation Procedures Order, and all other applicable law, in transmitting the Solicitation Packages and related documents and notices, and in soliciting and tabulating the votes on the Plan.

P.     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). The Debtors' good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases. The Plan was proposed with the legitimate and honest purposes of maximizing the value of the Debtors' Estates. The Plan and all documents necessary to effectuate the Plan were negotiated at arm's length among representatives of the Debtors, the UCC, the Pension Committee, the Bondholder Representatives, and their respective professionals. Further, the Plan's classification, indemnification, exculpation, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with Bankruptcy Code sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1125(e), 1129, and 1142, and are each necessary for the Debtors' successful liquidation.

Q.     Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). The procedures set forth in the Plan for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, Bankruptcy Code section 1129(a)(4). Payments to the Estates' retained professionals for services

Case 23-00623   Doc 1123   Filed 06/07/24   Entered 06/07/24 13:49:18   Desc Main
Exhibit B - Findings of Fact   Conclusions of Law   and Order Confirming Debtors&#   Page 17 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

rendered after the commencement of the Chapter 11 Cases are subject to the approval of this Court pursuant to the terms of the orders authorizing the retention of the Estates' professionals.

R.    <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.    The Debtors have complied with Bankruptcy Code section 1129(a)(5).  In accordance with the provisions of the Plan, on the Effective Date, the Liquidation Trust shall be established.  As provided in the Liquidation Trust Agreement, the form of which was included in the Plan Supplement, William H. Henrich of Getzler Henrich & Associates, LLC will be the Liquidation Trustee.  The appointment of the Liquidation Trustee is consistent with the interests of the Debtors' creditors and with public policy.

S.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.    The Plan does not provide for rate changes by the Debtors that would require governmental regulatory approval.  Thus, Bankruptcy Code section 1129(a)(6) is not applicable in these Chapter 11 Cases.

T.    <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.    The Plan meets the "best interest of creditors" test because each Holder of a Claim in an Impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Chapter 11 Cases were converted to cases under chapter 7 of the Bankruptcy Code.  The liquidation analysis attached to the Disclosure Statement, the analysis provided in the Confirmation Brief, and other evidence proffered or adduced at the Confirmation Hearing, including the Toney Declaration, (i) is reasonable, persuasive, credible, and accurate as of the dates such analysis or evidence was prepared, presented, or proffered, (ii) utilizes reasonable and appropriate methodologies and assumptions, (iii) has not been controverted by other evidence, and (iv) establishes that each Holder of an Allowed Claim or Interest, as of the Effective Date, will recover at least as much under the Plan on account of such Claim or Interest as such Holder would receive

Case 23-00623    Doc 1123-2    Filed 06/07/24    Entered 06/07/24 14:34:49    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    and Order    Page 18 of 56    Document    Page 17 of 55    Confirming Debtors&#

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(7).

U.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.   Holders of Claims in Class 2 (Other Secured Claims) are Unimpaired within the meaning of Bankruptcy Code section 1124 and are conclusively presumed to have accepted the Plan under Bankruptcy Code section 1126(f).   As set forth in the Voting Declaration, Holders of Claims in Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), Class 3 (General Unsecured Claims), Class 4 (Bondholder Deficiency Claims), and Class 5 (Pension Claims) are Impaired and voted overwhelmingly accept the Plan.   Class 6 (Intercompany Claims) is Impaired and deemed to have rejected the Plan.   Notwithstanding the foregoing, the Plan is confirmable because it satisfies Bankruptcy Code sections 1129(a)(10) and 1129(b).

V.    <u>Treatment of Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9))</u>.   The treatment of Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, and Professional Fee Claims pursuant to Article IV of the Plan satisfied the requirements of, and complies in all respects with, Bankruptcy Code section 1129(a)(9).

W.    <u>Acceptance by At Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>.   As evidenced by the Voting Declaration, Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), Class 3 (General Unsecured Claims), Class 4 (Bondholder Deficiency Claims), and Class 5 (Pension Claims), which are five of six Impaired Classes under the Plan, affirmatively and overwhelmingly voted to accept the Plan by the requisite number and amount of Claims, without including the acceptance of the Plan by any insider (as that

Case 23-00623   Doc 1123-2   Filed 06/07/24   Entered 06/07/24 13:43:18   Desc Main
Case 23-00623   Doc 1143   Filed 06/24/24   Entered 06/24/24 14:31:49   Desc Main
Exhibit B - Findings of Fact   Conclusions of Law   and Order Confirming Debtors&#   Page 19 of 56
Document   Page 19 of 55

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

term is defined in Bankruptcy Code section 101(31)).  Therefore, the Plan satisfies Bankruptcy Code section 1129(a)(10).

X.  Feasibility (11 U.S.C. § 1129(a)(11)).  The Debtors have established by a preponderance of the evidence that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors, as the Plan itself effectuates the liquidation and dissolution of the Debtors through the Plan and the Liquidation Trust, followed by payment of Distributions to creditors by the Liquidation Trustee.  Moreover, the Debtors anticipate having sufficient Cash on hand as of the Effective Date to fund the payments to Holders of all Allowed Claims on the Effective Date (or when they are otherwise required to be paid under the Plan), pursuant to the terms of the Plan, and to satisfy all other obligations under the Plan.  The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(a)(11).

Y.  Payment of Fees (11 U.S.C. § 1129(a)(12)).  Article XVII.C of the Plan provides that all fees currently payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been or will be paid on or as soon as reasonably practicable after the Effective Date pursuant to the Plan, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(12).

Z.  Continuation of Retiree Benefits; Domestic Support Obligations; Debtor as Individual; Applicable Non-Bankruptcy Law Regarding Transfers (11 U.S.C. §§ 1129(a)(13)-(16)).  Bankruptcy Code sections 1129(a)(13) through (16) are not applicable to the Debtors in these Chapter 11 Cases.

AA.  No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).  The Plan satisfies the requirements of Bankruptcy Code section 1129(b).  Holders of Claims in Class 2 (Other Secured Claims) are deemed to have accepted the Plan and are not entitled to vote on the

Case 23-00623    Doc 1123-1    Filed 06/24/24    Entered 06/24/24 14:34:18    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    and Order Confirming Debtors'    Page 20 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Plan. Holders of Claims in Class 1-A (Bondholder Claims – Series 2018 Bonds), Class 1-B (Bondholder Claims – Series 2011 Bonds), Class 3 (General Unsecured Claims), Class 4 (Bondholder Deficiency Claims), and Class 5 (Pension Claims), which are five of six Impaired Classes under the Plan, affirmatively and overwhelmingly voted to accept the Plan. Holders of Claims in Class 6 (Intercompany Claims) are deemed to have rejected the Plan and are not entitled to vote on the Plan (the "Rejecting Class"). Nevertheless, the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class, as required by Bankruptcy Code sections 1129(b)(1)-(2), because (i) no Holder of any Claim or Interest that is junior to the Rejecting Class will receive or retain any property under the Plan on account of such junior Claim or Interest and (ii) no Holder of a Claim in a Class senior to the Rejecting Class is receiving more than 100% recovery on account of its Claim. Accordingly, the Plan does not discriminate unfairly among the different classes of creditors and interest holders, satisfies the fair and equitable standard of the Bankruptcy Code, and may be confirmed notwithstanding the rejection of the Plan by the Rejecting Class.

BB.    Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan filed in these Chapter 11 Cases, and accordingly, Bankruptcy Code section 1129(c) is inapplicable in these Chapter 11 Cases.

CC.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(d).

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

DD.  <u>Small Business Case (11 U.S.C. § 1129(e))</u>.  None of the Chapter 11 Cases are a "small business case" as that term is defined in the Bankruptcy Code, meaning that Bankruptcy Code section 1129(e) is inapplicable.

