## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) APPROVING THE SALE OF THE DEBTORS' INTEREST IN A JOINT VENTURE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND (II) GRANTING RELATED RELIEF**

COMES NOW, Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting the relief described below. In further support of the Motion, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1.      By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, approving the sale of all of Mercy's limited liability company interests in Eastern Iowa Rehabilitation Hospital, L.L.C. f/k/a Central Iowa Rehabilitation Hospital, LLC, an Iowa limited liability company (the "Rehab Joint Venture") to LPNT Development 7, L.L.C. f/k/a Kindred Development 7, L.L.C. ("LPNT") on the terms set forth in the *Unit Purchase Agreement* (the "Purchase Agreement"). An unexecuted copy of the Purchase Agreement is attached hereto as **Exhibit B**.[1]

---

[1]      The Debtors will file an executed copy of the Purchase Agreement as a support document in the days following the filing of this Motion.

2.      The Rehab Joint Venture is an inpatient rehabilitation facility in the Iowa City, Iowa area. Mercy owns 51% of the limited liability company interests in the Rehab Joint Venture and LPNT owns the remaining 49%.

3.      While the Debtors previously sold substantially all of their assets to the State University of Iowa (the "University"), the University did not purchase Mercy's interests in the Rehab Joint Venture. As a result, the Debtors' advisors and LPNT's advisors have engaged in discussions in an effort to negotiate a mutually agreeable solution with respect to Mercy's interests in the Rehab Joint Venture. Following negotiation, LPNT agreed to purchase all of Mercy's ownership interests in the Rehab Joint Venture ("Mercy's Interest") for $20,000.00 (the "Purchase Price").

4.      The sale of Mercy's Interest in the Rehab Joint Venture to LPNT is a sound exercise of the Debtors' business judgment. The Purchase Price represents the highest, and indeed, the only, offer the Debtors have received for Mercy's Interest following their extensive marketing efforts. The proceeds from the sale will provide a meaningful recovery for the Debtors' estates and represent a sound exercise of the Debtors' business judgment. The Debtors and the Liquidation Trustee (as defined in the Plan (as defined below)) will continue their efforts to liquidate the Debtors' remaining interests in their other joint ventures.

5.      Accordingly, the Debtors respectfully request that the Court approve this Motion, enter the Proposed Order, and approve the sale of Mercy's Interest to LPNT free and clear of all liens, claims, interests, and encumbrances.

## JURISDICTION AND VENUE

6.      The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Public

318802039.2

Administrative Order referring bankruptcy cases entered by the United States District Court for

the Northern District of Iowa.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these

cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

7.      The statutory predicates for the relief requested in this Motion are sections 105(a)

and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of

the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rule 6004-1 of

the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules") The Debtors confirm

their consent to the entry of a final order by the Court in connection with the Motion in the event

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### I.      The Chapter 11 Cases

8.      On August 7, 2023 (the "Petition Date"), each Debtor commenced a case by filing

a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

9.      The Debtors continue to operate their businesses and manage their properties as

debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

10.     On August 15, 2023, the Office of the United States Trustee (the "U.S. Trustee")

appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases

[Docket No. 107]. On November 4, 2023 the U.S. Trustee appointed an official committee of

pensioners (the "Pension Committee") in the Chapter 11 Cases [Docket No. 458]. No trustee or

examiner has been appointed in the Chapter 11 Cases.

318802039.2

11.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration").

## II.    Sale to the University

12.     The Debtors commenced the Chapter 11 Cases to pursue the sale of all or substantially all of their assets pursuant to section 363 of the Bankruptcy Code to maximize the value of their estates and the recoveries of their stakeholders.

13.     On August 8, 2023, the Debtors filed *Debtors' Motion for Entry of Order (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Provide Stalking Horse Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving the Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 58] (the "Sale Motion"). Pursuant to the Sale Motion, the Debtors sought, among other things, authority from the Court to sell substantially all of their assets to the University.

14.     Following the Debtors' extensive marketing efforts and two auctions, on November 7, 2023, the Court entered an order approving the Sale Motion and the sale of substantially all of the Debtors' assets (the "Sale") to the University [Docket No. 476] (the "Sale Order")

15.     The Sale, however, did not include certain of the Debtors' interests in joint ventures that the Debtors participated in, including Mercy's Interest in the Rehab Joint Venture.

16.     Accordingly, the Debtors have undertaken additional efforts to monetize these joint venture interests and return value to their estates. *See Debtors' Application for Entry of Order (I) Expanding the Scope of Employment and Retention of H2C Securities, Inc. as Investment Banker to the Debtors and Debtors-in-Possession, (II) Approving the Terms of the Amendment to the H2C Engagement Letter, and (III) Granting Related Relief* [Docket No. 613].

### III.    Plan of Liquidation

17.     On May 14, 2024, the Debtors filed their *Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 1050] (the "**Plan**"). On May 16, 2024, the Court held a hearing to consider confirmation of the Plan, at which, the Plan was confirmed.

