## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: 7/23/24 at 4:00 p.m. (CT)** |

### SUMMARY OF TENTH MONTHLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | **McDERMOTT WILL & EMERY LLP** |
| Authorized to provide professional services to: | **Debtors and Debtors-in-Possession** |
| Date of retention: | **September 14, 2023, effective as of August 7, 2023** |
| Period for which compensation and reimbursement is sought: | **May 1, 2024 through May 31, 2024** |
| Amount of compensation sought as actual, reasonable and necessary: | **$191,544.00 (80% of $239,430.00)[1]** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$926.33** |
| This is a: | **Tenth Monthly Application** |

---

[1] This amount does not reflect $16,989.68, including $13,918.50 in incurred fees and $3,071.18 in incurred expenses, that McDermott has voluntarily written off with respect to the Application Period (as defined herein).

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/Expenses |
|---|---|---|---|---|
| **First Monthly [D.I. 348]** | 10/9/23 | 8/7/23 – 8/31/23 | $738,318.00 / $4,741.38 | *Pending* |
| **Second Monthly [D.I. 502]** | 11/10/23 | 9/1/23 – 9/30/23 | $649,102.80 / $3,346.20 | *Pending* |
| **Third Monthly [D.I. 532]** | 11/27/23 | 10/1/23 – 10/31/23 | $450,968.00 / $5,638.37 | *Pending* |
| **Fourth Monthly [D.I. 574]** | 12/15/23 | 11/1/23 – 11/31/23 | $289,259.20 / $4,988.95 | *Pending* |
| **Fifth Monthly [D.I. 817]** | 3/8/24 | 12/1/23 – 12/31/23 | $212,868.40/ $266,085.50 | *Pending* |
| **Sixth Monthly [D.I. 819]** | 3/8/24 | 1/1/24 – 1/31/24 | $552,393.60 / $2,999.00 | *Pending* |
| **Seventh Monthly [D.I. 948]** | 4/10/24 | 2/1/24 – 2/29/24 | $262,797.20 / $1,452.41 | *Pending* |
| **Eighth Monthly [D.I. 1021]** | 5/6/24 | 3/1/24 – 3/31/24 | $380,938.80 / $3,703.82 | *Pending* |
| **Ninth Monthly [D.I. 1105]** | 6/6/24 | 4/1/24 – 4/30/24 | $181,061.60 / $1,663.77 | *Pending* |

**MERCY HOSPITAL IOWA CITY, IOWA, ET AL.**
**COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION**
**SUMMARY OF BILLING BY PROFESSIONAL FOR APPLICATION PERIOD**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Felicia Gerber Perlman | 1992 | Partner; Corporate Advisory | $1,850 | 20.2 | $37,370.00 |
| James W. Kapp | 1994 | Partner; Corporate Advisory | $1,450 | 65.5 | $94,975.00 |
| Jeffrey M. Holdvogt | 2003 | Partner; Employee Benefits and Executive Compensation | $1,450 | 4.5 | $6,525.00 |
| Daniel M. Simon | 2008 | Partner; Corporate Advisory | $1,450 | 23.3 | $33,785.00 |
| Nathan M. Bull | 2006 | Partner; Trial | $1,410 | 5.4 | $7,614.00 |
| Emily C. Keil | 2018 | Associate; Corporate Advisory | $1,105 | 52.0 | $57,460.00 |
| Dexter Golinghorst | 2021 | Associate; Healthcare | $945 | 1.8 | $1,701.00 |
| **TOTALS** | | | | **172.7** | **$239,430.00** |

**MERCY HOSPITAL IOWA CITY, IOWA, ET AL.**
**COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION**
**COMPENSATION BY PROJECT CATEGORY FOR APPLICATION PERIOD**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 38.4 | $54,237.50 |
| Relief from Stay/Adequate Protection Proceedings | 0.4 | $442.00 |
| Court Hearings | 33.0 | $49,337.50 |
| Fee/Employment Applications | 2.6 | $2,873.00 |
| Non-Working Travel[1] | 7.0 | $11,750.00 |
| Employee Benefits/Pensions | 5.5 | $7,837.00 |
| Financing/Cash Collections | 0.2 | $221.00 |
| Claims Administration & Objections | 1.4 | $1,961.00 |
| Plan and Disclosure Statement | 84.2 | $110,771.00 |
| **TOTALS** | **172.7** | **$239,430.00** |

---

[1]   The hours billed to Non-Working Travel were reduced by fifty percent (50%), as reflected in the time detail attached hereto as **Exhibit A**.

