**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: August 22, 2024 at 4:00 p.m. (CT)** |

**SUMMARY OF FIRST APPLICATION OF FIFTH THIRD SECURITIES, INC. (F.K.A. H2C SECURITIES, INC.) AS INVESTMENT BANKER TO DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2024 THROUGH JUNE 24, 2024 RELATED TO <u>JOINT VENTURE SALE TRANSACTIONS</u>**

| | |
|---|---|
| Name of applicant: | **FIFTH THIRD SECURITIES, INC (F.K.A. H2C SECURITIES, INC.)** |
| Authorized to provide professional services to: | **Debtors and Debtors-In-Possession** |
| Original Date of retention: | **August 7, 2023** |
| Date of order authorizing retention: | **September 18, 2023, Docket No. 247 and January 23, 2024, Docket No. 686** |
| Period for which approval of compensation and reimbursement is sought: | **February 1, 2024 through June 24, 2024** |
| Amount of compensation sought as actual, reasonable and necessary: | **$ 182,275.00** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$ 0.00** |
| This is a: | **First Application for Final Allowance of Fees and Expenses** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |

**FIRST APPLICATION OF FIFTH THIRD SECURITIES, INC. (F.K.A. H2C SECURITIES, INC.) AS INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2024 TO AND INCLUDING
JUNE 24, 2024 RELATED TO <u>JOINT VENTURE SALE TRANSACTIONS</u>**

Fifth Third Securities, Inc. (F.K.A. H2C Securities, Inc. "FTS") hereby submits this application (the "<u>Application</u>") pursuant to section 328 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the *Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 1050] (the "<u>Plan</u>") for an award and allowance of final compensation for professional services rendered to the above-captioned debtor-in-possession Mercy Hospital, Iowa City, Iowa and its affiliates (collectively, the "<u>Debtors</u>") from February 1, 2024 to and including June 24, 2024 (the "<u>Application Period</u>") related to the Debtors' sale of joint venture assets (the "<u>JV Transactions</u>"). FTS respectfully requests entry of an order approving and allowing payment of such fees and expenses related to the JV Transactions and granting the relief described below. In support of the Application, FTS respectfully represents as follows:

**RELIEF REQUESTED**

1. By this Application, FTS seeks entry of the Proposed Order authorizing and approving fees and expenses associated with the JV Transaction earned and incurred during the

2

Application Period, including the JV Transaction Fees.[1] As set forth in the Engagement Letter and the *Order (I) Expanding the Scope of Employment and Retention of H2C Securities, Inc. as Investment Banker to the Debtors and Debtors-in-Possession, (II) Approving the Terms of the Amendment to the H2C Engagement Letter, and (III) Granting Related Relief* [Docket No. 686] (the "Expanded Retention Order"), FTS is entitled to both monthly payments of $25,000.00 (the "Monthly Fee") until closing of the JV Transactions and a Success Fee upon closing of the JV Transactions (subject to Court approval).

2. FTS's expertise and investment banking experience was critical to helping the Debtors quickly and efficiently consummate the JV Transactions by selling and monetizing joint venture assets, thereby providing significant value to the Debtors' estates. FTS has completed the Services set forth in the Engagement Letter related to the JV Transactions to the extent able prior to the Plan going effective. Accordingly, FTS hereby brings this Application to request an award and final allowance of its Monthly Fees, JV Transaction Fees, and expenses incurred pursuant to its engagement related to the JV Transactions.

3. FTS previously assisted on the sale of the Debtor's assets to the State University of Iowa as set forth in the *Order (I) Authorizing the Employment and Retention of H2C Securities, Inc. as Investment Banker to the Debtors and Debtors-in-Possession Nunc Pro Tunc to the Petition Date, (II) Approving the Terms of the H2C Engagement Letter, (III) Waiving Certain Time-Keeping Requirements, and (IV) Granting Related Relief* [Docket No. 247]. FTS submitted a final

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in *Debtors' Application for Entry of Order (I) Expanding the Scope of Employment and Retention of H2C Securities, Inc. as Investment Banker to the Debtors and Debtors-In-Possession, (II) Approving the Terms of the Amendment to the H2C Engagement Letter, and (III) Granting Related Relief* [Docket No. 613] (the "H2C Expanded Retention Application").

fee application which was approved by the court for services rendered from August 7, 2023 through January 31, 2024.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Northern District of Iowa (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Amended Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are section 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. FTS confirms its consent to the entry of a final order by the Court in connection with this Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**I.     Retention of FTS in the Chapter 11 Cases**

7. On December 29, 2023, the Debtors filed the H2C Expanded Retention Application.

8. As detailed in the H2C Expanded Retention Application, FTS has been retained by the Debtors since June 17, 2021. From this date through June 24, 2024, FTS has advised the Debtors with respect to the JV Transactions and various issues related thereto.

9. On January 23, 2024, the Court entered the Expanded Retention Order.

10. The Expanded Retention Order generally authorized the Debtors to retain FTS *nunc pro tunc* to the Petition Date on the terms set forth therein and in accordance with the Engagement Letter. In particular, the Expanded Retention Order authorized the Debtors to, among other things, retain FTS to advise and assist the Debtors in connection with the JV Transactions.

**II. The Consummation of the JV Transaction**

11. On February 1, 2024, the Debtors filed *Debtors' Motion for Entry of Order (I) Approving the Sale of the Debtors' Interest in a Joint Venture Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Granting Related Relief [Docket No. 703]* (the "PRA Sale").

