## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: August 22, 2024 at 4:00 p.m. (CT)** |

### SUMMARY COVER SHEET TO THE FIRST AND FINAL FEE APPLICATION OF NYEMASTER GOODE, P.C., COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 7, 2023 THROUGH JULY 31, 2024

| | |
|---|---|
| Name of applicant: | **NYEMASTER GOODE, P.C.** |
| Authorized to provide professional services to: | **Debtors and Debtors-In-Possession** |
| Date of retention: | **August 7, 2023** |
| Date of order authorizing retention: | **September 14, 2023, Docket No. 225** |
| Period for which compensation and reimbursement is sought: | **August 7, 2023 through July 31, 2024** |
| Amount of compensation sought as actual, reasonable and necessary: | **$ 636,399.50** [1] |

---

[1]     Nyemaster anticipates that it has incurred approximately $6,000.00 in fees that have not yet been processed through Nyemaster's computerized billing system related to preparation, review, and filing of professional fee applications from August 1, 2024 through the date of the filing of this Application. The amounts listed herein include this estimated amount. To the extent that Nyemaster's actual fees incurred preparing, reviewing, and filing these applications from and after August 1st are less than $6,000.00, Nyemaster shall lower the amount sought in its proposed order granting this Application. To the extent that Nyemaster's actual fees incurred preparing, reviewing, and filing these applications from and after August 1st are more than $6,000.00, Nyemaster waives its right to payment for amounts in excess of the estimate. Nyemaster's time records for the period from August 1, 2024 through the date of the filing of this Application will be made available upon request.

| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$ 41,042.74** |

| This is a: | **First and Final Fee Application** |

**SUMMARY OF NYEMASTER MONTHLY APPLICATIONS FOR COMPENSATION**

| Application | Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees & Expenses |
|---|---|---|---|---|---|
| First Month | 10/09/23, Dkt. 347 | 08/7/23 – 08/31/23 | $ 57,447.60 (80% of total) | $ 10,422.02 (100% of total) | $ 67,869.62 |
| Second Month | 11/10/23, Dkt. 498 | 09/01/23 – 09/30/23 | $ 70,495.60 (80% of total) | $ 7,253.61 (100% of total) | $ 77,749.21 |
| Third Month | 11/27/23, Dkt. 531 | 10/01/23 – 10/31/23 | $ 61,730.00 (80% of total) | $ 19,318.80 (100% of total) | $ 80,013.40 |
| Fourth Month | 12/15/23, Dkt. 572 | 11/01/23– 11/30/23 | $ 35,490.80 (80% of total) | $ 208.61 (100% of total) | $ 35,699.41 |
| Fifth Month | 02/05/24, Dkt. 711 | 12/01/23– 12/21/23 | $ 31,978.80 (80% of total) | $ 641.86 (100% of total) | $ 32,620.66 |
| Sixth Month | 03/08/24, Dkt. 815 | 01/01/24– 01/31/24 | $ 65,550.00 (80% of total) | $ 975.00 (100% of total) | $ 66,525.00 |
| Seventh Month | 04/10/24, Dkt. 945 | 02/01/24– 02/28/24 | $ 39,839.60 (80% of total) | $ 285.23 (100% of total) | $ 40,124.83 |
| Eighth Month | 05/06/24 Dkt. 1019 | 03/01/24– 03/31/24 | $ 39,314.80 (80% of total) | $ 543.87 (100% of total) | $ 39,858.67 |
| Ninth Month | 06/06/24 Dkt. 1103 | 04/01/24– 04/30/24 | $ 27,848.00 (80% of total) | $ 195.94 (100% of total) | $ 28,043.94 |
| Tenth Month | 07/09/24 Dkt. 1159 | 05/01/24– 05/31/24 | $ 30,082.40 (80% of total) | $ 369.80 (100% of total) | $ 30,452.20 |

**SUMMARY OF BILLING BY PROFESSIONALS**
**AUGUST 7, 2023 THROUGH JULY 31, 2024**

| Name of Professional | Year of Bar Admission | Position and Practice Area | Hourly Billing Rate[2] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Roy R. Leaf | 2016 | Shareholder; Litigation, *Bankruptcy & Creditors' Rights* | $ 345.00 | 1,110.50 | $ 345,114.50 |
| Kristina M. Stanger | 2005 | Shareholder; Litigation, *Bankruptcy & Creditors' Rights* | $ 450.00 | 243.80 | $ 104,006.50 |
| Jeffrey W. Courter | 1987 | Shareholder; Litigation, *Bankruptcy & Creditors' Rights* | $ 515.00 | 0.50 | $ 257.50 |
| Kevin H. Collins | 1981 | Shareholder; Litigation, *Commercial* | $ 450.00 | 2.20 | $ 990.00 |
| Mark C. Dickinson | 1981 | Shareholder; Corporate Advisory, *Corporate Governance* | $ 560.00 | 8.50 | $ 4,760.00 |
| John F. Lorentzen | 1982 | Shareholder; Litigation, *Insurance Coverage* | $ 440.00 | 2.50 | $ 1,100.00 |
| Gregory Wilcox | 1982 | Shareholder; Corporate Advisory, *Mergers & Acquisitions* | $ 530.00 | 2.70 | $ 1,431.00 |
| G. Thomas Sullivan | 1985 | Shareholder; Corporate Advisory, *Insurance, General Business* | $ 450.00 | 0.40 | $ 180.00 |

