IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**MOTION TO EXTEND DEADLINE TO OBJECT** |

COMES NOW Mercy Hospital Chapter 11 Plan Liquidation Trustee Dan R. Childers by and through his counsel and respectfully states:

1. Several months ago this Court entered an Order approving a Plan filed by the Debtors.

2. The Plan became effective, as of June 24, 2024. *See* Dkt #1139.

3. The confirmed Plan led to the creation of a Liquidation Trust ("Trust"). William Henrich was initially appointed as Trustee.

4. The Trust's activities and operations were subject to review by an "Oversight Committee" ("OC").

5. The OC recently met, and decided to appoint Dan R. Childers as successor Trustee, effective August 9, 2024.

6. Trustee Childers has recently engaged counsel and financial advisor, and he and his professionals had been in contact with the previous Trustee and his professionals, and all parties are trying in good faith to cooperatively and efficiently effectuate the transition.

7. Pursuant to provisions of the confirmed Plan (*e.g.* §1.8 p.12 of Plan at Dkt 1050), objections to various Administrative Claims will be due September 7, 2024.

8. Trustee Childers and his professionals are in the process of 'getting up to speed.' Based on preliminary and verbal reports received to date, apparently there may be somewhere in the neighborhood of 200 Administrative Claims totaling perhaps may be $10,000,000.00.

9. Given the recent appointment of Trustee Childers and the engagement of professionals and the need to 'get up to speed,' Trustee Childers needs additional time to peruse and examine the various Claims and then determine which Administrative Claims are valid, vis-à-vis ones that should not be allowed.

10. In light of the magnitude of the number and dollar amount of the Administrative Claims and recent developments, Trustee Childers should be granted an additional sixty days to object to various Administrative Claims. Trustee Childers submits more than adequate cause is present, as recited in this Motion. And while any delay in distribution in and of itself is not ideal, a mere sixty-day extension is not unduly prejudiced, given the circumstances of this case.

WHEREFORE, Trustee Childers respectfully prays this Court enter and enroll an Order granting Trustee Childers through and including November 6, 2024 to object to Administrative Claims, and for such other relief as may be just and proper under the premises.

      */s/ Eric W. Lam*
Eric W. Lam, AT0004416
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com

ATTORNEY FOR LIQUIDATION TRUSTEE

## Certificate of Service

      The undersigned certifies, under penalty of perjury, that on this 14th day of August, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

      */s/ Kelly Carmichael*

MHLT/Pldgs/BA 23-00623 – Drafts/Mtn to Extend Time to Obj Admin Claim.081424.1059.kc