## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.,* | ) Case No. 23-00623 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW APPROVING (I) THE SALE OF THE DEBTORS' BENEFICIAL INTEREST IN THE THOMPSON TRUST FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; (II) MODIFYING TERMS OF THE THOMPSON TRUST; AND (III) GRANTING RELATED RELIEF**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

The United States Bankruptcy Court for the Northern District of Iowa, Cedar Rapids Division (Chief Bankruptcy Judge Thad J. Collins) (the "Bankruptcy Court"), submits the following *Proposed Findings of Fact and Conclusions of Law Approving (I) the Sale of the Debtors' Beneficial Interest in the Thompson Trust Free and Clear of Liens, Claims, Interests, and Encumbrances; (II) Modifying Terms of the Thompson Trust; and (III) Granting Related Relief* (the "Proposed Findings and Conclusions") to the United States District Court for the Northern District of Iowa (the "Court") for consideration and review, in accordance with 28 U.S.C. § 157(c)(1) and Rule 9033 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

Debtor Mercy Hospital, Iowa City, Iowa by and through its Liquidating Trustee[1] ("Mercy") seeks an order (i) approving the transfer and sale of Mercy's equitable rights and interest as sole

---

[1] On June 7, 2024, the Debtors' Joint Chapter 11 Plan of Liquidation (the "Plan") was confirmed by this Court. [Docket Nos. 1114, 1115]. The Plan created a Liquidating Trust and appointed William Henrich as the Trustee. On June 24, 2024, the Plan went effective and the Liquidating Trustee became the successor in interest to the Debtors for purposes of this transaction. [Docket No. 1139]. On August 9, 2024 Dan R. Childers was named as replacement Trustee [Docket No. 1226]. All references to "Debtors" or "Debtor" herein incorporate the Liquidating Trust's interest as successors to the Debtors by operation of the confirmed Plan.

1

beneficiary (the "<u>Beneficial Interest</u>") of the "Thompson Brothers' Trust" (the "<u>Thompson Trust</u>")
to Mercy Medical Center, Cedar Rapids, Iowa Endowment Foundation, Inc. (the "<u>Mercy CR</u>
<u>Foundation</u>" or "<u>Purchaser</u>") and (ii) applying the *cy pres* doctrine in accordance with Iowa Code
§ 633A.5102 to modify the terms of the Thompson Trust to effectuate the transfer of the Beneficial
Interest and make the Mercy CR Foundation the sole beneficiary. While the request to approve the
transfer and sale of the Beneficial Interest is a core matter under 28 U.S.C. § 157(b)(2), the request
to modify the Thompson Trust using *cy pres* is a non-core matter over which the Bankruptcy Court
only has "related to" jurisdiction. Accordingly, the Bankruptcy Court is limited to providing these
Proposed Findings and Conclusions to this Court.

## I.    Proposed Findings of Fact

### <u>Jurisdiction, Final Order, and Statutory Predicates</u>

A.    The findings and conclusions set forth herein constitute the Court's findings of fact
and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding
pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute
conclusions of law, they are adopted as such. To the extent any of the following conclusions of
law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.
The sale, assignment, transfer, conveyance and delivery of the Beneficial Interest (the "<u>Sale</u>") is a
core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). The application of the *cy pres*
doctrine to the Thompson Trust pursuant to Iowa Code § 633A.5102 in connection with the Sale
is related to the Debtors'[2] Chapter 11 Cases under 28 U.S.C. § 1334(b).

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in *Debtors'*
*Motion for Entry of Proposed Findings of Fact and Conclusions of Law (I) Approving the Sale of the Debtors'*
*Beneficial Interest in the Thompson Trust Free and Clear of Liens, Claims, Interests, and Encumbrances; (II)*
*Modifying Terms of the Thompson Trust; and (III) Granting Related Relief* (the "<u>Thompson Sale Motion</u>").

C.      Using the *cy pres* doctrine to modify the Thompson Trust is a critical and necessary component to effectuating the Sale and consummating the Agreement. But for the application of the *cy pres* doctrine to the Thompson Trust, the Debtors would be unable to transfer and sell the Beneficial Interest and liquidation of the assets of the Debtors' estates would be negatively impacted. Accordingly, the Court has related to jurisdiction to apply *cy pres* because the application of *cy pres* satisfies the "conceivable effects" test. *See, e.g.*, *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 774 (8th Cir. 1995).

