UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, | ) | |
| IOWA CITY, IOWA, *et al.,* | ) | Case No.  23-00623C |
| | ) | |
| Debtors. | ) | Jointly Administered |

# LIMITED OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO THE DEBTORS' FINAL FEE APPLICATION OF NYEMASTER GOODE, PLC

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought herein is 11 U.S.C. §§330 and 331, as well as Fed. R. Bankr. P. 2016. The United States Trustee has standing to raise, appear and be heard on this Objection pursuant to 11 U.S.C. §307; 28 U.S.C. § 581 *et seq*.

## PROCEDURAL BACKGROUND

2. On August 7, 2023, Mercy Iowa City ACO, LLC, Mercy Hospital, Iowa City, Iowa, and Mercy Services Iowa City, Inc., (hereinafter "Mercy" or "Debtors") filed three individual chapter 11 bankruptcy petitions that are being Jointly Administered under case number 23-00623.

3. Nyemaster Goode P.C. ("Nyemaster") applied to the Court for an order authorizing Debtors to retain and employ Nyemaster as their counsel, effective as of the Petition Date. *See* Doc. 145. On September 14, 2023, the Court entered its Order authorizing the employment of Nyemaster. *See* Doc. 225.

4. The Court held a confirmation hearing on the Debtor's proposed Plan of Reorganization on May 16, 2024. The Proposed Modified Plan is found at docket 1050.

5. On June 7, 2024, the Court entered its Confirmation Order confirming the plan found at docket 1050.

6. On June 24, 2024 counsel for Debtors filed its Notice of Effective Date. *See* Doc. 1139. The Effective Date for the Plan thus is June, 24, 2024.

7. On August 8, 2024 Nyemaster filed its Final Fee Application, seeking allowance of $636,399.50 in fees and expenses incurred of $41,042.74 from August 7, 2023 through July 31, 2024. A footnote on the cover page also includes a note that "Nyemaster anticipates that it has incurred approximately $6,000.00 in fees that have not yet been processed through Nyemaster's computerized billing system . . .". Nyemaster agrees to waive any amount above the $6,000, but has incorporated the approximate figure in its final fee request.

8. Nyemaster is the only professional to seek compensation for work done beyond June 24, 2024.

9. The UST has been monitoring all fee applications of all professionals throughout the life of the case. The UST raised concerns regarding individual applications as they came due. Prior to filing this Limited Objection, the UST discussed her final concerns regarding inter-office meetings, legal research, and billing judgment generally with Nyemaster. The concerns raised by the UST were discussed, and the UST has determined there is no need to file an Objection as it relates to the substance of Nyemaster's Final Fee Application. Accordingly, this Limited Objection seeks resolution of a question of law: whether Nyemaster can apply to this Court for payment of fees for work done after the effective date.

**ARGUMENT**

10. The Confirmed Plan allows this Court to retain jurisdiction to "determine any and all applications for allowance of Professional Fee Claims." Article XV. RETENTION OF JURISDICTION, Subsection A.4, Doc. 1050, page 132 of 292.

11. The Confirmed Plan contemplates final payment of professional fee claims at "Article IV. TREATMENT AND ALLOWANCE OF UNCLASSIFIED CLAIMS, Subsection D. Professional Fee Claims." *See* Doc. 1050, page 78 of 292.

12. Paragraph 1 contemplates final requests for payments of Professional Fee Claims. "Professional Fee Claims" is a defined term, found at Article II. DEFINITIONS, RULES OF INTERPRETATION AND CONSTRUCTION, COMPUTATION OF TIME, AND GOVERNING LAW, Subsection A, 1.177. The term is defined as follows:

> **1.177 "Professional Fee Claim"** means a Claim of a Professional pursuant to Bankruptcy Code sections 327, 328, 330, 331, or 503(b) for compensation or reimbursement of costs and expenses relating to services performed after the Petition Date and *prior to and including the Effective Date.*

(emphasis added).

13. Paragraph 2 of Subsection D., Professional Fee Claims contemplates post-effective date fees and expenses. Paragraph 2 reads as follows:

"2. Post-Effective Date Fees and Expenses The Professionals employed by the Debtors, the UCC, and the Pension Committee shall be entitled to reasonable compensation and reimbursement of actual, necessary expenses for post-Effective Date activities (1) only including the preparation and filing of Final Fee Applications; (2) provided further that the Professionals employed by the Debtors shall seek authorization and approval of reasonable compensation and reimbursement of actual, necessary expenses related to any post-Effective Date activities in such Professional's Final Fee Application. Any Professionals' request for reasonable compensation and reimbursement of actual, necessary expenses incurred in connection with the prosecution of a Final Fee Application shall be subject to the U.S. Supreme Court's holding in Baker Botts L.L.P. v. Asarco LLC, 576 U.S. 121 (2015) and all applicable related case law, without prejudice to any parties' right to argue that such decision is or is not applicable to any such request. (3) Upon the Effective Date, any requirement that Professionals comply with Bankruptcy Code sections 327 through 331 in seeking retention or compensation for services rendered after such date shall terminate, and, subject to the Liquidation Trust Agreement, the Liquidation Trustee may employ and pay any Professional for

services rendered or expenses incurred after the Effective Date in the ordinary course of business without any further notice to, or action, Order, or approval of, the Court."

(text color changed and numbers (1), (2), and (3) added). Doc. 1050, page 78 of 292.

14. The first sentence, labeled (1), allows for the professionals employed by Debtors, the Unsecured Creditors Committee, and Pension Committee to be able to apply for compensation and expenses for post-Effective Date activities "only including the preparation and filing of Final Fee Applications . . .".

15. The second half of the sentence, labeled (2), contradicts with the first statement and arguably allows for compensation to be sought for compensation and expenses incurred post-Effective date. Court approval and allowance of compensation for time billed after the Effective Date would contradict with other portions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. § 1141(b) (vesting all property of the estate in the Debtor); Article IX. MEANS FOR IMPLEMENTATION OF THE PLAN, E., 2. ("The Liquidation Trust shall be authorized to pay and shall be responsible for any and all costs and expenses in connection with (a) the winding-up of the affairs of the Liquidating Debtors . . ."); *In re Age Ref., Inc.*, 505 B.R. 447 (Bankr. W.D. Tex. 2014).

16. The final sentence, labeled (3), terminates the requirement for all Professionals to be employed or seek compensation and approval by the Court.

17. Because the Plan dictates that upon the Effective Date professionals no longer need to comply with Bankruptcy Code sections 327 – 331, the UST maintains it is not necessary or appropriate for the UST to opine or otherwise object to items billed for after the Effective Date. It would also be as unnecessary for the Court to Order payment of those funds, as the Court does not have jurisdiction to do so.

WHEREFORE, the Acting United States Trustee requests that the Court reduce any award to Nyemaster for work done after June 24, 2024, totaling $27,479.00 without prejudice and for any other relief the Court deems necessary and proper.

Dated:	September 5, 2024

**Mary R. Jensen**
Acting United States Trustee
Region 12

By:/s/ Janet G. Reasoner
**Janet G. Reasoner**
111 7th Ave SE, Box 17
Cedar Rapids, Iowa 52404
Ph: (319) 364-2211
Janet.G.Reasoner@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated September 5, 2024

By:/s/ Claire Davison
**Claire Davison**
Trial Attorney
United States Trustee's Office