**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, | ) | |
| IOWA CITY, IOWA, *et al.,* | ) | Case No. 23-00623C |
| | ) | |
| Debtors. | ) | Jointly Administered |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO THE DEBTORS' FINAL FEE APPLICATION OF MCDERMOTT WILL & EMERY, LLP**

**JURISDICTION, VENUE, AND STATUTORY PREDICATE**

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought herein is 11 U.S.C. §§330 and 331, as well as Fed. R. Bankr. P. 2016. The United States Trustee has standing to raise, appear and be heard on this Objection pursuant to 11 U.S.C. §307; 28 U.S.C. § 581 *et seq*.

**PROCEDURAL BACKGROUND**

2. On August 7, 2023, Mercy Iowa City ACO, LLC, Mercy Hospital, Iowa City, Iowa, and Mercy Services Iowa City, Inc., (hereinafter "Mercy" or "Debtors") filed three individual chapter 11 bankruptcy petitions that are being Jointly Administered under case number 23-00623.

3. On August 15, 2023, the United States Trustee for Region 12 ("UST") formed the Official Committee of Unsecured Creditors ("OCUC").

4. On September 14, 2023, the Interim Compensation Order was entered by the Court. Doc. 224. It provided that a Retained Professional may file and serve Monthly Fee Applications and required a 20% holdback of all fees awarded.

1

5. The OCUC retained Sills Cummis & Gross P.C. ("Sills") as co-counsel, and the retention was approved on October 12, 2023. *See* Doc. 355.

6. Sills previously filed regularly monthly fee applications at docket numbers 486, 4, 568, 728, 730, 845, 1025, 1189, 1191, and 1193. The UST communicated with counsel certain concerns regarding the Applications as they came due. Many of the potential objections were deferred until the final application.

7. The Final Fee Application found at Docket 1199 seeks final payment $1,247,716.25 and reimbursement for $19,799.75 in expenses. Payment for fees and expense is sought pursuant to 11 U.S.C. §§ 330 and 331.

## ARGUMENT

8. This Court has the authority to award less than the requested amount if it determines, through the lodestar method of calculation, that the services rendered were not reasonable and necessary to the administration of the estate and represents the applicant's best billing judgment.

9. Throughout the life of the case, the UST has observed many objectionable entries, particularly a number of inter-office conferences, legal research, and time spent on documents that were not filed. Notably, little time is billed for consultation or discussion with local counsel.

10. Throughout the matter, Sills employed 10 different professionals, including 8 members "Of Counsel," an associate attorney, and a library director. The attorney's hourly rates range from $425 - $1,075 per hour. As part of their employment, Sills agreed to an hourly rate cap for all attorneys of $675 per hour. In total, Sills expended 1,851.15 hours on the matter.

11. On October 1, 2023, Sills increased their standard hourly rates of most attorneys effective for the new fiscal year. After the increase, 2 Sills attorneys maintained rates below the rate cap.

12. While Sills voluntarily capped their standard hourly rates at $675 an hour, the UST understands that those attorneys whose standard hourly rates were below the rate cap were still allowed to bill the estate at the increased rate of $675 an hour.

13. "This Court has applied the following general standards in reviewing fees: (1) "Attorneys generally will not be compensated for preparing, submitting or defending their fee applications"; (2) "[S]ecretarial work performed by lawyers" is not compensable; (3) "Time charged for travel should be billed at one-half the standard hourly rate"; and (4) "Fees are not allowed for simply reviewing the work product of another or for duplicative billing by attorneys involved in intra-office conferences." *In re Agriprocessors, Inc.*, 2009 Bankr. LEXIS 3916, 2009 WL 4823808, at *2 (Bankr N.D. Iowa Dec. 8, 2009).

14. Sills spent 101.7 hours, requesting $65,769.50 for time spent on fee and employment applications. For fee and employment objections, Sills expended 22.3 hours, requesting $18,350.00. No objections have been filed to any of the OCUC fee applications, although the UST has engaged in certain discussions with counsel to avoid filing any formal objections.

15. Notably absent from the listed professionals who worked on this case is any paralegal or other non-attorney support staff. The one non-attorney support staff listed in the Final Application billed only 0.6 hours during the entire case. The UST observed a number of time entries where it appeared associate attorneys were engaged in paralegal-type work. For instance, on PDF page 17 of the sixth application at docket 845, there are multiple entries reading "Review docket, update critical dates calendar, and circulate same to team with reminders." The estate was billed 0.3 hours for each of these entries, which occur often across all fee applications. Because no paralegal was employed, these entries were billed at $675 per hour. The UST submits failing to properly use support staff is unreasonable. "Reasonableness standards are

3

intended to check claims for unrestrained billing based on such 'hyperactive legal efforts.'" *Matter of Fansteel, Inc.*, No. 16-01823, 2017 Bankr. LEXIS 1265, 2017 WL 1929489, at *3 (Bankr. S.D. Iowa May 9, 2017) (citations omitted).

16. The UST observed extensive time spent on legal research. The applications reveal 91 hours were spent on research throughout the case. This does not include the time spent reviewing the research done. At the blended hourly rate, the estate was billed $61,425 for legal research. Legal research is not compensable. *In re Agriprocessors, Inc.*, 2009 Bankr. LEXIS 3916, 2009 WL 4823808, at *2 (Bankr N.D. Iowa Dec. 8, 2009); *In re Pothoven*, 84 B.R. 579 (Bankr. S.D. Iowa 1988).

17. Finally, the UST notes that because multiple partner-level attorneys were engaged on the matter, multiple partners reviewed much of the research being done by the associate attorney. Much time was devoted to motions and complaints that were not filed, requiring the review of multiple attorneys. "In reviewing and awarding fee applications, the court must make a cost/benefit analysis" *In re Bailey Ridge Partners, LLC*, 2018 Bankr. LEXIS 1961 (Bankr. N.D. Iowa June 28, 2018); *citing In re Cumberland Farms, Inc.*, 154 B.R. 9, 10 (Bankr. D. Mass 1993).

18. While the practice of law may require multiple attorneys reviewing pleadings to ensure they are prepared for presentation to the Court, the applicant bears the burden of showing the necessity of each individual billing for the same tasks. *See In re Agriprocessors, Inc.*, 2009 Bankr. LEXIS 3916 at *8; *see also In re VeroBlue Farms USA, Inc.* 2023 Bankr. LEXIS 1071, at *16-17.

19. As the court has already noted in this case, just because an action may be taken doesn't mean it should be.

## **CONCLUSION**

20. The applicant bears the burden of proving both the reasonableness and necessity of fees requested in the fee application. If a professional fails to meet this burden of proof under 11 U.S.C. §330(a), the bankruptcy court may award less than the amount of compensation that is requested.

21. The Sills Final Fee Application final payment of $1,247,716.25 in fees and reimbursement for $19,799.75 in expenses incurred throughout the case from August 18, 2023 through June 24, 2024. The UST submits that the Fee Application is excessive for the reasons stated in this objection.

22. The UST reserves all rights to amend and supplement or modify each portion of this objection.

WHEREFORE, the Acting United States Trustee requests that the Court reduce the Final Fee Application by 15% and for any other relief the Court deems necessary.

Dated: September 6, 2024

**Mary R. Jensen**
Acting United States Trustee
Region 12

By:/s/ Janet G. Reasoner
**Janet G. Reasoner**
111 7th Ave SE, Box 17
Cedar Rapids, Iowa 52404
Ph: (319) 364-2211
Janet.G.Reasoner@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated September 6, 2024.

By: /s/ Claire Davison
**Claire Davison**
Trial Attorney
United States Trustee's Office