## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| | **Motion to Reduce Fees** |
| Debtors. | |

**COMES NOW,** the Ad Hoc Committee of Pensioners (formerly the Official Committee of Pensioners, Pursuant to 11 U.S.C. § 330 (a)(2) and for their Motion to reduce fees for McDermott Will and Emery's state:

The total compensation sought by Chicago counsel for Debtors in this case, which lasted only 10 months from filing date to effective date, is in excess of 5 million dollars. The Pensioners object to such fees on several bases, including the hourly rates charged, the billing of time ordinarily not compensable in this district, staffing of the case, and failure to use billing judgment.

### Legal Standard

"Bankruptcy courts award professional fees under 11 U.S.C. § 330(a), which allows a court to grant reasonable compensation for actual, necessary services and expenses. Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004). The lodestar method, calculated as the number of hours reasonably expended multiplied by a reasonable hourly rate, is the appropriate calculation of fees. Id. To determine the reasonable rates and hours, the Bankruptcy Code directs courts to consider factors including:

-the time spent;

-the rates charged;

-the necessity of the services for administration of the case;

-the reasonableness of the amount of time spent in light of the complexity, importance and nature of the problem, issue or task addressed; and

-the reasonableness of the requested compensation compared to the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases."

In re Peterson, 251 B.R. 359, 364 (B.A.P. 8th Cir. 2000), aff'd 13 Fed. Appx. 491 (8th Cir. 2001); 11 U.S.C. § 330(a)(3). Section 330 permits the court, on its own motion or on the motion of a trustee or other party in interest, to award compensation that is less than the amount requested. Id. at 363. The bankruptcy court has broad power and discretion to award or deny attorney fees under § 330(a). In re Clark, 223 F.3d 859, 863 *3 (8th Cir.

2000). The applicant bears the burden of proving that the proposed compensation is reasonable. Id.

In Re Agriprocessors, Inc., 2009 WL 4823808 at 2-3.

## Hourly Rates

The hourly rates charged by McDermott Will and Emery in this case are exponentially higher than rates charged by attorneys in this district. For instance, the hourly rate charged for associates admitted to the practice less than one year before the case was filed is $725.00, that rate is well above the hourly rates charged by even the most skilled and experienced bankruptcy practitioners in Iowa. The hourly rates for associates range from $725 per hour to $1,250 per hour. Rates for partners in the firm range from $1,300 per hour to $1,975 per hour. Pensioners submit that such hourly rates cannot be considered "Reasonable" as required by 11 USC 330(a).

In In Re VeroBlue Farms BK 18-01297 Adv. 19-9015 (April 19, 2023), this court was faced with a disparity between Chicago Attorneys hourly rates and hourly rates charged by practitioners in this district. In that case, the Chicago attorneys' top rate was $660 per hour, this court stated:

"The hourly rates charged by [ The Debtors] Chicago firm raise an issue of reasonableness. They are quite a bit above rates charged by [The Debtors] local counsel…This factor cuts in favor of a downward adjustment to Chicago counsel's rates". Id. at 12

In this case, the hourly rates charged by McDermott Will and Emery are far outside the range charged by practitioners in this district. On information and belief Petitioners state that standard rates for practitioners here top out at roughly $500 an hour, less than half the rate of several McDermott Will and Emery associates are roughly ¼ of the McDermott Will and Emery partner billing at the highest rate. Pensioners submit that such inequity is unwarranted and must be reduced to satisfy the "reasonableness standard" under 11 USC § 330.

## Billing of non-compensable time

Also, in its ruling on fees in In Re VeroBlue Farms, this court denied over $48,000 charged by counsel for "billing for and preparation of the fee application" Id. At 6, noting that this court "normally does not allow time for fee application preparation" Id.

In the present case, a review of McDermott Will & Emery final fee application shows that the firm billed $131,599.050 for "Fee/Employment Applications, and $113,443.00 for

"Fee/Employment objections" for a total of $245,042.50 it should be noted that McDermott Will & Emery did not file a single fee objection in this case, Pensioners believe that the entire amount sought for Fee Application should be denied, as it was in VeroBlue.

