# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | (Jointly Administered) |
|  | Objections Due: November 1, 2024 at 4:00 p.m.<br>Hearing Date: *Only if objections are filed* |

## MOTION OF SILLS CUMMIS & GROSS PC TO ENFORCE THE CONFIRMATION ORDER, PLAN AND LIQUIDATION TRUST AGREEMENT AND TO COMPEL THE LIQUIDATION TRUSTEE TO PAY POST-PETITION FEES AND EXPENSES

Sills Cummis & Gross P.C. ("Sills") submits this motion (the "Motion") pursuant to section 105 and 1142 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) enforcing the terms of this Court's *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Joint Chapter 11 Plan Of Liquidation* (the "Confirmation Order") [Docket No. 1114], the *Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 1050] (the "Plan"), and Liquidation Trust Agreement [Docket No. 993-3] (the "Liquidation Trust Agreement" or "LTA"), approved pursuant to the Confirmation Order, and (b) compelling the Liquidation Trustee of the Mercy Hospital Liquidation Trust (the "Liquidation Trustee") to pay legal fees in the amount of $189,000.00 and actual and necessary expenses in the amount of $95.40, for a total amount of $189,095.40 to Sills for the period from June 24. 2024 through August 9, 2024 (the "Post-Petition Period") in accordance with the with terms of the Liquidation Trust Agreement. In support of this Motion, Sills relies on and incorporates the *Declaration of*

*Andrew H. Sherman* (the "Sherman Decl.") submitted herewith and respectfully states as follows:[1]

**JURISDICTION**

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Public Administrative Order referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. Sills consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Pursuant to paragraph 14 of the Confirmation Order, the Court retained sole jurisdiction over claims and causes of action against the Liquidation Trustee (solely in his capacity as the Liquidation Trustee) arising out of the performance of the Liquidation Trustee's duties. *See also* Plan, Art. XV, TA, § 12.7.

4. The bases for the relief requested herein are sections 105 and 1142 of the Bankruptcy Code and Bankruptcy Rule 9019.

**BACKGROUND**

5. On August 7, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Iowa (this "Court"), thereby commencing these chapter 11 cases (the "Chapter 11 Cases").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Plan.

6. On August 15, 2023, the U.S. Trustee formed the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of Mercy Hospital, Iowa City, Iowa and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") [Docket. No. 107].

7. The Committee retained Sills as co-counsel pursuant to this Court's *Order Granting Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors, Effective as of August 18, 2022* [Docket No. 355].

8. On February 23, 2024, the Debtors filed the initial *Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan Of Liquidation* [Docket No. 760].

9. On April 29, 2024, the Debtors filed their *Notice of Filing of Plan Supplement with Respect to the Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 993] (as modified, supplemented, or otherwise amended from time to time, the "Plan Supplement"), which included (a) the identity of the Liquidation Trustee; (b) the identity of the Pension Plan Administrator; and (c) the form of the Liquidation Trust Agreement at Docket No. 993-3.

10. On May 14, 2024, the Debtors filed the Debtors' Plan.

B. **The Confirmation Order.**

11. On June 7, 2024, the Court entered the Confirmation Order.

12. On June 24, 2024 (the "Effective Date"), the Debtors filed the *Notice of (I) Entry of Order Confirming Debtors' First Amended Joint Chapter 11 Plan of Liquidation and (II) Occurrence of Effective Date* [Docket No. 1139].

13. Pursuant to paragraph 4 of the Confirmation Order, the Court authorized and approved the documents contained in the Plan Supplement, including the Liquidation Trust Agreement and the terms of the Plan, including the Plan Supplement, were incorporated by

reference into and deemed an integral part of the Confirmation Order. *See* Confirmation Order, ¶ 4. The execution, delivery, and performance of the Plan Supplement by the Liquidating Debtors and Liquidation Trustee were authorized and approved. *See id.*, ¶¶ 4, 18 & 19. Moreover, the Confirmation Order provided that the Plan and the Plan Supplement, which includes the Liquidation Trust Agreement, were immediately effective and enforceable to the fullest extent permitted under the Bankruptcy Code and applicable nonbankruptcy law. *See id.*, ¶ 55. *See also* Plan, Art. XVII.G. (providing that the Plan Supplement is incorporated by reference as if fully set forth in the Plan).

