# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 1224** |

## DECLARATION OF ROY RYAN LEAF IN SUPPORT OF FINAL FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Roy Ryan Leaf, being duly sworn, state the following under penalty of perjury and that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a shareholder in the law firm of Nyemaster Goode, P.C. ("Nyemaster"), which has offices at, among other locations, 625 First Street SE, Suite 400, Cedar Rapids, Iowa. I am a member in good standing of the Bar of the State of Illinois and the Bar of the State of Iowa. I have been admitted to practice in the United States District Court for the Northern District of Iowa, the United States District Court for the Southern District of Iowa, the United States District Court for the Central District of Illinois, the United States District Court for the Northern District of Illinois, the United States Bankruptcy Court for the Northern District of Iowa, and the United States Bankruptcy Court for the Southern District of Iowa. There are no disciplinary proceedings pending against me.

2. I hereby submit this declaration (this "Declaration") in support of the *Eleventh Monthly and Final Fee Application of McDermott Will & Emery LLP, Counsel to the Debtors and Debtors-in-Possession, for Allowance of Compensation and Reimbursement of Expenses* [Docket No. 1224] (the "MWE Fee Application"). Unless otherwise stated, the facts set forth in this

Declaration are based upon my personal knowledge, my review of relevant documents, and my opinion based upon my personal knowledge of the industry and my experience in my capacity as restructuring co-counsel to the Debtors during the pendency of the above-captioned chapter 11 cases (the "Chapter 11 Cases").  If called to testify, I could and would testify competently to the facts set forth in this Declaration.

3. In January 2023, Nyemaster was initially retained by Mercy as its local restructuring counsel because of, among other things, Nyemaster's experience, knowledge, and expertise with respect to bankruptcy and restructuring matters in the State of Iowa.  In July 2023, Nyemaster's retention was expanded to include representation of Mercy in connection with a receivership action filed in Iowa.  Following the chapter 11 filing, the Debtors retained Nyemaster to act as their restructuring co-counsel along with McDermott Will & Emery LLP ("McDermott"). *See* Docket Nos. 225, 226.

4. During the Chapter 11 Cases, I worked closely with McDermott to ensure that efforts on behalf of the Debtors were not duplicated by Nyemaster and McDermott.  To that end, as restructuring co-counsel, Nyemaster assisted with various aspects of the Chapter 11 Cases, particularly those that involved issues specific to Iowa law and discussions with local vendors, creditors, and Mercy pensioners.  Nyemaster also assisted with filing substantially all documents filed on behalf of the Debtors in the Chapter 11 Cases and appeared at all hearings in these Chapter 11 Cases as the Debtors' local restructuring counsel.  In my opinion, the collaborative effort between Nyemaster and McDermott was essential to the success of the Chapter 11 Cases because, though Nyemaster has vast experience and expertise with respect to restructuring matters in Iowa, the scope, pace, and complexity of the Chapter 11 Cases required the assistance of a national firm

well-versed in both restructuring and healthcare issues and with the large staffing capacities to handle the fast pace of the Chapter 11 Cases—i.e., McDermott.[1]

5. In my opinion, McDermott's expertise, knowledge, and experience in both complex chapter 11 restructurings and healthcare were critical to the Debtors' success in these Chapter 11 Cases. *First*, I believe that the restructuring and healthcare advice provided by McDermott was integral to negotiating, documenting, and consummating the Debtors' sale of substantially all of their assets to the State of Iowa's University of Iowa (the "University") to the benefit of all patients and local Iowa residents served by Mercy Hospital. The pace, scope, and complexity of the transactions required a national firm the size of McDermott and particularly one with McDermott's expertise in both complex healthcare and restructuring transactions. Quite simply, without McDermott's expertise and guidance, I believe that the sale to the University would not have been consummated, Mercy Hospital would have been forced to shut down, and the Chapter 11 Cases would have converted to chapter 7 by the end of October 2023.

6. *Second*, as a participant in the hard-fought negotiations underlying the Debtors' chapter 11 plan and the settlements contained therein, I believe that the recoveries to unsecured creditors (including pensioners) provided for in the Debtors' confirmed chapter 11 plan would not have been possible without the efforts of McDermott, particularly with respect to its continued efforts to strike global peace by and amongst the Bondholder Representatives, the Official Committee of Unsecured Creditors (the "Committee"), and the Official Committee of Pensioners

---

[1] In January 2024, McDermott was once again named Practice Group of the Year for Health Care by *Law360*. This was McDermott's third consecutive year and eighth time overall receiving this honor. *See McDermott Named Law360 Practice Group of the Year for Health Care for Third Year in a Row*, Jan. 22, 2024, available at https://www.mwe.com/media/mcdermott-named-law360-practice-group-of-the-year-for-health-care-for-third-year-in-a-row/. Additionally, McDermott is the only law firm in the U.S. that is ranked as a "Band 1" healthcare law firm by Chambers, a rating McDermott has exclusively received for 20 straights years. *See* Chambers and Partners, Healthcare in Illinois, USA Guide 2024, McDermott Will & Emery, available at https://chambers.com/department/mcdermott-will-emery-llp-healthcare-usa-5:62:12471:1:4384.

(the "Pension Committee"). Again, McDermott's experience negotiating in chapter 11 cases of this size and magnitude and comparably sized complex healthcare transactions, coupled with their ability to quickly (frequently overnight) implement substantive changes through large, voluminous documents, was critical to reaching this global consensus.

7. *Third*, I believe that McDermott was instrumental in the Debtors' efforts to confirm their proposed chapter 11 plan, which was confirmed following a contested confirmation hearing in which McDermott was heavily involved. In particular, McDermott's nationwide experience with navigating plan confirmation objections, like those raised by Mercy Health Network, Inc. d/b/a MercyOne in these Chapter 11 Cases, was crucial to quickly and efficiently navigating the Debtors' contested confirmation process.

8. *Finally*, as noted above, it is my opinion that, without McDermott's assistance, the outcome of the Chapter 11 Cases, as well as the care and safety of patients at Mercy Hospital, would have been jeopardized to the detriment of the Debtors' estates, creditors, and local Iowans alike, given the significant risk of forced receivership and/or hospital closure at the outset of these Chapter 11 Cases. Accordingly, while the amount of fees and expenses that McDermott seeks is significantly higher than those typically charged in Iowa, I believe that the fees and expenses requested by McDermott in the MWE Fee Application are reasonable, justified, and merited due to the services, expertise, and guidance provided by McDermott during the Chapter 11 Cases and the incredible results achieved by McDermott for the benefit of the Debtors and their estates, creditors, and patients.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 21, 2024

          */s/ Roy Ryan Leaf*
          Roy Ryan Leaf
          Shareholder
          Nyemaster Goode, P.C.