IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**OBJECTION TO ADMINISTRATIVE CLAIM AND NOTICE OF OBJECTION BAR DATE** |

COMES NOW Dan R. Childers, in his sole capacity as Trustee of the Mercy Hospital Liquidation Trust, by and through his counsel, and in support of this Objection respectfully states:

1. Nancy A. Kedzior filed Administrative Claim[1] #20009, in the amount of $0.00 ("Claim").

2. The Trustee and his advisors have examined the Claim, and the Trustee objects to the Claim, for the following reason(s):

   [ ] a. The Claim either has been paid or the Trustee's advisor is still attempting to ascertain from the Debtors' records whether the Claim has been paid

   [ ] b. The Claim is not supported by the requisite documentation.

   [✓] c. No amount was stated on the Claim

   [ ] d. The Claim does not qualify as administrative status because the Claim, *inter alia,* was not incurred after the filing of Chapter 11, *or* did not benefit the Chapter 11 Bankruptcy Estate.

   [ ] e. The Claim was not timely filed

   [ ] f. The Claim was a duplicate of another Claim

   [✓] g. The Claim was amended by another Claim

   [ ] h. None of the provisions in 11 U.S.C. §503 applies

   [ ] i. The Claim was otherwise paid or assumed by Purchaser University of Iowa

---

[1] Pursuant to, *inter alia*, the Debtors' Motion re Administrative Claims (Dkt #694) and this Court's Order (Dkt #740), the Claim was filed with Epiq Corporate Restructuring LLC, and the Claim number was assigned by Epiq.

**NOTICE IS HEREBY GIVEN** that any **objection** from the claimant against the Trustee's Objection to the Claim must be filed with the Clerk of Court, U.S. Bankruptcy Court, Northern District of Iowa, 111 Seventh Ave. SE, Box 15, Cedar Rapids, IA 52401, so that the Objection is received by the Clerk of Bankruptcy Court in paper format or electronically **on or before December 6, 2024**. If no objection is timely and properly filed, an Order will be tendered by the Trustee to the Court, sustaining the Trustee's Objection. If a timely and proper objection is filed, a hearing on the Trustee's Objection and the claimant's Objection thereto will be set pursuant to further notice.

WHEREFORE, the Trustee respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order disallowing the Claim, and for such other relief as may be just and proper under the premises.

> /s/ E Lam
> Eric W. Lam, AT0004416
> Joseph Porter, AT0014454
> SIMMONS PERRINE MOYER BERGMAN PLC
> 115 Third Street SE, Suite 1200
> Cedar Rapids, IA 52401
> Tel: 319-366-7641; Fax: 319-366-1917
> elam@simmonsperrine.com
> jporter@spmblaw.com
> ATTORNEYS FOR LIQUIDATION TRUSTEE

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 6th day of November, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case. The undersigned also mailed, via United States Postal Service, postage fully paid, a copy of the foregoing document to

NANCY A. KEDZIOR
950 KYLE DR NE
IOWA CITY, IA 52240-9611

> /s/ Kelly Carmichael

MHLT/Pldgs/BA 23-00623 – Drafts/Obj to Administrative Claim and NOBD 20009.11052024.1528.ewl