IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**MOTION FOR RELIEF FROM ORDER** |

COMES NOW Dan R. Childers, in his sole capacity as Trustee of the Mercy Hospital Liquidation Trust, by and through his counsel, and in support of this Motion respectfully states:

1. After the filing of the voluntary Chapter 11 Petitions by the Debtors, the Debtors filed an Application to Employ Epiq Corporate Restructuring, LLC ("Epiq") as claims, noticing, solicitation, and administrative agent ("Application") (Dkt #9).

2. Eventually, on August 14, 2023, this Court entered and enrolled an Order granting the Application ("Order") (Dkt #91).

3. Among the provisions of the Order was ¶20, which stated "Epiq shall not cease providing Services during the Chapter 11 Case for any reason, including non-payment, without an order of the Court." *See* Order at ¶20.

4. Epiq provided valuable services since and including the entry of the Order, and presumably Epiq has been paid by the Debtors while the Debtors were acting as Debtors-in-Possession.

5. Eventually, this Court entered an Order confirming the Debtors' Chapter 11 Plan. One of the provisions of the Plan created a Liquidation Trust. Trustee Childers is now serving as the Trustee of the Liquidation Trust.

6. After confirmation of the Debtors' Plan, the Debtors have ceased operation. Similarly, the Liquidation Trust does not conduct any business as such. Nonetheless, in light of ¶20 of the Order, Epiq continued to monitor the docket and to issue notices of various filings and pleadings in these cases, involving matters that are not related to the Trustee's administration of the Trust. The Trust of course has limited assets, and the Trustee is vested with the responsibility to not waste Trust assets, such as cash that otherwise may be available to enable the Trust to discharge its duties. The Trustee is appreciative of the valuable work and services performed by Epiq. However, the Trust should not expend its assets and cash to pay Epiq for services that do not relate to the operation and administration of the Trust.

7. The Trustee and his professionals have been in contact with Epiq, and the Trustee reasonably believes Epiq and the Trustee will be able to agree to limit Epiq's services to, for example, maintaining the claims website, etc., but Epiq should not be performing services that do not benefit the Trust and that are not related to the administration of the Trust. The precise nature and scope of Epiq's services going forward should be left to the discretion of the Trustee and to negotiated agreements between the Trustee and Epiq.

8. The Trustee files this Motion to relieve Epiq from the various provisions of the Order, including ¶20 of the Order, so as to enable and allow Epiq to cease performing services that do not benefit the Trust, or that do not relate to the administration of the Trust by the Trustee. Epiq and the Trustee will continue to have a professional relationship, and Epiq will perform services only as directed by the Trustee and his professionals.

9. In light of the confirmation of the Plan, the cessation of business operation by the Debtors, and the limited resources available to the Trust, and the need for the Trustee to discharge his fiduciary duties economically (including not incurring and paying for services and expenses that do not relate to the administration of the Trust or that do not benefit the Trust), an Order should issue from this Court relieving Epiq of various obligations imposed by the Order, so that Epiq's services going forward will be limited only to efforts that are approved by and directed by the Trustee.

10. No creditor or other party in interest will be unduly prejudiced by the granting of the relief requested in this Motion. In contrast, granting the relief requested in this Motion will enable the Trust to continue to be administered efficiently and properly.

WHEREFORE, the Liquidation Trustee respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order granting the following relief:

A. Relieving Epiq from various provisions of the Order, including ¶20 of the Order, that required Epiq to perform services that do not benefit the Trust;

B. Authorizing Epiq to perform services only as directed by the Liquidation Trustee, with the scope of services to be agreed upon between the Trustee and Epiq; and,

C. Granting such further relief as may be just and proper under the premises.

/s/ Eric W. Lam
Eric W. Lam, AT0004416
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
ATTORNEY FOR LIQUIDATION TRUSTEE

**Certificate of Service**

      The undersigned certifies, under penalty of perjury, that on this 12th day of November, 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case. The undersigned also electronically mailed a copy of the foregoing document to:

    Regina Amporfro, Epiq – ramporfro@epiqglobal.com

                                                      */s/ Kelly Carmichael*

MHLT/Pldgs/BA 23-00623 – Drafts/Mtn for Relief re Epiq.111224.1249.ewl