IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 23-00623<br><br>JOHNSON COUNTY, IOWA'S RESPONSE TO THE OBJECTION OF THE LIQUIDATION TRUSTEE |

COME NOW Assistant Johnson County Attorneys David M. Van Compernolle and Nathan H. Peters, on behalf of Johnson County, Iowa and pursuant to Local Bankruptcy Rule 3007-1, submit the following Response to the Objection of the Liquidation Trustee (Docket # 1470):

1. On March 14, 2024, Johnson County, Iowa filed its Administrative Claim #40037 for property taxes related to certain parcels owned by Debtors. "Exhibit A".

2. In the Excel spreadsheet included with Claim #40037, Johnson County identified all known affected parcels, itemized the then-current property tax amounts due for all parcels, and estimated future property taxes.

3. The total dollar amount of the claim was listed as "undetermined", not "$0.00", as the liquidation trustee wrote in its objection. Compare p. 2, part 2, para. 7 of Administrative Claim #40037 ("Exhibit A") with p. 1, para. 1 of the liquidation trustee's objection.

4. The bulk of the Mercy parcels were sold within the bankruptcy context to the University of Iowa Hospitals and Clinics ("UIHC"). Mercy retained certain parcels

1

outside of the sale. It was unclear to Johnson County at the time of filing the administrative claim what Mercy owed or would owe in the future in property taxes.

5. Johnson County was not a party to the sale transaction involving Mercy and UIHC. In an abundance of caution, Johnson County included with the claim form the property tax picture for all parcels and amounts then known to Johnson County as well as the *estimated* future property taxes.

6. Upon information and belief, all pre-Petition property taxes regarding all Mercy parcels have been paid in full.

7. Upon information and belief, Mercy retained only two parcels after the sale to UIHC -- #1010166010 and #1010166008.

8. Only parcel #1010166010 continues to generate post-Petition property tax liability. And, it will continue to do so.

9. Upon information and belief, the property is currently listed for sale, and has been, since shortly after the sale of the other properties to UIHC.

10. The September installment on parcel #1010166010 was paid electronically by the liquidation trustee on September 30, 2024, in the amount of $77,291.00. See "Exhibit B" ("Tax Charge Information Sheet").

11. The March installment in the amount of $77,291.00 is due on March 1, 2025. Id.; see also "Exhibit C" (full year property tax statement).

12. The assessed value for the current fiscal year and amounts due for future property taxes are yet to be calculated.

WHEREFORE, Johnson County, Iowa requests that the liquidation trustee's objection to Claim #40037 be overruled; and, that Johnson County's claim for property taxes be allowed.

Respectfully submitted,

*/s/ David M. Van Compernolle*
David M. Van Compernolle
Assistant Johnson County Attorney
500 S. Clinton Street, Suite 400
Iowa City, IA 52240
Phone (319) 339-6100
Fax: (319) 339-6149
E-mail: dvancompernolle@johnsoncountyiowa.gov

*/s/ Nathan H. Peters*
Nathan H. Peters
Assistant Johnson County Attorney
500 S. Clinton Street, Suite 400
Iowa City, IA 52240
Phone: (319) 339-6100
Fax:    (319) 339-6149
Email: npeters@johnsoncountyiowa.gov

ATTORNEYS FOR JOHNSON COUNTY, IOWA

**CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury, that on this 20th day of November 2024, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

*/s/ Nathan H. Peters*