IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**RESPONSE OF GETZLER HENRICH & ASSOCIATES LLC AND COLE SCHOTZ P.C. TO MERCY LIQUIDATING TRUST OVERSIGHT COMMITTEE'S RESISTANCE TO MOTION TO COMPEL THE LIQUIDATION TRUSTEE TO PAY POST-PETITION FEES**

COME NOW Getzler Henrich & Associates LLC and Cole Schotz P.C. ("Getzler", "Cole", collectively "Movants"), by and through their attorney, Nicole Hughes, and for their Response to Mercy Liquidating Trust Oversight Committee's (the "Trust Oversight Committee") Resistance to Motion to Compel the Liquidation Trustee to Pay Post-Petition Fees, respectfully states as follows:

The Trust Oversight Committee did not object the Movant's fees. Instead, the Trust Oversight Committee waived its rights to object to Movants' fees and consented to payment of those fees by failing to object timely and in conformation with The Liquidation Trust Agreement ("LTA") as explained in Movants' Motion to Enforce the Confirmation Order, Plan and LTA and to Compel the Liquidation Trustee to Pay Post-Petition Fees and the attached Exhibits (Docket No. 1291).

Since the Trust Oversight Committee consented to the payment of Movants' fees, Movants had no reason to communicate with the Trust Oversight Committee regarding their fees.

Contrary to the Trust Oversight Committee's allegation, Movants' fees were both reasonable and necessary. As its time records detail, Getzler reviewed administrative claims and

professional fee and expense applications, examined reserve requirements, calculated bondholder distribution, prepared and analyzed waterfall calculations; and prepared a disbursement schedule. Getzler also worked on issues involving workers' compensation settlements, JV Melrose interests sale transaction, collection of accounts receivable, open payables, medical malpractice claims, and outstanding checks. Similarly, Cole researched issues surrounding a purported conflict of interest raised by the Trust Oversight Committee and prepared and revised a letter memorandum regarding those issues.

Contrary to the Oversight Committee's assertion that there has been no value conferred by Getzler and Cole, Getzler's employment benefitted numerous parties involved with the Mercy Hospital Liquidation Trust ("Trust"). Getzler's efforts increased the bondholder distribution from $10,000,000, initially perceived available based on a preliminary review of relevant information received from ToneyKorf, to $18,500,000. In addition, Getzler distributed over $1,000,000 to the pensioners, albeit $250,000 was returned by the recipient bank and set to be reissued just prior to Getzler's termination by the Oversight Committee. . The bondholders' financial advisor even commented positively on Getzler's work. Getzler also prudently and timely analyzed several important issues impacting the Trust in order to protect all classes.

Further, when the Trust Oversight Committee expressed its concern about Sills Cummis' alleged conflict of interest, Getzler listened to their concerns and then immediately hired an independent law firm, Cole, to thoroughly research the issue. Cole then promptly researched and analyzed the issue to ensure no conflict existed. The Trust benefited from Cole's thorough analysis of the issues which was in direct response to the Trust Oversight Committee's strongly expressed concerns.

Getzler had numerous communications with the Trust Oversight Committee, including meetings and emails, as opposed to the Oversight Committee's assertion that there was little communication.  During Getzler's initial meeting with the Trust Oversight Committee on July 16, 2024, a biweekly communication schedule between Getzler and the Trust Oversight Committee was agreed upon.  After the first week, Getzler recognized the necessity of more frequent communication with the Trust Oversight Committee and modified its communications accordingly.  Getzler met with the Trust Oversight Committee on July 22, 2024 regarding the reserves analysis and distribution payment status and again on July 25, 2024 regarding concerns pertaining to Sills Cummis acting as Getzler's counsel.  Further, Getzler emailed a letter to the Trust Oversight Committee on July 26, 2024 advising them of its intention to retain Cole as independent special counsel.  On July 29, 2024, Getzler met with the Trust Oversight Committee to discuss the status of claims and waterfall analysis progress.  On July 30, 2024, Getzler sent the Trust Oversight Committee a memorandum regarding the Thompson Trust result.  On August 1, 2024, Getzler again met with the Trust Oversight Committee.  On  August 8, 2024, Getzler emailed the Trust Oversight Committee information on outstanding checks and cash account analysis.  In the twenty-five (25) days between Getzler's initial meeting with the Trust Oversight Committee and Getzler's dismissal, Getzler communicated with the Trust Oversight Committee on at least 8 of those days- this hardly qualifies as little communication.

