**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) Case No. 23-00623 (TJC) |
| Debtors. | ) ) (Jointly Administered) |
| | ) ) |

**DECLARATION OF WILLIAM H. HENRICH IN SUPPORT OF THE RESPONSE OF GETZLER HENRICH & ASSOCIATES LLC AND COLE SCHOTZ P.C. TO MERCY LIQUIDATING TRUST OVERSIGHT COMMITTEE'S RESISTANCE TO MOTION TO COMPEL THE LIQUIDATION TRUSTEE TO PAY POST-PETITION FEES**

I, William H. Henrich, make this declaration ("Declaration") pursuant to 28 U.S.C. § 1746:

1.      I am a resident of New York and a Co-Chairman of Getzler Henrich & Associates LLC ("Getzler"), with primary offices located at 295 Madison Avenue, 20th Floor, New York, New York 10007.  I am authorized to make this Declaration on behalf of Getzler. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2.      I submit this Declaration in support of the Response of Getzler and Cole Schotz P.C. ("Cole", collectively "Movants") to Mercy Liquidating Trust Oversight Committee's (the "Trust Oversight Committee") Resistance to Motion to Compel the Liquidation Trustee to Pay Post-Petition Fees filed contemporaneously herewith.

3.      The Trust Oversight Committee did not object to Getzler's fees.

4.      The Trust Oversight Committee waived its rights to object to Getzler's fees and consented to payment of those fees by failing to object timely and in conformation with The Liquidation Trust Agreement ("LTA").

5.      Since the Trust Oversight Committee consented to the payment of Getzler's fees, Getzler had no reason to communicate with the Trust Oversight Committee regarding its fees.

6.      Getzler's fees were both reasonable and necessary.

7.      Getzler reviewed administrative claims and professional fee and expense applications, examined reserve requirements, calculated bondholder distribution, prepared and analyzed waterfall calculations; and prepared a disbursement schedule.

8.      Getzler also worked on issues involving workers' compensation settlements, JV Melrose interests sale transaction, collection of accounts receivable, open payables, medical malpractice claims, and outstanding checks.

9.      Getzler's employment benefitted numerous parties involved with the Mercy Hospital Liquidation Trust ("Trust").

10.     Getzler's efforts increased the bondholder distribution from $10,000,000, initially perceived available based on a preliminary review of relevant information received from ToneyKorf, to $18,500,000.

11.     Getzler distributed over $1,000,000 to the pensioners, albeit $250,000 was returned by the recipient bank and set to be reissued just prior to Getzler's termination by the Trust Oversight Committee.

12.     The bondholders' financial advisor even commented positively on Getzler's work.

13.     Getzler also prudently and timely analyzed several important issues impacting the Trust in order to protect all classes.

14.     When the Trust Oversight Committee expressed its concern about Sills Cummis' alleged conflict of interest, Getzler listened to their concerns and then immediately hired an independent law firm, Cole, to thoroughly research the issue.

15.     The Trust benefited from Cole's thorough analysis of the issues which was in direct response to the Trust Oversight Committee's strongly expressed concerns.

16.     Getzler had numerous communications with the Trust Oversight Committee, including meetings and emails.

17.     During Getzler's initial meeting with the Trust Oversight Committee on July 16, 2024, a biweekly communication schedule between Getzler and the Trust Oversight Committee was agreed upon.

18.     After the first week, Getzler recognized the necessity of more frequent communication with the Trust Oversight Committee and modified its communications accordingly.

19.     Getzler met with the Trust Oversight Committee on July 22, 2024 regarding the reserves analysis and distribution payment status and again on July 25, 2024 regarding concerns pertaining to Sills Cummis acting as Getzler's counsel.

20.     Getzler emailed a letter to the Trust Oversight Committee on July 26, 2024 advising them of its intention to retain Cole as independent special counsel.

21.     On July 29, 2024, Getzler met with the Trust Oversight Committee to discuss the status of claims and waterfall analysis progress.

22.     On July 30, 2024, Getzler sent the Trust Oversight Committee a memorandum regarding the Thompson Trust result.

23.     On August 1, 2024, Getzler again met with the Trust Oversight Committee.

24.     On  August 8, 2024, Getzler emailed the Trust Oversight Committee information on outstanding checks and cash account analysis.

25.     On July 25, 2024, during a meeting between the Trust Oversight Committee and Getzler, two (2) of the three (3) members of the Trust Oversight Committee expressed concerns about an alleged conflict of interest with Sills Cummis acting as Getzler's counsel, indicating their desire to see Sills Cummis replaced.

26.     The next day Getzler emailed a letter to the Trust Oversight Committee acknowledging the concerns raised and advising them of its intention to retain Cole as independent special counsel to investigate and advise it with respect to whether the engagement of Sills Cummis presents an appearance of conflict.

27.     One (1) member of the Oversight Committee merely mentioned that he did not believe it was necessary to hire Cole during one (1) telephone call after Coles' work was substantially completed.

28.     Getzler never received any indication from the Trust Oversight Committee that the Committee opposed the retention of Cole or that the engagement would not benefit the Liquidation Trustee.

29.     Cole was retained by the Liquidation Trustee on July 26, 2024.

30.     Getzler fully cooperated with the transition to the Successor Trustee and sent numerous emails and files of information to and had multiple telephone conferences with the Successor Trustee or his financial advisor, Marc Ross.

31.     On August 16, 2024, Getzler emailed the successor Trustee the cash balances and transaction activity; on August 20, 2024, Getzler emailed Marc Ross the outstanding checks information; and on September 3, 2024, Getzler sent its work files to Marc Ross via OneDrive.

32.     Getzler forwarded Deloitte invoices to Marc Ross on September 20, 2024 and October 11, 2024.

Dated:  December 3, 2024                    */s/ William H. Henrich*
New York, New York                           William H. Henrich