IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**CAPTIS HEALTH, LLC'S OBJECTION TO TRUSTEE'S OBJECTION TO ADMINISTRATIVE CLAIM #40011** |

COMES NOW Captis Health, LLC ("Captis"), by and through its undersigned counsel, and in response to the Objection (as defined below) respectfully states as follows:

1. On February 29, 2024, Captis filed Administrative Claim #40011 in the amount of $219,264.62 (the "Administrative Claim").

2. On November 4, 2024, Dan R. Childers, in his sole capacity as Trustee of the Mercy Hospital Liquidation Trust (the "Trustee"), filed the *Objection to Administrative Claim and Notice of Objection Bar Date* [Docket No. 1350] (the "Objection").

3. Pursuant to the Objection, the Trustee objects to the Claim and claims that (1) the Administrative Claim is not supported by the requisite documentation, and (2) the Administrative Claim "does not qualify as administrative status because the [Administrative] Claim, *inter alia*, was not incurred after the filing of Chapter 11, or did not benefit the Chapter 11 Bankruptcy Estate." Objection at 1.

4. As provided below, neither basis for objecting is supported by the facts, and the Administrative Claim should be allowed.

5. First, the Administrative Claim was filed with copies of invoices supporting the claim amount attached thereto.

6. Second, the Administrative Claim both incurred after August 7, 2023 (the "Petition Date") and benefited the bankruptcy estate of the above-captioned debtors and debtors in possession (the "Debtors").

7. Captis is a member-owned and -operated collaborative healthcare organization, focused on delivering supply chain solutions and efficiencies for its health system members. To enable Captis to deliver supply chain savings to its health system members (such as the Debtors), Captis's members make purchasing commitments to the organization and to each other, which commitments are embodied in various agreements, including the Participation Agreement between Captis and the member.

8. Among other things, the Participation Agreement sets forth (1) the services that Captis provides on behalf of members, including negotiating and making available to the member certain supplier contract pricing terms and conditions, and (2) the member's commitment to purchase certain supplies under Captis-negotiated contracts.

9. Debtor Mercy Hospital, Iowa City, Iowa ("Mercy Hospital") and Captis were parties to a Participation Agreement, and, promptly after becoming a member, Mercy Hospital experienced significant savings as a result.

10. As of January 2024, Captis had generated over $1 million in savings for Mercy Hospital in the form of rebates earned throughout Mercy Hospital's time as a Captis member. This savings amount does not include reduced pricing that Mercy Hospital received as a Captis member through Captis-negotiated contracts with suppliers, which provided the Debtors with further savings.

11. The Participation Agreement set up a clear process to allow members to terminate the Participation Agreement without cause over an approximately two-year period, and the Participation Agreement was set to terminate on January 31, 2024.

12. On or around December 13, 2023, Captis received a written notice from the State of Iowa's University of Iowa (the "Winning Bidder") notifying that the Participation Agreement will not be assumed and assigned to the Winning Bidder. On the same day, Captis received a written notice from Iowa City Ambulatory Surgical Center notifying that the Participation Agreement, which was signed with Mercy Hospital, will be terminated effective on January 31, 2024 (the "Termination Date").

13. On January 19, 2024, Captis notified its suppliers of Mercy Hospital's intention to terminate the Participation Agreement on the Termination Date.

14. From the Petition Date through to the Termination Date of January 31, 2024, Mercy Hospital had access to, and made purchases under, the Captis portfolio of contracts and benefits from all associated contracts and pricing.

15. Accordingly, the Debtors and their estates benefited from the services provided by Captis following the Petition Date, and the Administrative Claim qualifies for administrative status.

[*Remainder of page intentionally left blank*]

WHEREFORE, Captis respectfully requests that the Objection be overruled, that the Administrative Claim be allowed, and for any such relief as the Court finds just and equitable.

Dated: December 3, 2024          **FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ *Jesse Linebaugh*
Jesse Linebaugh
801 Grand Avenue, 33rd Floor
Des Moines, IA  50309
Tel:  (515) 248-9000
Fax: (515) 248-9010
jesse.linebaugh@faegredrinker.com

*Counsel to Captis Health, LLC*