**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: December 6, 2024 at 11:15 a.m.** |

**REPLY IN SUPPORT OF
MOTION OF SILLS CUMMIS & GROSS PC TO ENFORCE THE CONFIRMATION
ORDER, PLAN AND LIQUIDATION TRUST AGREEMENT AND TO COMPEL THE
LIQUIDATION TRUSTEE TO PAY POST-PETITION FEES AND EXPENSES**

Sills Cummis & Gross P.C. ("Sills") hereby submits this reply (the "Reply") in further

support of the *Motion of Sills Cummis & Gross PC to Enforce the Confirmation Order, Plan and*

*Liquidation Trust Agreement and to Compel the Liquidation Trustee to Pay Post-Petition Fees*

*and Expenses* [Docket No. 1293] (the "Sills Motion") and in response to (A) the *Response to*

*Motion to Compel* [Docket No. 1476] (the "Trustee Response") filed by the Dan R. Childers, in

his sole capacity as Trustee of the Mercy Hospital Liquidation Trust, (the "Liquidation Trustee");

and (B) the *Resistance to Motion to Compel* [Docket No. 1482/1484] (the "TOC Resistance")

filed by the Mercy Liquidating Trust Oversight Committee (the "Trust Oversight Committee").

In support of the relief sought in the Sills Motion and this Reply, Sills relies on and incorporates

the Sills Motion, the *Declaration of Andrew H. Sherman* (the "Sherman Decl.") [Docket No.

1293-1] submitted therewith, and the *Reply Declaration of Andrew H. Sherman* (the "Sherman

Reply Decl.") submitted contemporaneously herewith and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  At base, the issues in the Sills Motion require an interpretation and enforcement

of the Liquidation Trust Agreement (the "LTA"), which was approved by this Court.  Section 2.8

of the LTA set forth a process for any objection to a professional fee invoice requiring the identification of any objectionable time entries and ground for the objection.

2.      In the TOC Resistance and Trustee Response, neither the Liquidation Trustee nor the Trust Oversight Committee justify their failure to comply with section 2.8 of the LTA or provide any basis for the Liquidation Trustee's refusal to pay the post-confirmation legal fees and expenses set forth in the Invoice. The Trust Oversight Committee only offers general statements[1] of objection in a manner inconsistent with the LTA without any evidentiary support or statements based on information and belief that are simply untrue.[2] As set forth below and in the Response to Motion to Compel Response to Resistance to Motion to Compel Filed by Cole Schotz P.C., Getzler Henrich & Associates LLC [Docket No. 1508] (the "Getzler Response), the professionals hired by the Liquidating Trustee provided necessary services to the Liquidating Trust, properly cooperated in all transition issues and seek reasonable fees in a manner consistent with the LTA.

3.      The general statements offered by the Trust Oversight Committee fail to meet the contractual requirements set forth in the LTA and constitute a waiver of the Trust Oversight Committee's objections to the Sills Invoice based upon section 2.8 thereof. Because the Trust Oversight Committee has failed to dispute the fees and expenses in the Invoice in the manner required pursuant to the LTA, the Liquidation Trustee should be compelled to pay the Invoice in full.

---

[1] Further, pursuant to the term of the Plan and LTA, it is clear that the requirements of Bankruptcy Code §§ 330 and 331 do not apply to the payment of the fees and expenses sought.
[2] The Resistance improperly refers to Sills as "Sills, Cummins and Gross, P.C" rather than the actual name of Sills Cummis & Gross P.C.

4.      Finally, in response to the assertion in the TOC Resistance that the Trust
Oversight Committee "remains willing to discuss a mutually agreeable resolution,", Sills
attempted to engage in a resolution of the Sills Motion, and, despite efforts, it does not appear
that a consensual result can be achieved at this time. *See* Sherman Reply Decl., ¶ 14.

## ADDITIONAL BACKGROUND IN REPLY TO RESPONDENTS

5.      Contrary to the Trust Oversight Committee's allegations, Sills has not engaged in
"threats and demands" with respect to the outstanding fees and expenses sought pursuant to the
Sills Motion. *See* Sherman Reply Decl., ¶ 3. Rather, as detailed in the correspondence attached to
the Sherman Declaration, Sills advised the members of the Trust Oversight Committee and
counsel for the Liquidation Trustee of Sills' contractual rights under the Liquidation Trust
Agreement to have any objections to Sills' fees and expenses to meet the process required by the
LTA. *See id.*  Sills simply followed the terms of the LTA, while it is quite apparent that Trust
Oversight Committee failed to adhere to the contractual requirements in such document.

6.      The process under section 2.8 of the LTA requires that any objection to fees by
the Trust Oversight Committee must made "in writing within ten (10) days after receiving the
pertinent invoice(s) and such objection must identify the time entries and any other matters
subject to the objection and the grounds therefor." *See* LTA, § 2.8.

