IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**OBJECTION TO PROOF OF CLAIM #10380 AND NOTICE OF OBJECTION BAR DATE** |

  COMES NOW Dan R. Childers, in his sole capacity as Trustee of the Mercy Hospital Liquidation Trust, by and through his counsel, and hereby objects to an un-secured Proof of Claim #10380 ("Claim") filed by Owens & Minor Distribution, Inc. ("Owens") at Epiq Corporate Restructuring, LLC, as follows:

  1. The Claim was not accompanied by any supporting documentation. The Claim must be supported by valid proof before the Claim can be allowed. Indeed, the Claim as filed did not contain any evidence of loss.

  2. To the extent applicable law imposes on Owens an obligation to mitigate, the Claim did not display any mitigation effort.

  3. According to the Debtors' Statement of Financial Affairs, during the 90-day period before the filing of the original Chapter 11 Petition, Owens was paid approximately $905,000. To the extent any pre-petition payment(s) received by Owens constituted a preference avoidable pursuant to 11 U.S.C. §547, the Claim should not be and cannot be allowed until the preference has been repaid. *See* 11 U.S.C. §502(d).

  4. The Trustee and his professionals have been in contact with counsel for Owens, and the parties will continue to meet and confer and to hopefully reach an amicable resolution. The Trustee specifically reserves and preserves any and all right, argument, theory, etc., with respect to any and all objections against allowance of the Claim, beyond those which alleged herein, and the Trustee specifically reserves his right to supplement this objection with additional objections (if any), from time to time.

  **NOTICE IS HEREBY GIVEN** that any **objection** from the claimant against the Trustee's Objection to Proof of Claim #10380 must be filed with the Clerk of Court, U.S. Bankruptcy Court, Northern District of Iowa, 111 Seventh Ave. SE, Box 15, Cedar Rapids,

IA 52401, so that the Objection is received by the Clerk of Bankruptcy Court in paper format or electronically **on or before February 10, 2025**. If no objection is timely and properly filed, an Order will be tendered by the Trustee to the Court, sustaining the Trustee's Objection. If a timely and proper objection is filed, a hearing on the Trustee's Objection and the claimant's Objection thereto will be set pursuant to further notice.

WHEREFORE, the Trustee respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order disallowing the Claim, and for such other relief as may be just and proper under the premises.

        */s/ Eric W. Lam*
Eric W. Lam, AT0004416
Joseph Porter, AT0014454
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
jporter@spmblaw.com
ATTORNEYS FOR LIQUIDATION TRUSTEE

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 8th day of January, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case. The undersigned also on Jan. 9, 2025 mailed, via United States Postal Service, postage fully paid, a copy of the foregoing document to

    Owens & Minor Distribution, Inc.
    Hirschler Fleischer, P.C.
    2100 E Cary Street
    P.O. Box 500
    Richmond, VA 23223

        */s/ E Lam*

MHLT/Pldgs/BA 23-00623 – Drafts/Obj to POC #10380 and NOBD.010825.710p.ewl