# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |

## JOINT STATUS REPORT

Comes Now, Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trust (the "OC") of the Mercy Hospital, Iowa City, Iowa Liquidation Trust (the "Liquidation Trust")[1] and respectfully submits the following Status Report:

1. On January 23, 2025, the OC, by and through its counsel Roy Leaf and Leslie Behaunek of Nyemaster Goode P.C., submitted its *Motion for Entry of Order Requiring MercyOne to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* [Docket No. 1545] (the "Motion") seeking production of certain documents and communications identified on Exhibit B to the Motion. Doc.

2. On February 6, 2025, Mercy Health Network, Inc, d/b/a MercyOne ("MercyOne"), by its counsel Ed Green and David Goroff of Foley & Lardner, LLP, filed its *Objection to Trust Oversight Committee's Motion for Entry of Order to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004 and Cross-Motion for Protective Order* (the "Objection").

3. On February 10, 2025, the OC filed its reply to the Objection (the "Reply").

---

[1] The Liquidation Trustee designated his authority to the OC to exercise the rights and authority of the Liquidation Trustee with respect to this matter pursuant to section 3.3 of the *Liquidation Trust Agreement*.

4.       On February 11, 2025, the Court held a hearing on the Motion, Objection, and Reply. At the hearing, the Court encouraged the parties to meet and attempt to reach an agreement regarding the scope of discovery requested by the Motion and the production of the requested documents and communications. The Court continued the hearing to 10:30 A.M. on February 18, 2025, to permit the parties to discuss and narrow the scope of discovery before that new hearing date. *See* Doc. No. 1559.

5.       On February 14, 2025, counsel for the OC and for MercyOne conducted a video conference in late afternoon with the goal of narrowing the scope of discovery and reaching a consensus regarding the production of material requested by the Motion. During that conference, the parties agreed to limit many of the Rule 2004 requests by excluding searches for communications and documents transmitted to or from an MIC domain, with the understanding that this limitation does not prevent any future discovery of documents or communications transmitted to or from the domain maintained by Mercy Hospital, Iowa City, Iowa ("MIC"). The OC also agreed to limit time periods associated with certain requests. The OC also agreed to withdraw certain requests for the present time. The OC further agreed to limit other requests to custodians it will identify.  MercyOne has agreed to provide responsive documents to certain requests, and counsel for the OC and MercyOne have discussed possible agreements regarding limitations to the scope of additional requests, with MercyOne's counsel agreeing to further confer with his client regarding whether these limitations would be acceptable and also about issues of burden. The current status of the parties' negotiation with respect to the Motion is as follows:

    a.  Counsel for MercyOne agreed to produce documents and communications responsive to Request Nos. 9, 21, 22, and 23 based on counsel for the OC's agreement that such production could exclude communications and documents

  transmitted to or from an MIC domain. Counsel for MercyOne is verifying the manner and related timetable in which MercyOne will be producing responsive documents to those requests.

 b. The Parties were unable to resolve the basis for MercyOne's objections to the following requests:

   i. Request No. 11 – overly broad and unduly burdensome, disproportionate to needs of case

   ii. Request No. 20 – overly broad and unduly burdensome, disproportionate to needs of case

   iii. Request No. 24 – privilege

   iv. Request Nos. 38-40 – potential 3rd party privacy and relevance concerns

   v. Request Nos. 46-48 – potential 3rd party privacy and relevance concerns

   vi. Request No. 52 – potential 3rd party privacy and relevance and burden-related concerns

 c. MercyOne generally objects to Request Nos. 41, 42, 43, 44 and 45 as irrelevant and burdensome. Counsel for the OC agreed to limit the scope of these requests to exclude communications and documents transmitted to or from an MIC domain. Counsel for MercyOne agreed to confer with MercyOne about conducting a search for the narrowed requested information.

 d. Counsel for MercyOne also objects to Request No. 1 as irrelevant but agreed to confer with MercyOne regarding production of responsive documents about MercyOne's parent companies. Counsel for MercyOne objected to producing responsive documents regarding subsidiaries as it believes none are at issue or

    subject to the Agreement at issue, and it believes there is no possible claim articulated regarding them.

    e.    The OC agreed to remove Request No. 19 with the understanding that it reserved the right to seek the documents contemplated by this Request at a later date. The OC also agreed that Request No. 51 is likely subsumed within other requests agreed to by MercyOne based on the parties' negotiations such that it does not need to be separately responded to at this time.

    f.    The OC and MercyOne discussed potential limitations to the remaining requests, and counsel for MercyOne is conferring with his client about counsel's discussion to see if the parties can reach agreement as to the remaining requests. The OC has agreed to provide potential custodians for searches to limit Request Nos. 17-18, 53-54.

6.    The parties recognize that while they were unable to reach an agreement on all of the requests for production identified in Exhibit B to the Motion, they have reached agreement regarding the limited scope of many of the requests. The parties plan on discussing this progress with the Court during the telephonic hearing on February 18, 2025 and asking the Court to set another telephonic hearing in approximately one week to address any unresolved issues.

*[Remainder of the Page Intentionally Left Blank]*

Dated: February 17, 2025

| | |
|---|---|
| **NYEMASTER GOODE, P.C.** | **FOLEY & LARDNER LLP** |
| */s/ Roy Leaf* | */s/ David B. Goroff* |
| Roy Leaf, AT0014486 | Edward J. Green (*Pro Hac Vice*) |
| 625 First Street SE, Suite 400 | David B. Goroff (*Pro Hac Vice*) |
| Cedar Rapids, IA 52401-2030 | 321 N. Clark Street, Suite 3000 |
| Telephone: (319) 286-7002 | Chicago, IL 60654 |
| Facsimile: (319) 286-7050 | Telephone: (312) 832-4500 |
| Email: rleaf@nyemaster.com | Facsimile: (312) 832-4700 |
| | Email: egreen@foley.com |
| - and - | dgoroff@foley.com |
| Leslie C. Behaunek, AT0011563 | *Counsel for Mercy Health Network, Inc. d/b/a MercyOne* |
| Jaden G. Banks, AT0016210 | |
| 700 Walnut, Suite 1300 | |
| Des Moines, IA 50309 | |
| Telephone: (515) 283-3100 | |
| Fax: (515) 283-8045 | |
| Email: lcbehaunek@nyemaster.com | |
| jbanks@nyemaster.com | |

*Counsel for the Mercy Hospital Liquidation Trust Oversight Committee as Designee of the Liquidation Trustee*

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this February 17, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

*/s/ Roy Leaf*