# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |

## STATUS REPORT

Comes Now, Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trust (the "OC") of the Mercy Hospital, Iowa City, Iowa Liquidation Trust (the "Liquidation Trust")[1] and respectfully submits the following Status Report:[2]

1.  On February 14, 2025, counsel for the OC and for MercyOne conducted a video conference with the goal of narrowing the scope of discovery and reaching a consensus regarding the production of material requested by the Motion. During that conference, the parties agreed to limit many of the Rule 2004 requests by excluding searches for communications and documents transmitted to or from an MIC domain, with the understanding that this limitation does not prevent any future discovery of documents or communications transmitted to or from the domain maintained by Mercy Hospital, Iowa City, Iowa ("MIC"). The OC also agreed to limit time periods associated with certain requests. The OC also agreed to withdraw certain requests for the present time. The OC further agreed to limit other requests to custodians it will identify. MercyOne agreed to provide responsive documents to certain requests, and counsel for the OC and MercyOne have

---

[1] The Liquidation Trustee designated his authority to the OC to exercise the rights and authority of the Liquidation Trustee with respect to this matter pursuant to section 3.3 of the *Liquidation Trust Agreement*.

[2] Additional background facts were previously set forth in the Parties' Joint Status Report submitted on February 17, 2025, and are not repeated herein. The definitions set forth in that Joint Status Report are utilized in this Status Report as if set forth herein.

1

discussed possible agreements regarding limitations to the scope of additional requests, with MercyOne's counsel agreeing during that February 14 meet and confer call to communicate with his client regarding whether these limitations would be acceptable and also about issues of burden.

2. The Parties submitted a Joint Status Report to this Court on February 17, 2025.

3. The Parties then participated in a status conference with this Court on February 18, 2025. The Court then continued out this matter for a status conference the following week, which is currently scheduled for 10:00 a.m. CT on February 26, 2025.

4. The current status of the parties' negotiation with respect to the Motion is as follows:

   a. During the February 14, 2025 meet and confer call, counsel for MercyOne agreed to produce documents and communications responsive to Request Nos. 9, 21, 22, and 23 based on counsel for the OC's agreement that such production could exclude communications and documents transmitted to or from an MIC domain. Counsel for MercyOne is verifying the manner and related timetable in which MercyOne will be producing responsive documents to those requests. As of the submission of this Status Report, no update has been provided from MercyOne regarding the manner and related timetable in which MercyOne will be producing responsive documents to the above-listed requests.

   b. The Parties were unable to resolve the basis for MercyOne's objections to the following requests: Request Nos. 11, 20, 24, 38-40, 46-48, and 52.

   c. MercyOne generally objects to Request Nos. 41, 42, 43, 44 and 45 as irrelevant and burdensome. Counsel for the OC agreed to limit the scope of these requests to exclude communications and documents transmitted to or from an MIC domain.

Counsel for MercyOne agreed to confer with MercyOne about conducting a search for the narrowed requested information. As of the submission of this Status Report, no update has been provided from Counsel for MercyOne regarding MercyOne's stance on this narrowed request approach.

d. Counsel for MercyOne also objects to Request No. 1 as irrelevant but agreed to confer with MercyOne regarding production of responsive documents about MercyOne's parent companies. Counsel for MercyOne objected to producing responsive documents regarding subsidiaries as it believes none are at issue or subject to the Agreement at issue, and it believes there is no possible claim articulated regarding them. As of the submission of this Status Report, no update has been provided from Counsel for MercyOne regarding MercyOne's willingness to produce responsive documents about MercyOne's parent companies.

e. The OC agreed to remove Request No. 19 with the understanding that it reserved the right to seek the documents contemplated by this Request at a later date. The OC also agreed that Request No. 51 is likely subsumed within other requests agreed to by MercyOne based on the parties' negotiations such that it does not need to be separately responded to at this time.

f. The OC and MercyOne discussed potential limitations to the remaining requests, and counsel for MercyOne agreed to confer with his client about counsel's discussion to see if the parties can reach agreement as to the remaining requests.

