**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.* | ) ) ) | Case No. 23-00623 (TJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) ) | |

## MERCYONE HEALTH NETWORK, INC.'S STATUS REPORT

Mercy Health Network, Inc. (d/b/a MercyOne) ("MercyOne"), by its attorneys, respectfully submits the following status report for purposes of clarifying certain statements in the status report submitted at 4:35 p.m. by the Mercy Hospital Liquidation Trust Oversight Committee [Docket No. 1566], as designee of the Liquidation Trust (the "OC") of the Mercy Hospital Iowa City, Iowa ("MIC") Liquidation Trust (the "Liquidation Trust"):

1. The OC is correct that on February 14, 2025, counsel for MercyOne and the OC discussed ways to narrow the scope of the 54 requests for production that the OC had originally appended to its Motion for a Rule 2004 examination of MercyOne. The OC is correct that for certain Requests, the OC offered to provide a limitation to enumerated custodians. MercyOne received that from the OC on February 24, 2025.

2. The OC is also correct that on February 14, 2025, the OC advised it would limit the time periods associated with other Requests. MercyOne also received that from the OC on February 24, 2025.

3. MercyOne had advised the OC at the time that because of the number and broad sweep of the Requests it would take time to respond, including because it had to address the burdens the Requests, even if modified, would impose on MercyOne, especially in a non-litigation

1

context. MercyOne counsel is presently working with MercyOne's IT professionals to assess this and advised the OC counsel that this initial assessment should be completed in the next few days.

4. From efforts to date, MercyOne has determined that all searches must be limited to relevant custodians rather than be run against the entire MercyOne database. *MercyOne has more than 20,000 employees in its database*, and a search of the entire database would be extremely onerous, time-consuming and costly. Since only a tiny, tiny number of MercyOne employees worked on MIC matters, this would not generate responsive, relevant documents but would instead unduly burden MercyOne and significantly delay production. MercyOne counsel advised counsel for the OC of this today and also advised it is open to searching additional custodians besides those that the OC already identified, so long as these are tied to work for MIC. MercyOne expects the parties to discuss this further.

5. MercyOne also determined that searches must be limited to those pertaining to MIC by including in searches the word(s) "MIC" or "Mercy Hospital Iowa City" or some equivalent term. MercyOne also advised counsel for the OC of this today, February 25, 2025. A very large number of requests track terms in the former Management and Affiliation Agreement between MIC and MercyOne (the "Agreement"), yet these terms are used in many other MercyOne contracts and relationships. For example, one Request asks for documents referring to the "Strategic Council." The Strategic Council pertinent to MIC would be relevant to this case. But there are many places where "Strategic Counsel" is used that have nothing to do with MIC. This is but one example. Counsel for the OC objects to such a modifier as to all Requests, but is open to such a restriction for some. MercyOne believes it will be necessary to have some form of such a restriction for all Requests but will discuss this further with counsel for the OC in an effort to reach agreement on as much as possible.

2

6.      MercyOne counsel asked counsel for the OC if, with these modifiers, they would agree to the limitations on Requests that the parties discussed on February 14, 2025. Counsel for the OC would not agree to this.

7.      Counsel for the OC is incorrect that MercyOne is waiting for an agreement on all Requests to move forward with production as to those Requests it already has agreed to. Rather, MercyOne is waiting for agreement as to custodians and some modifier to ensure that production is limited to what is relevant to MIC.

8.      Counsel for the OC notes several places where they say that "as of the Submission of this status report no update has been provided from Counsel for MercyOne[.]" MercyOne anticipated that the parties would confer today, and advised counsel for the OC of this yesterday, but the OC did not attempt to schedule a conference, nor was any effort made to file a joint status report, as the parties did previously.

9.      MercyOne had previously explained that of the 54 requests there will be certain requests where the parties cannot reach agreement, either because the Request seeks attorney client privileged materials of counsel; because it seeks confidential employment or personal information of individuals; or because it is irredeemably overbroad and would sweep in every document of MercyOne pertaining to the Agreement and/or otherwise is unduly burdensome and disproportionate to purposes of Rule 2004 and the needs of the matter. The OC is correct that MercyOne will not produce documents regarding its subsidiaries, as these had nothing to do with the Agreement and such discovery would be harassing. MercyOne <u>will provide</u> an organizational chart showing its parent companies, which should satisfy Request No. 1.

10.     MercyOne Counsel has advised the OC that the requests as to an ESI protocol and metadata are unduly burdensome and inappropriate for a Rule 2004 examination. Counsel for the

OC advised that ESI protocols are common *in litigation* (and repeats this in the status report, *see* Docket No. 1566, ¶6), yet the parties are not in litigation.  Counsel for MercyOne advised counsel for the OC that he could find no case where a Rule 2004 examination imposed an ESI protocol, and the OC has identified none. Counsel for MercyOne believes that the request for an ESI protocol is the very kind of tactic this Court noted at the first hearing on February 11, 2025 that is outside the scope a Rule 2004 examination and an improper effort to do pre-litigation discovery.

11.     The parties have discussed that once production begins, MercyOne will make a rolling production. MercyOne's counsel has offered to work with counsel for the OC for reasonable means and a reasonable timetable for production.

12.     As MercyOne advised the Court it would, on Friday, February 21, 2015, it tendered to Counsel for the OC its draft of Requests for its own Rule 2004 Motion. MercyOne has requested that the parties now set a time for conferral regarding this, so that MercyOne can file its Motion, but is awaiting word from OC counsel.

[*The remainder of this page is intentionally left blank*]

| | |
|---|---|
| Dated: February 25, 2025 | Respectfully submitted, |

*/s/ David B. Goroff*
Edward J. Green (*Pro Hac Vice*)
David B. Goroff (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com
dgoroff@foley.com

-and-

Jake W. Gordon (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (248) 943-6484
jake.gordon@foley.com

-and-

Michael R. Reck
Christopher J. Jessen
**BELIN McCORMICK, P.C.**
666 Walnut Street, Suite 2000
Des Moines, Iowa 50309
Tel: (515) 243-7100
Fax: (515) 558-0675
mrreck@belinmccormick.com
cjessen@belinmccormick.com

*Counsel to Mercy Health Network, Inc., d/b/a MercyOne*

5

**CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury, that on February 25, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

                                                /s/ David B. Goroff
                                                David B. Goroff

4904-8324-6112.1