IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| | ) |
| Debtors. | ) Jointly Administered |

### STATUS REPORT

Comes Now, Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trust (the "OC") of the Mercy Hospital, Iowa City, Iowa Liquidation Trust (the "Liquidation Trust") and respectfully submits the following Status Report:[1]

1.  The OC and Mercy Health Network, Inc. d/b/a MercyOne ("MercyOne") most recently participated in a status conference with this Court on February 26, 2025. The Court then continued out this matter for a status conference on March 11, 2025.

2.  The current status of the parties' negotiation with respect to each of the requests in the Motion is as follows:

3.  **Requests.**

    a.  **Requests the OC is No Longer Pursuing.** The OC has informed MercyOne it is not pursuing Request Nos. 19 and 51 at this time.

    b.  **Requests MercyOne Has Agreed to Produce As-Written, in Full or in Part.**

---

[1] Additional background facts were previously set forth in the Parties' Joint Status Report submitted on February 17, 2025 and the OC's Status Report submitted on February 25, 2025, and are not repeated herein. The definitions set forth in the Joint Status Report are utilized in this Status Report as if set forth herein.

1

i. MercyOne has agreed to produce an organizational chart showing its parent companies in response to Request No. 1. The OC has agreed that this will satisfy Request No. 1.

ii. MercyOne has agreed to produce documents responsive to Requests Nos. 2-3, 7-8, 10, 16, 31-37, 42-45, & 53-54 for a specific set of custodians on search terms agreed to between MercyOne and the OC. <u>However</u>, as discussed further below, two issues still remain: MercyOne refuses to produce any documents for custodian Heather Campbell and will not agree to using "Mercy Hospital" as part of its search terms.

iii. With respect to Request No. 4, MercyOne has confirmed that any "Liaisons" under the Management and Affiliation Agreement would have been limited to the chief executive officers, Michael Trachta and Sean Williams. MercyOne has agreed to run the search term "liaison" through the files of certain custodians as agreed upon by MercyOne and the OC. <u>However</u>, as discussed further below, one issue still remains: MercyOne refuses to produce any documents for custodian Heather Campbell.

iv. With respect to Request No. 5, MercyOne has confirmed that it did not assist in procuring any "turnaround manager" under the Management and Affiliation Agreement. Instead, it considered anyone at MercyOne assisting MIC as helping with turnaround efforts. MercyOne has agreed to run the search term "turnaround manage!" through the files of certain custodians as agreed upon by MercyOne and the OC. <u>However</u>, as discussed further

2

        below, one issue still remains: MercyOne refuses to produce any documents for custodian Heather Campbell.

  v. With respect to Request No. 6, MercyOne has confirmed that it did not provide "IT support" under the Management and Affiliation Agreement to MIC. MercyOne has agreed to run search terms related to Allscripts and Altera through the files of certain custodians as agreed upon by MercyOne and the OC. However, as discussed further below, one issue still remains: MercyOne refuses to produce any documents for custodian Heather Campbell.

  vi. MercyOne has agreed to produce documents responsive to Request No. 9 seeking applicable insurance policies. The OC has agreed that this will satisfy Request No. 9.

  vii. MercyOne has also agreed to produce the Retention Agreement with Dentons Davis Brown in response to Request Nos. 12 and 13. The OC has agreed that this will satisfy Request Nos. 12 and 13.

  viii. With respect to Request No. 14, MercyOne confirmed that it did not engage a specific "telehealth provider" under the Management and Affiliation Agreement. MercyOne has agreed to run agreed upon search terms for a specific set of custodians agreed to between MercyOne and the OC. However, as discussed further below, two issues still remain: MercyOne refuses to produce any documents for custodian Heather Campbell and will not agree to using "Mercy Hospital" as part of its search terms.

    ix. With respect to Request No. 15, MercyOne confirmed that it did not engage a specific "physician recruiter" under the Management and Affiliation Agreement. MercyOne has agreed to run agreed search terms for a specific set of custodians agreed to between MercyOne and the OC. However, as discussed further below, two issues still remain: MercyOne refuses to produce any documents for custodian Heather Campbell and will not agree to using "Mercy Hospital" as part of its search terms.

    x. MercyOne has agreed to produce documents responsive to Requests Nos. 21, 22, and 23 so long as these documents were not provided to individuals with an @mercyic.org domain name.

    xi. MercyOne has agreed to produce documents responsive to Requests Nos. 25-30 for each of the custodians listed in these Requests. However, as discussed further below, one issue still remains: MercyOne will not agree to using "Mercy Hospital" as a search term.

c. **Requests the OC Has Agreed to Narrow, but MercyOne Has Refused to Produce as Narrowed.** MercyOne has also wholly refused to produce any documents in response to Request Nos. 11, 17, 18, 20, 24, 38, 39, 40, 41, 46, 47, 48, 49, 50 and 52.

