IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**OBJECTION TO CLAIM AND NOTICE OF OBJECTION BAR DATE** |

COMES NOW Dan R. Childers, in his sole capacity as Trustee of the Mercy Hospital Liquidation Trust, and in support of this Objection respectfully states:

1. Supplemental Health Care filed a General Un-secured Non-Priority Claim ("GUNC") #10034 ("Claim")[1].

2. The Trustee and his advisors have examined the Claim, and the Trustee objects to the Claim, for the following reason(s):

   [✓] a.  The Claim either has been paid or the Trustee's advisor is still attempting to ascertain from the Debtors' records whether the Claim has been paid or has any valid legal basis

   [✓] b.  The Claim is not supported by requisite documentation.

   [ ] c.  No amount was clearly stated on the Claim

   [✓] d.  The Debtors and their estates do not owe the debt displayed on the Claim

   [ ] e.  The Claim was not timely filed

   [ ] f.  The Claim was a duplicate of another Proof of Claim

   [ ] g.  The Claim was amended by another Proof of Claim

   [ ] h.  None of the provisions in 11 U.S.C. §502 applies

   [ ] i.  The Claim was otherwise paid or assumed by Purchaser University of Iowa

---

[1] Pursuant to previous notice or Order from this Court, Claimants were directed to file proofs of claim with Epiq. The Claim # and related information displayed in this Objection were derived from Epiq's records and materials.

**NOTICE IS HEREBY GIVEN** that any **objection** from the Claimant against the Trustee's Objection to the Claim must be filed with the Clerk, U.S. Bankruptcy Court, Northern District of Iowa, 111 Seventh Ave. SE, Box 15, Cedar Rapids, IA 52401, so that the Objection is received by the Clerk of Bankruptcy Court in paper format or electronically **on or before April 21, 2025**. If no objection is timely and properly filed, an Order will be tendered by the Trustee to the Court, sustaining the Trustee's Objection. If a timely and proper objection is filed, a hearing on the Trustee's Objection and the claimant's Objection thereto will be set pursuant to further notice.

WHEREFORE, the Trustee respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order disallowing the Claim, and for such other relief as may be just and proper under the premises.

/s/ E Lam
Eric W. Lam, AT0004416
Joseph Porter, AT0014454
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
jporter@spmblaw.com
ATTORNEYS FOR LIQUIDATION TRUSTEE

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 16th day of March, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case, and that on or before March 18, 2025, a copy of the foregoing document was mailed, via United States Postal Service, postage fully paid to:

SUPPLEMENTAL HEALTH CARE
6955 UNION PARK CENTER DR, STE 400
COTTONWOOD HEIGHTS, UT 84047

/s/ Kelly Carmichael

MHLT/Pldgs/BA 23-00623 – Drafts/Obj toGUNC&Notice.10034.030625.1218.ibb