IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| Debtors. | ) Jointly Administered |

**JOINT STATUS REPORT**

Comes Now, Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trust (the "OC") of the Mercy Hospital, Iowa City, Iowa Liquidation Trust (the "Liquidation Trust") and respectfully submits the following Joint Status Report:[1]

1.  The OC and Mercy Health Network, Inc. d/b/a MercyOne ("MercyOne") most recently participated in a status conference with this Court on March 11, 2025. The Court then continued out this matter for a status conference on March 18, 2025.

2.  The OC and MercyOne held a meet and confer videoconference on March 13, 2025. During that call, they agreed to the following compromises with regard to two issues raised before this Court during the March 11, 2025 status conference:

    a. **Searches for "Mercy Hospital."** MercyOne has agreed to include "Mercy Hospital" as a search term modifier for Request Nos. 2-3, 7-8, 10, 14-16, 25-37, 42-45, & 53-54 so long as the commonly-used names of other facilities in the MercyOne network that include "Mercy Hospital" are included as exclusionary

---

[1] Additional background facts were previously set forth in the Parties' Joint Status Report submitted on February 17, 2025, the OC's Status Report submitted on February 25, 2025, and the OC's Status Report submitted on March 11, 2025 are not repeated herein. The definitions set forth in the Joint Status Report are utilized in this Status Report as if set forth herein.

1

        terms for such searches. The OC has agreed to review MercyOne's proposed search terms that include "Mercy Hospital", and any proposed exclusionary terms, to work toward agreement on this issue. As of the submission of this joint status report, MercyOne has not yet provided its proposed exclusionary terms for the OC's consideration.

        b. **Heather Campbell**. The OC has agreed to remove Heather Campbell as a standalone email custodian for the time being, reserving the right to seek her documents in the future.

3.     **Additional Requests on Which Agreement Has Been Reached.** As discussed during the March 11, 2025 status conference, MercyOne has agreed to produce responsive documents to Request Nos. 38-40, 46-48, and 52, with the exception of any completely personal information for the employees at issue (e.g. FMLA paperwork, insurance applications, personal health information, etc.). MercyOne has also agreed to produce documents on the terms set forth in the OC's Status Report from March 11, 2025 in section 3(b) thereof.

4.     **Requests on Which Court Intervention Is Required**. Court intervention is still required with respect to Request Nos. 11, 17, 18, 20, 41, 49 and 50 as discussed at the March 11, 2025 status conference.

5.     **Production Format.** On February 24, 2025, counsel for the OC provided an upload link for MercyOne to use to securely transmit documents and requested that MercyOne utilize file transfer processes (e.g. transmitting a PST file, or a zip folder containing files) that will retain the metadata associated with the produced documents. This aligns with the production protocol set forth in the Motion. Counsel for MercyOne stated during a March 10, 2025 Zoom meet and confer call that he will provide the proposed production protocol to MercyOne's IT team to see if the

protocol works for them and/or secure any feedback for the OC's consideration. As of the submission of this Joint Status Report, MercyOne has not provided a proposed production format.

6. **Production Timing.** As discussed during the March 11, 2025 status conference, the parties are in agreement that a 60-day production window starting on March 11, 2025 is reasonable to complete the contemplated production of documents based on the search terms and custodians identified. The Parties do not have any further update on this issue aside from noting that the production process has not yet begun.

Dated: March 17, 2025

| **NYEMASTER GOODE, P.C.** | **FOLEY & LARDNER LLP** |
|---|---|
| */s/ Roy Leaf* | */s/ David Goroff* |
| Roy Leaf, AT0014486 | Edward J. Green (*Pro Hac Vice*) |
| 625 First Street SE, Suite 400 | David B. Goroff (*Pro Hac Vice*) |
| Cedar Rapids, IA 52401-2030 | 321 N. Clark Street, Suite 3000 |
| Telephone:  (319) 286-7002 | Chicago, IL 60654 |
| Facsimile:  (319) 286-7050 | Telephone:  (312) 832-4500 |
| Email:  rleaf@nyemaster.com | Facsimile:  (312) 832-4700 |
|  | Email:  egreen@foley.com |
| - and - | dgoroff@foley.com |
|  |  |
| Leslie C. Behaunek, AT0011563 | *Counsel for Mercy Health Network, Inc. d/b/a MercyOne* |
| Jaden G. Banks, AT0016210 |  |
| 700 Walnut, Suite 1300 |  |
| Des Moines, IA 50309 |  |
| Telephone: (515) 283-3100 |  |
| Fax:  (515) 283-8045 |  |
| Email:  lcbehaunek@nyemaster.com |  |
|  jbanks@nyemaster.com |  |

*Counsel for the Mercy Hospital Liquidation Trust Oversight Committee as Designee of the Liquidation Trustee*

## Certificate of Service

      The undersigned certifies, under penalty of perjury, that on this March 17, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*