# EXHIBIT A
## Proposed Order

4935-5581-1118.2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.* | ) ) | Case No. 23-00623 (TJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### ORDER GRANTING MERCYONE HEALTH NETWORK, INC.'S MOTION REQUIRING THE OC TO PRODUCE RECORDS AND SUBMIT TO EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004

The matter before the Court is the *MercyOne Health Network, Inc.'s Motion for Entry of Order Requiring the OC to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* (the "Motion") filed by MercyOne Health Network, Inc., d/b/a MercyOne ("MercyOne");[1] and the Court having found it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in this district is proper pursuant to 28 U.S.C. § 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its creditors, and other parties in interest; and the Court having found that MercyOne provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. The Motion is GRANTED as set forth herein.

2. MercyOne is authorized, pursuant to Bankruptcy Rules 2004 and 7034, to issue a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or Document Requests, as applicable.

2

Rule 2004 requests to the OC for the production of the documents listed on **Exhibit B** of the Motion (the "Document Requests").

3. The OC shall comply with the Document Request no later than sixty (60) days after entry of this Order (unless otherwise agreed in writing by the parties).

4. The Electronically Stored Information ("ESI") production protocol shall be the same that applies to MercyOne's production of documents to the OC (unless otherwise agreed in writing by the parties).

5. Counsel for MercyOne is authorized to serve a notice of deposition, under Federal Rule 30(b)(6) made applicable by Bankruptcy Rule 7030, to the OC on matters related to those raised in the Document Requests.

6. The foregoing is without prejudice to MercyOne's right to seek additional discovery based on any information that may be revealed as a result of the information provided pursuant to this Order or otherwise.

7. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. MercyOne is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated and entered this _____ day of _____, 2025.

_____
Honorable Thad J. Collins, Chief Judge

4935-5581-1118.2