# **Exhibit E**

| | |
|---|---|
| **From:** | Goroff, David B. |
| **Sent:** | Thursday, March 6, 2025 4:47 PM |
| **To:** | rleaf; Leslie C. Behaunek; Jaden G. Banks |
| **Cc:** | McGuffey, Nora J. |
| **Subject:** | MercyOne Response to March 6, 2025 Letter |
| **Attachments:** | 2025-03-06 Letter to Roy Leaf (002).docx |

Roy, see the attached correspondence in response to your letter to me of March 6, 2025.

--David



321 N CLARK ST.
SUITE 3000
CHICAGO, IL  60654-4762
312.832.4500 TEL
312.832.4700 FAX
**FOLEY.COM**

WRITER'S DIRECT LINE
312.832.5160
dgoroff@foley.com

CLIENT/MATTER NUMBER
048544-0394

March 6, 2025

***Via Electronic Mail***
**rleaf@nyemaster.com**

Roy Leaf
Nyemaster Goode, P.C.
625 1st Street SE, Suite 400, Cedar Rapids, IA 52401

    Re: MercyOne Rule 2004 Motion

Roy:

Your letter to me of March 4, 2025, unduly delays efforts to confer about MercyOne's proposed Requests which I sent to you for your review on February 28, 2025, and that will accompany its Motion ("Motion") for a Rule 2004 Examination, and therefore seems designed to undermine MercyOne's ability to pursue this rightful relief. It cites no law allowing you to challenge MercyOne's anticipated Motion. It misstates facts. It engages in jaw-dropping projection, accusing MercyOne of trying to raise costs and burden the OC, when the OC saddled MercyOne with an unprecedently overbroad set of requests, that MercyOne has spent weeks working with you trying to rein in to reasonable proportions. And it makes an apples and oranges comparison to the District Court's standing determination in MercyOne's appeal concerning the Plan's releases, which, as you know, concerns appellate standing, which is narrower, and not standing of a party in interest in the bankruptcy court, which is broad, and which is non-final and subject to de novo review by the Eighth Circuit.

As you are well aware, at our first hearing before Judge Collins on February 11, 2025, I noted that MercyOne would pursue its own Motion and Judge Collins advised that he is open to this. I advised Judge Collins of our progress on our Motion at each of our following teleconferences with him and he said nothing at variance with that. I also made this point in our numerous conferral sessions, without you contesting MercyOne's right. Instead, you waited three weeks to baselessly do so.

MercyOne's list of Requests is shorter than was the OC's and the requests themselves are much narrower and targeted. While the OC sent 54 requests that required production of the entire universe of "related" information and was plainly an effort, as written, to get pre-litigation discovery, MercyOne's is targeted at obtaining information about the actual causes of MIC's failure, as Debtors' CRO previously advised the Bankruptcy Court under oath in his First Day Declaration, and toward getting information that the OC relied upon to make a series of false and inflammatory allegations about MercyOne in its Motion.



Roy Leaf<br>March 6, 2025<br>Page 2

You cite no authority for denying MercyOne this rightful relief. Instead, having put MercyOne to tremendous expense already in responding to your set of Requests, including to narrow them to appropriate scope, YOU accuse MERCYONE of trying to raise costs and impose burden. As I said above, that amounts to projection and shows particular gall. Rather, the OC is the party wasting estate funds by unfairly burdening MercyOne with any Request, when it has not reviewed its own records, proceeds against MercyOne based on misstatements of fact and cannot identify a single actual claim it has.

As you know, Rule 2004 allows any "party in interest" to pursue a Motion. The U.S. Supreme Court has held that this term when used in bankruptcy statutes is to be construed broadly. *Truck Ins. Exch. v.. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 278 (2024) ("This understanding aligns with this Court's observation that Congress uses the phrase "'party in interest'" in bankruptcy provision when it intends the provision to apply 'broadly.'"). *See also In re Huggins, 460* B.R. 714, 717 (Bankr. E.D. Tenn. 2011) ("In various contexts, a 'party in interest' has been held to be one who has an actual pecuniary interest in the case, anyone who has a practical stake in the outcome of a case, and those who will be impacted in any significant way in the case.").

MercyOne is a party in interest in two ways. First, and most obvious, it is a target of investigation and anticipated litigation and a party that has been held out in the Debtors' and OC's public statements—unjustly—as having some responsibility for MIC's failure. Second, while you minimize it based on the size of MercyOne's claim, it is an impaired claimant, and plainly has standing in a Bankruptcy Court proceeding such as this to protect its rights.

You note the District Court's ruling this week finding MercyOne lacked *appellate* standing to pursue its appeal regarding the enforceability of the Plan's releases. As Judge Williams made clear, appellate standing is narrower than standing before the Bankruptcy Court, which controls MercyOne's Motion. Irrespective, that decision is entitled to no deference and subject to de novo review by the Eighth Circuit. MercyOne, for reasons made clear in its briefing and oral argument, believes the decision is in error.

Finally, your letter amounts to a stall tactic. If you refuse to engage the Requests we sent and respond with any edits by Monday, March 10, 2025, we will assume you simply object to all and will file our Motion accordingly. (Absent some other agreed arrangement with me).

I will await your responses.

Very truly yours,<br><br>David B. Goroff

DBG:kc