# **Exhibit F**

| | |
|---|---|
| **From:** | Goroff, David B. |
| **Sent:** | Wednesday, March 19, 2025 4:56 PM |
| **To:** | Roy Leaf |
| **Cc:** | cjessen@belinmccormick.com; Leslie C. Behaunek; Paula Roby; John Dinan; Patrick Magallanes; McGuffey, Nora J. |
| **Subject:** | RE: Mercy Hospital: Response Regarding MercyOne's Draft Rule 2004 Requests |

Roy, thanks for sending your response. I am disappointed that after we spent substantial time together thoroughly discussing MercyOne's legitimate bases for a Rule 2004 Motion as a party in interest, you will not support this. Among other things, I made clear that providing MercyOne with a baseline of documents possessed by the OC on the topics identified in our draft would assist with efforts to discuss a possible resolution outside of litigation and would also make any litigation more efficient that the OC might ultimately bring against MercyOne (although MercyOne strenuously believes that any such suit would be without merit). I also advised that the information MercyOne seeks through Rule 2004 would help identify parties that, unlike MercyOne, might have relevant culpability and thus could be either the subject of claims that the OC might pursue on behalf of the Liquidation Trustee, or potential third party defendants in any litigation the OC might bring against MercyOne. Finally, I noted that receiving the documentation that the OC relied on to support its allegations about MercyOne in its Motion is necessary and fair, as MercyOne believes that many statements are inaccurate, yet they remain the OC's public position.

I will note our conferrals in the Rule 2004 Motion we will now prepare and soon file with the Bankruptcy Court on behalf of MercyOne.

--David

**David B. Goroff**
*Partner*

**Foley & Lardner LLP | Chicago, IL**
Phone 312.832.5160 | Cell 847.921.1199
View My Bio | Visit Foley.com | dgoroff@foley.com



**From:** Roy Leaf <rleaf@nyemaster.com>
**Sent:** Wednesday, March 19, 2025 9:31 AM
**To:** Goroff, David B. <DGoroff@foley.com>
**Cc:** cjessen@belinmccormick.com; Leslie C. Behaunek <lcbehaunek@nyemaster.com>; Paula Roby <Paula@drpjlaw.com>; John Dinan <jdinan@phccap.com>; Patrick Magallanes <pmagallanes@steindler.com>
**Subject:** Mercy Hospital: Response Regarding MercyOne's Draft Rule 2004 Requests

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***
David,

Please see attached regarding our meet and confer conversations related to MercyOne's draft Rule 2004 requests. Let me know if you would like to discuss the matter further.

Thanks,



**ROY LEAF | NYEMASTER GOODE, P.C.**

**Shareholder Attorney**

625 First Street SE, Ste 400, Cedar Rapids, IA 52401-2030

rleaf@nyemaster.com | **T** (319) 286-7002 | **F** (319) 286-7050

NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.



ROY LEAF
rleaf@nyemaster.com

T (319) 286-7002
F (319) 286-7050

March 19, 2025

**VIA ELECTRONIC MAIL**

David Goroff, Esq.
Counsel to Mercy Health Network, Inc. d/b/a MercyOne
dgoroff@foley.com

    RE:    Follow Up On MercyOne's Draft Rule 2004 Requests

David:

Thank you for taking the time last week to meet and confer regarding the 53 document requests (the "MercyOne Requests") that you previously sent to me via email on behalf of your client, Mercy Health Network, Inc. d/b/a MercyOne ("MercyOne"). As you know, we discussed requests 1 through 24 during our conference on March 10, 2025 and requests 25 through 53 during our conference on March 13, 2025.

After consideration and discussion with the OC, I continue to believe that MercyOne has failed to articulate a plausible legal basis for bringing the MercyOne Requests. As articulated during the meet and confer meetings and based on your follow up email on March 13, 2025, I understand that MercyOne believes it has three grounds under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to bring a Bankruptcy Rule 2004 motion and seek the MercyOne Requests and corresponding corporate representative deposition(s):

1. To "test" the representations made by counsel in the *Trust Oversight Committee's Motion for Entry of Order Requirement MercyOne to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* [Docket No. 1545] (the "OC Bankruptcy Rule 2004 Motion") about MercyOne and its relationship to the Debtors.

    a. Requests Nos. 1-41, 48-49, and 53.

2. To conduct an investigation against third-parties that MercyOne believes it may have claims against or whom MercyOne thinks could be joined as third-parties by MercyOne in any litigation brought by the Mercy Hospital Liquidation Trust Oversight Committee (the "OC")

    a. Requests Nos. 6, 27-29, 33-34, 42-43, and 48-52.

March 19, 2025
Page 2

    3. To conduct pre-litigation discovery on the assumption that such discovery promotes "administrative efficiency" in any subsequent litigation that may be pursued by the OC.

        a. Request Nos. 44-47.

MercyOne's assertion that it is entitled to Bankruptcy Rule 2004 discovery in order to "test" statements made by counsel in the OC Bankruptcy Rule 2004 Motion is facially insufficient under the Rule. Investigating statements that MercyOne disagrees with in the OC Bankruptcy Rule 2004 Motion has nothing to do with the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Moreover, there is not good cause for the Debtors' liquidation trust to spend tens—if not hundreds—of thousands of dollars collecting, reviewing, and producing documents to MercyOne so that MercyOne can "test" these representations for no apparent end. This theory is not within the scope of the Rule.

With respect to MercyOne's second rationale, case law is clear that creditors cannot use Bankruptcy Rule 2004 to investigate claims the creditor may have against third-parties where such third-party claims offer no value to the estate. Forcing the liquidation trust to fund MercyOne's fishing expedition into alleged third-party claims does nothing to advance the core purpose of Bankruptcy Rule 2004—discovering the nature and extent of the bankruptcy estate and distributing the debtor's assets for the benefit of its creditors.

Finally, any investigation into defenses MercyOne may pursue in a not-yet-filed adversary case is highly administratively _inefficient_ at this stage. The OC has not concluded its investigation nor brought any claims. Defenses necessarily have to correspond to the particular claim brought. Any potential defenses at this point that MercyOne believes it has to assert are entirely speculative. Moreover, Bankruptcy Rule 2004 is not a tool for a potential litigation counterparty to use—at the estate's cost—to investigate its potential defenses prior to any claims being brought.

Accordingly, it is evident that MercyOne lacks any basis in fact or law under Bankruptcy Rule 2004 for the MercyOne Requests, and I am concerned that the MercyOne Requests are being brought in retaliation for the OC Bankruptcy Rule 2004 Motion. For these reasons and others, the OC will object in full to any Bankruptcy Rule 2004 motion MercyOne brings with regard to the MercyOne Requests and reserves all rights with respect therewith.

Again, I appreciate your time meeting and conferring regarding the MercyOne Requests and appreciate MercyOne satisfying its meet and confer obligations under the Local Rules for the United States Bankruptcy Court for the Northern District of Iowa prior to bringing any motion.

        Sincerely,

        _/s/ Roy Leaf_
        Roy Leaf

March 19, 2025
Page 3

CC: Christopher Jessen, Esq., Counsel to MercyOne
     Leslie Behaunek, Esq., Counsel to the Trust Oversight Committee
     Paula Roby, Esq., Trust Oversight Committee
     John Dinan, Esq., Trust Oversight Committee
     Patrick Magallanes, Trust Oversight Committee