IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) Case No. 23-00623 (TJC) |
| | ) |
| Debtors. | ) Jointly Administered |

**DECLARATION OF MONICA SCHULTZ CEDS,
IN SUPPORT OF THE TRUST OVERSIGHT COMMITTEE'S RESISTANCE AND
OBJECTION TO MERCY HEALTH NETWORK INC.'S MOTION FOR ENTRY OF AN
ORDER REQUIRING THE OC TO PRODUCE RECORDS AND SUBMIT TO
EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004**

I, Monica Schultz CEDS, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am a paralegal with Nyemaster Goode, P.C., who has worked on electronic discovery matters since joining the firm in 2013. My experience with electronic discovery includes coordinating discovery plans with electronic discovery vendors, managing electronic discovery workspaces, conducting search term reviews, establishing coding and search criteria, and working with electronic discovery databases and vendors. I am a Certified e-Discovery Specialist ("CEDS"), and I have been a CEDS since June 2022. Obtaining the CEDS certificate required that I meet certain qualifications regarding training and experience with e-discovery and a rigorous exam to validate expertise in e-discovery. This certification also requires that I attend continuing education courses to maintain the CEDS standing.

2. The statements in this Affidavit are, except where specifically noted, based on my personal knowledge of the Debtors' electronically stored information systems; my personal

1

knowledge of electronic discovery vendors and systems; and my opinion based on my experience, knowledge, and information concerning electronic discovery.

3. On March 28, 2025, MercyOne[1] filed and served its *Motion for Entry of an Order Requiring the OC to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* (the "Motion"), including Exhibit B which contains MercyOne's proposed discovery requests.

4. The Motion includes 53 requested categories of information, with a stated relevant time period for production of January 2017 through August 7, 2023.

5. As drafted, the requests seek information that would require searching the entire email and file servers for MIC, which total at least 14TB of data on offline drives.

6. Conducting the search that MercyOne has requested would require paying a third-party vendor tens (if not hundreds) of thousands of dollars per month to host all or part of the server content, as MIC is not an ongoing concern and thus its data is no longer accessible in the same manner that MercyOne's electronic data is accessible to MercyOne's in-house IT team.

7. Even if the parties narrow the requests with negotiated custodians and search terms, it is likely any email and other electronic file review process would require manual review for responsiveness and privilege of tens—if not hundreds—of thousands of documents.

8. In order to provide an example of the potential burden to the Court, if only 20 email custodians who are considered likely to have responsive information are selected, with the above date range and a negotiated set of search terms applied, I estimate there will be at least half a million documents that will require manual review.

---

[1] Unless otherwise stated, capitalized terms in this Affidavit have the same meaning as in the OC's Objection.

9. Given this estimated volume and the needs of this review process, the OC would likely utilize contract reviewers coordinated by the OC's third-party e-discovery vendor to assist with this review process to reduce costs where possible.

10. Even with that process, however, the average review speed quoted by e-discovery vendors for contract reviewers is 40-50 documents per hour, and such vendors typically charge $42–$155[2] per hour for contract document review. After the contract reviewer process, counsel for the OC would need to conduct a quality control review, as well as privilege review, prior to production of any responsive documents. This review would be charged at the OC counsels' respective billable rates.

11. Conservatively, I estimate that the search and production process in order to respond to MercyOne's 53 document requests—even if custodians and search terms are agreed-upon to narrow the incredibly broad and burdensome scope of requests currently present—will cost the OC (and eventually estate creditors) upwards of $541,200- $667,200[3] for just the contract vendor review portion of the review and production process. This estimate does not include the costs for the OC to host the corpus of MIC's documents in the Early Case Assessment ("ECA") workspace, prior to culling documents based on search terms, or the cost for the OC's counsel to conduct a quality control and privilege review.

12. For purposes of this estimate, it is likely that it would cost at least $5,000–$15,000/month for storage of MIC's data in an Early Case Assessment space during the time search

---

[2] Hourly rates for contract review attorneys start at $42/hr. Managing attorney rates for contract review start at $155/hr.

[3] These estimates are based on a 500,000-document count and calculated using hourly contract attorney review and includes costs for managing attorney work. The calculations are derived from using Electronic Discovery Reference Model's ("EDRM") review cost calculator located at https://edrm.net/resources/budget-calculators/ (last visited April 10, 2025).

3

processes and junk file culling is applied to reduce the corpus of documents to be promoted for review in a "Review" workspace by the contract review team. E-discovery vendors do not prorate their monthly hosting fees. Because of this, data hosting costs incurred are estimated at a minimum of $5,000-$15,000 per month to start, with monthly hosting fees increasing thereafter due to the need to promote the most relevant data to the more costly Review space where the manual review of documents typically occurs. Assuming 20–25% of the estimated 500,000 potential documents to be reviewed by contract reviewers are determined to be relevant (or 100,000 – 125,000), those documents determined to be relevant by contract reviewers will need to be reviewed by counsel for the OC at their respective billable rates for quality control and privilege review purposes prior to production.

13.    As evidenced by the foregoing, I believe that responding to MercyOne's Motion will impose a significant financial burden on the OC, far exceeding MercyOne's current approximately $31,000 claim filed in the case. As a result, I believe that the Motion imposes an undue burden on the OC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: April 10, 2025

Monica Schultz, CEDS
Paralegal
Nyemaster Goode, P.C.