**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |

**NOTICE OF INTENT OT SERVE SUBPOENA PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 45(A)(4)**

**TO:** Parties-in-Interest in the Above Captioned Cases

**YOU ARE HEREBY NOTIFIED** that one *Subpoena Duces Tecum* is being served on Mercy

Health Network, Inc., d/b/a MercyOne ("MercyOne") and that three subpoenas to testify at

depositions are being served on MercyOne, Robert Ritz, and Michael Trachta respectively

pursuant to Federal Rule of Bankruptcy Procedure 2004 and Federal Rule of Civil Procedure 45.

MercyOne is instructed to produce and permit inspection and copying of the documents identified

in Exhibits A and B to the *Subpoena Duces Tecum*. A copy of the *Subpoena Duces Tecum* to

MercyOne is attached hereto as **Exhibit 1** pursuant to Federal Rule of Civil Procedure 45(a)(4).

Dated: April 15, 2025

> */s/ Roy Leaf*
> Roy Leaf, AT0014486
> 625 First Street SE, Suite 400
> Cedar Rapids, IA 52401-2030
> Telephone:    (319) 286-7002
> Facsimile:    (319) 286-7050
> Email:        rleaf@nyemaster.com
>
> - and -
>
> Leslie C. Behaunek, AT0011563

1

700 Walnut, Suite 1300
Des Moines, IA 50309
Telephone:  (515) 283-3100
Fax:  (515) 283-8045
Email:        lcbehaunek@nyemaster.com

*Counsel for the Mercy Hospital Liquidation Trust*
*Oversight Committee as Designee of the*
*Liquidation Trustee*

## **Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this April 15, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.


*/s/ Roy Leaf*

## EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ **Northern** _____ District of _____ **Iowa** _____

In re **Mercy Hospital, Iowa City, Iowa, et. al.,**
_____
Debtor

Case No. **23-00623 (TJC)**

*(Complete if issued in an adversary proceeding)*

Chapter **11**

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Mercy Health Network, Inc., d/b/a MercyOne**
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto as well as Exhibit B which sets forth definitions and the agreed-upon production protocol.

| PLACE | DATE AND TIME | |
|---|---|---|
| Nyemaster Goode, P.C. 700 Walnut Street, Suite 1300, Des Moines, IA 50309 | 05/12/25 | 5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **04/14/25**

CLERK OF COURT

OR    /s/ Roy R. Leaf

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* the Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trustee,  who issues or requests this subpoena, are:
Roy Leaf, 625 First St. SE, Suite 400, Cedar Rapids, IA 52401; rleaf@nyemaster.com; 319-286-7002

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                                    *Server's signature*

_____
                                 *Printed name and title*

_____
                                    *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

## ORDER GRANTING MOTION OF THE TRUST OVERSIGHT COMMITTEE REQUIRING MERCYONE TO PRODUCE RECORDS AND SUBMIT <u>TO EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004</u>

The matter before the Court is the *Trust Oversight Committee's Motion for Entry of Order Requiring MercyOne to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* (the "<u>Motion</u>") filed by Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trustee (the "<u>OC</u>");[1] and the Court having found it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in this district is proper pursuant to 28 U.S.C. § 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its creditors, and other parties in interest; and the Court having found that the OC provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1.    The Motion is GRANTED as set forth herein.

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or Document Requests, as applicable.

2. The OC is authorized, pursuant to Bankruptcy Rules 2004 and 9016, to issue a subpoena to MercyOne for the production of the documents and communications listed on Exhibit B of the Motion (the "Document Requests"). The OC and MercyOne have reached the following agreements with respect to the individual requests set forth in Exhibit B:

a. Request No. 1: The parties have agreed that MercyOne will produce organizational charts showing its parent companies for the time period beginning May 1, 2017 and ending April 30, 2023.

b. Request No. 2: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by[2] Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending December 31, 2019 that are responsive to any of the following search terms:

- "First Amend!" AND affiliat! AND MIC
- "First Amend!" AND affiliat! AND "Mercy Hospital"[3]
- "First Amend!" AND affiliat! AND "Iowa City"
- Exten! AND affiliat! AND MIC
- Exten! AND affiliat! AND "Mercy Hospital"
- Exten! AND affiliat! AND "Iowa City"

---

[2] The parties have agreed that MercyOne is not presently searching for documents held by custodian Heather Campbell. The OC has reserved the right to seek documents responsive to certain requests and held by custodian Heather Campbell at a later date. This does not exempt MercyOne from producing non-privileged emails sent to or received by Heather Campbell that are located within custodian files for other agreed-upon custodians.

[3] As agreed by the OC and MercyOne, each time the term "Mercy Hospital" is used herein in the search terms connected to each Request, MercyOne may exclude documents and communications that are responsive to the term "Mercy Hospital" but relate solely to another of MercyOne's hospitals or clinics other than Mercy Hospital, Iowa City, Iowa.

c.    Request No. 3: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- "Strategic Council" AND MIC
- "Strategic Council" AND "Mercy Hospital"
- "Strategic Council" AND "Iowa City"

d.    Request No. 4: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search term: "liaison."

e.    Request No. 5: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search term:

- "turnaround manage!"

f.    Request No. 6: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave

Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport,
Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie
Roettger during the time period beginning May 1, 2017 and ending April
30, 2023 that are responsive to the following search terms:

- Allscript!
- Alscript!
- Alltera!
- Allterra!
- Altera!
- Alterra!

