IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **In re:** | Case No. 23-00623 |
| **Mercy Hospital, Iowa City, Iowa,** *et. al.*, | CHAPTER 7 |
| **Debtor.** | |

# UNITI MED LLC'S RESISTANCE TO TRUSTEE'S OBJECTION TO CLAIM NUMBER 10027

Uniti Med LLC ("Uniti Med"), a creditor and party in interest herein, hereby submits the following resistance to the *Objection to Claim and Notice of Objection Bar Date* (Docket No. 1682) (the "Claim Objection"), in which Dan R. Childers, the Trustee of the Mercy Hospital Liquidation Trust ("Trustee"), objects to Uniti Med's proof of claim (Claim No. 10027) filed on September 6, 2023, in the amount of $87,950.13 ("Proof of Claim"). In support of Uniti Med's resistance to the Trustee's Objection, Uniti Med states as follows:

1. Uniti Med provided medical staffing services to the Debtors in this case.

2. As of the petition date in this case, Uniti Med was owed $87,950.13 for such services. Uniti Med filed its Proof of Claim on September 6, 2023 and attached supporting invoices to the Proof of Claim.

3. On March 16, 2025, the Trustee filed the Claim Objection, citing three grounds:

   a. "The Claim either has been paid or the Trustee's advisor is still attempting to ascertain from the Debtors' records whether the Claim has been paid or has any valid legal basis."

   b. "The Claim is not supported by requisite documentation."

   c. "The Debtors and their estates do not owe the debt displayed on the Claim."

(Docket No. 1682).

4. "[I]f a proof of claim complies with the Rules of Court and is self-sustaining (*i.e.,* it sets forth the facts necessary to state a claim and is not self-contradictory), it is *prima facie* valid and the objecting party has the burden of producing evidence to refute the claim." *In re Umstead*, 490 B.R. 186, 192 (Bankr. E.D. Penn. 2013); *see also In re Burkett*, 329 B.R. 820, 829 (Bankr. S.D. Ohio, 2005) ("If a proof of claim correlates to a debt listed by the debtor in his or her schedules, this may be sufficient, *by itself*, to establish the prima facie validity of the proof of claim.") (emphasis added).

5. The objecting party has the burden of going forward with evidence supporting the objection. *See Abboud v. Abboud (In re Abboud),* 232 B.R. 793, 796 (Bankr. N.D. Okla. 1999).

6. In this case, Uniti Med has filed its Proof of Claim, which means that its claim is *prima facie* valid.

7. The Trustee, as the objecting party, must come forward with evidence supporting his Claim Objection, but the Trustee in this case has no such evidence.

8. Contrary to the Trustee's Claim Objection, there is no evidence that the Proof of Claim has been paid, and indeed Uniti Med confirms that the amounts owed have not been paid. Furthermore, whether the "Trustee's advisor is still attempting to ascertain from the Debtors' records whether the Claim has been paid or has any valid legal basis" is not a valid ground for disallowing a claim.

9. Moreover, the Proof of Claim has attached to it invoices that together add up to the amount claimed in the Proof of Claim. If further evidence is needed, attached as **Exhibit A** hereto are the timecards that support the invoices. Thus, the Proof of Claim is supported by sufficient documentation.

10. Lastly, notwithstanding the Trustee's assertion that the amounts claimed are not owed, there is no evidence to refute the Proof of Claim.

11. For these reasons, it is proper for the Court to deny the Trustee's Claim Objection.

WHEREFORE, Uniti Med LLC respectfully requests that the Court issue an Order denying the Trustee's Claim Objection and allowing Uniti Med's Proof of Claim, and that the Court grant any such other relief the Court finds just and equitable.

DATED this 21st day of April, 2025.

UNITI MED, LLC, Creditor

By:  /s/ *Lauren R. Goodman*
Michael T. Eversden (NE #21941)
Lauren R. Goodman (AT0010650)
McGrath North Mullin & Kratz, PC LLO

> First National Tower, Suite 3700
> 1601 Dodge Street
> Omaha, NE  68102
> (402)341-3070
> (402)341-0216 (fax)
> lgoodman@mcgrathnorth.com
> ATTORNEY FOR BYRON BLUNK

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, I caused filing of the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification upon all CM/ECF participants and by US Mail, postage prepaid to the parties listed below:

>Eric W. Lam
>Joseph Porter
>Simmons Perrine Moyer Bergman PLC
>115 Third Street SE, Suite 1200
>Cedar Rapids, IA  52401

   /s/ *Lauren R. Goodman*