## IN UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

In re:

MERCY HOSPITAL, IOWA CITY, IOWA,
*et al.*,

      Debtors.[1]

Chapter 11

Case No. 23-00623 (TJC)

(Jointly Administered)

Re:  Dkt. Nos. 1352, 1630, 1631,
1632, 1633, 1634, and 1635

## JOINT MOTION FOR ENTRY OF CONSENT ORDER RESOLVING OBJECTIONS TO AND ALLOWING, IN PART, CERTAIN CLAIMS FILED BY UNITEDHEALTHCARE INSURANCE COMPANY AND UNITED HEALTHCARE OF THE MIDLANDS, INC. AND GRANTING RELATED RELIEF

Dan R. Childers, solely in his capacity as Trustee of the Mercy Hospital Liquidation Trust (the "Trustee"), UnitedHealthcare Insurance Company ("UHIC"), and United Healthcare of the Midlands, Inc. ("UHM" and collectively with UHIC and their affiliates, parents, and subsidiaries, "United"), hereby jointly move this Court (the "Motion") for entry of an order substantially in the form of the consent order attached hereto as **Exhibit A**, resolving any disputes between the Trustee and United with respect to the Claims (defined below) filed by United against the bankruptcy estates of Mercy Hospital, Iowa City, Iowa ("Mercy Hospital") and Mercy Services Iowa City, Inc. ("Mercy Services" and collectively with Mercy Hospital and affiliated co-debtor Mercy Iowa City ACO, LLC,  the "Debtors") and the Trustee's objections

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Mercy Hospital, Iowa City, Iowa (0391), Mercy Services Iowa City, Inc. (1044), and Mercy Iowa City ACO, LLC (9472).

thereto.

In support of this Motion, the Trustee and United respectfully state as follows:

## I.      JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Northern District of Iowa (the

"Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well

as Public Administrative Order No. 07-AO-16-P (N.D. Iowa Dec. 5, 2007) (Reade, C.J.).

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined

by this Court.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.     BACKGROUND

### A.      The Agreements

4.      United provides health care insurance benefits to members insured under its fully

insured group medical policies through a network of providers who contract with United to

render medical services to members.  United also administers self-insured health plans of third

parties, by which the members of those self-insured plans may also access medical care through

United's network of providers.

5.      United and the Debtors entered into various agreements, by which the Debtors

were "in network" providers of medical services to United's members.

6.      Specifically, United and Mercy Hospital entered into a Facility Participation

Agreement with an effective date on or about April 15, 2008, as amended from time to time (the

"FPA"), for medical services provided to United's members at Mercy Hospital.

7.      United also entered into a Physician Association Participation Agreement (the

"PAPA") with Mercy Hospital's physician hospital organization, Mercy of Iowa City Regional

Physician Hospital Organization (the "Mercy Hospital PHO"), with an effective date of January 1, 2008, as amended from time to time, for medical services rendered by the Mercy Hospital physicians. Mercy Services was a party to the PAPA pursuant to a Participating PHO Health Care Professional Opt-In Form (the "Opt-In Form") executed by Mercy Services on or about January 1, 2008.

8.    United also entered into a Physician Hospital Organization Participation Agreement (the "PHOPA" and together with the FPA and the PAPA, the "Agreements") with the Mercy Hospital PHO with an effective date of April 1, 2013, as amended from time to time, for medical services rendered by the Mercy Hospital PHO physicians.[2]

9.    Pursuant to the Agreements, the Debtors agreed to provide certain covered medical services to United's members, in exchange for certain fees.

10.    In connection with paying claims submitted by the Debtors under the Agreements, United periodically overpaid claims for a variety of "ordinary course" reasons that arose in the day-to-day operations of United and the Debtors under the Agreements. Examples of ordinary course reasons giving rise to such overpayments include, but are not limited to, the following: (i) the payment of duplicate claims submitted by the Debtors; (ii) the member had primary coverage through another insurance carrier; (iii) the services were provided after the member's insurance coverage was terminated; (iv) the incorrect provider was paid; (v) the services were inclusive of another billed service; (vi) a later investigation identified the services as not medically necessary;

---

[2] The Agreements contain United's highly confidential and sensitive commercial information. While the Trustee has copies of the Agreements, other parties in interest may request copies of such Agreements by written request to the undersigned counsel and upon the entry into either an acceptable confidentiality agreement or the entry of an appropriate protective order. If requested by the Court, United will provide the Agreements to it for an *in camera* review.

or (vii) a corrected bill was submitted.

