**Exhibit A**
**Proposed Consent Order**

# IN UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-00623 (TJC)<br><br>(Jointly Administered)<br><br>Re: Dkt. Nos. 1352, 1630, 1631, 1632, 1633, 1634, and 1635 |

**[PROPOSED] CONSENT ORDER RESOLVING OBJECTIONS TO AND ALLOWING, IN PART, CERTAIN CLAIMS FILED BY UNITEDHEALTHCARE INSURANCE COMPANY AND UNITED HEALTHCARE OF THE MIDLANDS, INC. AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Dan R. Childers, solely in his capacity as Trustee of the Mercy Hospital Liquidation Trust (the "Trustee"), UnitedHealthcare Insurance Company ("UHIC"), and United Healthcare of the Midlands, Inc. ("UHM" and collectively with UHIC and their affiliates, parents, and subsidiaries, "United") for entry of an order resolving any disputes between the Trustee and United with respect to the claims filed by United against the bankruptcy estates of Mercy Hospital, Iowa City, Iowa ("Mercy Hospital") and Mercy Services Iowa City, Inc. ("Mercy Services" and collectively with Mercy Hospital and affiliated co-debtor Mercy Iowa City ACO, LLC, the "Debtors") and the Trustee's objections thereto; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Mercy Hospital, Iowa City, Iowa (0391), Mercy Services Iowa City, Inc. (1044), and Mercy Iowa City ACO, LLC (9472).

[2] Capitalized terms used but not defined herein shall have the meanings given to such terms in the Motion.

jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well as Public Administrative Order No. 07-AO-16-P (N.D. Iowa Dec. 5, 2007) (Reade, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Motion may be determined by this Court; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the appropriate notice period has passed as set forth in Fed. R. Bankr. P. 2002(a)(3) without objection and thus no hearing is required; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having reviewed the Motion; and this Court have determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Objections shall be deemed withdrawn.

3. The Second Amended Mercy Hospital Pre-Petition Claim is Allowed as a General Unsecured Claim in the amount of $87,120.71 and shall be treated under Class 3 of the Plan, and shall be paid in that amount in accordance with Article V(B)(4) of the Plan.

4. The Mercy Services Pre-Petition Claim is Allowed as a General Unsecured Claim in the amount of $2,361.15 and shall be treated under Class 3 of the Plan, and shall be paid in that amount in accordance with Article V(B)(4) of the Plan.

5. The Admin Claim is Allowed as an 11 U.S.C. § 503(b)(1)(A) priority claim in the amount of $40,773.41 and shall be treated and paid as an Allowed Administrative Expense Claim in accordance with Article IV(A) of the Plan.

6.  The Trustee on behalf of the Liquidation Trust and the Estates releases any and all Avoidance Actions against United and such Avoidance Actions against United shall not be Liquidation Trust Claims.

7.  The Trustee's payments to United as set forth herein shall be in full and final satisfaction of the Claims and any other claims or causes of action that United may have against the Debtors' estates or the Mercy Hospital Liquidation Trust.

8.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated and entered this ____ day of _____, 2025.

_____
Honorable Thad J. Collins, Chief Judge

**Prepared and Submitted by:**

*Attorneys for Dan R. Childers, in his sole capacity as Trustee of the Mercy Hospital Liquidation Trust*

SIMMONS PERRINE MOYER BERGMAN PLC

By:   */s/ Eric W. Lam*
　　　Eric W. Lam, AT0004416
　　　Joseph Porter, AT0014454
　　　115 Third Street SE, Suite 1200
　　　Cedar Rapids, IA 52401
　　　Telephone:  (319) 366-7641
　　　Facsimile:   (319) 366-1917
　　　elam@simmonsperrine.com
　　　jporter@spmblaw.com


*Attorneys for UnitedHealthcare Insurance Company and United Healthcare of the Midlands, Inc.*

　HEIDMAN LAW FIRM, PLLC


By:   */s/ Jessica Board*
　　　Jessica Board, AT0012404
　　　1128 Historic Fourth Street
　　　P.O. Box 3086
　　　Sioux City, IA  51102
　　　Telephone:  (712) 255-8838
　　　Facsimile:   (712) 258-6714
　　　Jessica.Board@heidmanlaw.com

- and -

SHIPMAN & GOODWIN LLP

By:   */s/ Brian G. Remondino*
　　　Brian G. Remondino (pro hac vice)
　　　400 Atlantic Street, 4th Floor
　　　Stamford, CT 06901
　　　Telephone:  (203) 324-8100
　　　Facsimile:   (203) 324-8199
　　　BRemondino@goodwin.com

Jaime A. Welsh  
One Constitution Plaza  
Hartford, CT 06103-1919  
Telephone: (860) 251-5000  
Facsimile: (860) 251-5218  
jwelsh@goodwin.com
