**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.* | ) ) ) | Case No. 23-00623 (TJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |
| | ) | **EXPEDITED RELIEF REQUESTED** |

**MERCY HEALTH NETWORK, INC.'S EXPEDITED MOTION
TO EXTEND DEADLINE TO PRODUCE RESPONSIVE DOCUMENTS
AND COMMUNICATIONS TO THE OC**

Mercy Health Network Inc., d/b/a MercyOne ("MercyOne"), by its attorneys, Foley & Lardner LLP and Belin McCormick, respectfully submits this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadline produce documents to Mercy Hospital Liquidation Trust Oversight Committee (the "OC") as designee of the Liquidation Trustee (the "Liquidation Trust") from May 12, 2025 to May 23, 2025. In support of this Motion, MercyOne respectfully states as follows:

1. Pursuant to the *Order Granting Motion of the Trust Oversight Committee Requiring MercyOne to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* [Docket No. 1854] (the "Rule 2004 Order"),[1] MercyOne presently has until May 12, 2025, to produce responsive documents and communications to the OC's Rule 2004 document requests.

2. MercyOne is currently in the middle of a complex and demanding electronic medical record ("EMR") conversion while also compiling documents in compliance with the Rule 2004 Order. MercyOne has nonetheless begun its rolling production of documents and will continue the same.

---

[1] All capitalized terms not defined herein shall have the meanings affixed to them in the Order.

1

4910-9494-6881.2

3. Because of these competing and time-consuming demands, MercyOne requested the OC to extend the May 12 production deadline to May 19, 2025. The OC originally said they would consider MercyOne's extension request once they knew the dates of the Rule 2004 depositions of three MercyOne witnesses.

4. MercyOne then made extensive efforts to provide June dates for these depositions. After it provided the first date for a deposition, that of Michael Trachta on June 18, the OC informed MercyOne that it was not sure it could accept because it wanted three consecutive dates. This was the first MercyOne counsel knew of this, yet MercyOne worked with its client representatives to make that happen, and provided June 19 for Bob Ritz's deposition and June 20 for the 30(b)(6) deposition of MercyOne's designated corporate representative(s). As discussed, MercyOne then renewed its request for the OC to agree to an extension of the May 12 deadline until May 19, noting that there was approximately a month between the extended deadline (May 19) and the scheduled depositions (mid-June). It thought this would be pro forma. However, the OC did not initially agree, but instead added the requirement that MercyOne commit to producing the majority of its documents by May 12. [*See* emails between counsel on May 6, attached hereto as **Exhibit B**]. MercyOne counsel explained that it could not know what number the majority was until it completed its production and that the same factors that necessitated a small amount of additional time also made this impossible. [*Id.*] MercyOne also explained that May 23 (instead of May 19) would be the best date certain for completion of its production in light of competing demands. The OC then agreed in conferral to May 19. The attempt to add a new condition for a simple extension is an act of overreach and further demonstrates the OC's uncooperativeness.

5. When MercyOne advised that it was therefore filing this motion on May 7, counsel for the OC responded that he was certain the parties could work this out, but then asked for

2

4910-9494-6881.2

essentially the same thing—to know the ultimate volume of documents MercyOne intends to produce. [*See* email dated May 7 from R. Leaf to D. Goroff, attached hereto as **Exhibit B**]. MercyOne's counsel made clear that there are approximately 1000-1500 pages of hard copy documents it is producing, that it will continue rolling production, and that it will endeavor to provide more at detail on expected quantity but was not able to do so this time. [*See* email dated May 8 from D. Goroff to R. Leaf, attached hereto as **Exhibit C**]. MercyOne's counsel also assured that there would not be a "dump" of documents on May 23 (or May 19). [*Id.*]. The OC nevertheless said that such information was a condition for its agreement, necessitating this Motion at this late time.

6. This amounts to a bait and switch—having received MercyOne's cooperation in arranging for consecutive dates for deposition, the OC simply felt no need to be reciprocal in providing the extension it originally promised.

7. Again, the proposed new deadline (May 23) gives the OC and counsel four weeks to review documents prior to the first scheduled deposition (June 18). A week's extension does not prejudice the OC or its ability to prepare for depositions scheduled weeks out—particularly in light of the fact that the OC has had almost a year since its appointment to investigate the documents it should have from the Debtors.

8. Instead, without an extension MercyOne would be severely prejudiced. MercyOne is in the process of transferring its EMR to a new provider. This is a complicated and complex process. The Court knows from MIC's experience the difficulties such a process can create and the demands it places on IT and legal departments. In addition to its operational responsibilities, MercyOne has been diligently working to collect and produce documents in response the OC's Rule 2004 discovery requests in compliance with this Court's order.

9. Again, MercyOne simply needs a short additional period of time to complete its production and respectfully requests an extension through and including May 23, 2025.

WHEREFORE, MercyOne respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Rule 2004 Order's deadline for MercyOne to produce responsive documents and communications through and including May 23, 2025.

Dated: May 8, 2025

Respectfully submitted,

*/s/ David B. Goroff*
Edward J. Green (*Pro Hac Vice*)
David B. Goroff (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com
dgoroff@foley.com

Jake W. Gordon (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (248) 943-6484
jake.gordon@foley.com

-and-

Michael R. Reck
Christopher J. Jessen
**BELIN McCORMICK, P.C.**
666 Walnut Street, Suite 2000
Des Moines, Iowa 50309
Tel: (515) 243-7100
Fax: (515) 558-0675
mrreck@belinmccormick.com
cjessen@belinmccormick.com

*Counsel to Mercy Health Network, Inc., d/b/a MercyOne*

4

**CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury, that on May 8, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

           /s/ David B. Goroff
           David B. Goroff