IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) | Case No. 23-00623 (TJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## STATUS REPORT

Comes Now, Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trust (the "OC") of the Mercy Hospital, Iowa City, Iowa Liquidation Trust (the "Liquidation Trust") and respectfully submits the following status report in response to *Mercy Health Network Inc.'s Status Report Regarding Motion for Entry of an Order Requiring the OC to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* [Docket No. 1893] (the "MercyOne Status Report"):

1. Prior to Mercy Health Network, Inc. ("MercyOne") bringing its motion for examination (the "MercyOne Rule 2004 Motion") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), counsel for the OC met and conferred with counsel for MercyOne two separate times via videoconference regarding the factual and legal basis for the MercyOne Rule 2004 Motion. During these conferences, counsel for the OC went request-by-request through the MercyOne Rule 2004 Motion and asked, for each request, that counsel for MercyOne explain the basis or bases under Rule 2004 for such request. For a large number of the requests, counsel for MercyOne emphasized the need to (i) investigate the OC's basis for statements made in its separate motion under Rule 2004 brought against MercyOne [Docket No. 1545] (the "OC Rule 2004 Motion") and/or (ii) investigate unarticulated "third-party" claims that

1

MercyOne believed it had against other parties-in-interest and the above-caption debtors' professionals in the above-captioned debtors' chapter 11 cases. For some requests, MercyOne indicated there was more than one purported Rule 2004 basis for the request.

2. Following the conclusion of the second meet and confer videoconference, the undersigned counsel sent counsel for MercyOne a letter explaining the OC's position on the MercyOne Rule 2004 Motion and memorializing MercyOne's articulated rationale for each of the requests as discussed during the two meet and confer conferences (the "March 19th Letter"). The March 19th Letter is attached as Exhibit F to the MercyOne Rule 2004 Motion and reattached hereto as **Exhibit 1** for ease of reference.[1]

3. This Court held a telephonic hearing on the MercyOne Rule 2004 Motion on April 25, 2025. During that hearing, the Court noted that it did not believe (i) investigation of third-party claims, (ii) investigation of the basis for the OC's statements in its Rule 2004 motion, or (iii) obtaining documents in anticipation of any hypothetical settlement discussions were proper grounds for the MercyOne Rule 2004 Motion. The Court, however, stated that it believed that MercyOne was entitled to documents and communications related to potential defenses and counterclaims it may have against future claims brought against MercyOne by the OC.

4. As set forth in the March 19th Letter, during the previous meet and confer conversations, counsel for MercyOne identified only requests 44-47 as relevant to its inquiry into potential defenses and counterclaims.

5. Accordingly, and as indicated by the Court, counsel for the OC informed MercyOne that it would produce documents and communications responsive to requests 44-47 in the MercyOne Rule 2004 Motion.

---

[1] As also set forth in the response correspondence in Exhibit F to the MercyOne Rule 2004 Motion, counsel for MercyOne did not dispute the accuracy of the Mercy 19th Letter.

2

6. Since this Court's April 25, 2025 hearing and over the course of two more videoconference meet and confers, counsel for the OC and MercyOne have largely agreed on proposed custodians, date ranges, and other limitations for these four requests. Counsel for the OC agreed to provide proposed search terms for these four requests, which it will provide to MercyOne's counsel early next week.

7. Counsel for the OC also agreed to produce documents responsive to requests 22, 24, and 25 in the spirit of cooperation and since the burden to the OC was low, despite such requests not being identified by MercyOne's counsel as relevant to defenses or counterclaims during the parties' March meet and confer calls.

8. MercyOne, however, is attempting to recharacterize the rationale for a large number of the other requests in the Mercy Rule 2004 Motion to fit into the limited rationale that this Court stated it thought was proper under Rule 2004.

9. The MercyOne Status Report argues, in effect, that the March 19th Letter tries to unfairly pigeon hole MercyOne's requests into only one rationale. But that is not the case—the March 19th Letter in fact notes where MercyOne's counsel cited dual rationales for certain requests (i.e. requests 6, 27, 28, 29, 33, 34, 48, and 49). It is MercyOne that is trying to shove a goose in a pigeon coop.

10. Moreover, it is entirely unclear how the other requests MercyOne now attempts to put in the defense and counterclaim "bucket" relate to defenses and counterclaims. For example, the MercyOne Status Report notes that it should be able to investigate the assertion in the OC's Rule 2004 Motion that MercyOne was in "control" of Mercy Hospital, Iowa City, Iowa during the approximately six years the management agreement between the parties was in place. *MercyOne*

3

*Status Report*, ¶ 8.[2] MercyOne, however, has not articulated how "control" bears on the issue of whether MercyOne, for example, received fraudulent transfers or breached its management agreement. Since the OC has only received minimal documents and communications from MercyOne since the order granting the OC Rule 2004 Motion, it is not able to articulate a logical nexus either. Control simply does not seem relevant to any defenses or counterclaims at this stage.

11. Given the OC's substantial and credible concerns about the estates' significant cost of responding to MercyOne's requests, the OC does not believe it economical, fair, or productive to now agree to provide large numbers of documents and communications to MercyOne on vague, *post hac*, and (likely) irrelevant grounds. It should also be noted that MercyOne did not, during the recent meet and confer calls with counsel for the OC, argue that anything that is similar to the OC's own Rule 2004 requests is fair game. The OC is understandably frustrated with this post-meet-and-confer argument that is being presented to the Court for consideration.

12. In the words of Margaret Thatcher, "[c]onsensus seems to be the process of abandoning all beliefs, principles, values, and policies in search of something in which no-one believes, but to which no-one objects." The OC will—as it has done—continue to work towards consensus, but objects to the hyper-expansive grounds upon which MercyOne attempts to try and dictate that consensus.[3]

---

[2] MercyOne's focus on the statements in the OC Rule 2004 Motion about "control" predate the MercyOne Rule 2004 Motion. Docket No. 1554, ¶ 11.

[3] Also, it should be noted that counsel for MercyOne only shared its proposed revised requests with counsel for OC less than an hour before the parties' 3:30 p.m. meet and confer call on Friday, May 2, and counsel for the OC did not have time to review that list prior to the scheduled call and made that clear to counsel for MercyOne at that time. MercyOne's attempt to paint the OC as obstructionist or dilatory is frustrating and not productive. Counsel for the OC has been working diligently to make progress on this process since the last hearing before this Court.

13. The OC is hopeful the Court can confirm the limited grounds upon which MercyOne is entitled under Rule 2004 to documents and communications so that the parties can continue working towards an agreed order with regards to the MercyOne Rule 2004 Motion.

*[Remainder of the Page Intentionally Left Blank]*

Dated:  May 9, 2025  **NYEMASTER GOODE, P.C.**

/s/ *Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Leslie C. Behaunek, AT0011563
Jaden Banks, AT0016210
700 Walnut, Suite 1300
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: lcbehaunek@nyemaster.com
       jbanks@nyemaster.com

*Counsel for the Mercy Hospital Liquidation Trust Oversight Committee as Designee of the Liquidation Trustee*

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this May 9, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

/s/ *Roy Leaf*