**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, | ) | Case No. 23-00623 (TJC) |
| IOWA, *et al.* | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**COMBINED RESPONSE TO OBJECTIONS TO CLAIM #10272**

**FILED UNDER SEAL**

Mercy ACO LLC ("Mercy ACO"), by and through the undersigned, hereby submits this Combined Response to the Trustee of the Mercy Hospital Liquidation Trust's ("Trustee") Objections to its General Unsecured Nonpriority Claim #10272 ("Claim") (objections filed at Dkt. Nos. 1777 and 1778), and states as follows:

1.      On October 16, 2023, Mercy ACO timely filed the Proof of Claim in the amount of $60,000 supported by the relevant invoicing documentation.

2.      The Claim has not been paid.  Dittrick Affidavit at ¶ 4 (Exh. A).

3.      On March 17, 2025, the Trustee filed two apparently identical objections to the Claim.  [Dkt. No. 1777]; [Dkt. No. 1778].  The objections merely checked a box alleging, "The Debtors and their estates do not owe the debt displayed on the claim."  No additional detail or supporting documentation was included.  Because they are apparently identical, both objections fail for the same reasons.

4.      "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects."  11 U.S.C. § 502(a) (West).  "A proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity

and amount."  Fed. R. Bankr. P. 3001(f); *In re Buchanan*, 31 F. 4th 1091, 1094 (8th Cir. 2022)

(holding creditors "create a presumption that their claims are valid by filing formal proofs of claim

against the bankruptcy estate"); *In re Sears*, 863 F.3d 973, 979 (8th Cir. 2017).  The burden then

shifts to the objector to contest the claim.  *Sloan's Furriers v. Bradley*, 146 F.2d 757, 758 (6th Cir.

1945) ("The mere filing of a proof of claim is prima facie evidence of its validity, with the burden

of disproving it upon the objector."); *In re Nicols*, 654 B.R. 772, 775 (E.D. Ark. 2023) ("The

burden then shifts to the objector to establish that the claim fits within one of the exceptions set

forth in Section 502(b) of the Bankruptcy Code." (internal quotation omitted)).  "The filing of an

objection does not deprive the proof of claim of a presumptive validity unless the objection is

supported by substantial evidence."  *In re Austin*, 583 B.R. 480, 483 (B.A.P. 8th Cir. 2018).

  5. "If … the Trustee … wishes to object to a claim, it must do so with specificity…."

*In re Mirth*, Nos. 98-20165, 97-20244, 97-20243, 97-20242, 1999 WL 33490215, at *3 n.7 (Bankr.

D. Idaho Sep. 3, 1999); *Spencer v. Lowe*, 198 F. 961, 964 (8th Cir. 1912) (holding objections

should be "sufficiently explicit" to notify the claimant of the objection's specifics).  The Trustee

fails to satisfy this standard.  Because the Trustee provides no specific details beyond a boilerplate

(and incorrect) allegation that the debt is not owed, the Trustee has not met his burden or provided

sufficient notice.  Therefore, the objections should be overruled and Mercy ACO's claim be

allowed as filed.

  6. The debt identified in the Claim is owed and the Trustee provides no evidence—let

alone the required substantial evidence—to the contrary.  Invoices attached with the Proof of Claim

identify ACO fees for April through June, 2023 in the amount of $20,000 each.  The Proof of

Claim states the basis of the Claim sounded in contract.  Mercy ACO (d/b/a MercyOne PHSO)

and the Debtor are parties to an accountable care organization participant agreement ("Participant

Agreement"), wherein Debtor was allowed to participate in Mercy ACO's clinically integrated network of health care providers and Debtor's affiliated physicians and/or non-physician providers could become providers in the network.   The Participant Agreement's initial term was from October 1, 2019 to December 31, 2020 and automatically renewed for successive one-year renewal terms.   ACO Participant Agr. at § 5.1 (Exh. B).[1]   Under the Participant Agreement, the Debtor agreed to pay a $240,000 participant/support fee to Mercy ACO in equal $20,000 monthly installments.   ACO Participant Agr. at § 2.11 (Exh. B).   The invoices included with the Proof of Claim are for the $20,000 monthly installments owed for April, May, and June 2023 due under the Participant Agreement.

WHEREFORE, Mercy ACO respectfully requests this Court enter an order (a) overruling the Objections, (b) allowing the Claim as filed, and (c) granting such other and further relief as is just and proper.

---

[1] Debtor reiterated its obligation to continue in Mercy ACO's program through a separate agreement with MHN ACO LLC d/b/a MercyOne ACO IV LLC ("MHN Agreement").  The MHN Agreement's term was January 1, 2020 to December 31, 2024.  MHN Agr. at § 5.1 (Exh. C).  The MHN Agreement further provides:

> At all times during the term of this Agreement You and Your Providers/Suppliers shall continue to participate in the clinically integrated network operated by Mercy ACO, LLC d/b/a MercyOne Population Health Services Organization ("MercyOne PHSO") pursuant to the terms of a participation agreement executed between You and MercyOne PHSO (the "MercyOne PHSO Agreement").

MHN Agr. at § 2.12 (Exh. C).

Dated:  May 9, 2025                    BELIN McCORMICK, P.C.

*/s/ Christopher J. Jessen*
Michael R. Reck
Christopher J. Jessen
666 Walnut Street, Suite 2000
Des Moines, Iowa 50309
Tel: (515) 243-7100
Fax: (515) 558-0645
mrreck@belinmccormick.com
cjessen@belinmccormick.com

*Attorneys for Mercy Health Network, Inc.
d/b/a MercyOne, Catholic Health
Initiatives-Iowa Corp., Mercy ACO, LLC,
Mercy Clinics, Inc., Mercy College of
Health Sciences, and MH NACO, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on May 9, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 cases.

*/s/  Christopher J. Jessen*

# EXHIBIT A
# SEALED

# EXHIBIT B
# SEALED

# EXHIBIT C
# SEALED