**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, | ) | Case No. 23-00623 (TJC) |
| IOWA, *et al.,* | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## RESPONSE TO OBJECTIONS TO CLAIM #10277

## FILED UNDER SEAL

Mercy Health Network, Inc. ("Mercy Health Network"), by and through the undersigned, hereby submits this Response to the Trustee of the Mercy Hospital Liquidation Trust's ("Trustee") Objection to its General Unsecured Nonpriority Claim #10277 ("Claim") (objection filed at Dkt. No. 1814), and states as follows:

1.      On October 16, 2023, Mercy Health Network timely filed the Proof of Claim in the amount of $31,524.63 with supporting documentation.

2.      On March 17, 2025, the Trustee filed an objection to the Claim.  [Dkt. No. 1814]. The objection merely checked boxes alleging both "[t]he Claim either has been paid or the Trustee's advisor is still attempting to ascertain from the Debtors' records whether the Claim has been paid or has any valid legal basis" and contradictorily, that "[t]he Debtors and their estates do not owe the debt displayed on the claim."  No additional detail or supporting documentation was included.

3.      "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects."  11 U.S.C. § 502(a) (West).  "A proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity

and amount." Fed. R. Bankr. P. 3001(f); *In re Buchanan*, 31 F. 4th 1091, 1094 (8th Cir. 2022)

(holding creditors "create a presumption that their claims are valid by filing formal proofs of claim

against the bankruptcy estate"); *In re Sears*, 863 F.3d 973, 979 (8th Cir. 2017). The burden then

shifts to the objector to contest the claim. *Sloan's Furriers v. Bradley*, 146 F.2d 757, 758 (6th Cir.

1945) ("The mere filing of a proof of claim is prima facie evidence of its validity, with the burden

of disproving it upon the objector."); *In re Nicols*, 654 B.R. 772, 775 (E.D. Ark. 2023) ("The

burden then shifts to the objector to establish that the claim fits within one of the exceptions set

forth in Section 502(b) of the Bankruptcy Code." (internal quotation omitted)). "The filing of an

objection does not deprive the proof of claim of a presumptive validity unless the objection is

supported by substantial evidence." *In re Austin*, 583 B.R. 480, 483 (B.A.P. 8th Cir. 2018).

4.     "If … the Trustee … wishes to object to a claim, it must do so with specificity…."

*In re Mirth*, Nos. 98-20165, 97-20244, 97-20243, 97-20242, 1999 WL 33490215, at *3 n.7 (Bankr.

D. Idaho Sep. 3, 1999); *Spencer v. Lowe*, 198 F. 961, 964 (8th Cir. 1912) (holding objections

should be "sufficiently explicit" to notify the claimant of the objection's specifics). The Trustee

fails to satisfy this standard. Because the Trustee provides no specific details beyond contradictory

(and incorrect) boilerplate allegations that the debt was paid, the Trustee does not know yet if the

debt was paid or owed, and the debt is not owed, the Trustee has not met his burden or provided

sufficient notice. Therefore, the objection fails, should be overruled and Mercy Health Network's

claim be allowed as filed. Regardless, the Trustee's incorrect, non-substantive and vague

arguments fail.

5.     The Claim has not been paid. Donovan Affidavit at ¶ 4 (Exh. A).

6.     That the Trustee's advisor allegedly may still be attempting to review documents

to determine whether the Claim has been paid or has a valid legal basis is not one of the grounds

to object to the Claim set forth in 11 U.S.C. section 502(b)(1)–(9).  Indeed, such an objection

would incentivize trustees or other objectors to not be diligent in reviewing the claim.

      7.      The debt identified in the Claim is owed and the Trustee provides no evidence—let

alone the required substantial evidence—to the contrary.  The Debtor and Mercy Health Network

were parties to a Management Services and Strategic Affiliation Agreement ("the Agreement").

(Exh. B).  Under the Agreement (including a September 2019 amendment), the Agreement's term

lasted through June 30, 2023.  Agr. at § 16 (Exh. B); First Amendment to Agr. (Exh. C).  Per the

Agreement, Debtor was required to pay Mercy Health Network an annual services fee (paid on a

monthly basis) and reimburse Mercy Health Network for costs Mercy Health Network paid for the

CEO provided to Debtor.  Agr. at Exhibit C §§ 1, 3 (Exh. B).  The invoices for the Claim were for

the services fee and executive costs owed under the Agreement through the date of its termination.

      WHEREFORE, Mercy Health Network respectfully requests this Court enter an order (a)

overruling the Objection, (b) allowing the Claim as filed, and (c) granting such other and further

relief as is just and proper.

Dated:  May 9, 2025          BELIN McCORMICK, P.C.

          */s/ Christopher J. Jessen*
          Michael R. Reck
          Christopher J. Jessen
          666 Walnut Street, Suite 2000
          Des Moines, Iowa 50309
          Tel: (515) 243-7100
          Fax: (515) 558-0645
          mrreck@belinmccormick.com
          cjessen@belinmccormick.com

          *Attorneys for Mercy Health Network, Inc.*
          *d/b/a MercyOne, Catholic Health*
          *Initiatives-Iowa Corp., Mercy ACO, LLC,*
          *Mercy Clinics, Inc., Mercy College of*
          *Health Sciences, and MH NACO, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies, under penalty of perjury, that on May 9, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 cases.

*/s/  Christopher J. Jessen*

# EXHIBIT A
# SEALED

# EXHIBIT B
# SEALED

EXHIBIT C
SEALED