# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MERCY HOSPITAL, IOWA CITY, ) | Case No. 23-00623 (TJC) |
| IOWA, *et al.*, ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

## JOINT MOTION OF MERCY HEALTH NETWORK, INC. AND TRUST OVERSIGHT COMMITTEE FOR ENTRY OF A STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Mercy Health Network Inc., d/b/a MercyOne ("MercyOne") and Mercy Hospital Liquidation Trust Oversight Committee (the "OC," together with MercyOne, the "Parties") as designee of the Liquidation Trustee (the "Liquidation Trust"), by their respective attorneys, respectfully submit this motion (the "Motion") for entry of a stipulated confidential agreement and protective order, substantially in the form attached hereto as **Exhibit A** (the "Protective Order"), in connection with each Party's Federal Bankruptcy Rule 2004 discovery requests (collectively, the "Discovery Requests"). In support of this Motion, the Parties respectfully state as follows:

## RELEVANT BACKGROUND

1. On March 25, 2025, the Court entered the *Order Granting Motion of the Trust Oversight Committee Requiring MercyOne to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* [Docket No. 1854] (the "OC Rule 2004 Order"), requiring the MercyOne to produce responsive documents and communications to the OC's Rule 2004 document requests.

2. On March 28, 2025, MercyOne filed its *Motion for Entry of an Order Requiring the OC to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* [Docket No. 1858] ("MercyOne's Rule 2004 Motion"), which remains pending. The Parties are currently

1

in the process of negotiating the terms of MercyOne's discovery requests and expect to have an agreed proposed order to the Court in short order.

3. The Parties agree that certain Rule 2004 Discovery Requests may require a Party to produce documents and/or testimony that may be subject to confidentiality limitations pursuant to applicable federal laws, state laws and privacy rights. As such, the Parties believe the Protective Order is necessary to facilitate the exchange of information and documents in response each Party's Rule 2004 Discovery Requests.

## BASIS FOR RELIEF

4. The Court is authorized to enter such protective orders to facilitate the exchange of information without jeopardizing the rights of participants. *In re Handy Andy Home Improv. Ctrs., Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996). Bankruptcy judges have found the authorization for entry of protection orders under Federal Bankruptcy Rule 9018. *See, e.g., id.* (applying the standards under Bankruptcy Rule 9018 to Rule 2004 examinations instead of Fed. R. Civ. P. 26(c)). Federal Bankruptcy Rule 9018 provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

5. Where the information to be protected is both commercial and confidential, the court must grant a party's request to protect the documents in question. *In re Anthracite Cap., Inc.*, 492 B.R. 162, 177 (Bankr. S.D.N.Y. 2013); *see also Handy Andy Home Improv. Ctrs*, 199 B.R. at 381-82 ("Rule 9018 does not require a showing of 'good cause' nor does it contain a filing requirement. Its sole requirement is that the information for which protection is sought falls into

on[e] of the required categories."); *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996) ("Once [a court] determines that [the documents] fit any of the specified categories in the statute, the court is required to protect a requesting party and has no discretion to deny the application." (emphasis in original) (internal quotations omitted)). The rule is meant to protect "parties from the release of information that could cause them harm or give competitors an unfair advantage," and such information "need not rise to the level of a trade secret to qualify for protection under section 107(b)." *Anthracite Cap.*, 492 B.R. at 178.

6. Here, the Parties stipulate that they seek documents and related communication that fall within the protected category of commercial information.

7. The proposed Protective Order provides, *inter alia*, that all material designated "CONFIDENTIAL" shall only be reviewable by the Court, its personnel, parties and counsel, subject to certain limited and specific instances where any such designated material could be reviewed by third parties, but subject to a party in interest seeking to expand the use of the confidential information.

[*The remainder of this page is intentionally left blank*]

## **CONCLUSION**

WHEREFORE, the Parties respectfully requests entry of the Protective Order, substantially in the form attached hereto as **Exhibit A**.

| | |
|---|---|
| Dated:   May 27, 2025 | Respectfully submitted, |
| **NYEMASTER GOODE, P.C.** | **FOLEY & LARDNER LLP** |
| */s/ Roy Leaf*<br>Roy Leaf, AT0014486<br>625 First Street SE, Suite 400<br>Cedar Rapids, IA 52401-2030<br>Telephone: (319) 286-7002<br>Facsimile: (319) 286-7050<br>Email: rleaf@nyemaster.com | */s/ David B. Goroff*<br>Edward J. Green (*Pro Hac Vice*)<br>David B. Goroff (*Pro Hac Vice*)<br>321 N. Clark Street, Suite 3000<br>Chicago, IL 60654<br>Tel: (312) 832-4500<br>Fax: (312) 832-4700<br>egreen@foley.com<br>dgoroff@foley.com |
| - and - | |
| Leslie C. Behaunek, AT0011563<br>Jaden G. Banks, AT0016210<br>700 Walnut, Suite 1300<br>Des Moines, IA 50309<br>Telephone: (515) 283-3100<br>Fax: (515) 283-8045<br>Email: lcbehaunek@nyemaster.com<br> jbanks@nyemaster.com | Jake W. Gordon (*Pro Hac Vice*)<br>**FOLEY & LARDNER LLP**<br>500 Woodward Avenue, Suite 2700<br>Detroit, MI 48226<br>Tel: (248) 943-6484<br>jake.gordon@foley.com |
| | -and- |
| | Michael R. Reck<br>Christopher J. Jessen<br>**BELIN McCORMICK, P.C.**<br>666 Walnut Street, Suite 2000<br>Des Moines, Iowa 50309<br>Tel: (515) 243-7100<br>Fax: (515) 558-0675<br>mrreck@belinmccormick.com<br>cjessen@belinmccormick.com |
| *Counsel for the Mercy Hospital Liquidation Trust Oversight Committee as Designee of the Liquidation Trustee* | *Counsel to Mercy Health Network, Inc., d/b/a MercyOne* |

**CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury, that on May 27, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

                                              /s/ David B. Goroff
                                              David B. Goroff

4908-0694-4582.1