# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) ) | Case No. 23-00623 (TJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** by and between Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidating Trust (the "OC") of the Mercy Hospital, Iowa City, Iowa Liquidation Trust and Mercy Health Network, Inc., d/b/a MercyOne ("MercyOne," together with the OC, the "Parties") that in order to facilitate the exchange of information and documents, which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, pursuant to each Party's Federal Bankruptcy Rule 2004 discovery requests and pursuant to Federal Rule of Civil Procedure 26(c), made applicable by Federal Bankruptcy Rule 9104, and Federal Rule of Bankruptcy Procedure 9018, the Parties agree to entry of the following Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"):

1. Discovery in the above-captioned bankruptcy case (the "Bankruptcy Case") will require production of documents and disclosure of information that the Parties may consider confidential and/or proprietary in nature and that require protection against unrestricted disclosure and use.

2. **Scope**. All materials produced or adduced by any Party in the course of any discovery conducted in the Bankruptcy Case pursuant to the Federal Rules of Bankruptcy

Procedure and Federal Rules of Civil Procedure (whether through a Rule 2004 Examination, Rule 45 Subpoena, or otherwise), including, without limitation, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "Documents") shall be subject to this Protective Order concerning Confidential Information as defined below. This Protective Order is subject to the Local Rules of the United States Bankruptcy Court for the Northern District of Iowa ("Local Rules"), the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure with respect to the calculation of time periods or any other matters of procedure not otherwise addressed herein.

3.    **Confidential Information**. As used in this Protective Order, "Confidential Information" means information designated as "CONFIDENTIAL" by any Party that both falls within one or more of the following categories and is subject to protection under section 107 of Title 11 of the United States Code (the "Bankruptcy Code"): (a) Documents that contain information of a proprietary nature produced by any Party or subpoena respondent(s) pursuant to subpoenas issued by any person or entity; (b) information prohibited from disclosure by statute; (c) research, technical, commercial or financial information that a Party has maintained as confidential; (d) information of or disclosing trade secrets; (e) social security numbers, dates of birth, and biometric data; (f) medical information concerning any individual; (g) income tax returns; (h) information of a proprietary nature that requires restriction from public disclosure to protect the business interests of a Party; or (i) personnel or employment records of a person who is not a party to the case, except those records that are publicly available or should have been made publicly available or otherwise are publicly disclosed. Information or Documents that are available to the public may not be designated as Confidential Information.

4. **Designation of Confidentiality by Producing Party**. For purposes of this Protective Order, a "Producing Party" shall mean the party producing a Document during discovery and a "Receiving Party" shall mean the party receiving a Document from the Producing Party. A Producing Party may designate Documents as Confidential Information for protection under this Protective Order by placing or affixing the words "CONFIDENTIAL" on the Document and on all copies in a manner that will not interfere with the legibility of the Document. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the Documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a Document does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Any copies that are made of any Documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of Documents that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

5. **Depositions**. Portions of deposition testimony may be tentatively designated as "CONFIDENTIAL" on the record at the time the testimony is taken if a Party believes the testimony contains Confidential Information that is protectable under Bankruptcy Code section 107. Such tentative designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Protective Order until fourteen days (14) after delivery of the transcript by the court reporter to the designating party. Within fourteen days (14) after delivery of the transcript to the designating party, that party may serve a Notice of Designation to all parties of record

3

identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Protective Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information, unless otherwise ordered by the Court. However, failure to tentatively designate a portion of deposition testimony as "CONFIDENTIAL" at the time the testimony is taken shall not waive a Party's right to designate said portion of testimony "CONFIDENTIAL" by serving a timely Notice of Designation.

6. **Protection of Confidential Material**.

    a.    General Protections. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in connection with this Bankruptcy Case, including, but not limited to, any adversary proceeding arising in the Bankruptcy Case.

    b.    Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        i. Counsel. Counsel for the Parties and employees of counsel who have responsibility related to the Bankruptcy Case;

        ii. Parties. The Parties, employees of any Party who have responsibility related to any matter related to the Bankruptcy Case, and former employees, directors, officers, attorneys, accountants, or other agents of Mercy

