IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, nka MHIC<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**MOTION TO COMPEL ACCEPTANCE OF PAYMENT** |

COMES NOW Dan R. Childers, in his sole capacity as Trustee ("Trustee") of the Mercy Hospital Liquidation Trust ("Trust"), and in support of this Motion respectfully states:

1. Pursuant to the Plan ("Plan"; Dkt #1050) confirmed by this Court, the Trust was created, and the Trustee is the duly appointed and serving trustee administering the Trust.

2. The Liquidation Trust Agreement ("Trust Agreement"; Dkt #993, Ex. C) at §7.7(a) and (b) authorizes the Trustee to, *inter alia*, negotiate, compromise, and settle the allowance, disallowance, and payment of various proofs of claim to which the Trustee has asserted objections.

3. Mercy Health Network, Inc. ("MercyOne") filed Proof of Claim No. 10277, in the amount of $31,524.63 ("MercyOne Claim"). The Trustee has objected to allowance of that Proof of Claim. *See* Objection at Dkt #1814.

4. Pursuant to §7.7 of the Trust Agreement, the Trustee wishes to pay MercyOne cash in the amount of $31,524.63 immediately. The Trustee wishes to so issue payment in light of the fact that ongoing litigation and appeal expenses will far exceed (and have exceeded) the face amount of MercyOne's Claim. Specifically, via a May 5, 2025 letter issued by the Trust's Oversight Committee, a cash sum equal to the amount of MercyOne's

Claim was to be tendered immediately to MercyOne, upon MercyOne's tender of wire instructions. *See* Exhibit 1.[1]

5. Eventually, on or about May 16, 2025, MercyOne via email rejected the $31,524.63 cash tender, on the sole theory the tender (accordingly to MercyOne) would violate 11 U.S.C. §1123. *See* Exhibit 2; Trustee Status Report (Dkt #1919).

6. The Plan at §XV(A) vests in this Court the exclusive jurisdiction to, *inter alia*, determine allowance of claims, issue such Order as may be necessary to implement the Plan, to resolve any dispute concerning Distributions, and to determine any other matters that may arise in connection with or related to any agreement so as to enforce implementation of the Plan. Given the creation of the Trust as part of the Plan, this Court has sole and exclusive jurisdiction to assist the Trustee in administering the Trust. In that light, the Trustee seeks an Order from this Court directing MercyOne to accept the cash tender of $31,524.63 from the Trustee. Specifically, the cash tender is within the power vested in the Trustee to negotiate, compromise, and resolve any Proof of Claim against the Debtors. And the payment does not violate §1123 because the payment is being made as part of a Plan that has already been confirmed, *i.e.*, the Trustee is not via this Motion seeking to confirm a plan of reorganization. Section 1123 only governs how a plan is or is not confirmable. *See Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 215 (2024) (explaining that section 1123 "addresses" the "terms" of a plan). In the case at bar, the Plan has already **been** confirmed. Section 1123 therefore does not apply in this scenario. Further, the Trustee's payment is based on cost-benefit considerations and the desire to save and

---

[1] The Trustee is relying on the attachment of exhibits to this Motion as compliance with the Local Rule requirement of identification and exchange of exhibits before any hearing on this Motion. Failure to timely object to the admission of all Exhibits attached to this Motion will result in the Exhibits being admitted at any hearing concerning this Motion. Local Rule 9070-1.

conserve resources of the Trust. The Eighth Circuit via a 3-0 opinion held there was no §1123 problem when a particular treatment afforded a claimant was for "distinct, legitimate rights . . . ." *In re Peabody*, 933 F.3d 918, 925 (8th Cir. 2019). Specifically, in *Peabody* qualifying claimants were afforded an opportunity to own equity in the post-confirmation entity. *Id*. at 922. Non-qualifying claimants were not offered that opportunity. *Id*. Judge Melloy held such preferred treatment did not violate §1123 because the different treatment was "consideration for valuable new commitments." *Id*. at 927. The same rationale applies in the context of the Trustee's payment of $31,524.63 to MercyOne, *viz*., the payment is based on legitimate cost-benefit considerations and is a straight-forward exercise of the sole power vested in the Trustee to negotiate, compromise, and pay claims. Just like the treatment afforded the preferred claimant in *Peabody*, the $31,524.63 payment to MercyOne does not violate §1123(a)(4), because the payment is based on "distinct, legitimate rights," akin to "consideration for valuable new commitments" involved in *Peabody*.

