# **EXHIBIT C**

**OC Letter**

NYEMASTER

**ROY LEAF**
rleaf@nyemaster.com

T (319) 286-7002
F (319) 286-7050

June 20, 2025

**VIA ELECTRONIC MAIL**

David Goroff, Esq.
Counsel to Mercy Health Network, Inc. d/b/a MercyOne
dgoroff@foley.com

RE: Documents Produced by MercyOne Pursuant to Courtr Order Dated March 25, 2025 [Docket No. 1854]

David:

MercyOne produced a total of 719 files in response to the OC's Rule 2004 motion and agreed order. Based on our review of those files, MercyOne has produced only one email file that was not previously maintained by MercyOne in hard copy format. This indicates either that MercyOne did not actually conduct an email search on MercyOne's email system or that MercyOne did not retain emails from the relevant date range; both situations are highly concerning.

Michael Trachta testified at his deposition on June 19, 2025, that he ran a search in his MercyOne email account for Mercy Iowa City emails at the instruction of MercyOne in-house counsel, Heather Campbell, as part of MercyOne's process of responding to the OC's Rule 2004 motion. Mr. Trachta testified that he ran only one search—for documents that included the term "Mercy Iowa City"—and that his search came back with zero hits. He further explained that MercyOne underwent an IT system transition in 2023 and that, after that transition, email communications were only retained on MercyOne's servers for six-months. During the 30(b)(6) deposition of MercyOne today, on June 20, 2025, Bob Ritz clarified that the system transition occurred in September 2022 and confirmed that, after the transition, email communications were only retained on MercyOne's servers for six months. In other words, Mr. Trachta's and Mr. Ritz' testimony indicates that the native versions of all email communications in MercyOne's possession that were sent from or received by MercyOne employees before September 2022 were purged in March 2023. This would presumably encompass all emails sent from or received by MercyOne employees during the time period that MercyOne managed Mercy Iowa City pursuant to the Management Services and Strategic Affiliation Agreement and its first amendment.

Notably, MercyOne was on notice from communications with Mercy Iowa City's restructuring advisors **at least** as early as February, 2023 that it could reasonably anticipate a future

June 20, 2025
Page 2

complaint pursued against it by Mercy Iowa City or its successor(s).  In other words, a legal hold should have been in place **before** MercyOne's system was purged in March 2023.

In light of this development, we now have significant concerns that MercyOne has spoliated evidence and, at the very least, conducted a deficient search for electronically-stored communications in response to the OC's Rule 2004 motion. This is incredibly frustrating, as you can imagine, after counsel for the OC spent numerous hours on meet and confer calls and meticulously drafting search terms—at your request to alleviate burden you said existed—for MercyOne to use to conduct its electronic discovery review process. It is also shocking that we are just now learning about this issue through depositions, when counsel for MercyOne stated during meet and confer calls and at status conferences with the Court that it would be burdensome to review electronically-stored emails due to the high volume of such files, necessitating a search term process. Now, it seems, no electronically-stored emails actually exist.

Please let us know when you are available to meet and confer on this issue early next week. Based on Mr. Trachta's testimony, we need a fulsome understanding of the ESI search and review process conducted by MercyOne in response to the OC's Rule 2004 motion—including the total volume of documents and communications in each designated custodian's account during the relevant timeframe for each Rule 2004 request MercyOne agreed to respond to, the total volume of documents and communications that hit on each of the agreed-upon search terms, and whether MercyOne withheld any documents or communications that hit on those search terms after conducting its review process.

The OC reserves all rights whatsoever with respect to these issues.

Sincerely,

*/s/ Roy Leaf*
Roy Leaf


CC:    Christopher Jessen, Esq., Counsel to MercyOne
       Michael Reck, Esq., Counsel to MercyOne
       Leslie Behaunek, Esq., Counsel to the OC
       Paula Roby, Esq., Trust Oversight Committee
       John Dinan, Esq., Trust Oversight Committee
       Patrick Magallanes, Trust Oversight Committee