IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, | Case No. 23-00623 (TJC) |
| Debtors. | Jointly Administered |
| | **EXPEDITED RELIEF REQUESTED** |

### TRUST OVERSIGHT COMMITTEE'S EXPEDITED MOTION FOR ORDER (I) SETTING BAR DATE TO EVIDENTIARY HEARING MOTION, AND (II) EXPEDITING EVIDENTIARY HEARING PURSUANT TO LOCAL RULE 9073-2

The Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trustee (the "OC") of the Mercy Hospital, Iowa City, Iowa Liquidation Trust (the "Liquidation Trust"), hereby moves (the "Motion") for entry of an order (i) establishing Monday, July 7, 2025 as the bar date for objections to the *Trust Oversight Committee's Expedited Motion for Order (I) Setting Evidentiary Hearing, (II) Requiring MercyOne to Appear and Show Cause at the Evidentiary Hearing, and (III) Suspending and Equitably Tolling Certain Statutes of Limitation* (the "Evidentiary Hearing Motion") and (ii) expediting an evidentiary hearing pursuant to Local Rule 9073-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Iowa (the "Local Rules"). In support of the Motion, the OC respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Public Administrative Order* referring bankruptcy cases entered by the United States District Court for the Northern District of Iowa. This is a core proceeding under 28 U.S.C.

1

§ 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9073-2.

3.      The OC confirms its consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.      The background regarding the OC's request for expedited relief is set forth more fully in the Evidentiary Hearing Motion.

5.      In short, after many weeks of negotiations related to the OC's request for a Bankruptcy Rule 2004 examination of Mercy Health Network, Inc. d/b/a MercyOne ("MercyOne"), the OC and MercyOne agreed to a lengthy order (the "OC Rule 2004 Order") that set forth the terms under which MercyOne would search for and produce both physical and electronic documents **and** communications related to debtor Mercy Hospital, Iowa City, Iowa ("MIC"). MercyOne served as MIC's manager for approximately six years pursuant to a management and affiliation agreement and held a number of seats on MIC's board of directors.

6.      The OC is investigating causes of action that MIC and its estates have against MercyOne as a result of MercyOne's management and role as insider of MIC.

7. MercyOne only produced **one** electronic communication to the OC in response to the OC Rule 2004 Order.[1]

8. During depositions of MercyOne's representatives as authorized by the OC Rule 2004 Order, MercyOne's representatives indicated that MercyOne had lost, deleted, or destroyed nearly all of MercyOne's electronic communications related to MIC that would have been responsive to the OC Rule 2004 Order.

9. The statutes of limitation with respect to Bankruptcy Code § 546 and the suspension of non-bankruptcy statutes of limitation with respect to Bankruptcy Code § 108 expire on August 7, 2025.

10. The electronic communications that MercyOne represented it had been expected to produce were a material part of the OC's investigation into the estates' claims against MercyOne and a material reason for the OC seeking and agreeing to the OC Rule 2004 Order.

11. Now, with the deadlines set by Bankruptcy Code §§ 108 and 546 rapidly approaching, the OC needs answers regarding these electronic communications, including (i) if MercyOne complied with the OC Rule 2004 Order and (ii) if electronic communications may still be accessible to the OC, notwithstanding MercyOne's representatives' claims that they had been lost, deleted, or destroyed. Additionally, the OC now seeks suspension and tolling of the deadlines set by Bankruptcy Code § 108 in order to prevent the loss of certain causes of action that the estates may possess against MercyOne, but which may not be ascertainable without review of relevant electronic communications that MercyOne represented it possessed.

---

[1] Additional emails were produced by MercyOne, though they appear to have been emails that were at some point saved to a shared drive or printed and placed in a physical file.

**I.     Setting Bar Date on the Evidentiary Hearing Motion**

12. Bankruptcy Rule 9006 authorizes and empowers this Court to reduce the time, manner, and extent of notice of the objection deadline for the Evidentiary Hearing Motion.

13. Given that time is of the essence, the OC respectfully requests that the Court shorten the deadline to object to the Evidentiary Hearing Motion to Monday, July 7, 2025.

14. The OC submits that reducing the bar date for the Evidentiary Hearing Motion to and including Monday, July 7, 2025 is adequate and appropriate under the circumstances, particularly given the exigency and material questions regarding MercyOne's compliance with the OC Rule 2004 Order. Accordingly, reducing the time for objections to the Administrative Bar Date Motion is in the best interest of debtors' estates and is authorized by the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**II.    Setting Expedited Evidentiary Hearing**

15. Again, Bankruptcy Rule 9006 authorizes and empowers this Court to reduce the time, manner, and extent of notice of any hearing. Local Rule 9073-2 requires that any movant for an expedited hearing file a separate motion seeking such relief.

16. Given the cause set forth herein and in the Evidentiary Hearing Motion, the OC respectfully requests that, following the Bar Date for MercyOne to file objections, the Court enter the proposed order attached to the Evidentiary Hearing Motion and set an evidentiary hearing for Monday, July 14, 2025 at 10:30 A.M. and grant any other relief that is equitable and just.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: June 30, 2025
      Cedar Rapids, Iowa

      **NYEMASTER GOODE, P.C.**

      */s/ Roy Leaf*
      Roy Leaf, AT0014486
      625 First Street SE, Suite 400
      Cedar Rapids, IA 52401-2030
      Telephone:   (319) 286-7002
      Facsimile:    (319) 286-7050
      Email:        rleaf@nyemaster.com

      - and -

      Leslie C. Behaunek, AT0011563
      Jaden Banks, AT0016210
      Logan J. Eliasen, AT0013755
      700 Walnut, Suite 1300
      Des Moines, IA 50309
      Telephone:  (515) 283-3100
      Fax:  (515) 283-8045
      Email:  lcbehaunek@nyemaster.com
               jbanks@nyemaster.com
               leliasen@nyemaster.com

      *Counsel for the Mercy Hospital Liquidation Trust Oversight Committee as Designee of the Liquidation Trustee*

## CERTIFICATE OF SERVICE

    The undersigned certifies, under penalty of perjury, that on this June 30, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of the Chapter 11 Cases.

<u>/s/ *Roy Leaf*</u>