# **EXHIBIT 4**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.* | ) ) ) | Case No. 23-00623 (TJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |

**DECLARATION OF DAVID B. GOROFF IN SUPPORT OF MERCY HEALTH NETWORK, INC.'S RESPONSE TO EXPEDITED CONTEMPT MOTION, EXPLANATION OF WHY NO EVIDENTIARY HEARING IS PROPER, AND CROSS-MOTION FOR SANCTIONS**

I, David B. Goroff, pursuant to 28 U.S.C. § 1746, declare the following under penalty of perjury:

1. I am a Partner at Foley & Lardner, LLP and, in that capacity, am one of the attorneys representing Mercy Health Network Inc., d/b/a MercyOne ("MercyOne"), in the above captioned bankruptcy case, *In re Mercy Hospital, Iowa City, Iowa, et al*, No. 23-00623 (TJC) (Bankr. N.D. Iowa). I submit this Declaration in support of *Mercy Health Network Inc.'s Response to Expedited Contempt Motion, Explanation of Why No Evidentiary Hearing is Proper, and Cross-Motion for Sanctions*,[1] filed contemporaneously herewith. I make this Declaration of my personal knowledge and if called upon would testify to the following.

2. In my capacity as counsel to MercyOne in the bankruptcy case, I, along with my colleague Nora McGuffey and co-counsel Christopher Jessen from Belin McCormick, P.C., participated in a conferral session with Roy Leaf, counsel for the Oversight Committee (the "OC"), and Paula Roby, a member of the OC. This occurred on June 25, 2025 (the "June 25 Conferral"), and started at approximately 2:15 p.m. The June 25 Conferral was prompted after Mr. Leaf sent a

---

[1] Capitalized terms used but not defined herein shall have the same meanings as defined in the Response.

letter, dated June 20, 2025 (the "June 20 Letter") accusing MercyOne of spoliation. A copy of the June 20 Letter is attached to the Motion as Exhibit C.

3. During the June 25 Conferral, I discussed with Mr. Leaf the accusations of spoliation raised in his June 20 Letter. Specifically, I explained that it was my understanding that MercyOne's documents and communications are retained pursuant to its Document Retention Policy, a true and correct copy of which is attached to the Motion as **Exhibit 1**. I further noted that MercyOne produced over 8,000 pages of ESI, and 11,000 pages of documents overall, which included communications and documents maintained as hard copy files. I also explained that deponents were not responsible for running searches, but rather it was the IT department,[2] and therefore, any questions to the deponents about running search terms was improper. I also explained that if Mr. Tratcta was asked to run a search term it was in addition to whatever searches the IT department was doing.

4. During the June 25 Conferral, I also asked Mr. Leaf about paragraph 3 of his June 20 Letter in which Mr. Leaf notes that MercyOne should have been on notice from various communications with MIC's restructuring advisors at least as early as February 2023 that could reasonably anticipate a future complaint pursued against it by MIC or its successors. I asked Mr. Leaf if there was a formal hold letter sent to MercyOne. Mr. Leaf explained that he was not sure a formal hold letter sent, but stated that MercyOne should have known based on other communications between MIC and MercyOne. I asked Mr. Leaf to provide the communications or documents referenced in his June 20 Letter. Mr. Leaf stated that those documents will only be produced if they are responsive to MercyOne's Rule 2004 document requests, otherwise none will be provided.

---

[2] Trinity Health's Enterprise Information Security Department provides IT services to MercyOne.

5. During the June 25 Conferral, Ms. Roby also stated that they intend to file a motion to compel related to the falsely alleged destroyed documents. I explained to Ms. Roby that documents were not destroyed, and all documents, including emails and communications, were maintained in accordance with the Document Retention Policy. I also cautioned that if a motion to compel was filed on this premise, MercyOne would respond with a motion for sanctions.

6. At the end of the June 25 Conferral, the parties agreed that their meet and confer obligations were satisfied—in that the OC conferred about a potential motion to compel and MercyOne conferred about a responsive motion for sanctions. At no time during the June 25 Conferral did we discuss a motion for contempt (as filed) nor did the Mr. Leaf confer with me about tolling the OC's statute of limitations, nor were MercyOne's parent discussed.

7. Following the June 25 Conferral, I sent a letter, dated June 26, 2025 (the "June 26 Letter") to Mr. Leaf in which I responded to his June 20 Letter and an email sent on June 24, 2025 email. The June 26 Letter also summarized various discussion points from the June 25 Conferral. A copy of the June 26 Letter is attached to the Motion as Exhibit D. A copy of the June 24 email as well as other emails between related thereto are attached to Leaf Declaration as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 7, 2025

_____
David B. Goroff

4904-1444-7187.1