# **EXHIBIT 5**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HOSPITAL, IOWA CITY, IOWA, *et al.* | ) ) ) | Case No. 23-00623 (TJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |

## DECLARATION OF CHRISTOPHER J. JESSEN

I, Christopher J. Jessen, pursuant to 28 U.S.C. § 1746, declare the following under penalty of perjury:

1. I am an attorney at Belin McCormick, P.C. and, in that capacity, serve as local counsel for Mercy Health Network, Inc., d/b/a MercyOne ("MercyOne"), in the above-captioned matter. I submit this Declaration in support of MercyOne's Response to Expedited Contempt Motion, Explanation of Why No Evidentiary Hearing is Proper, and Cross-Motion for Sanctions. I make this Declaration based on my personal knowledge and, if called to testify, would testify to the following.

2. In my capacity as MercyOne's local counsel in this matter, I, along with co-counsel David Goroff and Nora McGuffey, participated in a meet and confer video conference with Roy Leaf and Paula Roby on June 25, 2025. This conferral was prompted by Mr. Leaf's June 20, 2025 letter, which I understood to focus on accusations of spoliation.

3. I have reviewed David Goroff's Declaration filed contemporaneously with MercyOne's above-mentioned Response regarding the June 25, 2025 conferral. Mr. Goroff's Declaration is consistent with my recollection of the conferral.

4. Mr. Goroff explained to Mr. Leaf that ESI communications were not defined to only include emails and MercyOne had produced over 8,000 pages of ESI in response to the Rule 2004

subpoena and approximately 11,000 pages of documents overall. Mr. Goroff explained documents MercyOne produced were gathered through the IT department.

5.  Mr. Goroff also explained MercyOne's document retention policy and that, although responsive emails no longer exist or are no longer in MercyOne's possession/control due to retention policy, emails were not intentionally destroyed in response to the Rule 2004 subpoena.

6.  Mr. Goroff raised the allegation in Mr. Leaf's June 20, 2025 letter that MercyOne should have been on notice of claims in February 2023 and asked whether a formal hold letter was sent to MercyOne and for copies of the communications Mr. Leaf alleged. Mr. Leaf could not or would not produce any formal hold letter and declined to produce copies of the alleged communications at that time.

7.  Mr. Leaf did not discuss tolling the statute of limitations on the June 25, 2025 conferral video call.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 7th day of July, 2025.

_____
Christopher J. Jessen