# **EXHIBIT 1**

**Tolling Agreement**

**EXECUTION**

# TOLLING AGREEMENT

This Tolling Agreement (this "**Agreement**") is effective as of July 15, 2025 (the "**Effective Date**") by and among the following parties (collectively, the "**Parties**" and each a "**Party**"): (1) Mercy Hospital, Iowa City, Iowa ("**MIC**") and Mercy Services Iowa City, Inc. ("**Mercy Services**" and, together with MIC, the "**Debtors**") by and through the Mercy Hospital Liquidation Trust Oversight Committee as designee of the Liquidation Trustee (the "**OC**"); (2) Mercy Health Network, Inc. d/b/a MercyOne ("**MHN**"); (3) Robert Ritz ("**Ritz**"); (4) Michael Trachta ("**Trachta**"); (5) David Vellinga ("**Vellinga**"); (6) Sean Williams ("**Williams**"); and (7) Jack Dusenbery ("**Dusenbery**" together with MHN, Ritz, Trachta, Vellinga, and Williams, the "**Potential Defendants**" and each a "**Potential Defendant**").

## RECITALS

A. On August 7, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Iowa (the "**Court**").

B. The OC is currently investigating any and all of the Debtors' potential causes of action against the Potential Defendants, whether such causes of action arise under the Bankruptcy Code, applicable nonbankruptcy law, or otherwise (the "**MHN Potential Cause of Action**" or in the plural, the "**MHN Potential Causes of Action**"). The Potential Defendants deny that there are such potential causes of action.

C. On January 23, 2025, the OC filed the *Trust Oversight Committee's Motion or Entry of Order Requiring MercyOne to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* [Docket No. 1545] (the "**OC Rule 2004 Motion**").

D. On March 25, 2025, the Court entered the *Order Granting Motion of the Trust Oversight Committee Requiring MercyOne to Produce Records and Submit to Examination Pursuant to Bankruptcy Rule 2004* [Docket No. 1854] (the "**OC Rule 2004 Order**"). The OC Rule 2004 Order granted the OC Rule 2004 Motion on terms agreed to between the OC and MHN.

E. Pursuant to the OC Rule 2004 Order, MHN agreed to search for and produce, among other things, electronically stored communications, including, among other things, emails, on the terms set forth in the OC Rule 2004 Order.

F. MHN asserts it complied at all times with its parent company Trinity Health's ("**Trinity**") *Records Management Implementation Procedure*, attached as Exhibit 1 to Docket No. 1946 (the "**Record Retention Policy**"), which MHN asserts governs how electronically stored communications, such as emails, were retained in the ordinary course of business.

G. On June 30, 2025, the OC filed the *Trust Oversight Committee's Expedited Motion for Order (I) Setting Evidentiary Hearing, (II) Requiring MercyOne to Appear and Show Cause at*

*the Evidentiary Hearing, and (III) Suspending and Equity Tolling Certain Statutes of Limitation* [Docket No. 1941] (the "**OC Show Cause Motion**") alleging MHN did not produce electronically stored email communications in response to the OC Rule 2004 Order. The OC Show Cause Motion also asked the Court to equitably toll and suspend the statutes of limitation for claims and causes of action against the Potential Defendants.

H.   The Court held a telephonic hearing on July 11, 2025. At the hearing and upon recommendation by the Court, the OC and MHN represented they would discuss a voluntary tolling agreement in order to allow MHN to work with Trinity to determine whether backup copies or otherwise of electronically stored electronic communications responsive to the OC Rule 2004 Order existed and could be produced.

I.   The Parties wish to preserve the *status quo* and toll all applicable statutes of limitations or repose or other rules, provisions, defenses, or principles based upon the passage of time (including, without limitation, waiver, estoppel, and laches), whether at law or at equity, whether statutory, contractual, or otherwise, including, but not limited to, those contained in sections 546(a), 549(d), and 108(a) of Title 11 of the Bankruptcy Code and other applicable provisions of bankruptcy law and/or non-bankruptcy law (each individually referred to as a "**Time-Based Defense**" and collectively referred to as the "**Time-Based Defenses**"), thereby to preserve any claims that the OC and/or the Debtors may have against the Potential Defendants as of the Effective Date, which claims relate to or arise from the MHN Potential Causes of Action under any legal theory or applicable law, whether asserted by claim, counterclaim, cross-claim, or otherwise, and to preserve any defenses and responses the Potential Defendants may have thereto (the "**Preserved Defenses**").

