IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors.<br><br>---<br><br>DAN R. CHILDERS, in his sole capacity as Liquidation Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIFIS, INC., FUSION MEDICAL STAFFING LLC, TRIAGE, LLC, HEALTH CAROUSEL TRAVEL NETWORK, LLC, MEDICAL SOLUTIONS L.L.C., TRAVEL NURSE ACROSS AMERICA LLC, NOMAD NURSES INC., TITAN MEDICAL GROUP, LLC, TRUSTED HEALTH INC., AUREUS NURSING, LLC, ATLAS MEDSTAFF, LLC, READY TECH-GO, INC., STAFFNDA LLC, FLEXCARE, LLC, CROSSMED HEALTHCARE STAFFING SOLUTIONS, INC., PRN HEALTH SERVICES LLC, VENTURAL MEDSTAFF, LLC, SKYBRIDGE HEALTHCARE, LLC, MARVEL MEDICAL STAFFING, LLC, CELL STAFF, LLC, CONCENTRIC HEALTHCARE SOLUTIONS LLC, AEQUOR, SUPPLEMENTAL HEALTH CARE, UNITIMED LLC, HOST HEALTHCARE, LLC, MEDNINJAS LLC, GETMED STAFFING, INC., HEARTLAND HEALTHCARE PROVIDERS, INC., STABILITY HEALTHCARE INC., AUREUS RADIOLOGY, LLC, ALLIED RESOURCES MEDICAL STAFFING | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br><br><br>Adversary Case No. _____<br><br>**COMPLAINT TO AVOID PREFERENCE** |

| | |
|---|---|
| CORPORATION, TOTALMED INC., CENTRA HELATHCARE SOLUTIONS, INC., R VISIONS LLC, RELIANT CARE REHABILITATIVE SERVICES, L.L.C., TRUSTAFF TRAVEL NURSES, LLC, GENIE HEALTHCARE INC., VINANI INC., STAFFINGMEDICAL USA INC., VITAL NURSE STAFFING LLC, LIQUIDAGENTS HEALTHCARE, LLC, VITAL HEALTHCARE STAFFING, INC., MANAGEMENT HEALTH SYSTEMS, LLC, MEDICALPEOPLE STAFFING LLC, WELLSPRING NURSE SOURCE, LLC<br><br>Defendant. | |

COMES NOW Dan R. Childers, in his sole capacity as Liquidating Trustee ("Trustee" or "Plaintiff"), by and through his counsel, and in support of this Complaint respectfully states:

I. <u>JURISDICTION, PARTIES, AND VENUE</u>

1. On August 7, 2023, Mercy Hospital *et al.* ("Debtors") filed a voluntary Chapter 11 Petition in this Court, and a Bankruptcy Case was thereupon commenced.

2. Eventually, this Court confirmed a Plan filed by the Debtors.

3. As part of the Plan confirmed by this Court, a Liquidation Trust was created.

4. The Plaintiff is the Trustee of the Liquidation Trust.

5. Defendant Medefis, Inc. is a corporation organized under the laws of the State of Delaware ("Medefis" or "Defendant").

6. Medefis provided pre-petition staffing services to Debtor by contracting with other downstream medical staffing entities and/or agencies to place staff with Debtor.

Hereinafter, individually and collectively, the downstream medical staffing agencies named as defendants are referred to as the "Subsequent Transferees."

7. Upon information and belief, Medefis retained a commission for the services it provided to the Debtor.

8. Defendant Fusion Medical Staffing LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

9. Defendant Triage, LLC is a limited liability company organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

10. Defendant Health Carousel Travel Network, LLC, is a limited liability company organized under the laws of the State of Ohio that provided staffing services to Debtor through Medefis.

11. Defendant Medical Solutions L.L.C. is a limited liability company organized under the laws of the State of Delaware that provided staffing services to Debtor through Medifis.

12. Defendant Travel Nurse Across America LLC is a limited liability company organized under the laws of the State of Arkansas that provided staffing services to Debtor through Medefis.

13. Defendant Nomad Nurses Inc. is a corporation organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

14. Defendant Titan Medical Group, LLC, is a limited liability company organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

15. Defendant Trusted Health Inc. is a corporation organized under the laws of the State of California that provided staffing services to Debtor through Medefis.

16. Defendant Aureus Nursing, LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

17. Defendant Atlas Medstaff, LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

18. Defendant Ready Tech-Go, Inc., is a corporation organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

19. Defendant StaffNDA LLC is a limited liability company organized under the laws of the State of Texas that provided staffing services to Debtor through Medefis.

