IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, n/k/a MHIC<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>RESPONSE[1] TO MOTION TO LIFT STAY |

    COMES NOW Dan R. Childers, in his sole capacity as Liquidation Trustee ("Trustee"), and hereby responds to the Motion to Lift Stay filed by Iowa City Ambulatory Surgical Center, LLC ("ICASC") (Dkt. 2047) as follows,

    1. Via the Motion, ICASC seeks relief from the 11 U.S.C. §362 Automatic Stay, with respect to certain Joint Venture Interest owned by the Debtors.

    2. The Motion alleged the Joint Ventures Interest owned by the Debtors were transferred to the Liquidation Trust, as part of the Debtors' Confirmed Plan. Motions at ¶12.

    3. As such, to the extent the aforementioned Joint Venture Interest was property of the Debtors' estate, that Interest is no longer property of any bankruptcy estate. 11 U.S.C. §362(c)(1) specifically provides the stay terminated when property left the bankruptcy estate. The relief requested in the Motion is therefore moot and is not necessary. The Motion should therefore be denied accordingly.

    4. Alternately, the Debtors' Confirmed Plan provided for liquidation of most if not all of Debtor's property interests. Simply put, the Confirmed Plan is a liquidating plan.

---

[1] By filing this Response and tendering the arguments herein, the Trust and the Liquidation Trustee specifically RESERVE the right and opportunity to urge and argue, in any and all other contexts and proceedings, theories and positions that may be inconsistent with the arguments and posture asserted via this Response. *Cf.* F.R.B.P. 7008(d)(3).

1

11 U.S.C. §1141(d)(3) provides the Debtors would not receive a discharge if, *inter alia*, the plan provides for the liquidation of all or substantially all of the property of the estate. *See* Plan at §XIV(C) (Dkt #1050). 11 U.S.C. §362(c)(2)(C) provides any other action otherwise stayed by §362 was lifted when a Chapter 11 discharge was denied. Given the fact that no discharge was granted to the Debtors, the §362 stay was lifted at the time of the entry of the Confirmation Order. The Motion is therefore again moot and is not necessary and should be denied.

5. To avoid all doubts, by filing this Response neither the Trustee, the Liquidation Trust, nor the Oversight Committee waives or is waiving any and all right, argument, title, theory, etc. available to it/them, and all such right, theory, argument, etc. are reserved and preserved, pending adjudication and resolution of Adversary Complaint #25-9012. *See* Motion at fn. 3. Further, to the extent any factual allegations contained in the Motions are inconsistent with the Plaintiff's allegations in Adversary #25-9012, the factual allegations in the Motion are denied. Simply put, the parties' dispute should be adjudicated in Adv. #25-9012.

WHEREFORE, the Trustee on behalf of the Liquidation Trust respectfully prays this Court enter in an Order denying the Motion as moot and as not necessary, and for such other relief as may be just and proper.

          */s/ Eric W. Lam*
Eric W. Lam, AT0004416
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com

ATTORNEY FOR LIQUIDATION TRUSTEE

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on August 19, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

*/s/ Kelly Carmichael*

MHLT/Pldgs/BA 23-00623 – Drafts/Response to Motion to Lift Stay ICASC.081925.0715.ewl