**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| MERCY HOSPITAL, IOWA CITY, | § | CASE NO. 23-00623(TJC) |
| IOWA, et al., | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| | § | |

**CREDITOR'S RESPONSE TO OBJECTION TO CLAIM NO. 10066**

(Related to Doc. No. 1598)

Creditor Health Carousel Travel Network, LLC ("Health Carousel"), by and through the undersigned, hereby submits this Response to the Trustee of the Mercy Hospital Liquidation Trust's ("Trustee") Objection to its General Unsecured Nonpriority Claim No. 10066 (the "Objection") [Dkt. No. 1598].

1. On September 18, 2023, Health Carousel timely filed the Proof of Claim ("Claim") in the amount of $278,690.25 supported by invoicing documentation. *See* Claim 10066.

2. The Claim has not been paid. Affidavit of Michael A. McKee, Jr. at ¶3 (Attached as Ex. 1).

3. On March 7, 2025, Trustee filed its Objection to the Claim. [Doc. No. 1598.] It merely checked boxes that, "The Claim either has been paid or the Trustee's advisor is still attempting to ascertain from the Debtor's records whether the Claim has been paid or has any valid legal basis," "The Claim is not supported by requisite documentation," and "The Debtors and their estates do not owe the debt displayed on the Claim." No detail or supporting documentation was included.

4. After conferral between the Trustee and Health Carousel's respective counsel, on April 9, 2025, Health Carousel contacted Marc Ross upon the Trustee's attorney's request. McKee

Aff. at ¶4. Mr. Ross was identified as the "Trust's financial advisor." *Id.* Mr. Ross was provided with an account spreadsheet identifying all amounts owed and was requested to confirm the balance. *Id.*

4. Health Carousel followed up with Mr. Ross on April 22, 2025, April 29, 2025, May 23, 2025, and May 28, 2025. *Id.* at ¶5. Health Carousel only received a response on May 28, 2025 indicating that an extension to respond to the objection until June 30, 2025 was agreeable.

5. Health Carousel continued to attempt to get Mr. Ross to confirm the Claim by contacting him on June 23, 2025 and June 26, 2025. Mr. Ross then requested a zoom conference for July 2, 2025. Mr. Ross asked for the same information Mr. McKee provided in .pdf format April 9, 2025, but this time in excel format. Mr. Mckee provided the excel documentation on July 2, 2025. *Id.* at ¶6.

6. Health Carousel thereafter contacted Mr. Ross on July 7, and July 23. Mr. Ross initially noted he was reviewing what was sent and then indicated he was seeking additional information from others to evaluate Health Carousel's claim. *Id.* at ¶7.

7. Since July 23, 2025, Health Carousel has not received any further information from Mr. Ross. *Id.* at ¶8.

8. On August 25, 2025 the Court entered a consent order extending the time for Health Carousel to respond to the Objection until September 2, 2025. [Doc. 2059].

9. "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11 U.S.C. § 502(a). "A proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount." Fed.R.Bankr.P. 3001(f); *In re Buchanan*, 31 F.4th 1091, 1094 (8th Cir. 2022) (holding

creditors "create a presumption that their claims are valid by filing formal proofs of claim against the bankruptcy estate"); *In re Sears*, 863 F.3d 973, 979 (8th Cir. 2017).

10. The burden then shifts to the objector to contest the claim. *Sloan's Furriers v. Bradley*, 146 F.2d 757, 758 (6th Cir. 1945) ("The mere filing of a proof of claim is prima facie evidence of its validity, with the burden of disproving it upon the objector"); *In re Nichols*, 654 B.R. 772, 775 (E.D. Ark. 2023) ("The burden then shifts to the objector to establish that the claim fits within one of the exceptions set forth in Section 502(b) of the Bankruptcy Code." (internal quotation omitted)). "The filing of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *In re Austin*, 583 B.R. 480, 483 (B.A.P. 8th Cir. 2018).

11. "If…the Trustee…wishes to object to a claim, it must do so with specificity…" *In re Mirth*, D. Idaho Bankr. Nos. 98-20165, 97-20244, 97-20243, 92.20242, 1999 WL 33490215, *3 (Sep. 3, 1999); *Spencer v. Lowe*, 198 F. 961, 964 (8th Cir. 1912) (holding objections should be "sufficiently explicit" to notify the claimant of the objection's specifics).

12. The Trustee fails to satisfy this standard. Because the Trustee provides no specific details beyond boilerplate (and incorrect) allegations that the debt is not owed or was paid or was not supported, the Trustee has not met their burden or provided specific and explicit notice. Therefore the Objection should be overruled and Health Carousel's Claim allowed as final.

13. The debt identified in the Claim is owed and the Trustee provides no evidence—let alone the required *substantial evidence*—to the contrary. The spreadsheet attached to the Claim identifies fees for staffing services provided for the benefit of Debtor Mercy Hospital, Iowa City, Iowa ("Debtor"). The debt was incurred under a Master Agreement for Staffing Services ("Agreement"), which Debtors previously sought to assume and assign. [Doc. No. 265; Doc. No.

314-2]. Under that Agreement, Debtor was required to "make payment for services rendered by Agency Professionals and billed by Agency[.]" [Doc. No. 314-2, pg. 6]. The spreadsheet attached to the Claim details the services rendered by Health Carousel's healthcare professionals and billed by Health Carousel. A total principal sum amount of $278,690.25 is owed by Debtor.

14. Health Carousel made numerous inquiries with the Trustee's financial advisor to determine whether any legitimate issues existed concerning its Claim. None have arisen. There is no substantial evidence that the Claim should be disallowed.

WHEREFORE, Health Carousel respectfully requests this Court enter an order: (a) overruling the Objection, (b) allowing the Claim as filed, and (c) granting such other and further relief as is just and proper.

*/s/ Patrick B Dillon*

Patrick B Dillon  AT0001973
Dillon Law PC
209 E 1st Street,
Sumner, Iowa 50674
Ph: 563 578 1850
Fax: 563 578 1312
patdillon@dillonlawpc.com