FILED
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

SEP 0 5 2025

Clerk of Court
By:_____
Deputy

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA
------------------------------------------------------------

| In re: | Chapter 11 |
|---|---|
| Mercy Hospital, Iowa City, Iowa, et al., | Case No. 23-00623 |
| Debtors. | Aequor's Response to Motion Objecting to Claim Filed |

To the Honorable Bankruptcy Judge in charge of the case:

Aequor Healthcare Services LLC by its attorneys, Ruskin Moscou Faltischek, P.C., responds to the motion filed by the Trustee of the Mercy Hospital Liquidation Trust and states as follows:

1. The Trustee of Mercy Hospital has filed a motion objecting to claim number 334 filed by Aequor Healthcare Services LLC ("Aequor") because it believes the claim was filed late.

2. Aequor fedexed the claim to the Court in the amount of $97,595.02 for services rendered to the Debtor on October 16, 2023 the last date set for filing claims in this case. The claim was received the next day on October 17, 2023.

3. Notwithstanding the fact that the claim was filed one day late it should nevertheless be allowed and the motion objecting to the claim denied.

4. Aequor personnel believed that by fedexing the claim on the due date was sufficient, no different than filing a tax return on the due date by placing the tax return in the mail on the due date.

5. Bankruptcy Courts may allow claims to be filed late on or after the Bar Date. The relevant factors to be concerned are: (1) the reason for the delay; (2) the length of the delay; (3) whether the Debtor was prejudiced by the delay; (4) debtor's knowledge of the claim, and (5) the good faith of the creditor. *See* in re Pettibone Corp. 162 B.R. 791, 806 (Bankr. N.D. 1994).

6. The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership* 507 U.S. 380, 389 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74(1993) held that a Chapter 11 creditor was allowed to file a proof of claim after date because its failure to timely file was due to excusable neglect which is consistent with Chapter 11 and Bankruptcy Rules. The Court in *Pioneer* used the following factors to determine whether granting the failure to comply with the Bar Date constituted excusable neglect: (1) whether granting the delay will prejudice the Debtor; (2) the length of the delay and its impact on the court administration; (3) whether the delay was beyond the reasonable control of the creditor; and (5) whether the creditor be penalized by a counsel's mistake or neglect.

      7.     Federal Rule Bankr. Proc. 9006(b)(1) provides guidance for the fair extension. Among the reason given under the Rule is the Court's authority to accept an untimely proof of claim if the failure to file was the results of excusable neglect. This is obviously what happened here – Aequor personnel believed by fedexing the claim on the last date for filing was sufficient under the law.

      8.     The Court has the authority to extend the time to file the proof of claim for cause regardless if the extension is sought before or after the deadline to file. The "for cause" standard under Bankruptcy Rule 3003 is broader than the excusable neglect standard applicable under Chapter 7 and 13, In re *Am. Skate Corp.* 39 B.R. 953, 954 D.NH, 1984. The "for cause" standard allows the Court to consider the totality of circumstances, including the practice of some debtors in falsely scheduling all claims as "disputed" or "unliquidated" then subjecting creditors to the peril a bar date, In re *Am. Skate Corp.* That is what happened here – most if not all creditors were either disputed or designated as unliquidated.

      WHEREFORE, for the reasons stated above the Trustee's motion must be denied and Aequor's claim allowed.

Dated: Uniondale, New York
       September 4, 2025

                                        Respectfully submitted,

                                        RUSKIN MOSCOU FALTISCHEK, P.C.
                                        Attorneys for Aequor Health Services, LLC

/s/ _____
     Harold S. Berzow
     Of Counsel
     1425 RXR Plaza
     East Tower, 15th Floor
     Uniondale, NY 11556

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA
-----------------------------------------------X
In re:

    Mercy Hospital, Iowa City, Iowa, et al.,

          Debtors.

Chapter 11

Case No. 23-00623

**AFFIDAVIT OF SERVICE**

-----------------------------------------------X

STATE OF NEW YORK  )
                         ) ss.:
COUNTY OF NASSAU  )

EVELYN VELESACA, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in Nassau County, New York.

On September 4, 2025, I served a true copy of *Aequor's Response to Motion Objecting to Claim Filed* by electronic mail and U.S. Mail to the following:

        Eric Lam, Esq.
c/o Simmons Perrine Moyer Bergman, PLC
        115 Third Street SE
           Suite 1200
     Cedar Rapids, IA 52401
    elam@simmonsperrine.com

                                                                                 EVELYN VELESACA

Sworn to before me this
4 day of September, 2025

_____
Notary Public

SILVANA FERRO
Notary Public, State of New York
No. 01FE5012517
Qualified in Nassau County
Commission Expires June 15, 2027