## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| IN RE: Mercy Hospital, Iowa City, Iowa, et al., Debtors. | Chapter 11<br><br>Bankruptcy No. 23-00623<br><br>AEQUOR'S RESPONSE TO TRUSTEE'S CLAIM OBJECTION AND MOTION TO ALLOW LATE CLAIM |
|---|---|

COMES NOW Aequor Healthcare Services, LLC, through its undersigned counsel, and respectfully asks this Court to overrule the Trustee's objection to its claim and allow its late claim, stating the following in support:

1. The Trustee filed an objection to Aequor's claim #334 alleging that the claim was filed late. Docs. 1674 & 1678.
2. Aequor sent its proof of claim form to the Court via Fedex overnight delivery on October 16, 2023, the last date set for filing claims in this case. Doc. 92. The claim was received the next day on October 17, 2023, as claim #334 shows.
3. Notwithstanding the fact that the claim was received one day late it should nevertheless be allowed and the motion objecting to the claim denied.
4. Aequor personnel believed that by overnighting the claim on the due date was sufficient, no different than timely filing a tax return by placing the tax return in the mail on the due date.
5. *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993) held that Fed. R. Bankr. P. 9006(b)(1)[1] allows a Chapter 11 creditor to file a proof of claim after the bar date if its failure to timely file was due to excusable neglect. The Court considered all relevant factors in determining whether the failure to comply with the bar date constituted excusable neglect, including: (1) the reason for the delay; (2) the length of the delay; (3) whether the debtor was prejudiced by the delay; (4) the debtor's knowledge of the claim, and (5) the creditor's good faith.

---

1. On December 1, 2024 a new version of the Federal Rules of Bankruptcy Procedure came into effect that might have altered internal rule subdivisions. All citations are to the current version.

6. Excusable neglect is clear here. Aequor personnel believed by tendering the claim to Fedex on the last date for filing was sufficient under the law. The delay was because of an excusable misunderstanding, it only lasted one day, and the creditor acted in good faith.
7. The Court has the authority to extend the time to file the proof of claim for cause regardless if the extension is sought before or after the deadline to file. Additionally, Fed. R. Bankr. P. 3003(c)(3) also authorizes the Court to extend the time to file proofs of claim. Its "for cause" standard is even broader than Fed. R. Bankr. P. 9006(b)(1)'s excusable neglect standard. *In re Am. Skate Corp.*, 39 B.R. 953, 954 (Bankr. D.N.H, 1984). The "for cause" standard allows the Court to consider the totality of circumstances.
8. Allowing this proof of claim will not disrupt this case's administration or thwart a confirmed plan, and the *de minimis* one-day delay was understandable and does not prejudice other parties. In contrast, granting the Trustee's motion and refusing to allow Aequor's claim would prevent it from sharing in the Trustee's distribution of the estate's assets, since the Debtor failed to schedule its debt to Aequor. Fed. R. Bankr. P. 3003(c)(2).

WHEREFORE Aequor Healthcare Services, LLC respectfully asks this Court to overrule the Trustee's objection, allow its late claim, and grant any other relief that is just and equitable given the circumstances.

Dated this 5th day of September, 2025.

    Respectfully submitted,

    AG & BUSINESS LEGAL STRATEGIES

    /s/ Austin Peiffer
    Austin J. Peiffer AT0014402
    P.O. Box 11425
    Cedar Rapids, Iowa 52410-1425
    Telephone:  (319) 363-1641
    Fax:        (319) 200-2059
    Email:     austin@ablsonline.com
    ATTORNEY FOR AEQUOR HEALTHCARE SERVICES, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of September, 2025, a copy of this document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on participants that receive service through the CM/ECF system.

Signed: /s/ Michael J. Peiffer