# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, et al.<br><br>Debtors. | Case No. 23-00623<br><br>Chapter 11 |
| DAN R. CHILDERS, in his sole capacity as Liquidation Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MERCYCARE SERVICE CORPORATION,<br><br>Defendant. | Adversary Proceeding No. 25-09092<br><br>**ANSWER** |

Defendant Mercycare Service Corporation ("Defendant"), by and through counsel, hereby files this Answer to the Complaint to Avoid Preference filed by Dan R. Childers, in his sole capacity as Liquidation Trustee ("Plaintiff") for the liquidation trust of the above-captioned debtors (the "Debtors") and states, alleges, and avers as follows:

### JURISDICTION PARTIES AND VENUE

1. Admit.

2. Defendant is without sufficient knowledge of the truthfulness of the allegations in paragraph 2 of the Complaint, and on that basis, denies the same.

3. Defendant is without sufficient knowledge of the truthfulness of the allegations in paragraph 3 of the Complaint, and on that basis, denies the same.

4. Defendant is without sufficient knowledge of the truthfulness of the allegations in paragraph 4 of the Complaint, and on that basis, denies the same.

5. Admit.

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 6 of the Complaint.

7. Paragraph 7 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 7 of the Complaint.

8. Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 8 of the Complaint.

## FACTS

9. Admit that Plaintiff owed amounts to Defendant between May 9, 2023 and August 7, 2023. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Admit that Defendant received payments from the Debtors between May 9, 2023 and August 7, 2023. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 12 of the Complaint.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge of the truthfulness of the allegations in paragraph 14 of the Complaint, and on that basis, denies the same.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The transfers to Defendant did not constitute transfers of an interest of the debtor in property under 11 U.S.C. § 547(b).

## THIRD AFFIRMATIVE DEFENSE

The transfers to Defendant were intended as contemporaneous exchange for new value and were, in fact, substantially contemporaneous exchanges pursuant to 11 U.S.C. § 547(c)(1).

## FOURTH AFFIRMATIVE DEFENSE

The transfers to Defendant were made in the ordinary course of business between the Debtor and Defendant and are not avoidable under 11 U.S.C. § 547(c)(2).

## FIFTH AFFIRMATIVE DEFENSE

Defendant provided new value to or for the benefit of Debtor subsequent to the transfers which new value was not secured by an otherwise unavoidable security interest, and hence such transfers are not avoidable under 11 U.S.C. § 547(c)(4).

**SIXTH AFFIRMATIVE DEFENSE**

The transfers to Defendant did not result in Defendant receiving more than it would have in a Chapter 7 liquidation and are not avoidable under 11 U.S.C. § 547(b)(5).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendant Mercycare Service Corporation requests that the Complaint be dismissed, with prejudice, and that Plaintiff take nothing thereby, and that the Defendant be awarded attorneys' fees, costs, and interest to the extent allowed by applicable law.

| | |
|---|---|
| Date: October 13, 2025 | /s/ William J. Miller |
| | William J. Miller (AT0005414) |
| | DORSEY & WHITNEY LLP |
| Original filed. | 801 Grand Avenue, Suite 4100 |
| | Des Moines, IA 50309-2790 |
| | Tel: (515) 283-1000 |
| | Fax: (515) 283-1060 |
| | E-mail: miller.william@dorsey.com |
| | **ATTORNEYS FOR DEFENDANT** |
| | **MERCYCARE SERVICE CORPORATION** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of October, 2025, a copy of this document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system and served electronically on those participants that receive service through the CM/ECF System.

/s/ William J. Miller