# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: MERCY HOSPITAL, IOWA CITY, IOWA, et al., | Chapter 11 |
| Debtor. | Case No. 23-00623 |
| DAN R. CHILDERS, in his sole capacity as Liquidation Trustee, | Adv. Proc. No. 25-09123 |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES OF STABILITY HEALTHCARE, INC. TO AMENDED COMPLAINT TO AVOID PREFERENCE** |
| MEDIFIS, INC., et al., | |
| Defendants. | |

Defendant Stability Healthcare, Inc. ("Stability"), by and through its undersigned counsel, for its Answer and Affirmative to Defenses to the Amended Complaint to Avoid Preference [Docket 114] (the "Amended Complaint") of Dan R. Childers, in his sole capacity as Liquidation Trustee states and alleges as follows:

## ANSWER TO AMENDED COMPLAINT TO AVOID PREFERENCE

### I.   JURISDICTION, PARTIES, AND VENUE

1.   On August 7, 2023, Mercy Hospital *et al.* ("Debtors") filed a voluntary Chapter 11 Petition in this Court, and a Bankruptcy Case was thereupon commenced.

**ANSWER:**   Stability admits the allegations contained in paragraph 1 of the Amended Complaint.

2.   Eventually, this Court confirmed a Plan filed by the Debtors.

**ANSWER:**   Stability admits the allegations contained in paragraph 2 of the Amended Complaint.

3.   As part of the Plan confirmed by this Court, a Liquidation Trust was created.

**ANSWER:** Stability admits the allegations contained in paragraph 3 of the Amended Complaint.

4. The Plaintiff is the Trustee of the Liquidation Trust.

**ANSWER:** Stability admits the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendant Medefis, Inc. is a corporation organized under the laws of the State of Delaware ("Medefis" or "Defendant").

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 5 of the Amended Complaint and therefore denies same.

6. Medefis provided pre-petition staffing services to Debtor by contracting with other downstream medical staffing entities and/or agencies to place staff with Debtor. Hereinafter, individually and collectively, the downstream medical staffing agencies named as defendants are referred to as the "Subsequent Transferees."

**ANSWER:** Stability admits the allegations contained in paragraph 6 of the Amended Complaint except denies any legal liability as a consequence of being labeled a "Subsequent Transferee" with its co-defendants.

7. Upon information and belief, Medefis retained a commission for the services it provided to the Debtor.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 7 of the Amended Complaint and therefore denies same.

8. Defendant Fusion Medical Staffing LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

2

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 8 of the Amended Complaint and therefore denies same.

9. Defendant Triage, LLC is a limited liability company organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 9 of the Amended Complaint and therefore denies same.

10. Defendant Health Carousel Travel Network, LLC, is a limited liability company organized under the laws of the State of Ohio that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 10 of the Amended Complaint and therefore denies same.

11. Defendant Medical Solutions L.L.C. is a limited liability company organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 11 of the Amended Complaint and therefore denies same.

12. Defendant Travel Nurse Across America LLC is a limited liability company organized under the laws of the State of Arkansas that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 12 of the Amended Complaint and therefore denies same.

13. Defendant Nomad Nurses Inc. is a corporation organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 13 of the Amended Complaint and therefore denies same.

14. Defendant Titan Medical Group, LLC, is a limited liability company organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 14 of the Amended Complaint and therefore denies same.

15. Defendant Trusted Health Inc. is a corporation organized under the laws of the State of California that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 15 of the Amended Complaint and therefore denies same.

16. Defendant Aureus Nursing, LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 16 of the Amended Complaint and therefore denies same.

17. Defendant Atlas Medstaff, LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 17 of the Amended Complaint and therefore denies same.

18. Defendant Ready Tech-Go, Inc., is a corporation organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 18 of the Amended Complaint and therefore denies same.

19. Defendant StaffDNA LLC is a limited liability company organized under the laws of the State of Texas that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 19 of the Amended Complaint and therefore denies same.

20. Defendant Flexcare, LLC is a limited liability company organized under the laws of the State of California that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 20 of the Amended Complaint and therefore denies same.

