IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*, n/k/a MHIC,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**STATUS REPORT AND MOTION FOR COURT APPROVAL (IF NECESSARY)** |

COMES NOW Dan R. Childers, Trustee of the Mercy Hospital Liquidation Trust, by and through his Counsel, and respectfully states:

1. At and before the filing of the Chapter 11 Petition by the Debtor entities, there were approximately one thousand employees of the Debtors receiving or entitled in the future to receive retirement benefits in a Pension Plan maintained by the Debtors.

2. At all times material to this Report, the Pension Plan was underfunded. The Pension Plan was not covered by the Pension Benefit Guarantee Corporation.

3. Circa June 7 2024, this Court issued an Order confirming a Chapter 11 Plan, and the Confirmation Order (a) authorized the Liquidation Trustee to determine the disposition of the Pension Plan; (b) authorized the Liquidation Trustee to, at his discretion, seek relief from this Court relative to the Pension Plan; and (c) vested this Court with exclusive jurisdiction to deal with matters concerning the Confirmed Plan. *See* Order Confirmation Plan (Dkt #1114), ¶¶ 33, 46, and 59

4. Since his appointment circa August 2024, the Trustee has been working with various parties, including pension beneficiaries and the professionals managing the Pension Plan, with a view toward safeguarding and preserving assets in the Pension Plan. The sole focus of the Trustee was and is to ensure the pensioners receive the maximum retirement benefits reasonably possible and practicable.

5. The Trustee has worked with various professionals at Arthur J. Gallagher & Co. Most recently, following the advice and recommendation of the professionals, the Trustee has decided to invest the Pension Plan funds in such fashion and composition to attempt to minimize market risks as much as possible.

6. Eventually, in the exercise of his best judgment, the Trustee has decided to purchase annuity contracts from an insurance company to provide the benefits the Pension Plan would have otherwise provided (to the extent assets were sufficient to do so over time).

7. Such administration of the Pension Plan will impact pensioners differently, depending on their current status. Because the Plan is still underfunded, benefits will be secured in the following priority order, pursuant to the legal plan document:

A) Pensioners currently receiving monthly benefits

B) Participants who have reached their Normal Retirement Age (65) but are not yet receiving benefits

C) Participants who have not yet reached age 65 and are not yet receiving benefits

Benefits will be fully funded within each group before moving to the next group. If assets are depleted within a particular group – meaning benefits cannot be fully replaced with an annuity contract – each participant in that group will receive an equal percentage of the benefit owed to them by the Pension Plan. The outcome of this process cannot yet be known with certainty as it is heavily dependent upon the pricing of the annuity contracts. The Trustee is engaging with professionals experienced in the annuity marketplace to obtain optimal pricing.

8. After the initial transition of the Pension Plan's benefits to the insurance company, the Liquidation Trust expects to have additional funds to contribute towards satisfaction of the claims of pensioners. The amount and timing of receipt of those funds is uncertain. The priority of payment of those additional funds will remain the same as under the current Pension Plan, picking up where it left off at the time of the original annuity purchase transaction. It is anticipated that pensioners in "pay status" (group A *supra*) will eventually receive all of the benefits to which they are entitled and those not currently in "pay status" (groups B and C) will receive a portion of their benefits.

9. As indicated *supra*, this Court's Confirmation Orders as well as the Liquidation Trust Agreement (which is approved by this Court as part of the Order confirming the Chapter 11 Plan) vested this Court with the authority to deal with issues concerning the Pension Plan, and indeed the Trustee was vested with the power and discretion to effectuate any and all actions, including the proposed purchase of annuities. Despite the Trustee's apparent authority to proceed without further Court approval, the Trustee files this Status Report so there is public disclosure of the Trustee's decision, and also to allow any and all interested parties to voice whatever, if any, concerns they may have, with respect to the Trustee's decision. Further, the Trustee desires the entry of an

Order from this Court, specifically approving the Trustee's decision regarding the Pension Plan. Such a procedure will ensure orderly and sound administration of the Pension Plan.

WHEREFORE, the Trustee respectfully prays this court, after notice and hearing, enter Order approving this Status Report, and also authorizing and approving the Trustee's decision as outlined herein, and for such other relief as may be proper under the premises.

*/s/ Eric W. Lam*
Eric W. Lam, AT0004416
SIMMONS PERRINE PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@sp.law
ATTORNEY FOR LIQUIDATION TRUSTEE

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this 20th day of August, 2026, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case

*/s/ Shannon Miller-Miller*

MHLT/Pldgs/BA 23-00623 – Drafts/StatusRpt and Mtn for Court Approval.080526.1631.ewl