EE.  <u>Satisfaction of Confirmation Requirements</u>.  Based on the foregoing, all other pleadings, documents, exhibits, statements, declarations, and affidavits filed in connection with Confirmation of the Plan, and all evidence and arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for Confirmation thereof set forth in Bankruptcy Code section 1129.

<b><u>Miscellaneous</u></b>

FF.  <u>Substantive Consolidation</u>.  Article IX.A of the Plan provides for the substantive consolidation of the Debtors and their Estates for all purposes associated with confirmation and substantial consummation of the Plan.  Therefore, the Plan serves as, and is deemed to be, a motion for entry of an order substantively consolidating the Chapter 11 Cases for the limited purposes set forth in the Plan.  Based on, among other things, the Confirmation Brief, the Toney Declaration, and the record made at the Confirmation Hearing, (i) no class of creditors is disadvantaged by the substantive consolidation of the Debtors and their Estates and (ii) substantive consolidation of the Debtors and their Estates is justified, appropriate, and in the best interests of the Debtors, their Estates, creditors, and all other parties-in-interest.

GG.  <u>Tax Status of Liquidation Trust</u>.  The Liquidation Trust is intended to qualify as a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and as described in U.S. Internal Revenue Service Revenue Procedure 94-45, 1994-2 I.R.B. 124, and, thus, as a "grantor trust" within the meaning of Sections 671 through 679 of the U.S. Internal

Case 23-00623   Doc 1123-1   Filed 06/27/24   Entered 06/27/24 13:43:18   Desc Main
Exhibit B - Findings of Fact   Conclusions of Law   and Order Confirming Debtors&#   Page 22 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Revenue Code of 1986, as amended, of which the beneficiaries are the grantors and the deemed owners of the underlying assets.

HH.   <u>Plan Supplement</u>.  The Plan Supplement complies with the Bankruptcy Code and the terms of the Plan, and the filing and notice of the documents included therein are good and proper in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is required.  The documents included in the Plan Supplement are an integral part of this Confirmation Order and are incorporated herein by reference.  Subject to the terms of the Plan, the Debtors' right to alter, amend, update, or modify, in each case in whole or in part, the Plan Supplement before the Effective Date is hereby reserved. To the extent that any modifications to the Plan Supplement are determined to be modifications to the Plan, in accordance with Bankruptcy Rule 3019, any such modifications do not (i) constitute material modifications of the Plan under Bankruptcy Code section 1127, (ii) require additional disclosure under Bankruptcy Code section 1125, (iii) cause the Plan to fail to meet the requirements of Bankruptcy Code sections 1122 and 1123, (iv) materially and adversely change the treatment of any Claims, (v) require resolicitation of any Holders of Claims, or (vi) require that any such Holders be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

II.   <u>Plan Provisions and Plan Documents Valid and Binding</u>.  Upon entry of this Confirmation Order, each term and provision of the Plan is valid, binding, and enforceable pursuant to its terms.  Any and all documents necessary to implement the Plan, including those contained in the Plan Supplement (subject to any consent rights under the Plan), have been negotiated in good faith and at arm's length, and shall be, upon completion of documentation and execution and delivery, valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

JJ.    <u>Executory Contracts and Unexpired Leases</u>.  Article XII of the Plan provides that, on the Effective Date, except as otherwise provided in the Plan or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, all Executory Contracts and Unexpired Leases shall be deemed rejected as of the Effective Date, unless such Executory Contract or Unexpired Lease (i) previously has been assumed or rejected by the applicable Debtor; (ii) expired or terminated pursuant to its own terms; (iii) is the subject of a motion to assume or reject pending before the Court as of the Confirmation Date; (iv) is identified in the Plan Supplement as an Executory Contract or Unexpired Lease to be assumed; or (v) is an insurance policy.  The Debtors provided sufficient notice to each non-Debtor counterparty to an Executory Contract or Unexpired Lease assumed, assumed and assigned, or rejected by the Debtors during the Chapter 11 Cases.  Each assumption, assumption and assignment, and rejection of an executory contract or unexpired lease pursuant to Article XII of the Plan shall be legal, valid, and binding to the same extent as if such assumption, assumption and assignment, or rejection, as applicable, had been effectuated pursuant to an order of the Court under Bankruptcy Code section 365 entered before entry of this Confirmation Order.

KK.    <u>Plan Settlement</u>.  The Plan constitutes a motion for approval of the settlement with the Debtors, the UCC, the Pension Committee, and the Bondholder Representatives, under Bankruptcy Rule 9019.  The evidence adduced at the Confirmation Hearing and the record in these Chapter 11 Cases establish that the complexity of the Debtors' Chapter 11 Cases necessitated a global resolution among the foregoing parties in order to maximize value for all parties.  The Debtors, along with their advisors, worked extensively, diligently, and in good faith with the UCC, the Pension Committee, and the Bondholder Representatives to formulate, negotiate, and support a plan that was fair and equitable to all parties-in-interest.  To facilitate this process, the Debtors,

Case 23-00623    Doc 1123-2    Filed 06/24/24    Entered 06/24/24 13:49:18    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page 24 of 55 Confirming Debtors&#    Page 24 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
Case No. 23-00623 (TJC)

the UCC, the Pension Committee, and the Bondholder Representatives engaged in numerous rounds of settlement negotiations, including one in-person mediation conference, which ultimately led to the global settlement embedded in the Plan. The litigation of any of the contested issues related thereto, including the potential claims and causes of action that were the primary focus of the parties' mediation efforts, would have been costly and time-consuming with uncertain outcomes or likelihood of success, thereby reducing the Debtors' liquidity and value otherwise available for creditor recoveries. Each component of the settlements contemplated under the Plan is an integral, integrated, and inextricably linked part of the Plan. The Debtors have met their burden of proving that the foregoing settlements and the treatment of Claims as provided therein, are fair, equitable, reasonable, and in the best interests of the Debtors, the Debtors' Estates, and stakeholders in satisfaction of Bankruptcy Rule 9019. Therefore, pursuant to Bankruptcy Code sections 105, 363, and 1123(b)(3) and Bankruptcy Rule 9019, and in consideration for, among other things, the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan, including the settlements therein, shall constitute a good-faith compromise and settlement of all Claims, Causes of Action, and controversies resolved pursuant to the Plan and the settlements set forth therein.

LL.    The Debtor Release. The debtor release contained in Article XIV.D.1 (the "Debtor Release") is fair and necessary to the Plan, thereby satisfying the requirements of *In re Master Mortgage Investment Fund, Inc.*, 168 B.R. 930 (Bankr. W.D. Mo. 1994) and other applicable case law. Based on the record made at the Confirmation Hearing, including the Confirmation Brief and the Toney Declaration, the Debtor Release (i) was given voluntarily and in exchange for the good and valuable consideration provided by the Released Parties; (ii) constitutes a good faith settlement and compromise of the Claims released by Article XIV of the Plan; (iii) is a product of good-faith

Case 23-00623   Doc 1112   Filed 06/24/24 Entered 06/24/24 13:49:18   Desc Main
Case 23-00623   Doc 1112-1   Filed 06/24/24 Entered 06/24/24 13:49:18   Desc
Exhibit B - Findings of Fact   Conclusions of Law   and Order Confirming Debtors&#   Page 25 of 56
Document   Page 24 of 55

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

and arm's length negotiations; (iv) represents an integral element to the Plan, the settlements contained therein, and the resolution of these Chapter 11 Cases; (v) is in the best interests of the Debtors and all Holders of Claims; (vi) is fair, equitable, and reasonable; (vii) was given and made after due notice and opportunity for a hearing; (viii) constitutes a sound exercise of the Debtors' business judgment; and (ix) is consistent with the Bankruptcy Code and applicable bankruptcy law. The Debtor Release appropriately offers protection to parties that constructively participated in the Debtors' restructuring efforts. Such protections from liability facilitated the participation of many of the Debtors' stakeholders in the negotiations and compromises that led to the Plan. Further, the failure to implement the Debtor Release would impair the Debtors' ability to confirm and implement the Plan. The scope of the Debtor Release is appropriately tailored under the facts and circumstances of the Chapter 11 Cases. In light of, among other things, the significant contributions made by, or on behalf of, the Released Parties to the Debtors' Estates and the critical nature of the Debtor Release to the Plan, the Debtor Release in Article XIV.D.1 of the Plan is appropriate and hereby approved.