18.     The Plan provides that, to the extent that Mercy's Interest in the Rehab Joint Venture is not sold or monetized prior to the Effective Date (as defined in the Plan), the Debtors shall seek to abandon Mercy's Interest, as well as any assets associated therewith. The proposed Confirmation Order (as defined in the Plan) similarly authorizes such abandonment without further notice or a hearing.

19.     With respect to the Debtors' interests in other joint ventures, the Plan provides that such interests shall transfer to the Liquidation Trust (as defined in the Plan) for further administration, and that the Liquidation Trustee (as defined in the Plan) will act diligently and in good faith to liquidate any such remaining interests.

20.     By way of this Motion, the Debtors seek to sell Mercy's Interest to LPNT in lieu of abandoning such interest.

## IV.   Rehab Joint Venture

21.   Mercy has held its membership interest in the Rehab Joint Venture since 2018, when the Rehab Joint Venture was formed.

22.   The Rehab Joint Venture is governed by an *Operating Agreement* (as amended, amended and restated, supplemented, or otherwise modified from time to time, the "Operating Agreement").

23.   The Operating Agreement contains transfer restrictions on a member's interest in the Rehab Joint Venture. Among other limitations, the Operating Agreement provides that a member cannot sell its interest in the Rehab Joint Venture without first offering that interest to the other member.

24.   Because of the transfer restrictions contained in the Operating Agreement, the Debtors identified LPNT as the most likely party to acquire Mercy's Interest.

## V.   Negotiations and the Purchase

25.   After it became clear that the University was not interested in trying to acquire the Debtors' interest in the Rehab Joint Venture, the Debtors and LPNT had a number of discussions about LPNT purchasing Mercy's Interest in accordance with the terms of the Operating Agreement.

26.   The result of these good faith and arms'-length discussions is the Purchase Agreement.

27.   Pursuant to the Purchase Agreement, LPNT has agreed to pay the Purchase Price in exchange for Mercy's Interest.

28.   The Purchase Price represents the highest and best offer that the Debtors have received for Mercy's Interest, and generates a greater return to the estates than if the Debtors were

318802039.2

to simply abandon Mercy's Interest. Further, the sale to LPNT on the terms set forth in the Purchase Agreement is in accordance with the Operating Agreement and the requirements set forth therein for the sale of a member's interest in the Rehab Joint Venture. The sale to LPNT, therefore, represents a sound use of the Debtors' business judgment and satisfies the requirements of Bankruptcy Code section 363.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

### I. The Proposed Sale Satisfies the Requirements of Section 363 of the Bankruptcy Code

29. Ample authority exists for approval of the sale contemplated by this Motion. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although that provision does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of a debtor's estate, courts have approved the authorization of a sale of a debtor's assets if such sale is based upon the sound business judgment of the debtor. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *Stephen Indus., Inc. v. McClung*, 789 F.2d 386, 389-390 (6th Cir. 1986); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).

30. Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was provided to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See In re Decora Indus., Inc.*, 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (citing *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)). Where a debtor

demonstrates a valid business justification for a decision, it is presumed that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Official Comm. of Subordinated Bondholders v. Integrated Res. Inc. (In re Integrated Res. Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del.1985)).

### A.      The Debtors Have Demonstrated a Sound Business Justification for the Proposed Sale

31.     A sound business purpose for the sale of a debtor's assets outside the ordinary course of business exists where such sale is necessary to preserve the value of the estate for the benefit of creditors and interest holders. *See, e.g.*, *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564–65 (8th Cir. 1997) (recognizing that the main goal of any proposed sale of property of a debtor's estate is to maximize value); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147–48 (3d Cir. 1986).

32.     A strong business justification exists for the sale of Mercy's Interest in the Rehab Joint Venture. The sale of Mercy's Interest is continuing the process started by the Sale Motion and the Plan of maximizing the value of the Debtors' assets and recoveries for the Debtors' stakeholders. These value-maximizing efforts—the goal of any chapter 11 proceeding—clearly establish the justification under Bankruptcy Code section 363.

### B.      Notice of this Motion is Reasonable and Appropriate

33.     Notice of this Motion complies with Bankruptcy Rule 2002 and is accordingly reasonable and appropriate. Pursuant to Bankruptcy Rule 2002(a)(2), all creditors must receive at least 21-days' notice of the proposed sale of a debtor's assets. Fed. R. Bankr. P. 2002(a)(2). A copy of a notice of sale pursuant to this Motion is attached hereto as **Exhibit C** (the "Sale Notice"). The Sale Notice will be served on all creditors in the case, thereby satisfying Bankruptcy Rule

318802039.2

2002's requirements. Additionally, the Sale Notice contains substantially the same language required by Local Rule 6004-1 and is incompliance therewith.

### C. The Purchase Price is Fair and Reasonable

34. The Purchase Price is a fair and reasonable price for Mercy's Interest. The Purchase Price is the highest and best offer the Debtors have received for Mercy's Interest, and indeed, is the only offer that the Debtors have received for Mercy's Interest after the lengthy marketing process. The Purchase Price, therefore, satisfies the requirements of Bankruptcy Code section 363.