**MERCY HOSPITAL IOWA CITY, IOWA, ET AL.**
**COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION**
**EXPENSE SUMMARY FOR APPLICATION PERIOD**

| Expense Category[1] | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Travel Expenses | Various | $926.33 |
| **TOTAL** | | **$926.33** |

---

[1]   McDermott voluntarily waived all Westlaw and LexisNexis charges, all computer data storage charges incurred as part of the discovery process during the Application Period for a total voluntary write-off of $3,071.18.

v

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: 7/23/24 at 4:00 p.m. (CT)** |

## TENTH MONTHLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

McDermott Will & Emery LLP (the "Applicant" or "McDermott"), counsel to Mercy Hospital, Iowa City, Iowa ("Mercy") and certain of its affiliates and subsidiaries as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 224] (the "Interim Compensation Order"),[1] for allowance of compensation for services rendered and reimbursement of expenses for the period from May 1, 2024 through May 31, 2024 (the "Application Period"), and respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public*

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such items in the Interim Compensation Order.

*Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331 and Bankruptcy Rule 2016.  McDermott confirms its consent to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## **BACKGROUND**

### I.      The Chapter 11 Cases

3.      On August 7, 2023 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered for procedural purposes only.

4.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 107].  On November 4, 2023, the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") [Docket No. 458].  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in*

*Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration").

## II.      The Retention of McDermott

7.       On August 23, 2023, the Debtors applied [Docket No. 148] (the "McDermott Retention Application") to the Court for an order authorizing the Debtors to retain and employ McDermott as its counsel, effective as of August 7, 2023.  On September 14, 2023, the Court entered an order [Docket No. 226] authorizing such retention.

## III.     The Interim Compensation Order

8.       On September 14, 2023, the Court entered the Interim Compensation Order, which sets the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases.  Specifically, the Interim Compensation Order provides that a Retained Professional may file and serve a Monthly Fee Application on or after the 15th day of each month following the month for which compensation is sought.  Provided that there are no objections to the Monthly Fee Application filed within 14 days after service of the same, the Debtors are authorized to pay such Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application.  If an objection is filed to the Monthly Fee Application and the parties reach a consensual resolution, the Debtors are authorized to pay eighty percent (80%) of the agreed-upon fees and one-hundred percent (100%) of the agreed-upon expenses.

**RELIEF REQUESTED**

9.       Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, McDermott is seeking compensation in the amount of $191,544.00, which is equal to eighty percent (80%) of the $239,430.00 in fees for professional services rendered by McDermott during

the Application Period.  This amount is derived solely from the applicable hourly billing rates of

McDermott's personnel who rendered such services to the Debtors.  In addition, McDermott is

seeking reimbursement of expenses incurred during the Application Period in the amount of

$926.33.

**A.      Compensation Requested**

10.      Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all

services performed by McDermott with respect to the Chapter 11 Cases during the Application

Period.  This detailed itemization complies with the Interim Compensation Order and Bankruptcy

Rule 2016 in that each time entry contains a separate time allotment, a description of the type of

activity, and the subject matter of the activity, all time is billed in increments of one-tenth of an

hour, time entries are presented chronologically in categories, and all meetings or hearings are

individually identified.

11.      The attorneys and paraprofessionals who rendered services related to each category

are identified in **Exhibit A**, along with the number of hours for each individual and the total

compensation sought for each category.

**B.      Expense Reimbursement**

12.      McDermott incurred out-of-pocket expenses during the Application Period in the

amount of $926.33.  Attached hereto as **Exhibit B** are descriptions of the expenses actually

incurred by McDermott in the performance of services rendered as counsel to the Debtors.  The

expenses are broken down into categories of charges, including travel expenses and cost of auction

transcripts.[2]

---

[2]      As discussed herein, McDermott voluntarily waived all Westlaw and LexisNexis charges, all computer data
storage charges incurred as part of the discovery process during the Application Period for a total voluntary write-
off of $3,071.18.