12. On June 24, 2024, the Debtors filed *Debtors' Motion for Entry of Order (I) Approving the Sale of the Debtors' Interest in a Joint Venture Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Granting Related Relief [Docket No. 1140]* (the "Rehabilitation Hospital Sale").

13. The PRA Sale and Rehabilitation Hospital Sale have closed and the JV Transaction Services are now complete. Accordingly, FTS brings this Application for final award and allowance of its fees and expenses.

**BASIS FOR RELIEF REQUESTED**

14. Bankruptcy Code section 327(a) and 328(a) authorizes a debtor-in-possession to employ and pay professionals. In its Expanded Retention Order, the Court previously granted authority for FTS to be compensated, reimbursed, and indemnified pursuant to Bankruptcy Code section 328(a).

15. The Expanded Retention Order set forth the terms of FTS' proposed compensation for the JV Transaction Fees as follows:

> (a) Initial Fee of $50,000 payable upon execution of the Third Amendment, plus

5

    (b) Success Fee equal to 2.0% of Proceeds, plus

    (c) Incentive Fee equal to 1.75% of Proceeds received in January 2024, plus

    (d) Incentive Fee equal to 1.25% of Proceeds received in February 2024, plus

    (e) Incentive Fee equal to 0.75% of Proceeds in March 2024

    (g) The $25,000 monthly Work Fee payable monthly on the 1st day of each month (outlined in section 2.a of the Second Amendment) shall be extended until the earlier of i) all Joint Venture transactions are closed, or ii) the engagement is otherwise terminated ("Monthly Fees")

  16. The sale of the Debtor's interest in PRA and the Rehabilitation Hospital satisfies the consummation of a JV Transaction under the Engagement Letter. *Id*.

  17. FTS was instrumental in assisting the Debtors in valuing, marketing, analyzing, negotiating, documenting and closing the PRA and Rehabilitation Hospital JV Transaction. Moreover, FTS' efforts with respect to the JV Transactions stretched back to June 2021 when they were first retained by the Debtors and continues to this day with regard to the Iowa City Ambulatory Surgery Center and Melrose Meadows joint venture assets.

  18. Following consideration of this Application, FTS is entitled to received compensation, reimbursement, and indemnification in accordance with the Engagement Letter.

  19. FTS has already received payment of the Initial Fee and Success Fee related to the PRA sale. This payment is a fair and reasonable value for the services rendered by FTS for the JV Transaction under Bankruptcy Code section 328 for the reasons set forth herein.

  20. Additionally, FTS seeks final allowance and approval of the Monthly Fees and JV Transaction Fee related to the Rehabilitation Hospital Sale. The Court already approved the terms of the Monthly Fees in the Expanded Retention Order. FTS has already received $60,000.00 of its

Monthly Fees earned during the Application Period on an interim basis via the process approved by the Court in the Interim Compensation Order. Pursuant to this Application, FTS seeks approval and allowance of 100% ($125,000.00) of its Monthly Fees during the Application Period. Additionally, FTS seeks approval and allowance of 100% ($400.00) of its JV Transaction Fee related to the Rehabilitation Hospital Sale. The Monthly Fees and JV Transaction Fees are fair and reasonable in light of the Services performed by FTS and should be approved as set forth in the Proposed Order.

## SUMMARY OF SERVICES RENDERED

21. As set forth herein, FTS rendered professional services to the Debtors as requested and in furtherance of the interests of the Debtors and the Debtors' estates. The variety and complexity of the issues related to the JV Transactions and in these Chapter 11 Cases—as well as the need to act or respond to such issues on an expedited basis—have required the expenditure of substantial time by FTS personnel.

22. FTS respectfully submits that the professional services that it rendered on behalf of the Debtors were necessary, appropriate, and have directly contributed to the realization of significant value for the Debtors' estates in these Chapter 11 Cases.

23. The following summary of services rendered during the Application Period is not intended to be an exhaustive description of the work performed. Rather, it is an attempt to highlight certain of those areas in which FTS rendered services to the Debtors. Below are certain key areas in which FTS provided services to the Debtors:

    a. Developed marketing materials and other documents utilized in the sale process;

    b. Marketed the Debtors assets to potential buyers and managing communication with joint venture partners and potential buyers;

  c. Facilitating diligence efforts with potential buyers and populating documents to the data room;

  d. Valuing the Debtors assets and development of a scorecard that allowed the Debtors to analyze and compare bids from multiple parties;

  e. Updating the Committee, Pension Committee, and other key stakeholders on a weekly basis regarding the sale process;

  f. Other investment banking activities deemed necessary throughout the process.

## **NOTICE**

24. The Debtors will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Iowa Department of Revenue; (d) the United States Attorney for the Northern District of Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel to the Committee; (g) counsel to the Pension Committee; (h) counsel for the Secured Bondholder Representative; (i) the Federal Trade Commission; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, FTS respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Atlanta, Georgia
August 6, 2024

                                                                                      C. Richard Bayman
                                                                                      Managing Director
                                                                                      Fifth Third Securities, Inc.

Dated: August 8, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:   (319) 286-7002
Facsimile:   (319) 286-7050
Email:       rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email:       mmcguire@nyemaster.com
             kmstanger@nyemaster.com
             dhempy@nyemaster.com

-and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:   (312) 372-2000
Facsimile:   (312) 984-7700
Email:       fperlman@mwe.com
             dsimon@mwe.com
             ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:       jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this August 8, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*