---

[2]    The rates reflected in this column are the rates charged per hour by Nyemaster professionals as of the date of this Application. Note that certain of the Nyemaster professionals charged lower hourly rates August 7, 2023 and December 31, 2023 and that such professionals raised their hourly rates to the amount set forth herein on January 1, 2024 pursuant to the terms of Nyemaster's engagement letters with the Debtors and the Nyemaster Retention Order (as defined below).

| Name of Professional | Year of Bar Admission | Position and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Stephanie G. Techau | 1992 | Shareholder; Litigation, *Workers Compensation, Insurance, Employment* | $ 345.00 | 41.70 | $ 14,386.50 |
| K. Dwayne Vande Krol | 2002 | Shareholder; Corporate Advisory, *Tax* | $ 295.00 | 0.50 | $ 147.50 |
| Benjamin P. Roach | 2003 | Shareholder; Litigation & Professional Regulation Advisory | $ 370.00 | 0.90 | $ 333.00 |
| Frances M. Haas | 2008(IA) 2005 (WI) | Shareholder; Litigation, *Labor & Employment* | $ 330.00 | 21.00 | $6,731.50 |
| Michael C. Joyce | 2013 (IA) 2005 (IL) | Shareholder; Corporate Advisory, *Employee Benefits & Executive Compensation* | $ 410.00 | 2.60 | $ 1,066.00 |
| Jay Syverson | 2009 | Shareholder; Tax, Trust & Estates, Nonprofit | $ 390.00 | 4.10 | $ 1,285.50 |
| Leslie Behaunek | 2012 | Shareholder; Litigation, *Appeals, Commercial Litigation, Bankruptcy and Creditors' Rights* | $ 375.00 | 2.40 | $ 900.00 |
| Matthew A. McGuire | 2013 | Shareholder; Litigation, *Commercial* | $ 350.00 | 39.00 | $ 13,611.50 |
| Eric R. Tubbs | 2015 (IL) 2019 (IA) | Shareholder; Corporate Advisory, *Mergers & Acquisitions* | $ 330.00 | 11.10 | $ 3,663.00 |

| Name of Professional | Year of Bar Admission | Position and Practice Area | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Alicia R. Nicoletto | 2016 | Shareholder; Corporate Advisory, *Bank & Finance, Mergers & Acquisitions* | $ 280.00 | 2.30 | $ 644.00 |
| Mackenzie J. O'Brien | 2018 | Shareholder; Corporate Advisory, *Healthcare & Insurance Regulation* | $ 250.00 | 72.10 | $ 18,025.00 |
| Lindsey Guerrero | 2012 | Associate; Corporate Advisory, *Real Estate* | $ 260.00 | 187.10 | $ 48,646.00 |
| Chris E. Slack | 2015 | Staff Attorney; Litigation | $ 205.00 | 0.20 | $ 41.00 |
| Logan J. Eliasen | 2018 | Associate; Litigation | $ 235.00 | 12.50 | $ 2,937.50 |
| Shawna Schamberger | 2021 | Associate; Corporate Advisory | $ 230.00 | 4.60 | $ 1,058.00 |
| Dana W. Hempy | 2021 | Associate; Litigation | $ 275.00 | 86.00 | $ 20,020.00 |
| Wesley Greder | 2022 | Associate; Corporate Advisory | $ 210.00 | 96.60 | $ 20,286.00 |
| Nathan Wegmann | 2023 | Associate; Corporate Advisory | $ 205.00 | 6.50 | $ 1,332.50 |
| Sharon K. Carney | N/A | Paralegal | $ 90.00 | 196.10 | $ 16,263.00 |
| Molli A. Bauer | N/A | Paralegal | $ 160.00 | 4.40 | $ 704.00 |
| Nicole D. Kern | N/A | Paralegal | $ 165.00 | 2.90 | $ 478.50 |
| **TOTAL:** | | | | **2,165.70** | **$ 636,399.50** |

**COMPENSATION BY PROJECT CATEGORY**
**AUGUST 7, 2023 THROUGH JULY 31, 2024**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 483.5 | $ 139,091.50 |
| Schedules and Statements | 25.40 | $ 6,954.50 |
| Employment and Fee Applications (Nyemaster)[3] | 72.00 | $ 22,657.00 |
| Employment and Fee Applications (Other)[4] | 59.90 | $ 21,247.50 |
| Cash Collateral and DIP Financing | 19.70 | $ 6,917.00 |
| Preparation and Review of Case Pleadings | 529.30 | $ 139,900.00 |
| Meetings and Communications with Creditors | 83.10 | $ 25,379.50 |
| Asset Sales | 361.70 | $ 100,540.50 |
| Plan and Disclosures Statement | 136.00 | $ 51,936.50 |
| Executory Contracts and Leases | 150.30 | $ 43,507.50 |
| Claims Analysis and Recovery | 5.00 | $ 1,819.50 |
| Avoidance Actions and Litigation | 239.80 | $ 76,448.50 |
| **TOTAL:** | **2,165.70** | **$ 636,399.50** |

---

[3]   Nyemaster anticipates that it has incurred approximately $3,500.00 in fees that have not yet been processed through Nyemaster's computerized billing system related to preparation of this Application from August 1, 2024 through the date of the filing of this Application, in addition to the $19,157.00 in fees billed through July 31, 2024. The amounts listed herein include the estimated amount, as set forth in more detail in footnote 1.