D.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The statutory predicates for the relief requested herein are sections 105(a), 363(b) and (f), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e) and (f), 9006, 9007, 9014, and 9033.

F.      This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds there is no just reason for delay in the implementation of this Sale Order and waives any stay, and expressly directs entry of judgment as set forth herein.

**Retention of Jurisdiction**

G.      It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the revised *Beneficiary Interest Transfer Agreement* submitted as a support document to the Thompson Sale Motion as Exhibit H (the "Agreement"), including its related documents, all amendments thereto and any waivers and consents thereunder, and to adjudicate, if necessary, any

3

and all disputes involving the Debtors and concerning or relating in any way to, or affecting, the Sale or the transactions contemplated in the Agreement, and related documents.

## Property of the Estate

H.     Mercy Beneficial Interest in the Thompson Trust is a beneficial interest under Iowa Code Chapter 633A and property of Mercy's estate under Bankruptcy Code section 541(a).

I.     The Thompson Trust does not contain a "spendthrift" provision or similar restriction on transfer of the Beneficial Interest.

## Corporate Authority; Consents and Approvals

J.     Mercy has, to the extent necessary or applicable, (i) the full corporate power and authority to execute and deliver the Agreement and all other documents contemplated thereby, (ii) all corporate authority necessary to consummate the transaction contemplated by the Agreement, and (iii) taken all corporate action necessary to authorize and approve the Agreement and the consummation of the transactions contemplated thereby. The Sale has been duly and validly authorized by all necessary corporate action. No consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtors to consummate the Sale, the Agreement, or the transactions contemplated thereby.

## Notice of Sale, Sale Hearing, and Agreement

K.     Actual written notice of the Thompson Sale Motion, the Sale, the hearing before the Bankruptcy Court to consider the Thompson Sale Motion and the Proposed Findings and Conclusions (the "Sale Hearing"), and the transactions contemplated thereby, and a reasonable opportunity to object or be heard with respect to the Thompson Sale Motion and the relief requested therein, has been afforded to all known interested entities and parties, including, without limitation, the following entities and parties: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Iowa Department of Revenue; (d) the United States Attorney for the Northern District of

Iowa; (e) the Centers for Medicare & Medicaid Services; (f) counsel to the Committee; (g) counsel

to the Pension Committee; (h) counsel for the Secured Bondholder Representatives; (i) the Federal

Trade Commission; (j) the Iowa Attorney General's office; (k) MidWestOne Bank; (l) Mercy CR

Foundation; and (m) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

L.      In addition, the Debtors have caused notice of the Thompson Sale Motion, the Sale,

and the Sale Hearing to be posted on the website maintained by the Debtors' claims and noticing

agent,     Epiq      Corporate      Restructuring,      LLC,      available      at

https://dm.epiq11.com/case/mercyhospital/info.   The   foregoing   notice   was   sufficient   and

reasonably calculated under the circumstances to reach entities whose identities are not reasonably

ascertainable by the Debtors.

M.      The notice of the Sale Hearing provided all interested parties with timely and proper

notice of the Thompson Sale Motion, the Sale Hearing, the Sale, and the transaction contemplated

thereby

N.      The Debtors have articulated good and sufficient reasons for this Court to grant the

relief requested in the Sale Motion regarding the processes associated with the Sale.

O.      As evidenced by the affidavits of service previously filed with the Court, proper,

timely, adequate, and sufficient notice of the Thompson Sale Motion, the Sale, and the Sale

Hearing, and the transactions contemplated thereby has been provided in accordance with

Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002, 6004, 9007, 9008, and

9014. The notices described herein were good, sufficient, and appropriate under the circumstances,

and no other or further notice of the Thompson Sale Motion, the Sale, or the Sale Hearing is or

shall be required.

P.      As evidenced by the affidavits of service previously filed with the Court, timely, adequate, and sufficient notice of the Thompson Sale Motion, the Sale, and the Sale Hearing, and the transactions contemplated thereby, including the *cy pres* relief requested in the Thompson Sale Motion, have been provided in accordance with Iowa Code sections 633A.1109 and 633A.5104. The notices described herein were good, sufficient, given in a manner reasonably suitable under the circumstances, and given in a manner likely to result in receipt of the notice.