## **Staffing and Failure to Exercise Billing Judgment**

McDermott Will & Emery's final fee application shows that 28 attorneys from the firm, (14 partners, and 14 associates) billed time to the Estate. In many cases several partners and associates billed time reviewing the same filing or for intra-office emails and conferences. Pensioners submit that the staffing of McDermott Will & Emery was excessive,

> "It is generally recognized that not all services should carry the same rate of compensation. Services of a non-legal nature, such as filing papers with the court, should not be compensable at the hourly billing rate of an attorney when such ministerial and routine tasks can be performed by non-legal employees at a lesser rate. In re Amatax Corp.,70 B.R. at 627; In re Jensen-Farley Pictures, Inc.,47 B.R. at 583-84. Similarly, senior partner rates should be charged only for work that warrants the attention of a senior partner. Work done by a senior partner that a beginning associate or paralegal could do will be compensated at a lower rate. In re Pettibone Corp.,74 B.R. at 303. The Bankruptcy Code encourages cost-saving measures such as the use of paralegals and law clerks. 11 U.S.C. § 330(a)(1). Compensation for the services of such persons, however, is also subject to court scrutiny and the standard of reasonableness."

Matter of Pothoven, 84 B.R. 579, 585 (Bankr. S.D. Iowa 1988)

McDermott Will & Emery's fee applications in this case are replete with duplication of efforts, with multiple attorneys billing to review the same document, attorneys reviewing one another's work, inter-office emails and conferences, as well as multiple partners preparing for and attending hearings (even in cases where only one attorney from McDermott Will & Emery appeared in court.) McDermott Will & Emery attorneys frequently billed for simply listening to in court proceedings on the phone. Pensioners believe these practices resulted in excessive billing to the Estate, the expense of Creditors

As this court has noted, "Fees are not allowed for simply reviewing the work product of another or for duplicative billing by attorneys involved in intra-office conferences". In Re Agriprocessors, Inc., 2009 WL 4823808 at 2.

Moreover, this court has observed that "The use of paralegals to the greatest extent possible to reduce more expensive attorney time has been approved whole-heartedly." <u>Rubber Development Inc.</u> Bankruptcy No. 98-03432-W (April 24, 200) Slip Opinion at 1. (Citation omitted)

While 28 attorneys from McDermott Will & Emery worked in this case, only one paralegal did any work, and billed just 1.3 hours, amounting to just $871.00 of the 5 million billed by McDermott Will and Emery. The majority of the work was done by Partners, which Pensioners suggest fails to meet the reasonableness requirement of 11 USC S 330 (a)(1)(A), and is contrary to precedent from this court.

### Conclusion

Pensioners in this case do not question the fact that McDermott Will & Emery provided (along with their excellent local counsel) skilled counsel to the Debtor in this case. The concern, as stated above, is with the reasonableness of the fees charged, the billing of almost a quarter of a million dollars for fee applications and objections, as well as failure to properly staff the case and exercise reasonable billing judgment.

Professional fees in this case exceed 13 million dollars, and of that number, 10 million in fees were charged by Debtor's Chicago counsel McDermott Will & Emery and Toney Korf. Given the number of stakeholders in this case, the amount of recovery, and the amounts still owed to creditors, it is appropriate for the hourly rates of McDermott Will & Emery to be reduced, and recovery denied for non-compensable work and duplicative work.

Respectfully submitted,
DAY RETTIG MARTIN, P.C.

/s/ Paula L. Roby
Paula L. Roby AT0006749
Telephone:    (319) 365-0437
FAX:          (319) 365-5866
E-mail:       paula@drpjlaw.com
Attorney for the
Official Committee of Pensioners

**Certificate of Service**

   The undersigned certifies, under penalty of perjury, that on this September 23rd, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Lillian M. Strait