14. Upon the Effective Date, the Liquidation Trust was established pursuant to the Plan and William H. Henrich ("Henrich" or the "Initial Liquidating Trustee") of Getzler Henrich & Associates, LLC, was appointed as the initial trustee of the Liquidation Trust. *See* Confirmation Order, ¶ 14; Plan §§ X.F, X.I. Additionally, on the Effective Date, a three-member oversight committee (the "Trust Oversight Committee") was deemed to have been formally appointed in accordance with the Plan and terms of the Liquidation Trust Agreement. *See* Confirmation Order, ¶15.

15. The Confirmation Order further provides that the Liquidation Trustee and any professionals retained by the Liquidation Trustee may be compensated by the Liquidation Trust in connection with any services provided to or on account of the Liquidation Trust from and after the Effective Date, subject to and in accordance with the terms of the Plan and the Liquidation Trust Agreement. *See id.*, ¶ 14. The Confirmation Order provides that upon the occurrence of the Effective Date, all reasonable fees and expenses incurred by the Liquidation Trustee shall be paid by the Liquidation Trust in accordance with the terms of the Liquidation Trust Agreement. *See id.*, ¶ 17.

**C.      The Plan.**

16.      As confirmed, the Plan provides that the assets of the Liquidation Trust will be administered and distributed pursuant to the terms of the Plan and the Liquidation Trust Agreement. *See* Plan, Art. I.A. *See also* Plan, Art. X.A ("The Liquidation Trust shall be administered by the Liquidation Trustee in accordance with the Liquidation Trust Agreement.").

17.      The Liquidation Trustee (including any successor Liquidation Trustee) is bound by the terms of the Plan, the Confirmation Order, and the Liquidation Trust Agreement and must "perform all of the duties, responsibilities, rights, and obligations set forth in the Plan and Liquidation Trust Agreement." *See id.*, Art. X.F. Included among the authority, power, and responsibility of the Liquidation Trustee is the authority, power, and responsibility "to employ and compensate counsel or other advisors to assist in the performance of its duties, which counsel may include any counsel who has represented either the Debtors, the UCC, or the Pension Committee during the pendency of the Chapter 11 Cases, … ." *See id.*, Art. X.I.1(k). *See also* Plan, Art. IV.D.2.

18.      Notably, distributions from the Liquidation Trust must be made in accordance with the Plan and the Liquidation Trust Agreement "after paying, reserving against, or satisfying, among other things, the operating and administrative expenses of the Liquidation Trust, including but not limited to all costs, expenses, and obligations incurred by the Liquidation Trustee (or professionals who may be employed by the Liquidation Trustee in administering the Liquidation Trust) in carrying out their responsibilities to the Liquidation Trust under the Liquidation Trust Agreement, or in any manner connected, incidental, or related thereto." *See id.*, Art. X.E.

**D.    The Liquidation Trust Agreement.**

19.    On June 18, 2024, the Liquidation Trust Agreement was executed by and between the Debtors, the Initial Liquidation Trustee, and Steindler Orthopedic Clinic, PLC, Preston Hollow Community Capital, Inc. ("Preston Hollow"), and Paula Roby, as members of the Trust Oversight Committee. Pursuant to the Plan, the powers and duties of the Trust Oversight Committee are set forth in the Liquidation Trust Agreement. *See* Plan, Art. X.B.

20.    Like the Plan, the Liquidation Trust Agreement authorizes the Liquidation Trustee to engage attorneys as may be necessary to carry out the Liquidation Trustee's duties under the Liquidation Trust Agreement on such terms as the Liquidation Trustee deems appropriate in the Liquidation Trustee's sole discretion, including any law firm that was retained as a professional in the Debtors' chapter 11 cases after consultation with the Trust Oversight Committee. *See* LTA, § 2.7.