Cole was not hired by Getzler in his individual capacity to address a personal conflict issue.  On July 25, 2024, during a meeting between the Trust Oversight Committee and Getzler, two (2) of the three (3) members of the Trust Oversight Committee expressed concerns about an alleged conflict of interest with Sills Cummis acting as Getzler's counsel, indicating their desire to see Sills Cummis replaced.  <u>The next day</u> Getzler emailed a letter to the Trust Oversight

Committee acknowledging the concerns raised and advising them of its intention to retain Cole as independent special counsel to investigate and advise it with respect to whether the engagement of Sills Cummis presents an appearance of conflict. Cole was hired by Getzler as Liquidation Trustee to advise the Liquidation Trustee about a Trust related issue.

Contrary to the Trust Oversight Committee's assertion that they made clear that the engagement of Cole was not authorized, could provide no benefit to the Liquidation Trustee, and Cole would not be paid for by the Liquidation Trustee, one (1) member of the Oversight Committee merely mentioned that he did not believe it was necessary to hire Cole during one (1) telephone call after Coles' work was substantially completed. Getzler never received any indication from the Trust Oversight Committee that the Committee opposed the retention of Cole or that the engagement would not benefit the Liquidation Trustee. Cole was retained by the Liquidation Trustee on July 26, 2024 and promptly began researching the relevant legal issues and drafting a legal memorandum of its findings.

After the Liquidation Trustee was dismissed, Cole prepared its invoice, deducting substantial fees as a professional discount. Cole's invoice was submitted to the Trust Oversight Committee on August 14, 2024. To date, the Trust Oversight Committee has not objected to Cole's fees.

Finally, Getzler fully cooperated with the transition to the Successor Trustee and sent numerous emails and files of information to and had multiple telephone conferences with the Successor Trustee or his financial advisor, Marc Ross. For example, on August 16, 2024, Getzler emailed the successor Trustee the cash balances and transaction activity; on August 20, 2024, Getzler emailed Marc Ross the outstanding checks information; and on September 3, 2024, Getzler sent its work files to Marc Ross via OneDrive. Additionally, Getzler forwarded Deloitte

invoices to Marc Ross on September 20, 2024 and October 11, 2024. In sharp contract to the Trust Oversight Committee's allegations that Getzler did not transition any of its valueless work to the Successor Trustee, Getzler cooperatively transitioned its meaningful work to the Successor Trustee or his agents.

In support of this Response, Getzler relies on and incorporates the *Declaration of William H. Henrich* submitted herewith.

## CONCLUSION

**WHEREFORE**, Getzler and Cole respectfully request that the Court enter an order (a) enforcing the terms of the Confirmation Order, the Plan, and the Liquidation Trust Agreement, and (b) compelling the Liquidation Trustee to promptly pay fees in the amount of $164,737.10 to Getzler and $13,500.00 to Cole in accordance with the terms of the Liquidation Trust agreement; and (c) and granting such additional relief as the Court determines to be just and proper.

Date: December 3, 2024.                    /s/ Nicole Hughes
                                           Nicole Hughes, AT0002263
                                           Telpner Peterson Law Firm, LLP
                                           25 Main Place, Suite 200
                                           Council Bluffs, IA  51503
                                           Telephone:  (712)325-9000
                                           Facsimile:  (712)328-1946
                                           Email: nhughes@telpnerlaw.com
                                           ATTORNEY FOR GETZLER AND COLE

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury, that on December 3, 2024, a copy of this document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing, the U.S. Trustee, the Liquidation Trustee, and the members of the Trust Oversight Committee, and all parties that have filed a renewed request for notice pursuant to Bankruptcy Rule 2002 after the Effective Date in accordance with section XVII.E of the Plan.

                                           /s/ Nicole Hughes