7.      After the submission of the Invoice[3] to the members of the Trust Oversight
Committee on August 28, 2024, and the receipt of the Dinan 9/6/2024 E-mail,[4] David B.
Newman of Sills advised the Trust Oversight Committee that the Dinan 9/6/2024 Email failed to
comply with the process set forth in the LTA and provided a forty-eight (48) hour cure period

---

[3] A true copy of the Invoice and the email transmitting the Invoice are to the Sherman
Declaration as **Exhibit A**.
[4] A true copy of the Dinan 9/6/2024 Email is attached to the Sherman Declaration as **Exhibit B**.

prior to the enforcement of those rights. *See* Newman 9/10/2024 Response;[5] Sherman Decl., ¶¶ 13-16; Sherman Reply Decl., ¶ 4.

8.      The 48-hour cure period was provided as accommodation to the Trust Oversight Committee to comply with the terms of the LTA and the Trust Oversight Committee failed to take advance of such overture.  *See id.* That is, neither the Liquidation Trustee, Mr. Dinan, nor any other member of the Trust Oversight Committee responded to the Newman 9/10/2024 Response during the Cure Period. *See* Sherman Decl., ¶ 17; Sherman Reply Decl., ¶ 4.

9.      To date, none of the parties have provided the information required for an effective objection to the Sills legal fees and expenses under the Liquidation Trust Agreement. Neither the Liquidation Trustee, Mr. Dinan, nor any other member of the Trust Oversight Committee has identified any time entries in the Invoice or any other matters subject to the objection and the grounds therefor. *See* Sherman Reply Decl., ¶ 5.

10.      Instead the Trust Oversight Committee has only made general allegations that the Sills fees are "neither reasonable nor necessary" and that "[t]here has been no value conferred…" by Sills to the Liquidation Trust. *See*  TOC Resist., ¶¶ 4-5. The Trust Oversight Committee has provided no documentary evidence or sworn declarations in support of its allegations. *See* Sherman Reply Decl., ¶ 6.

11.      Additionally, and contrary to the Trust Oversight Committee's contentions, *see* TOC Resistance, ¶ 7, Sills appropriately transitioned its work to substitute counsel after the members of the Trust Oversight Committee removed William H. Henrich as the Initial

---

[5] A true copy of the Newman 9/10/2024 Response is attached to the Sherman Declaration as **Exhibit C**.

Liquidation Trustee and appointed Dan R. Childers, Esq. of Shuttleworth & Ingersoll P.L.C., as successor Liquidation Trustee. *See* Sherman Reply Decl., ¶ 7.

12.     Specifically, on Friday August 9 at 4:43 pm, Sills received correspondence advising that the Mr. Henrich was to be replaced and at 5:23 pm (less than one hour later), Andrew Sherman of Sills sent Mr. Childers an email indicating a willingness to speak about the replacement of Mr. Henrich as Liquidating Trustee. *See id.*, ¶ 8. On Sunday August 11 at 9:05 pm, Mr. Sherman sent an email to Eric Lam, Esq. (counsel to Mr. Childers) indicating a willingness to speak about transition issues on August 12 at noon NY time. *See id.*

13.     A lengthy call was conducted on August 12 with Mr. Lam and thereafter Sills had several additional calls to address transition services and provided assistance to the Liquidation Trustee's new counsel, Eric Lam of Simmons Perrine Moyer Bergman PLC, for which Sills did not seek compensation. *See id.*

14.     On numerous occasions, Mr. Lam recognized the efforts of Sills on behalf of the Liquidation Trust, including its efforts to transition the representation to substitute counsel. *See id/.* ¶9. *See also* Lam Email to Henrich, *et al.* (redacted), dated August 11, 2024 ("Hello Bill and Andrew, I echo Dan's sentiment, viz I know from cursory review of the dockets (bankr and district courts) efforts have been exerted."); Lam Email to Sherman, *et al.* ( (redacted), dated August 11, 2024 ("Perfect, Andrew. Tks tks. I will call you and Boris 11a central Mon Aug 12."); ."); Lam Email to Childers , *et al.* (redacted), dated August 13, 2024 ("… thanks for efforts from Team Andrew (who had prepared a draft of a motion, and from which draft I plagiarized the 'meat'), attached is a Motion I intend to file…"); Lam Email to Boris Mankovetskiy of Sills (redacted), dated August 15, 2024 ("Thank you. Am I correct to understand the …Tks tks again, Boris"); Lam Email to Mankovetskiy (redacted), dated August

15, 2024 ("Tks tks Boris. And good to have visited with you this afternoon. Tks again for your and Andrew's efforts") (collectively the "Lam Emails").[6]

15.    Of notable contributions during the time of Sills' term as counsel to the Liquidating Trustee, Sills drafted a response to a motion for stay pending appeal which motion, upon information and belief, was subsequently denied. *See* Sherman Reply Decl., ¶ 10. To the extent that a stay pending appeal was granted, it would have had significant consequences for the Liquidating Trust, but the efforts of Sills apparently thwarted those efforts. *See id.* Further, through the efforts of Sills and the other professionals hired by Mr. Henrich, approximately $18.5 million was distributed pursuant to the term of the Plan. *See id.* The efforts of Sills and Mr. Henrich were demonstrated during the status conference conducted by this Court on August 2 wherein Mr. Henrich, through his counsel, demonstrated the substantial efforts to rebut the claims in motion to set status conference [Docket No. 1180] and are also set forth in the Getzler Response. *See id.* In addition, Sills worked with Mr. Henrich and his team to understand the payment requirements under the plan, create reserves therefor and conduct an initial inquiry into the administrative claims which were filed against the estates. *See* Sherman Reply Decl., ¶ 10

16.    In fact, Mr. Lam recently recognized the beneficial efforts of Sills in opposing the request to seek a stay pending appeal of this Court's confirmation order and at no point expressed any concern, objection, discontent, or anything negative about the work of Sills. *See id.*, ¶ 11.