g. On February 24, 2025, the OC provided a narrowed custodian list associated with Request Nos. 17-18 (11 individuals) and 53-54 (12 individuals). The OC also

    provided narrowed timeframes associated with Request Nos. 32 (22 months), 34-37 (11 months), and 42-45 (8 months).

  h. At approximately 2 p.m. CT on February 25, 2025, counsel for MercyOne asked the OC to reduce all of the topic-related searching for the remaining requests (i.e. Request Nos. 8, 10, 12-16, 25-30, 31, 33, 41, 49-50) to specific custodians, and he suggested using the same custodians the OC had identified for purposes of Request Nos. 17-18 (11 individuals) and 53-54 (12 individuals). Counsel for the OC responded and indicated they would consider this proposal but would not be able to provide a substantive response about custodian lists for each of the remaining requests by close of business today. In his February 25 email, counsel for MercyOne also requested to include a modifying search term of "MIC" or "Mercy Hospital Iowa City" or "some equivalent term" for all searches. Counsel for the OC responded by indicating that such modifiers may be appropriate with respect to some requests at issue but the OC would need to see the actual search terms MercyOne is considering running, as additional modifiers will not be appropriate in all circumstances.

 5. On February 24, 2025, counsel for the OC provided an upload link for MercyOne to use to securely transmit documents and requested that MercyOne utilize file transfer processes (e.g. transmitting a PST file, or a zip folder containing files) that will retain the metadata associated with the produced documents. This aligns with the production protocol set forth in the Motion. Counsel for MercyOne responded that "we have not agreed on your instructions as to how to produce responsive documents or timing. Once we have agreed as to topics, we will make a good faith effort to produce in reasonable manner and time. Your instructions in your Motion were

4

byzantine, hypercomplicated and unnecessary. We can confer on reasonable means and timing once we resolve topics." Counsel for the OC responded with a request that MercyOne produce the documents *it has already agreed to produce* at this time rather than waiting until the Parties have reached consensus on the scope of production, or secured a Court order addressing the scope of production. Counsel for the OC further invited MercyOne to provide a good faith suggestion for the production of documents under the pending Motion that will ensure metadata is retained. Counsel for MercyOne responded by declining to provide any suggestion for the production of documents, stating that MercyOne "should not be subject to the onerous burdens [of] litigation . . . ." As of the submission of this Status Report, no proposed production format or timetable has been suggested by MercyOne, and no documents have been produced by MercyOne.

6. The OC would appreciate guidance from the Court regarding the production method and timetable for production of documents as the Parties work through this process. The OC has presented a standard ESI protocol for document production that is similar to what has been used in prior litigation before this Court and federal courts in this state. The OC has requested that MercyOne begin a rolling production of documents as the Parties identify categories of documents that MercyOne has agreed to produce. MercyOne appears to prefer to hold off on production of *any* documents until the Parties have finalized agreement (or obtained a Court order) as to *all* of the Rule 2004 Requests that are the subject of the Motion, and MercyOne further appears to prefer to hold off on discussing production format until that time as well. The OC is concerned that MercyOne's approach will only lead to inefficiencies, lost metadata, and further delay, which is in MercyOne's interest and is against the interests of the OC and the Estates' creditors.

*[Remainder of the Page Intentionally Left Blank]*

Dated:   February 25, 2025

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:     (319) 286-7002
Facsimile:     (319) 286-7050
Email:          rleaf@nyemaster.com

- and -

Leslie C. Behaunek, AT0011563
Jaden G. Banks, AT0016210
700 Walnut, Suite 1300
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax:          (515) 283-8045
Email:        lcbehaunek@nyemaster.com
              jbanks@nyemaster.com
*Counsel for the Mercy Hospital Liquidation Trust Oversight*
*Committee as Designee of the Liquidation Trustee*

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this February 25, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.


*/s/ Roy Leaf*