4. **Production Format.** On February 24, 2025, counsel for the OC provided an upload link for MercyOne to use to securely transmit documents and requested that MercyOne utilize file transfer processes (e.g. transmitting a PST file, or a zip folder containing files) that will retain the metadata associated with the produced documents. This aligns with the production protocol set forth in the Motion. Counsel for MercyOne stated during a March 10, 2025 Zoom meet and confer

4

call that he will provide the proposed production protocol to MercyOne's IT team to see if the protocol works for them and/or secure any feedback for the OC's consideration. As of the submission of this Status Report, no proposed production format or timetable has been suggested by MercyOne, and no documents have been produced by MercyOne.

5. **Production Timing.** On March 10, 2025 during a Zoom meet and confer between the parties, counsel for MercyOne indicated that MercyOne would begin producing some of the documents set forth in section 3(b) herein within the next week. Counsel for the OC and MercyOne discussed that MercyOne should undertake a rolling production, and they agreed that a 60-day production timeframe was probably reasonable. Counsel to the OC believes that the Court should enter an order requiring all of MercyOne's production to be complete by May 10, 2025, which is 60 days after the date of this status report.

6. **Court Intervention Required**. Counsel for the OC believes Court intervention is required with respect to the following Requests and issues.

    a. **Requests the OC Has Agreed to Narrow, but MercyOne Has Refused to Produce as Narrowed.** As set forth in section 3(c) above, there are 15 Requests for which MercyOne has refused to provide documents and communications, even on a discrete list of 11 custodians (or, for one Request, a single custodian) and with offers to narrow search terms. Counsel for the OC plans to discuss at the status conference why the OC is entitled to an order compelling MercyOne's compliance under Bankruptcy Rule 2004 with respect to each of these Requests.

    b. **Searches for "Mercy Hospital."** MercyOne and the OC have agreed to a discrete list of 11 or 12 custodians and search terms to run within each of those custodians for a number of requests. MercyOne asked to include modifiers that would narrow

5

search terms to pull in documents only related to MIC. The OC agreed to do so and asked MercyOne to include the modifiers "MIC," "Mercy Hospital," and "Iowa City" with respect to these custodians and requests in order to narrow the scope of what is located for each of the agreed-upon search terms (e.g. "(Affiliation /s Goal!) AND "Mercy Hospital"). The OC believes these search terms are sufficient to pick up the various iterations of the name for Mercy Hospital, Iowa City, Iowa. "Mercy Hospital" was suggested because the OC knows that this name was used by individuals at both MIC and MercyOne to refer to MIC. It also would capture documents that include "Mercy Hospital, Iowa City," "Mercy Hospital Iowa City" (without the comma), and "Mercy Hospital Foundation", all of which could include information responsive to specific Requests. MercyOne has agreed to run "MIC" and "Iowa City" as search term modifiers. MercyOne, however, does not agree to run "Mercy Hospital" as a search term, claiming that it has a number of hospitals in its system that are called "Mercy Hospital" and thus this term is too broad and onerous. The OC asked counsel for MercyOne to identify which of MercyOne's hospitals used this name so the OC could consider possible solutions to address MercyOne's overbreadth concern. Counsel for MercyOne stated that even identifying which hospitals could be called "Mercy Hospital" would be too burdensome. The OC has met its burden under Bankruptcy Rule 2004 in showing why the term "Mercy Hospital" would be necessary to finding documents that are relevant to the administration of this estate. MercyOne's vague objections to these search terms without any evidentiary proof or explanation does not change the fact that the OC are entitled to have MercyOne be compelled to run these searches.

    c. **Heather Campbell**. As noted herein, the OC has generally agreed to limit searches for documents and communications responsive to the Requests to be confined to 11 or 12 custodians that the OC has identified after reviewing documents and communications in its possession. The OC believes that these 11 or 12 individuals would be most likely to have responsive documents and communications about the Requests. One of these custodians is Heather Campbell, MercyOne's in-house counsel. There are over 4,500 documents and communications in the emails obtained by the OC from MIC's servers that are either to or from Heather Campbell. These documents and communications indicate that she was involved in MIC's affairs for periods of time during the Management and Affiliation Agreement. Counsel for the OC has made clear that they are not seeking MercyOne's privileged documents and communications. Nevertheless, MercyOne refuses to search Heather Campbell's documents and communications for non-privileged files. Given that, based on the documents and communications in the OC's possession, Ms. Campbell frequently engaged in non-privileged communications involving MIC, Ms. Campbell is a proper custodian and MercyOne should be compelled under Bankruptcy Rule 2004 to search her document repositories for responsive, nonprivileged documents and communications related to the Requests.

Dated: March 11, 2025

**NYEMASTER GOODE, P.C.**

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone:  (319) 286-7002
Facsimile:  (319) 286-7050
Email:  rleaf@nyemaster.com

- and -

Leslie C. Behaunek, AT0011563
Jaden G. Banks, AT0016210
700 Walnut, Suite 1300
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax:  (515) 283-8045
Email:  lcbehaunek@nyemaster.com
              jbanks@nyemaster.com
*Counsel for the Mercy Hospital Liquidation Trust Oversight Committee as Designee of the Liquidation Trustee*

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this March 11, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ *Roy Leaf*