g.    Request No. 7: The parties have agreed that MercyOne will produce all non-
privileged documents and communications sent to or received by Dave
Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport,
Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie
Roettger during the time period beginning May 1, 2017 and ending April
30, 2023 that are responsive to the following search terms:

- (Performance /s Target!) AND MIC
- (Performance /s Target!) AND "Mercy Hospital"
- (Performance /s Target!) AND "Iowa City"

h.    Request No. 8: The parties have agreed that MercyOne will produce all non-
privileged documents and communications sent to or received by Dave
Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport,
Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie
Roettger during the time period beginning May 1, 2017 and ending April
30, 2023 that are responsive to the following search terms:

- (Affiliation /s Goal!) AND MIC
- (Affiliation /s Goal!) AND "Mercy Hospital"
- (Affiliation /s Goal!) AND "Iowa City"

4

i.  Request No. 9: The parties have agreed that MercyOne will produce all insurance policies and other documents responsive to this request and in effect during the time period beginning May 1, 2017 and ending April 30, 2023.

j.  Request No. 10: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- "responsibility program!" AND MIC
- "responsibility program!" AND "Mercy Hospital"
- "responsibility program!" AND "Iowa City"

k.  Request No. 11: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that refer to Management Support provided by MercyOne to the Debtors.

l.  Request No. 12: The parties have agreed that MercyOne will produce the Retention Agreement it entered with the Dentons Davis Brown firm for the benefit of Mercy Iowa City.

m.  Request No. 13: The parties have agreed that MercyOne will produce the

Retention Agreement it entered with the Dentons Davis Brown firm for the benefit of Mercy Iowa City.

n.      Request No. 14: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- telehealth AND MIC
- telehealth AND "Mercy Hospital"
- telehealth AND "Iowa City"

o.      Request No. 15: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- "physician recruiter" AND MIC
- "physician recruiter" AND "Mercy Hospital"
- "physician recruiter" AND "Iowa City"

p.      Request No. 16: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April

30, 2023 that are responsive to the following search terms:

- "CHI GPO" AND MIC
- "CHI GPO" AND "Mercy Hospital"
- "CHI GPO" AND "Iowa City"
- Premier AND MIC
- Premier AND "Mercy Hospital"
- Premier AND "Iowa City"

q.  Request No. 17: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to CHI or received by CHI by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- MIC
- Mercy Hospital
- Iowa City

r.  Request No. 18: MercyOne will produce all non-privileged documents and communications sent to Trinity or received by Trinity by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- MIC
- Mercy Hospital
- Iowa City

s.  Request No. 19: The OC is not pursuing this request at this time.

t.  Request No. 20: MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack

Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning January 1, 2023 and ending June 30, 2023 that are responsive to the following search terms:

- MIC
- Mercy Hospital
- Iowa City

u. Request No. 21: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent, receive, or created during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to this request and were not sent to a mercyic.org domain email address.

v. Request No. 22: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent, receive, or created during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to this request and were not sent to a mercyic.org domain email address.

w. Request No. 23: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent, receive, or created during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to this request and were not sent to a mercyic.org domain email address.

x. Request No. 24: The OC is not pursuing this request at this time.

y. Request No. 25: The parties have agreed that MercyOne will produce all

non-privileged documents and communications sent, received, created, or otherwise transmitted by or to Jeff Rooney during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- MIC
- "Mercy Hospital"
- "Iowa City"

z.    Request No. 26: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent, received, created, or otherwise transmitted by or to Sean Williams during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- MIC
- "Mercy Hospital"
- "Iowa City"

aa.   Request No. 27: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent, received, created, or otherwise transmitted by or to Michael Trachta during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- MIC
- "Mercy Hospital"
- "Iowa City"

bb.   Request No. 28: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent, received, created, or otherwise transmitted by or to Douglas Davenport during the time period

beginning May 1, 2017 and ending April 30, 2023 that are responsive to the following search terms:

- MIC
- "Mercy Hospital"
- "Iowa City"

cc.      Request No. 29: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent, received, created, or otherwise transmitted by or to Michael Heinrich during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to to the following search terms:

- MIC
- "Mercy Hospital"
- "Iowa City"

dd.      Request No. 30: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent, received, created, or otherwise transmitted by or to Shane Cerone during the time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to this request and to the following search terms:

- MIC
- "Mercy Hospital"
- "Iowa City"

ee.      Request No. 31: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April

30, 2023 that are responsive to the following search terms:

- "H2C" AND MIC
- "H2C" AND "Mercy Hospital"
- "H2C" AND "Iowa City"

ff.      Request No. 32: The parties have agreed that MercyOne will produce all

non-privileged documents and communications sent to or received by Dave

Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport,

Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie

Roettger during the time period beginning August 1, 2020 and ending June

1, 2022 that are responsive to the following search terms:

- RFP AND MIC
- RFP AND "Mercy Hospital"
- RFP AND "Iowa City"
- (Request! /3 propos!) AND MIC
- (Request! /3 propos!) AND "Mercy Hospital"
- (Request! /3 propos!) AND "Iowa City"

gg.      Request No. 33: The parties have agreed that MercyOne will produce all

non-privileged documents and communications sent to or received by Dave

Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport,

Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie

Roettger during the time period beginning May 1, 2017 and ending April

30, 2023 that are responsive to the following search terms:

- "University of Iowa" AND MIC AND buy!
- "University of Iowa" AND MIC AND merge!
- "University of Iowa" AND MIC AND acqui!
- "University of Iowa" AND "Mercy Hospital" AND buy!
- "University of Iowa" AND "Mercy Hospital" AND merge!
- "University of Iowa" AND "Mercy Hospital" AND acqui!
- "University of Iowa" AND "Iowa City" AND buy!
- "University of Iowa" AND "Iowa City" AND merge!