11.     To account for overpayments, the Agreements provide United with the right to

seek correction of an overpaid claim by way of reimbursement or, if the Debtors do not repay the

overpayment, by way of offset or recoupment against future payments due to the Debtors subject

to the terms of the Agreements and applicable law.  (*See* FPA § 6.10; PAPA § 8.10; PHOPA §

6.10.)

12.     Prior to the Petition Date (defined below), Mercy Hospital received overpayments

as a result of "ordinary course" reasons in the aggregate amount of $174,241.42 (the "Mercy

Hospital Overpayments").  Similarly, prior to the Petition Date, Mercy Services received

overpayments as a result of "ordinary course" reasons in the aggregate amount of $4,722.29 (the

"Mercy Services Overpayments").

**B.     Debtors' Bankruptcy Filings and United's Claims**

13.     On August 7, 2023 (the "Petition Date"), the Debtors each filed a voluntary

petition under Chapter 11 of Title 11 of the United States Court (the "Bankruptcy Code") in this

Court.

14.     On September 20, 2023, United filed a non-priority general unsecured proof of

claim against Mercy Hospital in the amount of $173,971.52, for "ordinary course" overpayments

due to United under the Agreements [Claims Reg., Claim No. 10084] (the "Original Mercy

Hospital Pre-Petition Claim").  After filing the Original Mercy Hospital Pre-Petition Claim,

United identified a typographical error and, as a result, filed on November 2, 2023 an amended

proof of claim against Mercy Hospital in the amount of $173,971.52 [Claims Reg., Claim No.

355] (the "First Amended Mercy Hospital Pre-Petition Claim").  After filing the First Amended

Mercy Hospital Pre-Petition Claim, United identified additional pre-petition amounts due and

owing to it under the Agreements as a result of "ordinary course" overpayments and, on January 2, 2024, United filed an amended proof of claim against Mercy Hospital in the amount of $174,241.42, for "ordinary course" overpayments due to United under the Agreements [Claims Reg., Claim No. 364] (the "Second Amended Mercy Hospital Pre-Petition Claim" and collectively with the Original Mercy Hospital Pre-Petition Claim and the First Amended Mercy Hospital Pre-Petition Claim, the "Mercy Hospital Pre-Petition Claims").

15.      On September 20, 2023, United also filed a non-priority general unsecured proof of claim against Mercy Services in the amount of $4,722.29, for "ordinary course" overpayments due to United under the Agreements [Claims Reg., Claim No. 10086] (the "Mercy Services Pre-Petition Claim" and, together with the Mercy Hospital Pre-Petition Claims, the "Pre-Petition Claims").

16.      On March 11, 2024, United filed an administrative expense claim against Mercy Hospital under Section 503(b)(1)(A) of the Bankruptcy Code in the amount of $50,966.76, for "ordinary course" post-petition overpayments due to United under the Agreements [Claims Reg., Claim No. 40018] (the "Admin Claim" and, together with the Pre-Petition Claims, the "Claims").

17.      On June 7, 2024, the Court entered an order [Dkt. No. 1114] confirming the *Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Dkt. No. 1050] (as amended, modified, or supplemented, the "Plan").

18.      Pursuant to Article XII of the Plan, the Agreements were rejected by the Debtors as of the Effective Date[3] of the Plan.  (*See* Dkt. No. 1050, Art. XII(A); Dkt. No. 1114, at 22.)

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

19.     The Effective Date of the Plan occurred on June 24, 2025.  (Dkt. No. 1139.)

**C.     The Claim Objections**

20.     On November 4, 2024, the Trustee filed an objection to the Admin Claim [Dkt.

No. 1352] (the "Admin Claim Objection") on the grounds that (i) the Admin Claim had either

been paid or the Trustee's advisors were still attempting to ascertain from the Debtors' records

whether the Admin Claim had been paid; and (ii) the Admin Claim was not supported by the

requisite documentation.

21.     On March 16, 2025, the Trustee filed an objection to the Second Amended Mercy

Hospital Pre-Petition Claim [Dkt. No. 1630] (the "Second Amended Mercy Hospital Pre-Petition

Claim Objection") on the grounds that: (i) such claim had either been paid or the Trustee's

advisors were still attempting to ascertain from the Debtors' records whether the Second

Amended Mercy Hospital Pre-Petition Claim had been paid; and (ii) such claim was not

supported by the requisite documentation.

22.     Also on March 16, 2025, the Trustee filed objections to (i) the Original Mercy

Hospital Pre-Petition Claim [Dkt. No. 1634] and (ii) the First Amended Mercy Hospital Pre-

Petition Claim [Dkt. No. 1632], on the grounds that each such claim was amended by another

proof of claim (together the "Amended Claim Objections" and collectively with the Second

Amended Mercy Hospital Pre-Petition Claim Objection and the Admin Claim Objection, the

"Objections").