4

  Hospital, Iowa City, Iowa and Mercy Services Iowa City, Inc. who had responsibility related to the Bankruptcy Case;

iii. The Court and its personnel;

iv. Court Reporters. Court reporters and recorders engaged for depositions in the Bankruptcy Case or any adversary proceeding arising in the Bankruptcy Case;

v. Contractors. Third parties specifically engaged for the limited purpose of making copies of Documents or organizing or processing Documents, including outside vendors hired to process electronically stored Documents, but only after such third parties have executed the certification contained in Attachment 1;

vi. Consultants and Experts. Consultants, investigators or experts employed by the Parties or counsel for the Parties to assist in the preparation of this Bankruptcy Case, but only after such persons have executed the certification contained in Attachment 1;

vii. Witnesses at Depositions. During their depositions, witnesses in this Bankruptcy Case or any adversary actions arising in the Bankruptcy Case. Witnesses shall not retain a copy of Documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with their personal review of the transcripts;

viii. Author or Recipient. The author or recipient of the Document (excluding any person who solely received the Document in the Bankruptcy Case or any prior litigation between or among the Parties); and

      ix.    Others by Consent. Other persons only by written consent of the Producing Party, which consent shall not be unreasonably withheld, upon order of this Court or on such other conditions as may be agreed to by the Parties.

    c.    <u>Control of Documents</u>. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Protective Order for a period of three (3) years after the earlier of either (i) closure of the Bankruptcy Case or (ii) a dismissal or entry of final judgment not subject to further appeal in any adversary proceeding involving the Parties arising in the Bankruptcy Case.

7.    **<u>Notice of Designation</u>**. An inadvertent failure of the Producing Party to designate a Document as Confidential Information does not, standing alone, waive that Party's right to so designate the Document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony. A Receiving Party may designate a Document as Confidential Information at any time after the Document's production. If a Party designates a Document as containing Confidential Information after it was initially produced, the Parties, on issuance of the designation, must make a reasonable effort to assure that the Document is treated in accordance with the provisions of this Protective Order. No Party, person, or entity shall be found to have violated this Protective Order for failing to maintain the confidentiality of a Document or other material during a time when that Document or other material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8. **Filing of Confidential Information**. This Protective Order authorizes the filing of any Document designated as containing Confidential Information under seal by any Party in connection with a motion, brief, pleading or other submission to the Court. For the avoidance of doubt, a Party filing a Document designated as containing Confidential Information pursuant to the terms of this Protective Order shall not be required to separately move to seal the Document in connection with such motion, brief, pleading or other submission to the Court

9. **No Greater Protection of Specific Documents**. Except on privilege grounds, which are not addressed by this Protective Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the Party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or Document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

    a.    <u>Meet and Confer</u>. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days, unless separately agreed to between the Parties in writing.

    b.    <u>Judicial Intervention</u>. A Party that elects to challenge a confidential designation may file and serve a motion that identifies the challenged material and sets

7

forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this Protective Order as set forth above. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Protective Order.

11. **Action by the Court**. Applications to the Court for a Protective Order relating to materials or Documents designated Confidential Information shall be by motion. Nothing in this Protective Order or any action or agreement of a Party under this Protective Order limits the Court's power to make orders concerning the disclosure of Documents produced in discovery or at trial.

12. **Use of Confidential Documents or Information at Trial**. Nothing in this Protective Order shall be construed to affect the use of any Document, material, or information at any hearing or trial, with the exception that a Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's attention by motion or in a pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such Documents or Confidential Information in any hearing or trial.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

    a. If a Receiving Party is served with a subpoena or an order issued by a court of competent jurisdiction that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify

the designating Party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

  b. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

  c. The purpose of imposing these duties is to alert interested persons to the existence of this Protective Order and to afford the designating Party in this Bankruptcy Case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this Bankruptcy Case.

14. **Challenges by Members of the Public to Sealing Orders**. A party (including the United States Trustee) or interested member of the public has a right to challenge the sealing of particular Documents, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15. **Attorneys' Eyes Only Designation.** Where a Producing Party or its counsel believes that some information designated as CONFIDENTIAL is of a nature or type that its

disclosure to the other Party during discovery could cause damages even with compliance with the terms of this Protective Order, the Producing Party will seek agreement from the Receiving Party to designate material being produced as ATTORNEYS' EYES ONLY, and it will provide an explanation as to the basis of the ATTORNEYS' EYES ONLY designation. Only the Party producing a Document may designate that Document as ATTORNEYS' EYES ONLY.

    a.    The Parties agree that the ATTORNEYS' EYES ONLY designation shall be limited to information constituting trade secrets or similar business or financial information, the disclosure of which would reasonably threaten the Producing Party's competitive advantage if disclosed to the Receiving Party. In order to allow the Receiving Party to evaluate the request for the ATTORNEYS' EYES ONLY designation, the Producing Party will provide a copy of the Document at issue subject to a temporary ATTORNEYS' EYES ONLY designation.

    b.    If the Receiving Party agrees to the ATTORNEYS' EYES ONLY designation, then the material may only be disclosed to (1) the Court; (2) attorneys for the Parties, including such attorneys' stenographic, clerical, paralegal and other employees; (3) any court reporters before whom depositions or other proceedings in this action are conducted; (4) a party or witness who appears on the face of the document as an author, addressee or recipient of the document; (5) the Producing Party itself; and (6) third parties specifically engaged for the limited purpose of making copies of Documents or organizing or processing Documents, including outside vendors hired to process electronically stored Documents, but only after such third parties have executed the certification contained in <u>Attachment 1</u>.