7. By filing this Motion and seeking the relief requested herein, the Trust, the Trustee, and the Oversight Committee, etc. are not waiving and instead are reserving and preserving any and all rights, remedies, arguments, claims, and theories etc. against MercyOne or any other parties, entities, potential defendants, etc. in this Court or in any other forum.

WHEREFORE, the Trustee respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order directing and compelling MercyOne to accept cash in the amount of $31,524.63 from the Trustee, and for such other relief as may be just and proper under the premises.

*/s/ Eric W. Lam*
Eric W. Lam, AT0004416
Joseph Porter, AT0014454
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
jporter@spmblaw.com
ATTORNEYS FOR LIQUIDATION TRUSTEE

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 16th day of June, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

*/s/            E Lam*

MHLT/Pldgs/BA 23-00623 – Drafts/TE.MtoPayM1.061625.ewlfinal218p

- 4 -

# MERCY HOSPITAL *et al* LIQUIDATION TRUST
# OVERSIGHT COMMITTEE

May 5, 2025

| | |
|---|---|
| Mr. David Goroff | Mr. Christopher J. Jessen |
| Mr. Edward Green | Mr. Michael R. Reck |
| Ms. Nora J. McGuffey | Belin McCormick, P.C |
| Foley & Lardner LLP | 666 Walnut St., Suite 2000 |
| 321 N. Clark St., Suite 3000 | Des Moines, IA 50309 |
| Chicago, IL 60654 | <u>Sent via U.S. ordinary mail</u> |
| <u>Sent via UPS</u> | |

      Re: Mercy Hospital/Bankr N.D. IA/MercyOne/Mercy Healthcare Network Appeal

Gentlemen and Lady:

      As you know, I serve as a Member of the Oversight Committee ("OC") of the Liquidation Trust, created pursuant to the Order confirming the Mercy Hospital *et al.*'s Plan. One of the OC's duties is to preserve and conserve Trust assets. Based on information from the Trustee and our own independent assessment of the situation, the OC is reasonably sure continued pursuit of the appeal of the Confirmation Order will cost the Trust more than the face amount of MercyOne's Proof of Claim #10277. To that end, bearing in mind the need to conserve Trust assets and ***without*** conceding any and all right, theory, argument, etc. (such as but not limited to the Trust's right to seek relief pursuant to F.R.B.P. 8020, or any and all claims the Trust and the OC have against Mercy Healthcare Network *et al*), the Trust and the OC hereby tender immediate payment to Mercy Healthcare Network the amount of $31,524.23, as satisfaction in full of your client's Proof of Claim. Indeed, this payment is consistent with the contention you urged at *In re Mercy Hosp et al*, #23-623, Dkt #1881, ¶58, *viz.* you on behalf of your client posited the Trust should simply pay the amount displayed on the Proof of Claim.

      I am copying this tender to Marc Ross, and I ask you please immediately report to Marc at marc@hbmllc.net wire instructions so the payment can be remitted to your client.

      Thank you.

                                          /s/ PLR
                                      Paula L. Roby, on behalf of the OC

cc. Marc Ross; Eric Lam

MHLT/Corr/Drafts/Childers wire info request.050525.1030.ev

**From:** Goroff, David B. <DGoroff@foley.com>
**Sent:** Friday, May 16, 2025 10:02 AM
**To:** Eric Lam <elam@simmonsperrine.com>; Christopher J. Jessen <CJessen@belinmccormick.com>; Michael Reck <MRReck@belinmccormick.com>
**Cc:** Green, Ed <EGreen@foley.com>
**Subject:** RE: Mercy Hosp 23 623 Bankr N D Iowa/MercyOne PoC $31000 approx

Eric, this will confirm our discussion a few moments ago where I confirmed that MercyOne cannot receive the payment you reference below, as it would violate 11 USC 1123(a)(4) and related authority. Best,

--David

**David B. Goroff**
*Partner*

**Foley & Lardner LLP | Chicago, IL**
Phone 312.832.5160 | Cell 847.921.1199
View My Bio | Visit Foley.com | dgoroff@foley.com