J.   The Parties are willing to enter into this Agreement to preserve all MHN Potential Causes of Action that the OC and/or the Debtors may have against the Potential Defendants as of the Effective Date, and all Preserved Defenses and counterclaims that any such potential defendant may have, according to the terms set forth herein and subject to approval of the Court.

## AGREEMENT

In consideration of the mutual promises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.   **Incorporation of Recitals**.  The foregoing recitals are confirmed by the Parties as true and correct and are incorporated herein by reference. The recitals are a substantive, contractual part of this Agreement.

2.   **Term of Agreement**.  To preserve the *status quo*, any and all Time-Based Defenses with respect to the MHN Potential Causes of Action and Preserved Defenses are tolled and extended from the Effective Date of this Agreement through the later of (i) September 21, 2025 or (ii) 30 days after counsel for MHN delivers the Report (as defined below) (such date, the "**Extended Date**"). Any period of time that elapses between the Effective Date and the Extended

2

Date (the "**Tolling Period**") shall not be included in computing any statute of limitations, repose, or any other time-based limitation for the MHN Potential Causes of Action, nor will that time period be considered with regard to any Preserved Defenses, including, but not limited to, affirmative defense(s) of waiver, laches or any other time-based statute, rule of law or principle of equity.

3. **Section 546(a)**. The Parties agree that: (a) section 546(a) of the Bankruptcy Code (or any other Time-Based Defense) is not a limit on the Court's jurisdiction and can be tolled by agreement; and (b) no Party will assert any contrary position in any action, suit, or proceeding (whether filed in the Court, upon appeal, or a federal district court or state court of competent jurisdiction). If a court nonetheless holds, in a final and non-appealable order, that the court does not have jurisdiction over any MHN Potential Cause of Action because any such MHN Potential Cause of Action was filed after the Effective Date, or such other date upon which any applicable Time-Based Defense would have expired but for this Agreement, the Parties agree that the OC and/or the Debtors nevertheless shall have a separate, distinct contractual right and claim against the Party named as a party pursuant to such MHN Potential Cause of Action for avoidance and/or recovery (subject to the same legal requirements, levels of proof, and defenses, responses and counterclaims as the related MHN Potential Cause of Action). The agreements contained in this paragraph are a material inducement to each Party to enter into this Agreement.

4. **Section 108(a)**. The Parties agree that: (a) section 108(a) of the Bankruptcy Code (or any other Time-Based Defense) is not a limit on the Court's jurisdiction and can be tolled by agreement; and (b) no Party will assert any contrary position in any action, suit, or proceeding (whether filed in the Court, upon appeal, or a federal district court or state court of competent jurisdiction). If a court nonetheless holds, in a final and non-appealable order, that the court does not have jurisdiction over any MHN Potential Cause of Action because any such MHN Potential Cause of Action was filed after the Effective Date, or such other date upon which any applicable Time-Based Defense would have expired but for this Agreement, the Parties agree that the OC and/or the Debtors nevertheless shall have a separate, distinct contractual right and claim against the Party named as a party pursuant to such MHN Potential Cause of Action for avoidance and/or recovery (subject to the same legal requirements, levels of proof, and defenses, responses and counterclaims as the related MHN Potential Cause of Action). The agreements contained in this paragraph are a material inducement to each Party to enter into this Agreement.

5. **Search for Electronic Records**: MHN agrees to confer and work with Trinity and MHN's former parent company, Catholic Health Initiatives ("**CHI**") to determine whether copies of electronically stored communications, including, but not limited to emails, are accessible, and if so, obtain copies of electronically stored communications that are responsive to the requests set forth in the OC Rule 2004 Order. Thereafter, MHN shall produce any non-privileged documents and communications responsive to the requests contained in the OC Rule 2004 order from the documents and communications obtained following such efforts with CHI and Trinity (the "**Supplemental Production**"). For the avoidance of doubt, if copies of such electronically stored communications are accessible, Trinity, CHI, and/or MHN, as applicable, is only required to employ the same search process as set forth in the OC Rule 2004 Order unless otherwise ordered