20. Defendant Flexcare, LLC is a limited liability company organized under the laws of the State of California that provided staffing services to Debtor through Medefis.

21. Defendant CrossMed Healthcare Staffing Solutions, Inc. is a corporation organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

22. Defendant PRN Health Services LLC is a limited liability company organized under the laws of the State of Wisconsin that provided staffing services to Debtor through Medefis.

23. Defendant Ventural Medstaff, LLC is a limited liability company organized under the laws of the State of Florida that provided staffing services to Debtor through Medefis.

24. Defendant Skybridge Healthcare, LLC is a limited liability company organized under the laws of the State of Florida that provided staffing services to Debtor through Medefis.

25. Defendant Marvel Medical Staffing, LLC is a limited liability company organized under the laws of the State of Iowa that provided staffing services to Debtor through Medefis.

26. Defendant Cell Staff, LLC is a limited liability company organized under the laws of the State of Iowa that provided staffing services to Debtor through Medefis.

27. Defendant Concentric Healthcare Solutions LLC is a corporation organized under the laws of the State of Arizona that provided staffing services to Debtor through Medefis.

28. Defendant Aequor is a corporation organized under the laws of the State of New Jersey that provided staffing services to Debtor through Medefis.

29. Defendant Supplemental Health Care is a corporation organized under the laws of the State of Utah that provided staffing services to Debtor through Medefis.

30. Defendant Unitimed LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

31. Defendant Host Healthcare, LLC is a limited liability company organized under the State of Delaware that provided staffing services to Debtor through Medefis.

32. Defendant MedNinjas LLC is a limited liability company organized under the laws of the State of Texas that provided staffing services to Debtor through Medefis.

33. Defendant GetMed Staffing, Inc. is a corporation organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

34. Defendant Heartland Healthcare Providers, Inc. is a corporation organized under the laws of the State of Missouri that provided staffing services to Debtor through Medefis.

35. Defendant Stability Healthcare Inc. is a corporation organized under the laws of the State of California that provided staffing services to Debtor through Medefis.

36. Defendant Aureus Radiology, LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

37. Defendant Allied Resources Medical Staffing Corporation is a corporation organized under the laws of the State of Pennsylvania that provided staffing services to Debtor through Medefis.

38. Defendant TotalMed Inc. is a corporation organized under the laws of the State of Illinois that provided staffing services to Debtor through Medefis.

39. Defendant Centra Helathcare Solutions, Inc. is a corporation organized under the laws of the State of Florida that provided staffing services to Debtor through Medefis.

40. Defendant R Visions LLC is a limited liability company organized under the laws of the State of Wyoming that provided staffing services to Debtor through Medefis.

41. Defendant Reliant Care Rehabilitative Services, L.L.C. is a limited liability company organized under the laws of the State of Missouri that provided staffing services to Debtor through Medefis.

42. Defendant Trustaff Travel Nurses, LLC is a limited liability company organized under the laws of the State of Ohio that provided staffing services to Debtor through Medefis.

43. Defendant Genie Healthcare Inc. is a corporation organized under the laws of the State of New Jersey that provided staffing services to Debtor through Medefis.

44. Defendant Vinani Inc. is a corporation organized under the laws of the State of Texas that provided staffing services to Debtor through Medefis.

45. Defendant StaffingMedical USA Inc. is a corporation organized under the laws of State of Arizona that provided staffing services to Debtor through Medefis.

46. Defendant Vital Nurse Staffing LLC is a limited liability company organized under the laws of the State of Michigan that provided staffing services to Debtor through Medefis.

47. Defendant LiquidAgents Healthcare, LLC is a limited liability company organized under the laws of the State of Texas that provided staffing services to Debtor through Medefis.

48. Defendant Vital Healthcare Staffing, Inc. is a corporation organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

49. Defendant Management Health Systems, LLC is a limited liability company organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

50. Defendant MedicalPeople Staffing LLC is a limited liability company organized under the laws of the State of New York that provided staffing services to Debtor through Medefis.

51. Defendant Wellspring Nurse Source, LLC is a limited liability company organized under the laws of the State of Connecticut that provided staffing services to Debtor through Medefis.

52. This Court has subject matter jurisdiction of this Complaint by operation of 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 105, 541, 547, 550, and 551. This Court's subject matter jurisdiction is further augmented by a General Reference Order issued by the United States District Court.