21. Defendant CrossMed Healthcare Staffing Solutions, Inc. is a corporation organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 21 of the Amended Complaint and therefore denies same.

22. Defendant PRN Health Services LLC is a limited liability company organized under the laws of the State of Wisconsin that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 22 of the Amended Complaint and therefore denies same.

23. Defendant Venture Medstaff, LLC is a limited liability company organized under the laws of the State of Florida that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 23 of the Amended Complaint and therefore denies same.

24. Defendant Skybridge Healthcare, LLC is a limited liability company organized under the laws of the State of Florida that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 24 of the Amended Complaint and therefore denies same.

25. Defendant Marvel Medical Staffing, LLC is a limited liability company organized under the laws of the State of Iowa that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 25 of the Amended Complaint and therefore denies same.

26. Defendant Cell Staff, LLC is a limited liability company organized under the laws of the State of Iowa that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 26 of the Amended Complaint and therefore denies same.

27. Defendant Concentric Healthcare Solutions LLC is a corporation organized under the laws of the State of Arizona that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 27 of the Amended Complaint and therefore denies same.

28. Defendant Aequor is a corporation organized under the laws of the State of New Jersey that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 28 of the Amended Complaint and therefore denies same.

29. Defendant Supplemental Health Care is a corporation organized under the laws of the State of Utah that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 29 of the Amended Complaint and therefore denies same.

30. Defendant Unitimed LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 30 of the Amended Complaint and therefore denies same.

31. Defendant Host Healthcare, LLC is a limited liability company organized under the State of Delaware that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 31 of the Amended Complaint and therefore denies same.

32. Defendant MedNinjas LLC is a limited liability company organized under the laws of the State of Texas that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 32 of the Amended Complaint and therefore denies same.

33. Defendant GetMed Staffing, Inc. is a corporation organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 33 of the Amended Complaint and therefore denies same.

34. Defendant Heartland Healthcare Providers, Inc. is a corporation organized under the laws of the State of Missouri that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 34 of the Amended Complaint and therefore denies same.

35. Defendant Stability Healthcare Inc. is a corporation organized under the laws of the State of California that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability admits the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendant Aureus Radiology, LLC is a limited liability company organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 36 of the Amended Complaint and therefore denies same.

37. Defendant Allied Resources Medical Staffing Corporation is a corporation organized under the laws of the State of Pennsylvania that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 37 of the Amended Complaint and therefore denies same.

38. Defendant TotalMed Inc. is a corporation organized under the laws of the State of Illinois that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 38 of the Amended Complaint and therefore denies same.

39. Defendant Centra Healthcare Solutions, Inc. is a corporation organized under the laws of the State of Florida that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 39 of the Amended Complaint and therefore denies same.

40. Defendant R Visions LLC is a limited liability company organized under the laws of the State of Wyoming that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 40 of the Amended Complaint and therefore denies same.

41. Defendant Reliant Care Rehabilitative Services, L.L.C. is a limited liability company organized under the laws of the State of Missouri that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 41 of the Amended Complaint and therefore denies same.

42. Defendant Trustaff Travel Nurses, LLC is a limited liability company organized under the laws of the State of Ohio that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 42 of the Amended Complaint and therefore denies same.

43. Defendant Genie Healthcare Inc. is a corporation organized under the laws of the State of New Jersey that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 43 of the Amended Complaint and therefore denies same.

44. Defendant Vinani Inc. is a corporation organized under the laws of the State of Texas that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 44 of the Amended Complaint and therefore denies same.

45. Defendant Staffing Medical USA Inc. is a corporation organized under the laws of State of Arizona that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 45 of the Amended Complaint and therefore denies same.

46. Defendant Vital Nurse Staffing LLC is a limited liability company organized under the laws of the State of Michigan that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 46 of the Amended Complaint and therefore denies same.

47. Defendant Liquid Agents Healthcare, LLC is a limited liability company organized under the laws of the State of Texas that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 47 of the Amended Complaint and therefore denies same.