MM. <u>The Third-Party Release</u>. The third-party release contained in Article XIV.D.2 of the Plan (the "<u>Third-Party Release</u>") is fair and necessary to the Plan and is being granted consensually by Holders of Claims who voted to accept the Plan, thereby satisfying the requirements of *In re Master Mortgage Investment Fund, Inc.*, 168 B.R. 930 (Bankr. W.D. Mo. 1994), and other applicable case law. Based on the record made at the Confirmation Hearing, including the Confirmation Brief and the Toney Declaration, the Third-Party Release (i) was given voluntarily and in exchange for the good and valuable consideration by the Released Parties; (ii) constitutes a good faith settlement and compromise of the Claims released by Article XIV of the Plan; (iii) is necessary to confirmation of the Plan and resolution of the Chapter 11 Cases; (iv) is a

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

product of good-faith and arm's length negotiations; (v) is in the best interests of the Debtors and all Holders of Claims; (vi) is fair, equitable, and reasonable; (vii) was given and made after due notice and opportunity for a hearing; (viii) is consistent with the Bankruptcy Code and applicable bankruptcy law; and (ix) is appropriately tailored to the facts and circumstances of the Chapter 11 Cases, and parties, including Holders of Claims in the Voting Classes and Non-Voting Classes, received due and adequate notice of the Third-Party Release and the opportunity to object to the Third-Party Release. In light of, among other things, the significant contributions made by, or on behalf of, the Released Parties to the Debtors' Estates and the critical nature of the Third-Party Release to the Plan, the Third-Party Release in Article XIV.D.2 of the Plan is appropriate.

NN. <u>Exculpation.</u> The exculpation provision in Article XIV.E of the Plan (the "<u>Exculpation</u>") was proposed in good faith, given for good and valuable consideration, and is essential to the Plan. Specifically, the Exculpation affords protection to those parties who are estate fiduciaries and constructively participated in and contributed to the Debtors' chapter 11 process consistent with their duties under the Bankruptcy Code, and it is appropriately tailored to protect the Exculpated Parties from inappropriate litigation. The Exculpation granted under the Plan is reasonable in scope, as it does not relieve any party of liability for an act or omission to the extent such act or omission is determined by final order to constitute fraud, willful misconduct, or gross negligence. The Exculpation, including the carve-out for fraud, willful misconduct, or gross negligence and is consistent with established practice in this jurisdiction and others. Accordingly, the Exculpation in Article XIV.E of the Plan is appropriate and hereby approved.

OO. <u>Injunction.</u> The injunction provisions contained in Article XIV.F of the Plan (the "<u>Injunction</u>") are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the Debtor Release, the Third-Party Release, and the Exculpation. The Injunction

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

provisions are appropriately tailored to achieve those purposes. Accordingly, the Injunction provisions in Article XIV.F of the Plan are appropriate and hereby approved.

PP. <u>Retention of Jurisdiction</u>. After the Effective Date, the Court shall retain jurisdiction over the matters arising in, under, and related to, the Chapter 11 Cases, as set forth in Article XV of the Plan. Among others, the Court shall retain exclusive jurisdiction over any suit brought on any Claim or Cause of Action against a Released Party or an Exculpated Party in connection with any act taken or omitted to be taken in connection with, or related to, the Chapter 11 Cases, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan. The protections provided to the Released Parties and the Exculpated Parties shall be in addition to, and shall not limit, all other releases, indemnities, injunctions, exculpations, and any other applicable law or rules protecting the Released Parties or the Exculpated Parties from liabilities. The Court shall also maintain exclusive jurisdiction to enter and implement orders to enforce the Injunction as may be necessary or appropriate to restrain interference by any Entity in connection with actions inconsistent with the Plan and the findings of fact and conclusions of law in this Confirmation Order.

QQ. <u>Likelihood of Satisfaction of Conditions Precedent to the Effective Date</u>. Each of the conditions precedent to the Effective Date, as set forth in Article XIII.B of the Plan, has been or is reasonably likely to be satisfied or waived in accordance with Article XIII.D of the Plan.

RR. <u>Implementation</u>. All documents necessary to implement the Plan and all other relevant and necessary documents (including, among others, the Liquidation Trust Agreement) are essential elements of the Plan and entry into and consummation of the transactions contemplated

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

by each such document and agreement is in the best interests of the Debtors and their Estates. The
Debtors have exercised reasonable business judgment in determining to enter into these documents
and have provided sufficient and adequate notice of the material terms of the documents, including
the identity of the Liquidation Trustee, to all parties-in-interest in the Chapter 11 Cases. The
documents have been negotiated in good faith and at arm's length and shall, upon completion of
documentation and execution, be valid, binding, and enforceable agreements.

SS.     <u>Disclosure of Facts</u>.  The Debtors have disclosed all material facts regarding the
Plan, the Plan Supplement, and the adoption, execution, and implementation of the other matters
provided for under the Plan involving corporate action to be taken by or required of the Debtors.

TT.     <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues
raised, or which might have been raised, in connection with the Confirmation of the Plan and any
and all objections to Confirmation have been fully and fairly litigated.

UU.     <u>Best Interests</u>.  Confirmation of the Plan is in the best interests of the Debtors, their
Estates, Holders of Claims, and all other parties-in-interest.

## <u>ORDER</u>

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND
DETERMINED THAT:

1.     <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact
and conclusions of law are hereby incorporated by reference as though fully set forth herein and
constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made
applicable herein by Bankruptcy Rule 9014.  To the extent that any finding of fact is determined
to be a conclusion of law, it is deemed so, and vice versa.

Case 23-00623    Doc 1123-1    Filed 06/24/24    Entered 06/24/24 13:48:18    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page 28 of 55 Confirming Debtors&#    Page 29 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

2.    <u>Solicitation</u>.  The solicitation of votes on the Plan complied with the Solicitation

Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter

11 Cases, was done in good faith based on adequate information, and was in compliance with the

provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.

3.    <u>Notice of the Confirmation Hearing</u>.  Notice of the Confirmation Hearing complied

with the terms of the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules, and was appropriate and satisfactory based upon the circumstances of the Chapter

11 Cases.

4.    <u>Confirmation of the Plan</u>.  The Plan, attached hereto as **<u>Exhibit A</u>**, is hereby

approved in its entirety and **CONFIRMED** under Bankruptcy Code section 1129.  The documents

contained in the Plan Supplement, including the Liquidation Trust Agreement, are hereby

authorized and approved.  The terms of the Plan, including the Plan Supplement, are incorporated

by reference into and are an integral part of this Confirmation Order.  The Debtors and the

Liquidation Trustee are each authorized to enter into and execute all documents and agreements

related to the Plan (including all exhibits and attachments thereto and documents referred to therein

and herein), and the execution, delivery, and performance thereafter by the Liquidating Debtors

and Liquidation Trustee are hereby authorized and approved.