### D. LPNT Should Be Entitled to the Protections of Section 363(m) of the Bankruptcy Code

35. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) is later reversed or modified on appeal. Specifically, section 363(m) of the Bankruptcy Code states the following: "The reversal or modification on appeal of an authorization under [section 363(b) of the Bankruptcy Code] . . . does not affect the validity of a sale . . . entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal." 11 U.S.C. § 363(m). Section 363(m) fosters the "policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely." *Cinicola v. Scharffenberger*, 248 F.3d 110, 121 n.13 (3d Cir. 2001) (quoting *Pittsburgh Food & Beverage, Inc. v. Ranallo*, 112 F.3d 645, 647–48 (3d Cir. 1997)); *see also Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal.").

318802039.2

36.     While the Bankruptcy Code does not define "good faith," the Third Circuit has held that "the phrase encompasses one who purchases in 'good faith' and for 'value.'" *Abbotts Diaries*, 788 F.2d at 147 (explaining that to constitute lack of good faith, a party's conduct in connection with the sale must usually amount to fraud, collusion between the purchaser and other bidders or the trustee or an attempt to take grossly unfair advantage of other bidders); *see also In re Bedford Springs Hotel, Inc.*, 99 B.R. 302, 305 (Bankr. W.D. Pa. 1989); *In re Perona Bros., Inc.*, 186 B.R. 833, 839 (D.N.J. 1995).

37.     The Debtors submit that LPNT is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code. The Purchase Agreement was negotiated at arm's length, in good faith between the Debtors and LPNT, and in accordance with the procedures set forth in the Operating Agreement. LPNT, therefore, should be afforded the protections of Bankruptcy Code section 363(m).

38.     Based on the foregoing, the Debtors submit that they have demonstrated that the proposed sale is a sound exercise of the Debtors' business judgment and should be approved as a good faith transaction.

## II.     Mercy's Interest Should Be Sold Free and Clear of Liens, Claims, Interests, and Encumbrances Under Section 363(f) of the Bankruptcy Code

39.     Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if any one of the following conditions is satisfied:

(a)     applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(b)     such entity consents;

(c)     such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;

(d)      such interest is in bona fide dispute; or

(e)      such entity could be compelled, in legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); *see also In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("Section 363(f) is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (same).

40.      Section 363(f) of the Bankruptcy Code is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *see also Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.)*, 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of claims] is within the court's equitable powers when necessary to carry out the provisions of [the Bankruptcy Code].").

41.      The Debtors submit that the sale of Mercy's Interest free and clear of liens, claims, interests and encumbrances will satisfy one or more of the requirements under section 363(f). To the extent a party objects to the sale on the basis that it holds a prepetition lien or encumbrance on Mercy's Interest, the Debtors believe that (i) that such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property, under section 363(f)(3) of the Bankruptcy Code; (ii) any such party could be compelled to accept a monetary satisfaction of such claims, under section 363(f)(5) of the Bankruptcy Code, or (iii) that such lien is in bona fide dispute, under section 363(f)(4) of the Bankruptcy Code.

42.      The Debtors will send the Sale Notice to any known purported prepetition lienholders. If such lienholders do not object to the proposed sale, then their consent should

11

reasonably be presumed. Accordingly, the Debtors request that, unless a party asserting a prepetition lien, claim or encumbrance on Mercy's Interest timely objects to this Motion, such party shall be deemed to consent. *See Hargave v. Twp. of Pemberton*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (highlighting that by not objecting to a sale motion, a creditor is deemed to consent to the relief requested).

43.     The purpose of a sale order authorizing the transfer of assets free and clear of all claims, liens and encumbrances would be defeated if claimants could thereafter use the transfer as a basis to assert claims against a purchaser arising from a seller's pre-sale conduct. Accordingly, the Debtors request that the Court authorize the sale of the assets free and clear of any liens, claims, interests, and encumbrances (with the exception of permitted encumbrances and assumed liabilities), in accordance with section 363(f) of the Bankruptcy Code, subject to such liens, claims, interests, and encumbrances attaching to the proceeds thereof in the same order of relative priority, with the same validity, force, and effect as prior to such.

## IMMEDIATE AND UNSTAYED RELIEF IS NECESSARY

44.     The Debtors request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in the Motion is necessary for the Debtors to preserve value for their estates. Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief. Moreover, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a).

## **RESERVATION OF RIGHTS**

45.     Nothing in the Motion should be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

## **NOTICE**

46.     The Debtors will provide notice of the Motion via the Sale Notice to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Iowa Department of Revenue; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel to the Committee; (g) counsel to the Pension Committee; (h) counsel for the Secured Bondholder Representative; (i) the Federal Trade Commission; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

318802039.2

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting such other and further relief as the Court may deem just and proper.

Dated: Des Moines, Iowa
June 24, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Kristina M. Stanger*
Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:  515-283-8045
Email: mmcguire@nyemaster.com
         kmstanger@nyemaster.com
         dhempy@nyemaster.com

- and -

Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:     (319) 286-7002
Facsimile:     (319) 286-7050
Email:         rleaf@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         fperlman@mwe.com
               dsimon@mwe.com
               ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:           jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this June 24, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Kristina M. Stanger*

318802039.2