**VALUATION OF SERVICES**

13.    Attorneys and paraprofessionals of McDermott have expended a total of 172.7 hours in connection with this matter during the Application Period.  The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set forth in **Exhibit A**.  The reasonable value of the services rendered by McDermott for the Application Period as counsel for the Debtors in the Chapter 11 Cases is $239,430.00.

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

14.    Bankruptcy Code section 330(a) provides, in pertinent part, that:

> [T]he court may award . . . ***reasonable compensation*** for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (emphasis added).  The Eighth Circuit Court of Appeals has stated:

> "[Reasonable] [c]ompensation . . . presumably reflects (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."

*P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728, 731–32 (8th Cir. 1992).

15.    In reviewing this Application, the Court should be guided by the Eighth Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> Section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee

5

awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts."

*Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984); *see also In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992) ("[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is so to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.").

16.     In accordance with the factors enumerated in Bankruptcy Code section 330, McDermott submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  The fees charged by McDermott in these Chapter 11 Cases were billed in accordance with its existing billing rates and procedures set forth in the McDermott Retention Application, in effect during the Application Period.  McDermott's rates for the services rendered by its attorneys and paraprofessionals in these Chapter 11 Cases are the same rates that McDermott charges for services rendered in comparable non-bankruptcy matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

17.     McDermott reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

**<u>NO PRIOR REQUEST</u>**

18.     No prior request for the relief sought in the Application has been made to this or any other court.

## CONCLUSION

WHEREFORE, McDermott respectfully requests that the Court enter an Order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $191,544.00 (80% of $239,430.00) for professional services rendered, and (b) reimbursement for actual and necessary costs in the amount of $926.33; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other further relief as the Court deems just and proper.

Dated:  Cedar Rapids, Iowa
   July 9, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Kristina M. Stanger*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email:  rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-645-5510
Facsimile:  515-283-8045
Email:  mmcguire@nyemaster.com
    kmstanger@nyemaster.com
    dhempy@nyemaster.com

- and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email:  fperlman@mwe.com

dsimon@mwe.com
ekeil@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on this July 9, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

*/s/ Kristina M. Stanger*

**EXHIBIT A**

**<u>Time Detail</u>**



Invoice: 3906908                                                06/25/2024
Client: 104125

Mercy Hospital, Iowa City, Iowa
500 East Market Street
Iowa City, IA  52245

For Services Rendered in Connection with:

Matter: 0013        Chapter 11 Bankruptcy

| Task | Date | Name | Hours | Description |
|------|------|------|-------|-------------|
| B130 | 05/01/24 | J. Kapp | 0.80 | Attend to various issues re ISASC sale process (.6); correspondence with M. Preusker re same (.2). |
| B130 | 05/02/24 | J. Kapp | 1.90 | Correspond with D. Simon re valuation process and issues re same (.4); prepare outline re issues for tomorrow's call re same and review LOIs re same (1.5). |
| B130 | 05/03/24 | J. Kapp | 2.90 | Correspond with D. Simon re JCSI (.3); conference with M. Gustafson and P. Cross re ICASC valuation/sale process (.8); prepare summary of call and follow-up issues re same (1.3); correspond with M. Preusker, D. Simon and D. Orman re same (.5). |
| B130 | 05/03/24 | D. Simon | 0.70 | Attend conference with University re TSA issues (.7). |
| B130 | 05/06/24 | J. Kapp | 0.40 | Various correspondence re ICASC valuation process and identification of potential appraiser (.4). |
| B130 | 05/07/24 | J. Kapp | 0.80 | Attend to potential appraisers for ICASC valuation process and correspondence re same (.8). |
| B130 | 05/08/24 | D. Golinghorst | 0.30 | Draft analysis re use of Medicare numbers and other provider numbers tied to Mercy tax ID numbers (.3). |
| B130 | 05/08/24 | J. Kapp | 0.70 | Correspond with D. Ornan re notice from JCSI/ICASC (.2); correspond with M. Presuker re valuation issues (.4); correspond with D. Simon re same (.1). |
| B130 | 05/09/24 | E. Keil | 0.20 | Revise Thompson Trust motion (.2). |
| B130 | 05/09/24 | J. Kapp | 0.80 | Various correspondence re valuations process and attend to issues re same (.8). |
| B130 | 05/10/24 | E. Keil | 1.30 | Revise Thompson Trust motion and order (1.3). |
| B130 | 05/10/24 | J. Kapp | 3.20 | Review correspondence from M. Gustafson and P. Cross re indication of interests and valuation process (.4); correspond with M. Preusker and D. Simon re same (.4); conference re ISASC issues with M. Preusker, D. Orman, R. Bayman, N. Coco, et al. (.8); |