[4]   Nyemaster anticipates that it has incurred approximately $2,500.00 in fees that have not yet been processed through Nyemaster's computerized billing system related to preparation, review, and filing of other professionals' fee applications from August 1, 2024 through the date of the filing of this Application, in addition to the $18,747.50 in fees billed through July 31, 2024. The amounts listed herein include the estimated amount, as set forth in more detail in footnote 1.

**EXPENSE SUMMARY**
**AUGUST 7, 2023 THROUGH JULY 31, 2024**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Report of Title | Iowa County Abstract Company; | $ 250.00 |
| Personal Lien Searches | Iowa County Abstract Company; | $ 100.00 |
| Preliminary Title Certificate | Washington Title & Guaranty Company; | $ 165.00 |
| Report of Liens | Hawkeye Title Services, LC | $ 350.00 |
| Lien Search | Muscatine County Abstract Co. | $ 115.00 |
| Lien Search | Muscatine County Abstract Co. | $ 115.00 |
| Reimbursement for Bankruptcy Filings Fees for Mercy Hospital | | $ 1,738.00 |
| Reimbursement for Bankruptcy Filings Fees for Mercy Hospital; Mercy ACO and Mercy Services | | $ 1,738.00 |
| Reimbursement for Bankruptcy Filings Fees for Mercy Hospital; Mercy ACO and Mercy Services | | $ 1,738.00 |
| Abstract Fees | Werling Abstract Company | $ 1,700.00 |
| Abstract Fees | Washington Title & Guaranty Company | $ 1,075.00 |
| Abstract Fees | Iowa County Abstract Company | $ 850.00 |
| Report of Title | Werling Abstract Company | $ 200.00 |
| Buyers Search | Werling Abstract Company | $ 50.00 |
| August Westlaw Charges | Westlaw | $ 238.02 |
| Reimbursement for Fee for Publications | The Gazette | $ 5,745.00 |
| Reimbursement for Meal | Black Sheep | $ 37.45 |
| Reimbursement for Meal | Jimmy Johns | $ 79.52 |
| Fee for publication | The Gazette | $ 645.84 |
| Reimbursement for Hearing Transcripts | Access Transcripts, LLC | $ 92.40 |
| Reimbursement for Hearing Transcripts | Access Transcripts, LLC | $ 653.40 |
| Abstracting Fees - All Iowa City Properties | Security Abstract Company | $ 2,350.00 |
| Printing Fees for 5 Binders of documents | Allegra | $ 706.11 |
| Fee for Publication | Iowa City Press-Citizen | $ 3,804.16 |
| Postage - Certified Mail | | $ 8.53 |
| Abstracting Fees - 639 E. Market Street, Iowa City | Security Abstract Company | $ 850.00 |
| Abstracting Fees - 127 N. Dodge Street, Iowa City | Security Abstract Company | $ 850.00 |

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Abstracting Fees - 625 E. Market Street, Iowa City | Security Abstract Company | $ 850.00 |
| Abstracting Fees - 619 E. Market Street, Iowa City | Security Abstract Company | $ 850.00 |
| Abstracting Fees - 611 E. Market Street, Iowa City | Security Abstract Company | $ 850.00 |
| Abstracting Fees - 540 E. Jefferson Street, Iowa City | Security Abstract Company | $ 850.00 |
| Abstracting Fees - 209 N. Dodge, Iowa City | Security Abstract Company | $ 2,250.00 |
| Abstracting Fees - 603 E. Market Street, Iowa City | Security Abstract Company | $ 850.00 |
| Abstracting Fees - Parcel No. 1010166008 | Security Abstract Company | $ 2,250.00 |
| Abstracting Fees - 601 E. Bloomington, Iowa City | Security Abstract Company | $ 2,000.00 |
| Reimbursement for Meal | Deb's Ice Cream & Deli | $ 208.61 |
| Hotel Reimbursement for Hospital Board Executive Session and Auction Meeting in Chicago, IL | | $ 351.04 |
| Travel Expenses for Hospital Board Executive Session and Auction Meeting in Chicago, IL | | $ 290.82 |
| Reimbursement for Filing Fee for Amended Schedules | | $ 34.00 |
| Abstracting Fees - Lots 1-3 Morrison James Property of Mercy Hospital | Muscatine County Abstract Co. | $ 975.00 |
| Reimbursement for Meal | Deb's Ice Cream & Deli | $ 169.23 |
| Corporation Copies for Mercy Hospital, Iowa City | Iowa Secretary Of State | $ 12.00 |
| Certificate of Existence for Corp #98551 | Iowa Secretary Of State | $ 5.00 |
| Certificate of Existence for Corp #60776 | Iowa Secretary Of State | $ 5.00 |
| Certificate of Existence for Corp #60776 | Iowa Secretary Of State | $ 5.00 |
| Reimbursement for Delivery Fees for Title Documents | FedEx | $ 55.00 |
| Fee for Publication of Legal Notices | Gazette Communications Inc. | $ 543.87 |
| Meal Expense re: Reimbursement for Meal | Pub 217 | $ 195.94 |