Q.      The disclosures made by the Debtors concerning the Thompson Sale Motion, the Agreement, the Sale Hearing, and the Sale were good, complete, and adequate.

R.      A reasonable opportunity to object and be heard with respect to the Thompson Sale Motion, the Sale, and the relief requested therein has been afforded to all interested persons and entities, including the applicable notice parties.

## Highest and Best Offer

S.      The Debtors conducted a sale process that afforded a full, fair, and reasonable opportunity to determine the highest or otherwise best offer to purchase the Beneficial Interest based on the circumstances surrounding the Thompson Trust and its provisions.

T.      Pursuant to the Agreement, the Purchaser has agreed to pay $225,000.00 (the "Purchase Price") for the Beneficial Interest. The Purchase Price is the highest or otherwise best offer that the Debtors received for the Beneficial Interest, will provide a greater recovery for the Debtors' creditors than would be provided by any other practical alternative, and is reasonable and fair based on the Thompson Trust's provisions and Mercy CR Foundation's proposed uses for income from the Thompson Trust.

U.      The Debtors' determination that the Agreement constitute the highest and best offer for the Beneficial Interest constitutes a valid and sound exercise of the Debtors' reasonable business judgment.

V.      The Agreement represents a fair and reasonable offer to purchase the Beneficial Interest under the circumstances of the Chapter 11 Cases and the Thompson Trust.

W.      No other entity or group of entities has offered to purchase the Beneficial Interest for greater economic value to the Debtors' or their estates.

X.      The Debtors' decision to transfer and sell the Beneficial Interest to the Purchaser pursuant to the Agreement and this order is supported by good business reasons and sound justification based upon the Debtors' experience and the circumstances presented in this case.

Y.      Approval of the Sale Motion and the Agreement and the consummation of the transactions contemplated thereby is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

Z.      The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale of the Beneficial Interest outside of a plan of reorganization.

AA.     Entry of an order approving the Agreement and all the provisions thereof is a necessary condition precedent to Purchaser's consummation of the Sale, as set forth in the Agreement.

## Good Faith of the Purchaser

BB.     Based on the representations of counsel and other evidence proffered or adduced at the Sale Hearing, the Debtors and their advisors' marketing efforts secured the highest and best offer. The terms and conditions set forth in the Agreement are fair, adequate, and reasonable,

including the amount of the Purchase Price, which is found to constitute reasonably equivalent and fair value.

CC.    The Debtors and the Purchaser negotiated the terms and conditions of the Agreement in good faith and at arm's length. The Purchaser has entered into the Agreement in good faith and is a good faith buyer pursuant to Bankruptcy Code section 363(m), meaning that the Purchaser is entitled to the full protection of Bankruptcy Code section 363(m), and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (i) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed; (ii) the Purchaser has not violated Bankruptcy Code section 363(n) by any action or inaction; and (iii) the negotiation and execution of the Agreement was at arm's length and in good faith.

DD.    Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Agreement to be avoided under Bankruptcy Code section 363(n). The Debtors and the Purchaser were represented by their own respective counsel and other advisors during such arm's length negotiations in connection with the Agreement and the Sale.

EE.    No party has objected to the Sale or the Agreement on the grounds of fraud or collusion.

FF.    Accordingly, the Purchaser is purchasing the Beneficial Interest in good faith and is a good-faith buyer within the meaning of Bankruptcy Code section 363(m). The Purchaser is therefore entitled to all of the protections afforded under Bankruptcy Code section 363(m).

## No Fraudulent Transfer or Merger

GG.    The consideration provided by the Purchaser pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or best offer for the Beneficial Interest, and (iii) constitutes

reasonably equivalent value and fair consideration under the Bankruptcy Code and the Iowa

Uniform Voidable Transactions Act contained in Chapter 684 of the Iowa Code.

HH.   Neither the Purchaser nor its past, present, and future subsidiaries, parents,

divisions, affiliates, agents, representatives, insurers, attorneys, successors and assigns, nor any of

its nor their respective directors, managers, officers, employees, shareholders, members, agents,

representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance

companies, or partners (each, a "Purchaser Party" and, collectively, the "Purchaser Parties") is a

mere continuation of the Debtors or their estates. No Purchaser Party is holding itself out to the

public as a continuation of the Debtors or their respective estates. No Purchaser Party is a successor

to the Debtors or their estates, and the Sale does not amount to a consolidation, merger, or *de facto*

merger of the Purchaser (or any other Purchaser Party) and the Debtors.