21.    All reasonable fees and expenses of administration of the Liquidation Trust and the Liquidation Trustee, including those for professionals pursuant to section 2.7, are to be paid from the Liquidation Trust. *See id.* The reasonable fees and expenses of such professionals are borne exclusively by the Liquidation Trust without review or approval of the Court or any other party, except as provided in Section 2.8 of the Liquidating Trust Agreement. *See id.*

22.    Section 2.8 of the Liquidation Trust Agreement sets forth the explicit process for the payment of and any objections to the Liquidation Trust's professional fees. *See* LTA, § 2.8. Court authorization is not required before the payment of professional fees and expenses. *See id.* Section 2.8 further provides:

> …Any invoices of the Liquidation Trustee and the Liquidation Trustee's professionals will be provided to the Trust Oversight Committee for review and approval contemporaneous with receipt by the Liquidation Trustee. <u>The Trust Oversight Committee must make any objection to fees or expenses in writing within ten (10)</u>

<u>days after receiving the pertinent invoice(s) and such objection must identify the time entries and any other matters subject to the objection and the grounds therefor</u>. The parties will engage in good faith discussions to resolve the objection. If the <u>objection is not resolved within thirty (30) days of the Liquidation Trustee's receipt of such objection, the undisputed portion of the fees and expenses will be promptly paid and the party seeking payment shall have the right to seek approval of any disputed portion from the Court</u>. Failure to timely object to requested fees and/or expenses shall be deemed a waiver of any such objection and the Trust Oversight Committee's consent to the payment of such fees and expenses.

*See id.*

23. Under the Liquidation Trust Agreement, this Court retained exclusive jurisdiction over the Liquidation Trust after the Effective Date, including, without limitation, jurisdiction to resolve all controversies, suits, and issues that may arise in connection with the Liquidation Trust or the Liquidation Trust Agreement. *See* LTA, § 12.7. All parties to the Liquidation Trust Agreement irrevocably agreed that any action to enforce, interpret, or construe any provision of the Liquidation Trust Agreement would be brought only in the Court. *See id.*

E. **The Legal Services Rendered by Sills and the Replacement of the Liquidation Trustee.**

24. Subsequent to the Effective Date, Mr. Henrich, as the Initial Liquidation Trustee, hired Sills to perform legal services to the Liquidation Trust in accordance with the terms of the parties' engagement letter, Confirmation Order, the Plan, and section 2.7 of the Liquidation Trust Agreement. *See* Sherman Decl., ¶ 8. During the period of June 24, 2024 through and including August 9, 2024, Sills provided legal services at the request and direction of Mr. Henrich, as Initial Liquidation Trustee. *Id.*

25. The legal services rendered by Sills related to the administration of the Liquidation Trust, the implementation of the Plan and Confirmation Order. *See id.*, ¶ 9. A

detailed description of the services rendered by Sills is set forth in the Invoice (as defined below). *Id.*

26. Specifically, Sills provided 280 hours of services at its standard hourly rates resulting in an amount due of $230,983.00 pursuant to the terms of the engagement letter between Sills and the Initial Liquidation Trustee. *See id.*, ¶ 10. However, as an accommodation to the Liquidation Trust and its beneficiaries, Sills provided a discount of $41,983.00 to conform the rates charged by Sills for post-effective date services to the arrangement Sills agreed to prior to the entry of the Confirmation Order. *Id.*

27. By letter dated August 9, 2024, the members of the Trust Oversight Committee removed Mr. Henrich as the Initial Liquidation Trustee and appointed Dan R. Childers, Esq. of Shuttleworth & Ingersoll P.L.C., as successor Liquidation Trustee under the Trust Agreement and the Plan (herein, the "Liquidation Trustee"). *See Notice of Removal and Replacement of Liquidation Trustee Under the Trust Agreement and Plan*, dated August 9, 2024 [Docket No. 1226]. *See* Sherman Decl., ¶ 11.