17.    Simply, the Trust Oversight Committee has not provided any documentary evidence or sworn declarations in support of its allegations that Sills did not perform services

---

[6] True redacted copies of the Lam Emails are attached to the Sherman Reply Declaration as **Exhibit G**.

which were reasonable nor necessary, transition their work or file to the successor Liquidation

Trustee or his counsel or confer value. *See id.,* ¶ 12.

18.     As detailed in the Invoice and the Sherman Declaration, Sills provided 280 hours

of services to the Liquidation Trustee at its standard hourly rates resulting in an amount due of

$230,983.00. *See* Sherman Decl., ¶ 10; Sherman Reply Decl., ¶ 13. However, as an

accommodation to the Liquidation Trust and its beneficiaries, Sills had previously provided a

discount of $41,983.00 to such legal fees and seeks payment of legal fees in the amount of

$189,000.00 and actual and necessary expenses in the amount of $95.40, for a total amount of

$189,095.40. *See id.*

## **REPLY TO TRUSTEE RESPONSE AND TOC RESISTANCE**

19.     As an initial matter, while neither the Trustee nor the Trust Oversight Committee

address the appropriate legal standard for the payment of Sills' fees and expenses, it is clear that

Sills was neither required to file an application for fees with this Court nor meet the standards for

an award of professional fees under Bankruptcy Code §§ 330 or 331. The Plan explicitly

provides that:

> Upon the Effective Date, any requirement that Professionals
> comply with Bankruptcy Code sections 327 through 331 in seeking
> retention or compensation for services rendered after such date
> shall terminate, and, subject to the Liquidation Trust Agreement,
> the Liquidation Trustee may employ and pay any Professional for
> services rendered or expenses incurred after the Effective Date in
> the ordinary course of business without any further notice to, or
> action, Order, or approval of, the Court.

*See* Plan, Art. IV.D.2. Moreover, section 2.8 of the LTA explicitly provides that:

> Neither the Liquidation Trustee nor any professional retained by
> the Liquidation Trustee is required to seek Court authorization
> before the payment of any reasonable fees, or expenses, of the
> Liquidation Trustee or any professional retained by the Liquidation
> Trustee. In addition, the Liquidation Trustee may pay Professionals
> in the ordinary course of business for any work authorized by the

> Liquidation Trustee performed on and after the Effective Date,
> including those reasonable fees and expenses incurred by
> Professionals in connection with the implementation and
> consummation of the Plan, in each case without further application
> or notice to, or order of, the Court.

LTA § 2.8 (emphasis added).

20.     After the Effective Date of the Plan, court approval "may not apply to attorney's fees incurred postconfirmation, on the rationale that a reorganized debtor is no longer a 'debtor' subject to Code § 330" unless "the plan calls for continuing court supervision of postconfirmation attorney's fees." Norton Bankr. L. & Prac. 3d § 112:11 (recognizing that court approval) (citing *In re Briscoe Enterprises Ltd., II*, 138 B.R. 795 (N.D. Tex. 1992), *rev'd on other grounds*, 994 F.2d 1160 (5th Cir. 1993); *In re A.H. Robins Co., Inc.*, 880 F.2d 769 (4th Cir. 1989). *See also In re Simplot*, 2007 WL 2479664, at *21 (Bankr. D. Idaho Aug. 28, 2007) (noting that professionals' compensation is subject to court approval "until the plan is confirmed and becomes effective, after which the reorganized debtor is generally free to perform the plan without continued bankruptcy court supervision … include[ing] retaining professionals without bankruptcy court approval of their employment or compensation, unless provided otherwise in the confirmed plan." (internal citation omitted)). Here, the Plan unambiguously provides that the approval of Sills' post-confirmation, post-Effective Date fees is not subject to the Court's continuing supervision.

21.     Instead, the LTA sets forth the unambiguous contractual standards for the payment of professional fees and expenses and the Plan does not provide for the continued supervision of professional fees. Specifically, the terms of the LTA explicitly provide that the reasonable fees and expenses of all professionals "shall be borne exclusively by the Liquidation Trust" and that "professionals may be compensated monthly upon submission of invoices to the Liquidation Trustee without review or approval of the Court or any other party, except as

provided in Section 2.8." *See* LTA § 2.7. As discussed ion the Sills Motion and herein, LTA

§ 2.8 compels the filing of an objection setting forth specific information within the applicable

time frame. The question at issue here is whether the Trust Oversight Committee met the LTA's

contractual standard for objecting to the Sills' fees and expenses.