- "University of Iowa" AND "Iowa City" AND acqui!
- "UIHC" AND MIC AND buy!
- "UIHC" AND MIC AND merge!
- "UIHC" AND MIC AND acqui!
- "UIHC" AND "Mercy Hospital" AND buy!
- "UIHC" AND "Mercy Hospital" AND merge!
- "UIHC" AND "Mercy Hospital" AND acqui!
- "UIHC" AND "Iowa City" AND buy!
- "UIHC" AND "Iowa City" AND merge!
- "UIHC" AND "Iowa City" AND acqui!
- "U of I" AND MIC AND buy!
- "U of I" AND MIC AND merge!
- "U of I" AND MIC AND acqui!
- "U of I" AND "Mercy Hospital" AND buy!
- "U of I" AND "Mercy Hospital" AND merge!
- "U of I" AND "Mercy Hospital" AND acqui!
- "U of I" AND "Iowa City" AND buy!
- "U of I" AND "Iowa City" AND merge!
- "U of I" AND "Iowa City" AND acqui!

hh.  Request No. 34: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 1, 2018 that are responsive to the following search terms:

- (Sean /3 Williams) AND MIC AND candida!
- (Sean /3 Williams) AND MIC AND hire!
- (Sean /3 Williams) AND MIC AND hiring
- (Sean /3 Williams) AND MIC AND recruit!
- (Sean /3 Williams) AND "Mercy Hospital" AND candida!
- (Sean /3 Williams) AND "Mercy Hospital" AND hire!
- (Sean /3 Williams) AND "Mercy Hospital" AND hiring
- (Sean /3 Williams) AND "Mercy Hospital" AND recruit!
- (Sean /3 Williams) AND "Iowa City" AND candida!
- (Sean /3 Williams) AND "Iowa City" AND hire!
- (Sean /3 Williams) AND "Iowa City" AND hiring
- (Sean /3 Williams) AND "Iowa City" AND recruit!

ii.   Request No. 35: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 1, 2018 that are responsive to the following search terms:

- (Sean /3 Williams) AND MIC AND candida!
- (Sean /3 Williams) AND MIC AND hire!
- (Sean /3 Williams) AND MIC AND hiring
- (Sean /3 Williams) AND MIC AND recruit!
- (Sean /3 Williams) AND "Mercy Hospital" AND candida!
- (Sean /3 Williams) AND "Mercy Hospital" AND hire!
- (Sean /3 Williams) AND "Mercy Hospital" AND hiring
- (Sean /3 Williams) AND "Mercy Hospital" AND recruit!
- (Sean /3 Williams) AND "Iowa City" AND candida!
- (Sean /3 Williams) AND "Iowa City" AND hire!
- (Sean /3 Williams) AND "Iowa City" AND hiring
- (Sean /3 Williams) AND "Iowa City" AND recruit!

jj.   Request No. 36: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 1, 2018 that are responsive to the following search terms:

- CEO AND MIC AND candida!
- CEO AND MIC AND hire!
- CEO AND MIC AND hiring
- CEO AND MIC AND recruit!
- CEO AND "Mercy Hospital" AND candida!
- CEO AND "Mercy Hospital" AND hire!
- CEO AND "Mercy Hospital" AND hiring
- CEO AND "Mercy Hospital" AND recruit!

- CEO AND "Iowa City" AND candida!
- CEO AND "Iowa City" AND hire!
- CEO AND "Iowa City" AND hiring
- CEO AND "Iowa City" AND recruit!
- "chief executive officer" AND MIC AND candida!
- "chief executive officer" AND MIC AND hire!
- "chief executive officer" AND MIC AND hiring
- "chief executive officer" AND MIC AND recruit!
- "chief executive officer" AND "Mercy Hospital" AND candida!
- "chief executive officer" AND "Mercy Hospital" AND hire!
- "chief executive officer" AND "Mercy Hospital" AND hiring
- "chief executive officer" AND "Mercy Hospital" AND recruit!
- "chief executive officer" AND "Iowa City" AND candida!
- "chief executive officer" AND "Iowa City" AND hire!
- "chief executive officer" AND "Iowa City" AND hiring
- "chief executive officer" AND "Iowa City" AND recruit!

kk.     Request No. 37: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning May 1, 2017 and ending April 1, 2018 that are responsive to the following search terms:

- CEO AND MIC AND candida!
- CEO AND MIC AND hire!
- CEO AND MIC AND hiring
- CEO AND MIC AND recruit!
- CEO AND "Mercy Hospital" AND candida!
- CEO AND "Mercy Hospital" AND hire!
- CEO AND "Mercy Hospital" AND hiring
- CEO AND "Mercy Hospital" AND recruit!
- CEO AND "Iowa City" AND candida!
- CEO AND "Iowa City" AND hire!
- CEO AND "Iowa City" AND hiring
- CEO AND "Iowa City" AND recruit!
- "chief executive officer" AND MIC AND candida!
- "chief executive officer" AND MIC AND hire!
- "chief executive officer" AND MIC AND hiring