23.     By consent of the Trustee, United's deadline to respond to each of the Objections

is May 21, 2025.

24.     After engaging in good-faith negotiations to reconcile the Claims and Objections,

the Trustee and United have agreed to compromise and settle any issue or dispute regarding the

same.

## III.    RELIEF REQUESTED

25.    The Trustee and United request that the Court enter an order substantially in the form of the consent order attached hereto as Exhibit A, providing as follows:

a.   Subject to the Court's approval of the relief sought in this Motion, the Trustee's Objections shall be deemed withdrawn;

b.   50% of the Second Amended Mercy Hospital Pre-Petition Claim (i.e., $87,120.71) shall be Allowed as a General Unsecured Claim and shall be treated under Class 3 of the Plan, and shall be paid in that amount in accordance with Article V(B)(4) of the Plan;

c.   50% of the Mercy Services Pre-Petition Claim (i.e., $2,361.15) shall be Allowed as a General Unsecured Claim and shall be treated under Class 3 of the Plan, and shall be paid in that amount in accordance with Article V(B)(4) of the Plan;

d.   80% of the Admin Claim (i.e., $40,773.41) shall be Allowed as an 11 U.S.C. § 503(b)(1)(A) priority claim and shall be treated and paid as an Allowed Administrative Expense Claim in accordance with Article IV(A) of the Plan;

e.   The Trustee on behalf of the Liquidation Trust and the Estates releases any and all Avoidance Actions against United and such Avoidance Actions against United shall not be Liquidation Trust Claims; and

f.   The Trustee's payments to United as set forth herein shall be in full and final satisfaction of the Claims and any other claims or causes of action that United may have against the Debtors' estates or the Mercy Hospital Liquidation Trust.

26.    In summary, United will have Allowed General Unsecured Claims in the

aggregate amount of $89,481.86, United will have an Allowed Administrative Expense Claim in

the amount of $40,773.41, and the Trustee on behalf of the Liquidation Trust and the Estates

releases any and all Avoidance Actions against United.

WHEREFORE, the Trustee and United respectfully request that the Court enter an order,

substantially in the form of the consent order attached hereto as Exhibit A, granting the relief

requested herein and such other and further relief as may be just and proper.


Dated: April 30, 2025

*Attorneys for Dan R. Childers, in his sole capacity
as Trustee of the Mercy Hospital Liquidation Trust*

SIMMONS PERRINE MOYER BERGMAN PLC

By:      /s/  Eric. W. Lam
        Eric W. Lam, AT0004416
        Joseph Porter, AT0014454
        115 Third Street SE, Suite 1200
        Cedar Rapids, IA 52401
        Telephone:  (319) 366-7641
        Facsimile:  (319) 366-1917
        elam@simmonsperrine.com
        jporter@spmblaw.com


*Attorneys for UnitedHealthcare Insurance
Company and United Healthcare of the Midlands,
Inc.*


HEIDMAN LAW FIRM, PLLC


By:      /s/  Jessica Board
        Jessica Board, AT0012404
        1128 Historic Fourth Street
        P.O. Box 3086
        Sioux City, IA  51102
        Telephone:  (712) 255-8838
        Facsimile:  (712) 258-6714
        Jessica.Board@heidmanlaw.com

- and -

SHIPMAN & GOODWIN LLP

By:    */s/ Brian G. Remondino*
        Brian G. Remondino (pro hac vice)
        400 Atlantic Street, 4th Floor
        Stamford, CT 06901
        Telephone:  (203) 324-8100
        Facsimile:   (203) 324-8199
        BRemondino@goodwin.com

        Jaime A. Welsh
        One Constitution Plaza
        Hartford, CT 06103-1919
        Telephone:  (860) 251-5000
        Facsimile:   (860) 251-5218
        jwelsh@goodwin.com

**CERTIFICATE OF SERVICE**

On this 30th day of April, 2025, I filed the foregoing document with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notifications of such filing to all CM/ECF participants.