4934-4941-9077.4

  c. If the Receiving Party does not agree to the ATTORNEYS' EYES ONLY designation, the Parties shall work in good faith to resolve the disagreement including, where warranted and practical, agreeing to an expanded pool of witnesses who may view the Document.

  d. If the Parties are unable in good faith to resolve their differences over the designation, the Producing Party may file a motion with the Court seeking re-designation of the Documents at issue. The Producing Party shall carry the burden of establishing that such material is properly ATTORNEYS' EYES ONLY.

  e. At all times between production of the Document with the ATTORNEYS' EYES ONLY designation and decision by the Court, the Parties shall treat the designated Document as ATTORNEYS' EYES ONLY.

  f. The consent of the undersigned attorneys to this Protective Order shall be deemed binding upon the Parties and the undersigned attorneys' stenographic, paralegal, clerical, legal and other employees.

  g. In the event a portion of deposition testimony is tentatively designated ATTORNEYS' EYES ONLY, any Parties or witnesses to whom ATTORNEYS' EYES ONLY information cannot be disclosed pursuant to this Paragraph of this Protective Order shall leave the deposition until the completion of the portion tentatively designated ATTORNEYS' EYES ONLY.

  h. Except in cases where this Paragraph provides a process specific to ATTORNEYS' EYES ONLY information, references in this Protective Order to CONFIDENTIAL and the procedures for handling or designating CONFIDENTIAL

4934-4941-9077.4

information shall also apply to the designation and handling of ATTORNEYS' EYES ONLY information.

16. **Obligations on Conclusion of this Bankruptcy Case**.

    a.    <u>Order Continues in Force</u>. Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b.    <u>Obligations at Conclusion of this Bankruptcy Case</u>. Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Documents marked "CONFIDENTIAL" under this Protective Order, including copies as defined in ¶ 3(a), shall be returned to the Producing Party unless: (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the Documents and certifies to the Producing Party that it has done so.

    c.    <u>Retention of Work Product and One Set of Filed Documents</u>. Notwithstanding the above requirements to return or destroy Documents, counsel and the Parties may retain attorney work product, including an index that refers or relates to designated Confidential Information, and all Documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Protective Order.

d.  **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

17.  **Order Subject to Modification**. This Protective Order shall be subject to modification by the Bankruptcy Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

18.  **No Prior Judicial Determination**. This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Federal Rule of Civil Procedure 26(c), Bankruptcy Code section 107, or otherwise until such time as the Court may rule on a specific document or issue.

19.  **Persons Bound**. This Protective Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Protective Order by its terms.

Dated and entered this ____ day of _____, 2025.

                                                                         _____
Honorable Thad J. Collins, Chief Judge

**Order prepared by:**
David B. Goroff (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
dgoroff@foley.com

- and -

13

4934-4941-9077.4

Christopher J. Jessen
**BELIN McCORMICK, P.C.**
666 Walnut Street, Suite 2000
Des Moines, Iowa 50309
Tel: (515) 243-7100
Fax: (515) 558-0675
cjessen@belinmccormick.com

*Counsel to Mercy Health Network, Inc., d/b/a MercyOne*

**So Consented**:

*/s/ Roy Leaf*
Roy Leaf, AT0014486
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
Telephone: (319) 286-7002
Facsimile: (319) 286-7050
Email: rleaf@nyemaster.com

- and -

Leslie C. Behaunek, AT0011563
700 Walnut, Suite 1300
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: lcbehaunek@nyemaster.com

*Mercy Hospital Liquidation Trust Oversight Committee*
*as designee of the Liquidating Trust of the Mercy Hospital, Iowa City, Iowa Liquidation Trust*

14

4934-4941-9077.4

## **ATTACHMENT 1**

4934-4941-9077.4

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | ) ) ) | Case No. 23-00623 (TJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she/they has read the Protective Order, dated _____, 2025, in the above-captioned bankruptcy case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States Bankruptcy Court for the Northern District of Iowa in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her/them to use materials designated as Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned case, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____
_____

Date: _____    _____
                                                                                              Signature