by the Court. Upon making the Supplemental Production, MHN agrees to provide a written report to the OC detailing steps taken by Trinity, CHI, and/or MHN to determine whether copies of electronically stored communications are accessible, and if electronically stored communications are accessible, the process that Trinity, CHI, and/or MHN used to produce such documents and communications (the "**Report**"). In particular, the Report shall describe (i) the total volume of potentially responsive electronically stored communications that MHN, CHI, and Trinity were able to gain access to, (ii) explanations of categories and custodians of potentially responsive electronically stored communications that MHN, CHI, and Trinity were not able to gain access to, (iii) explanations of the efforts and search process of MHN, CHI, and Trinity to search for and obtain copies of potentially responsive electronically stored communications including, but not limited to, all efforts to search for back-up copies as detailed in the Record Retention Policy, and (iv) any additional information material to describing MHN, CHI, and Trinity's efforts to obtain possession of electronically stored email communications that are potentially responsive to the OC Rule 2004 Order. The Report will include confirmation regarding whether back-up copies as detailed in the Record Retention Policy exist.

6. **Jurisdiction**. Nothing in this Agreement amounts to, and nothing in this Agreement may be considered: (a) a consent by any of the Parties to jurisdiction by the Court over any MHN Potential Causes of Action that must be tried by a court established under Article III of the United States Constitution; (b) a consent by any of the Parties to the trial of any MHN Potential Causes of Action by the Court as a "core" proceeding under 11 U.S.C. § 157(b)(2); (c) a waiver of any defenses by any of the Parties based on personal jurisdiction that any Party may have with respect to any MHN Potential Causes of Action; or (d) a waiver of trial by jury that any Party may have with respect to any MHN Potential Causes of Action as to which a right of trial by jury exists. The Parties consent to jurisdiction of the Court solely for purposes of interpreting and enforcing this Agreement.

7. **Litigation**. For the avoidance of doubt, nothing contained in this Agreement shall be construed to affect the ability of the OC to file and pursue any MHN Potential Causes of Action during the Tolling Period.

8. **Modification**. This Agreement may not be modified, altered, or amended except by a writing signed by or on behalf the OC, on the one hand, and any Potential Defendant, on the other. This Agreement may be extended by further written agreement signed by or on behalf of the OC and/or Debtors, on the one hand, and any Potential Defendant, on the other.

9. **Entire Agreement**. This Agreement is the entire agreement between the Parties with respect to the subject matter hereof, and no representations, acknowledgments, warrants, promises, or conditions were made by any Party except as expressly set forth herein.

10. **Representations**. Each Party entering into and executing this Agreement represents and warrants that such Party has the full authority and legal power to do so. Each Potential Defendant entering into and executing this Agreement represents, warrants, and acknowledges that such Potential Defendant is entering into and executing this Agreement in both its capacity individually and, as applicable, as a member, board member, partner, general partner,

officer, person in control, director, officer, assign, agent, transferee, affiliate, subsidiary, or otherwise of any other Potential Defendants and the Debtors.

11. **Counterparts.** This Agreement may be executed in counterparts and/or by facsimile or other electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

12. **Document Retention**. The Parties agree to preserve documents, records, and other potential evidence within their possession, custody, or control, relating to the MHN Potential Causes of Action and the Preserved Defenses.

13. **Governing Law**. This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Iowa, without reference to the conflicts or choice of law principles thereof.

14. **Interpretation**. This Agreement shall be construed as if all Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any Party. The Parties expressly intend that this Agreement shall be construed and interpreted as broadly as possible to prevent the interposition of any defenses that are based in whole or in part on the passage of time that occurs during the Tolling Period.

15. **Binding Effect**. Upon approval of the Court, this Agreement shall be deemed to have been executed as of the Effective Date hereof. This Agreement shall bind and inure to the benefit of the heirs, personal representatives, representatives, insurers, successors and assigns of each Party hereto, its parent corporation(s), shareholders, subsidiaries and affiliates, and its agents, directors, officers, employees, servants, successors or assigns (as permitted herein).

*(Signature Page Follows)*

     **IN WITNESS WHEREOF**, the Parties have executed this Agreement on the Effective Date written above.

                                             Mercy Hospital Liquidation Trust Oversight Committee

                                             By: /s/ *Paula Roby*
                                             Name: Paula Roby, Esq.
                                             Title: Trust Oversight Committee Member

Mercy Health Network, Inc.

By: *[signature]*
Name: David Gorolf
Title: Counsel

Robert Ritz

By: _____
Name: _____

Michael Trachta

By: _____
Name: _____

David Vellinga

By: _____
Name: _____

Sean Williams

By: _____
Name: _____

Jack Dusenbery

By: _____
Name: _____