53. Venue of this Complaint is proper in this Court by operation of 28 U.S.C. §1409.

54. This is a core proceeding by operation of 28 U.S.C. §157(b)(2)(A), (F), and (O). To the extent, if at all, this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of final judgment and a rendition of legal conclusions by this Court.

## II.  FACTS

55. The Debtors during the period between May 9, 2023 and August 7, 2023 owed money to Medefis and/or Subsequent Transferees. The money so owed constituted antecedent debts due Medefis and/or Subsequent Transferees from the Debtors.

56. Medeifs paid the sums it received from Debtor to the Subsequent Transferees, individually and collectively, minus a commission and/or payment Medefis retained.

57. During the period between May 9, 2023 and August 7, 2023, the Debtors paid moneys to Medefis and/or Subsequent Transferees, toward at least partial if not complete satisfaction of the moneys due Medeifs from the Debtors. Specifically, the Debtors paid a total sum of $3,111,918.25 to Medefis and/or Subsequent Transferees.

58. The money used by the Debtors to pay Medefix and/or Subsequent Transferees were property of Mercy Hospital *et al.*

59. The aforementioned payments enabled Medefis and/or Subsequent Transferees to receive more than what they would have received had the payments not been

made and had they participated as a creditor in this Bankruptcy Case. Specifically, the Trustee anticipates any eventual dividend to the various unsecured creditors in this Case will not anywhere approach 100%, and so if Medefis and Subsequent Transferees had not received the aforementioned payments and had Medefis and Subsequent Transferees then participated as a general unsecured non-priority creditor in this Case, they would not receive anywhere close to what they in fact had received via the aforementioned payments. Indeed, the Debtors via their court-approved Disclosure Statement projected recovery of no more than 10% for the general unsecured non-priority claims. *See, e.g.*, Disclosure Statement, Dkt #927, Exh. A.

60.     The payments occurred while the Debtors were at least presumed to be insolvent and, upon information and belief, the Debtors were in fact actually insolvent during the period May 9, 2023 and August 7, 2023. Specifically, the Debtors during the period May 9, 2023 and August 7, 2023 had much more liabilities than assets, as exemplified by the fact that the Debtors owed certain Bond-Holders close to $63,000,000, and the Bond Holders held a lien in virtually (but not all) assets of the Debtors. The assets of the Debtors (including items pledged to the Bond Holders and not pledged to the Bond Holders) were worth nowhere close to $60,000,000. Indeed, eventually the assets pledged to the Bond Holders were upon approval from this Court sold for approximately $28,000,000. As such, the Debtors were and have been and are insolvent, in that the Debtors' liabilities far exceeded the fair market value or liquidation value of all their assets.

61.     Before the filing of this Complaint, the Trustee has exerted reasonable diligence in considering potential defenses that may be asserted by the Defendant, and the Trustee has concluded whatever (if any) defenses that might be available to Medefis and/or

Subsequent Transferees are not applicable or will not reduce their exposure to $0, all in compliance with the requirement imposed on the Trustee pursuant to 11 U.S.C. §547(b).

### III. PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully prays this this Court on such notice and hearing as it may direct, enter and enroll an Order granting the Plaintiff the following relief:

A. Directing Medefis and the Subsequent Transferees to account for any and all moneys or property received by it or transferred to it from the Debtors, during the period May 9, 2023 through and including August 7, 2023;

B. Decreeing any and all such transfers or payments void, pursuant to 11 U.S.C. §547;

C. Pursuant to election from the Trustee, either directing Medefis and the Subsequent Transferees to return to the Trustee any and all payments or transfers, or entering Judgment in favor of the Trustee and against Medefis and the Subsequent Transferees in such an amount that will compensate the Trustee and the Bankruptcy Estate, together with costs and interests, pursuant to 11 U.S.C. §§550 and 551;

D. Disallowing any and all Proofs of Claim filed by Medefis and the Subsequent Transferees; and,

E. Such other relief as may be just and proper under the premises.

*/s/ Abbe M. Stensland*
Abbe M. Stensland, AT0008831
SHUTTLEWORTH & INGERSOLL, P.L.C.
235 6th Street SE
Cedar Rapids, IA 52401
Tel: 319-365-9461; Fax: 319-365-8443
ams@shuttleworthlaw.com
ATTORNEYS FOR PLAINTIFF TRUSTEE