48. Defendant Vital Healthcare Staffing, Inc. is a corporation organized under the laws of the State of Nebraska that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 48 of the Amended Complaint and therefore denies same.

49. Defendant Management Health Systems, LLC is a limited liability company organized under the laws of the State of Delaware that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 49 of the Amended Complaint and therefore denies same.

50. Defendant Medical People Staffing LLC is a limited liability company organized under the laws of the State of New York that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 50 of the Amended Complaint and therefore denies same.

51. Defendant Wellspring Nurse Source, LLC is a limited liability company organized under the laws of the State of Connecticut that provided staffing services to Debtor through Medefis.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 51 of the Amended Complaint and therefore denies same.

52. This Court has subject matter jurisdiction of this Complaint by operation of 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 105, 541, 547, 550, and 551. This Court's subject matter jurisdiction is further augmented by a General Reference Order issued by the United States District Court.

**ANSWER:** Stability admits the allegations contained in paragraph 52 of the Amended Complaint.

53. Venue of this Complaint is proper in this Court by operation of 28 U.S.C. §1409.

**ANSWER:** Stability admits the allegations contained in paragraph 53 of the Amended Complaint.

54. This is a core proceeding by operation of 28 U.S.C. §157(b)(2)(A), (F), and (O). To the extent, if at all, this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of final judgment and a rendition of legal conclusions by this Court.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 54 of the Amended Complaint and therefore denies same.

## II.   FACTS

55. The Debtors during the period between May 9, 2023 and August 7, 2023 owed money to Medefis and/or Subsequent Transferees. The money so owed constituted antecedent debts due Medefis and/or Subsequent Transferees from the Debtors.

**ANSWER:** Stability admits that during the period between May 9, 2023 and August 7, 2023 it was owed money for services it performed. Stability lacks sufficient information to admit

11

or deny the remaining allegations contained in paragraph 55 of the Amended Complaint and therefore denies same.

56. Medefis paid the sums it received from Debtor to the Subsequent Transferees, individually and collectively, minus a commission and/or payment Medefis retained. The payments made to Medefis during the preference period and subsequently transferred to the Subsequent Transferees are detailed on Exhibit A attached hereto and incorporated by this reference as if fully set forth herein.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 56 of the Amended Complaint and therefore denies same.

57. During the period between May 9, 2023 and August 7, 2023, the Debtors paid money to Medefis and/or Subsequent Transferees, toward at least partial if not complete satisfaction of the moneys due Medefis from the Debtors. See attached Exhibit A.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 57 of the Amended Complaint and therefore denies same.

58. The money used by the Debtors to pay Medefis and/or Subsequent Transferees were property of Mercy Hospital *et al.*

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 58 of the Amended Complaint and therefore denies same.

59. The aforementioned payments enabled Medefis and/or Subsequent Transferees to receive more than what they would have received had the payments not been made and had they participated as a creditor in this Bankruptcy Case. Specifically, the Trustee anticipates any eventual dividend to the various unsecured creditors in this Case will not anywhere approach 100%, and so if Medefis and Subsequent Transferees had not received the aforementioned payments and had Medefis

and Subsequent Transferees then participated as a general unsecured non-priority creditor in this Case, they would not receive anywhere close to what they in fact had received via the aforementioned payments. Indeed, the Debtors via their court-approved Disclosure Statement projected recovery of no more than 10% for the general unsecured non-priority claims. *See, e.g.*, Disclosure Statement, Dkt #927, Exh. A.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 59 of the Amended Complaint and therefore denies same.

60. The payments occurred while the Debtors were at least presumed to be insolvent and, upon information and belief, the Debtors were in fact actually insolvent during the period May 9, 2023 and August 7, 2023. Specifically, the Debtors during the period May 9, 2023 and August 7, 2023 had much more liabilities than assets, as exemplified by the fact that the Debtors owed certain Bond-Holders close to $63,000,000, and the Bond Holders held a lien in virtually (but not all) assets of the Debtors. The assets of the Debtors (including items pledged to the Bond Holders and not pledged to the Bond Holders) were worth nowhere close to $60,000,000. Indeed, eventually the assets pledged to the Bond Holders were upon approval from this Court sold for approximately $28,000,000. As such, the Debtors were and have been and are insolvent, in that the Debtors' liabilities far exceeded the fair market value or liquidation value of all their assets.