5.    <u>Objections</u>.  All objections, responses to, statements, comments, and reservations

of rights pertaining to Confirmation of the Plan that have not been withdrawn, waived, resolved,

or settled are overruled on the merits and all withdrawn objections are deemed withdrawn with

prejudice.

6.    <u>Deemed Acceptance of Plan as Modified</u>.  The Debtors modified the Plan to address

concerns raised by parties-in-interest and made certain nonmaterial clarifications to the Plan.  The

Plan modifications were immaterial and comply with Bankruptcy Code section 1127 and Bankruptcy Rule 3019. Moreover, the Debtors' key constituents affected by such modifications support these changes. Accordingly, no additional solicitation or disclosure was required on account of the modifications and all Holders of Claims who voted to accept the Plan or who are conclusively presumed to accept the Plan (including Provisional Pension Claim Holders) are deemed to have accepted the Plan as modified, revised, supplemented, or otherwise amended (the "Plan Modifications"). No Holder of a Claim or Interest, nor a Provisional Pension Claim Holder, shall be permitted to change its vote because of the Plan Modifications.

7.    Provisions of Plan Non-Severable and Mutually Dependent. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are (a) non-severable and mutually dependent; (b) valid and enforceable pursuant to their terms; and (c) integral to the Plan and this Confirmation Order, respectively, and may not be deleted or modified except in accordance with Article XVI.A of the Plan.

8.    Plan Classifications Controlling. The terms of the Plan shall solely govern the classification of Claims for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims and Provisional Pension Claim Holders in connection with voting on the Plan: (a) were set forth thereon solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Debtors or the Liquidating Debtors except for voting purposes.

Case 23-00623   Doc 1123-2   Filed 06/07/24   Entered 06/07/24 13:34:18   Desc Main
Exhibit B - Findings of Fact   Conclusion of Law   Page 31 of 55 Confirming Debtors&#   Page 31 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

9.      <u>No Action Required; Corporate Action</u>.  On or before the Effective Date, as applicable, all actions contemplated under the Plan or the Plan Supplement shall be deemed authorized and approved in all respects, including implementation of the transactions contemplated by the Plan (whether to occur before, on, or after the Effective Date).  All matters provided for in the Plan involving the corporate structure of the Debtors or the Liquidating Debtors, as applicable, and any corporate action required by the Debtors or the Liquidating Debtors in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by the security holders, directors, managers, or officers of the Debtors or the Liquidating Debtors, as applicable.

10.      <u>Implementation</u>.  The provisions governing the means for implementation of the Plan set forth in Article IX of the Plan shall be, and hereby are, approved in their entirety and the Debtors are authorized to take all actions reasonably necessary to implement the Plan on the terms set forth in Article IX.

11.      <u>Vesting of Liquidation Trust Assets and Preservation of Litigation Rights</u>.  Pursuant to the Plan, and pursuant to Bankruptcy Code sections 1123(b)(3) and 1141(b)-(c), on the Effective Date, the assets of the Estates which constitute the Liquidation Trust Assets shall be vested in and continue after the Effective Date as assets of the Liquidation Trust.  Except as otherwise provided in the Plan, the Liquidation Trust Agreement, or this Confirmation Order, or in any contract, instrument, release, or other agreement entered into or delivered in connection with the Plan, on the Effective Date, the Liquidation Trust Assets shall vest in the Liquidation Trust, free and clear of all Claims, Interests, liens, encumbrances, and interest.  The Liquidation Trustee is authorized to take any action on behalf of the Debtors in the furtherance of the liquidation of the Liquidation Trust Assets, including executing any corporate action related to the liquidation of the Liquidation

Trust Assets and dissolution and winding up of the Debtors as business entities.  In accordance with the Plan and Liquidation Trust Agreement, the Liquidation Trustee is authorized to perform such post-Effective Date acts as are required to wind up the affairs of the Debtors, including, but not limited to, preparing and filing final tax returns, paying final invoices of the Debtors, and paying any postpetition fees and expenses of professionals after the allowance of final fee applications by this Court.

12. <u>Preservation of Causes of Action</u>.  Any claims, demands, rights, and Causes of Action of the Debtors and/or the Estates shall be preserved and vest in the Liquidation Trust as provided in the Plan and shall be prosecuted, managed, controlled, and/or settled on behalf of the Liquidation Trust by the Liquidation Trustee, as provided in the Plan and the Liquidation Trust Agreement.

13. <u>Purpose of Liquidation Trust</u>.  The sole purpose of the Liquidation Trust shall be to liquidate the Liquidation Trust Assets and to distribute the proceeds of the liquidation, net of all claims, expenses, charges, liabilities, and obligations of the Liquidation Trust (including any obligations or liabilities of the Debtors under the Plan or Confirmation Order or Allowed Claims against the Debtors to which the Liquidation Trust Assets are subject), to the Liquidation Trust Beneficiaries in accordance with the Plan, the Liquidation Trust Agreement, and Treasury Regulation Section 301.7701-4(d) and as described in IRS Revenue Procedure 94-45, 1994-2 C.B. 684, with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust.

14. <u>Appointment of Liquidation Trustee</u>.  In accordance with the Plan and terms of the Liquidation Trust Agreement, the appointment of William H. Henrich as Liquidation Trustee is

Case 23-00623 Doc 1123-1 Filed 06/07/24 Entered 06/07/24 13:49:18 Desc Main
Exhibit B - Findings of Fact Conclusions of Law Page 33 of 55 Confirming Debtors&# Page 33 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
Case No. 23-00623 (TJC)

**APPROVED**.  The Court shall have sole jurisdiction over claims and causes of action against the Liquidation Trustee (solely in his capacity as the Liquidation Trustee) arising out of the performance of the Liquidation Trustee's duties, and the Liquidation Trustee (in such capacity) may not be sued, or have claims asserted against him, in any other forum without leave of the Court.  The Liquidation Trustee and any professionals retained by the Liquidation Trustee may be compensated by the Liquidation Trust in connection with any services provided to or on account of the Liquidation Trust from and after the Effective Date, subject to and in accordance with the terms of the Plan and the Liquidation Trust Agreement.

15.    <u>Appointment of the Trust Oversight Committee</u>.  In accordance with the Plan and terms of the Liquidation Trust Agreement, the Liquidation Trust shall be overseen by a three-member oversight committee (the "<u>Trust Oversight Committee</u>"), consisting of one member designated by the UCC, one member designated by the Bondholder Representatives, and one member designated by the Pension Committee.  On the Effective Date, those parties so designated shall be deemed to have been formally appointed to the Trust Oversight Committee.

16.    <u>Tax Treatment and Reporting of Liquidation Trust</u>.  (A) All parties (including the Liquidation Trustee, the Debtors, and the Liquidation Trust Beneficiaries) shall report for all U.S. federal income tax purposes consistently with the treatment of the Liquidation Trust as a "liquidating trust" in accordance with Treasury Regulation Section 301.7701-4(d) and as described in IRS Revenue Procedure 94-45, 1994-2 C.B. 684, including treating the transfer of the Liquidation Trust Assets to the Liquidation Trust as (i) a deemed transfer of the Liquidation Trust Assets (subject to applicable liabilities and obligations) to the Liquidation Trust Beneficiaries, followed by (ii) a deemed transfer of such assets by the Liquidation Trust Beneficiaries to the Liquidation Trust; (B) accordingly, all parties shall treat the Liquidation Trust as a "grantor trust"

Case 23-00623 Doc 1123-1 Filed 06/07/24 Entered 06/07/24 13:43:18 Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page 34 of 55 Confirming Debtors&#    Page 34 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

within the meaning of sections 671 through 679 of the Tax Code of which the Liquidation Trust beneficiaries are the grantors and the deemed owners of the Liquidation Trust Assets; (C) all parties shall report consistently with the valuation of the Liquidation Trust Assets transferred to the Liquidation Trust as determined by the Liquidation Trustee (or its designee) for all U.S. federal income tax purposes; (D) the Liquidation Trustee shall be responsible for filing returns for the Liquidation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other tax returns that may be required with respect to the Liquidation Trust; and (E) the Liquidation Trustee shall provide to the Liquidation Trust Beneficiaries a separate statement regarding the receipts and expenditures of the Liquidation Trust as relevant for U.S. federal income tax purposes and shall cooperate with reasonable requests from the Liquidation Trust Beneficiaries for additional information for tax purposes.