**McDermott
Will & Emery**

Mercy Hospital, Iowa City, Iowa

| | |
|---|---|
| Client: | 104125 |
| Invoice: | 3906908 |
| Invoice Date: | 06/25/2024 |

| Task | Date | Name | Hours | Description |
|---|---|---|---|---|
| | | | | prepare summary of issues and correspond with D. Simon re same (.7); diligence re appraiser suggested by bondholders (.6); review notice letter from JCSI (.1); correspond with M. Preusker and D. Simon re same (.2). |
| B130 | 05/13/24 | J. Kapp | 1.30 | Correspondence with M. Preusker and D. Orman re ICASC valuation process and identification of appraisers (.4); review appraiser background info re same (.6); correspond with D. Simon re issues re same (.3). |
| B130 | 05/14/24 | D. Golinghorst | 0.20 | Review and analyze correspondence re HR records matters (.2). |
| B130 | 05/14/24 | J. Kapp | 0.80 | Correspond with M. Preusker re identification of appraisers for ICASC valuation process and follow-up re same (.6); correspond with M. Gustafson re same (.2). |
| B130 | 05/15/24 | D. Golinghorst | 0.40 | Review response from UIHC re HR records retention (.2); draft analysis of same (.2). |
| B130 | 05/17/24 | J. Kapp | 0.70 | Attend to issues re valuation process (.7). |
| B130 | 05/20/24 | J. Kapp | 0.50 | Prepare correspondence to P. Cross and M. Gustafson re JCSI consideration of valuation appraisers (.3); prepare correspondence to M. Preusker re same (.2). |
| B130 | 05/21/24 | J. Kapp | 0.90 | Prepare correspondence to P. Cross and M. Gustafson re appraiser issues (.2); correspond with N. Coco and M. Preusker re same (.3); follow-up re appraiser issues (.4). |
| B130 | 05/22/24 | J. Kapp | 1.40 | Various correspondence with N. Coco re status of ICASC valuation process (.4); follow-up with M. Gustafson and P. Cross re same (.2); review timeline and date restrictions re ICASC valuation process (.8). |
| B130 | 05/23/24 | D. Golinghorst | 0.20 | Conference with C. Karembelas re transition plan upon confirmation of plan of liquidation (.2). |
| B130 | 05/23/24 | J. Kapp | 0.40 | Correspond with N. Coco re ICASC valuation process and follow-up re same (.4). |
| B130 | 05/24/24 | J. Kapp | 2.10 | Correspondence with P. Cross and W. Teague re valuation of ICASC interests (.4); correspond with N. Coco and M. Preusker re same (.2); review correspondence re preparation of witness list re hearing on motion to transfer Thompson trust |