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Fee for Publication in the Des Moines Register | Gannett Iowa LocaliQ | $ 187.60 |
| Fee for Publication in the Iowa City Press Citizen | Gannett Iowa LocaliQ | $ 182.20 |
| Reimbursement for Transcript of Hearing | Access Transcripts, LLC | $ 750.00 |
| Reimbursement for Transcript of Hearing | Access Transcripts, LLC | $ 78.00 |
| **TOTAL:** | | **$ 41,042.74** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: August 22, 2024 at 4:00 p.m. (CT)** |

**FIRST AND FINAL FEE APPLICATION OF NYEMASTER GOODE, P.C.,**
**COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR FINAL**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
<u>**THE PERIOD FROM AUGUST 7, 2023 THROUGH JULY 31, 2024**</u>

Nyemaster Goode, P.C. (the "<u>Applicant</u>" or "<u>Nyemaster</u>"), counsel to Mercy Hospital, Iowa City, Iowa ("<u>Mercy</u>") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession (the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), hereby applies (the "<u>Application</u>), pursuant to sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 1114] (the "<u>Confirmation Order</u>"), and *Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 1050] (the "<u>Plan</u>") for final allowance and approval of compensation for services rendered and reimbursement of expenses for the period from August 7, 2023 through July 31, 2024 (the "<u>Application Period</u>"), and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue of the Chapter 11 Cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, the Confirmation Order, and the Plan.

**BACKGROUND**

**A.  The Chapter 11 Cases**

4.      On August 7, 2023 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On August 15, 2023, the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases. *See* Docket No. 107. On November 4, 2023 the U.S. Trustee appointed an official committee of pensioners (the "Pension Committee") in the Chapter 11 Cases. *See* Docket No. 458. No statutory trustee or examiner was appointed in the Chapter 11 Cases.

6.      Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the *Declaration of Mark E. Toney in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 27].

7.      On June 7, 2024, the Court confirmed the Plan. *See* Docket Nos. 1113, 1114.

**B.  The Retention of Nyemaster**

7.      On August 23, 2023, Debtors applied to the Court (the "Nyemaster Application") for an order authorizing Debtors to retain and employ Nyemaster as their counsel, effective as of the Petition Date. *See* Docket No. 145. Additional details regarding Nyemaster and its scope of representation of the Debtors are set forth in the Nyemaster Application, including the declaration submitted in support thereof.

8.      On September 14, 2023, the Court entered an order authorizing such retention (the "Nyemaster Retention Order"). *See* Docket No. 225. The terms of Nyemaster's retention are set forth in further detail in the Nyemaster Retention Order.

**C.  The Interim Compensation Order**

8.      On September 14, 2023, the Court entered its *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 224] (the "Interim Compensation Order"), which set forth the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases. Specifically, the Interim Compensation Order provides that a Retained Professional (as defined in the Interim Compensation Order) may file and serve a Monthly Fee Application (as defined in the Interim Compensation Order) on or after the fifteenth (15th) day of each month following the month for which compensation is sought. Fourteen (14) days after the service of a Monthly Fee Application, the Debtors are authorized to pay such Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Fee Application that are not subject to an objection.

9.      In accordance with the Interim Compensation Order, Nyemaster—a Retained Professional—submitted ten Monthly Fee Applications. A chart detailing the ten Monthly Fee Applications that Nyemaster filed is set forth at the start of this Application and titled "Summary of Nyemaster Monthly Applications for Compensation."

**D.  The Plan and Confirmation**

10.     On May 16, 2024, the Court held a hearing to consider confirmation of the Plan.

11.     After taking the Plan under consideration, on June 7, 2024, the Court issued the Confirmation Order and its *Memorandum Opinion and Order Overruling MercyOne's Objection to Debtors' Plan Confirmation* [Docket No. 1113] confirming the Plan.

12.     On June 24, 2024, the Debtors filed their *Notice of (I) Entry of Order Confirming Debtors' First Amended Joint Chapter 11 Plan of Liquidation and (II) Occurrence of Effective Date* [Docket No. 1139] (the "Effective Date Notice"). As set forth in the Effective Date Notice, the effective date under the Plan was June 24, 2024 (the "Effective Date").

13.     Pursuant to Article IV.D of the Plan, all final requests for payment of a Professional Fee Claim (as defined in the Plan)—such as Nyemaster's request pursuant to this Application—are required to be filed no later than 45 days after the Effective Date, or August 8, 2024.

## RELIEF REQUESTED

14.     Pursuant to Bankruptcy Code section 330 and provisions set forth in the Plan and Confirmation Order, Nyemaster is seeking final approval and allowance of compensation in the amount of $636,399.50 (the "Professional Fees"), which is equal to one hundred percent (100%) of the fees for professional services rendered by Nyemaster during the Application Period. This amount is derived solely from the applicable hourly billing rates of Nyemaster's personnel who rendered services to the Debtors.