**Validity of Transfer**

II.   The Agreement was not entered into for the purpose of hindering, delaying, or

defrauding creditors under the Bankruptcy Code or under the laws of the United States or the Iowa

Uniform Voidable Transactions Act. Neither the Debtors nor the Purchaser are entering into the

transactions contemplated by the Agreement fraudulently, for the purposes of statutory and

common law fraudulent conveyance and fraudulent transfer claims.

JJ.   Mercy is the sole beneficiary of the Thompson Trust. The Thompson Trust does

not contain a transfer restriction under Iowa law and, accordingly, the Beneficial Interest is

property of Mercy's estate pursuant to Bankruptcy Code section 541. Subject to Bankruptcy Code

section 363(f) (addressed below), the transfer of the Beneficial Interest to the Purchaser will be a

legal, valid, and effective transfer of the Beneficial Interest, which transfer vests or will vest the

Purchaser with all of Mercy's right, title, and interest in Beneficial Interest free and clear of (i) all

liens (including any liens as that term is defined in Bankruptcy Code section 101(37)) and encumbrances relating to, accruing, or arising any time prior to the Closing Date (as defined in the Agreement) (collectively, the "Liens"), and (ii) all debts (as that term is defined in Bankruptcy Code section 101(12)) arising under, relating to, or in connection with any act of the Debtors or claims (as that term is defined in Bankruptcy Code section 101(5)), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests, mortgages, hypothecations, charges, indentures, loan agreements, instruments, collective bargaining agreements, leases, licenses, deeds of trusts, security interests or similar interests, conditional sale or other title retention agreements and other similar impositions, restrictions on transfer or use, pledges, judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement, products liability, alter ego liability, suits, defenses, credits, allowances, options, limitations, causes of action, choses in action, rights of first refusal or first offer, rebate, chargeback, credit, or return, proxy, voting trust or agreement or transfer restriction under any shareholder or similar agreement or encumbrance, easements, rights of way, encroachments, liabilities, and matters of any kind and nature, whether arising prior to or subsequent to August 7, 2023, whether known or unknown, legal or equitable, mature or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to Claims (as defined below) and Liens (A) that purport to give any party a right or option to effect a setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, Mercy's or the Purchaser's interests in the Beneficial Interest, or any similar rights, if any, or (B) in respect of taxes, restrictions, rights of first refusal, charges of

interests of any kind or nature, if any, including without limitation, any restriction of use, voting, transfer, receipt of income, or other exercise of any attribute of ownership (collectively, as defined in this clause (ii), the "Claims" and, together with the Liens and other interests of any kind or nature whatsoever, the "Interests"), relating to, accruing or arising any time prior to the entry of this order.

KK.   For the avoidance of doubt, the terms "Liens" and "Claims" as used in this Sale Order, include, without limitation, rights with respect to any Liens or Claims:

(a)   that purport to give any party a right of setoff or recoupment against, or a right or option to affect any forfeiture, modification, profit-sharing interest, right of first refusal, purchase or repurchase writer option, or termination of, any of the Debtors' or the Purchaser's interest in Mercy Service's Interest, or any similar rights; or

(b)   in respect of taxes, restrictions, rights of first refusal, charges of interest of any kind and nature, if any, and including, without limitation, any restriction of use, voting, transfer, receipt of income, or other exercise of any of the attributes of ownership relating to, accruing, or arising at any time prior to the Closing Date.

**Bankruptcy Code Section 363(f) is Satisfied**

LL.   The conditions of Bankruptcy Code section 363(f) have been satisfied in full; therefore, the Debtors may sell the Beneficial Interest free and clear of any Interests in the property.

MM.   The Purchaser would not have entered into the Agreement, and would not consummate the transactions contemplated thereby, if the Sale of the Beneficial Interest to the

Purchaser were not free and clear of all Interests or if the Purchaser would, or in the future could, be liable for any of such Interests.