28. Subsequent to the replacement of Mr. Henrich, Sills ceased providing legal services to the Liquidation Trust on or about August 9, 2024. *See id.*, ¶ 12. After Mr. Henrich was removed, Sills had several calls to address transition services and provided assistance to the Liquidation Trustee's new counsel for which Sills did not seek compensation. *See id.*

F. **Failure of the Liquidation Trustee to Pay Legal Fees and Expenses**

29. On August 28, 2024, Andrew H. Sherman transmitted Sills' invoice number 2064865 dated August 26, 2024 (the "Invoice"),[2] to the Liquidation Trustee and the members of the Trust Oversight Committee as required by section 2.8 of the Liquidation Trust Agreement.

---

[2] A true copy of the Invoice and the email transmitting the Invoice are to the Sherman Declaration as **Exhibit A**.

*See* Sherman Decl., ¶ 13. The Liquidation Trustee has not provided Sills with any objections to the Invoice. *See id.*

30. On September 6, 2024, John Dinan of Preston Hollow, one of the members of the Trust Oversight Committee, sent email correspondence (the "Dinan 9/6/2024 E-mail")[3] to Mr. Sherman of Sills purporting to object to the Invoice based upon the rights granted to the Trust Oversight Committee in the Liquidation Trust Agreement. *See id.*, ¶ 14.

31. On September 10, 2024, David B. Newman of Sills responded to the Dinan 9/6/2024 E-mail (the "Newman 9/10/2024 Response")[4] and advised Mr. Dinan that the Liquidation Trust Agreement set forth a process for the Trust Oversight Committee to object to the Invoice and that the Dinan 9/6/2024 Email failed to comply with that process. *See id.*, ¶ 15.

32. Mr. Newman further advised that the Trust Oversight Committee's failure to properly object to the Invoice operated as a waiver of the rights of the Trust Oversight Committee and deemed consent to pay the Invoice. *Id*. Mr. Newman also advised that Sills was willing to afford the Trust Advisory Committee a forty-eight (48) hour cure period (the "Cure Period") through and including September 12, 2024 at 3:00 pm Eastern time to cure any deficiencies in the objection process. *See id.*, ¶ 16. Mr. Newman also provided notice that to the extent the Cure Period was not utilized, Sills would request prompt payment from the Liquidation Trustee. *Id*.

33. The Trust Oversight Committee did not respond to the Newman 9/10/2024 Response during the Cure Period. *See id.*, ¶ 17.

---

[3] A true copy of the Dinan 9/6/2024 Email is attached to the Sherman Declaration as **Exhibit B**.
[4] A true copy of the Newman 9/10/2024 Response is attached to the Sherman Declaration as **Exhibit C**.

34. On September 12, 2024, Mr. Newman sent a follow-up letter to Mr. Dinan "Newman 9/12/2024 Letter")[5] advising that, despite being provided with the Cure Period, the Trust Oversight Committee failed to comply with the requirements of the Liquidation Trust Agreement and by doing so willfully and affirmatively waived any and all rights that it had to contest the Invoice. *See id.*, ¶ 18. Accordingly. Sills requested that the Liquidation Trustee promptly pay the Invoice in full. *Id.*

35. Neither the Liquidation Trustee, Mr. Dinan, nor any other member of the Trust Oversight Committee has responded to the Newman 9/12/2024 Letter nor has payment of the Invoice been made to Sills. *See id.*, ¶ 19.

36. Sills has yet to receive payment of the Invoice. *See id.*, ¶ 20.

37. On October 13, 2024, Mr. Sherman of Sills shared a copy of this Motion with counsel for the Liquidation Trustee, Eric Lam of Simmons Perrine Moyer Bergman PLC, and invited counsel to initiate a dialogue to resolve the issues relating to the payment of the post-effective date services without the need for court intervention (the "10/13/2024 Sherman Email").[6] *See* Sherman Decl., ¶ 21.