22.     While in their respective filings, the Trustee and the Trust Oversight Committee

both maintain that the Trust Oversight Committee filed an "objection" to the Sills Invoice. *See*

Trustee Resp., ¶ 2 ("[w]ith respect to the fee invoice from Sills Cummis & Gross P.C., the

[TOC] did lodge an Objection. Therefore, the first option [to pay the invoice in full] was not

available to the Trustee."); TOC Resistance, ¶ 1 ("[t]he Liquidating Trust Oversight Committee

has objected to the fees charged by Sills, Cummins [sic], and Gross P.C."), neither the Dinan

9/6/2024 E-mail nor any other writing from the Trust Oversight Committee, including the TOC

Resistance, has met the clear requirements set forth in the LTA. Accordingly, an adequate

objection to the Sills fees and expenses was not made by the Trust Oversight Committee in the

time required by the LTA or thereafter.

23.     As discussed in the Sills Motion, the language in the LTA is clear and

unambiguous and sets forth an explicit and detailed methodology for objections to professional

fees. Any objection is required to (i) be made in writing within ten (10) days after receiving the

invoice; and (ii) identify the time entries and any other matters subject to the objection and the

grounds therefor. *See* LTA, ¶ 2.8. A failure to timely object to requested fees and/or expenses is

a waiver of the Trust Oversight Committee's objections and is deemed to be the Trust Oversight

Committee's consent to the payment of such fees and expenses. *Id.*

24.     Here, while Mr. Dinan sent Sills a general objection to the Invoice on September

6, 2024, it neither identified the time entries that were objected to or the grounds for an objection

to any of the time entries. Sills advised Mr. Dinan that the objection was deficient on September

10, 2024, and provided a cure period to supplement the purported objection. Neither Mr. Dinan

nor the Liquidation Trustee provided any response during the cure period or any adequate

objections to the Invoice to date. *See* Sherman Reply Decl., ¶ 5. Under such circumstances, the

LTA provides that any objections of the Trust Oversight Committee are waived.

25.     Rather than meet the requirements set forth in the LTA, the Trust Oversight

Committee has continued in the TOC Resistance to set forth only general objections to the

Invoice without any factual basis or evidentiary support. The TOC Resistance argues that the

Sills fees were "neither reasonable nor necessary" and that "there has been no value conferred

upon the Liquidating trust" by Sills. *See* TOC Resistance, ¶¶ 4-5.

26.     Even if the requirements of the Liquidation Trust Agreement are ignored, and

they should not be, the Trust Oversight Committee has not provided any substantive basis for its

naked objections to the Invoice and has failed to submit any documentary evidence or sworn

declarations in support of its general statements of objection. Sills submits that the Trust

Oversight Committee's unsubstantiated allegations should be rejected in total in light of the

Trust Oversight Committee's failure to provide any evidentiary support.

27.     Moreover, the Trust Oversight Committee's contention that Sills "did not

transition their work or file to the Successor Trustee or his counsel" and claim that the

"Liquidating Trust has paid additional fees for the work that Sills, Cummins, Gross P.C. [sic]

seeks payment for," *see* TOC Resistance, ¶ 7, is patently untrue and should also be rejected. As

discussed in the Sherman Reply Declaration, Sills engaged in numerous calls and

correspondence with the Liquidation Trustee's substitute counsel after the replacement of Initial

Liquidation Trustee. *See* Sherman Reply Decl., ¶¶ 8-10 and Exhibit G. As Mr. Lam, the

Liquidation Trustee's substitute counsel recognized, among other things, substitute counsel thanked Sills for their efforts in preparing a draft motion that substitute counsel "plagiarized" for a motion he intended to file. *See* Sherman Reply Decl., ¶ 9 & Ex. G (Lam Email to Childers , et al. (redacted), dated August 13, 2024). On the other hand, the Trust Oversight Committee has not provided any documentary evidence or sworn declarations in support of its allegations that Sills did not perform services which were reasonable nor necessary, transition their work or file to the successor Liquidation Trustee or his counsel or confer value. *See* Sherman Reply Decl., ¶ 12.

28.     Finally, as discussed in the Sills Motion, Sills voluntarily agreed to provide a discount of $41,983.00 from its initial invoiced amount of legal fees totaling $230,983.00, as an accommodation to the Liquidation Trust and its beneficiaries. *See id.*, ¶ 13. Sills seeks payment of legal fees in the amount of $189,000.00 and actual and necessary expenses in the amount of $95.40, for a total amount of $189,095.40.  *See id.*

29.     For all of the foregoing reasons and the reasons set forth in the Sills Motion, Sills respectfully submits that enforcement of the Confirmation Order, the Plan, and the Liquidation Trust Agreement is necessary and prudent and that the Liquidation Trustee should be compelled to pay the legal fees and expenses set forth in the Invoice to Sills in accordance with the with terms of the Liquidation Trust Agreement.