14

- "chief executive officer" AND MIC AND recruit!
- "chief executive officer" AND "Mercy Hospital" AND candida!
- "chief executive officer" AND "Mercy Hospital" AND hire!
- "chief executive officer" AND "Mercy Hospital" AND hiring
- "chief executive officer" AND "Mercy Hospital" AND recruit!
- "chief executive officer" AND "Iowa City" AND candida!
- "chief executive officer" AND "Iowa City" AND hire!
- "chief executive officer" AND "Iowa City" AND hiring
- "chief executive officer" AND "Iowa City" AND recruit!

ll.     Request No. 38: The parties have agreed that MercyOne will produce all

performance-related documents and communications from Sean Williams'

MercyOne employee personnel file, including, but not limited to, any

performance improvement plan.

mm.     Request No. 39: The parties have agreed that MercyOne will produce all

performance-related documents and communications from Sean Williams'

MercyOne employee personnel file created between May 1, 2017 and April

30, 2023.

nn.     Request No. 40: The parties have agreed that MercyOne will produce all

performance-related documents and communications from Sean Williams'

MercyOne employee personnel file, including, but not limited to, any that

refer or relate to performance evaluations of Sean Williams completed by

any Person affiliated with MIC.

oo.     Request No. 41: MercyOne has objected in full to this request, and the Court

has overruled that objection. MercyOne shall produce all non-privileged

documents and communications sent to or received by Dave Vellinga, Bob

Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams,

Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the

time period beginning May 1, 2017 and ending April 30, 2023 that are responsive to this request.

pp.    Request No. 42: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning January 1, 2021 and ending September 1, 2021 that are responsive to the following search terms:

- Trachta AND MIC AND candida!
- Trachta AND MIC AND hire!
- Trachta AND MIC AND hiring
- Trachta AND MIC AND recruit!
- Trachta AND "Mercy Hospital" AND candida!
- Trachta AND "Mercy Hospital" AND hire!
- Trachta AND "Mercy Hospital" AND hiring
- Trachta AND "Mercy Hospital" AND recruit!
- Trachta AND "Iowa City" AND candida!
- Trachta AND "Iowa City" AND hire!
- Trachta AND "Iowa City" AND hiring
- Trachta AND "Iowa City" AND recruit!

qq.    Request No. 43: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning January 1, 2021 and ending September 1, 2021 that are responsive to the following search terms:

- Trachta AND MIC AND candida!
- Trachta AND MIC AND hire!
- Trachta AND MIC AND hiring
- Trachta AND MIC AND recruit!

- Trachta AND "Mercy Hospital" AND candida!
- Trachta AND "Mercy Hospital" AND hire!
- Trachta AND "Mercy Hospital" AND hiring
- Trachta AND "Mercy Hospital" AND recruit!
- Trachta AND "Iowa City" AND candida!
- Trachta AND "Iowa City" AND hire!
- Trachta AND "Iowa City" AND hiring
- Trachta AND "Iowa City" AND recruit!

rr.     Request No. 44: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning January 1, 2021 and ending September 1, 2021 that are responsive to the following search terms:

- CEO AND MIC AND candida!
- CEO AND MIC AND hire!
- CEO AND MIC AND hiring
- CEO AND MIC AND recruit!
- CEO AND "Mercy Hospital" AND candida!
- CEO AND "Mercy Hospital" AND hire!
- CEO AND "Mercy Hospital" AND hiring
- CEO AND "Mercy Hospital" AND recruit!
- CEO AND "Iowa City" AND candida!
- CEO AND "Iowa City" AND hire!
- CEO AND "Iowa City" AND hiring
- CEO AND "Iowa City" AND recruit!
- "chief executive officer" AND MIC AND candida!
- "chief executive officer" AND MIC AND hire!
- "chief executive officer" AND MIC AND hiring
- "chief executive officer" AND MIC AND recruit!
- "chief executive officer" AND "Mercy Hospital" AND candida!
- "chief executive officer" AND "Mercy Hospital" AND hire!
- "chief executive officer" AND "Mercy Hospital" AND hiring
- "chief executive officer" AND "Mercy Hospital" AND recruit!
- "chief executive officer" AND "Iowa City" AND candida!
- "chief executive officer" AND "Iowa City" AND hire!
- "chief executive officer" AND "Iowa City" AND hiring

- "chief executive officer" AND "Iowa City" AND recruit!

ss. Request No. 45: The parties have agreed that MercyOne will produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning January 1, 2021 and ending September 1, 2021 that are responsive to the following search terms:

- CEO AND MIC AND candida!
- CEO AND MIC AND hire!
- CEO AND MIC AND hiring
- CEO AND MIC AND recruit!
- CEO AND "Mercy Hospital" AND candida!
- CEO AND "Mercy Hospital" AND hire!
- CEO AND "Mercy Hospital" AND hiring
- CEO AND "Mercy Hospital" AND recruit!
- CEO AND "Iowa City" AND candida!
- CEO AND "Iowa City" AND hire!
- CEO AND "Iowa City" AND hiring
- CEO AND "Iowa City" AND recruit!
- "chief executive officer" AND MIC AND candida!
- "chief executive officer" AND MIC AND hire!
- "chief executive officer" AND MIC AND hiring
- "chief executive officer" AND MIC AND recruit!
- "chief executive officer" AND "Mercy Hospital" AND candida!
- "chief executive officer" AND "Mercy Hospital" AND hire!
- "chief executive officer" AND "Mercy Hospital" AND hiring
- "chief executive officer" AND "Mercy Hospital" AND recruit!
- "chief executive officer" AND "Iowa City" AND candida!
- "chief executive officer" AND "Iowa City" AND hire!
- "chief executive officer" AND "Iowa City" AND hiring
- "chief executive officer" AND "Iowa City" AND recruit!