        /s/ Jessica Board      
         Jessica Board

## **Exhibit A**
**Proposed Consent Order**

**IN UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

In re:

MERCY HOSPITAL, IOWA CITY, IOWA,
*et al.*,

      Debtors.[1]

Chapter 11

Case No. 23-00623 (TJC)

(Jointly Administered)

Re:  Dkt. Nos. 1352, 1630, 1631,
1632, 1633, 1634, and 1635

**[PROPOSED] CONSENT ORDER RESOLVING OBJECTIONS TO AND ALLOWING,
IN PART, CERTAIN CLAIMS FILED BY UNITEDHEALTHCARE INSURANCE
COMPANY AND UNITED HEALTHCARE OF THE MIDLANDS, INC.
AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Dan R. Childers, solely in his capacity as Trustee of

the Mercy Hospital Liquidation Trust (the "Trustee"), UnitedHealthcare Insurance Company

("UHIC"), and United Healthcare of the Midlands, Inc. ("UHM" and collectively with UHIC and

their affiliates, parents, and subsidiaries, "United") for entry of an order resolving any disputes

between the Trustee and United with respect to the claims filed by United against the bankruptcy

estates of Mercy Hospital, Iowa City, Iowa ("Mercy Hospital") and Mercy Services Iowa City,

Inc. ("Mercy Services" and collectively with Mercy Hospital and affiliated co-debtor Mercy

Iowa City ACO, LLC, the "Debtors") and the Trustee's objections thereto; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number or business identification number, as applicable, are: Mercy Hospital, Iowa City,
Iowa (0391), Mercy Services Iowa City, Inc. (1044), and Mercy Iowa City ACO, LLC (9472).

[2] Capitalized terms used but not defined herein shall have the meanings given to such terms in the
Motion.

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well as Public

Administrative Order No. 07-AO-16-P (N.D. Iowa Dec. 5, 2007) (Reade, C.J.); and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Motion

may be determined by this Court; and this Court having found that venue is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the appropriate notice period has

passed as set forth in Fed. R. Bankr. P. 2002(a)(3) without objection and thus no hearing is

required; and this Court having found that the relief requested in the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having reviewed the Motion; and this Court have determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The Objections shall be deemed withdrawn.

3.      The Second Amended Mercy Hospital Pre-Petition Claim is Allowed as a General

Unsecured Claim in the amount of $87,120.71 and shall be treated under Class 3 of the Plan, and

shall be paid in that amount in accordance with Article V(B)(4) of the Plan.

4.      The Mercy Services Pre-Petition Claim is Allowed as a General Unsecured Claim

in the amount of $2,361.15 and shall be treated under Class 3 of the Plan, and shall be paid in

that amount in accordance with Article V(B)(4) of the Plan.

5.      The Admin Claim is Allowed as an 11 U.S.C. § 503(b)(1)(A) priority claim in the

amount of $40,773.41 and shall be treated and paid as an Allowed Administrative Expense

Claim in accordance with Article IV(A) of the Plan.

6.      The Trustee on behalf of the Liquidation Trust and the Estates releases any and all

Avoidance Actions against United and such Avoidance Actions against United shall not be

Liquidation Trust Claims.

7.      The Trustee's payments to United as set forth herein shall be in full and final

satisfaction of the Claims and any other claims or causes of action that United may have against

the Debtors' estates or the Mercy Hospital Liquidation Trust.

8.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.


Dated and entered this ____ day of _____, 2025.


_____

Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted by:**

*Attorneys for Dan R. Childers, in his sole capacity as Trustee of the Mercy Hospital Liquidation Trust*

SIMMONS PERRINE MOYER BERGMAN PLC

By:    */s/ Eric W. Lam*
        Eric W. Lam, AT0004416
        Joseph Porter, AT0014454
        115 Third Street SE, Suite 1200
        Cedar Rapids, IA 52401
        Telephone:  (319) 366-7641
        Facsimile:  (319) 366-1917
        elam@simmonsperrine.com
        jporter@spmblaw.com

*Attorneys for UnitedHealthcare Insurance Company and United Healthcare of the Midlands, Inc.*

HEIDMAN LAW FIRM, PLLC

By:    */s/ Jessica Board*
        Jessica Board, AT0012404
        1128 Historic Fourth Street
        P.O. Box 3086
        Sioux City, IA  51102
        Telephone:  (712) 255-8838
        Facsimile:  (712) 258-6714
        Jessica.Board@heidmanlaw.com

- and -

SHIPMAN & GOODWIN LLP

By:    */s/ Brian G. Remondino*
        Brian G. Remondino (pro hac vice)
        400 Atlantic Street, 4th Floor
        Stamford, CT 06901
        Telephone:  (203) 324-8100
        Facsimile:  (203) 324-8199
        BRemondino@goodwin.com

Jaime A. Welsh
One Constitution Plaza
Hartford, CT 06103-1919
Telephone:  (860) 251-5000
Facsimile:   (860) 251-5218
jwelsh@goodwin.com