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 60 of the Amended Complaint and therefore denies same.

61. Before the filing of this Complaint, the Trustee has exerted reasonable diligence in considering potential defenses that may be asserted by the Defendant, and the Trustee has concluded whatever (if any) defenses that might be available to Medefis and/or Subsequent Transferees are

not applicable or will not reduce their exposure to $0, all in compliance with the requirement imposed on the Trustee pursuant to 11 U.S.C. §547(b).

**ANSWER:** Stability lacks sufficient information to admit or deny the allegations contained in paragraph 61 of the Amended Complaint and therefore denies same.

### AFFIRMATIVE DEFENSES[1]

1. Stability alleges that the Amended Complaint fails to state a claim against Stability for which relief can be granted.

2. The transfers described in the Amended Complaint (the "Transfers") are not avoidable to the extent that Stability did not receive each of the alleged Transfers from the Debtor.

3. The alleged Transfers are not avoidable to the extent that Debtor was not insolvent at the time of the Transfers.

4. To the extent Stability is determined to have received the Transfers from the Debtor, the Transfers are not avoidable because such Transfers were received in good faith, for value and without knowledge of the voidability of the Transfers.

5. To the extent Stability is determined to have received the Transfers from the Debtor, the Transfers are not avoidable to the extent the Debtor received direct and/or indirect benefits, resulting in value to the Debtor, from the Transfers, including, without limitation, benefits in the form of goods or services that were used by, benefitted and/or retained by the Debtor.

6. Stability was not an immediate or mediate transferee of the initial transferee within the meaning of 11 U.S.C. § 550.

---

[1] In identifying the defenses set forth below, Stability does not relieve the Liquidation Trustee of proving under the appropriate standard of proof all elements of the claims that the Liquidation Trustee alleges. Stability does not undertake any burdens that properly rest upon the Liquidation Trustee, and does not transform any defense into an affirmative defense. These defenses are set forth cumulatively and in the alternative.

7. To the extent Stability is determined to have received the Transfers from the Debtor, Plaintiff's claims are barred by 11 U.S.C. § 550(d) because Plaintiff is entitled to only a single satisfaction on account of any Transfers that are avoided.

8. To the extent Stability is determined to have received the Transfers from the Debtor, Plaintiff's claims are not recoverable because they were made in the ordinary course of business or financial affairs of the Debtor and Stability under 11 U.S.C. § 547(c)(2)(A).

9. To the extent Stability is determined to have received the Transfers from the Debtor, Plaintiff's claims are not recoverable because they were made according to ordinary business terms under 11 U.S.C. § 547(c)(2)(B).

10. To the extent that Plaintiff obtains any recovery from Stability, Stability is entitled under 11 U.S.C. § 502, and/or other applicable law, to assert a claim against the Debtor's bankruptcy estate.

WHEREFORE, Defendant Stability Healthcare, Inc. respectfully requests that this Court enter judgment dismissing the Amended Complaint and all claims asserted therein with prejudice and awarding Defendant attorneys' fees and costs and such other and further relief as the Court may deem just and proper.

Dated:  January 16, 2026                    Respectfully submitted,


By:   /s/ *Benjamin J. Patterson*
Benjamin J. Patterson, AT0008866
LANE & WATERMAN LLP
220 North Main Street, Suite 600
Davenport, Iowa 52801
Telephone:  (563) 324-3246
Facsimile:  (563) 324-1616
Email: bpatterson@L-WLaw.com
**ATTORNEYS FOR STABILITY HEALTHCARE, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I electronically filed with the Clerk of the Court, using the CM/ECF system, the foregoing Answer and Affirmative Defenses to Amended Complaint to Avoid Preference which sent a notification of such filing to all attorneys registered with the CM/ECF system for this matter.

*/s/ Benjamin J. Patterson*