17.    <u>Fees and Expenses of Liquidation Trustee</u>.  Any reasonable fees and expenses incurred by the Liquidation Trustee arising before the Effective Date shall constitute an Allowed Administrative Claim; *provided* that, upon the occurrence of the Effective Date, all such fees and expenses shall be paid by the Liquidation Trust in accordance with the terms of the Liquidation Trust Agreement.

18.    <u>Plan Settlement</u>.  The settlements contemplated in the Plan satisfy the requirements of Bankruptcy Rule 9019 and are approved.  The compromises and settlements set forth in the Plan, including the global settlement between the Debtors, the UCC, the Pension Committee, and the Bondholder Representatives, as reflected in the relative distributions to and recoveries of Holders of Claims under the Plan, are approved pursuant to Bankruptcy Rule 9019(a) and shall be effective immediately and binding on all parties-in-interest on the Effective Date.  The Debtors and the Liquidation Trustee are authorized to take all actions required under the Plan, the Plan

Case 23-00623   Doc 1123-2   Filed 06/07/24   Entered 06/07/24 13:49:18   Desc Main
Exhibit B - Findings of Fact     Conclusions of Law     and Order Confirming Debtors&#     Page 35 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Supplement, and the Liquidation Trust Agreement to effectuate the Plan and the transactions contemplated therein. The terms of the Plan (including, without limitation, the settlements set forth therein), the Plan Supplement, and the Liquidation Trust Agreement, are incorporated herein by reference and are an integral part of this Confirmation Order. The terms of the Plan (including, without limitation, the settlements set forth therein), the Plan Supplement, the Liquidation Trust Agreement, and all other relevant and necessary documents executed or to be executed in connection with the transactions contemplated by the Plan shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, the Liquidation Trust Agreement, or any related document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision and this Confirmation Order shall be interpreted as if such articles, sections, or provisions were included herein in their entirety.

19. <u>Plan Supplement</u>. The documents contained in the Plan Supplement, including the Liquidation Trust Agreement, are integral to the Plan and are approved by the Court. Subject to the terms of the Plan, the Debtors may alter, amend, update, or modify the Plan Supplement and the Liquidation Trust Agreement before the Effective Date. The parties to the Liquidation Trust Agreement are authorized to enter into the same in substantially the form included in the Plan Supplement.

20. <u>Treatment of Executory Contracts and Unexpired Leases</u>. Pursuant to Article XII of the Plan, each executory contract and unexpired lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to Bankruptcy Code sections 365 and 1123, unless such executory contract or unexpired lease: (a) previously has been assumed or rejected by the Debtors; (b) expired or terminated pursuant to its own terms; (c) is the

Case 23-00623  Doc 1123-2  Filed 06/24/24  Entered 06/24/24 13:48:18  Desc Main
Exhibit B - Findings of Fact   Conclusions of Law   Page 36 of 55 Confirming Debtors&#   Page 36 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

subject of a pending motion to assume such executory contract or unexpired lease as of the Confirmation Date; (d) is identified in the Plan Supplement as an Executory Contract or Unexpired Lease to be assumed; or (e) is an insurance policy. Entry of this Confirmation Order shall constitute a Court order approving the rejections, along with the assumptions and assumptions or assignments, as applicable, of such Executory Contracts or Unexpired Leases, as provided for in the Plan, pursuant to Bankruptcy Code sections 365(a) and 1123 effective as of the Effective Date. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Court order but not assigned to a third party before the Effective Date shall re-vest in and be fully enforceable by the Liquidating Debtors in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Court authorizing and providing for its assumption or assumption and assignment under applicable federal law. Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by the Court on or after the Effective Date by a Final Order. To the maximum extent permitted by law, to the extent that any provision in any Executory Contract or Unexpired Lease assumed or assumed and assigned pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment by the Liquidating Debtors of such Executory Contract or Unexpired Lease, then such provision shall be deemed modified such that the transactions contemplated by the Plan and the Plan Supplement shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.

21. <u>Rejection Bar Date</u>. Claims created by the rejection of executory contracts or unexpired leases pursuant to the Plan must be filed with the Claims and Noticing Agent and served on the Liquidation Trustee and its counsel, no later than 30 days after the Effective Date. Any

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Claims for rejection of executory contracts or unexpired leases pursuant to the Plan for which a proof of claim is not filed and served within such time will be forever barred and shall not be enforceable against the Debtors or the Estates, their assets, properties, or interests in property, or against the Liquidation Trust.  Unless otherwise Ordered by the Court, all Claims arising from the rejection of Executory Contracts and Unexpired Leases shall be treated as Class 3 (General Unsecured Claims) under the Plan.

22.     <u>Administrative Expense Claim Bar Date</u>.   Requests for payment of an Administrative Expense Claim (other than those that were required to be filed by March 15, 2024 pursuant to Docket No. 740) must be Filed with the Court and served on the Liquidation Trustee and its counsel no later than 30 days after the Effective Date.  Unless the Liquidation Trust or any other party-in-interest objects to an Administrative Expense Claim by the Administrative Expense Claims Objection Deadline, such Administrative Expense Claim shall be deemed Allowed in the amount requested.  In the event that the Liquidation Trust or any other party-in-interest objects to an Administrative Expense Claim, the Court shall determine the Allowed amount of such Administrative Expense Claim.

23.     <u>Professional Fee Reserve</u>.  As soon as practicable after Confirmation and not later than the Effective Date, the Debtors shall transfer to the Liquidation Trust cash in the Amount of the Professional Fee Estimate, which shall be used by the Liquidation Trustee to fund the Professional Fee Reserve. The Professional Fee Reserve shall be maintained in trust for the Professionals and shall be used to pay the Allowed Professional Fee Claims.  Such funds shall not be considered property of the Debtors' Estates or Liquidation Trust Assets.  The amount of Allowed Professional Fee Claims owing to the Professionals shall be paid in Cash to such Professionals from funds held in the Professional Fee Reserve within two business days after such

Case 23-00623 Doc 1123-2 Filed 06/07/24 Entered 06/07/24 13:48:18 Desc Main
Exhibit B - Findings of Fact   Conclusions of Law   and Order Confirming Debtors&#   Page 38 of 56
Document   Page 37 of 55
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Professional Fee Claims are Allowed.  Once payments on account of such Allowed Professional

Fee Claims have been made in full, any such excess Cash remaining in the Professional Fee

Reserve shall be considered Liquidation Trust Assets available for Distribution by the Liquidation

Trustee in accordance with the terms of the Plan.  For the avoidance of doubt, (a) to the extent that

the Professional Fee Reserve is not sufficient to satisfy in full all Allowed Professional Fee Claims,

such Allowed Claims shall nevertheless be paid in full in Cash from other available Cash prior to

making any Distributions to the Holders of Allowed Claims and (b) any fees and expenses incurred

by Professionals in connection with preparing Final Fee Applications shall be paid from the

Professional Fee Reserve or, if exhausted, from other available Cash prior to making any

Distributions to the Holders of Allowed Claims.