Mercy Hospital, Iowa City, Iowa

Client:       104125
Invoice:      3906908
Invoice Date:  06/25/2024

| Task | Date | Name | Hours | Description |
|------|------|------|-------|-------------|
| | | | | beneficiary interest (.6); review background information re same (.9). |
| B130 | 05/28/24 | J. Kapp | 0.60 | Correspondence with P. Cross and W. Teague re potential appraisal and issues re same (.4); prepare correspondence to N. Coco and M. Preusker re same (.2). |
| B130 | 05/29/24 | J. Kapp | 5.90 | Review objection of MidWestOne Bank to motion to sell interest in Thompson Trust (.4); review case law cited in objection and follow-up re same (1.8); review beneficiary interest transfer agreement re same (.4); review motion to transfer Thompson (.7); review proposed findings of fact and conclusions of law re same (.8); review Thompson trust documents re same (.7); review trustee's annual report re same (.4); review Leaf declaration re same (.2); review board resolutions re same (.4); review sale notice re same (.1). |
| B130 | 05/29/24 | J. Kapp | 0.60 | Prepare correspondence to N. Coco and M. Preusker re appraiser call and issues re same and follow-up re same (.6). |
| B130 | 05/30/24 | D. Golinghorst | 0.70 | Draft summary of TSA agreement for liquidation plan transition (.7). |
| B130 | 05/30/24 | J. Kapp | 6.00 | Review final exhibit list for 6/6 hearing on transfer of Thompson Trust interest and related exhibits (1.4); review case law re charitable beneficiary interests re same (4.6). |
| B130 | 05/31/24 | J. Kapp | 1.30 | Various correspondence re Monday's call with VMG Health re appraisal of ICACS interests (.5); review materials re VMG Health in preparation for call (.8). |
| B140 | 05/06/24 | E. Keil | 0.40 | Correspondence with R. Leaf re Hyundai motion for relief from stay (.3); correspondence with TK re same (.1). |
| B155 | 05/02/24 | J. Kapp | 0.60 | Review various witness lists re 5/16 hearing (.6). |
| B155 | 05/14/24 | F. Perlman | 0.80 | Preparation for confirmation hearing (.8). |
| B155 | 05/15/24 | E. Keil | 1.00 | Conference with M. Toney re hearing prep (1.0). |
| B155 | 05/15/24 | F. Perlman | 2.50 | Prep for confirmation hearing (2.5). |
| B155 | 05/15/24 | D. Simon | 3.50 | Attend confirmation hearing prep call (1.0); prepare for confirmation hearing (2.5). |
| B155 | 05/16/24 | F. Perlman | 4.80 | Prepare for and attend confirmation hearing (4.8). |
| B155 | 05/16/24 | J. Kapp | 6.30 | Prepare for and participate in confirmation hearing (6.3). |



Mercy Hospital, Iowa City, Iowa

Client:      104125
Invoice:     3906908
Invoice Date:  06/25/2024

| Task | Date | Name | Hours | Description |
|------|------|------|-------|-------------|
| B155 | 05/16/24 | D. Simon | 5.00 | Prepare for and attend confirmation hearing (5.0). |
| B155 | 05/16/24 | E. Keil | 3.50 | Prepare for and attend confirmation hearing telephonically (3.5). |
| B160 | 05/01/24 | E. Keil | 0.90 | Draft April fee application (.4); revise March fee application (.2); correspondence with K. Borodkin, R. Leaf re OCP notices (.3). |
| B160 | 05/02/24 | E. Keil | 0.30 | Finalize March fee app and accompanying notice (.3). |
| B160 | 05/27/24 | E. Keil | 1.00 | Review time detail for privilege issues and compliance with local rules (1.0). |
| B160 | 05/29/24 | E. Keil | 0.40 | Revise April fee application (.4). |
| B195 | 05/15/24 | F. Perlman | 1.70 | Travel to Iowa for confirmation hearing (3.5) (billed at 50%). |
| B195 | 05/15/24 | D. Simon | 1.50 | Travel from Atlanta to Iowa for confirmation hearing (3.0) (billed at 50%). |
| B195 | 05/16/24 | F. Perlman | 2.30 | Travel back to Chicago from confirmation hearing (4.5) (billed at 50%). |
| B195 | 05/16/24 | D. Simon | 1.50 | Travel from Iowa to Atlanta (3.0) (billed at 50%). |
| B220 | 05/02/24 | D. Simon | 0.60 | Conference with R. Leaf re pension and plan issues (.6). |
| B220 | 05/02/24 | E. Keil | 0.40 | Conferences with R. Leaf re pension issues (.4). |
| B220 | 05/03/24 | J. Holdvogt | 0.80 | Conference with MIC team re pension termination options and requirements (.3); review and analysis of issues with Deloitte pension termination requirements (.5). |
| B220 | 05/06/24 | J. Holdvogt | 0.50 | Correspondence to and from P. Brubaker re pension data and information clean up for MIC pension plan (.5). |
| B220 | 05/13/24 | J. Holdvogt | 0.50 | Review pension data clean up and issues in connection with potential MIC pension plan termination (.5). |
| B220 | 05/15/24 | J. Holdvogt | 0.70 | Review and confirm DOL guidance re church plan potential release of claims in connection with MIC pension plan transition (.7). |
| B220 | 05/16/24 | J. Holdvogt | 0.70 | Revise pension communication letter to post-65 term vested participants and send comments on letter to P. Brubaker (.7). |
| B220 | 05/20/24 | J. Holdvogt | 0.80 | Review and revise pension retirement letter for participants and correspondence to and from P. Brubaker re participant communications (.8). |
| B220 | 05/23/24 | J. Holdvogt | 0.50 | Correspondence to and from P. Brubaker re |