15.     In addition, Nyemaster incurred $41,042.74 in out-of-pocket expenses during the Application Period (the "Expenses" and, together with the Professional Fees, the "Compensation"). Nyemaster is also seeking final approval and allowance of reimbursement of one hundred percent (100%) of these out-of-pocket expenses by this Application and pursuant to Bankruptcy Code section 330.

14

16.     For the avoidance of doubt, Nyemaster is not, by this Application, seeking duplicative payment from the Professional Fee Reserve (as defined in the Plan). As set forth herein, Nyemaster has already received $498,956.94[1] (the "<u>Paid Interim Compensation</u>") from the Professional Fee Reserve during the course of the Chapter 11 Cases pursuant to the terms of the Interim Compensation Order. Instead, Nyemaster is seeking a final approval and allowance from the Court of the full amount of the Compensation pursuant to Bankruptcy Code section 330 and authority to set off $137,442.56 from the $154,256.50 prepetition advance payment retainer (the "<u>Advance Payment Retainer</u>") held by Nyemaster, which is the difference between the Paid Interim Compensation and the full amount of the Compensation earned and incurred.

17.     Following entry of the Proposed Order and set off, Nyemaster shall refund the remaining, unused portion of the Advance Payment Retainer to the Liquidation Trustee (as defined in the Plan) in accordance with the terms of its engagement letters with the Debtors.

## A. Compensation Requested

11.     Attached hereto as **<u>Exhibit A</u>** is a detailed itemization, by project category, of all services performed by Nyemaster with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with the Bankruptcy Code and Bankruptcy Rules in that each time entry contains a separate time allotment, a description of the type of activity, the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

---

[1]     This Paid Interim Compensation amounts includes $30,452.20 that is due and owing to Nyemaster pursuant to the Interim Compensation Order for the *Tenth Monthly Fee Application of Nyemaster Goode P.C., Counsel to Debtors and Debtors-In-Possession, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2024 through May 31, 2024* [Docket No. 1159]. These amounts have not yet been paid to Nyemaster by the Liquidation Trustee (as defined in the Plan), but Nyemaster expects to receive such amounts prior to this Court's ruling on this Application. To the extent that these amounts are not paid to Nyemaster prior to the time this Court is to rule on this Application, Nyemaster reserves all rights to seek payment of these amounts through this Application.

12. The attorneys and paraprofessionals who rendered services related to each project category are identified both in **Exhibit A** and in the summary charts at the start of this Application. The charts show the number of hours for each individual and the total compensation sought for each category.

**B. Expense Reimbursement**

13. Nyemaster incurred out-of-pocket expenses during the Application Period in the amount of $41,042.74. Descriptions of the expenses actually occurred are identified in **Exhibit A** in relation to each project category. The expenses are broken down into categories of charges.

**DESCRIPTION OF SERVICES RENDERED**

14. Nyemaster provided a wide array of legal services to the Debtors. The services rendered by Nyemaster are summarized below, and are more fully described in the detailed time entries attached to this Application as **Exhibit A.**

15. During the Application Period, Nyemaster worked closely with the Debtors and the Debtors' other professionals to achieve the Debtors' objectives, including stabilization of the Debtors' business operations, sale of substantially all of the Debtors' assets, maximization of value, and preparation of the Plan that effectuated the orderly liquidation of the Debtors' remaining assets and payments to creditors.

16. The services Nyemaster provided to the Debtors were necessary to fulfilling the Debtors' fiduciary and statutory duties and achieving the Debtors' objectives in these Chapter 11 Cases. In particular, Nyemaster's services were essential to helping the Debtors resolve numerous issues that arose as well as to cost-effectively manage certain aspects of the Chapter 11 Cases. Through the extensive work performed by Nyemaster and the Debtors' other professionals, the Debtors were able to obtain the prompt and consensual resolution of the vast majority of issues that arose during the Chapter 11 Cases.

17.     To meet the Debtors' needs, Nyemaster professionals provided multi-disciplinary services on a daily basis, working nights, weekends, and holidays as necessary to research, draft, analyze, negotiate, and resolve the myriad of issues and situations that arose during the Application Period. Certain Nyemaster professionals were required to devote the vast majority of their time to this engagement, often to the exclusion of other potential clients and matters.

18.     At the start of the Chapter 11 Cases, Nyemaster created 12 different matter numbers or subject-matter categories to which its professionals billed their time. All of these matter numbers corresponded to categories of tasks performed by Nyemaster on behalf of the Debtors. Nyemaster kept a contemporaneous record of the time spent rendering services and separated tasks in billing increments of one-tenth of an hour. All of the services performed by Nyemaster professionals were legal in nature and necessary and appropriate for the effective administration of these Chapter 11 Cases.

19.     A description of Nyemaster's 12 billing categories is set for below with an overview of the various tasks that Nyemaster professionals devoted significant time to during the Chapter 11 Cases.