NN.    The Debtors may sell the Beneficial Interest free and clear of all Interests in such property of any entity other than the Debtors' estates, including, without limitation, any Liens and Claims against the Debtors or their estates because, in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied. In particular, the Trustee does not have an interest in the Thompson Trust and, accordingly, Bankruptcy Code section 363(f) is not applicable with respect to the Trustee. Even if the Trustee did hold an interest in the Thompson Trust, Iowa Code Chapter 633A permits the sale of the Beneficial Interest because it does not contain a spendthrift provision and, according, Bankruptcy Code section 363(f)(1) is satisfied.

OO.    Any holders of Interests in the Beneficial Interest, including, without limitation, holders of Liens, Claims, or other encumbrances against the Debtors, their estates, or the Beneficial Interest, who did not object, or who withdrew their objections, to the Sale or the Thompson Sale Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2). All other holders of Interests are adequately protected by having their Interests, if any, in each instance against the Debtors, their estates, or Beneficial Interest, attached to the net proceeds of the Sale received by the Debtors ultimately attributable to the Beneficial Interest in the same order of priority, with the same validity, force, and effect that such Interests had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

## Sound Business Purpose for the Sale

PP.    Good and sufficient reasons for approval of the Agreement and the Sale have been articulated. The relief requested in the Thompson Sale Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

QQ.    The Debtors have demonstrated both (i) good, sufficient, and sound business purposes and justifications for approving the Agreement and (ii) compelling circumstances for the sale outside the ordinary course of business, pursuant to Bankruptcy Code section 363(b) before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Debtors' estates, and the Sale will provide the means for the Debtors to maximize distributions to creditors.

### Compelling Circumstances for an Immediate Sale

RR.    To maximize the value of the Beneficial Interest, it is essential the Sale occur promptly. Therefore, time is of the essence in effectuating the Agreement and consummating the Sale. As such, the Debtors and the Purchaser intend to close the Sale as soon as reasonably practicable, as provided for in the Agreement. The Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for immediate approval and consummation of the Agreement. Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rule 6004(h).

SS.    Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Purchase Price under the Agreement, the proposed Sale of the Beneficial Interest to the Purchaser constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved. Moreover, the Debtors' have demonstrated fair dealing and a fair price with respect to the Sale.

TT.    The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation Bankruptcy Code sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

UU.     The Sale does not constitute a *sub rosa* or *de facto* chapter 11 plan for which

approval has not been sought without the protections a disclosure statement would afford, as it

does not and does not propose to: (i) impair or restructure existing debt of, or equity interests in,

the Debtors; (ii) impair or circumvent voting rights with respect to any future plan proposed by the

Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in Bankruptcy Code

sections 1125 and 1129; or (iv) classify claims or equity interests, compromise controversies, or

extend debt maturities. Accordingly, the Sale neither impermissibly restructures the rights of the

Debtors' creditors, nor impermissibly dictates a liquidating chapter 11 plan for the Debtors.

### **Modification of the Thompson Trust**

VV.     The Thompson Trust's purposes are to (i) equip, provide for, or enlarge the surgical

department at Mercy and (ii) pay for medical care and hospitalization for patients at Mercy who

are residents of Johnson County, Iowa and unable to pay the cost themselves.

WW.     The Thompson Trust does not include a restriction on the use of *cy pres*.

XX.     In light of the Chapter 11 Cases, Sale to the University, and the liquidation of the

Debtors as set forth in the *Debtors' First Amended Combined Disclosure Statement and Joint

Chapter 11 Plan of Liquidation* filed with the Bankruptcy Court, the purposes of the Thompson

Trust have become impracticable and impossible to fulfill in part.

YY.     While the specific purposes for which the decedents George A. Thompson and

Frank L. Thompson established the Thompson Trust with regards to Mercy will become in part

impracticable and impossible to fulfill as a result of the Chapter 11 Cases, the general charitable

purposes of the Thompson Trust can still be fulfilled through modifying the Thompson Trust on

the terms set forth in the Agreement and this Sale Order and replacing Mercy with Mercy CR

Foundation as sole beneficiary under the Thompson Trust.

II.         **Proposed Conclusions of Law**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
THAT:

**General Provisions.**

1.         **Relief Granted.** The relief requested in the Thompson Sale Motion and the
transactions contemplated thereby and by the Agreement are approved for the reasons set forth in
this Sale Order and on the record of the Sale Hearing, which is incorporated herein as if fully set
forth in this Sale Order.