38. On October 14, 2024, Mr. Lam advised Sills (the "Lam 10/14/2024 Email") that the Liquidation Trustee "believes he should not pay until notified by all the parties that an amount has been agreed upon or when ordered by the Bankruptcy Court to pay a specified amount."[7] *See* Sherman Decl., ¶ 21. As a result, Sills has filed this Motion. *See id.*

---

[5] A true copy of the Newman 9/12/2024 Letter is attached to the Sherman Declaration as **Exhibit D**.
[6] A true copy of the Sherman 10/13/2024 Email is attached to the Sherman Declaration as **Exhibit E**.
[7] A true copy of the Lam 10/14/2024 Email is attached to the Sherman Declaration as **Exhibit F**.

**RELIEF REQUESTED**

39. By this Motion, Sills seeks entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) enforcing the terms of the Confirmation Order, the Plan, and the Liquidation Trust Agreement, and (b) compelling the Liquidation Trustee to pay legal fees in the amount of $189,000.00 and actual and necessary expenses in the amount of $95.40 to Sills for the Post-Petition Period in accordance with the with terms of the Liquidation Trust Agreement.

**BASIS FOR RELIEF**

40. The Court has jurisdiction over this Motion as part of its inherent power to enforce its own orders. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad statutory authority to enforce their own orders and the Bankruptcy Code's provisions and provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). The Supreme Court and courts in this District have recognized that bankruptcy courts retain core jurisdiction to interpret and enforce their own prior orders, including confirmation orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 139 (2009); *Thys Chevrolet, Inc. v. Gen. Motors LLC*, No. 10-CV-46-LRR, 2010 WL 4004328, at *8 (N.D. Iowa Oct. 12, 2010).

41. Similarly, once a chapter 11 plan has been confirmed, the debtor and any entity organized or to be organized for the purpose of carrying out the plan are bound by its provisions and must carry out the plan. To this effect, section 1142(a) of the Bankruptcy Code provides that:

> Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan and shall comply with any orders of the court.

11 U.S.C. § 1142(a). *See In re Cent. Steel Tube Co.*, No. BKR. 83-856-D H, 1989 WL 1684536, at *4 (Bankr. S.D. Iowa May 1, 1989) ("Section 1142(a) directs the debtor to carry out the plan and comply with any orders of the Court as well as gives the debtor the authority to implement the plan regardless of any non-bankruptcy limitations."). Upon confirmation, a chapter 11 plan acts like a contract that binds the parties that participate in the plan. *In re Dial Business Forms, Inc.*, 341 F.3d 738, 743 (8th Cir. 2003). *See also In re Finstad*, 613 B.R. 180, 184 (B.A.P. 8th Cir. 2020), *aff'd*, 4 F.4th 693 (8th Cir. 2021).

42. Here, Sills requests that the Court enforce the terms of the Liquidation Trust Agreement. Pursuant to paragraph 4 of the Confirmation Order, the terms of the Plan, including the Plan Supplement, were incorporated by reference into and deemed an integral part of the Confirmation Order. *See* Confirmation Order, ¶ 4. *See also* Plan, Art. XVII.G. (providing that the Plan Supplement is incorporated by reference as if fully set forth in the Plan). The Confirmation Order also provides that the Plan and the Plan Supplement, which includes the Liquidation Trust Agreement, were immediately effective and enforceable to the fullest extent permitted under the Bankruptcy Code and applicable nonbankruptcy law. *See* Confirmation Order, ¶ 55. As such, the Liquidation Trustee and the members of the Trust Oversight Committee are bound to the provisions of the Liquidation Trust Agreement and cannot take actions contrary to it. *See also* Plan, Art. X.F. (providing that the Liquidation Trustee any successor Liquidation Trustee are bound by the terms of the Plan, the Confirmation Order, and the Liquidation Trust Agreement and must "perform all of the duties, responsibilities, rights, and obligations set forth in the Plan and Liquidation Trust Agreement.").