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein and in the Motion, Sills Cummis respectfully requests that the Court overrule the Trustee Response and TOC Resistance, enter an order, substantially in the form attached as **Exhibit A** to the Motion, (a) enforcing the terms of the Confirmation Order, the Plan, and the Liquidation Trust Agreement, and (b) compelling the Liquidation Trustee to pay legal fees in the amount of $189,000 and actual and necessary expenses in the amount of $95.40 to Sills for the Post-Petition Period in accordance with the with

terms of the Liquidation Trust Agreement; and (c) and granting such additional relief as the

Court determines to be just and proper.

Dated: December 5, 2024                    Respectfully submitted,

**SILLS CUMMIS & GROSS, P.C.**

*/s/ Andrew H. Sherman*
Andrew H. Sherman, NJS Bar No. 042731991
(admitted *pro hac vice*)
Boris I. Mankovetskiy, NJS Bar No. 012862001
(admitted *pro hac vice*)
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: 973-643-7000
Facsimile: 973-643-6500
E-mail: asherman@sillscummis.com
            bmankovetskiy@sillscummis.com

*/s/ Robert C. Gainer*
Robert C. Gainer  AT0000305
CUTLER LAW FIRM, P.C.
1307 50th Street
West Des Moines, IA 50266
Tel:  515-223-6600
Fax: 515-223-6787
Email:  rgainer@cutlerfirm.com


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 5, 2024, the foregoing instrument was filed electronically with the Clerk of Court using the CM/ECF system which sent notification of such filing to all registered users party to this case.

*/s/ Stephanie Newton*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) |
| | ) Case No. 23-00623 (TJC) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: December 6, 2024 at 11:15 a.m.** |

**REPLY DECLARATION OF ANDREW H. SHERMAN IN SUPPORT OF
MOTION OF SILLS CUMMIS & GROSS PC TO ENFORCE THE CONFIRMATION
ORDER, PLAN AND LIQUIDATION TRUST AGREEMENT AND TO COMPEL THE
LIQUIDATION TRUSTEE TO PAY POST-PETITION FEES AND EXPENSES**

I, Andrew H. Sherman, make this reply declaration (the "Reply Declaration") pursuant to

28 U.S.C. § 1746:

1.      I am a resident of New Jersey and a Member of the law firm Sills Cummis &

Gross P.C. ("Sills"), with primary offices located at One Riverfront Plaza, Newark, NJ 07102. I

am authorized to make this Declaration on behalf of Sills. Unless otherwise stated, I have

personal knowledge of the facts set forth herein.

2.      I submit this Reply Declaration in further support of the *Motion of Sills Cummis*

*& Gross PC to Enforce the Confirmation Order, Plan and Liquidation Trust Agreement and to*

*Compel the Liquidation Trustee to Pay Post-Petition Fees and Expenses* (the "Sills Motion")

[Docket No, 1293] and the *Reply in Support of Motion of Sills Cummis & Gross PC to Enforce*

*the Confirmation Order, Plan and Liquidation Trust Agreement and to Compel the Liquidation*

*Trustee to Pay Post-Petition Fees and Expenses* (the "Sills Reply") filed contemporaneously

herewith. This Reply Declaration supplements the *Declaration of Andrew H. Sherman* (the

"Sherman Decl.") [Docket No. 1293-1] submitted contemporaneously with the Sills Motion.

3.      Contrary to the Trust Oversight Committee's allegations, Sills has not engaged in "threats and demands" with respect to the outstanding fees and expenses sought pursuant to the Sills Motion. Rather, as detailed in the correspondence attached to the Sherman Declaration, Sills advised the members of the Trust Oversight Committee and counsel for the Liquidation Trustee of Sills' contractual rights under the Liquidation Trust Agreement to have any objections to Sills' fees and expenses to meet the process required by the Liquidation Trust Agreement.

4.      After my submission of the Invoice  to the members of the Trust Oversight Committee on August 28, 2024, and the receipt of the Dinan 9/6/2024 E-mail,  David B. Newman of Sills advised the Trust Oversight Committee that the Dinan 9/6/2024 Email failed to comply with the process set forth in the Liquidation Trust Agreement and provided a forty-eight (48) hour cure period prior to the enforcement of Sills' rights under the Liquidation Trust Agreement. Neither the Liquidation Trustee, Mr. Dinan, nor any other member of the Trust Oversight Committee responded to the Newman 9/10/2024 Response during the Cure Period. The 48-hour cure period was provided as accommodation to the Trust Oversight Committee to comply with the terms of the Liquidating Trust Agreement and the Trust Oversight Committee failed to take advance of such overture.

5.      To date, none of the parties have provided the information required for maintaining an adequate objection to Sills' legal fees and expenses under the Liquidation Trust Agreement. Neither the Liquidation Trustee, Mr. Dinan, nor any other member of the Trust Oversight Committee has identified any time entries in the Invoice or any other matters subject to the objection or the grounds therefor. It is my belief that the Trust Oversight Committee failed to comply with the terms of the LTA.

6.      The Trust Oversight Committee has not provided any documentary evidence or sworn declarations in support of its allegations that Sills fees were "neither reasonable nor necessary" or that "[t]here has been no value conferred…" by Sills to the Liquidation Trust.