tt. Request No. 46: The parties have agreed that MercyOne will produce all performance-related documents and communications from Mike Trachta's MercyOne employee personnel file, including, but not limited to, any

performance improvement plan.

uu.    Request No. 47: The parties have agreed that MercyOne will produce all performance-related documents and communications from Mike Trachta's MercyOne employee personnel file created between May 1, 2017 and April 30, 2023,

vv.    Request No. 48: The parties have agreed that MercyOne will produce all performance-related documents and communications from Mike Trachta's MercyOne employee personnel file including, but not limited to, any that refer or relate to performance evaluations of Mike Trachta completed by any Person affiliated with MIC

ww.    Request No. 49: MercyOne has objected in full to this request, and the Court has overruled that objection. MercyOne shall produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning March 1, 2021 and ending September 1, 2021 that are responsive to this request.

xx.    Request No. 50: MercyOne has objected in full to this request, and the Court has overruled that objection. MercyOne shall produce all non-privileged documents and communications sent to or received by Dave Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport, Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, or Jodie Roettger during the time period beginning September 1, 2021 and ending April 30, 2023 that

are responsive to this request.

yy.     Request No. 51: The OC is not pursuing this request at this time.

zz.     Request No. 52: The parties have agreed that MercyOne will produce all
performance-related documents and communications from the personnel
files of all individuals employed by MercyOne who served as officers of
Mercy Iowa City.

aaa.    Request No. 53: The parties have agreed that MercyOne will produce all
non-privileged documents and communications sent to or received by Dave
Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport,
Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, Jodie
Roettger, or Jackie Luecht during the time period beginning May 1, 2017
and ending April 30, 2023 that are responsive to the following search terms:

- "Dawna" AND MIC
- "Dawna" AND "Mercy Hospital"
- "Dawna" AND "Iowa City"

bbb.    Request No. 54: The parties have agreed that MercyOne will produce all
non-privileged documents and communications sent to or received by Dave
Vellinga, Bob Ritz, Jack Dunsenberry, Jeff Rooney, Douglas Davenport,
Sean Williams, Michael Trachta, Michael Wegner, Rob Heen, Jodie
Roettger, or Jackie Luecht during the time period beginning May 1, 2017
and ending April 30, 2023 that are responsive to the following search terms:

- "Andronowitz" AND MIC
- "Andronowitz" AND "Mercy Hospital"
- "Andronowitz" AND "Iowa City"

3.     MercyOne shall produce all documents and communications responsive to the

Document Requests on a rolling basis to the OC, pursuant to the ESI Protocol set forth in the Document Requests, with the production completed no later than Monday, May 12, 2025.

4. To the extent that MercyOne asserts privilege over any documents or communications responsive to the Document Requests, it shall produce a privilege log to the OC no later than Monday, May 12, 2025.

5. The OC is authorized, pursuant to Bankruptcy Rules 2004 and 9016, to issue subpoenas to testify to MercyOne, Robert Ritz, and Michael Trachta to testify on matters related to MIC and the Debtors at such time and place set forth on the subpoena (unless otherwise agreed in writing by the parties).

6. The foregoing is without prejudice to the OC's right to seek additional discovery, including any additional documents or depositions, under Bankruptcy Rule 2004 and applicable law, based on any information that may be revealed as a result of the information provided pursuant to this Order or otherwise.

7. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The OC has consented to the relief in this Order and is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated and entered this 25th  day of ___ March , 2025.

Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted By:**

**NYEMASTER GOODE, P.C.**
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

APPROVED AS TO FORM AND CONTENT:

*/s/ David Goroff*
David Goroff
Counsel to Mercy Health Network, Inc.

# **EXHIBIT B**

## **Document Requests**

# DEFINITIONS

For purposes of responding to these document requests (the "Requests" and each, a "Request"), the following definitions shall apply:

1.  The term "Affiliation Goals" shall have the meaning set forth in the Management and Affiliation Agreement.

2.  The term "Chapter 11 Cases" shall mean the jointly administered chapter 11 cases of MIC and its debtor affiliates pending at case number 23-00623 in the United States Bankruptcy Court for the Northern District of Iowa.

3.  The term "CHI" shall mean Catholic Health Initiatives and its subsidiaries, officers, members, managers, employees, and affiliates, including any agent, representative, person or entity acting or purporting to act on CHI's behalf.

4.  The term "Communication(s)" means any Document constituting, reflecting or evidencing any oral or written transmission or receipt of words or information, by whatever manner or means, regardless of how or by whom the communication was initiated, including without limitation: (*i*) any written contact by means such as letter, memorandum, telegram, telex, e-mail, instant message or facsimile and (*ii*) oral contact by any means including face-to-face meetings and telephone. Communications with any entity includes, but is not limited to, communications by or with its subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel, financial advisor, investment banker, or any other person acting on its behalf.

5.  The term "Document" or "Documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure, including tangible things, correspondence, internal or external memoranda, letters, drafts, non-identical copies, notes including handwritten notes,

minutes of meetings, computer records (*e.g.*, email messages), any electronically stored information, records (*e.g.*, voicemail records), diaries, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices.