      24.    <u>Professional Fee Claims Bar Date</u>.  Requests for payment of Professional Fee

Claims must be Filed with the Court no later than 45 days after the Effective Date and served on

counsel for the Liquidation Trustee and counsel for the U.S. Trustee.  Objections, if any, to Final

Fee Applications of such Professionals must be Filed and served on the Liquidation Trustee, the

requesting Professional, and the U.S. Trustee no later than 14 days from the date on which each

such Final Fee Application is served and Filed.  After notice and a hearing in accordance with the

procedures established by the Bankruptcy Code and prior orders of the Court, the Allowed amounts

of such Professional Fee Claims shall be determined by the Court.  Any Professional Fee Claim

that is not asserted in accordance with Article IV.D of the Plan shall be deemed Disallowed under

the Plan and shall be forever barred against the Debtors, their Estates, the Liquidation Trust, or

any of their assets or property, and the Holder thereof shall be enjoined from commencing or

continuing any action, employment of process, or act to collect, offset, recoup, or recover such

Claim and shall be subject to the Injunction.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

25.　<u>Releases, Injunctions, and Exculpations</u>.  The release, exculpation, and injunction provisions in Article XIV of the Plan shall be, and hereby are, approved and authorized in their entirety, including, but not limited to, the Debtor Release, the Third-Party Release, the Exculpation, and the Injunction.

26.　<u>Provisions Governing Distribution</u>.  The distribution provisions of Article XI of the Plan shall be, and hereby are, approved in their entirety. Except as otherwise set forth in the Plan or this Confirmation Order, the Disbursing Agent shall make all distributions required under the Plan.  The timing of distributions required under the Plan or this Confirmation Order shall be made in accordance with and as set forth in the Plan or this Confirmation Order, as applicable.

27.　<u>Procedures for Resolving Disputed, Contingent, and Unliquidated Claims</u>.  The procedures for resolving contingent, unliquidated, and disputed Claims contained in Article XI.J of the Plan shall be, and hereby are, approved in their entirety.  From and after the Effective Date, the Liquidation Trust shall, subject to the terms of the Plan, have sole responsibility and authority for disputing, objecting to, compromising and settling, or otherwise resolving and making distributions with respect to all Claims.

28.　<u>Utility Order</u>.  On or as reasonably practicable after the Effective Date, and only after all postpetition, but pre-Effective Date, Claims on account of utility services have been paid and any disputes with respect to such Claims have been resolved, the Liquidating Debtors and/or Liquidation Trustee are authorized to withdraw the funds held in the segregated escrow account pursuant to the *Final Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment; (II) Establishing Procedures for Resolving Objections by Utility Companies; (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service; and (IV) Granting Related Relief* [Docket No. 220] (the "<u>Final Utility Order</u>"), and the Liquidating Debtors

38

and/or Liquidation Trustee shall have no further obligations to comply with the Final Utility Order. If applicable, all utilities, including any Person or Entity that received a deposit or other form of adequate assurance of performance under Bankruptcy Code section 366 during the Chapter 11 Cases in compliance with the Final Utility Order or otherwise, must return such deposit or other form of adequate assurance of performance to the Debtors or the Liquidating Debtors, as the case may be, on or before the Effective Date, *provided* that any such utility, with the Liquidating Debtors' or Liquidation Trustee's consent, may apply such deposit or other form of adequate assurance of performance to the Liquidating Debtors' account within 30 days of the Effective Date.

29.     <u>Altera</u>.  Effective as of the date hereof, pursuant to the Altera Settlement Order, Altera shall have an Allowed General Unsecured Claim in the amount of $6,000,000.

30.     <u>Restrictions on Foundation Funds</u>.  Effective as of the date hereof, any restrictions on the use of remaining funds held by the Foundation are hereby modified and lifted pursuant to section 540A.106 of the Iowa Code.  Such funds shall be considered Unrestricted Foundation Funds and shall be used to fund distributions as set forth under the Plan.

31.     <u>Eastern JV Interest</u>.  To the extent that the Debtors' JV Interest in Eastern Iowa Rehabilitation Hospital, LLC (the "<u>Eastern JV Interest</u>") is not sold or otherwise monetized by the Debtors prior to the Effective Date, the Debtors are hereby authorized to abandon the Eastern JV Interest, as well as any assets associated therewith.

32.     <u>Other JV Interests</u>.  To the extent that the Debtors' other JV Interests are not sold or otherwise monetized by the Debtors prior to the Effective Date, such JV Interests shall transfer to the Liquidation Trust, subject to all existing liens, claims, and encumbrances, which liens, claims, and encumbrances shall be released concurrently with, and conditioned upon, the applicable Distributions made pursuant to this Plan.

Case 23-00623 Doc 1123-2 Filed 06/24/24 Entered 06/24/24 13:49:18 Desc Main
Exhibit B - Findings of Fact Conclusions of Law Page 40 of 55
Exhibit B - Findings of Fact    Conclusions of Law    Page 40 of 55  Order Confirming Debtors&#   Page 41 of 56

33.   <u>Pension Plan</u>.  By the Effective Date, the Pension Committee shall (a) identify a church-affiliated sponsor for the Pension Plan, the identity of which shall be reasonably acceptable to the Debtors and the Liquidation Trustee and (b) provide an executed pension plan administrator agreement with Agilis, LLC, the form of which shall be reasonably acceptable to the Debtors and the Liquidation Trustee.  In the event that the Pension Committee fails to satisfy either of the foregoing, the Debtors and/or the Liquidation Trustee shall be authorized and may commence efforts to terminate the Pension Plan.  As of the Effective Date, the Debtors and the Sisters of Mercy are hereby released from and shall not be liable for any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, liability, action, proceeding, suit, account, controversy, agreement, promise, right to legal remedies, or right to payment, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission in connection with, relating to, or in any manner arising from, in whole or in part, the Pension Plan.

34.   <u>Dissolution of the UCC and Pension Committee</u>.  The UCC and Pension Committee shall continue in existence until the Effective Date to exercise those powers and perform those duties specified in Bankruptcy Code section 1103 and shall perform such other duties as each may have been assigned by the Court prior to the Effective Date.  Upon the occurrence of the Effective Date, the UCC and the Pension Committee shall dissolve automatically, whereupon their members, professionals, and agents shall be discharged and released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code, except with respect to (a) obligations arising under confidentiality agreements, which shall remain in full force and effect, (b) prosecuting applications for payment of fees and reimbursement of expenses of its Professionals or attending to any other issues related to applications for payment of fees and reimbursement of expenses of

Case 23-00623 Doc 1123-2 Filed 06/24/24 Entered 06/24/24 13:48:18 Desc Main
Exhibit B - Findings of Fact Conclusions of Law Page 41 of 55 Confirming Debtors&# Page 42 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

its Professionals, (c) any motions or other actions seeking enforcement of implementation of the provisions of the Plan, and (d) prosecuting or participating in any appeal of the Confirmation Order or any request for reconsideration thereof.

35. <u>Governmental Approvals</u>. Each federal, state, commonwealth, local, foreign, or other governmental authority is hereby authorized and directed to accept any and all documents, mortgages, deeds of trust, security filings, financing statements, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan.

36. <u>Patient Care Ombudsman</u>. No Person or Entity shall seek or initiate formal or informal discovery requests, demands, or proceedings upon or from the Patient Care Ombudsman or Professionals employed by her (collectively, the "<u>Ombudsman Parties</u>") without first seeking permission, upon sufficient prior notice to the Ombudsman Parties, from the Court.