McDermott
Will & Emery

Mercy Hospital, Iowa City, Iowa

Client:        104125
Invoice:      3906908
Invoice Date:  06/25/2024

| Task | Date | Name | Hours | Description |
|------|------|------|-------|-------------|
| | | | | employee benefit plans notices and summaries (.5). |
| B230 | 05/06/24 | E. Keil | 0.20 | Correspondence with Mintz, TK re cash collateral budget (.2). |
| B310 | 05/01/24 | E. Keil | 0.20 | Correspondence with TK team re admin claim payments (.2). |
| B310 | 05/30/24 | J. Kapp | 1.20 | Review response to debtors' objection to PRA motion for payment (.8); review debtors' objection re same (.4). |
| B320 | 05/01/24 | J. Kapp | 1.10 | Review Debtors' Motion for Entry of Order Modifying Local Rule 3018-1(c) in Connection with Confirmation Hearing and follow-up re same (.5); review modified plan/disclosure statement (.6). |
| B320 | 05/01/24 | E. Keil | 0.30 | Revise plan (.2); correspondence with R. Leaf re same (.1). |
| B320 | 05/01/24 | D. Simon | 0.80 | Review plan issues and calls with R. Leaf re same (.8). |
| B320 | 05/02/24 | D. Simon | 0.90 | Review plan and related documents to assess same (.9). |
| B320 | 05/02/24 | E. Keil | 2.80 | Conferences with R. Leaf re confirmation workstreams (.7); correspondence with Epiq team re ballot/solicitation (.3); review tabulation report (.2); revise confirmation documents (1.4); correspondence with Epiq team re notice calls (.2). |
| B320 | 05/03/24 | E. Keil | 1.20 | Revise confirmation order (.6); conference with R. Leaf re same, plan updates (.4); revise plan (.2). |
| B320 | 05/05/24 | E. Keil | 1.00 | Revise confirmation order (.8); correspondence with UCC, Pension Committee, Bondholders re same (.2). |
| B320 | 05/06/24 | E. Keil | 0.70 | Correspondence re tabulation with Epiq (.2); review confirmation objections (.4); correspondence with R. Leaf re same (.1). |
| B320 | 05/06/24 | F. Perlman | 0.70 | Review confirmation objections (.7). |
| B320 | 05/06/24 | J. Kapp | 0.80 | Review plan objections filed by concerned pensioners, Progressive Rehabilitation Associates and MercyOne (.8). |
| B320 | 05/07/24 | J. Kapp | 0.70 | Various correspondence re response to plan objections (.7). |
| B320 | 05/07/24 | F. Perlman | 1.30 | Analyze response to confirmation objections (1.3). |
| B320 | 05/07/24 | D. Simon | 1.00 | Multiple communications with R. Leaf and E. Keil re confirmation objections and pleadings (1.0). |
| B320 | 05/07/24 | E. Keil | 2.60 | Review confirmation objections (.4); revise |