### I.    Case Administration (0001)
### Amount Sought: $139,091.50

20.     During the Application Period, Nyemaster professionals devoted significant time to a variety of administrative tasks that were necessary to successfully operating the Chapter 11 Cases on a daily basis. These tasks included, among other things, communicating and meeting with the many and various parties in interest and stakeholders in the Chapter 11 Cases regarding case issues such as strategy, settlement, and negotiation, communicating and meeting with the Debtors' other various professionals regarding various case issues, strategy, and business operations, preparing for and attending court hearings, communicating with the Court on behalf of the Debtors regarding hearings and related matters, responding to inquiries from the Debtors'

patients and other parties in interest regarding the Chapter 11 Cases and notices received, attention and strategy to issues involving Iowa law and the Debtors' operations and corporate governance, and communications with the Debtors and their employees regarding the Debtors' various business issues.

21.     This case administration matter number accounted for the widest range of tasks performed by Nyemaster professionals, being used in some cases where tasks did not fit neatly in any other category.

22.     Nyemaster professionals devoted a total of 483.5 hours to case administration during the Application Period, for which compensation in the amount of $139,091.50 is sought.

**II.     Schedules and Statements (0002)
     Amount Sought: $6,954.50**

23.     Nyemaster professionals assisted the Debtors with the preparation and review of various reports and schedules required by the Bankruptcy Code, Bankruptcy Rules, and Local Rules, including schedules of assets and liabilities and statements of financial affairs for each of the Debtors (the "Schedules and Statements"). Nyemaster professionals also assisted with drafting the global notes to these Schedules and Statements as well as filing the Schedules and Statements. Nyemaster also assisted the Debtors with preparing certain amendments to the Schedules and Statements during the Chapter 11 Cases necessitated by updated or newly discovered information.

24.     Nyemaster professionals devoted a total of 25.40 hours to preparing, reviewing, and working on matters related to the Debtors' schedules and statements during the Application Period, for which compensation in the amount of $6,954.50 is sought.

**III.     Employment and Fee Applications (Nyemaster) (0003)
     Amount Sought: $22,657.00**

25.     As required by the Bankruptcy Code and Bankruptcy Rules, Nyemaster professionals prepared and filed the Nyemaster Application. Further, Nyemaster assisted in the

preparation and maintenance of a parties-in-interest list that was used not only to run internal conflict checks and comply with Nyemaster's ongoing disclosure obligations during the Chapter 11 Cases, but also distributed to other case professionals to use when running conflicts. Nyemaster also prepared monthly fee applications in accordance with the Interim Compensation Order as well as prepared this Application.

26.    Nyemaster professionals devoted a total of 72.00 hours to preparing, reviewing, and working on matters related to the Nyemaster's employment and fee applications during the Application Period, for which compensation in the amount of $22,657.00 is sought.

### IV.    Employment and Fee Applications (Others) (0004)
### Amount Sought: $21,247.50

27.    During the Application Period, Nyemaster professionals also assisted the Debtors' other professionals with review of and preparation of employment and fee applications required by the Bankruptcy Code and Bankruptcy Rules. Nyemaster assisted these professionals, including CBRE, Inc., H2C Securities, Inc. ("H2C"), Hall, Render, Killian, Heath, and Lyman P.C. ("Hall Render"), and ToneyKorf Partners, LLC, with drafts of their initial employment applications as well as review and filing of disclosure requirements required by their respective retentions. Additionally, Nyemaster assisted H2C and Hall Render with preparation of final fee applications required by the Bankruptcy Code and Bankruptcy Rules. Nyemaster also assisted the Debtors' ordinary course professionals with disclosure requirements and navigating payment of fees in accordance with this Court's order authorizing the retention of the Debtors' ordinary course professionals.

28.    Nyemaster professionals devoted a total of 59.90 hours to preparing, reviewing, and working on matters related to the Debtors' other professionals' employment and fee applications during the Application Period, for which compensation in the amount of $21,247.50 is sought.

19

## V.    Cash Collateral and DIP Financing (0005)
### Amount Sought: $6,917.00

29.    Nyemaster professionals assisted the Debtors with the negotiation and documentation of cash collateral agreements between them and certain secured parties. The services Nyemaster professionals provided included participation in internal strategic conferences early in the Chapter 11 Cases with the Debtors' other professionals, participation in meetings with the Debtors and certain secured parties, review and revision to cash collateral agreements, and research and analysis on certain security issues under Iowa law. Since no debtor-in-possession financing was necessary in the Chapter 11 Cases, Nyemaster did not provide any services related thereto (despite the title of this category).

30.    Nyemaster professionals devoted a total of 19.70 hours to analyzing, strategizing, reviewing, and meeting with key stakeholders on matters related to the cash collateral during the Application Period, for which compensation in the amount of $6,917.00 is sought.