2.         **Objections Overruled.** All objections, statements, and reservations of rights to the
Thompson Sale Motion and the relief requested therein that have not been withdrawn, waived, or
settled by announcement to the Bankruptcy Court during the Sale Hearing or by stipulation filed
with the Bankruptcy Court, including, without limitation, any and all reservations of rights
included in such objections or otherwise, are hereby denied and overruled on the merits, with
prejudice. Those parties who did not object, or who withdrew their objections, to the Thompson
Sale Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2).

3.         **Sale Order and Agreement Binding on All Parties.** This Sale Order and the
Agreement shall be binding in all respects upon all creditors of and holders of equity interests in
the Debtors (whether known or unknown), agents, the Trustee, trustees and collateral trustees,
holders of Interests in, against, or on the Beneficial Interest, or any portion thereof, all successors
and assigns of the Debtors, and any subsequent trustees appointed in the Chapter 11 Cases or upon
a conversion of the Chapter 11 Cases to one or more cases under chapter 7 of the Bankruptcy Code
and shall not be subject to rejection or unwinding. Nothing in any chapter 11 plan confirmed in
the Chapter 11 Cases, the confirmation order confirming any such chapter 11 plan, any order
approving the wind down or dismissal of the Chapter 11 Cases, or any order entered upon the

15

conversion of the Chapter 11 Cases to one or more cases under chapter 7 of the Bankruptcy Code or otherwise shall conflict with or derogate from the provisions of the Agreement or this Sale Order.

4.      **Property of the Estate.** The Beneficial Interest is property of Mercy's estate pursuant to Bankruptcy Code section 541 and the Thompson Trust does not contain a transfer on restriction or similar "spendthrift" provision.

## Approval of the Agreement

5.      **Agreement Approved.** The Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

6.      **Authorization to Consummate Transactions.** Pursuant to Bankruptcy Code sections 363(b) and (f), the Debtors are authorized, empowered, and directed to use their reasonable best efforts to take any and all actions necessary or appropriate to (a) consummate the Sale pursuant to and in accordance with the terms and conditions of the Agreement, (b) close the Sale as contemplated in the Agreement and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the Agreement, together with additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the Sale.

## Transfer of the Assets

7.      **Transfer of the Assets Authorized.** Pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f), the Debtors by and through the Liquidating Trustee are authorized and directed to (a) take any and all actions necessary or appropriate to perform, consummate, implement, and close the Sale in accordance with the terms and conditions set forth in the Agreement and this Sale Order and (b) take all further actions and execute and deliver the Agreement and other related ancillary transaction documents and any and all additional instruments and documents that may be

16

necessary or appropriate to implement the Agreement and the other related documents and consummate the Sale in accordance with the terms thereof, all without further order of the Court. At closing, all of the Debtors' right, title, and interest in and to, the Beneficial Interest shall be immediately vested in the Purchaser (or its designee). Such transfer shall constitute a legal, valid, enforceable, and effective transfer of the Beneficial Interest.

8.    **Transfer Free and Clear of Interests.** Upon the Debtors' receipt of the Purchase Price, the transfer of the Beneficial Interest to the Purchaser shall be free and clear of all Interests of any kind or nature whatsoever, including, without limitation, successor or successor-in-interest liability. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing encumbrances against or in the Beneficial Interest shall not have delivered to the Debtors prior to the Closing of the Sale in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all encumbrances that the person or entity has with respect to the Beneficial Interest, then only with regard to the Beneficial Interest, the Debtors by and through the Liquidating Trustee are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Beneficial Interest.

9.    **Legal, Valid, and Marketable Transfer with Permanent Injunction.** The transfer of the Beneficial Interest to the Purchaser pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Beneficial Interest and vests, or will vest, the Purchaser with all right, title, and interest to the Beneficial Interest, free and clear of all Interests except as otherwise expressly stated as obligations of the Purchaser under the Agreement. All persons or entities holding interests or claims of any kind or nature whatsoever against the Debtors or the Beneficiary

are hereby and forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Beneficial Interest, any claim, interest or liability existing, accrued, or arising prior to the closing.

## Modification of Thompson Trust

10. **Substituted Beneficiary.** Pursuant to Iowa Code section 633A.5102(2), the Thompson Trust is hereby amended to remove Mercy as the sole beneficiary and to add Mercy CR Foundation as the sole beneficiary. All other terms of the Thompson Trust shall remain in full force and effect.