43. Included among the duties of the Liquidation Trustee are the payment of the expenses of the Liquidation Trust and to compensate counsel or other advisors that assist in the performance of the Liquidation Trustee's duties. *See* Plan, Art. X.I.1(k). *See also* Plan, Art. IV.D.2. Distributions from the Liquidation Trust must be made in accordance with the Plan and the Liquidation Trust Agreement "after paying, reserving against, or satisfying, among other things, the operating and administrative expenses of the Liquidation Trust, including but not limited to all costs, expenses, and obligations incurred by the Liquidation Trustee (or professionals who may be employed by the Liquidation Trustee in administering the Liquidation Trust) in carrying out their responsibilities to the Liquidation Trust under the Liquidation Trust Agreement, or in any manner connected, incidental, or related thereto." *See id.*, Art. X.E. *See also* LTA, § 2.7 (providing that all reasonable fees and expenses of administration of the Liquidation Trust and the Liquidation Trustee, including those for professionals, are to be paid from the Liquidation Trust).

44. While the Trust Oversight Committee had the authority to review and object to the fees and expenses set forth in the Invoice, any objections were subject to the following requirements and procedures as set forth at length in section 2.8 of the LTA:

- Any objection to fees or expenses must be made in writing within ten (10) days after receiving the invoice;

- The objection must identify the time entries and any other matters subject to the objection and the grounds therefor; and

- The parties will engage in good faith discussions to resolve the objection.

- If the objection is not resolved within thirty (30) days of the Liquidation Trustee's receipt of such objection, the undisputed portion of the fees and expenses must be promptly paid.

- A failure to timely object to requested fees and/or expenses is a waiver of the Trust Oversight Committee's objections and is deemed to be the Trust Oversight Committee's consent to the payment of such fees and expenses. *Id.*

45. These process and procedures regarding the payment of professionals, as well as the language in the Liquidating Trust Agreement is clear and unambiguous and sets forth an explicit and detailed methodology for objections to the Invoice.

46. This process was not followed.

47. Sills provided the Invoice to the Trust Oversight Committee on August 28, 2024. As a result, the members of the Trust Oversight Committee were required to provide an objection identifying the time entries and any other matters subject to objection and the grounds therefor by September 9, 2024 (which was extended from September 7, 2024 by operation of Bankruptcy Rule 9006).

48. While Mr. Dinan sent Sills a general objection to the Invoice on September 6, 2024, it neither identified the time entries that were objected to or the grounds for an objection to any of the time entries. Sills advised Mr. Dinan that the objection was deficient on September 10, 2024, and provided a cure period to supplement the purported objection. Neither Mr. Dinan nor the Liquidation Trustee provided any response during the cure period.

49. By operation of section 2.8 of the Liquidation Trust Agreement, the Trust Oversight Committee's failure to timely object to requested fees and/or expenses in the required manner constituted a waiver of the Trust Oversight Committee's objections to the Invoice. In light of the waiver and under the clear provisions of the Liquidation Trust Agreement, the Trust Oversight Committee is deemed to consent to the Invoice. Sills requests that an order be entered recognizing such consent in order to enforce the terms of the Liquidation Trust Agreement which is incorporated into the Confirmation Order and the Plan.

50. Furthermore, by failing to pay the Invoice, the Liquidation Trustee has not complied with the terms of the Liquidation Trust Agreement. The Liquidation Trust Agreement

requires the Liquidation Trustee to promptly pay any undisputed portion of the fees and expenses if an objection is not resolved within thirty (30) days of the Liquidation Trustee's receipt of the objection. More than 30 days have lapsed since the receipt of Mr. Dinan's email of September 6, 2024.

51. Because the Trust Advisory Committee has failed to dispute the fees and expenses in the Invoice in the manner required, the Liquidation Trustee should be compelled to pay the Invoice in full.

52. Finally, in the event that the Court determines to reduce the legal fees and expenses payable to Sills pursuant to the Invoice, Sills submits that any reduction should be made from the initial amount of $230,983.00 due for such legal fees and expenses pursuant to the terms of the engagement letter between Sills and the Initial Liquidation Trustee. *See* Sherman Decl., ¶ 10. While Sills voluntarily agreed to provide a discount of $41,983.00 as an accommodation to the Liquidation Trust and its beneficiaries, *see id.*, Sills should not be required to provide a further reduction that does not take its voluntary discount into account.