7.      Sills appropriately transitioned its work to substitute counsel after the members of the Trust Oversight Committee removed William H. Henrich as the Initial Liquidation Trustee and appointed Dan R. Childers, Esq. of Shuttleworth & Ingersoll P.L.C., as successor Liquidation Trustee under the Trust Agreement and the Plan.

8.      Subsequent to the replacement of Mr. Henrich, I promptly reached out to Mr. Childers, emailed his counsel and set up an initial transition call on August 12. Specifically, on Friday August 9 at 4:43 pm, Sills received correspondence advising that the Mr. Henrich was to be replaced and at 5:23 pm (less than one hour later), I sent Mr. Childers an email indicating a willingness to speak about the replacement of Mr. Henrich as Liquidating Trustee. On Sunday August 11 at 9:05 pm, I sent an email to Eric Lam, Esq. (counsel to Mr. Childers) indicating a willingness to speak about transition issues on August 12 at noon NY time. Sills conducted that lengthy initial transition call and thereafter Sills had several calls to address transition services and provided assistance to the Liquidation Trustee's new counsel, Eric Lam of Simmons Perrine Moyer Bergman PLC, for which Sills did not seek compensation.

9.      On numerous occasions, Mr. Lam recognized the efforts of Sills on behalf of the Liquidation Trust, including its efforts to transition the representation to substitute counsel. *See* Lam Email to Henrich, *et al.* (redacted), dated August 11, 2024 ("Hello Bill and Andrew, I echo Dan's sentiment, viz I know from cursory review of the dockets (bankr and district courts) efforts have been exerted."); Lam Email to Sherman, *et al.* ( (redacted), dated August 11, 2024 ("Perfect, Andrew. Tks tks. I will call you and Boris 11a central Mon Aug 12."); ."); Lam Email

to Childers , *et al.* (redacted), dated August 13, 2024 ("… thanks for efforts from Team Andrew

(who had prepared a draft of a motion, and from which draft I plagiarized the 'meat'), attached is

a Motion I intend to file…"); Lam Email to Boris Mankovetskiy of Sills (redacted), dated August

15, 2024 ("Thank you. Am I correct to understand the …Tks tks again, Boris"); Lam Email to

Mankovetskiy (redacted), dated August 15, 2024 ("Tks tks Boris. And good to have visited with

you this afternoon. Tks again for your and Andrew's efforts") (collectively the "Lam Emails").

True redacted copies of the Lam Emails are attached hereto as **Exhibit** **G**.

10.     Of notable contributions during the time of Sills' term as counsel to the

Liquidating Trustee, Sills drafted a response to a motion for stay pending appeal which motion,

upon information and belief, was subsequently denied. To the extent that a stay pending appeal

was granted, it would have had significant consequences for the Liquidating Trust, but the efforts

of Sills apparently thwarted those efforts.  Further, through the efforts of Sills and the other

professionals hired by Mr. Henrich, approximately $18.5 million was distributed pursuant to the

term of the Plan. The efforts of Sills and Mr. Henrich were demonstrated during the status

conference conducted by this Court on August 2 wherein Mr. Henrich, through his counsel,

demonstrated the substantial efforts to rebut the claims in motion to set status conference

[Docket No. 1180]. In addition, Sills worked with Mr. Henrich and his team to understand the

payment requirements under the plan, create reserves therefor and conduct an initial inquiry into

the administrative claims which were filed against the estates.

11.     In fact, Mr. Lam recently recognized the beneficial efforts of Sills in opposing the

request to seek a stay pending appeal of this Court's confirmation order and at no point

expressed any concern, objection, discontent, or anything negative about the work of Sills.

12.     The Trust Oversight Committee has not provided any documentary evidence or sworn declarations in support of its allegations that Sills did not perform services which were reasonable nor necessary, transition their work or file to the successor Liquidation Trustee or his counsel or confer value.

13.     Sills provided 280 hours of services to the Liquidation Trust at its standard hourly rates resulting in an amount due of $230,983.00 in legal fees.  However, as an accommodation to the Liquidation Trust and its beneficiaries, Sills had previously provided a discount of $41,983.00 to such legal fees and seeks payment of legal fees in the amount of $189,000.00 and actual and necessary expenses in the amount of $95.40, for a total amount of $189,095.40.

14.     Finally, prior to the filing of this pleading, I reached out to counsel for the Trust Oversight Committee to resolve the issues raised by the Sills Motion and, despite efforts, it does not appear that a consensual result can be achieved at this time.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.