6.    The term "H2C" means H2C Securities, Inc.

7.    The term "Insider" means all of MIC's past and present members, board members, partners, general partners, officers, persons in control, directors, and relatives of such general partners, directors, officers, or persons in control of MIC, and any of the forgoing entities' subsidiaries, directors, officers, assigns, agents, transferees, and affiliates, and any of the foregoing persons' or entities' aliases, and, for the avoidance of doubt, shall also include any 'insider' as that term is understood under section 101(31) of the Bankruptcy Code or as that term is understood in applicable common law.

8.    The term "Management Support" shall mean any services provided by MercyOne under the Management and Affiliation Agreement pursuant to "Core Service #3" of Exhibit B of such agreement.

9.    The term "Management and Affiliation Agreement" shall mean the Management Services and Strategic Affiliation Agreement executed May 1, 2017, by and between MIC and Mercy Health Network, Inc., as subsequently amended, modified, extended, or otherwise.

10.    The terms "MercyOne," "You," or "Your" shall mean Mercy Health Network, Inc. and its subsidiaries, officers, members, managers, employees, and affiliates, including any agent, representative, person or entity acting or purporting to act on MercyOne's behalf.

11.    The term "MIC" shall mean Mercy Hospital, Iowa City, Iowa and its officers, members, managers, employees, and affiliates, including any agent, representative, person or entity acting or purporting to act on MIC's behalf.

3

12.     The term "Performance Targets" shall mean the performance targets for the first two (2) years of the Management and Affiliation Agreement and for meeting the Affiliation Goals, as described in paragraph 7 of the Management and Affiliation Agreement.

13.     The term "Period" shall mean May 1, 2017 to present.

14.     The term "Person" shall mean any natural person, partnership, association, firm business organization, business entity, or government agency or body, as well as any divisions, subdivisions, bureaus, offices, or other units thereof.

15.     The term "Physician Recruiter" shall have the meaning ascribed to it in Core Services #6, Exhibit B to the Management and Affiliation Agreement.

16.     The term "RFP Process" means the request for proposal process conducted by H2C on behalf of MIC that began on or around June 2021, the purpose of which was to search for a long-term strategic partner for MIC, including through a merger, affiliation, partnership, or other similar transaction or type of arrangement.

17.     The term "Services" shall be construed to include any work, material, equipment, content, product, information, activities, or advice prepared or provided in relation to any agreement, communication, contract, or Documents between MIC and MercyOne.

18.     The term "Strategic Council" shall have the meaning ascribed to it in paragraph 1 of the Management and Affiliation Agreement.

19.     The term "TeleHealth Services" shall have the meaning ascribed to it in Core Services #5, Exhibit B to the Management and Affiliation Agreement.

20.     The term "Trinity" shall mean Trinity Health and its subsidiaries, officers, members, managers, employees, and affiliates, including any agent, representative, person or entity acting or purporting to act on Trinity's behalf.

4

21.     The term "Turnaround Management" shall mean any services, work, or assistance provided by MercyOne under paragraph 4 of the Management and Affiliation Agreement. to or for the benefit of MIC, including without limitation business, administrative, operational, compliance, or legal work, related to a change or prospective change in the financial condition, profitability, or expenses of MIC.

22.     The terms "referring to" or "relating to" as used in reference to a stated subject means all of the following:

a.     Containing, comprising, constituting, stating, setting forth, reporting, including, negating or manifesting in any way, whether in whole or in part, that subject; and

b.     Describing, mentioning, discussing, reflecting, interpreting, identifying, concerning, contradicting, referring to, or in any way pertaining to, whether in whole or in part, that subject.

23.     The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

24.     The term "each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." Similarly, "any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

25.     The term "including" means including, but not limited to.

## INSTRUCTIONS

1.     All terms defined above shall have the meanings set forth therein, whether capitalized in these Requests or not.

2.     The Requests herein are continuing. You shall supplement any production of Documents made in response to any of the Requests and produce promptly any and all responsive

Documents that are received, discovered, or created after any of Your responses to these Requests, or that are otherwise within Your possession, custody, or control (or within the possession, custody, or control of anyone acting on Your behalf).

3.       These Requests apply to all Documents in Your possession, custody, or control, and include Documents, wherever located, within the possession, custody, or control of Your advisors, affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, parent company, subsidiaries, and other Persons acting or who have acted on behalf of the foregoing entities or individuals referenced in this instruction.

4.       If You object to any part of any of these Requests, You shall produce all Documents responsive to the portions of any of the Requests to which the objection does not apply pending the resolution of any such objections and state whether any responsive materials are being withheld on the basis of each such objection.

5.       Documents are to be produced in their entirety without abbreviation or expurgation. In making Documents available, all Documents which are physically attached to each other in files shall be made available in that form. Documents which are segregated or separated from other Documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form. Documents shall be made available in the order in which they were maintained. If no Document exists that is responsive to a particular Request, You shall so state in writing.

6.       If responsive information appears on one or more pages of a multi-page Document, provide the entire Document, including any exhibits or attachments thereto. Except pursuant to a claim of privilege or work product, no Document should be altered, defaced, masked or redacted prior to production.

7.     If a Document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, You must clearly indicate the portions as to which the privilege is claimed and any redaction must be clearly visible on the redacted Documents.