37. <u>Termination of the Patient Care Ombudsman's Duties</u>. On the Effective Date, the duties, responsibilities, and obligations of the Patient Care Ombudsman in connection with the Chapter 11 Cases, to the extent not previously terminated under the PCO Order, and the retention or employment of the Patient Care Ombudsman's attorneys, financial advisors, and other agents, shall be terminated, except with respect to all Professional Fee Claims related to the Patient Care Ombudsman and her Professionals. Nothing herein shall in any way limit or otherwise affect the Patient Care Ombudsman's obligations of confidentiality under confidentiality agreements, if any, or under Bankruptcy Code section 333.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
Case No. 23-00623 (TJC)

38.     <u>Conditions Precedent to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Article XIII.B of the Plan have been satisfied or waived pursuant to Article XIII.D of the Plan.  Prior to the Effective Date, the Debtors and their officers, directors, agents, affiliates, and advisors are authorized to take any and all actions necessary to cause the satisfaction of all conditions to the Effective Date.

39.     <u>Binding Effect</u>.  Pursuant to Bankruptcy Code section 1141 and the other applicable provisions of the Bankruptcy Code, on or after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan (including the exhibits and schedules thereto and all documents and agreements executed pursuant thereto or in connection therewith, including those contained in the Plan Supplement) and this Confirmation Order shall bind the Debtors, the Liquidation Trust, all Holders of Claims against and Interests in the Debtors (irrespective of whether such Claims or Interests are Allowed, Disallowed, or Impaired under the Plan or whether the Holders of such Claims or Interests accepted or are deemed to have accepted the Plan), the Provisional Pension Claim Holders, each Entity receiving, retaining, or otherwise acquiring property under the Plan, any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, any Entity making an appearance in the Chapter 11 Cases, all parties that filed objections to confirmation of the Plan, any other party-in-interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

40.     <u>Final Cash Collateral Order</u>.  On the Effective Date, the Second Interim Cash Collateral Order shall be deemed a Final Order.

41.     <u>Dismissal of the Board of Directors and Officers of the Debtors</u>.  On the Effective Date, and without the need for further order of this Court or action or formality that otherwise

42

Case 23-00623 Doc 1123-1 Filed 06/07/24 Entered 06/07/24 13:43:18 Desc Main
Exhibit B - Findings of Fact Conclusions of Law Page 46 of 58 Confirming Debtors&# Page 44 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

might be required under non-bankruptcy law, the existing boards of directors of the Debtors shall

be deemed dissolved and all officers or managers of the Debtors and the current directors shall be

deemed resigned and dismissed from their positions (unless previously dismissed or terminated).

Thereafter, and notwithstanding any limitation in the constitutional or organizational documents

of the Debtors, the Liquidation Trustee shall be the sole director and officer or manager of the

Debtors for the limited purpose of effectuating the terms of the Plan and this Confirmation Order.

42.     <u>Cancellation of Existing Stock and Agreements</u>.  On the Effective Date, all notes,

stock, membership interests, instruments, certificates, and other documents evidencing any Claims

in, or Interests of, the Debtors shall be canceled, of no further force, whether surrendered for

cancellation or otherwise, and the obligations of the Debtors thereunder or in any way related

thereto shall be discharged.

43.     <u>Payment of Statutory Fees</u>.  The Debtors or the Liquidation Trustee, as applicable,

shall pay all U.S. Trustee Fees for each quarter (including any fraction thereof) until the Chapter

11 Cases are converted, dismissed, or closed, whichever occurs first.

44.     <u>Exemption from Transfer Taxes</u>.  To the maximum extent provided by Bankruptcy

Code section 1146(a), any transfers of property pursuant to the Plan or hereto shall not be subject

to any stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax,

mortgage recording tax, personal property tax, sales tax, use tax, privilege tax, or other similar tax

or governmental assessment in the United States, and this Confirmation Order directs and shall be

deemed to direct the appropriate federal, state or local government officials or agents to forgo the

collection of any such tax or governmental assessment and to accept for filing and recordation

instruments or other documents pursuant to such transfers of property without the payment of any

such tax or governmental assessment.  Such exemption specifically applies, without limitation, to

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

(a) the creation of any mortgage, deed of trust, lien or other security interest; (b) the assuming and assigning any contract, lease or sublease; (c) any transaction authorized by the Plan; (d) any sale of an Asset by the Liquidation Trustee in furtherance of the Plan, including but not limited to any sale of personal or real property; and (e) the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan.

45.    <u>Recordable Form</u>.  This Confirmation Order shall be, and hereby is, declared to be in recordable form and shall be accepted by any filing or recording officer or authority of any applicable Governmental Unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents.  Further, the Court authorizes the Debtors to file a memorandum of this Confirmation Order in any appropriate filing or recording office as evidence of the matters herein contained.

46.    <u>Retention of Jurisdiction</u>.  The Court shall retain exclusive jurisdiction over the matters arising in, and under, and related to, the Chapter 11 Cases, including any challenges to or efforts to modify, reverse, withdraw, or amend any provision of the Plan or this Confirmation Order, as set forth in Article XV of the Plan and Bankruptcy Code sections 105(a) and 1142.

47.    <u>Reversal or Vacatur</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be

governed in all respects by the provisions of this Confirmation Order and the Plan or any
amendments or modifications thereto.

48.    <u>Severability of Plan Provisions</u>. This Confirmation Order shall constitute a judicial
determination that each term and provision of the Plan, as it may have been altered or interpreted
in accordance with Article XVII.B of the Plan, is (a) valid and enforceable pursuant to its terms,
(b) integral to the Plan and may not be deleted or modified without the consent of the Debtors, and
(c) nonseverable and mutually dependent.  Each term and provision of this Confirmation Order is
nonseverable and mutually dependent on each other term and provision of this Confirmation Order
and the Plan.

49.    <u>Effect of Reference to the Plan in this Confirmation Order</u>.  The failure to reference
or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on
the validity, binding effect, and enforceability of such provision, and each provision of the Plan
shall have the same validity, binding effect, and enforceability as if fully set forth herein.

50.    <u>Headings</u>.  The headings of the paragraphs in this Confirmation Order have been
used for convenience of reference only and shall not limit or otherwise affect the meaning of this
Confirmation Order.  Whenever the words "include," "includes," or "including" (or other words
of similar import) are used in this Confirmation Order, they shall be deemed to be followed by the
words "without limitation."

51.    <u>Conflicts</u>.  The provisions of the Plan and this Confirmation Order shall be
construed in a manner consistent with each other so as to effect the purposes of each; *provided,
however*, that if there is any inconsistency between the provisions of the Plan and this Confirmation
Order, the terms and conditions contained in this Confirmation Order shall govern and shall be
deemed a modification to the Plan and shall control and take precedence.

Case 23-00623    Doc 1123-2    Filed 06/24/24    Entered 06/24/24 13:43:18    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    Page 46 of 55    Page 47 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

52.     <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of (a) the State of Iowa shall govern the construction and implementation of the Plan and (except as may be provided otherwise in any such agreements, documents, or instruments) any agreements, documents, and instruments executed in connection with the Plan and (b) the laws of the state of incorporation or organization of the Debtors shall govern corporate or organizational governance matters with respect to the Debtors, in each case without giving effect to the principles of conflicts of law thereof.

53.     <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to Bankruptcy Code section 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

54.     <u>Notice Parties</u>.  After the Effective Date, the Liquidating Debtors and Liquidation Trustee are authorized to limit the list of Entities receiving documents pursuant to Bankruptcy Rule 2002 to (a) those Entities who have filed renewed requests to receive documents no later than 30 days after the Effective Date and (b) those Entities whose rights are affected by such documents; *provided, however*, that the U.S. Trustee shall remain on the Bankruptcy Rule 2002 service list.