**444 West Lake Street  Suite 4000  Chicago, IL 60606-0029  Tel +1 312 372 2000**

*US practice conducted through McDermott Will & Emery LLP.*



McDermott
Will & Emery

Mercy Hospital, Iowa City, Iowa

Client:       104125
Invoice:      3906908
Invoice Date: 06/25/2024

| Task | Date | Name | Hours | Description |
|------|------|------|-------|-------------|
| | | | | confirmation order (.6); correspondence with UCC, Pension Committee, Bondholders re same (.2); revise confirmation brief (1.2); conference with R. Leaf re same (.2). |
| B320 | 05/08/24 | E. Keil | 5.50 | Revise confirmation order (.3); conference with R. Leaf re plan updates (.5); revise plan re same (.2); revise confirmation brief, Toney declaration, voting declaration (4.5). |
| B320 | 05/08/24 | F. Perlman | 1.70 | Review confirmation order (.8); preparation for confirmation hearing (.9). |
| B320 | 05/08/24 | D. Simon | 1.30 | Conferences with TKP re various plan issues (.6); review and revise plan related pleadings (.7). |
| B320 | 05/09/24 | D. Simon | 0.50 | Conference with client re plan settlement issues (.5). |
| B320 | 05/09/24 | E. Keil | 2.90 | Revise voting declaration (.5); conferences with R. Leaf re same (.3); revise Toney declaration (1.0); conference with R. Leaf re same (.4); conference with D. Simon re same (.5); correspondence with UCC, Pension Committee, Bondholders re plan (.2). |
| B320 | 05/09/24 | J. Kapp | 0.40 | Review report on ballots and declaration re same (.4). |
| B320 | 05/10/24 | D. Simon | 2.00 | Communications with client re plan confirmation issues (.8); review and revise confirmation pleadings (1.2). |
| B320 | 05/10/24 | F. Perlman | 1.70 | Prepare for confirmation hearing (.8); continued analysis confirmation objections (.9). |
| B320 | 05/10/24 | E. Keil | 4.80 | Revise Toney declaration (2.1); revise confirmation brief (1.7); research re same (1.0). |
| B320 | 05/11/24 | E. Keil | 10.20 | Revise confirmation brief (6.7); research re same (1.4); revise Toney declaration (.9); revise plan (1.2). |
| B320 | 05/12/24 | E. Keil | 2.30 | Revise confirmation brief (2.3). |
| B320 | 05/12/24 | D. Simon | 1.20 | Review and revise confirmation pleadings (1.2). |
| B320 | 05/13/24 | D. Simon | 1.60 | Calls with client re confirmation issues (.4); call with other stakeholders re same (.4); walk-through with M. Toney re declaration (.6). |
| B320 | 05/13/24 | F. Perlman | 2.70 | Conference with UCC, PC and PH re confirmation (.4); continued preparation for confirmation hearing and analysis of objection (.9); review confirmation order, brief and declaration (1.4). |
| B320 | 05/13/24 | E. Keil | 5.70 | Revise Toney declaration (1.7); conference with M. Toney re same (1.0); conference with R. Leaf re |


McDermott
Will & Emery

Mercy Hospital, Iowa City, Iowa

| | | Client: | 104125 |
| | | Invoice: | 3906908 |
| | | Invoice Date: | 06/25/2024 |

| Task | Date | Name | Hours | Description |
|------|------|------|-------|-------------|
| | | | | same (.4); prepare notices of filing of plan, confirmation order (.3); correspondence with M. Toney re declaration (.3); revise plan (.6); revise confirmation brief, confirmation order (1.4). |
| B320 | 05/14/24 | J. Kapp | 2.10 | Review M. Toney declaration in support of confirmation and exhibits re same (1.3); review declaration of E. Young in support of confirmation (.3); review revised exhibit list in support of 5/16 hearing (.1); review pensioners withdrawal of confirmation objection (.1); review modified plan (.3). |
| B320 | 05/14/24 | E. Keil | 1.50 | Revise plan, confirmation brief, confirmation order, Toney declaration (1.2); conference with R. Leaf re same (.3). |
| B320 | 05/14/24 | D. Simon | 1.20 | Conferences with client and F. Perlman re confirmation prep issues (1.2). |
| B320 | 05/15/24 | J. Kapp | 4.20 | Review debtors' memorandum in support of confirmation (2.6); review proposed findings of fact and conclusion of law in support of confirmation (1.6). |
| B320 | 05/20/24 | J. Kapp | 0.60 | Follow-up re 5/16 confirmation hearing (.6). |
| B320 | 05/21/24 | J. Kapp | 0.60 | Confer with E. Keil re issues re confirmation hearing and follow-up re same (.6). |
| B320 | 05/22/24 | J. Kapp | 1.60 | Attend to confirmation issues and correspondence re same (1.6). |
| B320 | 05/23/24 | E. Keil | 0.20 | Correspondence with R. Leaf re effective date (.2). |
| B320 | 05/23/24 | J. Kapp | 6.50 | Review Purdue pleadings re release issues raised by court during confirmation hearing (4.9); review confirmation order (1.6). |
| B320 | 05/28/24 | J. Kapp | 2.60 | Review draft confirmation order and follow-up re same. |
| B320 | 05/28/24 | E. Keil | 0.30 | Conference with R. Leaf re confirmation status, effective date (.3). |
| B320 | 05/29/24 | J. Kapp | 0.80 | Confer with E. Keil re status of confirmation order and outreach to Court chambers (.3); follow-up re same (.5). |
| B320 | 05/30/24 | E. Keil | 0.20 | Conference with R. Leaf re effective date waterfall (.2). |
| B320 | 05/31/24 | J. Kapp | 1.40 | Correspondence re court's determination of confirmation order and follow-up re same. |