## VI.    Preparation and Review of Case Pleadings (0006)
### Amount Sought: $139,900.00

31.    Nyemaster professionals also drafted numerous pleadings during the Chapter 11 Cases related to case issues and business operations. These pleadings included motions to enforce the automatic stay, motions to extend exclusivity, numerous omnibus motions to reject executory contracts, motions to sell joint venture interests and the beneficial interest in the Thompson Brothers' Trust, motions to modify certain Local Rule requirements in connection with various pleadings, a variety of administrative motions related to hearings, numerous notices, and others. Nyemaster professionals also reviewed and provided comments on all of the Debtors' pleadings prepared initially by co-counsel McDermott, Will, & Emery LLP ("MWE"), including reviewing such pleadings for issues related to Iowa law, the Local Rules, and Eighth Circuit law. Nyemaster professionals also prepared for filing and filed substantially all of the Debtors' pleadings in the

Chapter 11 Cases. Nyemaster professionals also communicated regularly with the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC regarding service of the Debtors' pleadings in the Chapter 11 Cases. Additionally, the appropriate Nyemaster professionals for each of the various issues in the Chapter 11 Cases reviewed and analyzed pleadings filed by other parties in interest.

32.    Nyemaster professionals devoted a total of 529.30 hours to drafting, reviewing, researching, and working on matters related to the pleadings in the Chapter 11 Cases during the Application Period, for which compensation in the amount of $139,900.00 is sought.

### VII.    Meetings and Communications with Creditors (0007)
### Amount Sought: $25,379.50

33.    Nyemaster professionals also devoted time to communicating with certain of the Debtors' thousands of creditors during the Chapter 11 Cases. In particular, Nyemaster professionals responded to numerous emails, calls, and other inquiries from these creditors related to the Debtors' business operations, the status of the Chapter 11 Cases, and notices received.

34.    Nyemaster professionals devoted a total of 83.10 hours to general communications with the Debtors' creditors during the Application Period, for which compensation in the amount of $25,379.50 is sought.

### VIII.    Asset Sales (0008)
### Amount Sought: $100,540.50

35.    During the Application Period, Nyemaster professionals assisted the Debtors in pursing the process of, and negotiating the terms of, the sale of substantially all of the Debtors' clinical operations and assets (the "Sale"). The Sale was critical to maximizing value for all parties-in-interest and ensuring continuity of care for the Debtors' thousands of patients in Eastern Iowa.

36.    In addition to assisting MWE with numerous bankruptcy aspects related to the Sale, Nyemaster professionals led the real estate aspects of the Sale since these issues heavily implicated

21

Iowa law. These efforts included negotiation of real estate aspects of the Sale, review of title opinions and related documents, and work on review of various real estate encumbrances. Nyemaster professionals also participated in the auction process, including in-person and Zoom attendance of the auction proceedings. Nyemaster professionals also worked diligently to resolve outstanding matters relating to the Sale both before and after closing, including numerous communications with the successful bidder, the State University of Iowa, and its professionals.

37.     Nyemaster professionals devoted a total of 361.70 hours to analyzing, reviewing, negotiating, and working on matters related to the Sale during the Application Period, for which compensation in the amount of $100,540.50 is sought.

**IX.     Plan and Disclosure Statement (0009)**
**Amount Sought: $51,936.50**

38.     During the Application Period, Nyemaster professionals advised the Debtors in connection with the development, negotiation, drafting, revising, and confirmation of the Plan and disclosure statement. Nyemaster professionals spent significant time negotiating provisions of the Plan with the significant parties in interest in the Chapter 11 Cases, including the Pension Committee, Committee, and bondholders. Nyemaster professionals also spent time in strategy conferences with the Debtors' other professionals discussing, among other things, paths towards consensus with the stakeholders.

39.     Nyemaster professionals devoted a total of 136.00 hours to preparing, reviewing, and working on matters related to the Plan during the Application Period, for which compensation in the amount of $51,936.50 is sought.

**X.     Executory Contracts and Leases (0010)**
**Amount Sought: $43,507.50**

40.     Nyemaster professionals also spent significant time working with the Debtors' and their other professionals to analyze the Debtors' executory contracts and leases, particularly in

connection with the Sale. Nyemaster professionals assisted the Debtors with reviewing contracts to determine whether they were executive in nature, identify key executory contracts, and engage in discussions with the numerous executory contract counterparties.

41.     Nyemaster professionals devoted a total of 150.30 hours to reviewing and working on matters related to the Debtors' executory contracts and leases during the Application Period, for which compensation in the amount of $43,507.50 is sought.

**XI.     Claims Analysis and Recovery (0011)**
**Amount Sought: $1,819.50**

42.     Nyemaster professionals spent time reviewing certain important claims filed by the Debtors' creditors. Nyemaster professionals also communicated with certain creditors regarding questions and requests with respect to proofs of claim.

43.     Nyemaster professionals devoted a total of 5.00 hours to claims analysis during the Application Period, for which compensation in the amount of $1,819.50 is sought.

**XII.    Avoidance Actions and Litigation (0012)**
**Amount Sought: $76,448.50**

44.     During the Application Period, Nyemaster professionals spent considerable time preparing for actual and threatened litigation and avoidance actions by certain parties in interest. The efforts of Nyemaster professionals included strategic meetings with the Debtors and other parties in interest related to attempts to resolve these issues, attendance at depositions requested of the Debtors' professionals, meetings with the Debtors' and their professionals related to discovery requests, review of litigation letters directed at the Debtors from parties in interest, and various other tasks.