11. **Cy Pres Comme Possible**. The transfer of the Beneficial Interest to the Mercy CR Foundation on the terms set forth in the Agreement and this Sale Order is relief as near as possible to the Thompson brothers' original charitable intention to provide continuing medical care at a not-for-profit institution for residents of Johnson County, Iowa.

12. **Necessary Filings.** Notwithstanding this Court's exclusive jurisdiction to enforce the terms of this Sale Order as set forth herein, the Debtors by and through the Liquidating Trustee and Mercy CR Foundation are authorized to take any actions necessary to effectuate the modifications to the Thompson Trust set forth herein including, but not limited to, making any necessary filings in probate case number TRPR008973 titled *In the Matter of the Thompson Brothers Trust* pending in the Iowa District Court for Johnson County (the "Probate Case").

## Other Provisions

13. **Effective Immediately.** For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale Order shall not be stayed and shall be effective immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Sale Order. The Debtors by and through the Liquidating Trustee and the Purchaser may consummate

the Agreement at any time after entry of this Sale Order by waiving any and all closing conditions

set forth in the Agreement that have not been satisfied and by proceeding to close the Sale without

any notice to the Court, any pre-petition or post-petition creditor of the Debtors and/or any other

party in interest.

14.     **Agreement Approved in Entirety.** The failure specifically to include any

particular provision of the Agreement in this Sale Order shall not diminish or impair the

effectiveness of such provision, it being the intent of this Court that the Agreement be authorized

and approved in its entirety.

15.     **Further Assurances**. From time to time, as and when requested, all parties shall

execute and deliver, or cause to be executed and delivered, all such documents and instruments

and shall take, or cause to be taken, all such further or other actions as the requesting party may

reasonably deem necessary or desirable to consummate the Sale, including such actions as may be

necessary to vest, perfect, or confirm or record or otherwise in the Purchaser its right, title, and

interest in and to the Beneficial Interest.

16.     **Modifications to Agreement.** The Agreement and any related agreements,

documents or other instruments may be modified, amended or supplemented by the parties thereto

and in accordance with the terms thereof, in a writing signed by such parties, without further order

of this Court, provided any such modification, amendment or supplement does not have a material

adverse effect on the Debtors' estates.

17.     **Standing.** The transactions authorized herein shall be of full force and effect,

regardless of any Debtors' lack of good standing in any jurisdiction in which such Debtor is formed

or authorized to transact business.

18. **Authorization to Effect Order.** The Debtors by and through the Liquidating Trustee are authorized to take all actions necessary to effect the relief granted pursuant to this Sale Order in accordance with the Thompson Sale Motion and the Agreement.

19. **No Other Bids.** No further bids or offers for the Assets shall be considered or accepted by the Debtors after the date hereof unless the Sale to the Purchaser is not consummated or otherwise does not occur in accordance with the Agreement or its related documents.

20. **Order to Govern.** To the extent this Sale Order is inconsistent with any prior order entered or pleading filed in these Chapter 11 Cases, the terms of this Sale Order shall govern. To the extent there are any inconsistencies between the terms of this Sale Order and the Agreement (including all ancillary documents executed in connection therewith), the terms of this Sale Order shall govern.

21. **Standing**. The Purchaser has standing to seek to enforce the terms of this Sale Order.

22. **Retention of Jurisdiction**. This Court shall retain exclusive jurisdiction with respect to the terms and provisions of this Sale Order and the Agreement. For the avoidance of doubt, except as expressly set forth herein with respect to modification of the Thompson Trust and enforcing the terms of this Sale Order and the Agreement, the Court shall not have jurisdiction over the Probate Case.

Dated and entered this 16th day of August 2024

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

Roy Leaf, AT0014486
625 1st Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
rleaf@nyemaster.com

- and -

Kristina M. Stanger, AT0000255
Matthew A. McGuire, AT0011932
Dana Hempy, AT0014934
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-3100
Fax:  515-283-8045
Email: mmcguire@nyemaster.com
          kmstanger@nyemaster.com
          dhempy@nyemaster.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
fperlman@mwe.com
dsimon@mwe.com
ekeil@mwe.com

- and –

Jack G. Haake (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: jhaake@mwe.com

*Counsel for Debtors and Debtors-in-Possession*