53. For all of the foregoing reasons, Sills respectfully submits that enforcement of the Confirmation Order, the Plan, and the Liquidation Trust Agreement is necessary and prudent and that the Liquidation Trustee should be compelled to pay the legal fees and expenses set forth in the Invoice to Sills in accordance with the with terms of the Liquidation Trust Agreement.

## **NOTICE**

54. Sills shall provide notice of this Motion to: (a) the U.S. Trustee; (b) the Liquidation Trustee; (c) the members of Trust Oversight Committee; and (d) all parties that have filed a renewed request for notice pursuant to Bankruptcy Rule 2002 after the Effective Date in accordance with section XVII.E of the Plan. Due to the nature of the relief requested, Sills Cummis respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

55. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, Sills Cummis respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) enforcing the terms of the Confirmation Order, the Plan, and the Liquidation Trust Agreement, and (b) compelling the Liquidation Trustee to pay legal fees in the amount of $189,000.00 and actual and necessary expenses in the amount of $95.40 to Sills for the Post-Petition Period in accordance with the with terms of the Liquidation Trust Agreement; and (c) and granting such additional relief as the Court determines to be just and proper.

Dated: October 18, 2024

Respectfully submitted,

**SILLS CUMMIS & GROSS, P.C.**

*/s/ Andrew H. Sherman*
Andrew H. Sherman, NJS Bar No. 042731991
(admitted *pro hac vice*)
Boris I. Mankovetskiy, NJS Bar No. 012862001
(admitted *pro hac vice*)
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: 973-643-7000
Facsimile: 973-643-6500
E-mail: asherman@sillscummis.com
         bmankovetskiy@sillscummis.com

*/s/ Robert C. Gainer*
Robert C. Gainer  AT0000305
CUTLER LAW FIRM, P.C.
1307 50th Street
West Des Moines, IA 50266
Tel: 515-223-6600
Fax: 515-223-6787
Email: rgainer@cutlerfirm.com

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated October 18, 2024.

                                                                        */s/ Stephanie Newton*

## EXHIBIT A

## PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) ) | Case No. 23-00623 (TJC) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER GRANTING
MOTION OF SILLS CUMMIS & GROSS PC TO ENFORCE THE CONFIRMATION
ORDER, PLAN AND LIQUIDATION TRUST AGREEMENT AND TO COMPEL THE
LIQUIDATION TRUSTEE TO PAY POST-PETITION FEES AND EXPENSES**

Upon the motion (the "Motion")[1] of Sills Cummis & Gross P.C. ("Sills") for entry of an order, (a) enforcing the terms of the Confirmation Order, the Plan, and the Liquidation Trust Agreement, and (b) compelling the Liquidation Trustee to pay legal fees in the amount of $189,000.00 and actual and necessary expenses in the amount of $95.40 to Sills for the Post-Petition Period in accordance with the with terms of the Liquidation Trust Agreement all as set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Public Administrative Order referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and the Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Sills provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1. The Motion is granted.

2. The Liquidation Trustee is hereby directed to comply with the terms of the Confirmation Order, the Plan, and the Liquidation Trust Agreement with respect to the payment of the Invoice.

3. Any objection to the Invoice of the Liquidation Trustee or the Trust Oversight Committee is hereby deemed waived due to their failure to comply with the requirements of section 2.8 of the Liquidation Trust Agreement in a timely manner and the Trust Oversight Committee is hereby deemed to have consented to the payment of such fees and expenses.

4. The Liquidation Trustee is hereby directed to pay legal fees and expenses in the amount of $189,000.00 and actual and necessary expenses in the amount of $95.40 set forth in the Invoice to Sills for the Post-Petition Period in accordance with the with terms of the Liquidation Trust Agreement within three (3) business days of the date hereof.

5. Sills is authorized and empowered to take any and all actions necessary to implement the terms of this Order.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

_____          _____
DATE                                                                JUDGE THAD J. COLLINS