Dated:  December 5, 2024                         */s/ Andrew H. Sherman*
Newark, New Jersey                              Andrew H. Sherman

# EXHIBIT G

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Sunday, August 11, 2024 8:48 PM
**To:** William H. Henrich (whenrich@getzlerhenrich.com) <whenrich@getzlerhenrich.com>; Andrew Sherman <ASHERMAN@sillscummis.com>
**Cc:** 'Marc Ross (marc@hbmllc.net)' <marc@hbmllc.net>; Paula Roby <Paula@drpjlaw.com>; John Dinan <jdinan@phccap.com>; pmagallanes@steindler.com; Dan Childers <DRC@ShuttleworthLaw.com>; Eric Lam <elam@simmonsperrine.com>
**Subject:** RE: Mercy Hospital Liquidation Trust/Confidential

# *** External Email ***

Hello Bill and Andrew, I echo Dan's sentiment, viz I know from cursory review of the dockets (bankr and district courts) efforts have been exerted. Anyway, might I impose on your schedules so we can visit on the phone in the next few days and work out the transition logistics please?  Of immediate concerns are:



Anyway, if you could please let me know a convenient time and date for me to call y'all, that'd be great. As of now, I have something scheduled late afternoon/evening Monday Aug 12 and also mid-morning to lunch time central Wed Aug 14 and those time slots are therefore  not good for me to meet with y'all

Tks tks again


**Eric Lam**
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Telephone: (319) 896-4018

Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

**From:** Dan Childers <DRC@ShuttleworthLaw.com>
**Sent:** Sunday, August 11, 2024 5:46 PM
**To:** William H. Henrich (whenrich@getzlerhenrich.com) <whenrich@getzlerhenrich.com>; Andrew Sherman <ASHERMAN@sillscummis.com>
**Cc:** Eric Lam <elam@simmonsperrine.com>; 'Marc Ross (marc@hbmllc.net)' <marc@hbmllc.net>; Paula Roby <Paula@drpjlaw.com>; John Dinan <jdinan@phccap.com>; pmagallanes@steindler.com
**Subject:** Mercy Hospital Liquidation Trust

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.





**Dan Childers**
Shuttleworth & Ingersoll, PLC
235 6th Street SE
Cedar Rapids, Iowa 52401P.O. Box 2107
Cedar Rapids IA  52406-2107
Phone: (319) 365-9461
Fax: (319) 365-8443
drc@shuttleworthlaw.com
www.shuttleworthlaw.com

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Sunday, August 11, 2024 9:25 PM
**To:** Andrew Sherman <ASHERMAN@sillscummis.com>
**Cc:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>; Eric Lam <elam@simmonsperrine.com>
**Subject:** RE: Mercy Hospital Liquidation Trust/Confidential

# *** External Email ***

Perfect, Andrew. Tks tks. I will call you and Boris 11a central Mon Aug 12. What number should I dial plz?

Tks again

**Eric Lam**
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Telephone: (319) 896-4018
Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

**From:** Andrew Sherman <ASHERMAN@sillscummis.com>
**Sent:** Sunday, August 11, 2024 8:05 PM
**To:** Eric Lam <elam@simmonsperrine.com>
**Cc:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Subject:** Re: Mercy Hospital Liquidation Trust/Confidential

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Eric, good to see you again.  Can you speak tomorrow at 11:00 am central, 12:00 pm NY time so Boris and I can respond to some of your questions?


Andrew

---

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Sunday, August 11, 2024 8:48:29 PM
**To:** William H. Henrich (whenrich@getzlerhenrich.com) <whenrich@getzlerhenrich.com>; Andrew Sherman <ASHERMAN@sillscummis.com>
**Cc:** 'Marc Ross (marc@hbmllc.net)' <marc@hbmllc.net>; Paula Roby <Paula@drpjlaw.com>; John Dinan <jdinan@phccap.com>; pmagallanes@steindler.com <pmagallanes@steindler.com>; Dan Childers <DRC@ShuttleworthLaw.com>; Eric Lam <elam@simmonsperrine.com>
**Subject:** RE: Mercy Hospital Liquidation Trust/Confidential

## *** External Email ***

---

Hello Bill and Andrew, I echo Dan's sentiment, viz I know from cursory review of the dockets (bankr and district courts) efforts have been exerted. Anyway, might I impose on your schedules so we can visit on the phone in the next few days and work out the transition logistics please?  Of immediate concerns are:



Anyway, if you could please let me know a convenient time and date for me to call y'all, that'd be great. As of now, I have something scheduled late afternoon/evening Monday Aug 12 and also mid-morning to lunch time central Wed Aug 14 and those time slots are therefore  not good for me to meet with y'all


Tks tks again



**Eric Lam**
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401

Telephone: (319) 896-4018
Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

**From:** Dan Childers <DRC@ShuttleworthLaw.com>
**Sent:** Sunday, August 11, 2024 5:46 PM
**To:** William H. Henrich (whenrich@getzlerhenrich.com) <whenrich@getzlerhenrich.com>; Andrew Sherman <ASHERMAN@sillscummis.com>
**Cc:** Eric Lam <elam@simmonsperrine.com>; 'Marc Ross (marc@hbmllc.net)' <marc@hbmllc.net>; Paula Roby <Paula@drpjlaw.com>; John Dinan <jdinan@phccap.com>; pmagallanes@steindler.com
**Subject:** Mercy Hospital Liquidation Trust

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.