8.     In the event any Document is withheld in part or in whole on a claim of attorney/client privilege, other privilege, or work-product doctrine, provide a detailed privilege log that describes the nature and basis for Your claim and the subject matter of the Document withheld or the portion redacted, in a manner sufficient to disclose facts upon which You rely in asserting Your claim, and to permit the grounds and reasons for withholding the Document to be identified.

9.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10.    The use of the singular form of any word includes the plural and vice versa.

11.    If, in responding to the requests, you encounter any ambiguities when construing a request or definition, your response shall set forth the matter deemed ambiguous and the construction used in responding.

12.    Unless otherwise specified herein, the time frame covered by these Requests is the Period.

**ELECTRONICALLY STORED INFORMATION ("ESI") PRODUCTION PROTOCOL**

13.    Documents created or stored electronically must be produced in accordance with these instructions. All electronically stored information ("ESI") shall not be printed to paper, but

instead shall be produced in electronic form (the "production set") in a manner that preserves all metadata.

14.     Each Document will have its own unique identifier ("Bates number"), which must be consistently formatted across the production, comprising of an alpha prefix and a fixed length number of digits (e.g., "PREFIX0000001").

15.     The production set shall consist of, and meet, the following specifications:

    *a.*     <u>Image Files</u>. All ESI will be rendered to single-page, black and white, Group IV *tagged image file* (".tif" or ".tiff") images with a resolution of 300 dpi, wherein the file name for each page is named after its corresponding Bates number. Records in which a color copy is necessary to interpret the document (e.g., photographs, presentations, AUTOCAD, etc.) will be rendered to higher resolution, single-page *joint photographic experts group* (".jpg" or ".jpeg") format. Endorsements must follow these guidelines:

        i.     Bates numbers must be stamped on the lower right hand corner of all images.

        ii.     Confidentiality must be stamped on the lower left hand corner of all images.

        iii.     Other pertinent language may be stamped on the bottom center, or top of the images, as deemed necessary.

    b.     <u>Load Files</u>. All ESI must be produced with appropriate data load files, denoting logical document boundaries. The following files should be included within each production set.

        i.     A Concordance delimited ASCII text file (".dat").

A.      The .dat file will contain metadata from the original native documents, wherein the header row (*i.e.*, the first line) of the.dat file must identify the metadata fields.

B.      The .dat file must be delimited with the standard Concordance delimiters (the use of commas and quotes as delimiters is not acceptable):

ASCII 020 [¶] for the comma character;

ASCII 254 [þ] for the quote character; and

ASCII 174 [®] for new line.

C.      All attachments, or *child* records, should sequentially follow the *parent* record.

D.      The following fields and metadata will be produced:

Beginning Bates

Ending Bates

Beginning Bates Attachment

Ending Bates Attachment

Custodian

File Name

From

Recipient

CC

BCC

Subject

9

Date Sent

Time Sent

Last Modified Date

Last Modified Time

Author

Title

Date Created

Time Created

Document Extension

Page Count

MD5Hash

Text Path

Native File Path

ii.     Image cross-reference files, *Opticon* image file ("opt") and *IPRO View Load* file (".lfp"), which link images to the database and identifies appropriate document breaks.

c.     <u>Text Files</u>. All ESI will be produced in a word searchable, text file format (".txt"), at the document level for all records. Such text files may be delivered as multi-page ASCII or, where appropriate, Unicode text files and named after its corresponding Bates number. All records must include:

i.     *extracted text* for all ESI, at the document level, wherein the text from the record is natively extracted; and/or

10

ii.    *optical character recognition* ("OCR") text, at the document level,

for records where: (1) embedded or extracted text does not exist in

the electronic document; (2) the document originated in a hard-copy

format; and/or (3) OCR must be run on documents so as not to reveal

the contents any redacted material.

The text files may be placed in an individual folder, from which the full path

for each text file should correspond to its record in the .dat file and populated

under the *Text Path* field.

d.    <u>Native Files</u>. ESI that cannot be interpreted in an image format, or for such that

may be voluminous and burdensome when printed to image files, may be

produced in its native format, with its file name corresponding to its designated

Bates number. Such files include Microsoft Excel, PowerPoint and Access file

types, multimedia files (e.g., ".avi", "mpeg", ".wmv", ".mp3", etc.),

AUTOCAD files, source code, and other files that may be requested and/or

agreed upon by counsel. All native files produced must contain a corresponding

image placeholder with appropriate endorsements, as well as extracted text.

## DOCUMENT REQUESTS

1.      Documents, including but not limited to all organizational charts, sufficient to show MercyOne's subsidiaries, parent companies, and the percentage ownership of MercyOne in its subsidiaries.

2.      All Documents and Communications referring to or relating to the decision to enter into the First Amendment to the Management and Affiliation Agreement dated September 1, 2019.

3.      All Documents and Communications referring to or relating to the Strategic Council.

4.      All Documents and Communications referring to or relating to the "Liaison" described in the Management and Affiliation Agreement.

5.      All Documents and Communications referring to or relating to Turnaround Management.

6.      All Documents and Communications referring to or relating to any IT support provided by MercyOne to MIC pursuant to paragraph 5 of the Management and Affiliation Agreement.

7.      All Documents and Communications referring to or relating to the Performance Targets.

8.      All Documents and Communications referring to or relating to the Affiliation Goals.

9.      Documents sufficient to show all insurance policies held, obtained, or otherwise entered into by MercyOne pursuant to paragraph 20(b) of the Management and Affiliation Agreement including, but not limited to, certificates of insurance and policy Documents.