55.     <u>Immediate Binding Effect</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence immediately upon the entry hereof.  The 14-day stay of this Confirmation Order under Bankruptcy Rule 3020(e) is hereby waived.  The Plan and Plan Supplement shall be immediately effective and enforceable to the fullest extent permitted under the Bankruptcy Code and applicable nonbankruptcy law. Notwithstanding anything to the contrary in the Plan, the Bankruptcy Rules, including Bankruptcy Rule 3020(e), or otherwise, this Confirmation Order shall be effective and enforceable immediately, and the Debtors are hereby

Case 23-00623   Doc 1123-1   Filed 06/07/24   Entered 06/07/24 13:43:18   Desc Main
Exhibit B - Findings of Fact   Conclusion of Law   Page 47 of 55 Confirming Debtors&#   Page 48 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

authorized to consummate the Plan and the transactions contemplated thereby immediately upon the entry of this Confirmation Order. The failure specifically to include or to refer to any particular section or provision of the Plan or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, and such section or provision shall have the same validity, binding effect, and enforceability as every other section or provision of the Plan, it being the intent of the Court that the Plan be confirmed in its entirety and that all Plan-related documents be approved.

56.     <u>Substantial Consummation</u>. On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code sections 1101 and 1127.

57.     <u>Failure of Plan Consummation</u>. If the Effective Date does not occur, then: (a) the Plan and this Confirmation Order will be null and void in all respects except as expressly set forth in this paragraph; (b) any settlement or compromise embodied in the Plan or this Confirmation Order, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (c) nothing contained in the Plan or this Confirmation Order shall (i) constitute a waiver or release of any Claims, Interests, or Causes of Action, (ii) prejudice in any manner the rights of any Debtor or any other Entity, or (iii) constitute an admission, acknowledgement, offer, or undertaking of any sort by any Debtor or any other Entity, and all parties shall revert to the status quo as if this Confirmation Order had not been entered.

58.     <u>Terms of Injunctions or Stays</u>. Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in these Chapter 11 Cases pursuant to Bankruptcy Code sections 105 or 362 or any order of the Court shall remain in full force and effect

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

until the Effective Date. All injunctions or stays contained in the Plan or this Confirmation Order (including the Injunction) shall remain in full force and effect in accordance with their terms.

59. <u>Pension Plan Reservation of Rights</u>. Subject to obtaining the consent of the Bondholder Representatives and the Pension Committee, the Liquidation Trustee, in his sole and absolute discretion, reserves the right to file a motion seeking a modification of this Order and/or the Plan to the extent necessary to allow Mercy Hospital to maintain its corporate existence solely in order to administer the Pension Plan for a period not to exceed 5 years from the date of the Effective Date.

60. <u>Notice of Confirmation and Effective Date</u>. The form of the notice of the entry of this Confirmation Order and occurrence of the Effective Date, attached hereto as **Exhibit B** (the "<u>Confirmation Notice</u>") is hereby approved. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtors shall file the Confirmation Notice and serve it by first class mail on each of the following at their respective addresses last known to the Debtors: (a) the Office of the United States Trustee for the Northern District of Iowa; (b) all parties on the master service list in the Chapter 11 Cases; and (c) all known creditors of the Debtors. The Confirmation Notice need not be mailed to any person if a previous mailing to such person has been returned as undeliverable, unless the Debtors have been informed in writing of a corrected address for such person. The notice described in this paragraph shall have the effect of an order of the Court and shall constitute good and sufficient notice of the entry of this Confirmation Order, the relief granted herein, and the occurrence of the Effective Date, pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), and no other or further notice of entry of this Confirmation Order need to be given.

Case 23-00623    Doc 1123-1    Filed 06/07/24    Entered 06/07/24 16:34:48    Desc Main
Exhibit B - Findings of Fact    Conclusions of Law    and Order Confirming Debtors&#    Page 50 of 56
*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

61. <u>No Waiver</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

Dated and entered this <u>7th</u> day of <u>June</u>, 2024.

_____

Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:       (319) 286-7002
Facsimile:       (319) 286-7050
Email:           rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:        515-283-8045
Email:      mmcguire@nyemaster.com
            kmstanger@nyemaster.com
            dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:       (312) 372-2000

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

Facsimile:    (312) 984-7700
Email:        fperlman@mwe.com
              dsimon@mwe.com
              ekeil@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Plan**

[*See* Docket No. 1050]

# EXHIBIT B

**Form of Confirmation Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket Nos. [__]** |
| | ) | |

## NOTICE OF (I) ENTRY OF ORDER CONFIRMING DEBTORS' FIRST
## AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION AND
## (II) OCCURRENCE OF EFFECTIVE DATE

**PLEASE TAKE NOTICE** that, on May [__], 2024, the Honorable Thad J. Collins, United States Bankruptcy Chief Judge for the United States Bankruptcy Court for the Northern District of Iowa (the "Court") entered an order [Docket No. [__]] (the "Confirmation Order"), confirming the [*Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation*] [Docket No. [__]] (as amended, modified, or supplemented, the "Plan")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on [__], 2024. Each of the conditions precedent to consummation of the Plan enumerated in Article XIII.B of the Plan has been satisfied or waived pursuant to Article XIII.D of the Plan.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article XIV of the Plan are now in full force and effect.

**PLEASE TAKE FURTHER NOTICE** that requests for payment of Professional Fee Claims must be filed with the Court and served on the Liquidation Trustee and the U.S. Trustee by [__], 2024, which is the date 45 days after the Effective Date.

**PLEASE TAKE FURTHER NOTICE** that Claims created by the rejection of executory contracts or unexpired leases pursuant to Article XII of the Plan must be filed with the Claims and Noticing Agent and served on the Liquidation Trustee and its counsel no later than 30 days after the Effective Date.

**PLEASE TAKE FURTHER NOTICE** that requests for payment of an Administrative Expense Claim that arose after February 1, 2024 must be filed with the Court and served on the Liquidation Trustee and its counsel no later than 30 days after the Effective Date.

---

[1]   Capitalized terms used not but otherwise defined herein shall have the meanings ascribed to them in the Plan.

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

**PLEASE TAKE FURTHER NOTICE** that the Plan, the Plan Supplement, the Confirmation Order, and any other document filed in the above-captioned chapter 11 cases may be examined by any party-in-interest (a) at the Debtors' case website (https://dm.epiq11.com/mercyhospital) or (b) through a link to PACER provided on the Court's website (https://www.ianb.uscourts.gov/) (a PACER account is required). Such documents may also be obtained by written request to Epiq Corporate Restructuring, LLC (the "Voting Agent") at mercyinfo@epiqglobal.com or by telephoning the Voting Agent at (888) 318-5044 (toll-free) or (503) 451-6294 (if calling from outside the U.S. or Canada).

**PLEASE TAKE FURTHER NOTICE** that the Plan and the Confirmation Order contain other provisions that may affect your rights. You are encouraged to review the Plan and the Confirmation Order in their entirety.

Dated: Cedar Rapids, Iowa
      [__], 2024

**NYEMASTER GOODE, P.C.**

*/s/ DRAFT*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:    (319) 286-7002
Facsimile:    (319) 286-7050
Email:     rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax:      515-283-8045
Email:     mmcguire@nyemaster.com
           kmstanger@nyemaster.com
           dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700

*In re Mercy Hospital, Iowa City, Iowa, et al.*
*Case No. 23-00623 (TJC)*

| Email: | fperlman@mwe.com |
|--------|------------------|
|        | dsimon@mwe.com   |
|        | ekeil@mwe.com    |

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this [__], 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

/s/ DRAFT_____