Mercy Hospital, Iowa City, Iowa

Client:          104125
Invoice:        3906908
Invoice Date:  06/25/2024

| Task | Date | Name | Hours | Description |
|------|------|------|-------|-------------|

**Total Hours**    **167.30**

## Task Code Summary

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| B130 | Asset Disposition | 38.00 | 53,673.50 |
| B140 | Relief from Stay/Adequate Protection Proceedings | 0.40 | 442.00 |
| B155 | Court Hearings | 28.00 | 42,287.50 |
| B160 | Fee/Employment Applications | 2.60 | 2,873.00 |
| B195 | Non-Working Travel | 7.00 | 11,750.00 |
| B220 | Employee Benefits/Pensions | 5.50 | 7,837.00 |
| B230 | Financing/Cash Collections | 0.20 | 221.00 |
| B310 | Claims Administration & Object | 1.40 | 1,961.00 |
| B320 | Plan and Disclosure Statement | 84.20 | 110,771.00 |
| | | 167.30 | 231,816.00 |



Invoice: 3906908                                                        06/25/24
Client: 104125

Mercy Hospital, Iowa City, Iowa
500 East Market Street
Iowa City, IA  52245

For Services Rendered in Connection with:

Matter: 0014          Litigation

| Task | Date | Name | Hours | Description |
|------|------|------|-------|-------------|
| B130 | 05/09/24 | N. Bull | 0.40 | Correspondence with C. Karamebelas, M. Toney and D. Simon re transition issues. |
| B155 | 05/15/24 | N. Bull | 2.00 | Conferences and correspondence with D. Simon, M. Toney and R. Leaf re Mercy confirmation hearing prep (2.0). |
| B155 | 05/16/24 | N. Bull | 3.00 | Attend telephonic confirmation hearing (3.0). |
| | | **Total Hours** | **5.40** | |

## Task Code Summary

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| B130 | Asset Disposition | 0.40 | 564.00 |
| B155 | Court Hearings | 5.00 | 7,050.00 |
| | | 5.40 | 7,614.00 |

**444 West Lake Street  Suite 4000  Chicago, IL 60606-0029  Tel +1 312 372 2000**

*US practice conducted through McDermott Will & Emery LLP.*



Mercy Hospital, Iowa City, Iowa                                    06/25/2024
Invoice: 3906908

## Timekeeper Summary

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| N. Bull | 5.40 | 1,410.00 | 7,614.00 |
| D. Golinghorst | 1.80 | 945.00 | 1,701.00 |
| J. Holdvogt | 4.50 | 1,450.00 | 6,525.00 |
| J. Kapp | 65.50 | 1,450.00 | 94,975.00 |
| E. Keil | 52.00 | 1,105.00 | 57,460.00 |
| F. Perlman | 20.20 | 1,850.00 | 37,370.00 |
| D. Simon | 23.30 | 1,450.00 | 33,785.00 |
| **Totals** | **172.70** | | **$239,430.00** |

**EXHIBIT B**

**Expense Detail**


**McDermott Will & Emery**

Mercy Hospital, Iowa City, Iowa                                    06/25/2024
Invoice: 3906908

---

## Costs and Other Charges

| Timekeeper | Date | Description | Qty | Amount |
|---|---|---|---|---|
| F. Perlman | 05/15/24 | Travel Expenses<br>Uber to O'hare airport ($68.63); taxi from Iowa airport to hotel ($94.78). | 0.00 | 163.41 |
| F. Perlman | 05/15/24 | Travel Expenses<br>Airfare to Iowa and from Iowa for confirmation hearing. | 0.00 | 519.76 |
| F. Perlman | 05/16/24 | Travel Expenses<br>Hotel stay for confirmation hearing. | 0.00 | 165.84 |
| F. Perlman | 05/16/24 | Travel Expenses<br>Uber to Iowa airport ($17.94); Uber from O'Hare to home ($59.38). | 0.00 | 77.32 |

**Total Costs and Other Charges** **$926.33**