45.     Nyemaster professionals also spent considerable time attending to issues related to the Debtors' workers compensation program. In particular, Nyemaster professionals worked with the State of Iowa to address the Debtors' self-insured retention fund held under Iowa state law for

workers compensation coverage and worked with the State of Iowa towards a resolution of these issues that would return value to the Debtors' estates. Nyemaster professionals also worked with the Debtors' other workers compensation counsel, the Debtors' workers compensation claims administrator Sedgwick, and workers compensation claimants to attempt to settle certain workers compensation matters.

46.     Nyemaster professionals devoted a total of 239.80 hours working on matters related to avoidance actions and litigation during the Application Period, for which compensation in the amount of $76,448.50 is sought.

## VALUATION OF SERVICES

47.     Nyemaster is a law firm with experience and knowledge of bankruptcy law, including local court rules, with an office in Cedar Rapids and a broad-based practice including substantial expertise in many of the areas of federal and Iowa state law that may arise in the Chapter 11 Cases. Nyemaster has experience and knowledge in the fields of corporate real estate and tax, creditor's rights, bankruptcy law, intellectual property law, healthcare law, labor and employment, and agricultural law.

48.     Attorneys and paraprofessionals of Nyemaster have expended a total of 2,165.70 hours in connection with this matter during the Application Period.

49.     The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set forth in **Exhibit A.** As discussed in the Application, the rates reflected therein are Nyemaster's normal hourly rates of compensation for work of this character. The rates in this Application reflect a rate increase for certain of Nyemaster's attorneys that became on January 1, 2024. Nyemaster provided notice to the U.S. Trustee in accordance with the Interim Compensation Order and the U.S. Trustee did not object to such increases.

50.     Nyemaster believes that the time entries, rates, and expenses included in **Exhibit A**

are reasonable, customary, and in compliance with the requirements of the Bankruptcy Code.

## DISCUSSION

51.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title

52.     The Eighth Circuit Court of Appeals has stated:

"[Reasonable] [c]ompensation . . . presumably reflects (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."

*P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728, 731–32 (8th Cir. 1992).

53.     In reviewing this Application, the Court should be guided by the Eighth Circuit's

instruction to ascertain whether such services were rendered and billed in accordance with the

established market for legal services in similar matters:

Section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts."

*Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984); *see also In re Continental*

*Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992) ("[I]t is not the function of judges

in fee litigation to determine the equivalent of the medieval just price. It is so to determine what

the lawyer would receive if he was selling his services in the market rather than being paid by court order.").

54.     This Application complies with the fee application requirements set forth in *In re Pothoven*, 84 B.R. 579 (Bankr. S.D. Iowa 1988).  The exhibits to this Application list and describe each activity, the date it was performed, the attorney or professional who performed the work, the time spent on the work, and the individual's hourly rate. *Id.* at 584. Furthermore, time and each task are broken down into tenths of an hour and individually recorded.  *See* **Exhibit A.**

55.     Nyemaster's hourly rate of compensation for attorneys and para-professionals during the Application Period range from $ 90.00 to $ 560.00. These rates are comparable to rates charged by other local practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. Nyemaster consistently and consciously made reasonable efforts to represent the Debtors in the most economical, efficiently, and practical manner possible.

56.     Each individual that billed time on these cases has experience specifically qualifying them for their participation in these Chapter 11 Cases. As set forth in *Pothoven*, Nyemaster has provided "a description of each professional for whom compensation is sought," including their years and areas of practice. *Pothoven*, 84 B.R. at 584.

57.     In accordance with the factors enumerated in Bankruptcy Code section 330, Nyemaster submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

58.     The fees charged by Nyemaster in this case are billed in accordance with its existing billing rates and procedures set forth in the Nyemaster Application, in effect during the Application Period.

26

59. Nyemaster's rates for the services rendered by its attorneys and paraprofessionals in these Chapter 11 Cases are the same rates that Nyemaster charges for services rendered in comparable matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable cases in a competitive national legal market.

60. Finally, the *Certification of Roy Leaf* is attached hereto as **Exhibit B** in compliance with the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases.*

61. Nyemaster reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

## NO PRIOR REQUEST

62. No prior request for the relief sought in the Application has been made to this or any other court.

**WHEREFORE**, Nyemaster respectfully requests that the Court enter an order:  (i) allowing and awarding Nyemaster final compensation in these Chapter 11 Cases in the amount of $636,399.50 for professional services rendered to the Debtors during the Application Period, plus reimbursement of actual and necessary charges and disbursements incurred in the amount of $41,042.74; (ii) authorizing Nyemaster to set off $137,442.56 from the Advance Payment Retainer held by Nyemaster, which is the difference between the Paid Interim Compensation and the full amount of the Compensation sought herein; and (iii) granting such other relief as is just and proper.

Dated: August 8, 2024

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:    (319) 286-7002
Facsimile:    (319) 286-7050
Email:        rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  (515) 283-3100
Fax:  (515) 283-8045
Email:        mmcguire@nyemaster.com
              kmstanger@nyemaster.com
              dhempy@nyemaster.com

-and -

**MCDERMOTT WILL & EMERY LLP**
Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        fperlman@mwe.com
              dsimon@mwe.com
              ekeil@mwe.com

- and -

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*

## **Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this August 8, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

*/s/ Roy Leaf*