*Dan Childers*

Shuttleworth
& INGERSOLL

**Dan Childers**
Shuttleworth & Ingersoll, PLC
235 6th Street SE
Cedar Rapids, Iowa 52401 P.O. Box 2107
Cedar Rapids IA  52406-2107
Phone: (319) 365-9461
Fax: (319) 365-8443
drc@shuttleworthlaw.com

[www.shuttleworthlaw.com](http://www.shuttleworthlaw.com)

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Tuesday, August 13, 2024 5:45 PM
**To:** Dan Childers <DRC@ShuttleworthLaw.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>; Boris Mankovetskiy <BMankovetskiy@sillscummis.com>; Marc Ross <marc@hbmllc.net>; Eric Lam <elam@simmonsperrine.com>
**Subject:** Mercy Hosp Liq Trust/Confid/Work Product

# *** External Email ***

Boss, thanks for efforts from Team Andrew (who had prepared a draft of a motion, and from which draft I plagiarized the 'meat'), attached is a Motion I intend to file Wed Aug 14 2024 morning. FYI. Let me know if you have any concern etc. Otherwise, I will fire this missive, soon after intravenous caffeine injection in the morning

Thanks All



Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio

www.spmblaw.com

Please notify me if you receive this confidential email in error.

**Eric Lam**
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Telephone: (319) 896-4018
Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

███████████████████████████████████████

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Thursday, August 15, 2024 5:29 PM
**To:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>; Dan Childers <DRC@ShuttleworthLaw.com>; Marc Ross <marc@hbmllc.net>
**Subject:** RE: Mercy Hosp

# *** External Email ***

Thank you

Am I correct to understand ████████████████████████████████
████████████████████████████████████████████████████

Tks tks again, Boris

**Eric Lam**
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Telephone: (319) 896-4018
Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

**From:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Sent:** Thursday, August 15, 2024 4:24 PM
**To:** Eric Lam <elam@simmonsperrine.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>
**Subject:** RE: Mercy Hosp

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Eric, we have made the inquiry to Getzler Henrich and will revert.

Thanks,

Boris

**Boris I. Mankovetskiy**
Member of the Firm



website | bio | vCard | newsroom | email

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-6391 | f (973) 643-6500   map

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 643-7000 | f (212) 643-6500   map

---

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Thursday, August 15, 2024 12:14 PM
**To:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>
**Subject:** Mercy Hosp

## *** External Email ***

---

Boris, quick Q, plz viz may I have ████████████████████
████████████████████████████████████████████████████
████████████████

Tks tks



Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio

www.spmblaw.com

Please notify me if you receive this confidential email in error.


**Eric Lam**
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Telephone: (319) 896-4018
Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.


NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Thursday, August 15, 2024 8:48 PM
**To:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>; Eric Lam <elam@simmonsperrine.com>
**Subject:** FW: Mercy Hosp

# *** External Email ***

Tks tks Boris. And good to have visited with you this afternoon. Tks again for your and Andrew's efforts

**Eric Lam**
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Telephone: (319) 896-4018
Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

**From:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Sent:** Thursday, August 15, 2024 5:19 PM
**To:** Eric Lam <elam@simmonsperrine.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>; Dan Childers <DRC@shuttleworthlaw.com>; Marc Ross <marc@hbmllc.net>
**Subject:** RE: Mercy Hosp

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Eric:

Attached please find ███████████████████████████████████ that Getzler Henrich was working on prior to Bill Henrich's removal as liquidation trustee.  It is our understanding that ████████████████████████████████████████████████████████████████

Thank you,

Boris

**Boris I. Mankovetskiy**
Member of the Firm



website | bio | vCard | newsroom | email

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-6391  |  f (973) 643-6500   **map**

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 643-7000  |  f (212) 643-6500   **map**

---

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Thursday, August 15, 2024 5:32 PM
**To:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>; Dan Childers <DRC@shuttleworthlaw.com>; Marc Ross <marc@hbmllc.net>
**Subject:** RE: Mercy Hosp

## *** External Email ***

---

Pure brilliance

:}-

**Eric Lam**
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401

Telephone: (319) 896-4018
Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

**From:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Sent:** Thursday, August 15, 2024 4:30 PM
**To:** Eric Lam <elam@simmonsperrine.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>; Dan Childers <DRC@shuttleworthlaw.com>; Marc Ross <marc@hbmllc.net>
**Subject:** Re: Mercy Hosp


Correct.

On Aug 15, 2024, at 5:29 PM, Eric Lam <elam@simmonsperrine.com> wrote:

Thank you



Tks tks again, Boris

---

**From:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Sent:** Thursday, August 15, 2024 4:24 PM
**To:** Eric Lam <elam@simmonsperrine.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>
**Subject:** RE: Mercy Hosp

Eric, we have made the inquiry to Getzler Henrich and will revert.

---

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Thursday, August 15, 2024 12:14 PM
**To:** Boris Mankovetskiy <BMankovetskiy@sillscummis.com>
**Cc:** Andrew Sherman <ASHERMAN@sillscummis.com>
**Subject:** Mercy Hosp

---

Boris, quick Q, plz viz may I have a list of the administrative (non professional) claimants e.g names/addresses/amounts/basis of claims etc plz ? If there is a share file or disc or list, that's all I need and I will access and drill down

Tks tks

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.