10.    All Documents and Communications referring to or related to the "corporate responsibility program" set forth on Exhibit B to the Management and Affiliation Agreement.

11.    All Documents and Communications referring to or related to all Management Support provided by MercyOne to MIC.

12.    All Documents and Communications referring to or related to MIC's consultation with legal counsel engaged by MercyOne in accordance with Exhibit B of the Management and Affiliation Agreement.

13.    All Documents and Communications in Your possession from MercyOne's retained counsel prepared, drafted, or otherwise created for MIC.

14.    All Documents and Communications referring to or related to TeleHealth Services provided by MercyOne to MIC.

15.    All Documents and Communications referring to or related to Services provided by the Physician Recruiter to MIC on behalf of MercyOne.

16.    All Documents and Communications referring to or related to Services provided to MIC through the "CHI GPO" as set forth by Core Services #7 in Exhibit B to the Management and Affiliation Agreement.

17.    All Documents and Communications between MercyOne and CHI related to MIC.

18.    All Documents and Communications between MercyOne and Trinity related to MIC.

19.    Any and all termination notices provided by MIC or MercyOne pursuant to paragraph 16 of the Management and Affiliation Agreement.

20.    All Documents and Communications referring to or related to MIC from January 1, 2023 to June 30, 2023.

21.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Robert Ritz related to MIC.

22.     All Documents and Communications sent, received, created, or otherwise transmitted by or to David Vellinga related to MIC.

23.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Jack Dunsenberry related to MIC.

24.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Heather Campbell related to MIC.

25.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Jeff Rooney related to MIC in Your possession.

26.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Sean Williams related to MIC in Your possession.

27.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Mike Trachta related to MIC in Your possession.

28.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Douglas Davenport related to MIC.

29.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Michael Heinrich related to MIC.

30.     All Documents and Communications sent, received, created, or otherwise transmitted by or to Shane Cerone related to MIC.

31.     All Communications referring to or related to H2C.

32.     All Documents and Communications referring to or related to the RFP Process.

33.     All Documents and Communications referring to or related to any proposals, efforts, agreements, or otherwise from the State University of Iowa to merge with, buy, affiliate with, or otherwise acquire MIC from January 1, 2021 to present.

34.     All Documents and Communications referring to or relating to the identification, recruiting, and hiring investigation of Sean Williams as candidate for the chief executive officer position at MIC.

35.     All Documents and Communications referring to or relating to the presentation of Sean Williams as candidate for the chief executive officer position at MIC to the board of directors of MIC.

36.     All Documents and Communications referring to or relating to the identification, recruiting, and hiring investigation of any other candidate for the chief executive officer position at MIC who was presented to the board of directors of MIC for consideration substantially contemporaneously with the presentation of Sean Williams.

37.     All Documents and Communications referring to or relating to the presentation to the board of directors of MIC of any other candidate for the chief executive officer position at MIC for consideration substantially contemporaneously with the presentation of Sean Williams.

38.     All Documents and Communications referring to or related to Sean Williams' performance improvement plan.

39.     All Documents and Communications referring to or related to Sean Williams' MercyOne employee personnel file created during the Period.

40.     All Documents and Communications referring to or related to performance evaluations of Sean Williams completed by any Person affiliated with MIC.

41.     All Documents and Communications referring to or related to Sean Williams' work on behalf of MercyOne while serving as chief executive officer of MIC.

42.     All Documents and Communications referring to or relating to the identification, recruiting, and hiring investigation of Mike Trachta as candidate for the chief executive officer position at MIC.

43.     All Documents and Communications referring to or relating to the presentation of Mike Trachta as candidate for the chief executive officer position at MIC to the board of directors of MIC.

44.     All Documents and Communications referring to or relating to the identification, recruiting, and hiring investigation of any other candidate for the chief executive officer position at MIC who was presented to the board of directors of MIC for consideration substantially contemporaneously with the presentation of Mike Trachta.

45.     All Documents and Communications referring to or relating to the presentation to the board of directors of MIC of any other candidate for the chief executive officer position at MIC for consideration substantially contemporaneously with the presentation of Mike Trachta.

46.     All Documents and Communications referring to or related to Mike Trachta's performance improvement plan.

47.     All Documents and Communications referring to or related to Mike Trachta's MercyOne employee personnel file created during the Period.

48.     All Documents and Communications referring to or related to performance evaluations of Mike Trachta completed by any Person affiliated with MIC.

49.     All Documents and Communications referring to or related to Mike Trachta's work on behalf of MercyOne while serving as chief operations officer of MIC.

50.    All Documents and Communications referring to or related to Mike Trachta's work on behalf of MercyOne while serving as chief executive officer of MIC.

51.    All Documents referring or related to meetings of the MIC board of directors including, but not limited to, meeting minutes, meeting agendas, corporate resolutions, Excel spreadsheets, and PowerPoint presentations.

52.    All Documents and Communications referring to or relating to any performance review, evaluation, or performance measurement for any Person employed by MercyOne that served as an officer of MIC, including without limitation any Documents or Communications used or reviewed in the preparation of any review, evaluation, or performance measurement.

53.    All Documents and Communications referring to or relating to Dawna Miller.

54.    All Documents and Communications referring to or relating to Judy Andronowitz.